**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**



|  |  |  |
|---|---|---|
| In re: | § | Case No. 24-90398 (CML) |
|  | § |  |
| SouthRock Capital Ltda., *et al.*[1] | § | Chapter 15 |
|  | § |  |
|  | § |  |
| Debtors in Foreign Proceeding. | § | (Joint Administration Pending) |
|  | § |  |

**DECLARATION OF FABIO DAVID ROHR AS FOREIGN REPRESENTATIVE OF
SOUTHROCK CAPITAL PURSUANT TO BANKRUPTCY CODE SECTION 1515 IN
SUPPORT OF (I) JOINT VERIFIED PETITION FOR RECOGNITION OF FOREIGN
MAIN PROCEEDING AND MOTION FOR ORDER GRANTING RELATED RELIEF
PURSUANT TO BANKRUPTCY CODE SECTIONS 1515, 1517, 1520 AND 1521;
AND (II) MOTION OF FOREIGN REPRESENTATIVE FOR PROVISIONAL RELIEF
<u>PURSUANT TO BANKRUPTCY CODE SECTIONS 1519, 1521, 362 AND 105</u>**

I, Fabio David Rohr, pursuant to 28 U.S.C. § 1746(1), state as follows:

1.      I am a resident of Brazil, am over the age of 18, have personal knowledge of the

following facts, and am competent to testify as to the following facts.

2.      In my capacity as foreign representative (the "Foreign Representative") of

SouthRock Capital Ltda. ("SouthRock"), Americana Franquia S.A. ("Americana"), Brazil Airport

Restaurantes S.A. ("Brazil Airport"), HB Participações S.A. ("HBP"), SRC 5 Participações Ltda.

("SRC 5"), SRC 6 Participações Ltda. ("SRC 6"), SRC Holding Participações S.A. ("SRC

Holding"), SR N Participações S.A. ("SRN"), Star Participações S.A. ("Star"), Starbucks Brasil

Comércio de Cafés Ltda. ("Starbucks Brazil"), SW do Brasil Ltda. ("SWB"), SW Stores do Brasil

---

[1]     The debtors in these chapter 15 cases, along with the last four digits of each debtor's Brazilian tax identification number, are as follows: (a) SouthRock Capital Ltda. (01-35); (b) Americana Franquia S.A. (01-51); (c) Brazil Airport Restaurantes S.A. (01-73); (d) HB Participações S.A. (01-57); (e) SRC 5 Participações Ltda. (01-02); (f) SRC 6 Participações Ltda. (01-41); (g) SRC Holding Participações S.A.(01-74); (h) SR N Participações S.A. (01-01); (i) Star Participações S.A. (01-09); (j) Starbucks Brasil Comércio de Cafés Ltda. (01-00); (k) SW do Brasil Ltda. (01-20); (l) SW Stores do Brasil Ltda. (01-36); and (m) Wahalla Ltda. (01-10). The Debtors' mailing and service address is Avenida Paulista, 1294, 14º andar, sala 14, Bela Vista, São Paulo/SP, CEP 01310-915, Brazil.

Ltda. ("SWS"), and Wahalla Ltda. ("Wahalla") (collectively, the "Debtors") in the Brazilian insolvency proceeding, case number "1153819-28.2023.8.26.0100," pending before the 1st Bankruptcy Court of the Central Forum of São Paulo, Brazil (the "Brazilian Bankruptcy Court") pursuant to Federal Law No. 11.101 of February 9, 2005 (as modified, the "Brazilian Bankruptcy Law") of the laws of the Federative Republic of Brazil ("Brazil") (the "Brazilian Insolvency Proceeding" or "RJ Proceeding"), I hereby submit this declaration (the "Declaration") in support of: (a) my verified petition (the "Verified Petition"), for entries of orders (i) recognizing the Brazilian Insolvency Proceeding as a foreign main proceeding pursuant to section 15 (11 U.S.C. §§ 1501–1532) of the United States Bankruptcy Code 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"); (ii) confirming relief pursuant to section 1520; and (iii) granting interim relief pursuant to Bankruptcy Code sections 105(a), 1507(a), and 1521; and (b) the motion for entry of orders granting provisional relief pursuant to Bankruptcy Code sections 1519, 1521, 362 and 105 (the "Provisional Relief Motion").  This Declaration refers to chapter 15 of the Bankruptcy Code (11 U.S.C. §§ 1501–1532) as "Chapter 15" and to the proceeding resulting from the Verified Petition as the "Chapter 15 Proceeding."

## I.   <u>INTRODUCTION</u>

3.      The Debtors and their affiliated entities (collectively, the "Group") are a large Brazilian food and beverage ("F&B") company operating in Brazil.  The Group was founded in 2015 by Kenneth Steven Pope ("Pope"), an American entrepreneur residing in Brazil who is the Group's Chief Executive Officer ("CEO") and (indirect) majority owner.

4.      In Brazil, the Group drove the expansion of some of the largest international restaurant chains such as (a) Starbucks (187 coffee shops); (b) TGI Fridays (four restaurants); (c) Eataly (six stores/restaurants); and (d) Subway (1,593 restaurants).  In addition, the Group carried

out its F&B activities through its two multi-brand operators (a) Debtor Brazil Airport, which, along with other Group's affiliates, operates 25 stores and restaurants in the main airports of Brazil (São Paulo, Rio de Janeiro, Brasilia, Florianopolis, and Belo Horizonte); and (b) Brazil Highway Ltda. ("Brazil Highway"), which operates six of the Group's stores and restaurants on the main highways of the State of São Paulo.  To further expand its business and adapt to the changes of the F&B market, the Group developed the technology necessary for an automatization of its activities and started selling its products through online platforms.  In Brazil, the Group employe over 2,350 people and even more indirect employees.

5.     The COVID-19 had a devastating impact on the Group' business activities.  Also, the persistent instability of the Brazilian economy—characterized by the volatility of interest rates and constant exchange rate changes unbalancing the market—further undermined the Group's financial situation.  Over last years, the Group made great efforts to regain its financial footing, including through a business strategy oriented to the expansion of the Group's activities.  In that respect, the Group raised capital by, among other things, (a) issuing debentures for R$125 million to two Brazilian funds (the "Debentures"); (b) borrowing a total of R$70 million from Banco Modal S.A. ("Banco Modal") and Banco Votorantim S.A. ("Banco Votorantim"), two Brazilian investment banks; and (c) borrowing R$116 million (or approximately $21.7 million) from Banco Daycoval, a Brazilian bank, which assigned its rights to a Brazilian asset management firm and two Brazilian entities belonging to a Brazilian securitization firm. [2]  But the Group's efforts to

---

[2]     The Brazilian funds are (a) Ativos Especiais II - Fundo de Investimento em Direitos Creditórios – NP ("Ativos Especiais II"); and (b) Ativos Especiais III - Fundos de Investimento em Direitos Creditórios – NP (Ativos Especiais III, and together with Ativos Especiais II, the "Brazilian Funds").  The Brazilian asset management firm is Ibiuna Crédito Gestão de Recursos Ltda. ("Ibiuna").  The two Brazilian entities belonging to a Brazilian securitization firm are Travessia Securitizadora de Créditos Financeiros XXXII S.A., and Travessia Travessia Securitizadora de Créditos Financeiros S.A. (collectively, "Travessia," and together with the Ibiuna, the "Ibiuna Group").  For additional details regarding the Debentures, as well as the Debtors' borrowing activities relating to Banco Modal, Banco Votorantim, and the Ibiuna Group, *see infra* Section IV.

financially recover were not sufficient, including because the Debtors increasingly struggled with working capital restrictions among financial institutions, which caused additional harm to their business.

6.       The more and more precarious financial situation of the Group precipitated in between September and October 2023, when (a) Debtors Starbucks Brasil and Wahalla defaulted on their installments due to the Ibiuna Group, causing an acceleration of the whole debt due to this group; and (b) Starbucks terminated its licensing agreements with the Group, which was in arrears with its payments.  Moreover, in October 2023, the Group was unable to pay part of the debt owed to the Brazilian Funds, causing an acceleration of the Debentures and making an amount of approximately R$139 million (or approximately $26.705 million) due in a matter of days.

7.       Considering the foregoing, on October 31, 2023, SouthRock and other 21 Debtors and non-Debtor affiliates[3] (collectively, the "2023 RJ Debtors") filed a petition (the "2023 Petition") with the Brazilian Bankruptcy Court to initiate the Brazilian Insolvency Proceeding.

8.       On December 12, 2023, the Brazilian Bankruptcy Court entered a decision commencing the Brazilian Insolvency Proceeding (the "2023 Acceptance Order").  A copy of the 2023 Acceptance Order, together with its English translation, is enclosed as **Exhibit A**.

9.       The entry of the 2023 Acceptance Order has entailed a stay of several enforcement proceedings that certain creditors (mainly financial institutions and landlords) commenced in Brazil against the 2023 RJ Debtors for pre-2023 Petition debt.  Through this stay, the 2023 RJ

---

[3]      Namely: (a) SouthRock; (b) Southrock Centro de Serviços Administrativos Ltda.; (c) SRC D Participações Ltda.; (d) SRC 1 Participações Ltda.; (e) KD01 Participações Ltda.; (f) HBP; (g) SRC 6; (h) SRC Holding; (i) Southrock Lab S.A.; (j) Star; (k) Starbucks Brasil; (l) Americana; (m) Brazil Highway; (n) Wahalla; (o) Vai Soluções Ltda.; (p) Vai Pay Soluções em Pagamento Ltda.; (q) Brazil Airport; (r) São Paulo Airport Restaurantes Ltda.; (s) Rio Airport Restaurantes Ltda.; (t) Sul Airport Restaurantes Ltda.; (w) Brasilia Airport Restaurantes Ltda.; and (x) Belo Horizonte Airport Restaurantes Ltda.

Debtors aimed for breathing space allowing them to focus on their restructuring and propose an arrangement with the creditors (i.e., a reorganization plan pursuant to Brazilian Bankruptcy Law).

10.     In late 2023, SWB, SWS, SRN and SRC 5 (together with other affiliates of the Group) did not file for a restructuring proceeding in Brazil because they were negotiating with certain creditors (mainly financial institutions and landlords) to compromise their debt out-of-court.   However, a few months later, the same creditors started engaging in aggressive loan recovery practices, such as filing enforcement proceedings and pursuing preliminary injunctions against the Debtors' assets and bank accounts.   In addition, Subway terminated a forbearance agreement it had entered with the Group, halting an important source of revenue.   Thus, on March 11, 2024, SWB, SWS, SRN, SRC 5 and other non-Debtor affiliates[4] (collectively, the "2024 RJ Debtors") also filed a petition (the "2024 Petition") for a *recuperaçao judicial* proceeding before the Brazilian Bankruptcy Court (case number 1035517-06.2024.8.26.0100).

11.     On April 30, 2024, the Brazilian Bankruptcy Court entered a decision commencing the insolvency proceeding sought by the 2024 RJ Debtors (the "2024 Acceptance Order," and together with the 2023 Acceptance Order, the "Acceptance Orders").   A copy of the 2024 Acceptance Order, together with its English translation, is enclosed as **Exhibit B**.   The entry of 2024 Acceptance Order also stayed enforcement proceedings against the 2024 RJ Debtors for pre-2024 Petition debt.

12.     On May 10, 2024, the Brazilian Bankruptcy Court entered an order providing for (a) the consolidation of the Brazilian insolvency proceedings initiated by the 2023 and 2024 RJ Debtors; as well as (b) the substantial consolidation of the assets and liabilities of the Debtors (the

---

[4]     Namely: (a) Subway do Brasil Ltda. (now, SWB); (b) Southrock Foods S.A.; (c) Sport Participações S.A.; (d) SRN; (e) SRC 4 Participações Ltda.; (f) SRC 5; (g) Subway Brasil Participações S.A. (now, SW Participações S.A.); (h) Subway Stores do Brasil Ltda. (now, SWS); and (i) Subway Realty do Brasil Ltda. (now, Brazil Realty Ltda.).

"Consolidation Order").  A copy of the Consolidation Order, together with its English translation, is enclosed as **Exhibit C**.

13.     Because of the Consolidation Order, the Debtors are required to prepare and file a consolidated reorganization plan, which the Debtors aim to submit to the creditors' vote starting from the end of July 2024.  If this timing is respected, the Group's expectation is that the Brazilian Bankruptcy Court will sanction the Debtors' consolidated reorganization plan in or around September 2024.  Further, the Group expects to successfully restructure its business through the Brazilian Insolvency Proceeding because the recovery of the creditors in this scenario will be higher than in the event of a liquidation of the Group under the Brazilian Bankruptcy Law.

14.     Now, in this critical phase of the Brazilian Insolvency Proceeding, the Debtors decided to initiate this Chapter 15 Proceeding to enhance their protection in relation to their restructuring efforts, including through the automatic stay of section 362 of the Bankruptcy Code ("Automatic Stay").  The Debtors seek to impose the Automatic Stay to protect them and their assets in the United States from any ongoing and potential adverse action of creditors or other parties-in-interest.  In particular, the Debtors aim to protect the TGIF Agreement (as defined in Section V) from a potential termination that would be detrimental to the Debtors' estate and their reorganization, as the Debtors aim to continue operating TGIF restaurants in Brazil during and after their rehabilitation.  Further, the Debtors aim to stay ongoing and potential proceedings in the United States against them and non-Debtor Pope—including the U.S. Litigation (as defined in Section IX) that, from November 2023, certain Brazilian creditors initiated against the Debtors and Pope, the Group's apical officer and (indirect) majority owner.  To the detriment of the Debtors' reorganization efforts, the U.S. Litigation is consuming almost all of Pope's time and energy, which would otherwise be devoted to the Debtors' restructuring.

## II.   APPOINTMENT AS FOREIGN REPRESENTATIVE

15.    I am the Group's Chief Financial Officer ("CFO") and a shareholder of SouthRock, of which I own a minority stake (5%).  Also, I serve as a director of 11 Debtors (SouthRock, Americana, Brazil Airport, HBP, SRC 5, SRC 6, SRC Holding, SRN, Star, Starbucks Brasil, and Wahalla).  I am a Brazilian citizen, and I permanently reside in Brazil.  I am the Foreign Representative of each of the Debtors in connection with their restructuring efforts.

16.    Between June 7 and 12, 2024, the Debtors adopted corporate resolutions (a) appointing me as their duly authorized foreign representative in relation to the Brazilian Insolvency Proceeding; and (b) authorizing the filing of the Verified Petition (the "Resolutions").  Copies of the Resolutions, together with their English translation, are enclosed as **Exhibit D**.

## III.   OVERVIEW OF THE DEBTORS

17.    The Group was founded in 2015 by Pope.  Over years, mainly due to Pope's business expertise, the Group became a large Brazilian F&B company, holding exclusive rights to use brands such as TGI Fridays, Subway, Starbucks, and Eataly in more than 1,750 Brazilian locations.  In addition, the Group carries out its F&B activities through Brazil Airport and Brazil Highway by operating over 30 shops and restaurants in Brazil's busiest airports and highways.  Aiming to expand its business and adapt it to the changes characterizing the F&B market, the Group developed the necessary technology for an automatization of certain of its activities and started selling its brands through online platforms.

18.    Debtor SouthRock is the main holding company of the Group.  A structure chart is enclosed as **Exhibit E**.  SouthRock's majority interest (89.999%) is owned by SouthStone Capital LLC ("SouthStone"), a Texas limited liability company that is, in turn, 100% owned by Pope.  SouthRock is then owned by (a) Antonio José Rocheta de Souza Neves ("Neves"), a Brazilian

national and permanent resident, who is the Group's Chief Operating Officer and owns 5% of SouthRock; (b) Pope, who directly owns the 0.001% of SouthRock; and (c) myself, owning 5% of SouthRock.  The directors of SouthRock are (a) Pope; (b) Neves; and (c) myself.

19.     Debtors HBP, SRN, SRC Holding, SRC 5, and SRC 6 are special purpose vehicles that the Group used for its borrowing and investment activities.  These Debtors are all owned by: (a) SouthRock (99.9%); and (b) Pope (0.1%).  The directors of these Debtors are (a) Pope; (b) Neves; and (c) myself.

20.     Debtor Brazil Airport is a Group's sub-holding company managing its non-Debtor subsidiaries that operate the Group's stores and restaurants in Brazil's main airports.  Non-Debtor SouthRock Foods S.A. ("SouthRock Food"), which is an affiliate of the Group, owns a majority interest (73.55%) of Brazil Airport.  The directors of Brazil Airport are (a) Pope; (b) Neves; and (c) myself.

21.     Debtor Star is a Group's sub-holding company.  Its main asset is an interest in Debtor Starbucks Brasil.  SouthRock Foods is Star's majority owner (86.56%).  Star's directors are: (a) Pope; and (b) myself.

22.     Debtor Starbucks Brasil has operated Starbucks coffee shops in Brazil.  Starbucks Brasil is owned by Star.  The directors of Starkbucks Brasil are (a) Claudia Marisa da Silva Malaguerra, a Group's manager who is a Brazilian national and permanently resides in Brazil; (b) Pope; (c) Neves; (c); and (d) myself.

23.     Debtor Americana operates TGIF restaurants in Brazil.  Non-Debtor Sport Participações S.A., which is a Group's affiliate, owns a majority interest (65%) of Americana.  The directors of Americana are (a) Neves; and (b) myself.

24.     Debtor Wahalla is an operative technology company that focuses on the F&B business.  Non-Debtor SouthRock Lab., which a Group's affiliate, owns a majority interest (99.9%) of Wahalla.  Its directors are (a) Pope; (b) Neves; and (c) myself.

25.     Debtor SWB used to be the licensee of Subway in Brazil.  Non-Debtor SW Brazil S.A., which is a Group's affiliate, owns SWB.  Pope is SWB's sole director.

26.     Debtor SWS operated Subway stores in Brazil.  SWS is owned by SWB.  Pope is SWS's sole director.

27.     All the Debtors are entities organized under the laws of Brazil (specifically, the Debtors are the Brazilian equivalent of either U.S. limited liabilities companies or corporations). The Debtors' registered office and principal place of business is in the city of São Paulo, Brazil, which is also where the business operations generating most of the Group's revenues are carried out.  Also, the city of São Paulo is where the Debtors' "decision-making center" is located, as it is the place where the Group's management resides and works.   Further, in São Paulo, the Debtors (a) maintain their central administration, including their cash management and accounting; and (b) keep their accounts, books, and records.

28.     Almost all of Group's assets are located in São Paulo, which is the location of the largest number of restaurants and stores run by the Group, and where the latter executed its main contracts.

29.     The majority of the Group's employees reside and work in São Paulo, while the remainder of the employees reside and work in other Brazilian states where the Group operates.

## IV.    DEBTORS' FINANCIAL STATUS AND CAPITAL STRUCTURE

### A.    In General

30.    The Group's financial situation has gradually worsened since 2020.  Indeed, as of December 31, 2023, and April 30, 2024, the Group's financial situation was as follows:

|  | December 31, 2023 | April 30, 2024 |
|---|---|---|
| **Group's Consolidated Assets** | $291.653 million | $268.851 |
| **Group's Consolidated Liabilities** | $493.593 million | $468.750 |
| **Group's Consolidated Equity** | **-$201.94 million** | **-$199.899 million** |
| **Group's Accumulated Losses** | **$204.271 million** | **$202.117 million** |

31.    As of December 31, 2023, the Group's assets included, among others, (a) accounts receivable for $15.230 million; (b) inventory for $10,122 million; (c) property, plant, and equipment for $63.029 million; and (d) intangible assets for $61.873 million.  As of the same date, the Group's liabilities included, among others, (a) royalties payable for $21.749 million; and (b) current and non-current loans and borrowing totaling $231.002 million.[5]  Of this amount, $207.676

---

[5]    As of April 30, 2024, the Group's assets included, among others, (a) accounts receivable for $13.928 million; (b) inventory for $11,151 million; (c) property, plant, and equipment for $55.797 million; and (d) intangible assets for $57.480 million.  As of the same date, the Group's liabilities include, among others, (a) royalties payable for $21.769 million; and (b) current and non-current loans and borrowing totaling $212.609 million.

million are unsecured and $23.326 million are secured.  A copy of the Group's financial statements as of December 31, 2023 and April 30, 2024 is attached hereto as **Exhibit F**.

> **B.**  **The Votorantim Notes**

32.  From October 2020 to July 2023, the Group borrowed a total of R$40 million from Banco Votorantim.

33.  On October 30, 2020, Debtors Starbucks Brasil and Brazil Airport executed the *Cédulas de Crédito Bancário* no. 163 and 168 (the "2020 Votorantim Notes"), under which (a) Starbucks Brasil and Brazil Airport cumulatively borrowed R$20 million (or approximately $3.805 million) from Banco Votorantim; and (b) Starbucks Brasil, Brazil Airport, Southrock, and Pope agreed to repay the principal amount, interest, and additional costs.  The 2020 Votorantim Notes are subject to Brazilian law.

34.  Further, on July 13, 2022, Debtor Starbucks Brasil issued *Notas Comerciais Escriturais* for R$20 million (or approximately $3.805 million) to Banco Votorantim (the "2022 Votorantim Notes," and together with the 2020 Votorantim Notes, the "Votorantim Notes"). In connection with the 2022 Votorantim Notes (which are subject to Brazilian law), Southrock and Pope are credit guarantors, assuming the debt as principal debtors.

35.  As of the end of October 2023, the outstanding amount owed to Banco Votorantim in connection with the Votorantim Notes was approximately R$22,265,910.15 (or approximately $4.326 million).

> **C.**  **The Debentures**

36.  From July 2021 to December 2021, Debtor HBP issued Debentures for R$125 million to the Brazilian Funds.

37.  Specifically, from July 9 and October 11, 2021, HBP issued Debentures for R$70

million under the "Indenture of First Issue of Simple Non-Convertible Debentures, with Security Interest and Additional Personal Guarantee, in Three Series for Private Placement of HB Participações S.A.," dated as of July 8, 2021 (the "Original Indenture"). The Original Indenture is between (a) HBP, as "Issuer"; (b) Ativos Especiais II, as "Debentureholder"; and (c) Pope and Debtors Starbucks Brasil and Star as "Sureties." Under the Original Indenture, HBP agreed, among other things, to make periodic payments of principal and interest to Ativos Especiais II. The Original Indenture is subject to Brazilian law.

38.     Also, on July 8, 2021, Pope executed a Capital Commitment Letter with Ativos Especiais II (the "First Capital Commitment Letter"). The First Capital Commitment Letter requires Pope to make one or more capital contributions to Starbucks Brasil or HBP if the latter fails to pay any amount due to Ativos Especiais II.

39.     On November 9, 2021, HBP as "Issuer," Ativos Especiais II, and Ativos Especiais III entered a "First Amendment to the Indenture of First Issue of Simple Non-Convertible Debentures, with Security Interest and Additional Personal Guarantee, in Three Series for Private Placement of HB Participações S.A." (the "Amended Indenture," and together with the Original Indenture, the "Indentures"). The Amended Indenture incorporates all the obligations of the Original Indenture and makes Ativos Especiais III a Debentureholder.

40.     On November 10, 2021, Pope and the Brazilian Funds entered an Amended and Restated Capital Commitment Letter (the "Second Capital Commitment Letter"), which is materially identical to the First Capital Commitment Letter.

41.     Following the execution of the Amended Indenture and the Second Capital Commitment Letter, Ativos Especiais III bought Debentures for R$55 million.

42.     As of October 23, 2023, the outstanding amount owed to the Brazilian Funds under the Debentures was R$139,606,415.22 (approximately, $26.705 million).

**D.     The Ibiuna Notes**

43.     In late 2022, Debtors Starbucks Brasil and Wahalla issued 116,000 commercial notes (the "Ibiuna Notes"), borrowing a total of R$116 million from Banco Daycoval, which simultaneously assigned its credits to Ibiuna Group.

44.     On November 1, 2022, Debtor Starbucks Brazil issued 75,000 Ibiuna Notes at a nominal value of R$1,000 each, borrowing R$75 million from Banco Daycoval.  To borrow this amount, Starbucks Brazil committed to paying Banco Daycoval 48 fixed monthly installments until October 2026. On November 1, 2022, Banco Daycoval assigned its credit rights related to the Ibiuna Notes to the Ibiuna Group.

45.     On December 14, 2022, Debtor Wahalla issued 41,000 Ibiuna Notes at a nominal value of RS1,000 each, borrowing R$41 million Banco Daycoval.  To borrow this amount, Wahalla committed to paying Banco Daycoval 60 fixed monthly installments until December 2027. On December 14, 2022, Banco Daycoval assigned its credit rights related to the Ibiuna Notes to Travessia.

46.     SouthRock and Pope are guarantors of the Ibiuna Notes.

47.     Between September 6 and 9, 2023, Debtors Starbucks Brazil and Wahalla defaulted on their respective monthly fixed payments due to the Ibiuna Group, causing an acceleration of the remainder of the installments due to this group in relation to the Ibiuna Notes.

**E.     The Modal Note**

48.     In early 2023, Debtor Starbucks Brasil executed a *Cedula de Credito Bancario*, Bank Credit No. 2303090001 ("Modal Note"), under which (a) Starbucks Brasil borrowed R$30

million (or approximately $5.765 million) from Banco Modal; and (b) both Starbucks Brasil and Pope agreed to repay the principal amount, interest, and additional costs. The Modal Note is subject to Brazilian law.

49.     In addition, Pope and Banco Modal entered a guaranty agreement (the "Guaranty Agreement"). Pursuant to the Guaranty Agreement, Pope guaranteed the payment of all of Starbucks Brasil's obligations and liabilities under the Modal Note. The Guaranty Agreement is subject to Texas law.

50.     As of November 28, 2023, the outstanding amount owed to Banco Modal was R$35,167,674.64 (or approximately $6.702 million).

## V.   U.S. PROPERTY AND TIES

51.     While most of the Debtors' property is in Brazil, on or around November 19, 2018, Debtor Americana and TGI Fridays Franchisor, LLC ("TGIF Franchisor"), a Delaware limited liability company with principal offices located in Dallas, entered into the Franchise Agreement in connection with the opening of a TGI Fridays restaurant in São Paulo (the "TGIF Agreement," as amended). The TGIF Agreement designates Texas as the governing law and the venue for proceedings arising out of its terms.[6]

52.     In addition, the Debtors paid a cash retainer to Quinn Emanuel Urquhart & Sullivan, LLP in connection with this case, and maintains an interest in the unearned portion of these retainer

---

[6]   Specifically, clause 27.07 of the TGIF Agreement provides: "The internal laws of the State of Texas (without giving effect to any choice or conflict of law provision or rule (whether of the State of Texas or any other jurisdiction) that would cause the application of laws of any other jurisdiction) govern all matters arising out of or relating to this Agreement and its exhibits and schedules and all of the transactions it contemplates, including its validity, interpretation, construction, performance and enforcement and any disputes or controversies arising therefrom. Franchisee and each Principal hereby irrevocably consent to personal jurisdiction in any court of competent jurisdiction in which Friday's may elect to bring an Action pursuant to the provisions of this Agreement (including. without limitation, the state and federal courts located in Dallas County, Texas, U.S.A.) and Franchisee and each Principal hereby irrevocably waive, to the fullest extent permitted by law, any objection to venue in any such court (including, without limitation, the state and federal courts located in Dallas County, Texas, U.S.A.)."

funds at a Houston branch of Bank of America.

## VI.     EVENTS LEADING TO THE DEBTORS' FINANCIAL DISTRESS

53.     The COVID-19 pandemic significantly impaired the Debtors' business activities, including by forcing the Group's to close its restaurants and coffee shops for several months to comply with Brazilian health authorities' policies.  Indeed, in 2020 and 2021, the Debtors' revenues decrease by 95% and 70%, respectively.  Moreover, the pandemic caused (a) high default rates by the Group's suppliers and commercial partners; and (b) increasing costs throughout the production chain, making extremely difficult for the Group to do business.

54.     In addition, the Debtors' financial situation further deteriorated due to the instability and recession of the Brazilian economy, characterized by the volatility of interest rates and several exchange rate changes that unbalanced the Brazilian market and negatively impacted Brazilian businesses.

55.     Over last years, the Group has made great efforts to regain its financial footing, including through a business strategy centered on the expansion of the Group's activities.  In that respect, the Group (a) issued the Debentures for R$125 million to the Brazilian Funds; (b) borrowed R$70 million from Banco Votorantim and Banco Modal; and (c) borrowed R$116 million from Banco Daycoval (which assigned its credit to the Ibiuna Group).  But the Group's recovery efforts were not sufficient to overcome its crisis, including because the Debtors increasingly struggled with working capital restrictions among financial institutions.

56.     The more and more precarious financial situation of the Group precipitated in early October 2023, when Starbucks terminated its licensing agreements with the Group being the latter in arrears with its payments.  Also, during that month, the Group was unable to pay approximately R$16.251 million to the Brazilian Funds.  On October 23, 2023, the Brazilian Funds notified HBP

of the acceleration of all amounts due under the Debentures (i.e., R$139,606,415.22), which required the payment be made by October 30, 2023.

57.     Considering the foregoing, to rescue the 2023 RJ Debtors from their financial turmoil and achieve the best outcome for all the creditors, the 2023 RJ Debtors found it necessary to seek the Brazilian Bankruptcy Court's protection by initiating, on October 31, 2023, the Brazilian Insolvency Proceeding.

58.     Following the initiation of the Brazilian Insolvency Proceeding, other Debtors of the Group worked with their respective creditors to compromise their debt out-of-court.  However, a few months later, the same creditors started engaging in aggressive loan recovery practices. Accordingly, as previously did by other companies of the Group, the 2024 RJ Debtors sought the protection of the Brazilian Bankruptcy Court by commencing their respective *recuperaçao judicial* proceeding in March 2024.

## VII.   THE BRAZILIAN INSOLVENCY PROCEEDING

59.     On October 31, 2023, the 2023 RJ Debtors filed the 2023 Petition with the Brazilian Bankruptcy Court to initiate the Brazilian Insolvency Proceeding and obtain relief, including a stay of ongoing and potential enforcement proceedings commenced against the 2023 RJ Debtors.

60.     On November 1, 2023, the Brazilian Insolvency Court appointed *Laspro Consultores* (the "Judicial Administrator"), a Brazilian firm specialized in bankruptcy matters, and requested that the Judicial Administrator prepare a report analyzing whether the requirements for accepting the 2023 RJ Debtors' *recuperaçao judicial* proceeding were met.

61.     On December 12, 2023, following the issuance of the Judicial Administrator's report, the Brazilian Bankruptcy Court entered the 2023 Acceptance Order.  The entry of the 2023

Acceptance Order has entailed a stay of the multiple enforcement proceedings that creditors commenced in Brazil against the 2023 RJ Debtors for pre-2023 Petition debt.[7]

62.     On February 9, 2024, the 2023 RJ Debtors filed their reorganization plan.  However, this reorganization plan is no longer relevant due to the Consolidation Order (as further detailed below).

63.     On March 11, 2024, the 2024 RJ Debtors also filed their 2024 Petition with the Brazilian Bankruptcy Court.

64.     On March 21, 2024, the Brazilian Bankruptcy Court ordered the Judicial Administrator to opine on the *recuperaçao judicial* proceeding commenced by the 2024 RJ Debtors.  In April 2024, the Judicial Administrator filed its report with the Brazilian Bankruptcy Court, requesting that the court order the substantial consolidation between the 2023 RJ Debtors and the 2024 RJ Debtors.

---

[7]     Regarding the importance of the stay, in the 2023 Acceptance Order, the Brazilian Bankruptcy Court noted the following: "[E]ven with the determination of the stay period and the consolidated caselaw of the Superior Court of Justice on the competent jurisdiction of the Court of the court-supervised reorganization to resolve on the essentiality of the assets owned or possessed by the company being reorganized, reality has proven the existence of several acts of asset freeze against the debtor entered in various Courts, at the provocation of creditors subject or not to court-supervised reorganization, without any discussion on the essentiality of the assets subject to prosecution. **This situation, in addition to causing an immense number of unnecessary conflicts of jurisdiction in view of the already consolidated understanding of the Superior Court of Justice, compromises the cash flow and operational activities of the business under reorganization, owing to the blocking of the asset in the specific case, preventing its use precisely at the time of greatest need of the company being reorganized, in addition to disturbing the negotiating environment aimed by Law 11101/2005, which is present during the processing of the court-supervised reorganization**.  In the case of claims subject to court-supervised reorganization, the illegality of the creditor's conduct that seeks the foreclosure of assets outside the reorganization record is even more conspicuous, precisely because it seeks to circumvent the subjection of its claim as determined by Article 49 of Law 11101/2005, when attempting to arrange payment in noncompliance with a legal provision, through a manifestly incompetent court. Therefore, there is no legal basis for the creditor with claim subject to court-supervised reorganization to seek an incompetent judgment with a view to obtaining a satisfactory court remedy, since its claim should be complied with under the terms of the court-supervised reorganization plan approved in AGC or in bankruptcy record if there is a conversion of the court-supervised reorganization into bankruptcy….  The worst scenario is to allow creditors, subject or not to court-supervised reorganization, aware of the existence of the process, still seek to utilize the assets of the company being reorganized, without prior discussion of essentiality already recognized as necessary by the Superior Court of Justice, in order to further burden the court system with the useless proliferation of procedures, in addition to posing risk on the business that seeks to recover itself."  (Emphasis added.)

65.     On April 8, 2024, because of the potential substantial consolidation between the Debtors, the Brazilian Bankruptcy Court ordered the Judicial Administrator to amend the report it had initially filed when assessing whether the Brazilian Insolvency Proceeding could be accepted in 2023.

66.     On April 18, 2024, the Judicial Administrator filed its report, which (a) attested the fulfilment of the Brazilian law requirements for accepting the *recuperaçao judicial* proceeding initiated by the 2024 RJ Debtors; and (b) gave its positive opinion regarding a potential substantial consolidation between the assets, liabilities, and the Brazilian insolvency proceedings commenced by the 2023 and 2024 RJ Debtors.

67.     On April 30, 2024, the Brazilian Bankruptcy Court entered the 2024 Acceptance Order, entailing a stay of enforcement proceedings against the 2024 RJ Debtors for pre-2024 Petition debt.

68.     On May 10, 2024, the Brazilian Bankruptcy Court entered the Consolidation Order. The Brazilian Bankruptcy Court ordered the substantial consolidation between the Debtors, given that the Judicial Administrator had attested (a) the interconnection and co-mingling of assets between the 2023 and 2024 RJ Debtors; and (b) the fulfillment of all other requirements for ordering a substantial consolidation.   Accordingly, the Debtors' assets and liabilities are substantially consolidated for the purposes of the Brazilian Insolvency Proceeding.

69.     On May 22, 2024, the Judicial Administrator filed a petition, requesting a new procedural timetable because of the Debtors' substantial consolidation.  If the procedural timetable is accepted by the Brazilian Bankruptcy Court (which should occur in the next few weeks), the Debtors must file their consolidated reorganization plan within fifteen days from the publication

of the 2024 Acceptance Order on the Official Gazette, which should also take place in the next few weeks.

70.     If these steps are accomplished, the Debtors expect that their general creditors meeting will take place starting from July 31, 2024, and the Brazilian Court will sanction the Debtors' consolidated reorganization plan in or around September 2024.

## VIII.   DEBTORS' RESTRUCTURING EFFORTS IN RELATION TO THE BRAZILIAN INSOLVENCY PROCEEDING

71.     As part of its restructuring efforts, the Group has entered into a sale and purchase agreement of its Starbucks business (the "SPA") to be carried out through a competitive process, in the form of closed bids, organized in accordance with the Brazilian Bankruptcy Law.  Under the SPA, among other things, the Group agreed to sell the assets of Debtor Starbucks Brasil for a base price of R$120 million (or approximately $22.72 million), subject to price adjustments at the closing of the transaction.  The net proceeds relating to the sale of the Starbucks business will be distributed to the creditors in accordance with the (to-be-filed) consolidated reorganization plan that will be subject to the creditors' vote in the Brazilian Insolvency Proceeding.

72.     In addition, the Group is negotiating a debtor-in-possession financing of R$25 million (or $4.73 million) with certain investors (the "DIP Loan").  If the Debtors are able to close this deal, the DIP Loan's proceeds will be used to strengthen and grow the Group's ongoing businesses by expanding the number of its stores and renovating those already owned by it.  Through this strategy, the Debtors expect to generate additional cashflow that will be used to maximize the recovery of all creditors in the Brazilian Insolvency Proceeding.  In particular, the Group aims to build between 20 to 30 stores and renovate the remaining business.  By doing so, the Group's latest projections provide for a 70% increase of the Group's revenues once these stores are operational.

73.     Moreover, in connection with its rehabilitation efforts, the Group is negotiating with Brazilian authorities a repayment plan that would decrease its current tax liability and extend the period within which the Debtors are required to pay the negotiated amount (up to 120 instalments).

74.     The Group expects to successfully restructure its business through the Brazilian Insolvency Proceeding because the recovery of the creditors in this scenario will be higher than in the event of liquidation of the Group.

## IX.     U.S. LITIGATION

75.     Following the filing of the 2023 Petition, certain Brazilian creditors—which had pending litigation against the Debtors and Pope in Brazil in relation to the Group's restructuring— started proceedings against them or their assets in the United States (the "U.S. Litigation").

76.     On or around November 17, 2023, Banco Modal filed a lawsuit against Pope in the District Court of Harris County, Texas (the "Texas Collection Proceeding").[8]  Through the 2023 Texas Proceeding, Banco Modal aims to recover the Banco Note guaranteed by Pope.  The 2023 Texas Proceeding, in which Pope is acting *pro se*, is ongoing.

77.     Further, on or around November 30, 2023, the Brazilian Funds filed a lawsuit against Pope in the Supreme Court of the State of New York County of New York (the "New York Proceeding").[9]  The Brazilian Funds initiated the New York Proceeding to (i) compel Pope to make capital contributions totaling R$270,750,981.05 (or approximately $51.902 million) to

---

[8]     The caption of the Texas Collection Proceeding is *Banco Modal S.A. v. Kenneth Steven Pope*, Case No. 2023-80596 (Tex. 234th Dist. Ct.).  In connection with the Guaranty Agreement, Pope agreed to submit to the non-exclusive jurisdiction of the courts in Harris County, Texas.

[9]     The caption of the New York Proceeding is *Ativos Especiais II – Fundo De Investimento Em Direitos Creditorios – NP and Ativos Especiais III – Fundos de Investimento Em Direitos Creditorios – NP v. Kenneth Steven Pope*, Index No. 655972/2023 (N.Y. Supr. Ct.).  Pursuant to and in connection with the Capital Commitment Letters, Pope submitted to New York jurisdiction.

certain of the Debtors pursuant to two "Capital Commitment Letters" that are governed by New York law; and (ii) seek damages. In the New York Proceeding, the Brazilian Funds obtained an order attaching Pope's bank accounts. The New York Proceeding, in which Pope is acting *pro se*, is ongoing.

78.     Moreover, on or around May 8, 2024, the Ibiuna Group commenced a proceeding against SouthStone (i.e., Pope's investment vehicle) and The Pope Terry D & Barbara A The Pope 2007 Revoc. Trust (a trust that is kept by Pope's parents and of which Pope is a beneficiary) in the U.S. District Court for the Eastern District of Texas (the "Texas Discovery Proceeding").[10]  In the Texas Discovery Proceeding, the Group Ibiuna filed an *ex parte* petition seeking discovery pursuant to 28 U.S.C. 1782. The Ibiuna Group's petition was granted on May 16, 2024. On June 8, 2024, the Ibiuna Group served a related subpoena on Pope's parents at their home in Texas.

79.     Further, on or around May 9, 2024, Banco Votorantim started a proceeding against Pope and Debtors SouthRock, Starbucks Brasil and Brazil Airport in the Eleventh Judicial Circuit of Florida, Miami-Dade County (the "Florida Enforcement Proceeding").[11] Banco Votorantim commenced the Florida Proceeding to record a Brazilian judgement pursuant to Florida's Uniform Out-of-Country Money Judgement Recognition Act. Pursuant to this Brazilian judgement, Debtors SouthRock, Starbucks Brasil, Brazil Airport, and Pope owe R$7,540,709.27 (or approximately $1.444 million) to Banco Votorantim. The related Notice of Recording Foreign Judgement dated May 9, 2024 provides:

> [U]nless action is taken, pursuant to law, within **30 days** from the date of the **sending** of this notice or the notice issued by the clerk of courts, **whichever is earlier**, to contest the validity of the Judgement, the foreign judgement operates as

---

[10]   The caption of the Texas Discovery Proceeding is *Ibiuna Credito Gestao de Recursos Ltda., et al., v. The Pope Terry D & Barbara A The Pope 2007 Revoc Trust, et al.*, Case No. 4:24-mc-00078 (ALM) (E.D. Tex.).

[11]   The caption of the Florida Enforcement Proceeding is *Banco Votorantim S.A. v. Kenneth Steven Pope, et al.*, Case No. 2024-008379-CA-01 (Fla. 11th Cir. Ct.).

a lien and the above named judgement creditor/judgement creditor's attorney may apply to the Clerk of this Court for commencement of enforcement proceedings.

80.    In Brazil, this Brazilian judgement cannot be enforced against the Debtors due to the stay under the Brazilian Insolvency Proceeding.

81.    In addition, based on publicly available information, on or around May 13, 2024, Banco Votorantim filed another judgement enforcement proceeding against SouthRock, Starbucks Brasil, and Pope in the 467th District Court in Denton County, Texas (the "Texas Enforcement Proceeding").[12]  To date, neither SouthRock, nor Starbucks Brasil, nor Pope have been served in connection with the Texas Enforcement Proceeding, which appears being related to the 2022 Votorantim Notes.  In Brazil, the Brazilian judgement relating to the 2022 Votorantim Notes also cannot be enforced against the Debtors due to the stay.

82.    I believe that the U.S. Litigation has the sole purpose of creating additional leverage against the Debtors and Pope for debt that remains subject to and stayed by (as to the Debtors) the Brazilian Insolvency Proceeding.  To date, I have observed how Pope has been absorbed by the U.S. Litigation, which has consumed time and efforts that, in my opinion, Pope could have devoted to his strategic and key activities as CEO of the Group, including (a) focusing on the Group's restructuring process in Brazil; (b) negotiating with creditors; (c) raising capital; (d) identifying new investors and closing strategic opportunities for the Group's growth during and after his rehabilitation through the Brazilian Insolvency Proceeding—all of which contributes to the Group's restructuring, protecting thousands of direct and indirect jobs in Brazil, and maximizing the recovery for all creditors.

---

[12]    The caption of the Texas Enforcement Proceeding is *Banco Votorantim S.A. v. Starbucks Brasil Comercio De Cafes Ltda., et al.,* Case No. 24-4261-467 (Tex. 467th Dist. Ct.).

X.       **NO OTHER FOREIGN PROCEEDINGS**

83.      To my knowledge, there are no other pending "foreign proceedings" (11 U.S.C. § 101(24)) involving the Debtors other than the Brazilian Insolvency Proceeding.

WHEREFORE, I respectfully request that this Court enter an order substantially in the form of the Proposed Order attached as Appendix A to the Verified Petition, as well as afford any other relief as may be just and proper.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 12th, 2024                    /s/  Fabio D. Rohr
                                               Foreign Representative of SouthRock
                                               Capital Ltda., Americana Franquia
                                               S.A., Brazil Airport Restaurantes
                                               S.A., HB Participações S.A., SRC 5
                                               Participações    Ltda.,    SRC    6
                                               Participações Ltda., SRC Holding
                                               Participações   S.A.,   SR   N
                                               Participações S.A., Star Participações
                                               S.A., Starbucks Brasil Comércio de
                                               Cafés Ltda., SW do Brasil Ltda., SW
                                               Stores do Brasil Ltda., and Wahalla
                                               Ltda.

**Exhibit A**



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

| DECISÃO |
|---|

| | |
|---|---|
| Processo Digital nº: | **1153819-28.2023.8.26.0100** |
| Classe - Assunto | **Recuperação Judicial - Concurso de Credores** |
| Requerente: | **Southrock Capital Ltda. e outros** |
| Tipo Completo da Parte Passiva Principal << Informação indisponível >>: | **Nome da Parte Passiva Principal << Informação indisponível >>** |

Juiz(a) de Direito: Dr(a). Leonardo Fernandes dos Santos

Vistos.

Fls. 13132, 13134, 13136, 13138, 13161, 13192, 13635, 13675: Anote-se (publicações).

Fls. 13253: Pleito prejudicado pela tutela recursal às fls. 13642/13665.

Fls. 13666: Indefiro a atuação da parte no feito, uma vez que sequer se trata de credor ou parte relacionada.

Fls. 13640: Tendo em vista o conteúdo da r. tutela recursal do agravo de instrumento 2326628-16.2023.8.26.0000, homologo, **a título precário**, a desistência em relação às sociedades Eataly Participações S/A e Eataly Brasil Comércio e Distribuição de Alimentos Ltda.

Igualmente a **título precário,** passo a analisar os requisitos para o deferimento do processamento da presente recuperação judicial.

SOUTHROCK CAPITAL LTDA. ("SOUTHROCK CAPITAL"), sociedade limitada, inscrita no CNPJ/ME sob o nº 11.884.896/0001-35, SOUTHROCK CENTRO DE SERVIÇOS ADMINISTRATIVOS LTDA. ("SOUTHROCK CSA"), sociedade limitada, inscrita no CNPJ/ME sob o nº 34.956.305/0001-93, SRC D PARTICIPAÇÕES LTDA. ("SRC D"), sociedade limitada, inscrita no CNPJ/ME sob o nº 44.334.333/0001-22, SRC 1 PARTICIPAÇÕES LTDA. ("SRC 1"), sociedade limitada, inscrita no CNPJ/ME sob o nº 33.736.568/0001-24, KD01 PARTICIPAÇÕES LTDA. ("KD01"), sociedade limitada,

Este documento é cópia do original, assinado digitalmente por LEONARDO FERNANDES DOS SANTOS, liberado nos autos em 12/12/2023 às 15:20 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código j5izjJB9.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

inscrita no CNPJ/ME sob o nº 32.222.611/0001-70, HB PARTICIPAÇÕES S.A. ("HB"),
sociedade por ações, inscrita no CNPJ/ME sob o nº 27.137.921/0001-57, SRC 6
PARTICIPAÇÕES LTDA. ("SRC 6"), sociedade limitada, inscrita no CNPJ/ME sob o nº
35.744.752/0001-41, SRC HOLDING PARTICIPAÇÕES S.A. ("SRC HOLDING"),
sociedade por ações, inscrita no CNPJ/ME sob o nº 31.908.144/0001-74, SOUTHROCK
LAB S.A. ("SOUTHROCK LAB"), sociedade por ações, inscrita no CNPJ/ME sob o nº
33.736.461/0001-86, STAR PARTICIPAÇÕES S.A. ("STAR"), sociedade por ações,
inscrita no CNPJ/ME sob o nº 27.150.766/0001-09, STARBUCKS BRASIL COMÉRCIO
DE CAFÉS LTDA. ("STARBUCKS"), sociedade limitada, inscrita no CNPJ/ME sob o
nº07.984.267/00001-00, AMERICANA FRANQUIA S.A. ("AMERICANA"), sociedade
por ações, inscrita no CNPJ/ME sob o nº 11.082.874/0001-51, BRAZIL HIGHWAY
LTDA.("BRAZIL HIGHWAY"), sociedade limitada, inscrita no CNPJ/ME sob o nº
35.779.869/0001-60, WAHALLA LTDA. ("WAHALLA"), sociedade limitada, inscrita no
CNPJ/ME sob o nº 38.222.496/0001-10, VAI SOLUÇÕES LTDA. ("VAI SOLUÇÕES"),
sociedade limitada, inscrita no CNPJ/ME sob o nº 38.061.843/0001- 70, VAI PAY
SOLUÇÕES EM PAGAMENTO LTDA. ("VAI PAY"), sociedade limitada, inscrita no
CNPJ/ME sob o nº 44.663.993/0001-57, BRAZIL AIRPORT RESTAURANTES S.A.
("BRAZIL AIRPORT"), sociedade por ações, inscrita no CNPJ/ME sob o nº
24.691.566/0001-75, todas com principal estabelecimento na Avenida Paulista, nº 900, 10º
e 11º andares, Bela Vista, São Paulo/SP, CEP 01310-940, SÃO PAULO AIRPORT
RESTAURANTES LTDA. ("SÃO PAULO AIRPORT"), sociedade limitada, inscrita no
CNPJ/ME sob o nº 20.205.435/0001-80, com principal estabelecimento na Rodovia Helio
Smidt, S/N, L 2T3006 T3PE, Aeroporto de Guarulhos/SP, CEP 07190-100, RIO AIRPORT
RESTAURANTES LTDA. ("RIO AIRPORT"), sociedade limitada, inscrita no CNPJ/ME
sob o nº 28.906.804/0001-73, com principal estabelecimento na Avenida Vinte de Janeiro,
00, Terminal 2 – Embarque, Área Restrita, Eixo 22/24, Linhas C/D, Aeroporto
Internacional Carlos Jobim – Galeão, Rio de Janeiro/RJ, CEP 21941-570, SUL AIRPORT
Jobim – Galeão, Rio de Janeiro/RJ, CEP 21941-570, SUL AIRPORT RESTAURANTES
LTDA. ("SUL AIRPORT"), sociedade limitada, inscrita no CNPJ/ME sob o nº
34.062.135/0001-01, com principal estabelecimento na V TR VP 0003, 6200, Térreo

Este documento é cópia do original, assinado digitalmente por LEONARDO FERNANDES DOS SANTOS, liberado nos autos em 12/12/2023 às 15:20.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código jSizjJB9.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

Mezanino Depósito 1 Novo Terminal do Aeroporto Internacional Hercilio Luz, Carianos, Florianópolis/SC, CEP 88047-902, BRASILIA AIRPORTRESTAURANTES LTDA. ("BRASILIA AIRPORT"), sociedade limitada, inscrita no CNPJ/ME sob o nº 34.875.169/0001-07, com principal estabelecimento no Aeroporto Internacional de Brasília Presidente Juscelino Kubistcheck, S/N, Loja 3.006, Praça de Alimentação, Lago Sul, Brasília/DF, CEP 71608-900, BELO HORIZONTE AIRPORT RESTAURANTES LTDA. ("BELO HORIZONTE AIRPORT"), sociedade limitada, inscrita no CNPJ/ME sob o nº 45.271.002/0001-53, com principal estabelecimento no AER LMG 800, km 7,9, S/N, Lojas TP11L402 e TP11M401, Lado Ar Restrito, Aeroporto de Confins/MG, CEP 33500-900 e , requereram, em **31/10/2023**, a recuperação judicial, em consolidação, primeiramente processual, e, após, substancial.

Os documentos juntados aos autos, em especial o laudo de constatação prévia (fls. 12964/13055), comprovam que as requerentes preenchem os requisitos legais para requerimento da recuperação judicial, conforme art. 48 da Lei nº 11.101/05. A petição inicial, com as ressalvas apontadas na perícia apresentada, foi adequadamente instruída, nos termos exigidos pelo art. 51 da Lei nº 11.101/05. Em síntese, o pedido está em termos para ter o seu processamento deferido, já que presentes os requisitos legais (artigos 47, 48 e 51 da Lei 11.101/2005), verificando-se a possibilidade de superação da "crise econômico-financeira" das devedoras. Ademais, a decisão deste Magistrado que reconheceu a necessidade de formação de litisconsórcio necessário no polo ativo se encontra atualmente suspensa por ordem superior, conforme mencionado acima, de modo que nada impede a análise dos requisitos em relação às pessoas jurídicas eleitas na inicial.

Outrossim, dos laudos já citados acima extraem-se informações e dados capazes de fundamentar a consolidação substancial, nos termos dos incisos II, III e IV do artigo 69-J da Lei 11.101/2005, tais como, controle societário comum, dependência econômica e operacional e, por fim, atuação conjunta,

Assim, pelo exposto, nos termos do art. 52 da Lei 11.101/2005, **DEFIRO** o processamento da recuperação judicial das empresas, em consolidação substancial (art. 69-J da LFRJ), devidamente qualificadas na inicial.

Portanto:

Este documento é cópia do original, assinado digitalmente por LEONARDO FERNANDES DOS SANTOS, liberado nos autos em 12/12/2023 às 15:20 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código jSizjJB9.

fls. 13691



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

1) Como administrador judicial (art. 52, I, e art. 64) nomeio **LASPRO CONSULTORES LTDA**, CNPJ 22.223.371/0001-75, representada por Oreste Nestor Souza Laspro, OAB/SP 98.628, para os fins do art. 22, I e II, que, em 48 horas, juntará nestes autos digitais o termo de compromisso devidamente subscrito, pena de substituição (arts. 33 e 34), nos termos do art. 21, parágrafo único, da Lei 11.101/05, ficando autorizada a intimação via e-mail institucional.

A nomeação do perito para o exercício da administração judicial decorreu do profícuo e objetivo trabalho de constatações multidisciplinares na perícia que lhe foi determinada, a qual produziu resultado positivo para a condução do processo e para que todos os credores, efetivos titulares da deliberação da viabilidade econômica, possam obter a transparência de dados e demais informações atinentes à atividade objeto da presente recuperação judicial.

Ressalvados os valiosos posicionamentos em contrário, a atuação em perícia prévia daquele que poderá ser futuramente nomeado como administrador judicial em nada macula a diligência que foi determinada e não interfere indevidamente na análise do deferimento ou não do processamento da recuperação judicial.

Como bem demonstrou o caso dos autos, a diligência foi realizada de forma objetiva, esclarecendo diversos pormenores da situação econômica, financeira, contábil, administrativa e fiscal da recuperanda. Todos os dados coletados além de imprescindíveis à prolação da decisão judicial e posterior condução do feito, por trazer a realidade da empresa aos autos, permitirão que os credores acompanhem o processo já cientes de sua transparência e regularidade, sobretudo quando forem, eventualmente, manifestar sua vontade em AGC, acerca da viabilidade econômica da atividade.

Por todas essas razões, nomeio o administrador judicial acima mencionado.

1.1) Deve o administrador judicial informar o juízo a situação da empresa em 10 dias, para fins do art. 22, II, "a" (primeira parte) e "c", da Lei n. 11.101/05.

1.2) Caso seja necessário a contratação de auxiliares (contador, advogados etc.) deverá apresentar o contrato, no prazo de 10 dias.

1.3) Caberá ao administrador judicial fiscalizar a regularidade do processo e

Este documento é cópia do original, assinado digitalmente por LEONARDO FERNANDES DOS SANTOS, liberado nos autos em 12/12/2023 às 15:20.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código jSizjJB9.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

o cumprimento dos prazos pela recuperanda.

1.4) No mesmo prazo assinalado no item 1.1, deverá o administrador judicial apresentar sua proposta de honorários. Sem prejuízo, fixo como honorários provisórios para início dos trabalhos a remuneração mensal de R$ 15.000,00 mensais, os quais serão incorporados no cálculo da remuneração definitiva, em momento oportuno, adotando os critérios da complexidade do caso, a necessidade de fiscalização das atividades e do processo, bem como da capacidade de pagamento da devedora.

1.5) Quanto aos relatórios mensais, que não se confundem com o relatório determinado no item 1.1, supra, deverá o administrador judicial protocolar o primeiro relatório como incidente à recuperação judicial, evitando sua juntada nos autos principais, sendo que os relatórios mensais subsequentes deverão ser, sempre, direcionados ao incidente já instaurado.

2) Em relação às Juntas Comerciais da(s) respectiva(s) sede(s) da(s) recuperanda(s), deverá(ão) ela(s) providenciar a competente comunicação ao(s) aludido(s) órgão(s), na qual conste, além da alteração do nome com a expressão "em Recuperação Judicial", a data do deferimento do processamento e os dados do administrador judicial nomeado, comprovando, nos autos, o encaminhamento da comunicação no prazo de 15 dias.

3) Determino, nos termos do art. 52, III, da Lei 11.101/2005, "a suspensão de todas as ações ou execuções contra os devedores", na forma do art. 6º da LRF, devendo permanecer "os respectivos autos no juízo onde se processam, ressalvadas as ações previstas nos §§ 1º, 2º e 7º do art. 6º dessa Lei e as relativas a créditos excetuados na forma dos §§ 3º e 4º do art. 49 dessa mesma Lei", providenciando a devedora as comunicações competentes (art. 52, § 3º).

Ao ser deferido o processamento da recuperação judicial, a lei 11.101/2005 determina imposição de sujeição erga omnes de adimplemento dos créditos a ela sujeitos nos termos da recuperação judicial e estabelece a jurisdição em âmbito nacional do Juízo do principal estabelecimento da devedora, nos termos do art. 3º da Lei 11.101/2005.

A ressalva acerca da continuidade da tramitação das ações elencadas pela lei, entretanto, não autoriza a prática de atos de excussão de bens da recuperanda sem o crivo

Este documento é cópia do original, assinado digitalmente por LEONARDO FERNANDES DOS SANTOS, liberado nos autos em 12/12/2023 às 15:20.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código jSizjJB9.

fls. 13693



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

deste Juízo sobre a apreciação da questão atinente à essencialidade de bem eventualmente objeto de litígio entre a recuperanda e seu credor. Explico.

De acordo com a jurisprudência do Colendo STJ, a competência para declaração da essencialidade de bem da recuperanda, seja de sua esfera patrimonial, seja de bens de propriedade alheia mas insertos na cadeia de produção da atividade, é do Juízo no qual se processa a recuperação judicial. A título elucidativo, cito os seguintes julgados: (AgRg no CC 143.802/SP, Rel. Ministro MARCO AURÉLIO BELLIZZE, SEGUNDA SEÇÃO, julgado em 13/04/2016, DJe 19/04/2016); (AgRg no RCD no CC 134.655/AL, Rel. Ministro RAUL ARAÚJO, SEGUNDA SEÇÃO, julgado em 14/10/2015, DJe 03/11/2015); (REsp 1298670/MS, Rel. Ministro LUIS FELIPE SALOMÃO, QUARTA TURMA, julgado em 21/05/2015, DJe 26/06/2015)

Todavia, mesmo com a determinação do stay period e a jurisprudência consolidada do STJ sobre a competência do Juízo da recuperação judicial para deliberar sobre a essencialidade dos bens de propriedade ou posse da recuperanda, a realidade tem demonstrado a existência de diversos atos de constrição patrimonial contra a devedora emanados de Juízos diversos, por provocação de credores sujeitos ou não à recuperação judicial, sem qualquer discussão sobre a essencialidade dos bens objeto de persecução.

Essa situação, além de ocasionar um imenso número de conflitos de competência desnecessários diante do entendimento já consolidado do STJ, compromete o fluxo de caixa e as atividades operacionais da atividade em recuperação, em razão da paralisia que se impõe sobre o bem no caso concreto, impedindo sua utilização justamente no momento de maior necessidade da recuperanda, além de tumultuar o ambiente de negociação buscado pela Lei 11.101/2005, que se faz presente durante o processamento da recuperação judicial.

No caso dos créditos sujeitos à recuperação judicial é mais evidente a ilegalidade da conduta do credor que busca a excussão de bens fora dos autos recuperacionais, justamente por buscar burlar a sujeição do seu crédito conforme determinação do art. 49 da Lei 11.101/2005, ao tentar o adimplemento em desacordo com determinação legal a ser realizado por juízo manifestamente incompetente.

Logo, inexiste substrato jurídico para que o credor com crédito sujeito à

Este documento é cópia do original, assinado digitalmente por LEONARDO FERNANDES DOS SANTOS, liberado nos autos em 12/12/2023 às 15:20 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código jSizjJB9.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

recuperação judicial provoque juízo incompetente com vistas à obtenção de provimento jurisdicional satisfativo, uma vez que seu crédito deve ser adimplido nos termos do plano de recuperação judicial aprovado em AGC ou em autos falimentares acaso haja convolação da recuperação judicial em falência.

Já para o caso dos credores não sujeitos à recuperação judicial, prevê a parte final do parágrafo 3º do art. 49 da Lei 11.101/2005 a impossibilidade de retirada de bens de capital e essenciais à atividade em processo de soerguimento que estejam em poder da recuperanda durante o stay period.

Como mencionado anteriormente, o STJ já consolidou o entendimento de competência absoluta do juízo da recuperação judicial para deliberar sobre o caráter de essencial do bem que esteja sendo fruído pela empresa em recuperação judicial. Além de absoluta, tal competência se estende para todo o âmbito nacional, segundo a previsão do art. 3º da Lei 11.101/2005.

Assim, deve o credor não sujeito à recuperação judicial agir com boa-fé objetiva nas relações de ordem privada, consistente na verificação de eticidade da parte através de suas condutas, já presente em nosso ordenamento desde o advento da Constituição Federal de 1988 e mais especificada com o Código Civil de 2002, ganhando reforço para sua incidência no âmbito do processo civil, diante de sua previsão expressa no art. 5º ao lado da obrigação de cooperação processual pelas partes, elencada no art. 6º, todos do CPC.

Ora, sendo evidente a competência absoluta do juízo recuperacional para deliberar sobre o caráter de essencialidade do bem objeto de disputa, não pode o credor não sujeito buscar a retirada do bem em juízo diverso sem a discussão sobre tal ponto, ocasionando severos prejuízos ao processo de soerguimento pela retirada de bem imprescindível à continuidade da atividade.

Certamente que o credor não sujeito poderá ajuizar demandas ou formular requerimentos de penhoras para evitar prescrição ou garantir eventual direito de preferência, respectivamente. Mas provocar a efetiva retirada do bem por ato de juízo diverso da recuperação judicial sem que se saiba ser ele essencial ou não à atividade é medida vedada por violar a competência absoluta reconhecida pelo STJ.

Este documento é cópia do original, assinado digitalmente por LEONARDO FERNANDES DOS SANTOS, liberado nos autos em 12/12/2023 às 15:20. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código jSizjJB9.

fls. 13695



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

Em qualquer caso, com as devidas vênias, é de se reconhecer inexistir direito de ação ou petição a ser manejado em juízo incompetente, mormente para a preservação da segurança jurídica advinda do respeito ao posicionamento amplo do STJ sobre a competência do Juízo da recuperação judicial para deliberar sobre a essencialidade de bens da recuperanda, independentemente da qualidade dos credores.

De toda forma, sempre será requisito para reconhecimento de ato ilícito do credor, sujeito ou não sujeito, a prévia ciência da existência da recuperação judicial, além do dolo em buscar a retirada do bem, aferível pelo comportamento do credor em juízo diverso do da recuperação judicial, mesmo já sabendo da sua existência.

O pior cenário é permitir que os credores, sujeitos ou não à recuperação judicial, cientes da existência do processo, ainda assim busquem constranger o patrimônio da recuperanda, sem a prévia discussão de essencialidade já reconhecida como necessária pelo STJ, de modo a assoberbar ainda mais o Poder Judiciário com a proliferação inútil de processo, além de colocar em risco a atividade que busca soerguimento.

4) Determino, nos termos do art. 52, IV, da Lei 11.101/2005, às devedoras a "apresentação de contas demonstrativas mensais enquanto perdurar a recuperação judicial, sob pena de destituição de seus administradores", sendo que o primeiro demonstrativo mensal deverá ser protocolado como incidente à recuperação judicial, ao passo que não deverão ser juntados nos autos principais, sendo que os demonstrativos mensais subsequentes deverão ser, sempre, direcionados ao incidente já instaurado.

5) Deverá a recuperanda providenciar a expedição de comunicação, por carta, às Fazendas Públicas Federal e de todos os Estados e Municípios em que a devedora tiver estabelecimentos e filiais (LRF, art. 52, V), na qual deverá constar o conteúdo desta decisão ou cópia desta, providenciando, outrossim, o seu encaminhamento.

6) O prazo para habilitações ou divergências aos créditos relacionados (pela devedora) é de 15 (quinze) dias a contar da publicação do respectivo edital (LRF, art. 7º, § 1º).

Considerando que a recuperanda apresentou minuta da relação de credores elencada na inicial, nos moldes do artigo 41 da Lei n. 11.101/05 deverá a minuta da relação de credores ser entregue, no formato *word,* para a serventia complementar a referida minuta

Este documento é cópia do original, assinado digitalmente por LEONARDO FERNANDES DOS SANTOS, liberado nos autos em 12/12/2023 às 15:20. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código jSizjJB9.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

com os termos desta decisão, bem com intimar a recuperanda, por telefone ou e-mail institucional, certificando-se nos autos, para que proceda ao recolhimento do valor das despesas de publicação do edital no Diário Oficial Eletrônico do Tribunal de Justiça de São Paulo, de acordo com o número de caracteres, no prazo de 24 horas, sob pena de revogação.

Dessa maneira, expeça-se o edital a que se refere o art. 52, § 1º, da Lei 11.101/2005, onde, para conhecimento de todos os interessados, deverá constar, também, o passivo fiscal, com advertência dos prazos dos arts. 7º, § 1º e 55 da LREF.

7) Eventuais habilitações ou divergências quanto aos créditos relacionados pela devedora (art. 7º, § 1º), que são dirigidas ao administrador judicial, deverão ser digitalizadas e encaminhadas diretamente ao administrador judicial, SOMENTE através do e-mail a ser informado no edital a ser publicado, conforme item 6, supra.

Observo, neste tópico, em especial quanto aos créditos trabalhistas, que para eventual divergência ou habilitação é necessário que exista sentença trabalhista líquida e exigível (com trânsito em julgado), competindo ao MM. Juiz do Trabalho eventual fixação do valor a ser reservado.

7.1) Deverá o administrador judicial, quando da apresentação da relação prevista no art. 7º, § 2º, da Lei 11.101/2005, também providenciar à serventia judicial, minuta do respectivo edital, em mídia e em formato de texto, para sua regular publicação na Imprensa Oficial. Segundo observações constantes no item 8 desta decisão, o administrador judicial deverá apurar lista individualizada de credores de cada uma das sociedades componentes do grupo em recuperação judicial, tendo em vista o litisconsórcio ativo presente nesta demanda.

8) O plano de recuperação judicial deve ser apresentado no prazo de 60 dias, na forma do art. 53, sob pena de convolação da recuperação judicial em falência.

Com a apresentação do plano, expeça-se o edital contendo o aviso do art. 53, parágrafo único, da Lei n. 11.101/05, com prazo de 30 dias para as objeções, devendo a recuperanda providenciar, no ato da apresentação do plano, a minuta do edital, inclusive em meio eletrônico, bem como o recolhimento das custas para publicação.

9) Caso ainda não tenha sido publicada a lista de credores pelo administrador

Este documento é cópia do original, assinado digitalmente por LEONARDO FERNANDES DOS SANTOS, liberado nos autos em 12/12/2023 às 15:20 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código jSizjJB9.

fls. 13697



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

judicial, a legitimidade para apresentar tal objeção será daqueles que já constam do edital das devedoras e que tenham postulado a habilitação de crédito.

10) Publicada a relação de credores apresentada pelo administrador judicial (art. 7º, § 2º), devidamente individualizada para cada uma das sociedades litisconsortes, eventuais impugnações (art. 8º) e/ou habilitações retardatárias deverão ser interpostas pelo peticionamento eletrônico inicial, por dependência ao processo principal, nos termos do Comunicado n.º 219/2018, e não deverão ser juntados nos autos principais (art. 8º, parágrafo único).

Observo, neste tópico, que: (i) serão consideradas habilitações retardatárias aquelas que deixaram de observar o prazo legal previsto no art. 7º, § 1º, da Lei n. 11.101/05, as quais serão recebidas como impugnação e processadas na forma dos arts. 13 a 15 (da LRF), e estarão sujeitas ao recolhimento de custas, nos termos do art. 10, caput e § 5º, da Lei 11.101/05 e da Lei Estadual n. 15.760/15, que alterou o disposto no § 8º do art. 4º da Lei da Estadual n. 11.608/03; (ii) as impugnações que não observarem o prazo previsto no artigo 8º da Lei n. 11.101/05 também estarão sujeitas ao recolhimento de custas; e, (iii) caso as impugnações sejam apresentadas pela própria recuperanda deverão ser recolhidas as taxas para intimação postal do impugnado, fazendo constar em sua peça inicial o endereço completo do impugnado (logradouro, número (inclusive nº bloco e do apartamento, se houver), bairro, CEP, cidade e estado), além do recolhimento das custas, caso não observado o prazo previsto no artigo 8º da Lei n. 11.101/05.

11) Fica(m) advertida(s) a(s) recuperanda(s) que o descumprimento dos seus ônus processuais poderá ensejar a convolação desta recuperação judicial em falência (art. 73, Lei 11.101/2005 c.c. o arts. 5º e 6º do CPC).

12) Fica advertido o administrador judicial que o descumprimento dos seus ônus processuais e determinações judiciais poderão acarretar, conforme o caso, sua substituição ou destituição, sem prejuízo de procedimento administrativo voltado ao seu descadastramento perante o Tribunal de Justiça de São Paulo.

13) Intimem-se, inclusive o Ministério Público.

14) Ficam as Recuperandas advertidas de que será exigida a apresentação de CND como condição necessária à homologação do PRJ, caso aprovado, por óbvio.

Este documento é cópia do original, assinado digitalmente por LEONARDO FERNANDES DOS SANTOS, liberado nos autos em 12/12/2023 às 15:20. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código jSizjJB9.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

Intime-se.


Intime-se.


São Paulo, 12 de dezembro de 2023.



| DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006, CONFORME IMPRESSÃO À MARGEM DIREITA |
| :---: |

Este documento é cópia do original, assinado digitalmente por LEONARDO FERNANDES DOS SANTOS, liberado nos autos em 12/12/2023 às 15:20 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código jSizjJB9.



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**
TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
• Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11 9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com (skype: antonio.dari)

TRANSLATION No. OT16348                    BOOK No. 200                    PAGE No. 001

I, the undersigned Sworn Translator and Commercial Interpreter, hereby CERTIFY this is the description and faithful translation of a DOCUMENT written in Portuguese, which I translate as follows:
==============================================================================
sheets [13688 to 13698]



**COURT OF APPEALS OF THE STATE OF SÃO PAULO**
JUDICIAL DISTRICT OF SÃO PAULO
CENTRAL CIVIL VENUE
1st BANKRUPTCY COURT
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Public Service Hours: from 01:00 p.m. to 05:00 p.m.**
**AWARD**

Digital Procedure No.: **1153819-28.2023.8.26.0100**
Class – Subject **Court-Supervised Reorganization - Bankruptcy Case**
Plaintiff: **Southrock Capital Ltda. et al.**
Full Type of Main Defendant << Information unavailable >>: **Name of Main Defendant << Information not available >>**
Honorable Judge: Mr. Leonardo Fernandes dos Santos
Having considered the matter.
Sheet 13132, 13134, 13136, 13138, 13161, 13192, 13635, 13675: An entry should be made on (publications).
Sheet 13253: Request became moot by the appeal remedy on sheet 13642/13665.
Sheet 13666: I deny the party's participation in the case, since it is not even a creditor or related party.
Sheet 13640: In view of the content of the said remedy of interlocutory appeal No. 2326628-16.2023.8.26.0000, I ratify, **on a provisional basis**, the waiver in relation to the companies Eataly Participações S/A and Eataly Brasil Comércio e Distribuição de Alimentos Ltda.

Also **on a provisional basis**, I will review the requirements for granting the processing of this court-supervised reorganization.

SOUTHROCK CAPITAL LTDA. ("SOUTHROCK CAPITAL"), a limited liability company registered with CNPJ/ME (Corporate Taxpayer ID) No. 11.884.896/0001-35, SOUTHROCK CENTRO DE SERVIÇOS ADMINISTRATIVOS LTDA. ("SOUTHROCK CSA"), a limited liability company registered with CNPJ/ME No. 34.956.305/0001-93, SRC D PARTICIPAÇÕES LTDA. ("SRC D"), a limited liability company registered with CNPJ/ME No. 44.334.333/0001-22, SRC 1 PARTICIPAÇÕES LTDA. ("SRC 1"), a limited liability company registered with CNPJ/ME No. 33.736.568/0001-24, KD01 PARTICIPAÇÕES LTDA. ("KD01"), a limited liability company registered with CNPJ/ME No. 32.222.611/0001-70, HB PARTICIPAÇÕES S.A. ("HB"), corporation registered with CNPJ/ME No. 27.137.921/0001-57, SRC 6 PARTICIPAÇÕES LTDA. ("SRC 6"), a limited liability company registered with CNPJ/ME No. 35.744.752/0001-41, SRC HOLDING PARTICIPAÇÕES S.A. ("SRC HOLDING"), a corporation registered with CNPJ/ME No. 31.908.144/0001-74, SOUTHROCK LAB S.A. ("SOUTHROCK LAB"), a corporation registered with CNPJ/ME No. 33.736.461/0001-86, STAR PARTICIPAÇÕES S.A. ("STAR"), a corporation registered with CNPJ/ME No. 27.150.766/0001-09, STARBUCKS BRASIL COMÉRCIO DE CAFÉS LTDA. ("STARBUCKS"), a limited liability company registered with CNPJ/ME No. 07.984.267/00001-00, AMERICANA FRANQUIA S.A. ("AMERICANA"), a corporation registered with CNPJ/ME No. 11.082.874/0001-51, BRAZIL HIGHWAY LTDA. ("BRAZIL HIGHWAY"),



**R E P Ú B L I C A   F E D E R A T I V A   D O   B R A S I L**
*F E D E R A T I V E   R E P U B L I C   O F   B R A Z I L*
**A N T O N I O   D A R I   A N T U N E S   Z H B A N O V A**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT16348          BOOK No. 200          PAGE No. 002

---

a limited liability company registered with CNPJ/ME No. 35.779.869/0001-60, WAHALLA LTDA. ("WAHALLA"), a limited liability company registered with CNPJ/ME No. 38.222.496/0001-10, VAI SOLUÇÕES LTDA. ("VAI SOLUÇÕES"), a limited liability company registered with CNPJ/ME No. 38.061.843/0001- 70, VAI PAY SOLUÇÕES EM PAGAMENTO LTDA. ("VAI PAY"), a limited liability company registered with CNPJ/ME No. 44.663.993/0001-57, BRAZIL AIRPORT RESTAURANTES S.A. ("BRAZIL AIRPORT"), a corporation registered with CNPJ/ME No. 24.691.566/0001-75, all with principal place of business at Avenida Paulista, nº 900, 10º e 11º andares, Bela Vista, São Paulo/SP, CEP 01310-940, SÃO PAULO AIRPORT RESTAURANTES LTDA. ("SÃO PAULO AIRPORT"), a limited liability company registered with CNPJ/ME No. 20.205.435/0001-80, with its principal place of business at Rodovia Helio Smidt, S/N, L 2T3006 T3PE, Aeroporto de Guarulhos/SP, CEP 07190-100, RIO AIRPORT RESTAURANTES LTDA. ("RIO AIRPORT"), a limited liability company registered with CNPJ/ME No. 28.906.804/0001-73, with its principal place of business at Avenida Vinte de Janeiro, 00, Terminal 2 – Embarque, Área Restrita, Eixo 22/24, Linhas C/D, Aeroporto Internacional Carlos Jobim – Galeão, Rio de Janeiro/RJ, CEP 21941-570, SUL AIRPORT Jobim – Galeão, Rio de Janeiro/RJ, CEP 21941-570, SUL AIRPORT RESTAURANTES LTDA. ("SUL AIRPORT"), a limited liability company registered with CNPJ/ME No. 34.062.135/0001-01, with principal place of business at V TR VP 0003, 6200, Térreo Mezanino Depósito 1 Novo Terminal do Aeroporto Internacional Hercilio Luz, Carianos, Florianópolis/SC, CEP 88047-902, BRASILIA AIRPORTRESTAURANTES LTDA. ("BRASILIA AIRPORT"), a limited liability company registered with CNPJ/ME No. 34.875.169/0001-07, with its principal place of business at Aeroporto Internacional de Brasília Presidente Juscelino Kubitscheck, S/N, Loja 3.006, Praça de Alimentação, Lago Sul, Brasília/DF, CEP 71608- 900, BELO HORIZONTE AIRPORT RESTAURANTES LTDA. ("BELO HORIZONTE AIRPORT"), a limited liability company registered with CNPJ/ME No. 45.271.002/0001-53, with principal place of business at AER LMG 800, km 7,9, S/N, Lojas TP11L402 and TP11M401, Lado Ar Restrito, Aeroporto de Confins/MG, CEP 33500-900 and, on October 31, 2023, filed for court-supervised reorganization, in consolidation, first procedural, and, subsequently, substantial.

The exhibits entered of record, especially the prior report of findings (sheet 12964/13055), prove that the plaintiffs meet the legal requirements for filing for court-supervised reorganization, according to Article 48 of Law 11101/05. The complaint, with the reservations pointed out in the expert report presented, was properly supported by evidence, under the terms required by Article 51 of Law 11101/05. In summary, the request is in a position to have its processing granted, since the legal requirements are present (Articles 47, 48 and 51 of Law 11101/2005), and the possibility of overcoming the "economic-financial crisis" of the debtors has been found. In addition, the Justice's decision that recognized the need for establishing a compulsory joinder of plaintiffs is currently suspended by a higher order, as mentioned above, so that nothing prevents the analysis of the requirements in relation to the legal entities elected in the complaint.

Furthermore, information and data capable of supporting substantial consolidation are extracted from the reports mentioned above, under the terms of Items II, III, and IV of Article 69-J of Law 11101/2005, such as common controlling interest, economic and operational dependence and, lastly, joint operation.

Thus, In view of the foregoing, pursuant to Article 52 of Law 11101/2005, I GRANT the processing of the court-supervised reorganization of companies, in substantial consolidation (Article 69-J of LFRJ (Bankruptcy and Court-Supervised Reorganization Law)), duly qualified in the complaint.

Therefore:

1) As receiver (Article 52, I, and Article 64) I appoint **LASPRO CONSULTORES LTDA**, CNPJ No. 22.223.371/0001-75, represented by Oreste Nestor Souza Laspro, OAB/SP No. 98.628, for the purposes of Article 22, I and II, which, within 48 hours, will enter of this digital record the affirmation duly signed, under penalty of substitution (Articles 33 and 34), pursuant to Article 21, Sole Paragraph, of Law 11101/05, with notice via institutional email being authorized.



**R E P Ú B L I C A   F E D E R A T I V A   D O   B R A S I L**
*F E D E R A T I V E   R E P U B L I C   O F   B R A Z I L*
**A N T O N I O   D A R I   A N T U N E S   Z H B A N O V A**
TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe  nº 406  • CPF 756.770.758-68
Rua  Princesa  Isabel  nº 206  -  Aloisio  Pinto  -  Garanhuns  (PE)  CEP :  55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT16348                 BOOK No. 200                          PAGE No. 003

The appointment of an expert to perform receivership resulted from the fruitful and objective work of cross-disciplinary findings in the expert analysis that was ordered, which produced a positive result for the conduct of the procedure and so that all creditors, effective holders of the resolution of economic viability, can attain the transparency of data and other information pertaining to the business object of this court-supervised reorganization.

Except for the valuable positions to the contrary, the performance in prior expert analysis of the person who may be subsequently appointed as receiver in no way compromises the measure that was ordered, nor do it unduly interfere in the analysis of the grant or not of the processing of the court-supervised reorganization.

As the case of record has well demonstrated, the measure has been carried out objectively, clearing up several details of the economic, financial, accounting, administrative, and fiscal situation of the company being reorganized. All data collected in addition to being essential to the delivery of the court award and subsequent conduct of the case, by bringing the reality of the company to the record, will allow creditors to follow up the procedure already aware of its transparency and lawfulness, especially when they express their will in AGC, about the economic viability of the business.

For all these reasons, I appoint the above receiver.

1.1) The receiver must inform the court of the company's situation within 10 days, for the purposes of Article 22, II, "a" (first part) and "c," of Law 11101/05.

1.2) If it is necessary to hire assistants (accountant, lawyers, etc.), they should submit the contract within 10 days.

1.3) It will be up to the receiver to supervise the lawfulness of the procedure and compliance with the deadlines by the company being reorganized.

1.4) Within the same deadline set forth in item 1.1, the receiver should submit their fee proposal. Without prejudice, the monthly compensation of BRL 15,000.00 will be set as provisional fees for the beginning of the work, which will be incorporated in the calculation of the final compensation, in a timely manner, taking the case complexity into account, as well as the need to inspect the businesses and the procedure, and the debtor's ability to pay.

1.5) As for the monthly reports, which are not to be confused with the report set forth in item 1.1 above, the receiver should file the first report as an incident to the court-supervised reorganization, avoiding its insertion in the main record, and subsequent monthly reports should always be directed to the incident already initiated.

2) In relation to the Registries of Commerce of the respective headquarters of the company(ies) being reorganized, they must arrange the relevant communication to the said bodies, which includes, in addition to the change of name with the phrase "under Court-Supervised Reorganization," the date of grant of the processing and the data of the appointed receiver, proving, in the record, the forwarding of the communication within 15 days.

3) I order, pursuant to Article 52, III, of Law 11101/2005, "the suspension of all actions or executions against debtors," pursuant to Article 6 of LRF (Fiscal Responsibility Act), and "the respective record should remain in the court where it is processed, except for the actions provided for in Paragraphs 1, 2, and 7 of Article 6 of this Law and those relating to claims excepted pursuant to Paragraphs 3 and 4 of Article 49 of that same Law," with the debtor arranging the relevant communications (Article 52, Paragraph 3).

When the processing of the court-supervised reorganization is granted, Law 11101/2005 establishes the binding upon everyone of the performance of the claims subject to them under the terms of the court-supervised reorganization, and establishes the jurisdiction at the national level of the Court of the debtor's principal place of business, pursuant to Article 3 of Law 11101/2005.

The reservation about the continuity of the processing of the actions provided by law, however, does not authorize the performance of acts of foreclosure of assets of the company being reorganized without the scrutiny of this Court on the review of the issue regarding the essentiality of an asset that may be the subject of a dispute between the company being



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**
TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT16348                    BOOK No. 200                    PAGE No. 004

reorganized and its creditor. The explanation is as follows.

Pursuant to the caselaw of the Superior Court of Justice, the jurisdiction to declare the essentiality of the assets of the company being reorganized, whether in its property realm, or of assets owned by others but inserted in the production chain of the business, is of the Court in which the court-supervised reorganization is processed. To be clear, I refer to the following decisions: (AgRg (Internal Interlocutory Appeal) on CC (Conflict of Jurisdiction) No. 143.802/SP, Reporting Justice MARCO AURÉLIO BELLIZZE, SECOND SECTION, tried on April 13, 2016, DJe (State Court Register) dated 04/19/2016); (AgRg on RCD on CC No. 134.655/AL, Reporting Justice RAUL ARAÚJO, SECOND SECTION, tried on October 14, 2015, DJe dated 11/03/2015); (REsp (Special Appeal) No. 1298670/MS, Reporting Justice LUIS FELIPE SALOMÃO, FOURTH PANEL, tried on May 21, 2015, DJe dated 06/26/2015)

However, even with the determination of the stay period and the consolidated caselaw of the Superior Court of Justice on the competent jurisdiction of the Court of the court-supervised reorganization to resolve on the essentiality of the assets owned or possessed by the company being reorganized, reality has proven the existence of several acts of asset freeze against the debtor entered in various Courts, at the provocation of creditors subject or not to court-supervised reorganization, without any discussion on the essentiality of the assets subject to prosecution.

This situation, in addition to causing an immense number of unnecessary conflicts of jurisdiction in view of the already consolidated understanding of the Superior Court of Justice, compromises the cash flow and operational activities of the business under reorganization, owing to the blocking of the asset in the specific case, preventing its use precisely at the time of greatest need of the company being reorganized, in addition to disturbing the negotiating environment aimed by Law 11101/2005, which is present during the processing of the court-supervised reorganization.

In the case of claims subject to court-supervised reorganization, the illegality of the creditor's conduct that seeks the foreclosure of assets outside the reorganization record is even more conspicuous, precisely because it seeks to circumvent the subjection of its claim as determined by Article 49 of Law 11101/2005, when attempting to arrange payment in noncompliance with a legal provision, through a manifestly incompetent court.

Therefore, there is no legal basis for the creditor with claim subject to court-supervised reorganization to seek an incompetent judgment with a view to obtaining a satisfactory court remedy, since its claim should be complied with under the terms of the court-supervised reorganization plan approved in AGC or in bankruptcy record if there is a conversion of the court-supervised reorganization into bankruptcy.

In the case of creditors not subject to court-supervised reorganization, the final part of paragraph 3 of Article 49 of Law 11101/2005 provides for the impossibility of withdrawing capital assets essential to the business in the process of recovering itself that are in the possession of the company being reorganized during the stay period.

As previously mentioned, the Superior Court of Justice has already consolidated the understanding of the absolute jurisdiction of the court of reorganization to resolve on the essential character of the asset that is being enjoyed by the company being reorganized. In addition to absolute, such competent jurisdiction extends to the entire domestic scope, pursuant to the provision of Article 3 of Law 11101/2005.

Thus, the creditor not subject to court-supervised reorganization must act with objective good faith in private relations, consisting of checking the ethicality of the party through its conduct, already present in our system since the advent of the Federal Constitution of 1988, and further expanded with the Civil Code of 2002, gaining traction in its applicability within the scope of civil procedures, in view of its express provision in Article 5 coupled with the obligation of procedural cooperation by the parties, set forth in Article 6, all of CPC (Code of Civil Procedure).

Now, since the absolute jurisdiction of the reorganization court to resolve on the essential character of the asset under dispute is clear, the creditor cannot not seek the withdrawal of the asset in a different court without discussing such point,



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**
TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11 9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com (skype: antonio.dari)

TRANSLATION No. OT16348                 BOOK No. 200                 PAGE No. 005

causing severe damage to the process of recovery by the withdrawal of an asset essential to the continuity of the business. Certainly, the non-subject creditor may file demands or make requests for pledges to avoid limitation or guarantee any preemptive right, respectively. But seeking the actual withdrawal of the asset by an act of court other than reorganization court without it being known to be essential or not to the business is a measure precluded for violating the absolute jurisdiction recognized by the Superior Court of Justice.

In any case, with due respect, it is to be recognized that there is no right of action or petition to be handled in an incompetent court, especially for the preservation of legal certainty arising from observing the Superior Court of Justice's broad position on the jurisdiction of the Reorganization Court to resolve on the essentiality of the assets of the company being reorganized, regardless of the quality of the creditors.

In any case, there will always be a requirement for recognition of the tort of the creditor, either subject or not subject, in the prior knowledge of the existence of the court-supervised reorganization, in addition to the intent to seek the withdrawal of the asset, assessable by the behavior of the creditor in a court other than the reorganization court, even though already knowing of its existence.

The worst scenario is to allow creditors, subject or not to court-supervised reorganization, aware of the existence of the process, still seek to utilize the assets of the company being reorganized, without prior discussion of essentiality already recognized as necessary by the Superior Court of Justice, in order to further burden the court system with the useless proliferation of procedures, in addition to posing risk on the business that seeks to recover itself.

4) I order, pursuant to Article 52, IV, of Law 11101/2005, that the debtors "present monthly statement accounts while the court-supervised reorganization lasts, under penalty of removal of its receivers," and the first monthly statement must be filed as an incident to the court-supervised reorganization, given that they should not be entered of the main record, with subsequent monthly statements being earmarked to the incident already initiated.

5) The company being reorganized should arrange for the issuance of communication, by letter, to the Federal Public Tax Authorities and all States and Cities in which the debtor has establishments and branches (LRF, Article 52, V), which should include the content of this decision or a copy thereof, also arranging its forwarding.

6) The deadline for proofs or divergences to the listed claims (by the debtor) is fifteen (15) days from the publication of the respective notice (LRF, Article 7, Paragraph 1).

Considering that the company being reorganized presented a draft of the list of creditors stated in the complaint, in accordance with Article 41 of Law 11101/05, the draft of the list of creditors should be delivered, in Word, format for the complementary office of said draft with the terms of this decision, as well as to subpoena the company being reorganized, by telephone or institutional email, attesting it of record, to pay the amount of the expenses of publication of the notice in the Official Electronic Gazette of the Court of Appeals of São Paulo, according to the number of characters, within 24 hours, under penalty of revocation.

Thus, the notice referred to in Article 52, Paragraph 1, of Law 11101/2005, should be issued, which, for the knowledge of all interested parties, should also include the tax liability, with warning of the deadlines of Articles 7, Paragraph 1, and 55 of LREF.

7) Possible proofs or divergences regarding the claims listed by the debtor (Article 7, Paragraph 1), which are addressed to the receiver, should be scanned and sent directly to the receiver, ONLY through the email to be stated in the notice to be published, according to item 6 above.

It is important to note, in this topic, especially regarding labor claims, that for any divergence or proof, a net and enforceable employment action judgment (with a final and unappealable decision), is necessary, with the Labor Court being responsible for setting any amount to be reserved.



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT16348                  BOOK No. 200                  PAGE No. 006

7.1) The receiver should, when submitting the list provided for in Article 7, Paragraph 2, of Law 11101/2005, also arrange with the notary public's office, draft of the respective notice, in media and in text format, for its regular publication in the Official Gazette. According to the notes contained in item 8 of this award, the receiver should make an individual list of creditors of each of the group's companies being reorganized, in view of the joinder of plaintiffs in this lawsuit.

8) The court-supervised reorganization plan should be submitted within 60 days, pursuant to Article 53, under penalty of conversion of the court-supervised reorganization into bankruptcy.

With the presentation of the plan, the notice stating the note of Article 53, Sole Paragraph, of Law 11101/05, should ne issued, with a period of 30 days for objections, with the company being reorganized being in charge of arranging, at the time of submission of the plan, the draft of the notice, including electronically, as well as the payment of costs for publication.

9) If the list of creditors has not yet been published by the receiver,

the legitimacy to present such an objection will be of those that are already included in the debtors' notice and that have claimed the proof of claim.

10) Upon publication of the list of creditors presented by the receiver (Article 7, Paragraph 2), duly itemizing each of the companies which are parties to the procedure, any challenges (Article 8) and/or late proofs should be filed by the initial electronic petition, considering the judge presiding over the main procedure, pursuant to Communication No. 219/2018, and should not be entered of the main record (Article 8, sole paragraph).

I observe, on this topic that: (i) late proofs will be those that fail to comply with the legal term provided for in Article 7, Paragraph 1, of Law 11101/05, which will be received as a challenge and processed in accordance with Articles 13 to 15 (of LRF), and will be subject to the payment of costs, under the terms of Article 10, head provision, and Paragraph 5, of Law 11101/05, and State Law 15760/15, which amended the provisions of Paragraph 8 of Article 4 of State Law 11608/03; (ii) challenges that do not comply with the period provided for in Article 8 of Law 11101/05 will also be subject to the payment of costs; and, (iii) if the challenges are filed by the company being reorganized, the fees for postal notice of the challenged party should be paid, stating in the complaint the full address of the challenged party (street address, number (including block and apartment number, if any), neighborhood, Zip Code, city, and state), in addition to the payment of costs, if the period provided for in Article 8 of Law 11101/05 is not observed.

11) The company(ies) being reorganized are warned that noncompliance with its procedural burdens may give rise to the conversion of this court-supervised reorganization into bankruptcy (Article 73, Law 11101/2005 coupled with Articles 5 and 6 of CPC).

12) The receiver is warned that noncompliance with its procedural burdens and court orders may result, accordingly, in its replacement or removal, without prejudice to administrative proceedings aimed at removing it from registration before the Court of Appeals of São Paulo.

13) Issuance of notification is hereby ordered, including the Public Prosecution Office.

14) The Companies Being Reorganized are warned that the presentation of CND (Debt Clearance Certificate) will be required as a necessary condition for the approval of PRJ (Court-Supervised Reorganization Plan), if it is approved.

             Issuance of notification is hereby ordered.

             Issuance of notification is hereby ordered.

             São Paulo, December 12, 2023.

**DOCUMENT DIGITALLY SIGNED IN ACCORDANCE WITH LAW 11419/2006, AS PRINTED ON THE RIGHT MARGIN**

This document is a copy of the original, digitally signed by LEONARDO FERNANDES DOS SANTOS, released of



**R E P Ú B L I C A   F E D E R A T I V A   D O   B R A S I L**
*F E D E R A T I V E   R E P U B L I C   O F   B R A Z I L*
**A N T O N I O   D A R I   A N T U N E S   Z H B A N O V A**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
• Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11 9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com (skype: antonio.dari)

| TRANSLATION No. OT16348 | BOOK No. 200 | PAGE No. 007 |
| --- | --- | --- |

record on December 12, 2023 at 03:20 p.m.
To check the original, please access website https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter case 1153819-28.2023.8.26.0100 and code jSizjJB9.
==================================================================================

Nothing else was contained in said original, which I return with this faithful translation. In witness whereof, I have hereunto set my hand and seal of office. May 31, 2024.

Emoluments according to the law.





This document was digitally signed by ANTONIO DARI ANTUNES ZHBANOVA.
To verify the signature access the link below.
https://www.qrassinaturas.com.br/CheckPadesRest?c=SVS7-BAFW-WJ39-MP2A



**Exhibit B**



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

| DECISÃO |
|---|

| | |
|---|---|
| Processo Digital: | **1035517-06.2024.8.26.0100** |
| Classe: | **Recuperação Judicial** |
| Requerente: | **Southrock Foods S.a. e outros** |
| Tipo Completo da Parte Passiva Principal << Informação indisponível >>: | **Nome da Parte Passiva Principal << Informação indisponível >>** |

Juiz de Direito: Jomar Juarez Amorim

Vistos.

Fls. 1861-1863: decisão que determinou constatação prévia.

Fls. 2032-2119: laudo.

Trata-se de recuperação impetrada por SOUTHROCK FOODS S.A., SPORT PARTICIPAÇÕES S.A., SRN PARTICIPAÇÕES S.A., SRC 4 PARTICIPAÇÕES LTDA., SRC 5 PARTICIPAÇÕES LTDA., SUBWAY BRASIL PARTICIPAÇÕES S.A., SUBWAY DO BRASIL LTDA., SUBWAY STORES DO BRASIL LTDA., SUBWAY REALTY DO BRASIL LTDA., autodenominadas "Núcleo Subway", em 11/3/24 e distribuída por dependência aos autos 1153819-28.2023.8.26.0100.

A documentação existente nos autos evidencia os requisitos dos arts. 48 e 51 da Lei 11.101/05.

Do laudo não constam indícios contundentes de utilização fraudulenta da RJ e a legislação veda expressamente o indeferimento baseado em análise da viabilidade econômica do devedor.

Posto isso, estando em termos a documentação, **DEFIRO** o processamento da recuperação judicial das requerentes, nos termos do art. 52, e:

1) nomeio **LASPRO CONSULTORES LTDA**, CNPJ 22.223.371/0001-75, representada por Oreste Nestor Souza Laspro, OAB/SP 98.628, para os fins do art. 22, I e II, que juntará nestes autos o termo de compromisso, autorizada a intimação via e-mail institucional.

1.1) Deve o administrador judicial informar o juízo a situação da empresa em 10 dias, para fins do art. 22, II, "a" (primeira parte) e "c", da Lei n. 11.101/05.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

1.2) Caso seja necessário a contratação de auxiliares (contador, advogados etc.) deverá apresentar o contrato, no prazo de 10 dias.

1.3) Caberá ao administrador judicial fiscalizar a regularidade do processo e o cumprimento dos prazos pela recuperanda.

1.4) No mesmo prazo assinalado no item 1.1, deverá apresentar proposta de honorários. Fixo a remuneração pelo laudo de constatação prévia em R$15.000,00 e assino às requerentes cinco dias para comprovação do pagamento.

1.5) Quanto aos relatórios mensais, que não se confundem com o relatório determinado no item 1.1, supra, deverá o administrador judicial protocolar o primeiro relatório como incidente à recuperação judicial, evitando sua juntada nos autos principais, sendo que os relatórios mensais subsequentes deverão ser, sempre, direcionados ao incidente já instaurado.

2) Em relação às Juntas Comerciais da(s) respectiva(s) sede(s) da(s) recuperanda(s), deverá(ão) ela(s) providenciar a competente comunicação ao(s) aludido(s) órgão(s), na qual conste, além da alteração do nome com a expressão "em Recuperação Judicial", a data do deferimento do processamento e os dados do administrador judicial nomeado, comprovando, nos autos, o encaminhamento da comunicação no prazo de 15 dias.

3) Determino, nos termos do art. 52, III, da Lei 11.101/2005, "a suspensão de todas as ações ou execuções contra os devedores", na forma do art. 6º, devendo permanecer "os respectivos autos no juízo onde se processam, ressalvadas as ações previstas nos §§ 1º, 2º e 7º do art. 6º dessa Lei e as relativas a créditos excetuados na forma dos §§ 3º e 4º do art. 49 dessa mesma Lei", providenciando a devedora as comunicações competentes (art. 52, § 3º).

Reitero a decisão exarada nos autos 1153819-28.2023.8.26.0100 no que se refere às constrições patrimoniais contra as recuperandas.

4) Determino, nos termos do art. 52, IV, da Lei 11.101/2005, às devedoras a "apresentação de contas demonstrativas mensais enquanto perdurar a recuperação judicial, sob pena de destituição de seus administradores", sendo que o primeiro demonstrativo mensal deverá ser protocolado como incidente à recuperação judicial, ao passo que não



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

deverão ser juntados nos autos principais, sendo que os demonstrativos mensais subsequentes deverão ser, sempre, direcionados ao incidente já instaurado.

5) Deverá a recuperanda providenciar a expedição de comunicação, por carta, às Fazendas Públicas Federal e de todos os Estados e Municípios em que a devedora tiver estabelecimentos e filiais (LRF, art. 52, V), na qual deverá constar o conteúdo desta decisão ou cópia desta, providenciando, outrossim, o seu encaminhamento.

6) O prazo para habilitações ou divergências aos créditos relacionados (pela devedora) é de 15 (quinze) dias a contar da publicação do respectivo edital (LRF, art. 7º, § 1º).

Considerando que a recuperanda apresentou minuta da relação de credores elencada na inicial, nos moldes do artigo 41 da Lei n. 11.101/05 deverá a minuta da relação de credores ser entregue, no formato *word,* para a serventia complementar a referida minuta com os termos desta decisão, bem com intimar a recuperanda, por telefone ou e-mail institucional, certificando-se nos autos, para que proceda ao recolhimento do valor das despesas de publicação do edital no Diário Oficial Eletrônico do Tribunal de Justiça de São Paulo, de acordo com o número de caracteres, no prazo de 24 horas, sob pena de revogação.

Dessa maneira, expeça-se o edital a que se refere o art. 52, § 1º, da Lei 11.101/2005, onde, para conhecimento de todos os interessados, deverá constar, também, o passivo fiscal, com advertência dos prazos dos arts. 7º, § 1º e 55.

7) Eventuais habilitações ou divergências quanto aos créditos relacionados pela devedora (art. 7º, § 1º), que são dirigidas ao administrador judicial, deverão ser digitalizadas e encaminhadas diretamente ao administrador judicial, SOMENTE através do e-mail a ser informado no edital a ser publicado, conforme item 6, supra.

Observo, nesse tópico, em especial quanto aos créditos trabalhistas, que para eventual divergência ou habilitação é necessário que exista sentença trabalhista líquida e exigível (com trânsito em julgado), competindo ao MM. Juiz do Trabalho eventual fixação do valor a ser reservado.

7.1) Deverá o administrador judicial, quando da apresentação da relação prevista no art. 7º, § 2º, da Lei 11.101/2005, também providenciar à serventia judicial,



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

minuta do respectivo edital, em mídia e em formato de texto, para sua regular publicação na Imprensa Oficial. Segundo observações constantes no item 8 desta decisão, o administrador judicial deverá apurar lista individualizada de credores de cada uma das sociedades componentes do grupo em recuperação judicial, tendo em vista o litisconsórcio ativo presente nesta demanda.

8) O plano de recuperação judicial deve ser apresentado no prazo de 60 dias, na forma do art. 53, sob pena de convolação da recuperação judicial em falência.

Com a apresentação do plano, expeça-se o edital contendo o aviso do art. 53, parágrafo único, da Lei n. 11.101/05, com prazo de 30 dias para as objeções, devendo a recuperanda providenciar, no ato da apresentação do plano, a minuta do edital, inclusive em meio eletrônico, bem como o recolhimento das custas para publicação.

9) Caso não publicada a lista de credores pelo administrador judicial, a legitimidade para apresentar tal objeção será daqueles que já constam do edital das devedoras e que tenham postulado a habilitação de crédito.

10) Publicada a relação de credores apresentada pelo administrador judicial (art. 7º, § 2º), devidamente individualizada para cada uma das sociedades litisconsortes, eventuais impugnações (art. 8º) e/ou habilitações retardatárias deverão ser interpostas pelo peticionamento eletrônico inicial, por dependência ao processo principal, nos termos do Comunicado n.º 219/2018, e não deverão ser juntados nos autos principais (art. 8º, parágrafo único).

Observo, neste tópico, que: (i) serão consideradas habilitações retardatárias aquelas que deixaram de observar o prazo legal previsto no art. 7º, § 1º, da Lei n. 11.101/05, as quais serão recebidas como impugnação e processadas na forma dos arts. 13 a 15 (da LRF), e estarão sujeitas ao recolhimento de custas, nos termos do art. 10, caput e § 5º, da Lei 11.101/05 e da Lei Estadual n. 15.760/15, que alterou o disposto no § 8º do art. 4º da Lei da Estadual n. 11.608/03; (ii) as impugnações que não observarem o prazo previsto no artigo 8º da Lei n. 11.101/05 também estarão sujeitas ao recolhimento de custas; e, (iii) caso as impugnações sejam apresentadas pela própria recuperanda deverão ser recolhidas as taxas para intimação postal do impugnado, fazendo constar em sua peça inicial o endereço completo do impugnado (logradouro, número (inclusive nº bloco e do apartamento, se



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

houver), bairro, CEP, cidade e estado), além do recolhimento das custas, caso não observado o prazo previsto no artigo 8º da Lei n. 11.101/05.

11) Intimem-se, inclusive o Ministério Público.

12) Será exigida a apresentação das certidões negativas previstas no art. 57.

13) o AJ deverá comunicar esta decisão ao órgão "ad quem", onde se encontra pendente recurso contra a decisão determinando ampliação do polo ativo em consolidação substancial (AI 2326628-16.2023.8.26.0000).

Intimem-se.

São Paulo, 30 de abril de 2024

DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006, CONFORME IMPRESSÃO À MARGEM DIREITA



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**
TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT16350                 BOOK No. 200                 PAGE No. 001

I, the undersigned Sworn Translator and Commercial Interpreter, hereby CERTIFY this is the description and faithful translation of a DOCUMENT written in Portuguese, which I translate as follows:

===============================================================================
sheets. [2301 to 2304]



**COURT OF APPEALS OF THE STATE OF SÃO PAULO**
JUDICIAL DISTRICT OF SÃO PAULO
CENTRAL CIVIL VENUE
1st BANKRUPTCY COURT
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Public Service Hours: from 01:00 p.m. to 05:00 p.m.**
**AWARD**

Digital Procedure: **1035517-06.2024.8.26.0100**

Class: **Court-supervised reorganization**

Plaintiffs: **Southrock Foods S.a. e outros**

Full Type of Main Defendant << Information unavailable >>: **Name of Main Defendant << Information not available >>**

Judge: Jomar Juarez Amorim

Having considered the matter.

Sheet 1861-1863: decision that determined prior check. Sheet 2032-2119: report.

This is a reorganization filed by SOUTHROCK FOODS S.A., SPORT PARTICIPAÇÕES S.A., SRN PARTICIPAÇÕES S.A., SRC 4 PARTICIPAÇÕES LTDA., SRC 5 PARTICIPAÇÕES LTDA., SUBWAY BRASIL PARTICIPAÇÕES S.A., SUBWAY DO BRASIL LTDA., SUBWAY STORES DO BRASIL LTDA., SUBWAY REALTY DO BRASIL LTDA., self-styled "Subway Center", on 03/11/24 and assigned by dependence on the record No. 1153819-28.2023.8.26.0100.

The documentation in the record evidences the requirements of Articles 48 and 51 of Law 11101/05.

The report does not contain strong evidence of fraudulent use of the Court-Supervised Reorganization and the legislation expressly prohibits the denial based on an analysis of the debtor's economic viability.

That said, being in terms of the documentation, I GRANT the processing of the court-supervised reorganization of the plaintiffs, pursuant to Article 52, and:

1) i appoint LASPRO CONSULTORES LTDA, CNPJ No. 22.223.371/0001-75, represented by Oreste Nestor Souza Laspro, OAB/SP No. 98.628, for the purposes of Article 22, I and II, which will add in this record the affirmation, authorizing the subpoena via institutional email.

1.1) The receiver must inform the court of the company's situation within 10 days, for the purposes of Article 22, II, "a" (first part) and "c," of Law 11101/05.

1.2) If it is necessary to hire assistants (accountant, lawyers, etc.), they should submit the contract within 10 days.

1.3) It will be up to the receiver to supervise the lawfulness of the process and compliance with the deadlines by the company being reorganized.

1.4) Within the same deadline set forth in item 1.1, it should submit a fee proposal. I set the compensation for the prior finding report at BRL 15,000.00 and assign to the plaintiffs five days to prove payment.

1.5) As for the monthly reports, which are not to be confused with the report set forth in item 1.1 above, the receiver should file the first report as an incident to the court-supervised reorganization, avoiding its insertion in the main record, and subsequent monthly reports should always be directed to the incident already initiated.



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**
TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT16350                    BOOK No. 200                    PAGE No. 002

2) In relation to the Registries of Commerce of the respective headquarters of the company(ies) being reorganized, they must arrange the relevant communication to the said bodies, which includes, in addition to the change of name with the phrase "under Court-Supervised Reorganization," the date of grant of the processing and the data of the appointed receiver, proving, in the record, the forwarding of the communication within 15 days.

3) I order, pursuant to Article 52, III, of Law 11101/2005, "the suspension of all actions or executions against debtors," pursuant to Article 6, and the respective records must remain in the court where they are processed, except for the actions provided for in Paragraphs 1, 2 and 7 of Article 6 of this Law and those relating to claims excepted pursuant to Paragraphs 3 and 4 of Article 49 of that same Law," with the debtor arranging the relevant communications (Article 52, Paragraph 3).

I reiterate the decision in case 1153819-28.2023.8.26.0100 with regard to asset freeze against the companies under reorganization.

4)        I order, pursuant to Article 52, IV, of Law 11101/2005, to the debtors the "presentation of monthly statement accounts while the court-supervised reorganization lasts, under penalty of removal of their receivers," and the first monthly statement should be filed as an incident to the court-supervised reorganization, while not

entered of the main record, and subsequent monthly statements should always be directed to the incident already initiated.

5)        The company being reorganized should arrange for the issuance of communication, by letter, to the Federal Public Tax Authorities and all States and Cities in which the debtor has establishments and branches (LRF, Article 52, V), which should include the content of this decision or a copy thereof, also arranging its forwarding.

6)        The deadline for proofs or divergences to the listed claims (by the debtor) is fifteen (15) days from the publication of the respective notice (LRF, Article 7, Paragraph 1).

Considering that the company under reorganization presented a draft of the list of creditors listed in the complaint, in accordance with Article 41 of Law 11101/05, the draft of the list of creditors should be delivered, in word format, for the supplementary officer of said draft with the terms of this decision, as well as to summon the company under reorganization, by telephone or institutional email, attesting it in the record, to pay the amount of the expenses of publication of the notice in the Official Electronic Gazette of the Court of Appeals of São Paulo, according to the number of characters, within 24 hours, under penalty of revocation.

Thus, the notice referred to in Article 52, Paragraph 1, of Law 11101/2005, should be issued, which, for the knowledge of all interested parties, should also include the tax liability, with warning of the deadlines of Articles 7, Paragraphs 1 and 55.

7)        Possible proofs or divergences regarding the claims listed by the debtor (Article 7, Paragraph 1), which are addressed to the receiver, should be scanned and sent directly to the receiver, ONLY through the email to be stated in the notice to be published, according to item 6 above.

It is important to note, in this topic, especially regarding labor claims, that for any divergence or proof, a net and enforceable employment action judgment (with a final and unappealable decision), is necessary, with the Labor Court being responsible for setting any amount to be reserved.

7.1)        The receiver should, when submitting the list provided for in Article 7, Paragraph 2, of Law 11101/2005, also provide the notary public, draft of the respective notice, in media and in text format, for its regular publication in the Official Gazette. According to the notes contained in item 8 of this award, the receiver should make an individual list of creditors of each of the group's companies being reorganized, in view of the joinder of plaintiffs in this lawsuit.

8)        The court-supervised reorganization plan should be submitted within 60 days, pursuant to Article 53, under penalty of conversion of the court-supervised reorganization into bankruptcy.

With the presentation of the plan, the notice stating the note of Article 53, Sole Paragraph, of Law 11101/05, should be issued, with a period of 30 days for objections, with the company being reorganized being in charge of arranging, at the time of



**R E P Ú B L I C A   F E D E R A T I V A   D O   B R A S I L**
*F E D E R A T I V E   R E P U B L I C   O F   B R A Z I L*
**A N T O N I O   D A R I   A N T U N E S   Z H B A N O V A**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/*Language*: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT16350             BOOK No. 200                    PAGE No. 003

submission of the plan, the draft of the notice, including electronically, as well as the payment of costs for publication.

9)      If the list of creditors is not published by the receiver, the legitimacy to present such an objection will be of those that are already included in the debtors' notice and that have claimed the proof of claim.

10)     Upon publication of the list of creditors presented by the receiver (Article 7, Paragraph 2), duly itemizing each of the companies which are parties to the procedure, any challenges (Article 8) and/or late proofs should be filed by the initial electronic petition, considering the judge presiding over the main procedure, pursuant to Communication No. 219/2018, and should not be entered of the main record (Article 8, sole paragraph).

I observe, on this topic that: (i) late proofs will be those that fail to comply with the legal term provided for in Article 7, Paragraph 1, of Law 11101/05, which will be received as a challenge and processed in accordance with Articles 13 to 15 (of LRF), and will be subject to the payment of costs, under the terms of Article 10, head provision, and Paragraph 5, of Law 11101/05, and State Law 15760/15, which amended the provisions of Paragraph 8 of Article 4 of State Law 11.608/03; (ii) challenges that do not comply with the period provided for in Article 8 of Law 11101/05 will also be subject to the payment of costs; and, (iii) if the challenges are filed by the company being reorganized, the fees for postal notice of the challenged party should be paid, stating in its complaint the full address of the challenged party (street, number (including block and apartment number, if neighborhood, Zip Code, city and state), in addition to the payment of costs, if the period provided for in Article 8 of Law 11101/05 is not observed.

11)     Issuance of notification is hereby ordered, including the Public Prosecution Office.

12)     The presentation of the clearance certificates provided for in Article 57 will be demanded.

13)     AJ must communicate this decision to the higher body, where an appeal against the decision ordering the expansion of number of plaintiffs in substantial consolidation is pending (AI No. 2326628-16.2023.8.26.0000).

Notification is hereby ordered.

São Paulo, April 30, 2024

**DOCUMENT DIGITALLY SIGNED IN ACCORDANCE WITH LAW 11419/2006, AS PRINTED ON THE RIGHT MARGIN**

=================================================================================
Nothing else was contained in said original, which I return with this faithful translation. In witness whereof, I have hereunto set my hand and seal of office. May 31, 2024.

Emoluments according to the law.





This document was digitally signed by ANTONIO DARI ANTUNES ZHBANOVA.
To verify the signature access the link below.
https://www.qrassinaturas.com.br/CheckPadesRest?c=XL5P-GHZ3-Y4KQ-2332



**Exhibit C**



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

| DECISÃO |
|---|

Processo Digital: **1035517-06.2024.8.26.0100**
Classe: **Recuperação Judicial**
Requerentes: **Southrock Foods S.a. e outros**

Juiz de Direito Jomar Juarez Amorim

A decisão de fls. 1861-1863 admitiu a consolidação processual com as requerentes dos autos 1153819-28.2023.8.26.0100.

O processamento desta RJ foi deferido em 30/4/24 (fls. 2227-2231).

As requerentes opuseram embargos de declaração (fls. 2237-2240) apontando omissão no tocante à consolidação substancial com as 22 sociedades do grupo SouthRock.

O laudo de constatação prévia foi favorável à admissão das 9 requerentes em consolidação processual e substancial (fls. 2115-2116).

Por sua vez, a Lei 11.101/05 preceitua:

> Art. 69-G. Os devedores que atendam aos requisitos previstos nesta Lei e que integrem grupo sob controle societário comum poderão requerer recuperação judicial sob consolidação processual.
>
> (...)
>
> Art. 69-I. A consolidação processual, prevista no art. 69-G desta Lei, acarreta a coordenação de atos processuais, garantida a independência dos devedores, dos seus ativos e dos seus passivos.
>
> § 1º Os devedores proporão meios de recuperação independentes e específicos para a composição de seus passivos, admitida a sua apresentação em plano único.
>
> § 2º Os credores de cada devedor deliberarão em assembleias-gerais de credores independentes.
>
> § 3º Os quóruns de instalação e de deliberação das assembleias-gerais de que trata o § 2º deste artigo serão verificados, exclusivamente, em referência aos

Este documento é cópia do original, assinado digitalmente por JOMAR JUAREZ AMORIM, liberado nos autos em 10/05/2024 às 15:37 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1035517-06.2024.8.26.0100 e código J5rl8V29.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

credores de cada devedor, e serão elaboradas atas para cada um dos devedores.

§ 4º A consolidação processual não impede que alguns devedores obtenham a concessão da recuperação judicial e outros tenham a falência decretada.

§ 5º Na hipótese prevista no § 4º deste artigo, o processo será desmembrado em tantos processos quantos forem necessários.

Art. 69-J. O juiz poderá, de forma excepcional, independentemente da realização de assembleia-geral, autorizar a consolidação substancial de ativos e passivos dos devedores integrantes do mesmo grupo econômico que estejam em recuperação judicial sob consolidação processual, apenas quando constatar a interconexão e a confusão entre ativos ou passivos dos devedores, de modo que não seja possível identificar a sua titularidade sem excessivo dispêndio de tempo ou de recursos, cumulativamente com a ocorrência de, no mínimo, 2 (duas) das seguintes hipóteses:

I - existência de garantias cruzadas;

II - relação de controle ou de dependência;

III - identidade total ou parcial do quadro societário; e

IV - atuação conjunta no mercado entre os postulantes.

Art. 69-K. Em decorrência da consolidação substancial, ativos e passivos de devedores serão tratados como se pertencessem a um único devedor.

§ 1º A consolidação substancial acarretará a extinção imediata de garantias fidejussórias e de créditos detidos por um devedor em face de outro.

§ 2º A consolidação substancial não impactará a garantia real de nenhum credor, exceto mediante aprovação expressa do titular.

No caso, o AJ suscitou hipótese de caixa único e confusão patrimonial entre as integrantes do Grupo SouthRock e "intrínseca relação de dependência econômica".

Os elementos e informações disponíveis indicam mais que mera organização da atividade empresarial em diversas pessoas jurídicas, como instrumento de alocação e segregação de riscos (CC, art. 49-A, parágrafo único), e mediante controle controle e coordenação comuns. O art. 69-J da LFRE, como ensina Fábio Ulhoa Coelho, não deve receber exegese literal:

Este documento é cópia do original, assinado digitalmente por JOMAR JUAREZ AMORIM, liberado nos autos em 10/05/2024 às 15:37 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1035517-06.2024.8.26.0100 e código j5rl8V29.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

"O art. 69-J é um despropósito quando interpretado literalmente. No fundo, revela o completo desconhecimento do legislador de 2020 acerca da realidade dos grupos. Ninguém constitui um grupo de sociedades, de fato ou de direito, senão para desfrutar dos ganhos de sinergia. Sempre haverá, no grupo, as garantias cruzadas, relação de controle ou dependência e a identidade, ainda que parcial, de sócios referidas nos incisos I a III. A única característica que pode, ou não, se verificar num determinado grupo é a atuação conjunta no mercado, a que se refere o inciso IV.

Economistas e administradores de empresa olhariam para nós, da área jurídica, com enorme estranheza, se disséssemos que, uma vez presentes duas das quatro hipóteses listadas, o juiz pode determinar a consolidação contra a vontade de devedor e credores. Eles se perguntariam 'em que planeta vivem esses senhores?' Afinal, simplesmente não existem grupos de sociedades sem as primeiras três das quatro características listadas pelo legislador de 2020.

Com ênfase, bastando a presença de dois dos quatro pressupostos, a interpretação literal do art.69-J leva inexoravelmente à aplicação do dispositivo a toda e qualquer hipótese de consolidação processual. E, assim, configurar-se-ia uma antinomia, em face do art. 69-I, que disciplina exatamente a hipótese de consolidação processual sem consolidação substancial.

Como superar a antinomia, a que nos levou a falta de apuro técnico da Reforma de 2020? A resposta está na interpretação sistemática do art. 69-J com o art. 50 do CDC.

É hora de se entender, definitivamente, que *nem todas as hipóteses de ineficácia da autonomia patrimonial* é uma sanção jurídica, destinada a coibir um ilícito.

Há, de um lado, a ineficácia-sanção, que corresponde à desconsideração da personalidade jurídica, abrigada no art. 50 do CC. Ela, sim, representa a coibição de um ilícito (abuso de direito na confusão patrimonial e no desvio de finalidade).

Há, contudo, de outro lado, a ineficácia-simples, que tem lugar num quadro de generalizada e ampla licitude.

(...)

A ineficácia da autonomia patrimonial das sociedades de um grupo abrangidas na consolidação substancial não é uma ineficácia-sanção; é, ao contrário, uma ineficácia-simples, algo que se justifica apenas por representar a melhor maneira econômica de superação da *crise do grupo de sociedades*. (*Comentários à Lei de Falências e de Recuperação de Empresas*, 15ª edição, São Paulo: Thomson Reuters Brasil, 2021, p. 281).

Posto isso, autorizo a consolidação substancial dos ativos e passivos das requerentes SOUTHROCK FOODS S.A., SPORT PARTICIPAÇÕES S.A., SR N PARTICIPAÇÕES S.A., SRC 4 PARTICIPAÇÕES LTDA., SRC 5 PARTICIPAÇÕES LTDA., SUBWAY BRASIL PARTICIPAÇÕES S.A., SUBWAY DO BRASIL LTDA.,

Este documento é cópia do original, assinado digitalmente por JOMAR JUAREZ AMORIM, liberado nos autos em 10/05/2024 às 15:37.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1035517-06.2024.8.26.0100 e código j5rI8V29.

fls. 2304



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

SUBWAY STORES DO BRASIL LTDA. e SUBWAY REALTY DO BRASIL LTDA.
("Núcleo Subway") com as demais recuperandas dos autos 1153819-28.2023.8.26.0100, na
forma dos arts. 69-K a 69-L da Lei 11.101/05. O atos subsequentes e o plano unitário
deverão ser praticados nos autos 1153819-28.2023.8.26.0100, onde se decidirá sobre o
calendário processual.

   Int.

   São Paulo, 10 de maio de 2024

DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006, CONFORME IMPRESSÃO À MARGEM DIREITA

Este documento é cópia do original, assinado digitalmente por JOMAR JUAREZ AMORIM, liberado nos autos em 10/05/2024 às 15:37 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1035517-06.2024.8.26.0100 e código j5rl8V29.



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
• Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11 9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT16349          BOOK No. 200          PAGE No. 001

I, the undersigned Sworn Translator and Commercial Interpreter, hereby CERTIFY this is the description and faithful translation of a DOCUMENT written in Portuguese, which I translate as follows:

========================================================================

sheets. [2301 to 2304]



**COURT OF APPEALS OF THE STATE OF SÃO PAULO**
JUDICIAL DISTRICT OF SÃO PAULO
CENTRAL CIVIL VENUE
1st BANKRUPTCY COURT
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Public Service Hours: from 01:00 p.m. to 05:00 p.m.**

**AWARD**

Digital Procedure: **1035517-06.2024.8.26.0100**
Class: **Court-supervised reorganization**
Plaintiffs: **Southrock Foods S.a. e outros**
Judge Jomar Juarez Amorim
Decision on sheet 1861-1863 admitted the procedural consolidation with the plaintiffs of the record No. 1153819-28.2023.8.26.0100.
The processing of this Court-Supervised Reorganization was granted on April 30, 2024 (sheet 2227-2231).

      The plaintiffs filed motion for clarification (sheet 2237-2240) pointing out omission regarding the substantial consolidation with the 22 companies of the SouthRock group.

      The prior finding report was favorable to the admission of the 9 plaintiffs in procedural and substantial consolidation (sheets 2115-2116).

      In turn, Law 11.101/05 provides:

Article 69-G. Debtors that meet the requirements set forth in this Law and that are part of a group under common controlling interest may file for court-supervised reorganization under procedural consolidation.
(...)
Article 69-I. The procedural consolidation, provided for in Article 69-G of this Law, entails the coordination of procedural acts, ensuring the independence of debtors, their assets and liabilities.
Paragraph 1. The debtors shall propose independent and specific means of recovery for the settlement of their liabilities, allowing their presentation in a single plan.
Paragraph 2. The creditors of each debtor shall resolve at general meetings of independent creditors.
Paragraph 3. The quorums for the opening and resolution of the general meetings referred to in Paragraph 2 of this article shall be checked exclusively in reference to the creditors of each debtor, and minutes will be drawn up for each of the debtors.
Paragraph 4. The procedural consolidation does not prevent some debtors from obtaining the granting of the court-supervised reorganization and others from having the bankruptcy adjudicated.
Paragraph 5. In the event provided for in Paragraph 4 of this Article, the process shall be severed into as many processes as necessary.



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**
TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT16349                BOOK No. 200                PAGE No. 002

Article 69-J. The judge may, exceptionally, regardless of the holding of a general meeting, authorize the substantial consolidation of assets and liabilities of debtors belonging to the same business group that are under court-supervised reorganization under procedural consolidation, only when they find the interconnection and confusion between assets or liabilities of the debtors, so that it is not possible to identify their ownership without excess expenditure of time or funds, cumulatively with the occurrence of at least two (2) of the following hypotheses:

I - existence of cross-guarantees;

II - control or dependency relationship;

III - total or partial identity of the corporate structure; and

IV - joint action in the market between the plaintiffs.

Article 69-K. As a result of substantial consolidation, debtor's assets and liabilities will be treated as if they belonged to a single debtor.

Paragraph 1. Substantial consolidation will result in the immediate cancellation of personal guarantees and credits held by one debtor against another.

Paragraph 2 Substantial consolidation will not impact the security interest of any creditor, except with the express approval of the holder.

In this case, the AJ raised a single cash hypothesis and equity confusion between the members of the SouthRock Group and the "intrinsic relationship of economic dependence."

The elements and information available imply more than mere organization of business activity in various legal entities, as an instrument of allocation and segregation of risks (Civil Code, Article 49-A, sole paragraph), and through common control and coordination. Article 69-J of LFRE, as Fábio Ulhoa Coelho avers, should not receive literal exegesis:

"Article 69-J is a nonsense when interpreted literally. Basically, it reveals the 2020 legislator's complete lack of knowledge about the reality of the groups. No one constitutes a group of companies, in fact or in law, except to enjoy the gains of synergy., There will always be, in the group, the cross guarantees, control or dependency relationship and the identity, even if partial, of partners referred to in items I to III. The only characteristic that may or may not occur in a given group is the joint action in the market, referred to in item IV.

Economists and company managers would look at us, in the legal area, with great strangeness, if we said that, once two of the four hypotheses listed are present, the judge can determine the consolidation against the will of the debtor and creditors. They would wonder 'what planet do these gentlemen live on?' After all, there are simply no groups of companies without the first three of the four characteristics listed by the 2020 legislator.

Importantly, given the presence of two of the four assumptions, the literal interpretation of article 69-J inevitably leads to the application of the provision to any and all hypotheses of procedural consolidation. And, thus, an antinomy would be in place, in view of Article 69-I, which exactly regulates the hypothesis of procedural consolidation without substantial consolidation.

How to overcome the antinomy, which led us to the lack of technical difficulty of the 2020 Reform? The answer lies in the systematic interpretation of Article 69-J with Article 50 of CDC.

It is time to understand, definitively, that not all hypotheses of ineffectiveness of asset autonomy is a legal sanction, intended to curb a tort.

There is, on the one hand, ineffectiveness penalty, which corresponds to the piercing of the legal personality, established in Article 50 of CC. It does represent the prohibition of a tort (abuse of rights in asset confusion and misuse of purpose).



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua  Princesa  Isabel  nº  206  -  Aloisio  Pinto  -  Garanhuns  (PE)  CEP :  55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

| TRANSLATION No. OT16349 | BOOK No. 200 | PAGE No. 003 |
|---|---|---|

There is, however, on the other hand, the simple ineffectiveness, which takes place in a framework of widespread and broad lawfulness.

(...)

The ineffectiveness of the asset autonomy of the companies of a group covered in the substantial consolidation is not an ineffectiveness penalty; it is, on the contrary, a simple ineffectiveness, something that is justified only because it represents the best economic way to overcome the crisis of the group of companies. (Comentários à Lei de Falências e de Recuperação de Empresas, 15ª edição, São Paulo: Thomson Reuters Brasil, 2021, p. 281).

That said, I authorize the substantial consolidation of the assets and liabilities of the plaintiffs SOUTHROCK FOODS S.A., SPORT PARTICIPAÇÕES S.A., SR N PARTICIPAÇÕES S.A., SRC 4 PARTICIPAÇÕES LTDA., SRC 5 PARTICIPAÇÕES LTDA., SUBWAY BRASIL PARTICIPAÇÕES S.A., SUBWAY DO BRASIL LTDA., SUBWAY STORES DO BRASIL LTDA. and SUBWAY REALTY DO BRASIL LTDA. ("Subway Nucleus") with the other companies under reorganization of the record No. 1153819-28.2023.8.26.0100, pursuant to Article 69-K to 69-L of Law 11101/05. The subsequent acts and the unit plan should be practiced in the record No. 1153819-28.2023.8.26.0100, where the procedural schedule will be decided.

São Paulo, May 10, 2024

**DOCUMENT DIGITALLY SIGNED IN ACCORDANCE WITH LAW 11419/2006, AS PRINTED ON THE RIGHT MARGIN**

This document is a copy of the original, digitally signed by JOMAR JUAREZ AMORIM, released of record on 05/10/2024 at 03:37 p.m.

To check the original, please access website https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter case 1035517-06.2024.8.26.0100 and code j5rI8VZ9.

===============================================================================

Nothing else was contained in said original, which I return with this faithful translation. In witness whereof, I have hereunto set my hand and seal of office. May 31, 2024.

Emoluments according to the law.





This document was digitally signed by ANTONIO DARI ANTUNES ZHBANOVA.
To verify the signature access the link below.
https://www.qrassinaturas.com.br/CheckPadesRest?c=98BL-UK3R-3KK7-QBFN



**Exhibit D**

AMERICANA FRANQUIA S.A. – Em recuperação judicial
CNPJ/MF: 11.082.874/0001-51
NIRE: 35.300.518.802

AMERICANA FRANQUIA S.A. – Em recuperação judicial
CNPJ/MF: 11.082.874/0001-51
NIRE: 35.300.518.802

**ATA DA REUNIÃO DE DIRETORIA REALIZADA EM 07 DE JUNHO DE 2024**

**MINUTES OF THE MEETING OF BOARD OF DIRECTORS, HELD ON JUNE 07, 2024.**

I. **DATA E LOCAL**: Em 07 de junho de 2024, às 11 horas, na sede social da Companhia, localizada na Cidade de São Paulo (RJ), na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100.

I. **DATE, TIME AND PLACE:** on June 07, 2024, at 11 a.m., at the Company's headquarters, located in the City of São Paulo (SP), at Avenida Paulista, 1294, 14º andar, Bela Vista, CEP: 01310-100.

II. **CONVOCAÇÃO E PRESENÇA**: Presente a totalidade dos membros da Diretoria, a saber: (i) Antonio Jose Rocheta Neves; (ii) Fabio David Rohr;

II. **QUORUM AND ATTENDANCE:** All of the Board of Officers Members were present, namely: (i) Antonio Jose Rocheta Neves; (ii) Fabio David Rohr;

III. **MESA:** Presidente da Mesa: Fabio David Rohr Secretário: Christiane Bello Moyano.

III. **BOARD**: Fabio David Rohr, Secretary: Christiane Bello Moyano.

IV. **ORDEM DO DIA:** Em decorrência do ajuizamento do pedido de recuperação judicial pela Companhia, conforme aprovado na assembleia geral realizada na data de 12 de outubro de 2023 ("Recuperação Judicial"), deliberar acerca da outorga de procuração pela Companhia ao Sr. Fabio David Rohr para representar a Companhia nos Estados Unidos da América e atuar como representante Da Recuperação Judicial naquela jurisdição.

IV. **AGENDA**: As a result of the Company's filing for judicial reorganization, as approved in the shareholders meeting occurred on the date of October 12, 2023 ("Reorganization Proceeding"), resolve on the granting of a power of attorney by the Company to Mr. Fabio David Rohr to represent the Company in the United States of America, and act in that jurisdiction as the representative of the Company in the Judicial Reorganization Proceeding.

V. **DELIBERAÇÕES**: Após exame e discussão da matéria da Ordem do Dia, considerando o cenário da Recuperação Judicial no Brasil, os Diretores aprovaram, por unanimidade, a nomeação e a outorga de procuração pela Companhia, ao Sr. **Fabio David Rohr**, brasileiro, casado, administrador de empresas, inscrito no CPF/MF sob o nº ███, residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 ("Representante Estrangeiro"), com poderes para representar a Companhia nos Estados Unidos da América e atuar como representante no Processo de Recuperação Judicial nos Estados Unidos, incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos. O Representante Estrangeiro, por meio da procuração, poderá atuar como agente da Companhia na *(a)* representação dos Processo de Recuperação Judicial nos Estados Unidos, incluindo para iniciar, se e quando necessário, qualquer qualquer processo auxiliar ou de reconhecimento em suporte ao

V. **DELIBERATIONS:** After examining and discussing the matter of the Agenda, due to the scenario of the Reorganization Proceeding in Brazil, the Officers have unanimously approved and the Company's appointment of and granting of a power of attorney to Mr. **Fabio David Rohr**, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ███, resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (the "Foreign Representative"), with powers to represent the Company in the United States of America, and act in that country as the representative of the Company in the Judicial Reorganization Proceeding in the United States, including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15. The Foreign Representative, throughout the Power of Attorney, will be authorized to act as the Company's agent (a) representing the Judicial Reorganization Proceeding in the United States, including to

Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da Companhia (conforme permitido pela lei aplicável) que o Representante Estrangeiro considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e *(b)* prática de todos os atos necessários para o fiel cumprimento do mandato.

commence, if and when needed, any supporting proceeding to assist or recognize the Judicial Proceeding ("Supporting Proceeding") and take any and all actions on behalf of the Company (to the extent allowed under applicable law) that the Foreign Representative deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding and (b) performing all acts necessary for the faithful execution of the Power of Attorney.

VI. **ENCERRAMENTO:** Nada mais a tratar, foi encerrada a presente reunião e lavrada a presente ata que, depois de lida e achada conforme, foi assinada pelos presentes.

VI. **CLOSING:** Nothing further to discuss, the present meeting was adjourned and the present minutes were drawn up, which, after being read and found to be in conformity, were signed by those present.

VII. **ASSINATURAS**: Mesa: Fabio David Rohr, Presidente; Christiane Bello Moyano, Secretária; Diretores Presentes: (i) Antonio Jose Rocheta Neves; (ii) Fabio David Rohr;

VII. **SIGNATURES:** Board: Fabio David Rohr, Secretary; Christiane Bello Moyano, Secretary; (i) Antonio Jose Rocheta Neves; (ii) Fabio David Rohr.

**Mesa:**

_____
Presidente/President - Fabio David Rohr

_____
Secretário/Secretary - Christiane Bello Moyano

**Diretores presente/Directors present:**

_____
Antonio Jose Rocheta Neves

_____
Fabio David Rohr;

**PROCURACAO**

**POWER OF ATTORNEY**

Pelo presente instrumento particular AMERICANA FRANQUIA S.A. – Em recuperação judicial, companhia existente de acordo com as leis da República Federativa do Brasil, com sede na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100, inscrita perante o Cadastro Nacional de Pessoas Jurídicas do Ministério da Fazenda (CNPJ/MF) sob o n° 11.082.874/0001-51 (doravante designada "OUTORGANTE"), neste ato representada de acordo com o seu Estatuto Social, nomeia e constitui:

By this private instrument AMERICANA FRANQUIA S.A. – In judicial reorganization, a company existing in accordance with the laws of the Federative Republic of Brazil, with its registered office at Avenida Paulista, 1294, 14th floor, Bela Vista, CEP 01310-100, with the Taxpayers' Register of the Ministry of Finance (CNPJ/MF) under No. 11.082.874/0001-51 (hereinafter referred to as the "GRANTOR"), herein represented in accordance with its by-laws, does hereby constitute and appoint:

o Sr. Fabio David Rohr, brasileiro, casado, administrador de empresas, portador da cédula de identidade nº ▮▮▮▮▮▮, inscrito noCPF/MF sob o nº ▮▮ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 (doravante designado "OUTORGADO"). como seu representante legal, com poderes específicos para, em seu nome e benefício, obrigar e representar individualmente a OUTORGANTE nos Estados Unidos da América, com a finalidade de atuar naquele país como representante do processo de recuperação judicial ajuizado pela Companhia, nos termos da Lei No. 11.101/05 e outras leis aplicáveis ("Processo de Recuperação Judicial"), incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos; podendo o OUTORGADO atuar como agente da OUTORGANTE na (a) representação dos Processo de Recuperação Judicial nos Estados Unidos da América, incluindo para iniciar, se e quando necessário, qualquer processo auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da OUTORGANTE (conforme permitido pela lei aplicável) que o OUTORGADO considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e (b) praticar todos os atos necessários para o fiel cumprimento do presente mandato.

Mr. Fabio David Rohr, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ▮▮▮▮▮▮, resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (hereinafter referred to as the "ATTORNEY-IN- FACT"), as its <u>legal representative,</u> , with specific powers to individually bind and represent the GRANTOR in its name, place, and stead, in the United States of America, in orderto act in that country  as the representative of the GRANTOR's pending judicial reorganization proceeding pursuant to  Law No. 11.101/05 and other applicable laws (the "<u>Judicial Reorganization Proceeding</u>"), including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15; the ATTORNEY-IN-FACT being authorized to act as the GRANTOR's agent in *(a)* representing the Judicial Reorganization Proceeding in the United States of America, including to commence, if and when needed, any ancillary recognition or other proceeding in supportof the Judicial Reorganization Proceeding (a "<u>Supporting Foreign Proceeding</u>") and take any andall actions on behalf of the GRANTOR (to theextent allowed under applicable law) that the ATTORNEY-IN-FACT deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding, and *(b)* performing all acts necessary for the faithful execution of this Power of Attorney.

Todos os documentos assinados pelo OUTORGADO obedecerão aos limites estabelecidos no Estatuto Social da OUTORGANTE, sendo vedado o seu substabelecimento. O OUTORGADO deve, durante a vigência do presente mandato, conduzir seus atos de forma ética e em conformidade com os termos das leis anticorrupção brasileiras ou de quaisquer outras aplicáveis sobre o objeto do presente instrumento, em especial o Foreign Corrupt Practices Act - Act, 15 U.S.C. §§ 78dd-l e seguintes dos Estados Unidos da América ("FCPA") e a Lei brasileira n° 12.846/2013 e sua respectiva regulamentação ("Regras Anticorrupção") comprometendo-se o OUTORGADO a abster-se de

All the documents signed by the ATTORNEY-IN-FACT shall comply with the limits set forth in the Articles of Incorporation of the GRANTOR and the delegation of powers will not be allowed. During the term of this Power of Attorney, the ATTORNEY-IN-FACT shall act ethically and pursuant to the terms of the Brazilian anti- corruption laws or any other anti-corruption laws applicable to this Power of Attorney, especially theUnited States Foreign Corrupt Practices Act – Act 15 U.S.C. §§ 78dd-l et seq. ("<u>FCPA</u>") and the Brazilian Law No. 12,846/2013, and its respective regulations (the "<u>Anti-Corruption Rules</u>"), the

qualquer atividade que constitua urna violação das disposições dessas Regras Anticorrupção. O OUTORGADO não está autorizado pela OUTORGANTE a dar, oferecer, pagar prometer pagar ou autorizar o pagamento, direta ou indiretamente, de qualquer dinheiro ou qualquer coisa de valor a qualquer autoridade governamental, consultores, representantes, parceiros ou quaisquer terceiros, para a segurar qualquer vantagem indevida, ou direcionar negócios para qualquer pessoa em violação às Regras Anticorrupção. Qualquer descumprimento das Regras Anticorrupção pelo OUTORGADO, em qualquer um dos seus aspectos, ensejará a revogação motivada imediata do presente mandato, podendo a OUTORGANTE tomar as medidas administrativas e judiciais cabíveis contra o OUTORGADO.

São Paulo, 07 de junho de 2024

ATTORNEY-IN-FACT undertaking to refrain from any action that violates any provisions of such Anti-Corruption Rules. The ATTORNEY-IN- FACT is not authorized by the GRANTOR to give, offer, pay, promise to pay, or otherwise authorize the payment of, direct- or indirectly, any money or anything of value to any officer or employee of any government, consultants, agents, business partners, or third-parties for the purpose of securing any improper advantage for, or directing any business to, any person, in violation of the Anti-Corruption Rules. Any violation of the Anti-Corruption Rules by the ATTORNEY-IN-FACT, in any aspect, will give rise to the immediate revocation with cause of this Power of Attorney the GRANTOR being entitled to seek all administrative and judicial measures against the ATTORNEY-IN-FACT.

São Paulo, June, 07, 2024

---

**OUTORGANTE**
AMERICANA FRANQUIA S.A. – Em recuperação judicial

---

**GRANTOR**
AMERICANA FRANQUIA S.A. – In judicial reorganization



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 08:58:44



## ATA - Reunião Diretoria - outorga de Representante Estrangeiro Americana pdf
Código do documento db17297d-8e57-45c3-8bd8-79737baf1372



Anexo: Procuração - Representante Estrangeiro_Americana.pdf

## Assinaturas



ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886
Certificado Digital
antonio.neves@southrockcapital.com
Assinou como parte

FABIO DAVID ROHR:07357897893
Certificado Digital
fabio.rohr@southrockcapital.com
Assinou como parte

CHRISTIANE BELLO MOYANO
Certificado Digital
Christiane.bello@southrock.com.br
Assinou como Anuente

## Eventos do documento

**11 Jun 2024, 15:47:04**
Documento db17297d-8e57-45c3-8bd8-79737baf1372 **criado** por CHRISTIANE BELLO MOYANO
(ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:juridico@southrock.com.br. - DATE_ATOM:
2024-06-11T15:47:04-03:00

**11 Jun 2024, 15:48:24**
Assinaturas **iniciadas** por CHRISTIANE BELLO MOYANO (ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:
juridico@southrock.com.br. - DATE_ATOM: 2024-06-11T15:48:24-03:00

**11 Jun 2024, 15:58:03**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - FABIO DAVID ROHR:07357897893 **Assinou como**
**parte** Email: fabio.rohr@southrockcapital.com. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta:
13844). Dados do Certificado: C=BR,O=ICP-Brasil,OU=Secretaria da Receita Federal do Brasil -
RFB,OU=Autoridade Certificadora SERPRORFBv5,OU=A1,CN=FABIO DAVID ROHR:07357897893. - DATE_ATOM:
2024-06-11T15:58:03-03:00

**11 Jun 2024, 16:17:43**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - CHRISTIANE BELLO MOYANO **Assinou como Anuente**
Email: Christiane.bello@southrock.com.br. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta: 18276).
Dados do Certificado: C=BR,O=ICP-Brasil,OU=ORDEM DOS ADVOGADOS DO BRASIL CONSELHO FEDERAL,OU=AC
OAB G3,OU=A3,CN=CHRISTIANE BELLO MOYANO. - DATE_ATOM: 2024-06-11T16:17:43-03:00



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 08:58:44



**11 Jun 2024, 17:55:50**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - ANTONIO JOSE ROCHETA DE SOUSA
NEVES:21269058886 **Assinou como parte** Email: antonio.neves@southrockcapital.com. IP: 85.245.199.98
(bl12-199-98.dsl.telepac.pt porta: 22880). Dados do Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC
DIGITAL MULTIPLA G1,OU=A1,CN=ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886. - DATE_ATOM:
2024-06-11T17:55:50-03:00

Hash do documento original
(SHA256):cbb5463e9764b79b6276dd065959bb2e7350c0bb6c376f8a5b76c03e0bbb96e3
(SHA512):433fc01d0ffca5472b8bc3cffa9160e382095932ce8c94a54e6f63308751f0de262ee31968dc7a7c89e5ddff859ae72db9ad659046ff511d3b67cee0c82446d6

Hash dos documentos anexos
Nome:    Procuração - Representante Estrangeiro_Americana.pdf
(SHA256):41ec51162522847c00479b4c8a67863d1ea2a4b0bdd2d34722d93898cac094c2
(SHA512):98d739e06bfcfb2dd446297fa06cbfabf086cd11890c918f035c12fe47fc8b1264a962346c1ec4b8863a5e6e5aeaa30d92caf67e28a9651d5b5d2f34e915af7e

Esse log pertence **única** e **exclusivamente** aos documentos de HASH acima

**Esse documento está assinado e certificado pela D4Sign**

BRAZIL AIRPORT RESTAURANTES S.A. – Em recuperação judicial
CNPJ/ME Nº 24.691.566/0001-75
NIRE 35.300.490.941

BRAZIL AIRPORT RESTAURANTES S.A. – Em recuperação judicial
CNPJ/ME Nº 24.691.566/0001-75
NIRE 35.300.490.941

**ATA DA REUNIÃO DE DIRETORIA REALIZADA EM 07 DE JUNHO DE 2024**

**MINUTES OF THE MEETING OF BOARD OF DIRECTORS, HELD ON JUNE 07, 2024.**

I. **DATA, HORA E LOCAL**: Em 07 de junho de 2024, às 11 horas, na sede social da Companhia, localizada na Cidade de São Paulo (RJ), na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100.

**I. DATE, TIME AND PLACE:** on June 07, 2024, at 11 a.m., at the Company's headquarters, located in the City of São Paulo (SP), at Avenida Paulista, 1294, 14º andar, Bela Vista, CEP: 01310-100.

II. **CONVOCAÇÃO E PRESENÇA:** Presente a totalidade dos membros da Diretoria, a saber: (i) Kenneth Steven Pope; (ii)Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

II. **QUORUM AND ATTENDANCE:** All of the Board of Officers Members were present, namely: (i) Kenneth Steven Pope; (ii) Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

III. **MESA:** Presidente da Mesa: Kenneth Steven Pope, Secretário: Christiane Bello Moyano.

III. **BOARD**: Kenneth Steven Pope, Secretary: Christiane Bello Moyano.

IV. **ORDEM DO DIA:** Em decorrência do ajuizamento do pedido de recuperação judicial pela Companhia, conforme aprovado na assembleia geral realizada na data de 12 de outubro de 2023 ("Recuperação Judicial"), deliberar acerca da outorga de procuração pela Companhia ao Sr. Fabio David Rohr para representar a Companhia nos Estados Unidos da América e atuar como representante Da Recuperação Judicial naquela jurisdição.

IV. **AGENDA**: As a result of the Company's filing for judicial reorganization, as approved in the shareholders meeting occurred on the date of October 12, 2023 ("Reorganization Proceeding"), resolve on the granting of a power of attorney by the Company to Mr. Fabio David Rohr to represent the Company in the United States of America, and act in that jurisdiction as the representative of the Company in the Judicial Reorganization Proceeding.

V. **DELIBERAÇÕES**: Após exame e discussão da matéria da Ordem do Dia, considerando o cenário da Recuperação Judicial no Brasil, os Diretores aprovaram, por unanimidade, a nomeação e a outorga de procuração pela Companhia, ao Sr. **Fabio David Rohr**, brasileiro, casado, administrador de empresas, inscrito no CPF/MF sob o nº ▮▮▮▮▮ ▮ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 ("Representante Estrangeiro"), com poderes para representar a Companhia nos EstadosUnidos da América e atuar como representante no Processo de Recuperação Judicial nos Estados Unidos, incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capítulo 15 do título 11 do Código dos Estados Unidos. O Representante Estrangeiro, por meio da procuração, poderá atuar como agente da Companhia na *(a)* representação dos Processo de Recuperação Judicial nos Estados Unidos, incluindo para iniciar, se e quando necessário, qualquer qualquer processo

V. **DELIBERATIONS:** After examining and discussing the matter of the Agenda, due to the scenario of the Reorganization Proceeding in Brazil, the Officers have unanimously approved and the Company's appointment of and granting of a power of attorney to Mr. **Fabio David Rohr**, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ▮▮▮▮▮▮ resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (the "Foreign Representative"), with powers to represent the Company in the United States of America, and act in that country as the representative of the Company in the Judicial Reorganization Proceeding in the United States, including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15. The Foreign Representative, throughout the Power of Attorney, will be authorized to act as the Company's agent (a) representing the Judicial Reorganization

auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("<u>Processo Auxiliar</u>") e adotar quaisquer e todas as medidas em nome da Companhia (conforme permitido pela lei aplicável) que o Representante Estrangeiro considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e *(b)* prática de todos os atos necessários para o fiel cumprimento do mandato.

Proceeding in the United States, including to commence, if and when needed, any supporting proceeding to assist or recognize the Judicial Proceeding ("<u>Supporting Proceeding</u>") and take any and all actions on behalf of the Company (to the extent allowed under applicable law) that the Foreign Representative deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding and (b) performing all acts necessary for the faithful execution of the Power of Attorney.

VI. **ENCERRAMENTO:** Nada mais a tratar, foi encerrada a presente reunião e lavrada a presente ata que, depois de lida e achada conforme, foi assinada pelos presentes.

VI. **CLOSING:** Nothing further to discuss, the present meeting was adjourned and the present minutes were drawn up, which, after being read and found to be in conformity, were signed by those present.

VII.<u>**ASSINATURAS**</u>: Mesa: Kenneth Steven Pope, Presidente; Christiane Bello Moyano, Secretária; Diretores Presentes: (i) Kenneth Steven Pope; (ii)Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

VII.**SIGNATURES:** Board: Kenneth Steven Pope, Secretary; Christiane Bello Moyano, Secretary; Directors present: (i) Kenneth Steven Pope; (ii)Antonio Jose Rocheta Neves; (iii) Fabio David Rohr.

**Mesa:**

_____
Presidente/President - Kenneth Steven Pope

_____
Secretário/Secretary - Christiane Bello Moyano

**Diretores presente/Directors present:**

_____
Kenneth Steven Pope

_____
Antonio Jose Rocheta Neves

_____
Fabio David Rohr;

**PROCURACAO**

**POWER OF ATTORNEY**

Pelo presente instrumento particular BRAZIL AIRPORT RESTAURANTES S.A – Em recuperação judicial, companhia existente de acordo com as leis da República Federativa do Brasil, com sede na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100, inscrita perante o Cadastro Nacional de Pessoas Jurídicas do Ministério da Fazenda (CNPJ/MF) sob o nº 24.691.566/0001-75 (doravante designada "OUTORGANTE"), neste ato representada de acordo com o seu Estatuto Social, nomeia e constitui:

By this private instrument BRAZIL AIRPORT RESTAURANTES S.A. – In judicial reorganization, a company existing in accordance with the laws of the Federative Republic of Brazil, with its registered office at Avenida Paulista, 1294, 14th floor, Bela Vista, CEP 01310-100, with the Taxpayers' Register of the Ministry of Finance (CNPJ/MF) under No. 24.691.566/0001-75 (hereinafter referred to as the "GRANTOR"), herein represented in accordance with its by-laws, does hereby constitute and appoint:

o Sr. Fabio David Rohr, brasileiro, casado, administrador de empresas, portador da cédula de identidade nº ██████████, inscrito no CPF/MF sob o nº ██ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 (doravante designado "OUTORGADO"). como seu representante legal, com poderes específicos para, em seu nome e benefício, obrigar e representar individualmente a OUTORGANTE nos Estados Unidos da América, com a finalidade de atuar naquele país como representante do processo de recuperação judicial ajuizado pela Companhia, nos termos da Lei No. 11.101/05 e outras leis aplicáveis ("Processo de Recuperação Judicial"), incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capítulo 15 do título 11 do Código dos Estados Unidos; podendo o OUTORGADO atuar como agente da OUTORGANTE na (a) representação dos Processo de Recuperação Judicial nos Estados Unidos da América, incluindo para iniciar, se e quando necessário, qualquer processo auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da OUTORGANTE (conforme permitido pela lei aplicável) que o OUTORGADO considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e (b) praticar todos os atos necessários para o fiel cumprimento do presente mandato.

Mr. Fabio David Rohr, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ██████████ resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (hereinafter referred to as the "ATTORNEY-IN- FACT"), as its <u>legal representative,</u> , with specific powers to individually bind and represent the GRANTOR in its name, place, and stead, in the United States of America, in order to act in that country as the representative of the GRANTOR's pending judicial reorganization proceeding pursuant to Law No. 11.101/05 and other applicable laws (the "<u>Judicial Reorganization Proceeding</u>"), including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15; the ATTORNEY-IN-FACT being authorized to act as the GRANTOR's agent in *(a)* representing the Judicial Reorganization Proceeding in the United States of America, including to commence, if and when needed, any ancillary recognition or other proceeding in support of the Judicial Reorganization Proceeding (a "<u>Supporting Foreign Proceeding</u>") and take any and all actions on behalf of the GRANTOR (to the extent allowed under applicable law) that the ATTORNEY-IN-FACT deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding, and *(b)* performing all acts necessary for the faithful execution of this Power of Attorney.

Todos os documentos assinados pelo OUTORGADO obedecerão aos limites estabelecidos no Estatuto Social da OUTORGANTE, sendo vedado o seu substabelecimento. O OUTORGADO deve, durante a vigência do presente mandato, conduzir seus atos de forma ética e em conformidade com os termos das leis anticorrupção brasileiras ou de quaisquer outras aplicáveis sobre o objeto do presente instrumento, em especial o Foreign Corrupt Practices Act - Act, 15 U.S.C. §§ 78dd-l e seguintes dos Estados Unidos da América ("FCPA") e a Lei brasileira n° 12.846/2013 e sua respectiva regulamentação ("Regras Anticorrupção")

All the documents signed by the ATTORNEY-IN-FACT shall comply with the limits set forth in the Articles of Incorporation of the GRANTOR and the delegation of powers will not be allowed. During the term of this Power of Attorney, the ATTORNEY-IN-FACT shall act ethically and pursuant to the terms of the Brazilian anti- corruption laws or any other anti-corruption laws applicable to this Power of Attorney, especially the United States Foreign Corrupt Practices Act – Act 15 U.S.C. §§ 78dd-l et seq. ("<u>FCPA</u>") and the Brazilian Law No. 12,846/2013, and its respective regulations (the "<u>Anti-Corruption Rules</u>"), the

comprometendo-se o OUTORGADO a abster-se de qualquer atividade que constitua urna violação das disposições dessas Regras Anticorrupção. O OUTORGADO não está autorizado pela OUTORGANTE a dar, oferecer, pagar prometer pagar ou autorizar o pagamento, direta ou indiretamente, de qualquer dinheiro ou qualquer coisa de valor a qualquer autoridade governamental, consultores, representantes, parceiros ou quaisquer terceiros, para a segurar qualquer vantagem indevida, ou direcionar negócios para qualquer pessoa em violação às Regras Anticorrupção. Qualquer descumprimento das Regras Anticorrupção pelo OUTORGADO, em qualquer um dos seus aspectos, ensejará a revogação motivada imediata do presente mandato, podendo a OUTORGANTE tomar as medidas administrativas e judiciais cabíveis contra o OUTORGADO.

São Paulo, 07 de junho de 2024

ATTORNEY-IN-FACT undertaking to refrain from any action that violates any provisions of such Anti-Corruption Rules. The ATTORNEY-IN- FACT is not authorized by the GRANTOR to give, offer, pay, promise to pay, or otherwise authorize the payment of, direct- or indirectly, any money or anything of value to any officer or employee of any government, consultants, agents, business partners, or third-parties for the purpose of securing any improper advantage for, or directing any business to, any person, in violation of the Anti-Corruption Rules. Any violation of the Anti-Corruption Rules by the ATTORNEY-IN-FACT, in any aspect, will give rise to the immediate revocation with cause of this Power of Attorney the GRANTOR being entitled to seek all administrative and judicial measures against the ATTORNEY-IN-FACT.

São Paulo, June, 07, 2024

---

**OUTORGANTE**
BRAZIL AIRPORT RESTAURANTES S.A. – Em recuperação judicial

**GRANTOR**
BRAZIL AIRPORT RESTAURANTES S.A. – In judicial reorganization



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 08:57:20



ATA - Reunião Diretoria - outorga de Representante Estrangeiro
Brazil Airport pdf
Código do documento 2851d31c-e4b6-4c70-b3fc-7da6d5de14d8

Anexo: Procuração - Representante Estrangeiro_Brazil Airport.pdf



## Assinaturas

 
KENNETH STEVEN POPE:23348988802
Certificado Digital
ken.pope@southrockcapital.com
Assinou como parte

ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886
Certificado Digital
antonio.neves@southrockcapital.com
Assinou como parte

FABIO DAVID ROHR:07357897893
Certificado Digital
fabio.rohr@southrockcapital.com
Assinou como parte


CHRISTIANE BELLO MOYANO
Certificado Digital
Christiane.bello@southrock.com.br
Assinou como Anuente

## Eventos do documento

**11 Jun 2024, 15:48:48**
Documento 2851d31c-e4b6-4c70-b3fc-7da6d5de14d8 **criado** por CHRISTIANE BELLO MOYANO
(ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:juridico@southrock.com.br. - DATE_ATOM:
2024-06-11T15:48:48-03:00

**11 Jun 2024, 15:50:09**
Assinaturas **iniciadas** por CHRISTIANE BELLO MOYANO (ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:
juridico@southrock.com.br. - DATE_ATOM: 2024-06-11T15:50:09-03:00

**11 Jun 2024, 15:57:08**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - FABIO DAVID ROHR:07357897893 **Assinou como
parte** Email: fabio.rohr@southrockcapital.com. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta:
18274). Dados do Certificado: C=BR,O=ICP-Brasil,OU=Secretaria da Receita Federal do Brasil -
RFB,OU=Autoridade Certificadora SERPRORFBv5,OU=A1,CN=FABIO DAVID ROHR:07357897893. - DATE_ATOM:
2024-06-11T15:57:08-03:00

**11 Jun 2024, 16:17:18**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - CHRISTIANE BELLO MOYANO **Assinou como Anuente**



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 08:57:20



Email: Christiane.bello@southrock.com.br. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta: 18276).
Dados do Certificado: C=BR,O=ICP-Brasil,OU=ORDEM DOS ADVOGADOS DO BRASIL CONSELHO FEDERAL,OU=AC
OAB G3,OU=A3,CN=CHRISTIANE BELLO MOYANO. - DATE_ATOM: 2024-06-11T16:17:18-03:00

**11 Jun 2024, 16:26:46**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - KENNETH STEVEN POPE:23348988802 **Assinou como**
**parte** Email: ken.pope@southrockcapital.com. IP: 189.100.70.0 (bd644600.virtua.com.br porta: 25542). Dados do
Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC DIGITAL MULTIPLA G1,OU=A1,CN=KENNETH STEVEN
POPE:23348988802. - DATE_ATOM: 2024-06-11T16:26:46-03:00

**11 Jun 2024, 17:55:21**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - ANTONIO JOSE ROCHETA DE SOUSA
NEVES:21269058886 **Assinou como parte** Email: antonio.neves@southrockcapital.com. IP: 85.245.199.98
(bl12-199-98.dsl.telepac.pt porta: 26194). Dados do Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC
DIGITAL MULTIPLA G1,OU=A1,CN=ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886. - DATE_ATOM:
2024-06-11T17:55:21-03:00

Hash do documento original
(SHA256):0f0c096d711710b9e7363809638a65022140de7cdc059252f8224e34a332c231
(SHA512):acd819b93d687f5d49ec2452dd6714aec93cc54500c112e0a28c6bb1fb5e458b800d6cd1eaa6d3738ea98110524aba9d89e7af1e856f86ce4782f0e70e51b1f2

Hash dos documentos anexos
Nome:    Procuração - Representante Estrangeiro_Brazil Airport.pdf
(SHA256):cfdc7fb90d85a31dbce160020d5bd1f404ca34b38cf134bc5c74a765e1e5a08e
(SHA512):db831c3a7fdfa87e60ff546b8d7dfc497fb79db8f471ff786a8fe3b1d9101640ae393140f6c59625ec8c5ab3fb9607e71fc057cd256887f99698c17d092be009

Esse log pertence **única** e **exclusivamente** aos documentos de HASH acima

**Esse documento está assinado e certificado pela D4Sign**

HB PARTICIPAÇÕES S.A. – Em recuperação
judicial
CNPJ/ME Nº 27.137.921/0001-57
NIRE 35.300.501.349

HB PARTICIPAÇÕES S.A. – Em recuperação
judicial
CNPJ/ME Nº 27.137.921/0001-57
NIRE 35.300.501.349

**ATA DA REUNIÃO DE DIRETORIA REALIZADA EM  07 DE JUNHO DE 2024**

**MINUTES OF THE MEETING OF BOARD OF DIRECTORS, HELD ON JUNE 07, 2024**

I.  **DATA, HORA E LOCAL**: Em 07 de junho de 2024, às 11 horas, na sede social da Companhia, localizada na Cidade de São Paulo (RJ), na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100.

I.  **DATE, TIME AND PLACE:** on June 07, 2024, at 11 a.m., at the Company's headquarters, located in the City of São Paulo (SP), at Avenida Paulista, 1294, 14º andar, Bela Vista, CEP: 01310-100.

II. **CONVOCAÇÃO E PRESENÇA**: Presente a totalidade dos membros da Diretoria, a saber: (i) Kenneth Steven Pope; (ii)Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

II. **QUORUM AND ATTENDANCE:** All of the Board of Officers Members were present, namely: (i) Kenneth Steven Pope; (ii) Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

III.  **MESA:** Presidente da Mesa: Kenneth Steven Pope, Secretário: Christiane Bello Moyano.

III. **BOARD**: Kenneth Steven Pope, Secretary: Christiane Bello Moyano.

IV. **ORDEM DO DIA:** Em decorrência do ajuizamento do pedido de recuperação judicial pela Companhia, conforme aprovado na assembleia geral realizada na data de 12 de outubro de 2023 ("Recuperação Judicial"), deliberar acerca da outorga de procuração pela Companhia ao Sr. Fabio David Rohr para representar a Companhia nos Estados Unidos da América e atuar como representante Da Recuperação Judicial naquela jurisdição.

IV. **AGENDA**: As a result of the Company's filing for judicial reorganization, as approved in the shareholders meeting occurred on the date of October 12, 2023 ("Reorganization Proceeding"), resolve on the granting of a power of attorney by the Company to Mr. Fabio David Rohr to represent the Company in the United States of America, and act in that jurisdiction as the representative   of the  Company in the Judicial Reorganization Proceeding.

V.  **DELIBERAÇÕES**: Após exame e discussão da matéria da Ordem do Dia, considerando o cenário da Recuperação Judicial no Brasil, os Diretores aprovaram, por unanimidade, a nomeação e a outorga de procuração pela Companhia, ao Sr. **Fabio David Rohr**, brasileiro, casado, administrador de empresas, inscrito no CPF/MF sob o nº ▇▇▇ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP:  01229-010 ("Representante Estrangeiro"), com poderes para representar a Companhia nos EstadosUnidos da América e atuar como representante no Processo de Recuperação Judicial nos Estados Unidos, incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos. O Representante Estrangeiro, por meio da procuração, poderá atuar como agente da Companhia na *(a)* representação dos Processo de Recuperação Judicial nos Estados Unidos, incluindo para iniciar, se e quando necessário, qualquer qualquer processo auxiliar ou de reconhecimento em suporte ao

V. **DELIBERATIONS:** After examining and discussing the matter of the Agenda, due to the scenario of the Reorganization Proceeding in Brazil, the Officers have unanimously approved and the Company's appointment of and granting of a power of attorney to Mr. **Fabio David Rohr**, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No.▇▇▇▇, resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (the "Foreign Representative"), with powers to represent the Company in the United States of America, and act in that country as the representative of the  Company in the Judicial Reorganization Proceeding in the United States, including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15. The Foreign Representative, throughout the Power of Attorney, will be authorized to act as the Company's agent (a) representing the Judicial    Reorganization Proceeding in the United States, including to

Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da Companhia (conforme permitido pela lei aplicável) que o Representante Estrangeiro considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e *(b)* prática de todos os atos necessários para o fiel cumprimento do mandato.

**VI. ENCERRAMENTO:** Nada mais a tratar, foi encerrada a presente reunião e lavrada a presente ata que, depois de lida e achada conforme, foi assinada pelos presentes.
**e**

**VII. ASSINATURAS**: Mesa: Kenneth Steven Pope, Presidente; Christiane Bello Moyano, Secretária; Diretores Presentes: (i) Kenneth Steven Pope; (ii)Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

commence, if and when needed, any supporting proceeding to assist or recognize the Judicial Proceeding ("Supporting Proceeding") and take any and all actions on behalf of the Company (to the extent allowed under applicable law) that the Foreign Representative deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding and (b) performing all acts necessary for the faithful execution of the Power of Attorney.

**VI. CLOSING:** Nothing further to discuss, the present meeting was adjourned and the present minutes were drawn up, which, after being read and found to be in conformity, were signed by those present.

**VII.SIGNATURES:** Board: Kenneth Steven Pope, Secretary; Christiane Bello Moyano, Secretary; Directors present: (i) Kenneth Steven Pope; (ii)Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

**Mesa:**

_____
Presidente/President - Kenneth Steven Pope

_____
Secretário/Secretary - Christiane Bello Moyano

**Diretores presente/Directors present:**

_____
Kenneth Steven Pope

_____
Antonio Jose Rocheta Neves

_____
Fabio David Rohr;

**PROCURACAO**

Pelo presente instrumento particular HB PARTICIPAÇÕES S.A – Em recuperação judicial, companhia existente de acordo com as leis da República Federativa do Brasil, com sede na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100, inscrita perante o Cadastro Nacional de Pessoas Jurídicas do Ministério da Fazenda (CNPJ/MF) sob o n° 27.137.921/0001-57 (doravante designada "OUTORGANTE"), neste ato representada de acordo com o seu Estatuto Social, nomeia e constitui:

o Sr. Fabio David Rohr, brasileiro, casado, administrador de empresas, portador da cédula de identidade nº ▇▇▇▇▇▇▇▇ inscrito noCPF/MF sob o nº ▇▇ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 (doravante designado "OUTORGADO"). como seu representante legal, com poderes específicos para, em seu nome e benefício, obrigar e representar individualmente a OUTORGANTE nos Estados Unidos da América, com a finalidade de atuar naquele país como representante do processo de recuperação judicial ajuizado pela Companhia, nos termos da Lei No. 11.101/05 e outras leis aplicáveis ("Processo de Recuperação Judicial"), incluindo poderes para buscar qualquer medida disponível no um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos; podendo o OUTORGADO atuar como agente da OUTORGANTE na (a) representação dos Processo de Recuperação Judicial nos Estados Unidos da América, incluindo para iniciar, se e quando necessário, qualquer processo auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da OUTORGANTE (conforme permitido pela lei aplicável) que o OUTORGADO considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e (b) praticar todos os atos necessários para o fiel cumprimento do presente mandato.

Todos os documentos assinados pelo OUTORGADO obedecerão aos limites estabelecidos no Estatuto Social da OUTORGANTE, sendo vedado o seu substabelecimento. O OUTORGADO deve, durante a vigência do presente mandato, conduzir seus atos de forma ética e em conformidade com os termos das leis anticorrupção brasileiras ou de quaisquer outras aplicáveis sobre o objeto do presente instrumento, em especial o Foreign Corrupt Practices Act - Act, 15 U.S.C. §§ 78dd-l e seguintes dos Estados Unidos da América ("FCPA") e a Lei brasileira n° 12.846/2013 e sua respectiva regulamentação ("Regras Anticorrupção")

**POWER OF ATTORNEY**

By this private instrument HB PARTICIPAÇÕES S.A. – In judicial reorganization, a company existing in accordance with the laws of the Federative Republic of Brazil, with its registered office at Avenida Paulista, 1294, 14th floor, Bela Vista, CEP 01310-100, with the Taxpayers' Register of the Ministry of Finance (CNPJ/MF) under No. 27.137.921/0001-57 (hereinafter referred to as the "GRANTOR"), herein represented in accordance with its by-laws, does hereby constitute and appoint:

Mr. Fabio David Rohr, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ▇▇▇▇▇▇▇, resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (hereinafter referred to as the "ATTORNEY-IN- FACT"), as its legal representative, , with specific powers to individually bind and represent the GRANTOR in its name, place, and stead, in the United States of America, in orderto act in that country as the representative of the GRANTOR's pending judicial reorganization proceeding pursuant to Law No. 11.101/05 and other applicable laws (the "Judicial Reorganization Proceeding"), including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15; the ATTORNEY-IN-FACT being authorized to act as the GRANTOR's agent in (a) representing the Judicial Reorganization Proceeding in the United States of America, including to commence, if and when needed, any ancillary recognition or other proceeding in supportof the Judicial Reorganization Proceeding (a "Supporting Foreign Proceeding") and take any andall actions on behalf of the GRANTOR (to theextent allowed under applicable law) that the ATTORNEY-IN-FACT deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding, and (b) performing all acts necessary for the faithful execution of this Power of Attorney.

All the documents signed by the ATTORNEY-IN-FACT shall comply with the limits set forth in the Articles of Incorporation of the GRANTOR and the delegation of powers will not be allowed. During the term of this Power of Attorney, the ATTORNEY-IN-FACT shall act ethically and pursuant to the terms of the Brazilian anti- corruption laws or any other anti-corruption laws applicable to this Power of Attorney, especially theUnited States Foreign Corrupt Practices Act – Act 15 U.S.C. §§ 78dd-l et seq. ("FCPA") and the Brazilian Law No. 12,846/2013, and its respective regulations (the "Anti-Corruption Rules"), the

comprometendo-se o OUTORGADO a abster-se de qualquer atividade que constitua urna violação das disposições dessas Regras Anticorrupção. O OUTORGADO não está autorizado pela OUTORGANTE a dar, oferecer, pagar prometer pagar ou autorizar o pagamento, direta ou indiretamente, de qualquer dinheiro ou qualquer coisa de valor a qualquer autoridade governamental, consultores, representantes, parceiros ou quaisquer terceiros, para a segurar qualquer vantagem indevida, ou direcionar negócios para qualquer pessoa em violação às Regras Anticorrupção. Qualquer descumprimento das Regras Anticorrupção pelo OUTORGADO, em qualquer um dos seus aspectos, ensejará a revogação motivada imediata do presente mandato, podendo a OUTORGANTE tomar as medidas administrativas e judiciais cabíveis contra o OUTORGADO.

ATTORNEY-IN-FACT undertaking to refrain from any action that violates any provisions of such Anti-Corruption Rules. The ATTORNEY-IN- FACT is not authorized by the GRANTOR to give,offer, pay, promise to pay, or otherwise authorize the payment of, direct- or indirectly, any money or anything of value to any officer or employee of any government, consultants, agents, business partners, or third-parties for the purpose of securing anyimproper advantage for, or directing any business to, any person, in violation of the Anti-Corruption Rules. Any violation of the Anti-Corruption Rules by the ATTORNEY-IN-FACT, in any aspect, will give rise to the immediate revocation with cause ofthis Power of Attorney the GRANTOR being entitled to seek all administrative and judicial measures against the ATTORNEY-IN-FACT.

São Paulo,  07 de junho de 2024

São Paulo, June, 07,2024

**OUTORGANTE**
HB PARTICIPAÇÕES S.A. – Em recuperação judicial

**GRANTOR**
HB PARTICIPAÇÕES S.A. – In judicial reorganization

**D4Sign** 03409e98-9b99-4e36-88b1-d1608cc19336 - Para confirmar as assinaturas acesse https://secure.d4sign.com.br/verificar
Documento assinado eletronicamente, conforme MP 2.200-2/01, Art. 10º, §2.



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 08:59:10



ATA - Reunião Diretoria - outorga de Representante Estrangeiro
HB S A pdf
Código do documento 03409e98-9b99-4e36-88b1-d1608cc19336

Anexo: Procuração - Representante Estrangeiro_HB Participações.pdf



## Assinaturas



KENNETH STEVEN POPE:23348988802
Certificado Digital
ken.pope@southrockcapital.com
Assinou como parte

ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886
Certificado Digital
antonio.neves@southrockcapital.com
Assinou como parte

FABIO DAVID ROHR:07357897893
Certificado Digital
fabio.rohr@southrockcapital.com
Assinou como parte



CHRISTIANE BELLO MOYANO
Certificado Digital
Christiane.bello@southrock.com.br
Assinou como Anuente

## Eventos do documento

**11 Jun 2024, 15:50:41**
Documento 03409e98-9b99-4e36-88b1-d1608cc19336 **criado** por CHRISTIANE BELLO MOYANO
(ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:juridico@southrock.com.br. - DATE_ATOM:
2024-06-11T15:50:41-03:00

**11 Jun 2024, 15:52:48**
Assinaturas **iniciadas** por CHRISTIANE BELLO MOYANO (ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:
juridico@southrock.com.br. - DATE_ATOM: 2024-06-11T15:52:48-03:00

**11 Jun 2024, 15:56:14**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - FABIO DAVID ROHR:07357897893 **Assinou como
parte** Email: fabio.rohr@southrockcapital.com. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta:
25352). Dados do Certificado: C=BR,O=ICP-Brasil,OU=Secretaria da Receita Federal do Brasil -
RFB,OU=Autoridade Certificadora SERPRORFBv5,OU=A1,CN=FABIO DAVID ROHR:07357897893. - DATE_ATOM:
2024-06-11T15:56:14-03:00

**11 Jun 2024, 16:17:07**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - CHRISTIANE BELLO MOYANO **Assinou como Anuente**



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 08:59:10



Email: Christiane.bello@southrock.com.br. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta: 18276).
Dados do Certificado: C=BR,O=ICP-Brasil,OU=ORDEM DOS ADVOGADOS DO BRASIL CONSELHO FEDERAL,OU=AC
OAB G3,OU=A3,CN=CHRISTIANE BELLO MOYANO. - DATE_ATOM: 2024-06-11T16:17:07-03:00

**11 Jun 2024, 16:26:24**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - KENNETH STEVEN POPE:23348988802 **Assinou como**
**parte** Email: ken.pope@southrockcapital.com. IP: 189.100.70.0 (bd644600.virtua.com.br porta: 25542). Dados do
Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC DIGITAL MULTIPLA G1,OU=A1,CN=KENNETH STEVEN
POPE:23348988802. - DATE_ATOM: 2024-06-11T16:26:24-03:00

**11 Jun 2024, 17:54:49**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - ANTONIO JOSE ROCHETA DE SOUSA
NEVES:21269058886 **Assinou como parte** Email: antonio.neves@southrockcapital.com. IP: 85.245.199.98
(bl12-199-98.dsl.telepac.pt porta: 32340). Dados do Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC
DIGITAL MULTIPLA G1,OU=A1,CN=ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886. - DATE_ATOM:
2024-06-11T17:54:49-03:00

Hash do documento original
(SHA256):c4e51e0ed034bbbd3b28fd2e0fd92ffa7e0851a59ed43ce9ba171d52c7353b33
(SHA512):1037ce4efcc1376e8294400f0faa3d3f093853043d5e5a8817f9320814de60c9dab9b043bed2c8857227b5238fa607bdc84810b63ee2366523c48124eb26677d

Hash dos documentos anexos
Nome:   Procuração - Representante Estrangeiro_HB Participações.pdf
(SHA256):4fa542cfdedbf3176ae68717d63f97f47e28dddf72551f4d58b63ed2afa0c70c
(SHA512):dbe07c26c2b9bb16bb870440e9d224a407aa674c4e4e07b67cea135590ff1dbb4177dc23ccfad075b4b867284c3c65d2d73843737a79b3f8d4813deefadcbdbe

Esse log pertence **única** e **exclusivamente** aos documentos de HASH acima

**Esse documento está assinado e certificado pela D4Sign**

SRC 5 PARTICIPAÇÕES LTDA. – Em
recuperação judicial
CNPJ/ME Nº 35.027.571/0001-02
NIRE 35235651817

SRC 5 PARTICIPAÇÕES LTDA. – Em
recuperação judicial
CNPJ/ME Nº 35.027.571/0001-02
NIRE 35235651817

**ATA DA REUNIÃO DE DIRETORIA REALIZADA EM 07 DE JUNHO DE 2024**

**MINUTES OF THE MEETING OF BOARD OF DIRECTORS, HELD ON JUNE 07, 2024**

I. **DATA, HORA E LOCAL**: Em 07 de junho de 2024, às 11 horas, na sede social da Companhia, localizada na Cidade de São Paulo (RJ), na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100.

I. **DATE, TIME AND PLACE:** on June 07, 2024, at 11 a.m., at the Company's headquarters, located in the City of São Paulo (SP), at Avenida Paulista, 1294, 14º andar, Bela Vista, CEP: 01310-100.

II. **CONVOCAÇÃO E PRESENÇA**: Presente a totalidade dos membros da Diretoria, a saber: (i) Kenneth Steven Pope; (ii)Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

II. **QUORUM AND ATTENDANCE:** All of the Board of Officers Members were present, namely: (i) Kenneth Steven Pope; (ii) Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

III. **MESA:** Presidente da Mesa: Kenneth Steven Pope, Secretário: Christiane Bello Moyano.

III. **BOARD**: Kenneth Steven Pope, Secretary: Christiane Bello Moyano.

IV. **ORDEM DO DIA:** Em decorrência do ajuizamento do pedido de recuperação judicial pela Companhia, conforme aprovado na reunião de sócios realizada na data de 05 de janeiro de 2024 ("Recuperação Judicial"), deliberar acerca da outorga de procuração pela Companhia ao Sr. Fabio David Rohr para representar a Companhia nos Estados Unidos da América e atuar como representante Da Recuperação Judicial naquela jurisdição.

IV. **AGENDA**: As a result of the Company's filing for judicial reorganization, as approved in the partners meeting occurred on the date of January 05, 2024 ("Reorganization Proceeding"), resolve on the granting of a power of attorney by the Company to Mr. Fabio David Rohr to represent the Company in the United States of America, and act in that jurisdiction as the representative of the Company in the Judicial Reorganization Proceeding.

V. **DELIBERAÇÕES**: Após exame e discussão da matéria da Ordem do Dia, considerando o cenário da Recuperação Judicial no Brasil, os Diretores aprovaram, por unanimidade, a nomeação e a outorga de procuração pela Companhia, ao Sr. **Fabio David Rohr**, brasileiro, casado, administrador de empresas, inscrito no CPF/MF sob o nº ███████ ██ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 ("Representante Estrangeiro"), com poderes para representar a Companhia nos EstadosUnidos da América e atuar como representante no Processo de Recuperação Judicial nos Estados Unidos, incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capítulo 15 do título 11 do Código dos Estados Unidos. O Representante Estrangeiro, por meio da procuração, poderá atuar como agente da Companhia na *(a)* representação dos Processo de Recuperação Judicial nos Estados Unidos, incluindo para iniciar, se e quando necessário, qualquer qualquer processo

V. **DELIBERATIONS:** After examining and discussing the matter of the Agenda, due to the scenario of the Reorganization Proceeding in Brazil, the Officers have unanimously approved and the Company's appointment of and granting of a power of attorney to Mr. **Fabio David Rohr**, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ███████, resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (the "Foreign Representative"), with powers to represent the Company in the United States of America, and act in that country as the representative of the Company in the Judicial Reorganization Proceeding in the United States, including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15. The Foreign Representative, throughout the Power of Attorney, will be authorized to act as the Company's agent (a) representing the Judicial Reorganization

auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da Companhia (conforme permitido pela lei aplicável) que o Representante Estrangeiro considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e *(b)* prática de todos os atos necessários para o fiel cumprimento do mandato.

Proceeding in the United States, including to commence, if and when needed, any supporting proceeding to assist or recognize the Judicial Proceeding ("Supporting Proceeding") and take any and all actions on behalf of the Company (to the extent allowed under applicable law) that the Foreign Representative deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding and (b) performing all acts necessary for the faithful execution of the Power of Attorney.

**VI. ENCERRAMENTO:** Nada mais a tratar, foi encerrada a presente reunião e lavrada a presente ata que, depois de lida e achada conforme, foi assinada pelos presentes.

**VI. CLOSING:** Nothing further to discuss, the present meeting was adjourned and the present minutes were drawn up, which, after being read and found to be in conformity, were signed by those present.

**VII. ASSINATURAS**: Mesa: Kenneth Steven Pope, Presidente; Christiane Bello Moyano, Secretária; Diretores Presentes: (i) SouthRock Capital Ltda.; (ii) Star Participações S.A.

**VII. SIGNATURES:** Board: Kenneth Steven Pope, Secretary; Christiane Bello Moyano, Secretary; Directors present: (i) Kenneth Steven Pope; (ii)Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

**Mesa:**

_____
Presidente/President

_____
Secretário/Secretary

**Diretores presente/Directors present:**

_____
Kenneth Steven Pope

_____
Antonio Jose Rocheta Neves

_____
Fabio David Rohr;

**D4Sign** f3956c47-fc24-45b7-a403-5978d7bfc337 - Para confirmar as assinaturas acesse https://secure.d4sign.com.br/verificar
Documento assinado eletronicamente, conforme MP 2.200-2/01, Art. 10º, §2.

**PROCURACAO**

Pelo presente instrumento particular SRC 5 PARTICIPAÇÕES LTDA– Em recuperação judicial, companhia existente de acordo com as leis da República Federativa do Brasil, com sede na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100, inscrita perante o Cadastro Nacional de Pessoas Jurídicas do Ministério da Fazenda (CNPJ/MF) sob o n° 35.027.571/0001-02 (doravante designada "OUTORGANTE"), neste ato representada de acordo com o seu Estatuto Social, nomeia e constitui:

o Sr. Fabio David Rohr, brasileiro, casado, administrador de empresas, portador da cédula de identidade nº ▇▇▇▇▇, inscrito noCPF/MF sob o nº ▇▇ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 (doravante designado "OUTORGADO"). como seu representante legal, com poderes específicos para, em seu nome e benefício, obrigar e representar individualmente a OUTORGANTE nos Estados Unidos da América, com a finalidade de atuar naquele país como representante do processo de recuperação judicial ajuizado pela Companhia, nos termos da Lei No. 11.101/05 e outras leis aplicáveis ("Processo de Recuperação Judicial"), incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos; podendo o OUTORGADO atuar como agente da OUTORGANTE na (a) representação dos Processo de Recuperação Judicial nos Estados Unidos da América, incluindo para iniciar, se e quando necessário, qualquer processo auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo Auxiliar) e adotar quaisquer e todas as medidas em nome da OUTORGANTE (conforme permitido pela lei aplicável) que o OUTORGADO considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e (b) praticar todos os atos necessários para o fiel cumprimento do presente mandato.

Todos os documentos assinados pelo OUTORGADO obedecerão aos limites estabelecidos no Estatuto Social da OUTORGANTE, sendo vedado o seu substabelecimento. O OUTORGADO deve, durante a vigência do presente mandato, conduzir seus atos de forma ética e em conformidade com os termos das leis anticorrupção brasileiras ou de quaisquer outras aplicáveis sobre o objeto do presente instrumento, em especial o Foreign Corrupt Practices Act - Act, 15 U.S.C. §§ 78dd-l e seguintes dos Estados Unidos da América ("FCPA") e a Lei brasileira n° 12.846/2013 e sua respectiva regulamentação ("Regras Anticorrupção")

**POWER OF ATTORNEY**

By this private instrument SRC 5 PARTICIPAÇÕES LTDA. – In judicial reorganization, a company existing in accordance with the laws of the Federative Republic of Brazil, with its registered office at Avenida Paulista, 1294, 14th floor, Bela Vista, CEP 01310-100, with the Taxpayers' Register of the Ministry of Finance (CNPJ/MF) under No. 35.027.571/0001-02 (hereinafter referred to as the "GRANTOR"), herein represented in accordance with its by-laws, does hereby constitute and appoint:

Mr. Fabio David Rohr, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ▇▇▇▇▇ resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (hereinafter referred to as the "ATTORNEY-IN- FACT"), as its <u>legal representative,</u> , with specific powers to individually bind and represent the GRANTOR in its name, place, and stead, in the United States of America, in orderto act in that country   as the representative of the GRANTOR's pending judicial reorganization proceeding pursuant to   Law No. 11.101/05 and other applicable laws (the "<u>Judicial Reorganization Proceeding</u>"), including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15; the ATTORNEY-IN-FACT being authorized to act as the GRANTOR's agent in *(a)* representing the Judicial Reorganization Proceeding in the United States of America, including to commence, if and when needed, any ancillary recognition or other proceeding in supportof the Judicial Reorganization Proceeding (a "<u>Supporting Foreign Proceeding</u>") and take any andall actions on behalf of the GRANTOR (to theextent allowed under applicable law) that the ATTORNEY-IN-FACT deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding, and *(b)* performing all acts necessary for the faithful execution of this Power of Attorney.

All the documents signed by the ATTORNEY-IN-FACT shall comply with the limits set forth in the Articles of Incorporation of the GRANTOR and the delegation of powers will not be allowed. During the term of this Power of Attorney, the ATTORNEY-IN-FACT shall act ethically and pursuant to the terms of the Brazilian anti- corruption laws or any other anti-corruption laws applicable to this Power of Attorney, especially theUnited States Foreign Corrupt Practices Act – Act 15 U.S.C. §§ 78dd-l et seq. ("<u>FCPA</u>") and the Brazilian Law No. 12,846/2013, and its respective regulations (the "<u>Anti-Corruption Rules</u>"), the

comprometendo-se o OUTORGADO a abster-se de qualquer atividade que constitua urna violação das disposições dessas Regras Anticorrupção. O OUTORGADO não está autorizado pela OUTORGANTE a dar, oferecer, pagar prometer pagar ou autorizar o pagamento, direta ou indiretamente, de qualquer dinheiro ou qualquer coisa de valor a qualquer autoridade governamental, consultores, representantes, parceiros ou quaisquer terceiros, para a segurar qualquer vantagem indevida, ou direcionar negócios para qualquer pessoa em violação às Regras Anticorrupção. Qualquer descumprimento das Regras Anticorrupção pelo OUTORGADO, em qualquer um dos seus aspectos, ensejará a revogação motivada imediata do presente mandato, podendo a OUTORGANTE tomar as medidas administrativas e judiciais cabíveis contra o OUTORGADO.

ATTORNEY-IN-FACT undertaking to refrain from any action that violates any provisions of such Anti-Corruption Rules. The ATTORNEY-IN- FACT is not authorized by the GRANTOR to give, offer, pay, promise to pay, or otherwise authorize the payment of, direct- or indirectly, any money or anything of value to any officer or employee of any government, consultants, agents, business partners, or third-parties for the purpose of securing any improper advantage for, or directing any business to, any person, in violation of the Anti-Corruption Rules. Any violation of the Anti-Corruption Rules by the ATTORNEY-IN-FACT, in any aspect, will give rise to the immediate revocation with cause of this Power of Attorney the GRANTOR being entitled to seek all administrative and judicial measures against the ATTORNEY-IN-FACT.

São Paulo, 07 de junho de 2024

São Paulo, June, 07,2024

---

**OUTORGANTE**
SRC 5 PARTICIPAÇÕES LTDA– Em recuperação judicial

**GRANTOR**
SRC 5 PARTICIPAÇÕES LTDA– In judicial reorganization



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 09:00:09



ATA - Reunião Diretoria - outorga de Representante Estrangeiro
SRC 5 pdf
Código do documento f3956c47-fc24-45b7-a403-5978d7bfc337

Anexo: Procuração - Representante Estrangeiro_SRC5.pdf



## Assinaturas

FABIO DAVID ROHR:07357897893
Certificado Digital
fabio.rohr@southrockcapital.com
Assinou como parte

ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886
Certificado Digital
antonio.neves@southrockcapital.com
Assinou como parte

KENNETH STEVEN POPE:23348988802
Certificado Digital
ken.pope@southrockcapital.com
Assinou como parte

CHRISTIANE BELLO MOYANO
Certificado Digital
Christiane.bello@southrock.com.br
Assinou como parte

## Eventos do documento

**11 Jun 2024, 15:54:35**
Documento f3956c47-fc24-45b7-a403-5978d7bfc337 **criado** por CHRISTIANE BELLO MOYANO
(ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:juridico@southrock.com.br. - DATE_ATOM:
2024-06-11T15:54:35-03:00

**11 Jun 2024, 15:56:43**
Assinaturas **iniciadas** por CHRISTIANE BELLO MOYANO (ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:
juridico@southrock.com.br. - DATE_ATOM: 2024-06-11T15:56:43-03:00

**11 Jun 2024, 16:17:47**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - CHRISTIANE BELLO MOYANO **Assinou como parte**
Email: Christiane.bello@southrock.com.br. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta: 18276).
Dados do Certificado: C=BR,O=ICP-Brasil,OU=ORDEM DOS ADVOGADOS DO BRASIL CONSELHO FEDERAL,OU=AC
OAB G3,OU=A3,CN=CHRISTIANE BELLO MOYANO. - DATE_ATOM: 2024-06-11T16:17:47-03:00

**11 Jun 2024, 16:23:34**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - FABIO DAVID ROHR:07357897893 **Assinou como
parte** Email: fabio.rohr@southrockcapital.com. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta:



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 09:00:09



55386). Dados do Certificado: C=BR,O=ICP-Brasil,OU=Secretaria da Receita Federal do Brasil -
RFB,OU=Autoridade Certificadora SERPRORFBv5,OU=A1,CN=FABIO DAVID ROHR:07357897893. - DATE_ATOM:
2024-06-11T16:23:34-03:00

**11 Jun 2024, 16:25:21**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - KENNETH STEVEN POPE:23348988802 **Assinou como parte** Email: ken.pope@southrockcapital.com. IP: 189.100.70.0 (bd644600.virtua.com.br porta: 25542). Dados do Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC DIGITAL MULTIPLA G1,OU=A1,CN=KENNETH STEVEN POPE:23348988802. - DATE_ATOM: 2024-06-11T16:25:21-03:00

**11 Jun 2024, 17:53:44**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - ANTONIO JOSE ROCHETA DE SOUSA
NEVES:21269058886 **Assinou como parte** Email: antonio.neves@southrockcapital.com. IP: 85.245.199.98
(bl12-199-98.dsl.telepac.pt porta: 32340). Dados do Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC
DIGITAL MULTIPLA G1,OU=A1,CN=ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886. - DATE_ATOM:
2024-06-11T17:53:44-03:00

Hash do documento original
(SHA256):6b99f8516920e09ec58d03525065ecfab4621b2d4da106a03969705ebf11bdba
(SHA512):f10e4179726534ff480af83676ffa66484bd786d828242d2276e0448f03d99e44e830548823dc26f08d7051f2fd6ec44eb9004ec342471f40fbcd9173886fa9c

Hash dos documentos anexos
Nome:    Procuração - Representante Estrangeiro_SRC5.pdf
(SHA256):cc631a2fcc3155fc6fe9e218e6122d21b803407263911677f24a8bfd868544e3
(SHA512):16df6b17d94eb3a9d1d7b5536f43b461c955aa43b73a6858bd4a92e4fbaf94baa05f59c331db074bae3ec7dae3291b3c545c5a29b84127cf90039a3ea9712a32

Esse log pertence **única** e **exclusivamente** aos documentos de HASH acima

**Esse documento está assinado e certificado pela D4Sign**

SRC 6 PARTICIPAÇÕES LTDA. – Em
recuperação judicial
CNPJ/ME Nº 35.744.752/0001-41
NIRE 3525756511

SRC 6 PARTICIPAÇÕES LTDA. – Em
recuperação judicial
CNPJ/ME Nº 35.744.752/0001-41
NIRE 3525756511

**ATA DA REUNIÃO DE DIRETORIA REALIZADA EM  07 DE JUNHO DE 2024**

**MINUTES OF THE MEETING OF BOARD OF DIRECTORS, HELD ON JUNE 07, 2024.**

I. **DATA, HORA E LOCAL**: Em 07 de junho de 2024, às 11 horas, na sede social da Companhia, localizada na Cidade de São Paulo (RJ), na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100.

I. **DATE, TIME AND PLACE:** on June 07, 2024, at 11 a.m., at the Company's headquarters, located in the City of São Paulo (SP), at Avenida Paulista, 1294, 14º andar, Bela Vista, CEP: 01310-100.

II. **CONVOCAÇÃO E PRESENÇA**: Presente a totalidade dos membros da Diretoria, a saber: (i) Kenneth Steven Pope (ii); Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

II. **QUORUM AND ATTENDANCE:** All of the Board of Officers Members were present, namely: (i) Kenneth Steven Pope (ii); Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

III. **MESA:** Presidente da Mesa: Kenneth Steven Pope, Secretário: Christiane Bello Moyano.

III. **BOARD**: Kenneth Steven Pope, Secretary: Christiane Bello Moyano.

IV. **ORDEM DO DIA:** Em decorrência do ajuizamento do pedido de recuperação judicial pela Companhia, conforme aprovado na reunião de sócios realizada na data de 12 de outubro de 2023 ("Recuperação Judicial"), deliberar acerca da outorga de procuração pela Companhia ao Sr. Fabio David Rohr para representar a Companhia nos Estados Unidos da América e atuar como representante Da Recuperação Judicial naquela jurisdição.

IV. **AGENDA**: As a result of the Company's filing for judicial reorganization, as approved in the partners meeting occurred on the date of October 12, 2023 ("Reorganization Proceeding"), resolve on the granting of a power of attorney by the Company to Mr. Fabio David Rohr to represent the Company in the United States of America, and act in that jurisdiction as the representative      of the  Company in the Judicial Reorganization Proceeding.

V. **DELIBERAÇÕES**: Após exame e discussão da matéria da Ordem do Dia, considerando o cenário da Recuperação Judicial no Brasil, os Diretores aprovaram, por unanimidade, a nomeação e a outorga de procuração pela Companhia, ao Sr. **Fabio David Rohr**, brasileiro, casado, administrador de empresas, inscrito no CPF/MF sob o nº ███████ █ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis,  CEP:  01229-010 ("Representante Estrangeiro"), com poderes para representar a Companhia nos EstadosUnidos da América e atuar como representante no Processo de Recuperação Judicial nos Estados Unidos, incluindo poderes para buscar  qualquer  medida  disponível  a  um "representante estrangeiro", conforme definido no Capítulo 15 do título 11 do Código dos Estados Unidos. O Representante Estrangeiro, por meio da procuração, poderá atuar como agente da Companhia na *(a)* representação dos Processo de Recuperação Judicial nos Estados Unidos, incluindo para iniciar, se e quando necessário, qualquer qualquer processo

V. **DELIBERATIONS:** After examining and discussing the matter of the Agenda, due to the scenario of the Reorganization Proceeding in Brazil, the Officers have unanimously approved and the Company's appointment of and granting of a power of attorney to Mr. **Fabio David Rohr**, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ████████ resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP:  01229-010  (the  "Foreign Representative"), with powers to represent the Company in the United States of America, and act in that country as the representative of the  Company in the Judicial Reorganization Proceeding in the United States, including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15. The Foreign Representative, throughout the Power of Attorney, will be authorized to act as the Company's agent (a) representing     the     Judicial     Reorganization

auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da Companhia (conforme permitido pela lei aplicável) que o Representante Estrangeiro considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e *(b)* prática de todos os atos necessários para o fiel cumprimento do mandato.

Proceeding in the United States, including to commence, if and when needed, any supporting proceeding to assist or recognize the Judicial Proceeding ("Supporting Proceeding") and take any and all actions on behalf of the Company (to the extent allowed under applicable law) that the Foreign Representative deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding and (b) performing all acts necessary for the faithful execution of the Power of Attorney.

**VI. ENCERRAMENTO:** Nada mais a tratar, foi encerrada a presente reunião e lavrada a presente ata que, depois de lida e achada conforme, foi assinada pelos presentes.

**VI. CLOSING:** Nothing further to discuss, the present meeting was adjourned and the present minutes were drawn up, which, after being read and found to be in conformity, were signed by those present.

**VII. ASSINATURAS**: Mesa: Kenneth Steven Pope, Presidente; Christiane Bello Moyano, Secretária; Sócios Presentes: (i) Kenneth Steven Pope (ii); Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

**VII. SIGNATURES:** Board: Kenneth Steven Pope, Secretary; Christiane Bello Moyano, Secretary; Present Partners: (i) Kenneth Steven Pope (ii); Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

**Mesa:**

_____
Presidente/President - Kenneth Steven Pope

_____
Secretário/Secretary - Christiane Bello Moyano

**Diretor presente/Director present:**

_____
Kenneth Steven Pope

_____
Antonio Jose Rocheta Neves

_____
Fabio David Rohr

**PROCURACAO**

**POWER OF ATTORNEY**

Pelo presente instrumento particular SRC 6 PARTICIPAÇÕES LTDA– Em recuperação judicial, companhia existente de acordo com as leis da República Federativa do Brasil, com sede na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100, inscrita perante o Cadastro Nacional de Pessoas Jurídicas do Ministério da Fazenda (CNPJ/MF) sob o n° 35.744.752/0001-41 (doravante designada "OUTORGANTE"), neste ato representada de acordo com o seu Estatuto Social, nomeia e constitui:

By this private instrument SRC 6 PARTICIPAÇÕES LTDA. – In Judicial Reorganization, a company existing in accordance with the laws of the Federative Republic of Brazil, with its registered office at Avenida Paulista, 1294, 14th floor, Bela Vista, CEP 01310-100, with the Taxpayers' Register of the Ministry of Finance (CNPJ/MF) under No. 35.744.752/0001-41 (hereinafter referred to as the "GRANTOR"), herein accordance with its by-laws, does hereby constitute and appoint:

o Sr. Fabio David Rohr, brasileiro, casado, administrador de empresas, portador da cédula de identidade nº ████████████, inscrito noCPF/MF sob o nº ██████ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 (doravante designado "OUTORGADO"). como seu representante legal, com poderes específicos para, em seu nome e benefício, obrigar e representar individualmente a OUTORGANTE nos Estados Unidos da América, com a finalidade de atuar naquele país como representante do processo de recuperação judicial ajuizado pela Companhia, nos termos da Lei No. 11.101/05 e outras leis aplicáveis ("Processo de Recuperação Judicial"), incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos; podendo o OUTORGADO atuar como agente da OUTORGANTE na (a) representação dos Processo de Recuperação Judicial nos Estados Unidos da América, incluindo para iniciar, se e quando necessário, qualquer processo auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da OUTORGANTE (conforme permitido pela lei aplicável) que o OUTORGADO considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e (b) praticar todos os atos necessários para o fiel cumprimento do presente mandato.

Mr. Fabio David Rohr, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ██████████, resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (hereinafter referred to as the "ATTORNEY-IN- FACT"), as its <u>legal representative,</u> , with specific powers to individually bind and represent the GRANTOR in its name, place, and stead, in the United States of America, in orderto act in that country   as the representative of the GRANTOR's  pending judicial reorganization proceeding pursuant to   Law No. 11.101/05 and other applicable laws (the "<u>Judicial Reorganization Proceeding</u>"), including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15; the ATTORNEY-IN-FACT being authorized to act as the GRANTOR's agent in *(a)* representing the Judicial Reorganization Proceeding in the United States of America, including to commence, if and when needed, any ancillary recognition or other proceeding in supportof the Judicial Reorganization Proceeding (a "<u>Supporting Foreign Proceeding</u>") and take any andall actions on behalf of the GRANTOR (to theextent allowed under applicable law) that the ATTORNEY-IN-FACT deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding, and *(b)* performing all acts necessary for the faithful execution of this Power of Attorney.

Todos os documentos assinados pelo OUTORGADO obedecerão aos limites estabelecidos no Estatuto Social da OUTORGANTE, sendo vedado o seu substabelecimento. O OUTORGADO deve, durante a vigência do presente mandato, conduzir seus atos de forma ética e em conformidade com os termos das leis anticorrupção brasileiras ou de quaisquer outras aplicáveis sobre o objeto do presente instrumento, em especial o Foreign Corrupt Practices Act - Act, 15 U.S.C. §§ 78dd-l e seguintes dos Estados Unidos da América ("FCPA") e a Lei brasileira n° 12.846/2013 e sua respectiva regulamentação ("Regras Anticorrupção")

All the documents signed by the ATTORNEY-IN-FACT shall comply with the limits set forth in the Articles of Incorporation of the GRANTOR and the delegation of powers will not be allowed. During the term of this Power of Attorney, the ATTORNEY-IN-FACT shall act ethically and pursuant to the terms of the Brazilian anti- corruption laws or any other anti-corruption laws applicable to this Power of Attorney, especially theUnited States Foreign Corrupt Practices Act – Act 15 U.S.C. §§ 78dd-l et seq. ("<u>FCPA</u>") and the Brazilian Law No. 12,846/2013, and its respective regulations (the "<u>Anti-Corruption Rules</u>"), the

comprometendo-se o OUTORGADO a abster-se de qualquer atividade que constitua urna violação das disposições dessas Regras Anticorrupção. O OUTORGADO não está autorizado pela OUTORGANTE a dar, oferecer, pagar prometer pagar ou autorizar o pagamento, direta ou indiretamente, de qualquer dinheiro ou qualquer coisa de valor a qualquer autoridade governamental, consultores, representantes, parceiros ou quaisquer terceiros, para a segurar qualquer vantagem indevida, ou direcionar negócios para qualquer pessoa em violação às Regras Anticorrupção. Qualquer descumprimento das Regras Anticorrupção pelo OUTORGADO, em qualquer um dos seus aspectos, ensejará a revogação motivada imediata do presente mandato, podendo a OUTORGANTE tomar as medidas administrativas e judiciais cabíveis contra o OUTORGADO.

São Paulo, 07de junho de 2024

ATTORNEY-IN-FACT undertaking to refrain from any action that violates any provisions of such Anti-Corruption Rules. The ATTORNEY-IN- FACT is not authorized by the GRANTOR to give,offer, pay, promise to pay, or otherwise authorize the payment of, direct- or indirectly, any money or anything of value to any officer or employee of any government, consultants, agents, business partners, or third-parties for the purpose of securing anyimproper advantage for, or directing any business to, any person, in violation of the Anti-Corruption Rules. Any violation of the Anti-Corruption Rules by the ATTORNEY-IN-FACT, in any aspect, will give rise to the immediate revocation with cause ofthis Power of Attorney the GRANTOR being entitled to seek all administrative and judicial measures against the ATTORNEY-IN-FACT.

São Paulo, June, 07,2024

---

**OUTORGANTE**
SRC 6 PARTICIPAÇÕES LTDA– Em recuperação judicial

**GRANTOR**
SRC 6 PARTICIPAÇÕES LTDA – In Judicial Reorganization

 6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 09:00:36 

## ATA - Reunião Diretoria - outorga de Representante Estrangeiro SRC 6 pdf
Código do documento 757d5f30-96db-4324-961d-6c935ba50f59



Anexo: Procuração - Representante Estrangeiro_SRC6.pdf

## Assinaturas



ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886
Certificado Digital
antonio.neves@southrockcapital.com
Assinou como parte

KENNETH STEVEN POPE:23348988802
Certificado Digital
ken.pope@southrockcapital.com
Assinou como parte

FABIO DAVID ROHR:07357897893
Certificado Digital
fabio.rohr@southrockcapital.com
Assinou como parte

CHRISTIANE BELLO MOYANO
Certificado Digital
Christiane.bello@southrock.com.br
Assinou como Anuente

## Eventos do documento

**11 Jun 2024, 15:57:04**
Documento 757d5f30-96db-4324-961d-6c935ba50f59 **criado** por CHRISTIANE BELLO MOYANO
(ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:juridico@southrock.com.br. - DATE_ATOM:
2024-06-11T15:57:04-03:00

**11 Jun 2024, 16:00:31**
Assinaturas **iniciadas** por CHRISTIANE BELLO MOYANO (ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:
juridico@southrock.com.br. - DATE_ATOM: 2024-06-11T16:00:31-03:00

**11 Jun 2024, 16:17:22**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - CHRISTIANE BELLO MOYANO **Assinou como Anuente**
Email: Christiane.bello@southrock.com.br. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta: 18276).
Dados do Certificado: C=BR,O=ICP-Brasil,OU=ORDEM DOS ADVOGADOS DO BRASIL CONSELHO FEDERAL,OU=AC
OAB G3,OU=A3,CN=CHRISTIANE BELLO MOYANO. - DATE_ATOM: 2024-06-11T16:17:22-03:00

**11 Jun 2024, 16:22:59**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - FABIO DAVID ROHR:07357897893 **Assinou como
parte** Email: fabio.rohr@southrockcapital.com. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta:



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 09:00:36



55386). Dados do Certificado: C=BR,O=ICP-Brasil,OU=Secretaria da Receita Federal do Brasil -
RFB,OU=Autoridade Certificadora SERPRORFBv5,OU=A1,CN=FABIO DAVID ROHR:07357897893. - DATE_ATOM:
2024-06-11T16:22:59-03:00

**11 Jun 2024, 16:25:00**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - KENNETH STEVEN POPE:23348988802 **Assinou como
parte** Email: ken.pope@southrockcapital.com. IP: 189.100.70.0 (bd644600.virtua.com.br porta: 25542). Dados do
Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC DIGITAL MULTIPLA G1,OU=A1,CN=KENNETH STEVEN
POPE:23348988802. - DATE_ATOM: 2024-06-11T16:25:00-03:00

**11 Jun 2024, 17:53:12**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - ANTONIO JOSE ROCHETA DE SOUSA
NEVES:21269058886 **Assinou como parte** Email: antonio.neves@southrockcapital.com. IP: 85.245.199.98
(bl12-199-98.dsl.telepac.pt porta: 32876). Dados do Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC
DIGITAL MULTIPLA G1,OU=A1,CN=ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886. - DATE_ATOM:
2024-06-11T17:53:12-03:00

---

Hash do documento original
(SHA256):91890892e7391adda66a7857aee28ef3fd8d094426890e2d67f29a52f82441ed
(SHA512):e8cae9ad0db7c9d96af288855bde690dd3e31825bcc1c9f15edc3c59672741564072487d0ae5725ea3b79520c97957e78c3a63fb0623406eb3c13782565f3f88

Hash dos documentos anexos
Nome:    Procuração - Representante Estrangeiro_SRC6.pdf
(SHA256):13382efb1af1454c3f4fca775abeb2756ebf54593a23ce49961afae3abf2b337
(SHA512):65032a3b10d7eccac566123b31b065fcc1af3d29c54ec24eaa63dad3b64b0bb1823648e6f07f55029ac94311e332b3aba043766f4401c54d212ce0c1caeab0a7

Esse log pertence **única** e **exclusivamente** aos documentos de HASH acima

**Esse documento está assinado e certificado pela D4Sign**

SOUTHROCK CAPITAL LTDA.- Em recuperação judicial
CNPJ/ME nº 11.884.896/0001-35
NIRE nº 35.224.185.500

SOUTHROCK CAPITAL LTDA.- Em recuperação judicial
CNPJ/ME nº 11.884.896/0001-35
NIRE nº 35.224.185.500

**ATA DA REUNIÃO DE DIRETORIA REALIZADA EM  07 DE JUNHO DE 2024**

**MINUTES OF THE MEETING OF BOARD OF DIRECTORS, HELD ON JUNE 07, 2024.**

I.  **DATA, HORA E LOCAL**: Em 07 de junho de 2024, às 11 horas, na sede social da Companhia, localizada na Cidade de São Paulo (RJ), na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100.

I.  **DATE, TIME AND PLACE:** on June 07, 2024, at 11 a.m., at the Company's headquarters, located in the City of São Paulo (SP), at Avenida Paulista, 1294, 14º andar, Bela Vista, CEP: 01310-100.

II. **CONVOCAÇÃO E PRESENÇA**: Presente a totalidade dos membros da Diretoria, a saber: (i) Kenneth Steven Pope (ii); Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

II. **QUORUM AND ATTENDANCE:** All of the Board of Officers Members were present, namely: (i) Kenneth Steven Pope (ii); Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

III.  **MESA:** Presidente da Mesa: Kenneth Steven Pope, Secretário: Christiane Bello Moyano.

III.  **BOARD**: Kenneth Steven Pope, Secretary: Christiane Bello Moyano.

IV. **ORDEM DO DIA:** Em decorrência do ajuizamento do pedido de recuperação judicial pela Companhia, conforme aprovado na reunião de sócios realizada na data de 12 de outubro de 2023 ("Recuperação Judicial"), deliberar acerca da outorga de procuração pela Companhia ao Sr. Fabio David Rohr para representar a Companhia nos Estados Unidos da América e atuar como representante Da Recuperação Judicial naquela jurisdição.

IV. **AGENDA**: As a result of the Company's filing for judicial reorganization, as approved in the partners meeting occurred on the date of October 12, 2023 ("Reorganization Proceeding"), resolve on the granting of a power of attorney by the Company to Mr. Fabio David Rohr to represent the Company in the United States of America, and act in that jurisdiction as the representative    of the  Company in the Judicial Reorganization Proceeding.

V.  **DELIBERAÇÕES**: Após exame e discussão da matéria da Ordem do Dia, considerando o cenário da Recuperação Judicial no Brasil, os Diretores aprovaram, por unanimidade, a nomeação e a outorga de procuração pela Companhia, ao Sr. **Fabio David Rohr**, brasileiro, casado, administrador de empresas, inscrito no CPF/MF sob o nº ▮▮▮▮▮▮ 93, residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 ("Representante Estrangeiro"), com poderes para representar a Companhia nos EstadosUnidos da América e atuar como representante no Processo de Recuperação Judicial nos Estados Unidos, incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capítulo 15 do título 11 do Código dos Estados Unidos. O Representante Estrangeiro, por meio da procuração, poderá atuar como agente da Companhia na *(a)* representação dos Processo de Recuperação Judicial nos Estados Unidos, incluindo para iniciar, se e quando necessário, qualquer qualquer processo

V. **DELIBERATIONS:** After examining and discussing the matter of the Agenda, due to the scenario of the Reorganization Proceeding in Brazil, the Officers have unanimously approved and the Company's appointment of and granting of a power of attorney to Mr. **Fabio David Rohr**, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ▮▮▮▮▮▮▮▮, resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (the "Foreign Representative"), with powers to represent the Company in the United States of America, and act in that country as the representative of the  Company in the Judicial Reorganization Proceeding in the United States, including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15. The Foreign Representative, throughout the Power of Attorney, will be authorized to act as the Company's agent (a) representing the Judicial          Reorganization

auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da Companhia (conforme permitido pela lei aplicável) que o Representante Estrangeiro considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e *(b)* prática de todos os atos necessários para o fiel cumprimento do mandato.

Proceeding in the United States, including to commence, if and when needed, any supporting proceeding to assist or recognize the Judicial Proceeding ("Supporting Proceeding") and take any and all actions on behalf of the Company (to the extent allowed under applicable law) that the Foreign Representative deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding and (b) performing all acts necessary for the faithful execution of the Power of Attorney.

VI. **ENCERRAMENTO:** Nada mais a tratar, foi encerrada a presente reunião e lavrada a presente ata que, depois de lida e achada conforme, foi assinada pelos presentes.

VI. **CLOSING:** Nothing further to discuss, the present meeting was adjourned and the present minutes were drawn up, which, after being read and found to be in conformity, were signed by those present.

VII. **ASSINATURAS**: Mesa: Kenneth Steven Pope, Presidente; Christiane Bello Moyano, Secretária; Diretores Presentes: (i) Kenneth Steven Pope (ii); Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

VII. **SIGNATURES:** Board: Kenneth Steven Pope, Secretary; Christiane Bello Moyano, Secretary; Directors present: (i) Kenneth Steven Pope (ii); Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

**Mesa:**

_____
Presidente/President - Kenneth Steven Pope

_____
Secretário/Secretary - Christiane Bello Moyano

**Diretor presente/Director present:**

_____
Kenneth Steven Pope

_____
Antonio Jose Rocheta Neves

_____
Fabio David Rohr

| PROCURACAO | POWER OF ATTORNEY |
|---|---|

Pelo presente instrumento particular SOUTHROCK CAPITAL LTDA – Em recuperação judicial, companhia existente de acordo com as leis da República Federativa do Brasil, com sede na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100, inscrita perante o Cadastro Nacional de Pessoas Jurídicas do Ministério da Fazenda (CNPJ/MF) sob o n° 11.884.896/0001-35 (doravante designada "OUTORGANTE"), neste ato representada de acordo com o seu Estatuto Social, nomeia e constitui:

By this private instrument SOUTHROCK CAPITAL LTDA. – In judicial reorganization, a company existing in accordance with the laws of the Federative Republic of Brazil, with its registered office at Avenida Paulista, 1294, 14th floor, Bela Vista, CEP 01310-100, with the Taxpayers' Register of the Ministry of Finance (CNPJ/MF) under No. 11.884.896/0001-35 (hereinafter referred to as the "GRANTOR"), herein represented in accordance with its by-laws, does hereby constitute and appoint:

o Sr. Fabio David Rohr, brasileiro, casado, administrador de empresas, portador da cédula de identidade nº ██████████, inscrito no CPF/MF sob o nº ██████ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 (doravante designado "OUTORGADO"). como seu representante legal, com poderes específicos para, em seu nome e benefício, obrigar e representar individualmente a OUTORGANTE nos Estados Unidos da América, com a finalidade de atuar naquele país como representante do processo de recuperação judicial ajuizado pela Companhia, nos termos da Lei No. 11.101/05 e outras leis aplicáveis ("Processo de Recuperação Judicial"), incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos; podendo o OUTORGADO atuar como agente da OUTORGANTE na (a) representação dos Processo de Recuperação Judicial nos Estados Unidos da América, incluindo para iniciar, se e quando necessário, qualquer processo auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo Auxiliar) e adotar quaisquer e todas as medidas em nome da OUTORGANTE (conforme permitido pela lei aplicável) que o OUTORGADO considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e (b) praticar todos os atos necessários para o fiel cumprimento do presente mandato.

Mr. Fabio David Rohr, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ██████████, resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (hereinafter referred to as the "ATTORNEY-IN- FACT"), as its <u>legal representative,</u> , with specific powers to individually bind and represent the GRANTOR in its name, place, and stead, in the United States of America, in order to act in that country  as the representative of the GRANTOR's  pending  judicial  reorganization proceeding  pursuant to  Law No. 11.101/05 and other applicable laws (the "<u>Judicial  Reorganization Proceeding</u>" ), including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15; the ATTORNEY-IN-FACT being authorized to act as the GRANTOR's agent in *(a)* representing the Judicial Reorganization Proceeding in the United States of America, including to commence, if and when needed, any ancillary recognition or other proceeding in support of the Judicial Reorganization Proceeding (a "<u>Supporting Foreign Proceeding</u>") and take any and all actions on behalf of the GRANTOR (to the extent allowed under applicable law) that the ATTORNEY-IN-FACT deems necessary for such relief and any further related relief that he deems prudent to  seek  in the  Supporting  Foreign Proceeding, and *(b)* performing all acts necessary for the faithful execution of this Power of Attorney.

Todos os documentos assinados pelo OUTORGADO obedecerão aos limites estabelecidos no Estatuto Social da OUTORGANTE, sendo vedado o seu substabelecimento. O OUTORGADO deve, durante a vigência do presente mandato, conduzir seus atos de forma ética e em conformidade com os termos das leis anticorrupção brasileiras ou de quaisquer outras aplicáveis sobre o objeto do presente instrumento, em especial o Foreign Corrupt Practices Act - Act, 15 U.S.C. §§ 78dd-l e seguintes dos Estados Unidos da América ("FCPA") e a Lei brasileira n° 12.846/2013 e sua respectiva regulamentação ("Regras Anticorrupção")

All the documents signed by the ATTORNEY-IN-FACT shall comply with the limits set forth in the Articles of Incorporation of the GRANTOR and the delegation of powers will not be allowed. During the term of this Power of Attorney, the ATTORNEY-IN-FACT shall act ethically and pursuant to the terms of the Brazilian anti- corruption laws or any other anti-corruption laws applicable to this Power of Attorney, especially the United States Foreign Corrupt Practices Act – Act 15 U.S.C. §§ 78dd-l et seq. ("<u>FCPA</u>") and the Brazilian Law No. 12,846/2013, and its respective regulations (the "<u>Anti-Corruption Rules</u>"), the

comprometendo-se o OUTORGADO a abster-se de qualquer atividade que constitua urna violação das disposições dessas Regras Anticorrupção. O OUTORGADO não está autorizado pela OUTORGANTE a dar, oferecer, pagar prometer pagar ou autorizar o pagamento, direta ou indiretamente, de qualquer dinheiro ou qualquer coisa de valor a qualquer autoridade governamental, consultores, representantes, parceiros ou quaisquer terceiros, para a segurar qualquer vantagem indevida, ou direcionar negócios para qualquer pessoa em violação às Regras Anticorrupção. Qualquer descumprimento das Regras Anticorrupção pelo OUTORGADO, em qualquer um dos seus aspectos, ensejará a revogação motivada imediata do presente mandato, podendo a OUTORGANTE tomar as medidas administrativas e judiciais cabíveis contra o OUTORGADO.

São Paulo, 07 de junho de 2024

**OUTORGANTE**
SOUTHROCK CAPITAL LTDA. – Em recuperação judicial

ATTORNEY-IN-FACT undertaking to refrain from any action that violates any provisions of such Anti-Corruption Rules. The ATTORNEY-IN- FACT is not authorized by the GRANTOR to give, offer, pay, promise to pay, or otherwise authorize the payment of, direct- or indirectly, any money or anything of value to any officer or employee of any government, consultants, agents, business partners, or third-parties for the purpose of securing any improper advantage for, or directing any business to, any person, in violation of the Anti-Corruption Rules. Any violation of the Anti-Corruption Rules by the ATTORNEY-IN-FACT, in any aspect, will give rise to the immediate revocation with cause of this Power of Attorney the GRANTOR being entitled to seek all administrative and judicial measures against the ATTORNEY-IN-FACT.

São Paulo, June, 07,2024

**GRANTOR**
SOUTHROCK CAPITAL LTDA. – In judicial reorganization



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 08:59:39



## ATA - Reunião Diretoria - outorga de Representante Estrangeiro SR Capital pdf
Código do documento ca81cee4-73d9-4824-aa35-b3e9d8030c2a



Anexo: Procuração - Representante Estrangeiro_SouthRock Capital.pdf

## Assinaturas


KENNETH STEVEN POPE:23348988802
Certificado Digital
ken.pope@southrockcapital.com
Assinou como parte


ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886
Certificado Digital
antonio.neves@southrockcapital.com
Assinou como parte


FABIO DAVID ROHR:07357897893
Certificado Digital
fabio.rohr@southrockcapital.com
Assinou como parte

CHRISTIANE BELLO MOYANO
Certificado Digital
Christiane.bello@southrock.com.br
Assinou como Anuente

## Eventos do documento

**11 Jun 2024, 15:51:03**
Documento ca81cee4-73d9-4824-aa35-b3e9d8030c2a **criado** por CHRISTIANE BELLO MOYANO
(ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:juridico@southrock.com.br. - DATE_ATOM:
2024-06-11T15:51:03-03:00

**11 Jun 2024, 15:53:54**
Assinaturas **iniciadas** por CHRISTIANE BELLO MOYANO (ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:
juridico@southrock.com.br. - DATE_ATOM: 2024-06-11T15:53:54-03:00

**11 Jun 2024, 15:55:28**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - FABIO DAVID ROHR:07357897893 **Assinou como
parte** Email: fabio.rohr@southrockcapital.com. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta:
32808). Dados do Certificado: C=BR,O=ICP-Brasil,OU=Secretaria da Receita Federal do Brasil -
RFB,OU=Autoridade Certificadora SERPRORFBv5,OU=A1,CN=FABIO DAVID ROHR:07357897893. - DATE_ATOM:
2024-06-11T15:55:28-03:00

**11 Jun 2024, 16:17:38**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - CHRISTIANE BELLO MOYANO **Assinou como Anuente**



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 08:59:39



Email: Christiane.bello@southrock.com.br. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta: 18276).
Dados do Certificado: C=BR,O=ICP-Brasil,OU=ORDEM DOS ADVOGADOS DO BRASIL CONSELHO FEDERAL,OU=AC
OAB G3,OU=A3,CN=CHRISTIANE BELLO MOYANO. - DATE_ATOM: 2024-06-11T16:17:38-03:00

**11 Jun 2024, 16:26:04**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - KENNETH STEVEN POPE:23348988802 **Assinou como**
**parte** Email: ken.pope@southrockcapital.com. IP: 189.100.70.0 (bd644600.virtua.com.br porta: 25542). Dados do
Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC DIGITAL MULTIPLA G1,OU=A1,CN=KENNETH STEVEN
POPE:23348988802. - DATE_ATOM: 2024-06-11T16:26:04-03:00

**11 Jun 2024, 17:54:18**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - ANTONIO JOSE ROCHETA DE SOUSA
NEVES:21269058886 **Assinou como parte** Email: antonio.neves@southrockcapital.com. IP: 85.245.199.98
(bl12-199-98.dsl.telepac.pt porta: 32340). Dados do Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC
DIGITAL MULTIPLA G1,OU=A1,CN=ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886. - DATE_ATOM:
2024-06-11T17:54:18-03:00

Hash do documento original
(SHA256):70fbde46fed2a23d86ae750bc19eb4cb4ab8fe7ea06738ccc804716b1164ad25
(SHA512):6551c8cf22a3bcaf57ffcaa898e319c434c9ec0808ca2f29bb1db51f1ac029b292e7fe9fcc3917f01cf9cb90c186b10b8e6de1cc22c0affc90b14cb2e2394744

Hash dos documentos anexos
Nome:   Procuração - Representante Estrangeiro_SouthRock Capital.pdf
(SHA256):8bc75a09a6c78f68ab5438cb488abcda9e1db547b28caf11a7e3fb2dbbc1ab7e
(SHA512):882b036dc4d761189b69320a8a73dfe782411d8a8cc9ff10f0b1a0efd51cf8fe16e60c5bfcb00713953644038360dd8d87bc01ad30af28c44e9939118ee4e3c9

Esse log pertence **única** e **exclusivamente** aos documentos de HASH acima

**Esse documento está assinado e certificado pela D4Sign**

SRC HOLDING PARTICIPAÇÕES S.A. – Em recuperação judicial
CNPJ/ME: 31.908.144/0001-74
NIRE: 35.300.527.348

SRC HOLDING PARTICIPAÇÕES S.A. – Em recuperação judicial
CNPJ/ME: 31.908.144/0001-74
NIRE: 35.300.527.348

**ATA DA REUNIÃO DE DIRETORIA REALIZADA EM  07 DE JUNHO DE 2024**

**MINUTES OF THE MEETING OF BOARD OF DIRECTORS, HELD ON JUNE 07, 2024.**

I. **DATA, HORA E LOCAL**: Em 07 de junho de 2024, às 11 horas, na sede social da Companhia, localizada na Cidade de São Paulo (RJ), na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100.

I. **DATE, TIME AND PLACE:** on June 07, 2024, at 11 a.m., at the Company's headquarters, located in the City of São Paulo (SP), at Avenida Paulista, 1294, 14º andar, Bela Vista, CEP: 01310-100.

II. **CONVOCAÇÃO E PRESENÇA**: Presente a totalidade dos membros da Diretoria, a saber: (i) Kenneth Steven Pope; (ii) Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

II. **QUORUM AND ATTENDANCE:** All of the Board of Officers Members were present, namely: (i) Kenneth Steven Pope; (ii) Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

III. **MESA:** Presidente da Mesa: Kenneth Steven Pope, Secretário: Christiane Bello Moyano.

III. **BOARD**: Kenneth Steven Pope, Secretary: Christiane Bello Moyano.

IV. **ORDEM DO DIA:** Em decorrência do ajuizamento do pedido de recuperação judicial pela Companhia, conforme aprovado na assembleia geral realizada na data de 12 de outubro de 2023 ("Recuperação Judicial"), deliberar acerca da outorga de procuração pela Companhia ao Sr. Fabio David Rohr para representar a Companhia nos Estados Unidos da América e atuar como representante Da Recuperação Judicial naquela jurisdição.

IV. **AGENDA**: As a result of the Company's filing for judicial reorganization, as approved in the shareholders meeting occurred on the date of October 12, 2023 ("Reorganization Proceeding"), resolve on the granting of a power of attorney by the Company to Mr. Fabio David Rohr to represent the Company in the United States of America, and act in that jurisdiction as the representative  of the  Company in the Judicial Reorganization Proceeding.

V. **DELIBERAÇÕES**: Após exame e discussão da matéria da Ordem do Dia, considerando o cenário da Recuperação Judicial no Brasil, os Diretores aprovaram, por unanimidade, a nomeação e a outorga de procuração pela Companhia, ao Sr. **Fabio David Rohr**, brasileiro, casado, administrador de empresas, inscrito no CPF/MF sob o nº ▆▆ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP:  01229-010  ("Representante Estrangeiro"), com poderes para representar a Companhia nos Estados Unidos da América e atuar como representante no Processo de Recuperação Judicial nos Estados Unidos, incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos. O Representante Estrangeiro, por meio da procuração, poderá atuar como agente da Companhia na *(a)* representação dos Processo de Recuperação Judicial nos Estados Unidos, incluindo para iniciar, se e quando necessário, qualquer qualquer processo auxiliar ou de reconhecimento em suporte ao

V. **DELIBERATIONS:** After examining and discussing the matter of the Agenda, due to the scenario of the Reorganization Proceeding in Brazil, the Officers have unanimously approved and the Company's appointment of and granting of a power of attorney to Mr. **Fabio David Rohr**, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ▆▆▆▆▆, resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (the "Foreign Representative"), with powers to represent the Company in the United States of America, and act in that country as the representative of the  Company in the Judicial Reorganization Proceeding in the United States, including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15. The Foreign Representative, throughout the Power of Attorney, will be authorized to act as the Company's agent (a) representing the Judicial    Reorganization Proceeding in the United States, including to

D4Sign 0aa364cf-0828-4795-8a23-725f7c78abea - Para confirmar as assinaturas acesse https://secure.d4sign.com.br/verificar
Documento assinado eletronicamente, conforme MP 2.200-2/01, Art. 10º, §2.

Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da Companhia (conforme permitido pela lei aplicável) que o Representante Estrangeiro considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e *(b)* prática de todos os atos necessários para o fiel cumprimento do mandato.

**VI. ENCERRAMENTO:** Nada mais a tratar, foi encerrada a presente reunião e lavrada a presente ata que, depois de lida e achada conforme, foi assinada pelos presentes.

VII. **ASSINATURAS**: Mesa: Kenneth Steven Pope, Presidente; Christiane Bello Moyano, Secretária; Diretores Presentes: (i) Kenneth Steven Pope; (ii) Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

commence, if and when needed, any supporting proceeding to assist or recognize the Judicial Proceeding ("Supporting Proceeding") and take any and all actions on behalf of the Company (to the extent allowed under applicable law) that the Foreign Representative deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding and (b) performing all acts necessary for the faithful execution of the Power of Attorney.

**VI. CLOSING:** Nothing further to discuss, the present meeting was adjourned and the present minutes were drawn up, which, after being read and found to be in conformity, were signed by those present.

VII. **SIGNATURES:** Board: Kenneth Steven Pope, Secretary; Christiane Bello Moyano, Secretary; Directors present: (i) Kenneth Steven Pope; (ii) Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

**Mesa:**

_____
Presidente/President - Kenneth Steven Pope

_____
Secretário/Secretary - Christiane Bello Moyano

**Diretores presente/Directors present:**

_____
Kenneth Steven Pope

_____
Antonio Jose Rocheta Neves

_____
Fabio David Rohr;



4 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 09:00:46



## ATA - Reunião Diretoria - outorga de Representante Estrangeiro SRC Holding pdf

Código do documento 0aa364cf-0828-4795-8a23-725f7c78abea



## Assinaturas


KENNETH STEVEN POPE:23348988802
Certificado Digital
ken.pope@southrockcapital.com
Assinou como parte

ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886
Certificado Digital
antonio.neves@southrockcapital.com
Assinou como parte

Fabio David Rohr
fabio.rohr@southrockcapital.com
Assinou como parte

*Fabio David Rohr*


CHRISTIANE BELLO MOYANO
Certificado Digital
Christiane.bello@southrock.com.br
Assinou como Anuente

## Eventos do documento

**11 Jun 2024, 15:57:56**
Documento 0aa364cf-0828-4795-8a23-725f7c78abea **criado** por CHRISTIANE BELLO MOYANO
(ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:juridico@southrock.com.br. - DATE_ATOM:
2024-06-11T15:57:56-03:00

**11 Jun 2024, 16:00:52**
Assinaturas **iniciadas** por CHRISTIANE BELLO MOYANO (ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:
juridico@southrock.com.br. - DATE_ATOM: 2024-06-11T16:00:52-03:00

**11 Jun 2024, 16:17:10**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - CHRISTIANE BELLO MOYANO **Assinou como Anuente**
Email: Christiane.bello@southrock.com.br. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta: 18276).
Dados do Certificado: C=BR,O=ICP-Brasil,OU=ORDEM DOS ADVOGADOS DO BRASIL CONSELHO FEDERAL,OU=AC
OAB G3,OU=A3,CN=CHRISTIANE BELLO MOYANO. - DATE_ATOM: 2024-06-11T16:17:10-03:00

**11 Jun 2024, 16:21:59**
FABIO DAVID ROHR **Assinou como parte** (fe50d135-68e9-402c-9d17-06e83dbca98b) - Email:
Fabio.rohr@southrockcapital.com - IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta: 30646) -
Documento de identificação informado: 073.578.978-93 - DATE_ATOM: 2024-06-11T16:21:59-03:00



4 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 09:00:46



**11 Jun 2024, 16:24:39**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - KENNETH STEVEN POPE:23348988802 **Assinou como parte** Email: ken.pope@southrockcapital.com. IP: 189.100.70.0 (bd644600.virtua.com.br porta: 51464). Dados do Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC DIGITAL MULTIPLA G1,OU=A1,CN=KENNETH STEVEN POPE:23348988802. - DATE_ATOM: 2024-06-11T16:24:39-03:00

**11 Jun 2024, 17:52:38**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886 **Assinou como parte** Email: antonio.neves@southrockcapital.com. IP: 85.245.199.98 (bl12-199-98.dsl.telepac.pt porta: 47148). Dados do Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC DIGITAL MULTIPLA G1,OU=A1,CN=ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886. - DATE_ATOM: 2024-06-11T17:52:38-03:00

Hash do documento original
(SHA256):1ba4f028e52203da56cbf71763df24435d33feea2e1da54c4bcb74bb30ff3de8
(SHA512):c8b72a46644cdd8f4ce8d0c3acd4bb62543862f5ba162634b3efb5fbc1f1d65874a9c751fffcff74344bd4b39006e33da2d4da306420bade78056144512c4223

Esse log pertence **única** e **exclusivamente** aos documentos de HASH acima

**Esse documento está assinado e certificado pela D4Sign**

SR N PARTICIPAÇÕES S.A. – Em recuperação judicial
CNPJ/ME Nº 22.609.006/0001-01
NIRE 35.300.501.641

SR N PARTICIPAÇÕES S.A. – Em recuperação judicial
CNPJ/ME Nº 22.609.006/0001-01
NIRE 35.300.501.641

**ATA DA REUNIÃO DE DIRETORIA REALIZADA EM  07 DE JUNHO DE 2024**

**MINUTES OF THE MEETING OF BOARD OF DIRECTORS, HELD ON JUNE 07, 2024**

I. **DATA, HORA E LOCAL**: Em 07 de junho de 2024, às 11 horas, na sede social da Companhia, localizada na Cidade de São Paulo (RJ), na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100.

I. **DATE, TIME AND PLACE:** on June 07, 2024, at 11 a.m., at the Company's headquarters, located in the City of São Paulo (SP), at Avenida Paulista, 1294, 14º andar, Bela Vista, CEP: 01310-100.

II. **CONVOCAÇÃO E PRESENÇA**: Presente a totalidade dos membros da Diretoria, a saber: (i) Kenneth Steven Pope;

II. **QUORUM AND ATTENDANCE:** All of the Board of Officers Members were present, namely: (i) Kenneth Steven Pope;

III. **MESA:** Presidente da Mesa: Kenneth Steven Pope, Secretário: Christiane Bello Moyano.

III. **BOARD**: Kenneth Steven Pope, Secretary: Christiane Bello Moyano.

IV. **ORDEM DO DIA:** Em decorrência do ajuizamento do pedido de recuperação judicial pela Companhia, conforme aprovado na assembleia geral realizada na data de 05 de janeiro de 2024 ("Recuperação Judicial"), deliberar acerca da outorga de procuração pela Companhia ao Sr. Fabio David Rohr para representar a Companhia nos Estados Unidos da América e atuar como representante Da Recuperação Judicial naquela jurisdição.

IV. **AGENDA**: As a result of the Company's filing for judicial reorganization, as approved in the shareholders meeting occurred on the date of January 05, 2024 ("Reorganization Proceeding"), resolve on the granting of a power of attorney by the Company to Mr. Fabio David Rohr to represent the Company in the United States of America, and act in that jurisdiction as the representative   of the  Company in the Judicial Reorganization Proceeding.

V. **DELIBERAÇÕES**: Após exame e discussão da matéria da Ordem do Dia, considerando o cenário da Recuperação Judicial no Brasil, os Diretores aprovaram, por unanimidade, a nomeação e a outorga de procuração pela Companhia, ao Sr. **Fabio David Rohr**, brasileiro, casado, administrador de empresas, inscrito no CPF/MF sob o nº ████████ ███ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 ("Representante Estrangeiro"), com poderes para representar a Companhia nos EstadosUnidos da América e atuar como representante no Processo de Recuperação Judicial nos Estados Unidos, incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos. O Representante Estrangeiro, por meio da procuração, poderá atuar como agente da Companhia na *(a)* representação dos Processo de Recuperação Judicial nos Estados Unidos, incluindo para iniciar, se e quando necessário, qualquer qualquer processo

V. **DELIBERATIONS:** After examining and discussing the matter of the Agenda, due to the scenario of the Reorganization Proceeding in Brazil, the Officers have unanimously approved and the Company's appointment of and granting of a power of attorney to Mr. **Fabio David Rohr**, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ████████ resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (the "Foreign Representative"), with powers to represent the Company in the United States of America, and act in that country as the representative of the  Company in the Judicial Reorganization Proceeding in the United States, including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15. The Foreign Representative, throughout the Power of Attorney, will be authorized to act as the Company's agent (a) representing the Judicial Reorganization

auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da Companhia (conforme permitido pela lei aplicável) que o Representante Estrangeiro considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e *(b)* prática de todos os atos necessários para o fiel cumprimento do mandato.

Proceeding in the United States, including to commence, if and when needed, any supporting proceeding to assist or recognize the Judicial Proceeding ("Supporting Proceeding") and take any and all actions on behalf of the Company (to the extent allowed under applicable law) that the Foreign Representative deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding and (b) performing all acts necessary for the faithful execution of the Power of Attorney.

**VI. ENCERRAMENTO:** Nada mais a tratar, foi encerrada a presente reunião e lavrada a presente ata que, depois de lida e achada conforme, foi assinada pelos presentes.

**VI. CLOSING:** Nothing further to discuss, the present meeting was adjourned and the present minutes were drawn up, which, after being read and found to be in conformity, were signed by those present.

**VII. ASSINATURAS**: Mesa: Kenneth Steven Pope, Presidente; Christiane Bello Moyano, Secretária; Diretor Presente: Kenneth Steven Pope;

VII. **SIGNATURES:** Board: Kenneth Steven Pope, Secretary; Christiane Bello Moyano, Secretary; Director present: Kenneth Steven Pope;

**Mesa:**

_____
Presidente/President - Kenneth Steven Pope

_____
Secretário/Secretary - Christiane Bello Moyano

**Diretor presente/Director present:**

_____
Kenneth Steven Pope

**PROCURACAO**

**POWER OF ATTORNEY**

Pelo presente instrumento particular SR N PARTICIPAÇÕES S.A – Em recuperação judicial, companhia existente de acordo com as leis da República Federativa do Brasil, com sede na Avenida Paulista, 1294, 14° andar, Bela Vista, CEP 01310-100, inscrita perante o Cadastro Nacional de Pessoas Jurídicas do Ministério da Fazenda (CNPJ/MF) sob o n° 35.300.501.641 (doravante designada "OUTORGANTE"), neste ato representada de acordo com o seu Estatuto Social, nomeia e constitui:

o Sr. Fabio David Rohr, brasileiro, casado, administrador de empresas, portador da cédula de identidade nº ████████████, inscrito noCPF/MF sob o nº ████ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 (doravante designado "OUTORGADO"). como seu representante legal, com poderes específicos para, em seu nome e benefício, obrigar e representar individualmente a OUTORGANTE nos Estados Unidos da América, com a finalidade de atuar naquele país como representante do processo de recuperação judicial ajuizado pela Companhia, nos termos da Lei No. 11.101/05 e outras leis aplicáveis ("Processo de Recuperação Judicial"), incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos; podendo o OUTORGADO atuar como agente da OUTORGANTE na (a) representação do Processo de Recuperação Judicial nos Estados Unidos da América, incluindo para iniciar, se e quando necessário, qualquer processo auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da OUTORGANTE (conforme permitido pela lei aplicável) que o OUTORGADO considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e (b) praticar todos os atos necessários para o fiel cumprimento do presente mandato.

Todos os documentos assinados pelo OUTORGADO obedecerão aos limites estabelecidos no Estatuto Social da OUTORGANTE, sendo vedado o seu substabelecimento. O OUTORGADO deve, durante a vigência do presente mandato, conduzir seus atos de forma ética e em conformidade com os termos das leis anticorrupção brasileiras ou de quaisquer outras aplicáveis sobre o objeto do presente instrumento, em especial o Foreign Corrupt Practices Act - Act, 15 U.S.C. §§ 78dd-l e seguintes dos Estados Unidos da América ("FCPA") e a Lei brasileira n° 12.846/2013 e sua respectiva regulamentação ("Regras Anticorrupção")

By this private instrument SR N PARTICIPAÇÕES S.A. – In judicial reorganization, a company existing in accordance with the laws of the Federative Republic of Brazil, with its registered office at Avenida Paulista, 1294, 14th floor, Bela Vista, CEP 01310-100, with the Taxpayers' Register of the Ministry of Finance (CNPJ/MF) under No. 35.300.501.641 (hereinafter referred to as the "GRANTOR"), herein represented in accordance with its by-laws, does hereby constitute and appoint:

Mr. Fabio David Rohr, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ████████████ resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (hereinafter referred to as the "ATTORNEY-IN- FACT"), as its <u>legal representative,</u> , with specific powers to individually bind and represent the GRANTOR in its name, place, and stead, in the United States of America, in orderto act in that country  as the representative of the GRANTOR's  pending judicial reorganization proceeding pursuant to  Law No. 11.101/05 and other applicable laws (the "<u>Judicial Reorganization Proceeding</u>" ), including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15; the ATTORNEY-IN-FACT being authorized to act as the GRANTOR's agent in *(a)* representing the Judicial Reorganization Proceeding in the United States of America, including to commence, if and when needed, any ancillary recognition or other proceeding in supportof the Judicial Reorganization Proceeding (a "<u>Supporting Foreign Proceeding</u>") and take any andall actions on behalf of the GRANTOR (to theextent allowed under applicable law) that the ATTORNEY-IN-FACT deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding, and *(b)* performing all acts necessary for the faithful execution of this Power of Attorney.

All the documents signed by the ATTORNEY-IN-FACT shall comply with the limits set forth in the Articles of Incorporation of the GRANTOR and the delegation of powers will not be allowed. During the term of this Power of Attorney, the ATTORNEY-IN-FACT shall act ethically and pursuant to the terms of the Brazilian anti- corruption laws or any other anti-corruption laws applicable to this Power of Attorney, especially theUnited States Foreign Corrupt Practices Act – Act 15 U.S.C. §§ 78dd-l et seq. ("<u>FCPA</u>") and the Brazilian Law No. 12,846/2013, and its respective regulations (the "<u>Anti-Corruption Rules</u>"), the

comprometendo-se o OUTORGADO a abster-se de qualquer atividade que constitua urna violação das disposições dessas Regras Anticorrupção. O OUTORGADO não está autorizado pela OUTORGANTE a dar, oferecer, pagar prometer pagar ou autorizar o pagamento, direta ou indiretamente, de qualquer dinheiro ou qualquer coisa de valor a qualquer autoridade governamental, consultores, representantes, parceiros ou quaisquer terceiros, para a segurar qualquer vantagem indevida, ou direcionar negócios para qualquer pessoa em violação às Regras Anticorrupção. Qualquer descumprimento das Regras Anticorrupção pelo OUTORGADO, em qualquer um dos seus aspectos, ensejará a revogação motivada imediata do presente mandato, podendo a OUTORGANTE tomar as medidas administrativas e judiciais cabíveis contra o OUTORGADO.

São Paulo, _____de junho de 2024

ATTORNEY-IN-FACT undertaking to refrain from any action that violates any provisions of such Anti-Corruption Rules. The ATTORNEY-IN- FACT is not authorized by the GRANTOR to give, offer, pay, promise to pay, or otherwise authorize the payment of, direct- or indirectly, any money or anything of value to any officer or employee of any government, consultants, agents, business partners, or third-parties for the purpose of securing any improper advantage for, or directing any business to, any person, in violation of the Anti-Corruption Rules. Any violation of the Anti-Corruption Rules by the ATTORNEY-IN-FACT, in any aspect, will give rise to the immediate revocation with cause of this Power of Attorney the GRANTOR being entitled to seek all administrative and judicial measures against the ATTORNEY-IN-FACT.

São Paulo, June, _____,2024

---

**OUTORGANTE**
SR N PARTICIPAÇÕES S.A – Em recuperação judicial

**GRANTOR**
SR N PARTICIPAÇÕES S.A. – In judicial reorganization



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 11 de June de 2024, 16:52:35



ATA - Reunião Diretoria - outorga de Representante Estrangeiro
SR N pdf
Código do documento f86f1643-395a-4b14-a81a-e193d2305f27

Anexo: Procuração - Representante Estrangeiro_SRN.pdf



## Assinaturas


KENNETH STEVEN POPE:23348988802
Certificado Digital
ken.pope@southrockcapital.com
Assinou como parte


CHRISTIANE BELLO MOYANO
Certificado Digital
Christiane.bello@southrock.com.br
Assinou como Anuente

## Eventos do documento

**11 Jun 2024, 15:54:05**
Documento f86f1643-395a-4b14-a81a-e193d2305f27 **criado** por CHRISTIANE BELLO MOYANO
(ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:juridico@southrock.com.br. - DATE_ATOM:
2024-06-11T15:54:05-03:00

**11 Jun 2024, 15:56:06**
Assinaturas **iniciadas** por CHRISTIANE BELLO MOYANO (ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:
juridico@southrock.com.br. - DATE_ATOM: 2024-06-11T15:56:06-03:00

**11 Jun 2024, 16:17:51**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - CHRISTIANE BELLO MOYANO **Assinou como Anuente**
Email: Christiane.bello@southrock.com.br. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta: 18276).
Dados do Certificado: C=BR,O=ICP-Brasil,OU=ORDEM DOS ADVOGADOS DO BRASIL CONSELHO FEDERAL,OU=AC
OAB G3,OU=A3,CN=CHRISTIANE BELLO MOYANO. - DATE_ATOM: 2024-06-11T16:17:51-03:00

**11 Jun 2024, 16:25:41**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - KENNETH STEVEN POPE:23348988802 **Assinou como
parte** Email: ken.pope@southrockcapital.com. IP: 189.100.70.0 (bd644600.virtua.com.br porta: 25542). Dados do
Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC DIGITAL MULTIPLA G1,OU=A1,CN=KENNETH STEVEN
POPE:23348988802. - DATE_ATOM: 2024-06-11T16:25:41-03:00

Hash do documento original
(SHA256):9a912a9e2ebf64b12a9f67151dd18d53d37cf9df9d0273bf6acba2e97afce100
(SHA512):625e29d21e1bed132de68b449a8e1670a579964218d7b26e7d6ff926be837337610e9d3aed5ad7a9d3d1c362d1e8ef116a0a73881969eb852bd2f3d6af06d10e



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 11 de June de 2024, 16:52:35



Hash dos documentos anexos

Nome:    Procuração - Representante Estrangeiro_SRN.pdf
(SHA256):1d47ece33c41c8ce78aa941368c4a787c81559bdbcaf823a549757204c653a72
(SHA512):2ef98171da4d0794bd02e9a76dbc9581b34848aa64200281b663a41686c691696bf2ce777612727645563f43e583888d9d85c5424bb72524930033bbe3426cdf

Esse log pertence **única** e **exclusivamente** aos documentos de HASH acima

**Esse documento está assinado e certificado pela D4Sign**

STARBUCKS BRASIL COMÉRCIO DE CAFÉS
LTDA. – Em recuperação judicial
CNPJ/ME Nº 07.984.267/0001-00
NIRE 35.225.511.800

STARBUCKS BRASIL COMÉRCIO DE CAFÉS
LTDA. – Em recuperação judicial
CNPJ/ME Nº 07.984.267/0001-00
NIRE 35.225.511.800

**ATA DA REUNIÃO DE DIRETORIA REALIZADA EM 07 DE JUNHO DE 2024**

**MINUTES OF THE MEETING OF BOARD OF DIRECTORS, HELD ON JUNE 07, 2024**

I. **DATA, HORA E LOCAL**: Em 07 de junho de 2024, às 11 horas, na sede social da Companhia, localizada na Cidade de São Paulo (RJ), na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100.

I. **DATE, TIME AND PLACE:** on June 07, 2024, at 11 a.m., at the Company's headquarters, located in the City of São Paulo (SP), at Avenida Paulista, 1294, 14º andar, Bela Vista, CEP: 01310-100.

II. **CONVOCAÇÃO E PRESENÇA**: Presente a totalidade dos membros da Diretoria, a saber: (i) Kenneth Steven Pope (ii); Antonio Jose Rocheta Neves; (iii) Fabio David Rohr; (iv) Claudia Marisa da Silva Malaguerra

II. **QUORUM AND ATTENDANCE:** All of the Board of Officers Members were present, namely: (i) Kenneth Steven Pope (ii); Antonio Jose Rocheta Neves; (iii) Fabio David Rohr; (iv) Claudia Marisa da Silva Malaguerra

III. **MESA:** Presidente da Mesa: Kenneth Steven Pope, Secretário: Christiane Bello Moyano.

III. **BOARD**: Kenneth Steven Pope, Secretary: Christiane Bello Moyano.

IV. **ORDEM DO DIA:** Em decorrência do ajuizamento do pedido de recuperação judicial pela Companhia, conforme aprovado na reunião de sócios realizada na data de 12 de outubro de 2023 ("Recuperação Judicial"), deliberar acerca da outorga de procuração pela Companhia ao Sr. Fabio David Rohr para representar a Companhia nos Estados Unidos da América e atuar como representante Da Recuperação Judicial naquela jurisdição.

IV. **AGENDA**: As a result of the Company's filing for judicial reorganization, as approved in the partners meeting occurred on the date of October 12, 2023 ("Reorganization Proceeding"), resolve on the granting of a power of attorney by the Company to Mr. Fabio David Rohr to represent the Company in the United States of America, and act in that jurisdiction as the representative of the Company in the Judicial Reorganization Proceeding.

V. **DELIBERAÇÕES**: Após exame e discussão da matéria da Ordem do Dia, considerando o cenário da Recuperação Judicial no Brasil, os Diretores aprovaram, por unanimidade, a nomeação e a outorga de procuração pela Companhia, ao Sr. **Fabio David Rohr**, brasileiro, casado, administrador de empresas, inscrito no CPF/MF sob o nº ▮▮▮▮▮▮ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 ("Representante Estrangeiro"), com poderes para representar a Companhia nos Estados Unidos da América e atuar como representante no Processo de Recuperação Judicial nos Estados Unidos, incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos. O Representante Estrangeiro, por meio da procuração, poderá atuar como agente da Companhia na *(a)* representação dos Processos de Recuperação Judicial nos Estados Unidos, incluindo para iniciar,

V. **DELIBERATIONS:** After examining and discussing the matter of the Agenda, due to the scenario of the Reorganization Proceeding in Brazil, the Officers have unanimously approved and the Company's appointment of and granting of a power of attorney to Mr. **Fabio David Rohr**, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ▮▮▮▮▮▮, resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (the "Foreign Representative"), with powers to represent the Company in the United States of America, and act in that country as the representative of the Company in the Judicial Reorganization Proceeding in the United States, including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15. The Foreign Representative, throughout the Power of Attorney, will be authorized to act as the Company's agent (a)

se e quando necessário, qualquer qualquer processo auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da Companhia (conforme permitido pela lei aplicável) que o Representante Estrangeiro considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e *(b)* prática de todos os atos necessários para o fiel cumprimento do mandato.

representing the Judicial Reorganization Proceeding in the United States, including to commence, if and when needed, any supporting proceeding to assist or recognize the Judicial Proceeding ("Supporting Proceeding") and take any and all actions on behalf of the Company (to the extent allowed under applicable law) that the Foreign Representative deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding and (b) performing all acts necessary for the faithful execution of the Power of Attorney.

**VI. ENCERRAMENTO:** Nada mais a tratar, foi encerrada a presente reunião e lavrada a presente ata que, depois de lida e achada conforme, foi assinada pelos presentes.

**VI. CLOSING:** Nothing further to discuss, the present meeting was adjourned and the present minutes were drawn up, which, after being read and found to be in conformity, were signed by those present.

**VII. ASSINATURAS**: Mesa: Kenneth Steven Pope, Presidente; Christiane Bello Moyano, Secretária; Diretores Presentes: Kenneth Steven Pope (ii); Antonio Jose Rocheta Neves; (iii) Fabio David Rohr; (iv) Claudia Marisa da Silva Malaguerra

**VIII. SIGNATURES:** Board: Kenneth Steven Pope, Secretary; Christiane Bello Moyano, Secretary; Directors Present: Kenneth Steven Pope (ii); Antonio Jose Rocheta Neves; (iii) Fabio David Rohr; (iv) Claudia Marisa da Silva Malaguerra
VII.

**Mesa:**

_____
Presidente/President – Kenneth Steven Pope

_____
Secretário/Secretary - Christiane Bello Moyano

**Diretor presente/Director present:**

_____
Kenneth Steven Pope

_____
Antonio Jose Rocheta Neves

_____
Fabio David Rohr

_____
Claudia Marisa da Silva Malaguerra

**PROCURACAO**

Pelo presente instrumento particular STARBUCKS BRASIL COMÉRCIO DE CAFÉS LTDA. – Em recuperação judicial, companhia existente de acordo com as leis da República Federativa do Brasil, com sede na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100, inscrita perante o Cadastro Nacional de Pessoas Jurídicas do Ministério da Fazenda (CNPJ/MF) sob o n° 07.984.267/0001-00 (doravante designada "OUTORGANTE"), neste ato representada de acordo com o seu Estatuto Social, nomeia e constitui:

o Sr. Fabio David Rohr, brasileiro, casado, administrador de empresas, portador da cédula de identidade nº ████████████, inscrito noCPF/MF sob o nº ██, residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 (doravante designado "OUTORGADO"). como seu representante legal, com poderes específicos para, em seu nome e benefício, obrigar e representar individualmente a OUTORGANTE nos Estados Unidos da América, com a finalidade de atuar naquele país como representante do processo de recuperação judicial ajuizado pela Companhia, nos termos da Lei No. 11.101/05 e outras leis aplicáveis ("Processo de Recuperação Judicial"), incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos; podendo o OUTORGADO atuar como agente da OUTORGANTE na (a) representação do Processo de Recuperação Judicial nos Estados Unidos da América, incluindo para iniciar, se e quando necessário, qualquer processo auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da OUTORGANTE (conforme permitido pela lei aplicável) que o OUTORGADO considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e (b) praticar todos os atos necessários para o fiel cumprimento do presente mandato.

Todos os documentos assinados pelo OUTORGADO obedecerão aos limites estabelecidos no Estatuto Social da OUTORGANTE, sendo vedado o seu substabelecimento. O OUTORGADO deve, durante a vigência do presente mandato, conduzir seus atos de forma ética e em conformidade com os termos das leis anticorrupção brasileiras ou de quaisquer outras aplicáveis sobre o objeto do presente instrumento, em especial o Foreign Corrupt Practices Act - Act, 15 U.S.C. §§ 78dd-l e seguintes dos Estados Unidos da América ("FCPA") e a Lei brasileira n° 12.846/2013 e sua respectiva regulamentação ("Regras Anticorrupção")

**POWER OF ATTORNEY**

By this private instrument STARBUCKS BRASIL COMÉRCIO DE CAFÉS LTDA. – In judicial reorganization, a company existing in accordance with the laws of the Federative Republic of Brazil, with its registered office at Avenida Paulista, 1294, 14th floor, Bela Vista, CEP 01310-100, with the Taxpayers' Register of the Ministry of Finance (CNPJ/MF) under No. 07.984.267/0001-00 (hereinafter referred to as the "GRANTOR"), herein represented in accordance with its by-laws, does hereby constitute and appoint:

Mr. Fabio David Rohr, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ████████████ resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (hereinafter referred to as the "ATTORNEY-IN- FACT"), as its <u>legal representative,</u> , with specific powers to individually bind and represent the GRANTOR in its name, place, and stead, in the United States of America, in orderto act in that country  as the representative of the GRANTOR's pending judicial reorganization proceeding pursuant to  Law No. 11.101/05 and other applicable laws (the "<u>Judicial Reorganization Proceeding</u>" ), including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15; the ATTORNEY-IN-FACT being authorized to act as the GRANTOR's agent in *(a)* representing the Judicial Reorganization Proceeding in the United States of America, including to commence, if and when needed, any ancillary recognition or other proceeding in supportof the Judicial Reorganization Proceeding (a "<u>Supporting Foreign Proceeding</u>") and take any andall actions on behalf of the GRANTOR (to theextent allowed under applicable law) that the ATTORNEY-IN-FACT deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding, and *(b)* performing all acts necessary for the faithful execution of this Power of Attorney.

All the documents signed by the ATTORNEY-IN-FACT shall comply with the limits set forth in the Articles of Incorporation of the GRANTOR and the delegation of powers will not be allowed. During the term of this Power of Attorney, the ATTORNEY-IN-FACT shall act ethically and pursuant to the terms of the Brazilian anti- corruption laws or any other anti-corruption laws applicable to this Power of Attorney, especially theUnited States Foreign Corrupt Practices Act – Act 15 U.S.C. §§ 78dd-l et seq. ("<u>FCPA</u>") and the Brazilian Law No. 12,846/2013, and its respective regulations (the "<u>Anti-Corruption Rules</u>"), the

comprometendo-se o OUTORGADO a abster-se de qualquer atividade que constitua urna violação das disposições dessas Regras Anticorrupção. O OUTORGADO não está autorizado pela OUTORGANTE a dar, oferecer, pagar prometer pagar ou autorizar o pagamento, direta ou indiretamente, de qualquer dinheiro ou qualquer coisa de valor a qualquer autoridade governamental, consultores, representantes, parceiros ou quaisquer terceiros, para a segurar qualquer vantagem indevida, ou direcionar negócios para qualquer pessoa em violação às Regras Anticorrupção. Qualquer descumprimento das Regras Anticorrupção pelo OUTORGADO, em qualquer um dos seus aspectos, ensejará a revogação motivada imediata do presente mandato, podendo a OUTORGANTE tomar as medidas administrativas e judiciais cabíveis contra o OUTORGADO.

São Paulo, 07 de junho de 2024

ATTORNEY-IN-FACT undertaking to refrain from any action that violates any provisions of such Anti-Corruption Rules. The ATTORNEY-IN- FACT is not authorized by the GRANTOR to give,offer, pay, promise to pay, or otherwise authorize the payment of, direct- or indirectly, any money or anything of value to any officer or employee of any government, consultants, agents, business partners, or third-parties for the purpose of securing anyimproper advantage for, or directing any business to, any person, in violation of the Anti-Corruption Rules. Any violation of the Anti-Corruption Rules by the ATTORNEY-IN-FACT, in any aspect, will give rise to the immediate revocation with cause ofthis Power of Attorney the GRANTOR being entitled to seek all administrative and judicial measures against the ATTORNEY-IN-FACT.

São Paulo, June, 07,2024

**OUTORGANTE**
STARBUCKS BRASIL COMÉRCIO DE CAFÉS LTDA. – Em recuperação judicial

**GRANTOR**
STARBUCKS BRASIL COMÉRCIO DE CAFÉS LTDA. – In judicial reorganization

**D4Sign** 15a5ec33-184c-4ce3-8a83-4f728e866a00 - Para confirmar as assinaturas acesse https://secure.d4sign.com.br/verificar
Documento assinado eletronicamente, conforme MP 2.200-2/01, Art. 10º, §2.



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 09:02:24



## ATA - Reunião Diretoria - outorga de Representante Estrangeiro Starbucks pdf
Código do documento 15a5ec33-184c-4ce3-8a83-4f728e866a00



Anexo: Procuração - Representante Estrangeiro_Starbucks.pdf

## Assinaturas



KENNETH STEVEN POPE:23348988802
Certificado Digital
ken.pope@southrockcapital.com
Assinou como parte

ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886
Certificado Digital
antonio.neves@southrockcapital.com
Assinou como parte

FABIO DAVID ROHR:07357897893
Certificado Digital
fabio.rohr@southrockcapital.com
Assinou como parte

CLAUDIA MARISA DA SILVA MALAGUERRA:77595831504
Certificado Digital
cmalaguerra@starbucks.com.br
Assinou como parte

CHRISTIANE BELLO MOYANO
Certificado Digital
Christiane.bello@southrock.com.br
Assinou como Anuente

## Eventos do documento

**11 Jun 2024, 16:11:48**
Documento 15a5ec33-184c-4ce3-8a83-4f728e866a00 **criado** por CHRISTIANE BELLO MOYANO
(ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:juridico@southrock.com.br. - DATE_ATOM:
2024-06-11T16:11:48-03:00

**11 Jun 2024, 16:13:23**
Assinaturas **iniciadas** por CHRISTIANE BELLO MOYANO (ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:
juridico@southrock.com.br. - DATE_ATOM: 2024-06-11T16:13:23-03:00

**11 Jun 2024, 16:17:14**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - CHRISTIANE BELLO MOYANO **Assinou como Anuente**
Email: Christiane.bello@southrock.com.br. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta: 18276).
Dados do Certificado: C=BR,O=ICP-Brasil,OU=ORDEM DOS ADVOGADOS DO BRASIL CONSELHO FEDERAL,OU=AC
OAB G3,OU=A3,CN=CHRISTIANE BELLO MOYANO. - DATE_ATOM: 2024-06-11T16:17:14-03:00



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 09:02:24



**11 Jun 2024, 16:21:23**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - KENNETH STEVEN POPE:23348988802 **Assinou como parte** Email: ken.pope@southrockcapital.com. IP: 189.100.70.0 (bd644600.virtua.com.br porta: 33830). Dados do Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC DIGITAL MULTIPLA G1,OU=A1,CN=KENNETH STEVEN POPE:23348988802. - DATE_ATOM: 2024-06-11T16:21:23-03:00

**11 Jun 2024, 16:28:45**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - CLAUDIA MARISA DA SILVA MALAGUERRA:77595831504 **Assinou como parte** Email: cmalaguerra@starbucks.com.br. IP: 201.92.222.238 (201-92-222-238.dsl.telesp.net.br porta: 12030). Dados do Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC DIGITAL MULTIPLA G1,OU=A1,CN=CLAUDIA MARISA DA SILVA MALAGUERRA:77595831504. - DATE_ATOM: 2024-06-11T16:28:45-03:00

**11 Jun 2024, 16:31:11**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - FABIO DAVID ROHR:07357897893 **Assinou como parte** Email: fabio.rohr@southrockcapital.com. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta: 39702). Dados do Certificado: C=BR,O=ICP-Brasil,OU=Secretaria da Receita Federal do Brasil - RFB,OU=Autoridade Certificadora SERPRORFBv5,OU=A1,CN=FABIO DAVID ROHR:07357897893. - DATE_ATOM: 2024-06-11T16:31:11-03:00

**11 Jun 2024, 17:51:25**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886 **Assinou como parte** Email: antonio.neves@southrockcapital.com. IP: 85.245.199.98 (bl12-199-98.dsl.telepac.pt porta: 34720). Dados do Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC DIGITAL MULTIPLA G1,OU=A1,CN=ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886. - DATE_ATOM: 2024-06-11T17:51:25-03:00

Hash do documento original
(SHA256):430e47c33c3d9425f747a692b9b1584bfc50b3bbd33bca2d3d8cb401269718ca
(SHA512):d972aa2ea78b7eb8505315424eb2fa96113f4f602d9b3c286ce9ea36550e19b574eeca73f816c4285156b2c2da3aacbad02acac57106a25f55de27ccade0baa2

Hash dos documentos anexos
Nome:    Procuração - Representante Estrangeiro_Starbucks.pdf
(SHA256):8d28e310812fdd254b2b408995f7758d85b5446948c4aff261c7da8a97a4af7a
(SHA512):275286a0add8e744d8993e7c399570afec4e1700bb5799498ed0b2b9edfa81f0046d20c93f51e0339db3ece361f07b9de0e405983837b824cbcb5b40c7736895

Esse log pertence **única** e **exclusivamente** aos documentos de HASH acima

**Esse documento está assinado e certificado pela D4Sign**

SW DO BRASIL LTDA. – Em recuperação judicial
CNPJ/ME Nº 02.891.567/0001-20
NIRE 35.218.186.621

SW DO BRASIL LTDA. – Em recuperação judicial
CNPJ/ME Nº 02.891.567/0001-20
NIRE 35.218.186.621

**ATA DA REUNIÃO DE DIRETORIA REALIZADA EM  07 DE JUNHO DE 2024**

**MINUTES OF THE MEETING OF BOARD OF DIRECTORS, HELD ON JUNE 07, 2024**

I. **DATA, HORA E LOCAL**: Em 07 de junho de 2024, às 11 horas, na sede social da Companhia, localizada na Cidade de São Paulo (RJ), na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100.

I. **DATE, TIME AND PLACE:** on June 07, 2024, at 11 a.m., at the Company's headquarters, located in the City of São Paulo (SP), at Avenida Paulista, 1294, 14º andar, Bela Vista, CEP: 01310-100.

II. **CONVOCAÇÃO E PRESENÇA**: Presente a totalidade dos membros da Diretoria, a saber: (i) Kenneth Steven Pope;

II. **QUORUM AND ATTENDANCE:** All of the Board of Officers Members were present, namely: (i) Kenneth Steven Pope;

III. **MESA:** Presidente da Mesa: Kenneth Steven Pope, Secretário: Christiane Bello Moyano.

III. **BOARD**: Kenneth Steven Pope, Secretary: Christiane Bello Moyano.

IV. **ORDEM DO DIA:** Em decorrência do ajuizamento do pedido de recuperação judicial pela Companhia, conforme aprovado na reunião de sócios realizada na data de 05 de janeiro de 2024 ("Recuperação Judicial"), deliberar acerca da outorga de procuração pela Companhia ao Sr. Fabio David Rohr para representar a Companhia nos Estados Unidos da América e atuar como representante Da Recuperação Judicial naquela jurisdição.

IV. **AGENDA**: As a result of the Company's filing for judicial reorganization, as approved in the partners meeting occurred on the date of January 05, 2024 ("Reorganization Proceeding"), resolve on the granting of a power of attorney by the Company to Mr. Fabio David Rohr to represent the Company in the United States of America, and act in that jurisdiction as the representative      of the  Company in the Judicial Reorganization Proceeding.

V. **DELIBERAÇÕES**: Após exame e discussão da matéria da Ordem do Dia, considerando o cenário da Recuperação Judicial no Brasil, os Diretores aprovaram, por unanimidade, a nomeação e a outorga de procuração pela Companhia, ao Sr. **Fabio David Rohr**, brasileiro, casado, administrador de empresas, inscrito no  CPF/MF sob o nº▇▇▇▇▇▇▇ ▇▇ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 ("Representante Estrangeiro"), com poderes para representar a Companhia nos Estados Unidos da América e atuar como representante no Processo de Recuperação Judicial nos Estados Unidos, incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos. O Representante Estrangeiro, por meio da procuração, poderá atuar como agente da Companhia na *(a)* representação dos Processo de Recuperação Judicial nos Estados Unidos, incluindo para iniciar, se e quando necessário, qualquer qualquer processo auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo

V. **DELIBERATIONS:** After examining and discussing the matter of the Agenda, due to the scenario of the Reorganization Proceeding in Brazil, the Officers have unanimously approved and the Company's appointment of and granting of a power of attorney to Mr. **Fabio David Rohr**, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No.▇▇▇▇▇▇▇▇ resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (the "Foreign Representative"), with powers to represent the Company in the United States of America, and act in that country as the representative of the  Company in the Judicial Reorganization Proceeding in the United States, including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15. The Foreign Representative, throughout the Power of Attorney, will be authorized to act as the Company's agent (a) representing the Judicial Reorganization Proceeding in the United States, including to commence, if and when needed, any supporting

Auxiliar") e adotar quaisquer e todas as medidas em nome da Companhia (conforme permitido pela lei aplicável) que o Representante Estrangeiro considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e *(b)* prática de todos os atos necessários para o fiel cumprimento do mandato.

proceeding to assist or recognize the Judicial Proceeding ("Supporting Proceeding") and take any and all actions on behalf of the Company (to the extent allowed under applicable law) that the Foreign Representative deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding and (b) performing all acts necessary for the faithful execution of the Power of Attorney.

VI. **ENCERRAMENTO:** Nada mais a tratar, foi encerrada a presente reunião e lavrada a presente ata que, depois de lida e achada conforme, foi assinada pelos presentes.

VI. **CLOSING:** Nothing further to discuss, the present meeting was adjourned and the present minutes were drawn up, which, after being read and found to be in conformity, were signed by those present.

VII. **ASSINATURAS**: Mesa: Kenneth Steven Pope, Presidente; Christiane Bello Moyano, Secretária; Diretor Presente: Kenneth Steven Pope;

VII.**SIGNATURES:** Board: Kenneth Steven Pope, Secretary; Christiane Bello Moyano, Secretary; Director Present: Kenneth Steven Pope;

**Mesa:**

_____
Presidente/President - Kenneth Steven Pope;

_____
Secretário/Secretary

**Diretores presente/Directors present:**

_____
Kenneth Steven Pope

**PROCURACAO**

**POWER OF ATTORNEY**

Pelo presente instrumento particular SW DO BRASIL LTDA – Em recuperação judicial, companhia existente de acordo com as leis da República Federativa do Brasil, com sede na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100, inscrita perante o Cadastro Nacional de Pessoas Jurídicas do Ministério da Fazenda (CNPJ/MF) sob o n° 02.891.567/0001-20 (doravante designada "OUTORGANTE"), neste ato representada de acordo com o seu Estatuto Social, nomeia e constitui:

By this private instrument SW DO BRASIL LTDA. – In judicial reorganization, a company existing in accordance with the laws of the Federative Republic of Brazil, with its registered office at Avenida Paulista, 1294, 14th floor, Bela Vista, CEP 01310-100, with the Taxpayers' Register of the Ministry of Finance (CNPJ/MF) under No. 02.891.567/0001-20 (hereinafter referred to as the "GRANTOR"), herein represented in accordance with its by-laws, does hereby constitute and appoint:

o Sr. Fabio David Rohr, brasileiro, casado, administrador de empresas, portador da cédula de identidade nº ▮▮▮▮▮▮▮▮▮, inscrito no CPF/MF sob o nº ▮▮▮▮ ▮▮ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 (doravante designado "OUTORGADO"). como seu representante legal, com poderes específicos para, em seu nome e benefício, obrigar e representar individualmente a OUTORGANTE nos Estados Unidos da América, com a finalidade de atuar naquele país como representante do processo de recuperação judicial ajuizado pela Companhia, nos termos da Lei No. 11.101/05 e outras leis aplicáveis ("Processo de Recuperação Judicial"), incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos; podendo o OUTORGADO atuar como agente da OUTORGANTE na (a) representação dos Processo de Recuperação Judicial nos Estados Unidos da América, incluindo para iniciar, se e quando necessário, qualquer processo auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da OUTORGANTE (conforme permitido pela lei aplicável) que o OUTORGADO considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e (b) praticar todos os atos necessários para o fiel cumprimento do presente mandato.

Mr. Fabio David Rohr, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ▮▮▮▮▮▮▮▮, resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (hereinafter referred to as the "ATTORNEY-IN- FACT"), as its <u>legal representative,</u> , with specific powers to individually bind and represent the GRANTOR in its name, place, and stead, in the United States of America, in order to act in that country as the representative of the GRANTOR's pending judicial reorganization proceeding pursuant to Law No. 11.101/05 and other applicable laws (the "<u>Judicial Reorganization Proceeding</u>"), including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15; the ATTORNEY-IN-FACT being authorized to act as the GRANTOR's agent in *(a)* representing the Judicial Reorganization Proceeding in the United States of America, including to commence, if and when needed, any ancillary recognition or other proceeding in support of the Judicial Reorganization Proceeding (a "<u>Supporting Foreign Proceeding</u>") and take any and all actions on behalf of the GRANTOR (to the extent allowed under applicable law) that the ATTORNEY-IN-FACT deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding, and *(b)* performing all acts necessary for the faithful execution of this Power of Attorney.

Todos os documentos assinados pelo OUTORGADO obedecerão aos limites estabelecidos no Estatuto Social da OUTORGANTE, sendo vedado o seu substabelecimento. O OUTORGADO deve, durante a vigência do presente mandato, conduzir seus atos de forma ética e em conformidade com os termos das leis anticorrupção brasileiras ou de quaisquer outras aplicáveis sobre o objeto do presente instrumento, em especial o Foreign Corrupt Practices Act - Act, 15 U.S.C. §§ 78dd-l e seguintes dos Estados Unidos da América ("FCPA") e a Lei brasileira n° 12.846/2013 e sua respectiva regulamentação ("Regras Anticorrupção")

All the documents signed by the ATTORNEY-IN-FACT shall comply with the limits set forth in the Articles of Incorporation of the GRANTOR and the delegation of powers will not be allowed. During the term of this Power of Attorney, the ATTORNEY-IN-FACT shall act ethically and pursuant to the terms of the Brazilian anti- corruption laws or any other anti-corruption laws applicable to this Power of Attorney, especially the United States Foreign Corrupt Practices Act – Act 15 U.S.C. §§ 78dd-l et seq. ("<u>FCPA</u>") and the Brazilian Law No. 12,846/2013, and its respective regulations (the "<u>Anti-Corruption Rules</u>"), the

comprometendo-se o OUTORGADO a abster-se de qualquer atividade que constitua urna violação das disposições dessas Regras Anticorrupção. O OUTORGADO não está autorizado pela OUTORGANTE a dar, oferecer, pagar prometer pagar ou autorizar o pagamento, direta ou indiretamente, de qualquer dinheiro ou qualquer coisa de valor a qualquer autoridade governamental, consultores, representantes, parceiros ou quaisquer terceiros, para a segurar qualquer vantagem indevida, ou direcionar negócios para qualquer pessoa em violação às Regras Anticorrupção. Qualquer descumprimento das Regras Anticorrupção pelo OUTORGADO, em qualquer um dos seus aspectos, ensejará a revogação motivada imediata do presente mandato, podendo a OUTORGANTE tomar as medidas administrativas e judiciais cabíveis contra o OUTORGADO.

São Paulo, 07 de junho de 2024

**OUTORGANTE**
SW DO BRASIL LTDA – Em recuperação judicial

ATTORNEY-IN-FACT undertaking to refrain from any action that violates any provisions of such Anti-Corruption Rules. The ATTORNEY-IN- FACT is not authorized by the GRANTOR to give, offer, pay, promise to pay, or otherwise authorize the payment of, direct- or indirectly, any money or anything of value to any officer or employee of any government, consultants, agents, business partners, or third-parties for the purpose of securing any improper advantage for, or directing any business to, any person, in violation of the Anti-Corruption Rules. Any violation of the Anti-Corruption Rules by the ATTORNEY-IN-FACT, in any aspect, will give rise to the immediate revocation with cause of this Power of Attorney the GRANTOR being entitled to seek all administrative and judicial measures against the ATTORNEY-IN-FACT.

São Paulo, June, 07,2024

**GRANTOR**
SW DO BRASIL LTDA. – In judicial reorganization



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 11 de June de 2024, 16:53:09



ATA - Reunião Diretoria - outorga de Representante Estrangeiro
SW do Brasil pdf
Código do documento 81b370b6-1677-4169-814d-f8fcbf25696c

Anexo: Procuração - Representante Estrangeiro_SW Brasil.pdf



## Assinaturas


KENNETH STEVEN POPE:23348988802
Certificado Digital
ken.pope@southrockcapital.com
Assinou como parte


CHRISTIANE BELLO MOYANO
Certificado Digital
Christiane.bello@southrock.com.br
Assinou como parte

## Eventos do documento

**11 Jun 2024, 16:02:57**
Documento 81b370b6-1677-4169-814d-f8fcbf25696c **criado** por CHRISTIANE BELLO MOYANO
(ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:juridico@southrock.com.br. - DATE_ATOM:
2024-06-11T16:02:57-03:00

**11 Jun 2024, 16:05:25**
Assinaturas **iniciadas** por CHRISTIANE BELLO MOYANO (ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:
juridico@southrock.com.br. - DATE_ATOM: 2024-06-11T16:05:25-03:00

**11 Jun 2024, 16:17:26**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - CHRISTIANE BELLO MOYANO **Assinou como parte**
Email: Christiane.bello@southrock.com.br. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta: 18276).
Dados do Certificado: C=BR,O=ICP-Brasil,OU=ORDEM DOS ADVOGADOS DO BRASIL CONSELHO FEDERAL,OU=AC
OAB G3,OU=A3,CN=CHRISTIANE BELLO MOYANO. - DATE_ATOM: 2024-06-11T16:17:26-03:00

**11 Jun 2024, 16:23:29**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - KENNETH STEVEN POPE:23348988802 **Assinou como
parte** Email: ken.pope@southrockcapital.com. IP: 189.100.70.0 (bd644600.virtua.com.br porta: 47554). Dados do
Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC DIGITAL MULTIPLA G1,OU=A1,CN=KENNETH STEVEN
POPE:23348988802. - DATE_ATOM: 2024-06-11T16:23:29-03:00

Hash do documento original
(SHA256):3defe2ff32883693b1608c0c2efe21c57e7dbbe25524eb085dc5c04f78c89c98
(SHA512):73f93d680334ec826c2d0b74eae886fcf1e323f8dd9e53cc23799194a920cbdcd64657fa44e70c5217221ba1014aca479a6c54079c32ed3b9443c350f6e7c9d5



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 11 de June de 2024, 16:53:09



Hash dos documentos anexos

Nome:    Procuração - Representante Estrangeiro_SW Brasil.pdf
(SHA256):60ccf2137c72be07a521038f06f2ab82a4e5e572b064cc9dcbc60ec73b92fc69
(SHA512):bd1d9f515fb62b9f24b6a353e898634dffbe6931bc9907013a6ef6399a0fce7eb8df105b90c77e5fc15c24f8b7d8d4bcb4ce96dcb04beb51a8514f7800f4738b

Esse log pertence **única** e **exclusivamente** aos documentos de HASH acima

**Esse documento está assinado e certificado pela D4Sign**

SW STORES DO BRASIL LTDA. – Em
recuperação judicial
CNPJ/ME N° 44.654.271/0001-36
NIRE 35.238.336.840

SW STORES DO BRASIL LTDA. – Em
recuperação judicial
CNPJ/ME N° 44.654.271/0001-36
NIRE 35.238.336.840

**ATA DA REUNIÃO DE DIRETORIA REALIZADA EM  07 DE JUNHO DE 2024**

**MINUTES OF THE MEETING OF BOARD OF DIRECTORS, HELD ON JUNE 07, 2024**

I.  **DATA, HORA E LOCAL**: Em 07 de junho de 2024, às 11 horas, na sede social da Companhia, localizada na Cidade de São Paulo (RJ), na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100.

I.  **DATE, TIME AND PLACE:** on June 07, 2024, at 11 a.m., at the Company's headquarters, located in the City of São Paulo (SP), at Avenida Paulista, 1294, 14º andar, Bela Vista, CEP: 01310-100.

II. **CONVOCAÇÃO E PRESENÇA**: Presente a totalidade dos membros da Diretoria, a saber: (i) Kenneth Steven Pope;

II. **QUORUM AND ATTENDANCE:** All of the Board of Officers Members were present, namely: (i) Kenneth Steven Pope;

III.  **MESA:** Presidente da Mesa: Kenneth Steven Pope, Secretário: Christiane Bello Moyano.

III.  **BOARD**: Kenneth Steven Pope, Secretary: Christiane Bello Moyano.

IV. **ORDEM DO DIA:** Em decorrência do ajuizamento do pedido de recuperação judicial pela Companhia, conforme aprovado na reunião de sócios realizada na data de 05 de janeiro de 2024 ("Recuperação Judicial"), deliberar acerca da outorga de procuração pela Companhia ao Sr. Fabio David Rohr para representar a Companhia nos Estados Unidos da América e atuar como representante Da Recuperação Judicial naquela jurisdição.

IV. **AGENDA**: As a result of the Company's filing for judicial reorganization, as approved in the partners meeting occurred on the date of January 05, 2024 ("Reorganization Proceeding"), resolve on the granting of a power of attorney by the Company to Mr. Fabio David Rohr to represent the Company in the United States of America, and act in that jurisdiction as the representative          of the  Company in the Judicial Reorganization Proceeding.

V.  **DELIBERAÇÕES**: Após exame e discussão da matéria da Ordem do Dia, considerando o cenário da Recuperação Judicial no Brasil, os Diretores aprovaram, por unanimidade, a nomeação e a outorga de procuração pela Companhia, ao Sr. **Fabio David Rohr**, brasileiro, casado, administrador de empresas, inscrito no CPF/MF sob o nº ▮▮ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 ("Representante Estrangeiro"), com poderes para representar a Companhia nos EstadosUnidos da América e atuar como representante no Processo de Recuperação Judicial nos Estados Unidos, incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos. O Representante Estrangeiro, por meio da procuração, poderá atuar como agente da Companhia na *(a)* representação do Processo de Recuperação Judicial nos Estados Unidos, incluindo para iniciar, se e quando necessário, qualquer qualquer processo auxiliar ou de reconhecimento em suporte ao

V. **DELIBERATIONS:** After examining and discussing the matter of the Agenda, due to the scenario of the Reorganization Proceeding in Brazil, the Officers have unanimously approved and the Company's appointment of and granting of a power of attorney to Mr. **Fabio David Rohr**, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ▮▮ resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (the "Foreign Representative"), with powers to represent the Company in the United States of America, and act in that country as the representative of the  Company in the Judicial Reorganization Proceeding in the United States, including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15. The Foreign Representative, throughout the Power of Attorney, will be authorized to act as the Company's agent (a) representing the Judicial          Reorganization Proceeding in the United States, including to

Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da Companhia (conforme permitido pela lei aplicável) que o Representante Estrangeiro considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e *(b)* prática de todos os atos necessários para o fiel cumprimento do mandato.

VI. **ENCERRAMENTO:** Nada mais a tratar, foi encerrada a presente reunião e lavrada a presente ata que, depois de lida e achada conforme, foi assinada pelos presentes.

VII. **ASSINATURAS**: Mesa: Kenneth Steven Pope, Presidente; Christiane Bello Moyano, Secretária; Diretor Presente: (i) Kenneth Steven Pope;

commence, if and when needed, any supporting proceeding to assist or recognize the Judicial Proceeding ("Supporting Proceeding") and take any and all actions on behalf of the Company (to the extent allowed under applicable law) that the Foreign Representative deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding and (b) performing all acts necessary for the faithful execution of the Power of Attorney.

VI. **CLOSING:** Nothing further to discuss, the present meeting was adjourned and the present minutes were drawn up, which, after being read and found to be in conformity, were signed by those present.

VII.**SIGNATURES:** Board: Kenneth Steven Pope, Secretary; Christiane Bello Moyano, Secretary; Director Present: Kenneth Steven Pope

**Mesa:**

_____
Presidente/President - Kenneth Steven Pope;

_____
Secretário/Secretary - Christiane Bello Moyano

**Diretor presente/Director present:**

_____
Kenneth Steven Pope

**PROCURACAO**

**POWER OF ATTORNEY**

Pelo presente instrumento particular SW STORES DO BRASIL LTDA. – Em recuperação judicial, companhia existente de acordo com as leis da República Federativa do Brasil, com sede na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100, inscrita perante o Cadastro Nacional de Pessoas Jurídicas do Ministério da Fazenda (CNPJ/MF) sob o n° 44.654.271/0001-36 (doravante designada "OUTORGANTE"), neste ato representada de acordo com o seu Estatuto Social, nomeia e constitui:

o Sr. Fabio David Rohr, brasileiro, casado, administrador de empresas, portador da cédula de identidade nº ▮▮▮▮▮▮▮, inscrito noCPF/MF sob o nº ▮▮ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 (doravante designado "OUTORGADO"). como seu representante legal, com poderes específicos para, em seu nome e benefício, obrigar e representar individualmente a OUTORGANTE nos Estados Unidos da América, com a finalidade de atuar naquele país como representante do processo de recuperação judicial ajuizado pela Companhia, nos termos da Lei No. 11.101/05 e outras leis aplicáveis ("Processo de Recuperação Judicial"), incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos; podendo o OUTORGADO atuar como agente da OUTORGANTE na (a) representação dos Processo de Recuperação Judicial nos Estados Unidos da América, incluindo para iniciar, se e quando necessário, qualquer processo auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da OUTORGANTE (conforme permitido pela lei aplicável) que o OUTORGADO considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e (b) praticar todos os atos necessários para o fiel cumprimento do presente mandato.

Todos os documentos assinados pelo OUTORGADO obedecerão aos limites estabelecidos no Estatuto Social da OUTORGANTE, sendo vedado o seu substabelecimento. O OUTORGADO deve, durante a vigência do presente mandato, conduzir seus atos de forma ética e em conformidade com os termos das leis anticorrupção brasileiras ou de quaisquer outras aplicáveis sobre o objeto do presente instrumento, em especial o Foreign Corrupt Practices Act - Act, 15 U.S.C. §§ 78dd-l e seguintes dos Estados Unidos da América ("FCPA") e a Lei brasileira n° 12.846/2013 e sua respectiva regulamentação ("Regras Anticorrupção") comprometendo-se o OUTORGADO a abster-se de

By this private instrument SW STORES DO BRASIL LTDA. – In judicial reorganization, a company existing in accordance with the laws of the Federative Republic of Brazil, with its registered office at Avenida Paulista, 1294, 14th floor, Bela Vista, CEP 01310-100, with the Taxpayers' Register of the Ministry of Finance (CNPJ/MF) under No. 44.654.271/0001-36 (hereinafter referred to as the "GRANTOR"), herein represented in accordance with its by-laws, does hereby constitute and appoint:

Mr. Fabio David Rohr, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ▮▮▮▮▮▮▮, resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (hereinafter referred to as the "ATTORNEY-IN- FACT"), as its legal representative, , with specific powers to individually bind and represent the GRANTOR in its name, place, and stead, in the United States of America, in orderto act in that country as the representative of the GRANTOR's pending judicial reorganization proceeding pursuant to Law No. 11.101/05 and other applicable laws (the "Judicial Reorganization Proceeding" ), including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15; the ATTORNEY-IN-FACT being authorized to act as the GRANTOR's agent in (a) representing the Judicial Reorganization Proceeding in the United States of America, including to commence, if and when needed, any ancillary recognition or other proceeding in supportof the Judicial Reorganization Proceeding (a "Supporting Foreign Proceeding") and take any andall actions on behalf of the GRANTOR (to theextent allowed under applicable law) that the ATTORNEY-IN-FACT deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding, and (b) performing all acts necessary for the faithful execution of this Power of Attorney.

All the documents signed by the ATTORNEY-IN-FACT shall comply with the limits set forth in the Articles of Incorporation of the GRANTOR and the delegation of powers will not be allowed. During the term of this Power of Attorney, the ATTORNEY-IN-FACT shall act ethically and pursuant to the terms of the Brazilian anti- corruption laws or any other anti-corruption laws applicable to this Power of Attorney, especially theUnited States Foreign Corrupt Practices Act – Act 15 U.S.C. §§ 78dd-l et seq. ("FCPA") and the Brazilian Law No. 12,846/2013, and its respective regulations (the "Anti-Corruption Rules"), the ATTORNEY-IN-FACT undertaking to refrain from any

qualquer atividade que constitua urna violação das disposições dessas Regras Anticorrupção. O OUTORGADO não está autorizado pela OUTORGANTE a dar, oferecer, pagar prometer pagar ou autorizar o pagamento, direta ou indiretamente, de qualquer dinheiro ou qualquer coisa de valor a qualquer autoridade governamental, consultores, representantes, parceiros ou quaisquer terceiros, para a segurar qualquer vantagem indevida, ou direcionar negócios para qualquer pessoa em violação às Regras Anticorrupção. Qualquer descumprimento das Regras Anticorrupção pelo OUTORGADO, em qualquer um dos seus aspectos, ensejará a revogação motivada imediata do presente mandato, podendo a OUTORGANTE tomar as medidas administrativas e judiciais cabíveis contra o OUTORGADO.

São Paulo, 07 de junho de 2024

action that violates any provisions of such Anti-Corruption Rules. The ATTORNEY-IN- FACT is not authorized by the GRANTOR to give, offer, pay, promise to pay, or otherwise authorize the payment of, direct- or indirectly, any money or anything of value to any officer or employee of any government, consultants, agents, business partners, or third-parties for the purpose of securing any improper advantage for, or directing any business to, any person, in violation of the Anti-Corruption Rules. Any violation of the Anti-Corruption Rules by the ATTORNEY-IN-FACT, in any aspect, will give rise to the immediate revocation with cause of this Power of Attorney the GRANTOR being entitled to seek all administrative and judicial measures against the ATTORNEY-IN-FACT.

São Paulo, June, 07, 2024

---

**OUTORGANTE**
SW STORES DO BRASIL LTDA. – Em recuperação judicial

**GRANTOR**
SW STORES DO BRASIL LTDA. – In judicial reorganization

**D4Sign** b3fd7b41-81e8-42d0-b9e7-073c8e169fab - Para confirmar as assinaturas acesse https://secure.d4sign.com.br/verificar
Documento assinado eletronicamente, conforme MP 2.200-2/01, Art. 10º, §2.



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 09:01:27



## ATA - Reunião Diretoria - outorga de Representante Estrangeiro SW Stores pdf
Código do documento b3fd7b41-81e8-42d0-b9e7-073c8e169fab

Anexo: Procuração - Representante Estrangeiro_SW Stores.pdf



## Assinaturas


KENNETH STEVEN POPE:23348988802
Certificado Digital
ken.pope@southrockcapital.com
Assinou como parte


CHRISTIANE BELLO MOYANO
Certificado Digital
Christiane.bello@southrock.com.br
Assinou como Anuente

## Eventos do documento

**11 Jun 2024, 16:06:03**
Documento b3fd7b41-81e8-42d0-b9e7-073c8e169fab **criado** por CHRISTIANE BELLO MOYANO
(ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:juridico@southrock.com.br. - DATE_ATOM:
2024-06-11T16:06:03-03:00

**11 Jun 2024, 16:07:47**
Assinaturas **iniciadas** por CHRISTIANE BELLO MOYANO (ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:
juridico@southrock.com.br. - DATE_ATOM: 2024-06-11T16:07:47-03:00

**11 Jun 2024, 16:17:34**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - CHRISTIANE BELLO MOYANO **Assinou como Anuente**
Email: Christiane.bello@southrock.com.br. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta: 18276).
Dados do Certificado: C=BR,O=ICP-Brasil,OU=ORDEM DOS ADVOGADOS DO BRASIL CONSELHO FEDERAL,OU=AC
OAB G3,OU=A3,CN=CHRISTIANE BELLO MOYANO. - DATE_ATOM: 2024-06-11T16:17:34-03:00

**11 Jun 2024, 16:23:03**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - KENNETH STEVEN POPE:23348988802 **Assinou como
parte** Email: ken.pope@southrockcapital.com. IP: 189.100.70.0 (bd644600.virtua.com.br porta: 47554). Dados do
Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC DIGITAL MULTIPLA G1,OU=A1,CN=KENNETH STEVEN
POPE:23348988802. - DATE_ATOM: 2024-06-11T16:23:03-03:00

Hash do documento original
(SHA256):b432e5498f0cde9f484efa5eab1e81ef92586d5aa20974256bcd3aadc167452c
(SHA512):99bd485133783d7b676f5e60448ae800226f0e799ddf3b279dd9a6280391aea350dc7da7df64a3558afebc5480aa0f6cc072d0bcf584c7d6801fec9e664564c9



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 09:01:27



Hash dos documentos anexos

Nome:    Procuração - Representante Estrangeiro_SW Stores.pdf
(SHA256):6edd66e3f21fc5a6f602be860a8aa54a3c5937b733aded347fa30869dcb4bd8f
(SHA512):ed140f309112b4bf0d51fc0e255a03fbe91f2ade7a8d7c3a22f596e6c3f4d33241dc7a8ee386ae8e972c29ab8a6fb66fda275a1b0e7137bc85e0102945208485

Esse log pertence **única** e **exclusivamente** aos documentos de HASH acima

**Esse documento está assinado e certificado pela D4Sign**

STAR PARTICIPAÇÕES S.A. – Em recuperação judicial
CNPJ/MF nº 27.150.766/0001-09
NIRE 35.300.501.390

STAR PARTICIPAÇÕES S.A. – Em recuperação judicial
CNPJ/MF nº 27.150.766/0001-09
NIRE 35.300.501.390

**ATA DA REUNIÃO DE DIRETORIA REALIZADA EM 07 DE JUNHO DE 2024**

**MINUTES OF THE MEETING OF BOARD OF DIRECTORS, HELD ON JUNE 07, 2024.**

I. **DATA, HORA E LOCAL**: Em 07 de junho de 2024, às 11 horas, na sede social da Companhia, localizada na Cidade de São Paulo (RJ), na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100.

I. **DATE, TIME AND PLACE:** on June 07, 2024, at 11 a.m., at the Company's headquarters, located in the City of São Paulo (SP), at Avenida Paulista, 1294, 14º andar, Bela Vista, CEP: 01310-100.

II. **CONVOCAÇÃO E PRESENÇA**: Presente a totalidade dos membros da Diretoria, a saber: (i) Kenneth Steven Pope; (ii) Fabio David Rohr;

II. **QUORUM AND ATTENDANCE:** All of the Board of Officers Members were present, namely: (i) Kenneth Steven Pope; (ii) Fabio David Rohr;

III. **MESA:** Presidente da Mesa: Kenneth Steven Pope, Secretário: Christiane Bello Moyano.

III. **BOARD**: Kenneth Steven Pope, Secretary: Christiane Bello Moyano.

IV. **ORDEM DO DIA:** Em decorrência do ajuizamento do pedido de recuperação judicial pela Companhia, conforme aprovado na assembleia geral realizada na data de 12 de outubro de 2023 ("Recuperação Judicial"), deliberar acerca da outorga de procuração pela Companhia ao Sr. Fabio David Rohr para representar a Companhia nos Estados Unidos da América e atuar como representante Da Recuperação Judicial naquela jurisdição.

IV. **AGENDA**: As a result of the Company's filing for judicial reorganization, as approved in the shareholders meeting occurred on the date of October 12, 2023 ("Reorganization Proceeding"), resolve on the granting of a power of attorney by the Company to Mr. Fabio David Rohr to represent the Company in the United States of America, and act in that jurisdiction as the representative of the Company in the Judicial Reorganization Proceeding.

V. **DELIBERAÇÕES**: Após exame e discussão da matéria da Ordem do Dia, considerando o cenário da Recuperação Judicial no Brasil, os Diretores aprovaram, por unanimidade, a nomeação e a outorga de procuração pela Companhia, ao Sr. **Fabio David Rohr**, brasileiro, casado, administrador de empresas, inscrito no CPF/MF sob o nº ▮▮ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 ("Representante Estrangeiro"), com poderes para representar a Companhia nos Estados Unidos da América e atuar como representante no Processo de Recuperação Judicial nos Estados Unidos, incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos. O Representante Estrangeiro, por meio da procuração, poderá atuar como agente da Companhia na *(a)* representação dos Processo de Recuperação Judicial nos Estados Unidos, incluindo para iniciar, se e quando necessário, qualquer qualquer processo auxiliar ou de reconhecimento em suporte ao

V. **DELIBERATIONS:** After examining and discussing the matter of the Agenda, due to the scenario of the Reorganization Proceeding in Brazil, the Officers have unanimously approved and the Company's appointment of and granting of a power of attorney to Mr. **Fabio David Rohr**, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ▮▮▮▮▮, resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (the "Foreign Representative"), with powers to represent the Company in the United States of America, and act in that country as the representative of the Company in the Judicial Reorganization Proceeding in the United States, including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15. The Foreign Representative, throughout the Power of Attorney, will be authorized to act as the Company's agent (a) representing the Judicial Reorganization Proceeding in the United States, including to

Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da Companhia (conforme permitido pela lei aplicável) que o Representante Estrangeiro considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e *(b)* prática de todos os atos necessários para o fiel cumprimento do mandato.

commence, if and when needed, any supporting proceeding to assist or recognize the Judicial Proceeding ("Supporting Proceeding") and take any and all actions on behalf of the Company (to the extent allowed under applicable law) that the Foreign Representative deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding and (b) performing all acts necessary for the faithful execution of the Power of Attorney.

VI. **ENCERRAMENTO:** Nada mais a tratar, foi encerrada a presente reunião e lavrada a presente ata que, depois de lida e achada conforme, foi assinada pelos presentes.

VI. **CLOSING:** Nothing further to discuss, the present meeting was adjourned and the present minutes were drawn up, which, after being read and found to be in conformity, were signed by those present.

VII. __ASSINATURAS__: Mesa: Kenneth Steven Pope, Presidente; Christiane Bello Moyano, Secretária; Diretores Presentes: (i) Kenneth Steven Pope; (ii) Fabio David Rohr;

VII. **SIGNATURES:** Board: Kenneth Steven Pope, Secretary; Christiane Bello Moyano, Secretary; Directors present: (i) Kenneth Steven Pope; (ii) Fabio David Rohr;

**Mesa:**

_____
Presidente/President - Kenneth Steven Pope

_____
Secretário/Secretary - Christiane Bello Moyano

**Diretores presente/Directors present:**

_____
Kenneth Steven Pope

_____
Fabio David Rohr;

| PROCURACAO | POWER OF ATTORNEY |
|---|---|

Pelo presente instrumento particular STAR PARTICIPAÇÕES S.A – Em recuperação judicial, companhia existente de acordo com as leis da República Federativa do Brasil, com sede na Avenida Paulista, 1294, 14° andar, Bela Vista, CEP 01310-100, inscrita perante o Cadastro Nacional de Pessoas Jurídicas do Ministério da Fazenda (CNPJ/MF) sob o n° 27.150.766/0001-09 (doravante designada "OUTORGANTE"), neste ato representada de acordo com o seu Estatuto Social, nomeia e constitui:

By this private instrument STAR PARTICIPAÇÕES S.A. – In judicial reorganization, a company existing in accordance with the laws of the Federative Republic of Brazil, with its registered office at Avenida Paulista, 1294, 14th floor, Bela Vista, CEP 01310-100, with the Taxpayers' Register of the Ministry of Finance (CNPJ/MF) under No. 27.150.766/0001-09 (hereinafter referred to as the "GRANTOR"), herein accordance with its by-laws, does hereby constitute and appoint:

o Sr. Fabio David Rohr, brasileiro, casado, administrador de empresas, portador da cédula de identidade n° ██████████, inscrito noCPF/MF sob o n° ██, residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 (doravante designado "OUTORGADO"). como seu representante legal, com poderes específicos para, em seu nome e benefício, obrigar e representar individualmente a OUTORGANTE nos Estados Unidos da América, com a finalidade de atuar naquele país como representante do processo de recuperação judicial ajuizado pela Companhia, nos termos da Lei No. 11.101/05 e outras leis aplicáveis ("Processo de Recuperação Judicial"), incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos; podendo o OUTORGADO atuar como agente da OUTORGANTE na (a) representação dos Processo de Recuperação Judicial nos Estados Unidos da América, incluindo para iniciar, se e quando necessário, qualquer processo auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da OUTORGANTE (conforme permitido pela lei aplicável) que o OUTORGADO considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e (b) praticar todos os atos necessários para o fiel cumprimento do presente mandato.

Mr. Fabio David Rohr, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ██████████, resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (hereinafter referred to as the "ATTORNEY-IN- FACT"), as its legal representative, , with specific powers to individually bind and represent the GRANTOR in its name, place, and stead, in the United States of America, in orderto act in that country  as the representative of the GRANTOR's  pending  judicial reorganization proceeding pursuant to  Law No. 11.101/05 and other applicable laws (the "Judicial Reorganization Proceeding" ), including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15; the ATTORNEY-IN-FACT being authorized to act as the GRANTOR's agent in (a) representing the Judicial Reorganization Proceeding in the United States of America, including to commence, if and when needed, any ancillary recognition or other proceeding in supportof the Judicial Reorganization Proceeding (a "Supporting Foreign Proceeding") and take any andall actions on behalf of the GRANTOR (to theextent allowed under applicable law) that the ATTORNEY-IN-FACT deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding, and (b) performing all acts necessary for the faithful execution of this Power of Attorney.

Todos os documentos assinados pelo OUTORGADO obedecerão aos limites estabelecidos no Estatuto Social da OUTORGANTE, sendo vedado o seu substabelecimento. O OUTORGADO deve, durante a vigência do presente mandato, conduzir seus atos de forma ética e em conformidade com os termos das leis anticorrupção brasileiras ou de quaisquer outras aplicáveis sobre o objeto do presente instrumento, em especial o Foreign Corrupt Practices Act - Act, 15 U.S.C. §§ 78dd-l e seguintes dos Estados Unidos da América ("FCPA") e a Lei brasileira n° 12.846/2013 e sua respectiva regulamentação ("Regras Anticorrupção")

All the documents signed by the ATTORNEY-IN-FACT shall comply with the limits set forth in the Articles of Incorporation of the GRANTOR and the delegation of powers will not be allowed. During the term of this Power of Attorney, the ATTORNEY-IN-FACT shall act ethically and pursuant to the terms of the Brazilian anti- corruption laws or any other anti-corruption laws applicable to this Power of Attorney, especially theUnited States Foreign Corrupt Practices Act – Act 15 U.S.C. §§ 78dd-l et seq. ("FCPA") and the Brazilian Law No. 12,846/2013, and its respective regulations (the "Anti-Corruption Rules"), the

comprometendo-se o OUTORGADO a abster-se de qualquer atividade que constitua urna violação das disposições dessas Regras Anticorrupção. O OUTORGADO não está autorizado pela OUTORGANTE a dar, oferecer, pagar prometer pagar ou autorizar o pagamento, direta ou indiretamente, de qualquer dinheiro ou qualquer coisa de valor a qualquer autoridade governamental, consultores, representantes, parceiros ou quaisquer terceiros, para a segurar qualquer vantagem indevida, ou direcionar negócios para qualquer pessoa em violação às Regras Anticorrupção. Qualquer descumprimento das Regras Anticorrupção pelo OUTORGADO, em qualquer um dos seus aspectos, ensejará a revogação motivada imediata do presente mandato, podendo a OUTORGANTE tomar as medidas administrativas e judiciais cabíveis contra o OUTORGADO.

São Paulo, 07 de junho de 2024

ATTORNEY-IN-FACT undertaking to refrain from any action that violates any provisions of such Anti-Corruption Rules. The ATTORNEY-IN- FACT is not authorized by the GRANTOR to give, offer, pay, promise to pay, or otherwise authorize the payment of, direct- or indirectly, any money or anything of value to any officer or employee of any government, consultants, agents, business partners, or third-parties for the purpose of securing any improper advantage for, or directing any business to, any person, in violation of the Anti-Corruption Rules. Any violation of the Anti-Corruption Rules by the ATTORNEY-IN-FACT, in any aspect, will give rise to the immediate revocation with cause of this Power of Attorney the GRANTOR being entitled to seek all administrative and judicial measures against the ATTORNEY-IN-FACT.

São Paulo, June, 07, 2024

---

**OUTORGANTE**
STAR PARTICIPAÇÕES S.A. – Em recuperação judicial

**GRANTOR**
STAR PARTICIPAÇÕES S.A. – In judicial reorganization

**D4Sign** e6351580-a1a7-41f7-8cc6-b741be740bb4 - Para confirmar as assinaturas acesse https://secure.d4sign.com.br/verificar
Documento assinado eletronicamente, conforme MP 2.200-2/01, Art. 10º, §2.



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 09:24:52



ATA - Reunião Diretoria - outorga de Representante Estrangeiro
Star Participações pdf
Código do documento e6351580-a1a7-41f7-8cc6-b741be740bb4



Anexo: Procuração - Representante Estrangeiro_Star Participações.pdf

## Assinaturas


KENNETH STEVEN POPE:23348988802
Certificado Digital
ken.pope@southrockcapital.com
Assinou como parte


Fabio David Rohr
fabio.rohr@southrockcapital.com
Assinou como parte




CHRISTIANE BELLO MOYANO
Certificado Digital
Christiane.bello@southrock.com.br
Assinou como Anuente

## Eventos do documento

**11 Jun 2024, 16:01:10**
Documento e6351580-a1a7-41f7-8cc6-b741be740bb4 **criado** por CHRISTIANE BELLO MOYANO
(ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:juridico@southrock.com.br. - DATE_ATOM:
2024-06-11T16:01:10-03:00

**11 Jun 2024, 16:02:35**
Assinaturas **iniciadas** por CHRISTIANE BELLO MOYANO (ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:
juridico@southrock.com.br. - DATE_ATOM: 2024-06-11T16:02:35-03:00

**11 Jun 2024, 16:04:13**
FABIO DAVID ROHR **Assinou como parte** (fe50d135-68e9-402c-9d17-06e83dbca98b) - Email:
Fabio.rohr@southrockcapital.com - IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta: 22690) -
Documento de identificação informado: 073.578.978-93 - DATE_ATOM: 2024-06-11T16:04:13-03:00

**11 Jun 2024, 16:24:19**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - KENNETH STEVEN POPE:23348988802 **Assinou como
parte** Email: ken.pope@southrockcapital.com. IP: 189.100.70.0 (bd644600.virtua.com.br porta: 31252). Dados do
Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC DIGITAL MULTIPLA G1,OU=A1,CN=KENNETH STEVEN
POPE:23348988802. - DATE_ATOM: 2024-06-11T16:24:19-03:00

**12 Jun 2024, 09:23:26**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - CHRISTIANE BELLO MOYANO **Assinou como Anuente**



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 09:24:52



Email: Christiane.bello@southrock.com.br. IP: 189.98.240.215 (ip-189-98-240-215.user.vivozap.com.br porta: 26716). Dados do Certificado: C=BR,O=ICP-Brasil,OU=ORDEM DOS ADVOGADOS DO BRASIL CONSELHO FEDERAL,OU=AC OAB G3,OU=A3,CN=CHRISTIANE BELLO MOYANO. - DATE_ATOM: 2024-06-12T09:23:26-03:00

Hash do documento original
(SHA256):0f71ec9b69cb282e9a0ae1e473e7d01425fbf4ac17838aa750617282dbc9d529
(SHA512):a43f93f376d46ab34ebcc2f380e5bed2e309d27d6a5134939c3a6cbd1a280535b64f1a72b709031998592f270a7c07eacbae5c4705b8e964dcca0a8c0c09e2cc

Hash dos documentos anexos
Nome:    Procuração - Representante Estrangeiro_Star Participações.pdf
(SHA256):68ac4be83f2414e0184442b1a35850bbb0eaa478865078250cd83f7c1bfc674e
(SHA512):a7ae17db2152b846033c43bd92d0398870ab32fa981d2e46f2dd7bb2b74015ed39df215fb8576836c04855d6bcc1c3079a3bb53c9573fd9688744b3a00a8901b

Esse log pertence **única** e **exclusivamente** aos documentos de HASH acima

**Esse documento está assinado e certificado pela D4Sign**

WAHALLA LTDA. – Em recuperação judicial
CNPJ/ME Nº 38.22.496/0001-10
NIRE 35236282688

WAHALLA LTDA. – Em recuperação judicial
CNPJ/ME Nº 38.22.496/0001-10
NIRE 35236282688

**ATA DA REUNIÃO DE DIRETORIA REALIZADA EM 07 DE JUNHO DE 2024**

**MINUTES OF THE MEETING OF BOARD OF DIRECTORS, HELD ON JUNE 07, 2024**

I. **DATA, HORA E LOCAL**: Em 07 de junho de 2024, às 11 horas, na sede social da Companhia, localizada na Cidade de São Paulo (RJ), na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100.

I. **DATE, TIME AND PLACE:** on June 07, 2024, at 11 a.m., at the Company's headquarters, located in the City of São Paulo (SP), at Avenida Paulista, 1294, 14º andar, Bela Vista, CEP: 01310-100.

II. **CONVOCAÇÃO E PRESENÇA**: Presente a totalidade dos membros da Diretoria, a saber: (i) Kenneth Steven Pope (ii); Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

II. **QUORUM AND ATTENDANCE:** All of the Board of Officers Members were present, namely: (i) Kenneth Steven Pope (ii); Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

III. **MESA:** Presidente da Mesa: Kenneth Steven Pope, Secretário: Christiane Bello Moyano.

III. **BOARD**: Kenneth Steven Pope, Secretary: Christiane Bello Moyano.

IV. **ORDEM DO DIA:** Em decorrência do ajuizamento do pedido de recuperação judicial pela Companhia, conforme aprovado na reunião de sócios realizada na data de 12 de outubro de 2023 ("Recuperação Judicial"), deliberar acerca da outorga de procuração pela Companhia ao Sr. Fabio David Rohr para representar a Companhia nos Estados Unidos da América e atuar como representante Da Recuperação Judicial naquela jurisdição.

IV. **AGENDA**: As a result of the Company's filing for judicial reorganization, as approved in the partners meeting occurred on the date of October 12, 2023 ("Reorganization Proceeding"), resolve on the granting of a power of attorney by the Company to Mr. Fabio David Rohr to represent the Company in the United States of America, and act in that jurisdiction as the representative of the Company in the Judicial Reorganization Proceeding.

V. **DELIBERAÇÕES**: Após exame e discussão da matéria da Ordem do Dia, considerando o cenário da Recuperação Judicial no Brasil, os Diretores aprovaram, por unanimidade, a nomeação e a outorga de procuração pela Companhia, ao Sr. **Fabio David Rohr**, brasileiro, casado, administrador de empresas, inscrito no CPF/MF sob o nº ▮▮▮ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 ("Representante Estrangeiro"), com poderes para representar a Companhia nos EstadosUnidos da América e atuar como representante no Processo de Recuperação Judicial nos Estados Unidos, incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capitulo 15 do título 11 do Código dos Estados Unidos. O Representante Estrangeiro, por meio da procuração, poderá atuar como agente da Companhia na *(a)* representação dos Processo de Recuperação Judicial nos Estados Unidos, incluindo para iniciar, se e quando necessário, qualquer qualquer processo auxiliar ou de reconhecimento em suporte ao

V. **DELIBERATIONS:** After examining and discussing the matter of the Agenda, due to the scenario of the Reorganization Proceeding in Brazil, the Officers have unanimously approved and the Company's appointment of and granting of a power of attorney to Mr. **Fabio David Rohr**, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ▮▮▮, resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (the "Foreign Representative"), with powers to represent the Company in the United States of America, and act in that country as the representative of the Company in the Judicial Reorganization Proceeding in the United States, including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15. The Foreign Representative, throughout the Power of Attorney, will be authorized to act as the Company's agent (a) representing the Judicial Reorganization Proceeding in the United States, including to

Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da Companhia (conforme permitido pela lei aplicável) que o Representante Estrangeiro considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e *(b)* prática de todos os atos necessários para o fiel cumprimento do mandato.

commence, if and when needed, any supporting proceeding to assist or recognize the Judicial Proceeding ("Supporting Proceeding") and take any and all actions on behalf of the Company (to the extent allowed under applicable law) that the Foreign Representative deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding and (b) performing all acts necessary for the faithful execution of the Power of Attorney.

VI. **ENCERRAMENTO:** Nada mais a tratar, foi encerrada a presente reunião e lavrada a presente ata que, depois de lida e achada conforme, foi assinada pelos presentes.

VI. **CLOSING:** Nothing further to discuss, the present meeting was adjourned and the present minutes were drawn up, which, after being read and found to be in conformity, were signed by those present.

VII. **ASSINATURAS**: Mesa: Kenneth Steven Pope, Presidente; Christiane Bello Moyano, Secretária; Diretores Presentes: (i) Kenneth Steven Pope (ii); Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

VII. **SIGNATURES:** Board: Kenneth Steven Pope, Secretary; Christiane Bello Moyano, Secretary; Directors Presents: (i) Kenneth Steven Pope (ii); Antonio Jose Rocheta Neves; (iii) Fabio David Rohr;

**Mesa:**

_____
Presidente/President - Kenneth Steven Pope

_____
Secretário/Secretary - Christiane Bello Moyano

**Diretor presente/Director present:**

_____
Kenneth Steven Pope

_____
Antonio Jose Rocheta Neves

_____
Fabio David Rohr

**PROCURACAO**

**POWER OF ATTORNEY**

Pelo presente instrumento particular WAHALLA LTDA – Em recuperação judicial, companhia existente de acordo com as leis da República Federativa do Brasil, com sede na Avenida Paulista, 1294, 14º andar, Bela Vista, CEP 01310-100, inscrita perante o Cadastro Nacional de Pessoas Jurídicas do Ministério da Fazenda (CNPJ/MF) sob o n° 38.22.496/0001-10 (doravante designada "OUTORGANTE"), neste ato representada de acordo com o seu Estatuto Social, nomeia e constitui:

By this private instrument WAHALLA LTDA. – In judicial reorganization, a company existing in accordance with the laws of the Federative Republic of Brazil, with its registered office at Avenida Paulista, 1294, 14th floor, Bela Vista, CEP 01310-100, with the Taxpayers' Register of the Ministry of Finance (CNPJ/MF) under No. 38.22.496/0001-10 hereinafter referred to as the "GRANTOR"), herein represented in accordance with its by-laws, does hereby constitute and appoint:

o Sr. Fabio David Rohr, brasileiro, casado, administrador de empresas, portador da cédula de identidade nº ▮▮▮▮▮▮▮▮▮ inscrito no CPF/MF sob o n° ▮▮▮ residente e domiciliado na cidade e estado de São Paulo, na Rua São Vicente de Paula, 339, apto. 191 – Higienópolis, CEP: 01229-010 (doravante designado "OUTORGADO"). como seu representante legal, com poderes específicos para, em seu nome e benefício, obrigar e representar individualmente a OUTORGANTE nos Estados Unidos da América, com a finalidade de atuar naquele país como representante do processo de recuperação judicial ajuizado pela Companhia, nos termos da Lei No. 11.101/05 e outras leis aplicáveis ("Processo de Recuperação Judicial"), incluindo poderes para buscar qualquer medida disponível a um "representante estrangeiro", conforme definido no Capítulo 15 do título 11 do Código dos Estados Unidos; podendo o OUTORGADO atuar como agente da OUTORGANTE na (a) representação dos Processo de Recuperação Judicial nos Estados Unidos da América, incluindo para iniciar, se e quando necessário, qualquer processo auxiliar ou de reconhecimento em suporte ao Processo de Recuperação Judicial ("Processo Auxiliar") e adotar quaisquer e todas as medidas em nome da OUTORGANTE (conforme permitido pela lei aplicável) que o OUTORGADO considere necessário para efetivar tal medida e qualquer outra medida relacionada que ele considere prudente buscar no Processo Auxiliar e (b) praticar todos os atos necessários para o fiel cumprimento do presente mandato.

Mr. Fabio David Rohr, Brazilian, married, business administrator, enrolled with the National Taxpayers' Registry (CPF/MF) under No. ▮▮▮▮▮▮▮▮ resident in the City and State of São Paulo (SP), with address located at Rua São Vicente de Paula, 339, apto. 191, Higienópolis, CEP: 01229-010 (hereinafter referred to as the "ATTORNEY-IN- FACT"), as its <u>legal representative,</u> , with specific powers to individually bind and represent the GRANTOR in its name, place, and stead, in the United States of America, in order to act in that country as the representative of the GRANTOR's pending judicial reorganization proceeding pursuant to Law No. 11.101/05 and other applicable laws (the "<u>Judicial Reorganization Proceeding</u>"), including powers for seeking any relief available to a "foreign representative", as defined in the US Code, title 11, Chapter 15; the ATTORNEY-IN- FACT being authorized to act as the GRANTOR's agent in *(a)* representing the Judicial Reorganization Proceeding in the United States of America, including to commence, if and when needed, any ancillary recognition or other proceeding in support of the Judicial Reorganization Proceeding (a "<u>Supporting Foreign Proceeding</u>") and take any and all actions on behalf of the GRANTOR (to the extent allowed under applicable law) that the ATTORNEY-IN-FACT deems necessary for such relief and any further related relief that he deems prudent to seek in the Supporting Foreign Proceeding, and *(b)* performing all acts necessary for the faithful execution of this Power of Attorney.

Todos os documentos assinados pelo OUTORGADO obedecerão aos limites estabelecidos no Estatuto Social da OUTORGANTE, sendo vedado o seu substabelecimento. O OUTORGADO deve, durante a vigência do presente mandato, conduzir seus atos de forma ética e em conformidade com os termos das leis anticorrupção brasileiras ou de quaisquer outras aplicáveis sobre o objeto do presente instrumento, em especial o Foreign Corrupt Practices Act - Act, 15 U.S.C. §§ 78dd-l e seguintes dos Estados Unidos da América ("FCPA") e a Lei brasileira n° 12.846/2013 e sua respectiva regulamentação ("Regras Anticorrupção")

All the documents signed by the ATTORNEY-IN-FACT shall comply with the limits set forth in the Articles of Incorporation of the GRANTOR and the delegation of powers will not be allowed. During the term of this Power of Attorney, the ATTORNEY-IN-FACT shall act ethically and pursuant to the terms of the Brazilian anti- corruption laws or any other anti-corruption laws applicable to this Power of Attorney, especially the United States Foreign Corrupt Practices Act – Act 15 U.S.C. §§ 78dd-l et seq. ("<u>FCPA</u>") and the Brazilian Law No. 12,846/2013, and its respective regulations (the "<u>Anti-Corruption Rules</u>"), the

comprometendo-se o OUTORGADO a abster-se de qualquer atividade que constitua urna violação das disposições dessas Regras Anticorrupção. O OUTORGADO não está autorizado pela OUTORGANTE a dar, oferecer, pagar prometer pagar ou autorizar o pagamento, direta ou indiretamente, de qualquer dinheiro ou qualquer coisa de valor a qualquer autoridade governamental, consultores, representantes, parceiros ou quaisquer terceiros, para a segurar qualquer vantagem indevida, ou direcionar negócios para qualquer pessoa em violação às Regras Anticorrupção. Qualquer descumprimento das Regras Anticorrupção pelo OUTORGADO, em qualquer um dos seus aspectos, ensejará a revogação motivada imediata do presente mandato, podendo a OUTORGANTE tomar as medidas administrativas e judiciais cabíveis contra o OUTORGADO.

ATTORNEY-IN-FACT undertaking to refrain from any action that violates any provisions of such Anti-Corruption Rules. The ATTORNEY-IN- FACT is not authorized by the GRANTOR to give,offer, pay, promise to pay, or otherwise authorize the payment of, direct- or indirectly, any money or anything of value to any officer or employee of any government, consultants, agents, business partners, or third-parties for the purpose of securing anyimproper advantage for, or directing any business to, any person, in violation of the Anti-Corruption Rules. Any violation of the Anti-Corruption Rules by the ATTORNEY-IN-FACT, in any aspect, will give rise to the immediate revocation with cause ofthis Power of Attorney the GRANTOR being entitled to seek all administrative and judicial measures against the ATTORNEY-IN-FACT.

São Paulo, 07 de junho de 2024

São Paulo, June, 07,2024

**OUTORGANTE**
WAHALLA LTDA. – Em recuperação judicial

**GRANTOR**
WAHALLA LTDA. – In judicial reorganization



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 09:11:29



## ATA - Reunião Diretoria - outorga de Representante Estrangeiro Wahalla pdf
Código do documento b30ab1b5-487a-45d1-b040-7e393129b3fd

Anexo: Procuração - Representante Estrangeiro_Wahalla.pdf



## Assinaturas



KENNETH STEVEN POPE:23348988802
Certificado Digital
ken.pope@southrockcapital.com
Assinou como parte

ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886
Certificado Digital
antonio.neves@southrockcapital.com
Assinou como parte

FABIO DAVID ROHR:07357897893
Certificado Digital
fabio.rohr@southrockcapital.com
Assinou como parte



CHRISTIANE BELLO MOYANO
Certificado Digital
Christiane.bello@southrock.com.br
Assinou como Anuente

## Eventos do documento

**11 Jun 2024, 16:06:13**
Documento b30ab1b5-487a-45d1-b040-7e393129b3fd **criado** por CHRISTIANE BELLO MOYANO
(ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:juridico@southrock.com.br. - DATE_ATOM:
2024-06-11T16:06:13-03:00

**11 Jun 2024, 16:08:47**
Assinaturas **iniciadas** por CHRISTIANE BELLO MOYANO (ffa3e081-4d7b-4f05-a4c2-88325a81f4a6). Email:
juridico@southrock.com.br. - DATE_ATOM: 2024-06-11T16:08:47-03:00

**11 Jun 2024, 16:17:30**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - CHRISTIANE BELLO MOYANO **Assinou como Anuente**
Email: Christiane.bello@southrock.com.br. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta: 18276).
Dados do Certificado: C=BR,O=ICP-Brasil,OU=ORDEM DOS ADVOGADOS DO BRASIL CONSELHO FEDERAL,OU=AC
OAB G3,OU=A3,CN=CHRISTIANE BELLO MOYANO. - DATE_ATOM: 2024-06-11T16:17:30-03:00

**11 Jun 2024, 16:22:23**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - KENNETH STEVEN POPE:23348988802 **Assinou como parte** Email: ken.pope@southrockcapital.com. IP: 189.100.70.0 (bd644600.virtua.com.br porta: 13840). Dados do



6 páginas - Datas e horários baseados em Brasília, Brasil
**Sincronizado com o NTP.br e Observatório Nacional (ON)**
Certificado de assinaturas gerado em 12 de June de 2024, 09:11:29



Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC DIGITAL MULTIPLA G1,OU=A1,CN=KENNETH STEVEN POPE:23348988802. - DATE_ATOM: 2024-06-11T16:22:23-03:00

**11 Jun 2024, 16:28:02**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - FABIO DAVID ROHR:07357897893 **Assinou como parte** Email: fabio.rohr@southrockcapital.com. IP: 187.102.157.50 (mvx-187-102-157-50.mundivox.com porta: 27268). Dados do Certificado: C=BR,O=ICP-Brasil,OU=Secretaria da Receita Federal do Brasil - RFB,OU=Autoridade Certificadora SERPRORFBv5,OU=A1,CN=FABIO DAVID ROHR:07357897893. - DATE_ATOM: 2024-06-11T16:28:02-03:00

**11 Jun 2024, 17:52:12**
**ASSINATURA COM CERTIFICADO DIGITAL ICP-BRASIL** - ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886 **Assinou como parte** Email: antonio.neves@southrockcapital.com. IP: 85.245.199.98 (bl12-199-98.dsl.telepac.pt porta: 1330). Dados do Certificado: C=BR,O=ICP-Brasil,OU=AC DIGITAL MAIS,OU=AC DIGITAL MULTIPLA G1,OU=A1,CN=ANTONIO JOSE ROCHETA DE SOUSA NEVES:21269058886. - DATE_ATOM: 2024-06-11T17:52:12-03:00

Hash do documento original
(SHA256):a94909d45ca9b75db916966d3e698b3b5bda9575009ea3b2af6736c29c85478a
(SHA512):15f9c980fd1e50b627594e6773c5f29aac5064799f28aa2476ba1422851ce04bc6060287e42c707c3c20a244adbf10fdbf3d916e368b09822f1461e1b1c94011

Hash dos documentos anexos
Nome:   Procuração - Representante Estrangeiro_Wahalla.pdf
(SHA256):32fdfdb21858e8f0ec12d7b78ff16aee7541c7e7027a33142cd6957578a7beda
(SHA512):384e4ae2ef791179782e5407a9d9c62882b203d64a979f3e5a4feb65b440a1e0c7dfcf9f787d3fc9f307bf1a75f536b3db8e426bb5ac532629b6821ea3732a2d

Esse log pertence **única** e **exclusivamente** aos documentos de HASH acima

**Esse documento está assinado e certificado pela D4Sign**

**Exhibit E**

# Corporate Structure (1)



# Corporate Structure (2)



**Exhibit F**

**Group SouthRock**
**Balance Sheet as of april 2024 and December 2023**
*(In thousands - USD)*

| Assets | Parent Company Apr-24 | Parent Company 2023 | Consolidated Apr-24 | Consolidated 2023 | Liabilities | Parent Company Apr-24 | Parent Company 2023 | Consolidated Apr-24 | Consolidated 2023 |
|---|---|---|---|---|---|---|---|---|---|
| **Current** | | | | | **Current** | | | | |
| Cash and Cash Equivalents | 5.917 | 8.445 | 5.917 | 8.445 | Suppliers | 33.305 | 28.193 | 33.305 | 28.193 |
| Accounts Receivable | 13.928 | 15.320 | 13.928 | 15.320 | Taxes Payable | 48.732 | 44.902 | 48.732 | 44.902 |
| Accounts Receivable from Related Parties | 2.647 | 2.448 | 2.647 | 2.448 | Social and Labor Obligations | 14.615 | 14.160 | 14.615 | 14.160 |
| Derivative Financial Instruments | - | - | - | - | Loans and Borrowings | 45.942 | 44.270 | 45.942 | 44.270 |
| Inventory | 11.151 | 10.122 | 11.151 | 10.122 | Derivative Financial Instruments | 79 | 85 | 79 | 85 |
| Taxes Recoverable | 12.114 | 13.250 | 12.114 | 13.250 | Lease Liabilities | 7.795 | 9.252 | 7.795 | 9.252 |
| Income Tax and Social Contribution | 713 | 762 | 713 | 762 | Royalties Payable | 21.769 | 21.749 | 21.769 | 21.749 |
| Loans Receivable from Related Parties | 276.225 | 285.870 | 5.558 | 6.064 | Deferred Revenue | 736 | 949 | 736 | 949 |
| Other Assets | 23.207 | 19.821 | 23.207 | 19.821 | Loans Payable to Related Parties | 190.391 | 195.246 | 417 | 2.228 |
| | | | | | Accounts Payable from Related Parties | 1.221 | 1.304 | 1.221 | 1.304 |
| | | | | | Other Accounts Payable | 32.972 | 29.899 | 32.972 | 29.899 |
| | | | | | Other Accounts Payable Related Parties | 28 | 18 | 28 | 18 |
| **Total Current Assets** | **345.902** | **356.038** | **75.235** | **76.232** | **Total Current Liabilities** | **397.584** | **390.027** | **207.611** | **197.009** |
| | | | | | | | | | |
| **Non-Current** | | | | | **Non-Current** | | | | |
| Loans Receivable from Related Parties | 3.645 | 2.145 | - | - | Social and Labor Obligations | 456 | 487 | 456 | 487 |
| Investments | 150.067 | 160.313 | - | - | Provision for loss in investments | 7.102 | 7.587 | - | - |
| Financial Investments | 774 | 826 | 774 | 826 | Loans and Borrowings | 166.667 | 186.732 | 166.667 | 186.732 |
| Judicial Deposits | 40.530 | 43.067 | 40.530 | 43.067 | Lease Liabilities | 36.311 | 42.783 | 36.311 | 42.783 |
| Property, Plant, and Equipment | 55.797 | 63.029 | 55.797 | 63.029 | Provision for Legal and Labor Risks | 40.865 | 43.536 | 40.865 | 43.536 |
| Intangible Assets | 57.480 | 61.873 | 57.480 | 61.873 | Taxes Payable | 12.669 | 18.621 | 12.669 | 18.621 |
| Right-of-Use Assets | 39.036 | 46.626 | 39.036 | 46.626 | Loans Payable to Related Parties | 70.627 | 73.664 | - | - |
| Other Assets' | 7.462 | 7.971 | - | - | Other Accounts Payable | 11.129 | 11.820 | 4.171 | 4.387 |
| **Total Non-Current Assets** | **354.790** | **385.850** | **193.617** | **215.421** | **Total Non-Current Liabilities** | **345.825** | **385.229** | **261.139** | **296.546** |
| | | | | | | | | | |
| | | | | | **Patrimônio líquido** | | | | |
| | | | | | Share Capital | 82.205 | 87.818 | 2.218 | 2.370 |
| | | | | | Share Capital to be paid in | (2) | (2) | - | - |
| | | | | | Capital reserve | 46.401 | 49.569 | - | - |
| | | | | | Advance for Future Capital Increase | 44.268 | 47.290 | - | - |
| | | | | | Profit Reserve | - | - | - | - |
| | | | | | Accumulated Losses | (215.589) | (218.042) | (202.117) | (204.271) |
| | | | | | **Total Equity** | **(42.718)** | **(33.368)** | **(199.899)** | **(201.901)** |
| **Total Assets** | **700.692** | **741.889** | **268.851** | **291.653** | **Total Liabilities and Equity** | **700.692** | **741.889** | **268.851** | **291.653** |

**Marcos de Jesus Carvalho**
**CPF: 107.810.148-59**
**CRC: 1SP166.679/O-9**

**Group SouthRock**

**Statements of Income**

**Periods ending April 2024 and December 2023**
*(In thousands - USD)*

| | Parent Company | | Consolidated | |
|---|---|---|---|---|
| | **Apr-24** | **2023** | **Apr-24** | **2023** |
| **Gross Operating Revenue** | **32.551** | **205.442** | **32.551** | **205.442** |
| ( - ) Taxes and Sales Discounts | (3.754) | (24.729) | (3.754) | (24.729) |
| **Net Sales Revenue** | **148.916** | **874.774** | **148.916** | **874.774** |
| Cost of Goods Sold | (11.740) | (57.919) | (11.740) | (57.919) |
| **Gross Profit** | **137.176** | **816.855** | **137.176** | **816.855** |
| **Operating Results** | | | | |
| *Royalties* | (1.271) | (7.229) | (1.271) | (7.229) |
| Operating Expenses | (15.453) | (89.752) | (15.453) | (89.752) |
| Operating Expenses - Stores (IFRS 16) | 3.595 | 11.189 | 3.595 | 11.189 |
| General and Administrative Expenses | (6.655) | (33.155) | (6.655) | (33.155) |
| Equity in net income of subsidiaries | - | - | - | - |
| **Adjusted EBITDA** | **117.391** | **697.908** | **117.391** | **697.908** |
| Depreciation and Amortization | (2.140) | (9.053) | (2.140) | (9.053) |
| Right-of-Use Amortization | (2.141) | (7.681) | (2.141) | (7.681) |
| Other Operating Expenses | (1.927) | (2.326) | (1.927) | (2.326) |
| **Operating Result before Financial Result and Taxes** | **111.182** | **678.847** | **111.182** | **678.847** |
| Financial Income | 11 | 14.646 | 11 | 4.242 |
| Financial Expenses | (1.367) | (47.659) | (1.367) | (43.325) |
| Financial Expenses - IFRS 16 | (1.190) | (4.153) | (1.190) | (4.153) |
| **Income before Income Tax and Social Contribution** | **108.636** | **641.682** | **108.636** | **635.611** |
| Current and Deferred Income Tax and Social Contribution | - | (1.937) | - | (1.937) |
| **Net Income** | **108.636** | **639.744** | **108.636** | **633.673** |

**Marcos de Jesus Carvalho**
**CPF: 107.810.148-59**
**CRC: 1SP166.679/O-9**

**Group SouthRock**

**Statements of cash flows - Indirect method**

| Periods ending April 2024 and December 2023 *(In thousands - USD)* | Parent Company | | Consolidated | |
|---|---|---|---|---|
| | **Apr-24** | **2023** | **Apr-24** | **2023** |
| **Cash Flow from Operating Activities** | | | | |
| Net Income | **(11.483)** | **(54.317)** | **(11.483)** | **(54.317)** |
| **Adjustments to reconcile net income for the year to cash generated by operating activities** | | | | |
| Depreciation of fixed assets | 2.238 | 7.170 | 2.238 | 7.170 |
| loss in the write-off property, plant and equipment | - | - | - | - |
| Amortization of intangible assets | 510 | 1.647 | 510 | 1.647 |
| Depreciation from right-of-use | 2.827 | 9.981 | 2.827 | 9.981 |
| Derivative financial instruments, net | - | - | - | - |
| Provision for civil and labor risks, (reversal of provision) | - | - | - | - |
| Net exchance -rate change | 326 | (1.398) | 326 | (1.398) |
| Interest on loans and financing | (0) | 22.867 | (0) | 22.867 |
| Interest on lease liabilities | 1.777 | 6.202 | 1.777 | 6.202 |
| Interest on related party loan agreements | - | (2.225) | - | (2.225) |
| Equity in net income of subsidiaries | - | - | - | - |
| Other adjustments | (0) | - | (0) | - |
| **(Increase) Decrease in Operating Assets:** | | | | |
| Accounts receivable | 413 | (2.677) | 413 | (2.677) |
| Accounts receivable with related parties | (355) | (1.243) | (355) | (1.243) |
| Inventories | (1.676) | 10 | (1.676) | 10 |
| Recoverable taxes | 290 | (130) | 290 | (130) |
| Recoverable income tax and social contribuition | () | (194) | () | (194) |
| Judicial deposit - Labor | (216) | 135 | (216) | 135 |
| Other assets | (4.653) | (7.258) | (4.653) | (7.258) |
| | | | | |
| **Increase (Decrease) in Operating Liabilities** | | | | |
| Suppliers | 6.588 | 16.086 | 6.588 | 16.086 |
| Accounts Payable from Related Parties | - | (0) | - | (0) |
| Taxes Payable | 1.939 | 30.739 | 1.939 | 30.739 |
| Social and Labor Obligations | 1.361 | 5.725 | 1.361 | 5.725 |
| Royalties Payable | 1.410 | 10.982 | 1.410 | 10.982 |
| Deferred Revenue | (153) | (25) | (153) | (25) |
| Provision for Legal and Labor Risks | 112 | 137 | 112 | 137 |
| Other Accounts Payable | 5.048 | 7.259 | 5.048 | 7.259 |
| Other Accounts Payable Related Parties | 11 | 17 | 11 | 17 |
| | | | | |
| **Net Cash Provided by Operating Activities** | **6.314** | **49.490** | **6.314** | **49.490** |
| | | | | |
| **Cash Flow from Investing Activities** | | | | |
| Share Capital | - | - | - | - |
| Capital reserve | - | - | - | - |
| Investments in associates | - | (7.277) | - | (7.277) |
| Acquisition of property, plant, and equipment | 965 | (12.809) | 965 | (12.809) |
| Acquisition of intangible assets | (71) | (597) | (71) | (597) |
| Acquisition of goodwill assets | 1.783 | (679) | 1.783 | (679) |
| Financial Investments | - | - | - | - |
| Loans receivable from related parties | (10.262) | (79.481) | (10.262) | (79.481) |
| | | | | |
| **Net Cash (Used in) Investing Activities** | **(7.585)** | **(100.843)** | **(7.585)** | **(100.843)** |
| | | | | |
| **Cash Flow from Financing Activities** | | | | |
| Advance for future capital increase | - | (4.766) | - | (4.766) |
| Increase in share capital | - | 577 | - | 577 |
| Capital reserve | - | 4.189 | - | 4.189 |
| Borrowings | 12.268 | 157.337 | 12.268 | 157.337 |
| Payment of loans and financing (principal) | (15.898) | (161.509) | (15.898) | (161.509) |
| Payment of loans and financing (interest) | 0 | (22.867) | 0 | (22.867) |
| Payment of lease liabilities - (principal) | (4.603) | (7.191) | (4.603) | (7.191) |
| Payment of lease liabilities - (interest) | (1.777) | (6.202) | (1.777) | (6.202) |
| Loans payable from related parties | 9.294 | 82.014 | 9.294 | 82.014 |
| | | | | |
| **Net Cash Provided by Financing Activities** | **(717)** | **41.582** | **(717)** | **41.582** |
| | | | | |
| **Increase (Decrease) in Cash and Cash Equivalents** | **(1.988)** | **(9.771)** | **(1.988)** | **(9.771)** |
| | | | | |
| **Cash and Cash Equivalents** | | | | |
| Cash and cash equivalents at the beginning of the year | 7.906 | 18.216 | 7.906 | 18.216 |
| Cash and cash equivalents at the end of the year | 5.917 | 8.445 | 5.917 | 8.445 |
| | | | | |
| **Increase (Decrease) in Cash and Cash Equivalents** | **(1.988)** | **(9.771)** | **(1.988)** | **(9.771)** |

**Marcos de Jesus Carvalho**
**CPF: 107.810.148-59**
**CRC: 1SP166.679/O-9**