IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **SouthRock Capital Ltda.,** | § | Case No.  24-90398 (CML) |
| *et al.*, | § | (Chapter 15) |
| | § | (Joint Administration Pending) |
| DEBTORS. | § | |

**BANCO VOTORANTIM S.A.'S LIMITED OBJECTION TO EMERGENCY MOTION OF FOREIGN REPRESENTATIVE FOR PROVISIONAL RELIEF PURSUANT TO BANKRUPTCY CODE SECTIONS 1519, 1521, 362, AND 105**

TO THE HONORABLE CHRISTOPHER M. LOPEZ, U.S BANKRUPTCY JUDGE:

Banco Votorantim S.A. ("Banco Votorantim"), a creditor of Debtors Southrock Capital LTDA ("Southrock"), Starbucks Brasil Comércio de Cafés LTDA ("Starbucks"), Brazil Airport Restaurant SA ("Airport"), and non-debtor guarantor Kenneth Steven Pope ("Pope", and with Southrock, Starbucks, and Airport, the "Judgment Debtors") in the above-captioned and styled bankruptcy cases, files this *Limited Objection* ("Limited Objection") to the *Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362, and 105* [ECF No. 10] (the "Stay Extension Motion") and shows:

**SUMMARY**

1. Banco Votorantim does not oppose the request by Fabio David Rohr (the "Foreign Representative") for a provisional stay in this proceeding as to the Debtors and their assets.  Pope, however, is a non-Debtor guarantor.  The two proceedings in the United States that Banco Votorantim has filed against Pope are simple judgment domestication proceedings.  Pope has not even appeared in those actions, let alone faced any burdensome litigation or discovery.  These proceedings do not threaten the Debtors' reorganization whatsoever.  Accordingly, the Foreign Representative's request should be denied as to Pope.

## BACKGROUND

2. Banco Votorantim is the plaintiff in two judgment domestication proceedings in the United States. The first proceeding, pending as Case No. 24-08379CA31 in the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida (the "Florida Proceeding"), concerns domestication of a judgment (the "Florida Judgment") entered in the 11th Civil Court of the Judicial District of São Paulo, São Paulo state, Brazil, against the Judgment Debtors. The Florida Judgment was entered on November 16, 2023 in the amount of R$ 7,540,709.27.

3. The second proceeding, pending as Cause No. 24-4261-467 in the 467th Judicial District Court of Denton County, Texas (the "Texas Proceeding"), concerns domestication of a judgment (the "Texas Judgment" and, with the Florida Judgment, the "Judgments") entered by the 42nd Civil Court, Court of Justice of São Paulo State, Judicial District of São Paulo, São Paulo state, Brazil, against all Judgment Debtors except for Airport. The Texas Judgment was entered on November 17, 2023 in the amount of R$ 14,725,200.88.

4. Pope's liability under both of the Judgments is based on guaranties he personally issued with respect to loans made by Banco Votorantim to Starbucks and Airport.

5. Other than the mere filing of the Florida Proceeding and the Texas Proceeding, no collection efforts have been taken by Banco Votorantim in the United States with respect to the Judgments. No post-judgment discovery has been undertaken through these proceedings.

6. Pope has previously sought to use reorganization proceedings to stay collection on his guaranties. He previously requested a stay in both of the underlying São Paulo judgment enforcement proceedings as to himself individually, even though he is not a debtor in the Brazilian reorganization. In both cases, his request was denied. Brazilian law is clear that the

stay in reorganizations does not extend to guarantors—in fact, the Brazilian Superior Tribunal of Justice has issued a directive (No. 581) clarifying this rule.[1]

## ARGUMENT AND AUTHORITIES

A. **Legal standard for extending the stay to non-debtors**

7. "Ordinally, the automatic stay under § 362 does not apply to actions against a nondebtor." *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 722 (S.D. Tex. 2010) (citing *In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007)). To justify an extension of the stay to protect non-debtors, "[t]here must be an actual, as opposed to an alleged or potential, identity of interests, such that a judgment against the nonbankrupt parties would in fact be a judgment against the bankrupt party." *Id.* at 274. "The Fifth Circuit has stated that a § 362 stay should extend to nonbankrupt codefendants only when there is a formal or contractual relationship between the debtor and nondebtors such that a judgment against one would in effect be a judgment against the other." *Id.* at 723 (citing various Fifth Circuit cases to this effect, including *Arnold v. Garlock, Inc.*, 278 F.3d 426, 436 (5th Cir. 2001), *GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 717 (5th Cir. 1985), and *Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003), and declining to extend the stay because no contractual indemnification agreement existed). "Under [Fifth Circuit case law], the presence of identical allegations against the debtor and nondebtor defendants are an insufficient ground to extend the stay to the nondebtors." *Id.* at 724. "The party invoking the stay [extension] has the burden to show that it is applicable." *Id.* at 723.

---

[1] Specifically, directive No. 158 states "[t]he judicial reorganization of the main debtor does not prevent the continuation of actions and enforcements filed against third-party debtors who are joint and severally liable or jointly obligated in general, for exchange, real or personal guarantee."

8.     "District courts may also exercise their discretion to stay a proceeding against nonbankrupt codefendants 'in the interests of justice and in control of their dockets.'" *Id.* (quoting *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983)). "'A stay can be justified only if, based on a balancing of the parties' interests, there is a clear inequity to the suppliant who is required to defend while another action remains unresolved and if the order granting a stay can be framed to contain reasonable limits on its duration.'" *Id.* (quoting *GATX Aircraft Corp.*, 768 F.2d at 716). As with a request to extend the automatic stay, the party seeking a discretionary stay bears the burden to show it is appropriate. *Wedgeworth*, 706 F.2d at 545.

B.  **The Foreign Representative cannot meet his burden to show that the provisional stay should be extended to Pope**

9.     Banco Votorantim does not oppose a provisional stay being granted with respect to Southrock, Starbucks, Airport, and the other Debtors in this Chapter 15 proceeding. Banco Votorantim does, however, oppose the Foreign Representative's request that the provisional stay be extended to Pope.

10.    First, the Foreign Representative's primary argument as to why the stay should be extended to Pope is that failing to do so will force Pope to spend so much time defending himself in U.S. litigation that he will be unable to contribute to the Brazilian reorganization. The Foreign Representative cites case law—primarily from other Circuits—stating that actions against a non-debtor may be stayed when those actions would consume so much time and energy of the non-debtor that would otherwise be devoted to a reorganization effort. *See* Stay Extension Motion §§ 38-39. These cases run contrary to *Beran v. World Telemetry, Inc.*, 747 F. Supp. 2d 719, 722 (S.D. Tex. 2010), which is binding precedent in this District, and requires a showing that a judgment against Pope would effectively be a judgment against the Debtors. The Foreign

Representative has provided no evidence that a judgment against Pope would in effect be a judgment against the Debtors, whether because of a contractual indemnification obligation or otherwise.

11. Second, even assuming that the Foreign Representative's rationalization for extending the stay to Pope can be justified under Southern District of Texas precedent, the Foreign Representative has failed to show how the Florida Proceeding and the Texas Proceeding will seriously endanger the Debtors' reorganization. Pope has not appeared in either proceeding. He voluntarily appeared in both of the underlying judgment enforcement actions in Brazil, where he lives, and cannot contend that the Florida Judgment and the Texas Judgment violated due process. No post-judgment discovery has been served on him in the United States based on these proceedings. In paragraph 40 of the Stay Extension Motion, the Foreign Representative contends that "[t]he U.S. Litigation, by design, forces Pope to defend himself (acting *pro se*) in multiple proceedings pending across the United States in relation to claims that are subject ot a stay in the Brazilian Insolvency Proceeding as to against the Debtors." But this statement is inaccurate, insofar as Banco Votorantim's claims against Pope are not only separate from those against the Debtors but are not stayed in Brazil based on the Brazilian reorganization. There is simply no probative evidence that these simple judgment enforcement proceedings will hamper the Debtors' reorganization.

12. Third, the Foreign Representative contends that Pope has few assets in the U.S., other than his interest in SouthStone Capital LLC ("SouthStone"), a Texas limited liability company that owns most of the equity of Debtor SouthRock. According to the Foreign Representative, "ongoing U.S. enforcement actions against Pope and his property—such as his interest in SouthStone that, in turn, owns the 89.999% of SouthRock—could strip the Group

from its founder and CEO, who would have no further reason to continue restructuring the Group and guide it towards a successful rehabilitation that would save thousands of direct and indirect jobs in Brazil." *See* Stay Extension Motion § 40. SouthStone is a Texas LLC. It is patently unclear how any U.S. enforcement actions could strip Pope of his membership interest in SouthStone (and by extension SouthRock). The sole remedy under Texas law for a creditor with claims against a member of an LLC is a charging order. *See* Tex. Bus. Org. Code § 101.112. The charging order amounts to nothing more than a lien on the membership interest that gives the creditor the right to any distributions made to the member. The lien may not be foreclosed and the creditor may not levy on the membership interest, as can be done with corporate stock.

13. Fourth, the Foreign Representative cannot establish all elements required for injunctive relief with respect to Pope. At a minimum, based on the generalized allegations in the Stay Extension Motion, there is no evidence that if the stay is not extended to Pope (a non-Debtor guarantor), the Florida Proceeding and the Texas Proceeding will result in irreparable injury to the Debtors. Nor can the Foreign Representative establish that any threatened injury to the Debtors outweighs any harm to Banco Votorantim. Pope is not a Debtor. Any assets he has do not belong to the Debtors. There is no basis under Texas law for a creditor to levy on Pope's membership interest in SouthStone, the parent entity of SouthRock. Nor does enjoining judgment domestication actions against a sophisticated businessman who signed individual guaranties serve the public interest—particularly based on the limited allegations and declarations provided in support of the Stay Extension Motion.

14. For these reasons, while Banco Votorantim does not object to the provisional stay being granted with respect to the Debtors, the stay should not be extended to Pope or any assets he owns in his individual capacity.

## RESERVATION OF RIGHTS

15. Banco Votorantim reserves the right to amend or supplement this Limited Objection at any time prior to any hearing on the Stay Extension Motion and to assert further arguments as the evidence may allow. Banco Votorantim further reserves all rights, claims, defenses, and remedies, whether with respect to the Stay Extension Motion, the recognition of the Brazilian reorganization proceeding, or otherwise.

## PRAYER

Banco Votorantim requests that the Court deny the Foreign Representative's request that the provisional stay be extended to Pope and any assets he owns in his individual capacity. Banco Votorantim further requests that the Court grant such further relief, at law or equity, that is just and proper.

DATED: June 13, 2024

Respectfully submitted,

**WINSTEAD PC**
300 Throckmorton Street, Suite 1700
Fort Worth, Texas 76102
(817) 420-8281 (Telephone)
(817) 420-8201 (Facsimile)

By: */s/ Matthias Kleinsasser*
Matthias Kleinsasser
Texas Bar No. 24071357
mkleinsasser@winstead.com

**ATTORNEYS FOR BANCO VOTORANTIM S.A.**

## Certificate of Service

  I hereby certify that notice of this document will be electronically mailed on June 13, 2024 to the parties registered or otherwise entitled to receive electronic notices in these cases pursuant to the Electronic Filing Procedures in this District.

<em>/s/ Matthias Kleinsasser</em>

BANCO VOTORANTIM S.A.'S LIMITED OBJECTION TO EMERGENCY MOTION
OF FOREIGN REPRESENTATIVE FOR PROVISIONAL RELIEF PURSUANT TO
BANKRUPTCY CODE SECTIONS 1519, 1521, 362, AND 105   PAGE 8 OF 8

4867-4878-0487v.1 70329-1 6/13/2024