IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 15 |
| | § | |
| SouthRock Capital Ltda.,, *et al.*,[1] | § | Case No. 24-90398 (CML) |
| | § | |
| Debtors in Foreign Proceeding. | § | (Jointly Administered) |
| | § | |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS
OF BANCO MODAL S.A. TO THE EMERGENCY MOTION OF FOREIGN
REPRESENTATIVE FOR PROVISIONAL RELIEF PURSUANT TO
BANKRUPTCY CODE SECTIONS 1519, 1521, 362 AND 105**

Banco Modal S.A. ("Banco Modal"), by and through its undersigned counsel, hereby files this *Limited Objection and Reservation of Rights* (the "Limited Objection") to the *Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362 and 105* [Dkt. No. 10] (the "Provisional Relief Motion") filed by the foreign representative (the "Foreign Representative") of SouthRock Capital Ltda. and its affiliated foreign debtors (the "Debtors") in the above captioned chapter 15 cases (the "Chapter 15 Cases"), solely with respect to the Debtors' request for a stay to apply to Kenneth Steven Pope ("Pope"). In support of the Limited Objection, Banco Modal respectfully states as follows:

**PRELIMINARY STATEMENT**

The Debtors ostensibly filed these Chapter 15 Cases to protect their assets in the U.S. and to assist the administration of their Brazilian insolvency proceedings. However, the Debtors have

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's Brazilian tax identification number, are as follows: (a) SouthRock Capital Ltda. (01-35); (b) Americana Franquia S.A. (01-51); (c) Brazil Airport Restaurantes S.A. (01-73); (d) HB Participações S.A. (01-57); (e) SRC 5 Participações Ltda. (01-02); (f) SRC 6 Participações Ltda. (01-41); (g) SRC Holding Participações S.A.(01-74); (h) SR N Participações S.A. (01-01); (i) Star Participações S.A. (01-09); (j) Starbucks Brasil Comércio de Cafés Ltda. (01-00); (k) SW do Brasil Ltda. (01-20); (l) SW Stores do Brasil Ltda. (01-36); and (m) Wahalla Ltda. (01-10). The Debtors' mailing and service address is Avenida Paulista, 1294, 14º andar, sala 14, Bela Vista, São Paulo/SP, CEP 01310-915, Brazil.

1

minimal assets in the U.S.  Moreover, they seemingly do not have U.S. denominated debt such that orders under Chapter 15 would assist in the restructuring of such debt.  As the Debtors acknowledge, the Chapter 15 Cases were filed, at least in part, to protect their founder, Pope.  Banco Modal respectfully submits that such a filing is inconsistent with the stated purposes of Chapter 15, including the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor." 11 U.S.C. §1501(a)(3).  Thus, Banco Modal files this Limited Objection to the Provisional Relief Motion to the extent it seeks to stay actions against Pope or his assets.

A Chapter 15 case is ancillary to a foreign proceeding pending elsewhere.  "International uniformity is the main goal of Chapter 15."  *In re Zawawi*, 634 B.R. 11 (Bankr. M.D. Fla. 2021), *aff'd*, 637 B.R. 663 (Bankr. M.D. Fla. 2022), *aff'd,* 97 F.4th 1244 (11th Cir. 2024).  Consequently, a U.S. court should be mindful of the relief granted by a foreign court and extend comity to a foreign court's decisions where appropriate.  By the Provisional Relief Motion, the Foreign Representative is seeking an order staying actions against Pope.  However, Pope is not a debtor in the Brazilian insolvency proceedings.  Moreover, to the best of Banco Modal's knowledge, the Brazilian court has not issued a stay or other similar injunctive relief for Pope's benefit.  As such, the Foreign Representative is seeking relief in these Chapter 15 Cases well beyond the scope of relief granted in Brazil for the benefit of a non-debtor.  For that reason alone, this Court should deny the Provisional Relief Motion and any other requests for relief in these Chapter 15 Cases for a stay of actions against Pope or his assets that would be inconsistent with the relief granted by the Brazilian court.

Under section 1522(a) of the Bankruptcy Code, the Court may grant provisional relief "only if the interests of the creditors and other interested entities, including the debtor, are

sufficiently protected." A stay by this Court would enjoin parties from pursuing Pope and his assets in the U.S. However, creditors in Brazil and elsewhere remain free to take actions against Pope. Consequently, staying actions against Pope in the U.S. would prejudice U.S. creditors to the advantage of parties outside the U.S., in clear violation of section 1522(a).

A court may grant provisional relief under Chapter 15 if it "is urgently needed to protect the assets of the debtor or the interests of creditors." Here, there does not appear to be any urgent need for relief. Indeed, the Debtors' Brazilian insolvency proceedings have been pending for almost 9 months without Chapter 15 protection. It was only after the District Court of Harris County, Texas, 234th Judicial District issued summary judgment against Pope that the Debtors filed the Chapter 15 Cases. Clearly, these cases were filed to protect Pope, who is not a debtor, and not to protect the Debtors' assets in the U.S., which are minimal and not on the verge of being seized or the like, or to protect the interests of creditors. Creditors would be better served and protected by being allowed to proceed against Pope in the U.S. as creditors can do elsewhere. Accordingly, the Provisional Relief Motion should be denied.

## FACTUAL BACKGROUND

**A.    Overview of Banco Modal's Relationship to Pope and Debtor Starbucks Brazil**

1.    Banco Modal is a Brazilian investment banking company based in Rio de Janeiro, Brazil. Pope is a United States citizen who owns and operates a number of companies, including Debtor Starbucks Brasil Comércio de Cafés Ltda. ("<u>Starbucks Brazil</u>"), which develops and operates Starbucks coffee shops in Brazil.

2.    In early 2023, Starbucks Brazil sought a loan from Banco Modal for 30 million Brazilian reais (R$30 million), or approximately $5.58 million U.S. based on published currency exchange rates as June 13, 2024. As a condition to Banco Modal's agreement to lend funds to the company, Pope agreed, among other things, to irrevocably and absolutely personally guarantee

3

payment of all of Starbucks Brazil's obligations and liabilities arising from the loan.

3. Accordingly, on March 9, 2023, Starbucks Brazil executed that certain *Cedula de Credito Bancario,* Bank Credit Note No. 2303090001 (as amended from time to time, including on September 15, 2023, the "Bank Note") under which Starbucks Brazil borrowed R$30 million from Banco Modal and both Starbucks Brazil and Pope, as joint makers of the Bank Note, promised to repay the principal amount, interest and additional costs (including charges and penalties in the event of default).

4. As additional assurance that the Bank Note would be paid, Pope and Banco Modal, contemporaneous with the execution of the Bank Note, entered into a guaranty agreement (the "Texas Guaranty"). Pursuant to the Texas Guaranty, Pope agreed, among other things, to be personally and individually responsible for the timely performance and guaranteed the payment of all of Starbucks Brazil's obligations and liabilities under or arising from the Bank Note (as more particularly described in the Texas Guaranty, the "Guaranteed Debt"), including but not limited to the timely payment of all principal, interest and other charges.[2]

5. The Texas Guaranty was prepared in the city of Dallas, Dallas County, Texas. Pope agreed that the Texas Guaranty is intended to be performed and enforced in Texas, that he could be served with process in Texas, and that the laws of Texas-where Pope had represented that he owned and maintained property-shall govern its validity, construction, enforcement and interpretation.[3]

---

[2] True and correct copies of the Bank Note, as executed on March 9, 2023 (and a true and correct English translation of the Bank Note, as executed on March 9, 2023) and the Texas Guaranty are attached hereto as **Exhibit 1**, **Exhibit 1A** and **Exhibit 2**, respectively.

[3] *See, e.g.*, Texas Guaranty (Exhibit 2) at §5.03.

6. On or about October 31, 2023, Starbucks Brazil, along with other affiliated entities owned or controlled by Pope, commenced an insolvency proceeding (a *recuperaçao judicial*) (the "Brazilian Insolvency Proceeding") before the 1st Bankruptcy Court of the Central Forum of São Paulo, Brazil (the "Brazilian Court"). Pope is not a debtor in the Brazilian Insolvency Proceeding. Moreover, upon information and belief, the Brazilian Court has not issued a stay or other injunctive relief for the benefit of Pope and/or his assets.

7. The filing of the Brazilian Insolvency Proceeding constituted an event of default by Starbucks Brazil under the Bank Note. As a result, all amounts owing thereunder became immediately due and payable by Starbucks Brazil and Pope, as co-obligors of the Bank Note.

8. Additionally, upon Banco Modal's demand (which demand was made in accordance with section 5.02 of the Texas Guaranty) all of Pope's obligations under the Texas Guaranty became due, including immediate payment of the Guaranteed Debt. Despite Banco Modal's demand, Pope failed to timely pay the Guaranteed Debt and thereby committed a material breach of the Texas Guaranty.

**B.    Banco Modal Prevails in its Lawsuit Against Pope for Breach of the Texas Guaranty**

9. On November 20, 2023, Banco Modal commenced an action against Pope (the "State Court Action") by filing a petition in the District Court of Harris County, Texas, 234th Judicial District (the "State Court"), for breach of contract with respect to the Texas Guaranty due to Pope's failure to timely pay all of the Guaranteed Debt and seeking damages for the principal, interest, and other amounts due under the Bank Note, as well as attorney's fees and costs.

10. On February 12, 2024, Pope filed an answer asserting a general denial of the allegations in the petition.

11. On March 31, 2024, Banco Modal filed a motion for summary judgment seeking $7,798,264.06 in damages. Pope filed a response in opposition. The State Court conducted a

5

hearing on the motion on June 3, 2024 at which both parties presented argument.

12. Following oral argument, the State Court took the matter under advisement and later that same day entered an order granting Banco Modal's motion for summary judgment.[4]

## ARGUMENT

**A.    The Relief Requested as to Pope is Inconsistent with Chapter 15**

13. As the United States Court of Appeals for the Fifth Circuit has stated:

> Central to Chapter 15 is comity. Comity is the "recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protections of its laws."

*In re Vitro S.A.B. de CV*, 701 F.3d 1031, 1043-44 (5th Cir. 2012 (quoting *Hilton v. Guyot*, 159 U.S. 113, 164, 16 S.Ct. 139, 40 L.Ed. 95 (1895)). The Foreign Representative would have this Court turn comity on its head by granting relief as to Pope, which has not been granted in the Brazilian Insolvency Proceedings.[5]

14. U.S. courts have noted, "absent exigent circumstances, a stay imposed pursuant to chapter 15 is normally coterminous with the stay in the corresponding foreign proceeding." *See In re Daewoo Logistics Corp.*, 461 B.R. 175, 178 (Bankr. S.D.N.Y. 2011). In this instance, granting a stay for the benefit of Pope would exceed the scope of the relief granted by the Brazilian Court in the Brazilian Insolvency Proceeding.

---

[4] A true and correct copy of the State Court's order granting Banco Modal's motion for summary judgment is attached hereto as **Exhibit 3**.

[5] Banco Votorantim S.A. has asserted in its objection that the Brazilian Court previously denied Pope's request for a stay in the Brazilian Insolvency Proceeding. [Dkt. No. 16]. Banco Modal has not confirmed that to be true. However, if true, this Court should defer to the Brazilian Court and deny the Provisional Relief Motion as to Pope under principles of comity.

6

15. Pope is not a debtor in the Brazilian Insolvency Proceeding. Moreover, to the best of Banco Modal's knowledge, the Brazilian court has not issued a stay or other similar injunctive relief for Pope's benefit. Granting Pope a stay in these Chapter 15 Cases would exceed the scope of and arguably be inconsistent with the relief granted in Brazil. As such, the Court should deny the Provisional Relief Motion as to Pope.

B. **The Foreign Representative Has Failed to Demonstrate an Urgent Need to Protect the Debtors' Assets or Creditors' Interests**

16. Section 1519(a) of the Bankruptcy Code authorizes a bankruptcy court to grant certain provisional relief with respect to the foreign debtor's assets prior to determining whether to recognize a Chapter 15 petition. *See* 11 U.S.C. § 1519(a). Provisional relief is only available where "urgently needed to protect the assets of the debtor or the interests of the creditors." *Id*.

17. In the Provisional Relief Motion, the Foreign Representative makes several conclusory statements dismissing the merits of the litigation claims against Pope. *See Provisional Relief Motion* ¶ 48. However, he fails to show that relief is urgently needed to protect the Debtors' assets or the interest of creditors.

18. The Brazilian Insolvency Proceeding has been pending for almost nine months without Chapter 15 protection. Chapter 15 relief should have been requested months ago if it was ever urgently needed. Instead, it was requested **after** the Texas State Court issued a summary judgment against Pope (not a Debtor). A judgment against Pope should presumably not result in any urgency to the Debtors. Indeed, the Foreign Representative has not demonstrated that a stay of actions as to Pope is urgently needed to protect the Debtors' minimal assets in the U.S. or to protect creditors' interests. It is difficult to understand based on the Foreign Representative's papers how actions against Pope would affect the Debtors' minimal assets in the U.S. The request

appears to have been made to protect Pope, which is not a sufficient basis for relief under section 1519(a), which does not refer to the interests of an insider.

C.     **The Foreign Representative has not Satisfied Section 1519(e)**

19.     As the Debtors acknowledge, courts evaluate whether to grant provisional relief under an injunction standard, *i.e.* (1) there must be a likelihood of success on the merits, (2) absent an injunction, there would be an imminent irreparable harm to the Debtors' assets, (3) the balance of harm tips in favor of the foreign representative, and (4) that the public interest weights in favor of an injunction. *See* 11 U.S.C. § 1519(e); *In re Lyondell Chem. Co.*, 402 B.R. 571, 588-89 (Bankr. S.D.N.Y. 2009) (citing *In re Calpine Corp.*, 365 B.R. 401 (S.D.N.Y. 2007)).

20.     The burden to prove these criteria falls squarely on the foreign representative. *Compare In re Andrara Gutierrez Engenharia S.A.*, 645 B.R. 175, 181 (Bankr. S.D.N.Y. 2022) (finding that foreign representative met its burden for a preliminary injunction) *with In re Beechwood RE*, No. 19-11560, 2019 Bankr. LEXIS 2077, at *5-6 (Bankr. S.D.N.Y. Jul. 10, 2019) (denying provisional relief because the foreign representative failed to show irreparable harm); *see also In re Innua Can., Ltd.*, No. 09-16362, 2009 Bankr. LEXIS 994, at *11-12 (Bankr. D.N.J. Mar. 25, 2009).

21.     For purposes of this Limited Objection, Banco Model is not contesting the first element of the injunction standard (i.e., likelihood of success on the merits of the Chapter 15 petitions). However, Banco Model contests the remaining three.

22.     First, there has not been a showing that absent an injunction as to Pope, there would be imminent irreparable harm to the Debtors' assets. As an initial matter, the Debtors have minimal assets in the U.S. that could be attacked. Moreover, the Foreign Representative has not demonstrated a link between litigation against Pope and the Debtors' assets. Instead, it makes a series of complaints that amount to no more than an assertion that litigation will distract Pope from

the Debtors' affairs. That is insufficient to support a finding that the Debtors will suffer imminent irreparable harm if litigation against Pope is not stayed.

23. Second, the harm to parties in the U.S. outweighs any potential prejudice the Debtors may suffer. As noted above, if this Court issues a stay for the benefit of Pope, parties will be enjoined from pursuing Pope in the U.S. However, parties may pursue Pope outside the U.S. to the detriment of parties bound by this Court's stay. This Court should maintain a level playing field for all parties and not enjoin anyone from pursuing their remedies against Pope. Moreover, it remains unclear as to how the Debtors would be prejudiced by the continued litigation against Pope given that they have been proceeding without Chapter 15 protection for months. Indeed, they only requested such protection after the Texas State Court issued its summary judgment against Pope. At this stage, Pope may have more time than he has had in the past to focus on his managerial responsibilities given that Banco Modal has already prevailed in the action, and Pope allegedly does not have significant assets in the U.S. to protect.

24. Finally, the public interest would be disserved by a stay in this instance for at least two reasons. First, as noted above, comity is the underpinning of Chapter 15. An insider should not be allowed to use Chapter 15 to get relief that he would have not obtained or would otherwise not be entitled to get in the foreign proceedings. Second, a stay in a bankruptcy case should be extended only under extraordinary circumstances. Here, the Foreign Representative has failed to show any such circumstance. Finding that a distraction alone would merit extension of the stay to a non-debtor would violate a fundamental principle of the Bankruptcy Code, namely that a debtor (and not non-debtor) should get the benefit of the stay.

**D.** <u>**The Interest of Creditors Would Be Prejudiced by Staying Actions Against Pope**</u>

25. Section 1522 provides that a court may not grant provisional relief unless "the interests of creditors and other interested entities, including the debtor, are sufficiently protected."

9

11 U.S.C. § 1522(a). To make this assessment, courts employ a balancing test, weighing the relative harms and benefits to the parties in light of the circumstances presented. *See In re Sanjel (USA) Inc.*, 2016 Bankr. LEXIS 2771, at *16 (Bankr. W.D. Tex. July 28, 2016) (collecting cases); *see also In re Vitro SAB De CV*, 701 F.3d 1031, 1060, n.42 (5th Cir. 2012) (discussing requirement under section 1522 to balance the interests of the creditors and debtors, and holding that enforcement of a plan that discharged non-debtor guarantors should be precluded for failing to provide the appropriate balance).

26.  A stay by this Court would enjoin parties from pursuing Pope and his assets in the U.S. However, creditors in Brazil and elsewhere remain free to take actions against Pope. Consequently, staying actions against Pope in the U.S. would prejudice U.S. creditors to the advantage of parties outside the U.S. Such a result would clearly violate section 1522(a). Thus, the Court should not grant the Provisional Relief Motion as to Pope.

27.  The Foreign Representative proclaims that "Courts within the Fifth Circuit have granted provisional relief substantially similar to the provisional relief sought by this Motion."[6] However, the case law he cites authorizes an extension of the stay to officers of a debtor in a Chapter 11 case, which is materially different than a Chapter 15 case.[7] Indeed, the Foreign

---

[6] Provisional Relief Motion ¶ 48.

[7] Provisional Relief Motion ¶¶ 38-39 (citing *In re United Health Care Organization*, 210 B.R. 228, 232 (S.D.N.Y. 1997) (denying exemption to injunction with respect to officers of debtors in chapter 11); *In re North Star Contracting Corp.*, 125 B.R. 368, 371 (S.D.N.Y. 1991) (automatic stay extended to debtor's president of a chapter 11 debtor); *In re Cont'l Airlines*, 177 B.R. 475, 481 (D. Del. 1993) (affirming extension of automatic stay to directors and offices of the chapter 11 debtors); *In re Zale Corp.*, 62 F.3d 746, 761 (5th Cir. 1995) (affirming settlement in a chapter 11 plan that permanently enjoined claims against the settling directors); *In re Acis Cap. Mgmt., L.P.*, 604 B.R. 484, 526 (N.D. Tex. 2019) (granting temporary injunction as part of a confirmed plan preventing a non-debtor, non-creditor from exercising contractual rights against the debtor), *aff'd sub nom. Matter of Acis Cap. Mgmt.*, L.P., 850 F. App'x 302 (5th Cir. 2021); *In re Bailey Ridge Partners, LLC*, 571 B.R. 430, 438 (Bankr. N.D. Iowa 2017) (enjoining actions against the debtor's members and guarantors who were providing capital contributions to the LLC); and *In re Bernhard Steiner Pianos USA, Inc.*, 292 B.R. 109, 118 (Bankr. N.D. Tex. 2002)).

Representative fails to cite any Chapter 15 case in which a U.S. court extended a stay to a non-debtor.[8]

28.     *Assuming arguendo* that section 1519 of the Bankruptcy Code allows the Court to extend the stay to a non-debtor that did not have similar protections in the foreign proceeding, the Court may only extend the stay to non-debtors in "unusual circumstances," meaning (i) when there is an identity of interests between the debtor and non-debtor such that a suit against the non-debtor is essentially a suit against the debtor, and (ii) when the lawsuit against the non-debtor will have an adverse impact on the debtor's ability to accomplish a reorganization. The Foreign Representative has not provided any evidence of such unusual circumstances.  Distraction from his managerial obligations alone is not a sufficient basis for extending the stay to a non-debtor. Thus, the Court should not extend the stay to Pope or his assets.

## RESERVATION OF RIGHTS

29.     Banco Modal reserves the right to amend or supplement this Limited Objection at any time prior to any hearing on the Provisional Relief Motion and to assert further arguments at the hearing. Banco Modal further reserves all rights, claims, defenses, and remedies, whether with respect to the Provisional Relief Motion, the recognition of the Brazilian Insolvency Proceeding, the Chapter 15 Cases, or otherwise.

---

[8] Banco Modal is aware that there are instances where a U.S. court has enforced a foreign stay of actions against a non-debtor.  However, those cases are distinguishable as the foreign courts there had issued such a stay for the benefit of the non-debtor.  Here, there is no such stay in the Brazilian Insolvency Proceeding.  Moreover, there are cases in which a U.S. court has refused to enforce a stay for the benefit of a non-debtor issued by a foreign court.. *See, e.g., Vitro v. ACP Master, Ltd. (In re Vitro)*, 455 B.R. 571, 583-84 (Bankr. N.D. Tex. 2011) (denying extension of stay to protect entities other than the debtor and its assets, here non-debtor subsidiary guarantors); *In re Qimonda Ag*, 482 B.R. 879, 893-96 (denying request for extension of stay with respect to a non-debtor affiliate).

## CONCLUSION

30. Banco Modal respectfully requests that the Court deny the Foreign Representative's request for provisional relief solely with respect an extension of the stay to Pope and any assets he owns in his individual capacity. Banco Modal further requests that the Court grant such further relief, at law or equity, that is just and proper.

Dated:  June 14, 2024
       Dallas, Texas

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By: */s/ Toby Gerber*
Toby L. Gerber (SBT 07813700)
Jason I. Blanchard (SBT 24130197)
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
Email: toby.gerber@nortonrosefulbright.com
       jason.blanchard@nortonrosefulbright.com

-and-

Francisco Vazquez (*pro hac vice* requested)
1301 Avenue of the Americas
New York, NY 10019-6022
Telephone: (212) 318-3000
Facsimile: (212) 318-3400
Email: Francisco.vazquez@nortonrosefulbright.com

*Counsel for Banco Modal S.A.*

**CERTIFICATE OF SERVICE**

      I certify that on June 14, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas. The undersigned attorney further certifies that a true and correct copy of the foregoing was served by e-mail on all parties directly affected by the relief sought by this Limited Objection.

By:     */s/ Jason I. Blanchard*
                Jason I. Blanchard