IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 15 |
| SouthRock Capital Ltda., *et al.*,[1] | ) ) | Case No. 24-90398 (CML) |
| Debtors in a Foreign Proceeding. | ) ) ) | (Jointly Administered) |

**ATIVOS FUNDS' LIMITED OBJECTION TO EMERGENCY MOTION
OF FOREIGN REPRESENTATIVE FOR PROVISIONAL RELIEF**

Ativos Especiais II - Fundo de Investimento em Direitos Creditórios - NP and Ativos Especiais III - Fundo de Investimento em Direitos Creditórios ("Ativos Funds"), which have claims against Kenneth Pope pending in New York State court to enforce certain personal guarantees,[2] file this limited objection to the *Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362, and 105* [Docket No. 10] (the "Motion").

**Preliminary Statement**

1. The Motion seeks astonishing relief to protect a non-debtor. It asks the Court—at a first day hearing, on fewer than 48 hours' notice, with no discovery—to enjoin litigation against a non-debtor in his personal capacity. That relief is not permitted by the Bankruptcy Code and is not warranted by the facts of this case.

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each debtor's Brazilian tax identification number, are as follows: (a) SouthRock Capital Ltda. (01-35); (b) Americana Franquia S.A. (01-51); (c) Brazil Airport Restaurantes S.A. (01-73); (d) HB Participações S.A. (01-57); (e) SRC 5 Participações Ltda. (01-02); (f) SRC 6 Participações Ltda. (01-41); (g) SRC Holding Participações S.A.(01-74); (h) SR N Participações S.A. (01-01); (i) Star Participações S.A. (01-09); (j) Starbucks Brasil Comércio de Cafés Ltda. (01-00); (k) SW do Brasil Ltda. (01-20); (l) SW Stores do Brasil Ltda. (01-36); and (m) Wahalla Ltda. (01-10). The Debtors' mailing and service address is Avenida Paulista, 1294, 14º andar, sala 14, Bela Vista, São Paulo/SP, CEP 01310-915, Brazil.

[2] *Ativos Especiais II v. Pope*, No. 655972/2023 (Sup. Ct. N.Y. Cnty.).

4865-1201-5048

2. Provisional relief in a chapter 15 case is only permitted if there is an "urgent[ ]" need. 15 U.S.C. § 1519(a). Nothing of the kind exists here. The Motion comes nearly eight months into the Debtors' Brazilian bankruptcy proceedings. Docket No. 10 ¶ 18. And the U.S. litigation the Debtors invoke as the basis for "emergency" relief is hardly at an urgent stage. Since the Brazilian bankruptcy proceeding was commenced, only two actions have been filed against the Debtors in the United States, and the Debtors have not yet appeared in either one. *Id.* ¶ 23(e); *Banco Votorantim S.A. v. Kenneth Steven Pope*, Case No. 2024-008379-CA-01 (Fla. 11th Cir. Ct.). The plaintiff in those cases is nowhere close to executing on the Debtors' assets. There is simply nothing about those lawsuits that warrants emergency relief.

3. Nor do the lawsuits against Pope personally—including the Ativos Funds' suit—justify an "urgent" stay. That is because Pope has failed to meaningfully participate in those cases. In the Ativos Funds' lawsuit, for example, Pope repeatedly defaulted on his deadline to answer the complaint and has refused to answer discovery requests. *Ativos Especiais II v. Pope*, No. 655972/2023 (Sup. Ct. N.Y. Cnty.). The Foreign Representative cannot claim with a straight face that "substantially all of Pope's time and energy" is taken up by lawsuits he has ignored. Docket No. 10 at 18.

4. The complete lack of urgency here reveals the real purpose of the Motion, if not this entire case: to help Kenneth Pope put off his obligations in U.S. courts. Worse, because Pope has not filed for bankruptcy protection himself, the requested stay of litigation would allow him to move his U.S. assets while rendering creditors powerless to take steps against him. And while Pope claims in a declaration to have minimal assets, there is already evidence that he has tried to hide his wealth from creditors. As just one example, when Pope was soliciting investments from the Ativos Funds, he represented that he had enough money in his personal U.S. bank accounts to

earn millions of dollars in interest. *See Ativos Especiais II v. Pope*, No. 655972/2023, Dkt. 48 at 2-5 (Sup. Ct. N.Y. Cnty. Jan. 22, 2024). But when the Ativos Funds attached those accounts in early 2024, barely $20,000 remained. *See id.*, Dkt. 29 ¶12. The Court should not grant a one-sided stay that would allow Pope to continue evading his creditors with tactics like those.

5. The Ativos Funds will contest any final ruling to extend the automatic stay to Pope. That relief is barred on multiple grounds. Among others, 11 U.S.C. § 1519 does not entitle a non-debtor like Pope to the stay, and the Debtors cannot meet the demanding standard for extending the stay, even provisionally, to Pope. Given the emergency nature of the Motion, this brief identifies only the most glaring threshold problems with the relief sought. The Ativos Funds reserve the right to thoroughly contest the Motion once they have had more time and an opportunity to take discovery.

6. However, in the interest of minimizing unnecessary litigation at this very early stage of the case, the Ativos Funds have discussed a temporary resolution of this Motion with counsel to the Foreign Representative. Those discussions have provided a potential path forward in the short term. Specifically, while reserving all rights to contest the Motion on a final basis, the Ativos Funds would not object to a 30-day interim stay of U.S. litigation against the Debtors or Pope on the condition that:

> (1) Pope signs a stipulation consenting to the jurisdiction of this Court;
>
> (2) the interim stay lasts no longer than 30 days;
>
> (3) a final hearing on the Motion is held within the 30-day period;
>
> (4) the Court enjoins Pope from moving or dissipating any U.S. assets other than for purposes of court-ordered child support payments; and

3

        (5) the Court permits discovery from SouthRock, Pope, Pope's entities, and appropriate third parties into the Motion and Pope's and SouthRock's assets.

7.     The Ativos Funds understand that the Foreign Representative and Pope may agree to all of these conditions except for the scope of discovery. The parties will continue these discussions and will update the Court at the first day hearing.

## Argument

### I. A Stay as to Pope—Even a Provisional One—Is Improper

#### A. There Is No Basis for a Stay as to Pope Under the Bankruptcy Code

8.     Chapter 15 provides no authority for a stay as to a non-debtor. By its terms, §1519(a) allows the Court to grant provisional relief only where necessary "to protect the assets of the debtor or the interests of the creditors." Neither of those rationales applies to Pope, who is not a debtor. The Foreign Representative does not assert Pope is the "subject of" a foreign proceeding within Chapter 15's scope. Docket No. 10 at 1. Should the Court eventually recognize the foreign proceedings here, the relief available under § 1521 would not apply to Pope either.

9.     The Foreign Representative claims that provisional relief may be used to stay non-debtor litigation that "would adversely affect the bankrupt [*sic*] estate." Docket No. 10 at 16-19. But the cases cited as support for that claim are easily distinguishable. In those cases, relief against the non-debtor was, in effect, relief against the debtor. For example, because the non-debtor would be indemnified by the debtors,[3] because the debtor was the real party-defendant to the litigation sought to be enjoined,[4] or because the action to be enjoined would transfer from the debtor its

---

[3] *See, e.g.*, *In re United Health Care Org.*, 210 B.R. 228, 232 (S.D.N.Y. 1997) (settlement required principal to contribute its own assets to estate); *In re N. Star Contracting Corp.*, 125 B.R. 368, 371 (S.D.N.Y. 1991) (indemnification obligation); *In re Zale Corp.*, 62 F.3d 746, 762 (5th Cir. 1995) (similar).

[4] *In re Cont'l Airlines*, 177 B.R. 475, 479 (D. Del. 1993) (bankruptcy court concluded debtor was the real party in interest to litigation sought to be enjoined).

4

remaining value.[5]  No such identity of interest exists here.  The Foreign Representative does not claim there is any indemnification arrangement between Pope and the Debtors, *see* Docket No. 7, and there is no proof that relief against Pope would take money away from the Debtors' estates.  To the contrary, the few litigations filed against Pope, including the one brought by the Ativos Funds, are, by the Foreign Representative's own account, all against Pope based on personal guarantees that he made.  Docket No. 10 ¶23(a)-(e).  And in the Ativos Funds' litigation, Pope is accused of failing to pay money **to the Debtors.**  *Ativos Especiais II v. Pope*, No. 655972/2023, Dkt. 1 ¶¶3-4, 22, 30 (Sup. Ct. N.Y. Cnty. Nov. 30, 2023) ("<u>Ativos Funds Complaint</u>").[6]

10.     The Foreign Representative next claims that that "Pope has been absorbed by the U.S. litigation," which "consume[s] substantially all of Pope's time and energy," and therefore distracts him from his duties as CEO.  Docket No. 10 ¶¶ 24, 40.  The Foreign Representative cites no authority showing that litigation against a non-debtor can or should be stayed simply because of litigation "distractions."[7]  More to the point, the Foreign Representative's claims are just not plausible.  At the very least, there are no concrete facts to back these contentions.  Pope has notably chosen not to support these claims in his declaration.  And while the Foreign Representative recites the same boilerplate language about litigation distractions in his declaration, he offers no details

---

[5] *In re Acis Cap. Mgmt., L.P.*, 604 B.R. 484 (N.D. Tex. 2019), *aff'd sub nom. In re Acis Cap. Mgmt., L.P.*, 850 F. App'x 302 (5th Cir. 2021) (optional redemption of entities' directors enjoined by bankruptcy court because redemptions would cause debtor to be left with "no going concern value").

[6] The Foreign Representative asserts that "[c]ourts within the Fifth Circuit have granted provisional relief substantially similar to the provisional relief sought by this Motion."  Docket No. 10 ¶ 48.  But the only two cases cited in that paragraph do not support that statement.  *Firefighters' Retirement Sys. v. Citco Grp. Ltd.*, 796 F.3d 520, 525 (5th Cir. 2015) only discusses comity generally, not injunctions or provisional relief.  And in *Ad Hoc Group of Vitro Noteholders v. Vitro SAB de CV*, 701 F.3d 1031, 1053 (5th Cir. 2012), the bankruptcy court **denied** the requested relief (non-consensual non-debtor releases), which was affirmed by the Fifth Circuit.

[7] While *In re N. Star* did cite distractions, at its core it involved a non-debtor who was indemnified by the debtor, and a claim against the non-debtor that was not a "bona fide separate cause of action." 125 B.R. at 371.

5

showing that "all of Pope's time and energy" is taken up by U.S. lawsuits. Docket No. 7 ¶14; *see id.* ¶82.

11. There is a reason for this lack of specificity: Pope has hardly had any "time or energy" taken up by U.S. litigation he has ignored. For example, he failed to answer the Ativos Funds' complaint despite multiple extensions, forcing the Ativos Funds to file a default judgment motion. *See Ativos Especiais II v. Pope*, No. 655972/2023, Dkt. 64 (Sup. Ct. N.Y. Cnty. Apr. 16, 2024). Only after the court granted him a **third** extension did Pope finally file an answer, six months after the complaint was originally filed. *Id.* Dkts. 86, 88. He has filed no motions in that case other than seeking extensions of time. *See id.* Dkt. 77, 85. He has also failed to respond to the Ativos Funds' discovery requests. He has made no discernible effort to participate in the Ativos Funds' litigation. Similarly, a cursory review of the dockets of the other litigations against him suggests that Pope has spent little time dealing with those cases. He has not appeared in either of the two cases against him brought by Banco Votorantim, Dkt. 16 ¶1. He filed a form answer in the Banco Modal case. *Ativos Especiais II v. Pope*, No. 655972/2023, Dkt. 75 (Sup. Ct. N.Y. Cnty. Apr. 16, 2024).

12. The Foreign Representative cannot offer a meaningful rationale why Pope, a non-debtor, should enjoy a stay under this Chapter 15 case. That by itself should require denying the Motion at any final hearing.

**B. There Is No Basis for an Injunction in Pope's Favor[8]**

13. Even if there were a statutory or other basis a stay against Pope, the Foreign Representative cannot satisfy the standard for the injunctive relief he seeks. As explained above,

---

[8] The Ativos Funds also note that it would be procedurally improper to grant an injunction in favor of a non-debtor like Pope on a first day motion. Instead, an adversary proceeding is required. *See* Fed. R. Bankr. P. 7001(7).

6

Pope, as a non-debtor, is not entitled to a stay of the claims against him on the merits. Nor should the Bankruptcy Court extend the stay to him as a matter of comity. *See* Docket No. 10 at 21-22. The Foreign Representative is careful to assert only that "claims against **the Debtors** in Brazil" are stayed due to the proceedings there. Docket No. 10 ¶ 48 (emphasis added). Brazilian law does ***not*** stay claims against Pope, who is not (and cannot be) a debtor in the Brazilian proceedings.

14. The Foreign Representative also does not identify any irreparable harm that would arise from allowing the U.S. lawsuits against Pope proceed. Time and expense spent defending litigation—even assuming that Pope's time could be attributed to the Debtors—is not irreparable harm. *Peru v. Unisert Multiwall Sys., Inc.*, No. 4:14-CV-773, 2014 WL 7338863, at *3 (S.D. Tex. Dec. 22, 2014); *In re: BP P.L.C. Sec. Litig.*, No. 4:10-CV-4214, 2016 WL 164109, at *2 n.15 (S.D. Tex. Jan. 14, 2016) (collecting cases); *see also Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury").

15. In addition, the balance of harms overwhelmingly favors the Ativos Funds. The four litigations against Pope do not pose any discernible harm to the Debtors. In fact, the Ativos Funds' suit would ***benefit*** the Debtors, since the Ativos Funds seek there to, among other things, compel Pope to make capital contributions to the Debtors' estate. Ativos Funds Complaint ¶¶ 5, 71. By comparison, a stay would obviously prevent the Ativos Funds from vindicating their contractual rights against Pope. The Ativos Funds have incurred over $28 million in damages from Pope's failure to abide by his personal guarantee. *Id.* ¶ 54. Moreover, the Ativos Funds and other creditors have almost no protections against Pope dissipating assets. As described above, Pope has already dissipated assets. *See* ¶ 4, *supra*. The Foreign Representative's bald assertion

7

that "there are no assets that may be dissipating," Docket No. 10 ¶ 53, is cold comfort for creditors whom Pope has already deceived.

## II. If the Court Is Inclined To Grant a Stay, Pope Should Be Enjoined from Transferring His Assets, and Should Be Required To Submit to Discovery

16. If the Court is inclined to grant a provisional stay for Pope's benefit, equity requires that the Court take two steps to prevent the stay from being entirely one-sided.

17. *First,* the Court should enjoin Pope from transferring any assets (except those necessary for child support payments, for which Pope should be required to provide documentation). That injunction is necessary to prevent Pope from being free to dissipate his assets while his creditors' hands are tied. *See* ¶ 4, *supra*.

18. *Second*, the Court should permit discovery into Pope's assets, and, if necessary, those of SouthStone Capital and Pope's other entities. That discovery is critical to avoid further asset dissipation by Pope. It is also necessary because, without discovery, the Ativos Funds would have no way to test the allegations Pope has made to support the extraordinary relief he seeks.

## Conclusion

The Ativos Funds do not object to a 30-day stay against the Debtors and Pope on the conditions described in paragraph 6 hereof. If those conditions cannot be met, the Motion should be denied. The Ativos Funds also reserve all rights to contest the Motion at a final hearing.

Respectfully submitted this 14th day of June, 2024.

**GRAY REED**

By: */s/ Jason S. Brookner*
  Jason S. Brookner
  Texas Bar No. 24033684
  Amber M. Carson
  Texas Bar No. 24075610
1300 Post Oak Blvd., Suite 2000
Houston, TX 77056
Telephone:  (713) 986-7000
Facsimile:  (713) 986-7100
Email: jbrookner@grayreed.com
   acarson@grayreed.com

 - and -

**MOLOLAMKEN LLP**
  Justin M. Ellis (*pro hac vice* pending)
  Lauren F. Dayton (*pro hac vice* pending)
  Catherine Martinez (*pro hac vice* pending)
430 Park Avenue
New York, NY  10022
Telephone: (212) 607-8160
Facsimile:  (212) 607-8161
Email: jellis@mololamken.com
   ldayton@mololamken.com
   cmartinez@mololamken.com

**COUNSEL TO ATIVOS ESPECIAIS II - FUNDO DE INVESTIMENTO EM DIREITOS CREDITÓRIOS - NP AND ATIVOS ESPECIAIS III - FUNDO DE INVESTIMENTO EM DIREITOS CREDITÓRIOS**

### Certificate of Service

  The undersigned hereby certifies that on the 14th day of June 2024, he caused a true and correct copy of the foregoing document to be served via the Court's CM/ECF system.

     */s/ Jason S. Brookner*
     Jason S. Brookner