**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 15 |
| | § | |
| SOUTHROCK CAPITAL Ltda., *et al.*, | § | Case No. 24-90398 |
| | § | |
| Debtors in a Foreign Proceeding. | § | (Jointly Administered) |
| | § | |
| | § | |

**THE IBIUNA CREDITOR'S OBJECTION, RESERVATION OF RIGHTS, AND JOINDER IN OPPOSITION TO EMERGENCY MOTION OF FOREIGN REPRESENTATIVE FOR PROVISIONAL RELIEF PURSUANT TO BANKRUPTCY CODE SECTIONS 1519, 1521, 362, AND 105**

Ibiuna Crédito Gestão de Recursos Ltda., Travessia Securitizadora de Créditos Financeiros S.A. and Travessia Securitizadora de Créditos Financeiros XXXII S.A. (collectively, the "Ibiuna Creditors") hereby file this Objection, Reservation of Rights, and Joinder (the "Joinder") in opposition to the *Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362 and 105* [Docket No. 10] (the "Emergency Motion") filed by the foreign representative (the "Foreign Representative") of SouthRock Capital Ltda. and its affiliated foreign debtors (the "Debtors") in the above captioned chapter 15 cases (the "Chapter 15 Cases"). In support of the Joinder, the Ibiuna Creditors respectfully state as follows:

**BACKGROUND**

1.  The Ibiuna Creditors are creditors to certain of the Debtors and have claims against Kenneth Steven Pope as guarantor. The Ibiuna Creditors have pending discovery proceedings pursuant to 28 U.S.C. § 1782.

**OBJECTION**

2.  The Ibiuna Creditors object to the Emergency Motion on the grounds raised by other

113015439.2

similarly situated creditors. The Ibiuna Creditors further object to the Emergency Motion on the basis that the *Declaration in Support of the Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362, and 105* (the "Pope Declaration") attached to the Emergency Motion is materially misleading and incorrect in several respects.

3.  In support of these arguments, the Ibiuna Creditors submit the *Declaration of Foreign Counsel Vinicius Macedo Teixeira* (the "Teixeira Declaration") attached hereto as **Exhibit A**. The Teixeira Declaration seeks to clarify (1) the events which lead to the Debtors' reorganization proceedings in Brazil; (2) the posture of the underlying loans to the Debtors, including Pope's guaranty of those loans; (3) the purposes of the ongoing discovery actions by Pope's creditors in the U.S.; and (4) the legal effects of the judicial reorganization proceedings in Brazil

## JOINDER

4.  The Ibiuna Creditors join in the responsive pleadings and objections to the Emergency Motion (and the arguments and authorities therein) filed by other similarly situated creditors, including (but not limited to) the following:

    - Banco Votorantim S.A. [Dkt. No. 16];
    - Banco Modal S.A. [Docket No. 17]; and
    - Ativos Funds [Docket No. 18].

## RESERVATION OF RIGHTS

5.  The Ibiuna Creditors specifically reserve their rights to further object to any other relief sought by the Foreign Representatives or the Debtors in connection with the Emergency Motion, including, without limitation, the Foreign Representative's request for extension of the stay to Pope and/or assets he owns in his individual capacity.

113015439.2

## **CONCLUSION**

The Ibiuna Creditors respectfully request that the Court deny the Foreign Representative's request for provisional relief solely with respect to an extension of the stay to Pope and assets he owns in his individual capacity and grant such other and further relief as is just and proper.

113015439.2

Dated: June 14, 2024

/s/ *Michael S. Held*

**JACKSON WALKER LLP**
Michael S. Held (State Bar No. 09388150)
Aaron E. Lozano (State Bar No. 24125803)
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 (Fax)
mheld@jw.com
alozano@jw.com

-and-

Matthew D. Cavenaugh (State Bar No. 24062656)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 (Fax)
mcavenaugh@jw.com

*Counsel to the Ibiuna Creditors*

113015439.2

5

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that, on this the June 14, 2024, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof.

                                                  */s/ Michael S. Held*
                                                  Michael S. Held

113015439.2

# **EXHIBIT A**

**Teixeira Declaration**

113015439.2

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | Chapter 15 |
| § | |
| SOUTHROCK CAPITAL Ltda., *et al.*, § | Case No. 24-90398 |
| § | |
| Debtors in a Foreign § | (Jointly Administered) |
| Proceeding. § | |
| § | |

## DECLARATION OF FOREIGN COUNSEL
## VINÍCIUS MACEDO TEIXEIRA

1.      I, Vinícius Macedo Teixeira, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America, as follows:

2.      I am a partner with Warde Advogados, a law firm that represents Ibiuna Crédito Gestão de Recursos Ltda., Travessia Securitizadora de Créditos Financeiros S.A. and Travessia Securitizadora de Créditos Financeiros XXXII S.A. (collectively, the "Ibiuna Creditors") in civil proceedings filed against Mr. Kenneth Steven Pope ("Mr. Pope") in Brazil, as well as in Southrock Group's judicial reorganization proceedings in Brazil (in which the Ibiuna Creditors are listed a creditors).

3.      We have learned by the media about the existence of the Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362, and 105 (the "Emergency Motion") filed by certain companies of the Southrock Group before this Court, as well as the deceptive declaration made by the (indirect) majority shareholder of the Southrock Group, Mr. Pope, in support of the Emergency Motion (Declaration in Support of the Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362, and 105, - "Pope's Declaration"). The Emergency Motion and Mr. Pope's Declaration have astounded us in several respects.

4.      Firstly, there is no urgency whatsoever in preventing the Discovery actions that the Ibiuna Creditors have initiated against Mr. Pope in Texas and New York.

5.      The 1782 Application initiated by the Ibiuna Creditors against Mr. Pope before the Southern District of New York was filed on **February 9, 2024**. However, the Emergency Motion was not filed until **June 12, 2024**.

6.      If the Emergency Motion were genuinely urgent, Mr. Pope and his companies would not have waited over four months to file it.

7.      Secondly, although Mr. Pope contends that the objective of the Discovery actions initiated by his creditors in the United States would be to create *leverage* to expedite the payment of debts subject to the reorganization plan that the Southrock Group proposed in its judicial reorganization proceeding in Brazil, the evidence that the Ibiuna Creditors seek to gather in the 1782 Applications against Mr. Pope in Texas and New York will further not only the criminal investigation in which Mr. Pope is under investigation for fraud and bankruptcy crimes, but also the enforcement proceedings that the Ibiuna Creditors are pursuing against Mr. Pope in Brazil – which have not been stayed or anyhow affected by Southrock Group's judicial reorganization proceeding.

8.      Mr. Pope **personally guaranteed** the loans amounting to approximately BRL 116 million (equivalent to about USD 24 million) the Ibiuna Creditors seek to collect through the enforcement proceedings assigned under numbers 1161693-64.2023.8.26.0100 and 1171445-60.2023.8.26.0100, which are pending before the 33rd Civil Chambers and the 33rd Civil Chambers of the of the São Paulo State Court ("Brazilian Civil Proceedings"). According to Article 49, § 1, of the Brazilian Judicial Reorganization and Bankruptcy Law (Federal Law No. 11,101, enacted in 2005), creditors retain their rights against the guarantors of debts of entities under reorganization.

9.      This means that the Brazilian Civil Proceedings filed against Mr. Pope and other Southrock Group's entities are moving forward against Mr. Pope. These lawsuits have only been stayed in regard to Southrock Group's companies that are under judicial reorganization, not against Mr. Pope.

10.     **Most importantly, Mr. Pope is not a party to Southrock Group's judicial reorganization proceeding in Brazil.**

11.     According to the Brazilian Judicial Reorganization and Bankruptcy Law, individuals do not have the right to file for bankruptcy or judicial reorganization. Such prerogative is **reserved exclusively for companies**, except in the case of individuals who operate as rural producers — which, of course, does not apply to Mr. Pope.

12.     Based on my professional experience litigating cases in Brazil, especially civil proceedings against debtors, debtors do not assign assets to pay their debts. Rather, it is incumbent upon the creditor to search for the debtor's assets to fulfill the debt, pursuant to Brazilian civil procedure laws. In addition, it is incumbent upon the creditor to gather sufficient evidence to show that certain transfers to third parties were fraudulent transfers, and thus the funds transferred may be seized and used to satisfy the debt.

13.     This implies that, contrary to Mr. Pope's allegations, the Ibiuna Creditors do not intend to exert undue pressure on Mr. Pope to collect their credits through indirect means, but rather to identify any attachable assets owned by Mr. Pope and subsequently repatriate these assets to Brazil to satisfy the debts that Mr. Pope personally guaranteed when he secured these multimillion-dollar loans.

14.     In this context, there are two indications that Mr. Kenneth Pope has executed fraudulent transfers to the United States, his country of origin, to evade the payment of the debts of the Southrock Group which he personally guaranteed.

15.     The first indication is that, in the enforcement proceeding No. 1161693-64.2023.8.26.0100, the Ibiuna Creditors were granted access to Mr. Pope's last three Income Tax returns, which reveal that, over the past years, he took loans of approximately BRL 20 million from Southrock Capital Ltda., equivalent to USD 4 million, without any indication in his tax returns of the allocation of these amounts (**Exhibit A**):

| | NAME: KENNETH STEVEN POPE<br>Individual Taxpayer's Register (CPF) No. 233.489.888-02<br>ANNUAL INCOME TAX RETURN | | INCOME TAX - INDIVIDUAL<br>FISCAL YEAR 2023 | | CALENDAR YEAR 2022 |
|---|---|---|---|---|---|
| **DEBTS AND SECURITY INTEREST** | | | | | (Amounts in Reais) |
| CODE | DESCRIPTION | STATUS ON 12/31/2021 | STATUS ON 12/31/2022 | | AMOUNT PAID IN 2022 |
| 13 | LOAN TAKEN FROM SOUTHROCK CAPITAL LTDA (National Corporate Taxpayer's Register - CNPJ 11.884.896/0001-35) IN THE TOTAL AMOUNT OF TWO MILLION, THREE HUNDRED AND EIGHTY THOUSAND, THREE HUNDRED AND THIRTY REAIS (BRL2,380,330.00). IN 2022 THERE WAS A LOAN OF BRL4,343,247.34 | 15,215,093.00 | 19,558,304.34 | | 0.00 |
| 11 | REAL ESTATE CREDIT TAKEN FROM BRADESCO FOR THE PURCHASE OF THE APARTMENT LOCATED AT RUA PADRE JOAO MANUEL, 1089 – APTO 31 – Postal Code (CEP) 01411-001 | 2,444,464.80 | 2,390,144.40 | | 54,320.40 |
| 11 | REAL ESTATE CREDIT TAKEN FROM BANCO SANTANDER, IN THE AMOUNT OF BRL2,500,000.00 FOR THE PURCHASE OF APARTMENT 121, LOCATED ON THE 12TH FLOOR OF THE VERBENA BUILDING, RUA PADRE JOAO MANOEL 1089, SÃO PAULO/SP | 2,364,298.72 | 2,309,285.67 | | 55,013.05 |
| 11 | NEGATIVE BALANCE IN THE CHECKING ACCOUNT HELD AT BRADESCO, BRANCH 3221, CHECKING ACCOUNT 13.189-9 | 9,261.28 | 0.00 | | 9,621.28 |
| **TOTAL** | | 20,033,117.80 | 24,257,770.41 | | 118,954.73 |

16.     In other words, contrary to the allegations he made in Pope's Declaration, his own Income Tax return indicates that he received this sum of approximately BRL 20 million from Southrock Capital as **loans**, rather than as dividend distributions.

17.     Furthermore, the financial statements that the Southrock Group submitted when filing for judicial reorganization in Brazil demonstrate that both Southrock Capital and the Southrock Group as a whole have been reporting multimillion-dollar losses since at least 2020.

18.     Nevertheless, Mr. Pope and his Southrock Group's companies asserted, in the judicial reorganization proceeding, that Mr. Pope received "advanced dividends" amounting to BRL 5,349,990.46 between 2022 and 2023, during a period when the group had been reporting losses for at least the past two years, including the same year in which they filed for judicial reorganization – when the group declared a total debt of BRL 1.8 billion (approximately USD 330 million) to their creditors.

19.     How, then, could Mr. Kenneth Pope have received millions of dollars in dividends while both Southrock Capital and the Southrock Group were reporting significant losses year after year and financing their operations with bank loans?

20. It seems evident that, although Mr. Pope's withdrawals were recorded as "advanced dividends," these operations were nothing more than expropriations of company funds, which Mr. Kenneth Pope carried out for his own benefit when he foresaw that the crisis engulfing the group would inevitably lead to a judicial reorganization proceeding.

21. This situation becomes even more absurd when considering that Mr. Pope's Income Tax returns do not indicate any allocation for these substantial loans he reported to have taken from Southrock Capital Ltda.: the only two properties he owns were mortgaged to the banks; he has no significant investments, and there are no expenses that could remotely match the BRL 20 million he reported having taken from Southrock Capital Ltda.

22. The fact that this significant amount has "disappeared" is a compelling factor supporting the conclusion that Mr. Pope likely transferred these funds to the United States, his country of origin, where he has connections and possibly shell companies.

23. the Ibiuna Creditors therefore seek discovery through the 1782 Application for use in the Brazilian Civil Proceedings in two ways: first, to identify assets of Mr. Pope that may be brought to the Brazilian courts' attention for possible satisfaction of the debts; and second, to identify and prove any fraudulent transfers that Mr. Pope, his companies, or employees/agents thereof may have made and that can be used to satisfy the debt.

24. The discovery sought by the Ibiuna Creditors in their two 1782 Applications is critical to accomplishing these goals. The Ibiuna Creditors seek records from several financial institutions that the Ibiuna Creditors have identified from the financial statements of SouthRock Brazil and/or the expert report from the Brazilian judicial reorganization proceeding as either holding accounts, sending or receiving payments, and/or processing payments for Mr. Pope and/or his companies that are incorporated in the United States and Brazil, and that were involved in the operations of Southrock Group in Brazil.

25. Additionally, in light of this discovery that Mr. Pope diverted more than BRL 20 million from the conglomerate on the eve of the Southrock Group's judicial

reorganization filing, the Ibiuna Creditors have requested before Brazilian Courts the removal of Mr. Pope and Mr. Rohr from the administration of the Southrock Group.

26.     After all, not only the Brazilian Judicial Reorganization and Bankruptcy Law classifies as a bankruptcy crime the practice of "fraudulent acts that result or may result in harm to creditors, with the aim of obtaining or securing undue advantage for oneself or others," subjecting the perpetrator to accountability and removal from the company's administration, but also it is unacceptable for creditors to remain subject to the management of individuals who divert millions of dollars from a deeply indebted business group on the brink of a judicial reorganization proceeding.

27.     There has not yet been a ruling on the Ibiuna Creditors' removal request, but under these circumstances, we believe it will likely be granted.

28.     Thirdly, as stated above, the evidence that the Ibiuna Creditors seek to gather in their 1782 Application will also support the criminal investigation in which Mr. Pope, as well as Mr. Fabio Rohr and Mr. Marcos Carvalho, are being investigated for the crimes of criminal association (*associação criminosa*), as stated in Article 288 of the Brazilian Criminal Code; false identity (*falsidade ideológica*), as stated in Article 299 of the Brazilian Criminal Code; embezzlement, as stated in Article 171 of the Brazilian Criminal Code (*estelionato*); and fraudulent against creditors (*fraude contra credores*), as stated in Article 168 of Federal Law No. 11,101 enacted in 2005.

29.     In summary, the Ibiuna Creditors requested the initiation of this investigation because: **(i)** when Mr. Pope and his executives requested the loans from the Ibiuna Creditors, they likely falsified the financial statements of Southrock Group companies to conceal the conglomerate's multimillion-dollar debts, thereby misleading the Ibiuna Creditors into believing that the group's level of indebtedness was much lower than it actually was; **(ii)** there are indications that Mr. Pope and his executives manipulated the balance sheets of Southrock Group companies to minimize the royalty amounts owed to the global holder of the Starbucks brand; and **(iii)** they replaced the card machine acquirers of Starbucks Brazil, apparently with the specific purpose of preventing the collection of receivables fiduciary assigned as collateral for the repayment of the loans granted by the Ibiuna Creditors.

30. Faced with these circumstances, the United States Magistrate Judge Robyn F. Tarnofsky, from the Southern District of New York, acknowledged the relevance of the information sought by the Ibiuna Creditors and recommended the granting of their 1782 New York Application (**Exhibit B**):

> 58.)[7] I agree that the new versions of the subpoenas (ECF 12-2, 12-3, 12-4, 15-1, 15-2) seek information that is relevant to the Reorganization Proceeding and the Criminal Proceeding and is proportional to the needs of those matters.
>
> **CONCLUSION**
>
> For the foregoing reasons, I respectfully recommend that the Application be GRANTED as to Respondents Goldman Sachs Group, Goldman Sachs, CHIPS, and NY Federal Reserve and DENIED as to Respondent SBNA.
>
> Dated: February 14, 2024
> New York, New York
>
> **ROBYN F. TARNOFSKY**
> **United States Magistrate Judge**

31. This recommendation was later endorsed by the United States District Judge John G. Koeltl (**Exhibit C**).

32. For these reasons, the Ibiuna Creditors respectfully request that the Court deny the Foreign Representative's request for provisional relief solely with respect to an extension of the stay to Pope and assets he owns in his individual capacity and grant such other and further relief as is just and proper.

Executed on June 14, 2024
in São Paulo, Brazil

Vinícius Macedo Teixeira