United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 21, 2024
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Case No. 24-90398 (CML) |
| SouthRock Capital Ltda., *et al.*[1] | § § § | Chapter 15 |
| Debtors in Foreign Proceeding. | § § § § | (Jointly Administered) |

**STIPULATION AND ORDER GRANTING EMERGENCY MOTION OF FOREIGN REPRESENTATIVE FOR PROVISIONAL RELIEF PURSUANT TO BANKRUPTCY CODE SECTIONS 1519, 1521 AND 362**

(Relates to ECF Nos. 9 and 10)

This matter having come before the Court on the Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362, and 105 (ECF No. 10) (the "Motion")[2] of Fabio David Rohr in his capacity as Foreign Representative (the "Petitioner" or "Foreign Representative") of SouthRock Capital Ltda., Americana Franquia S.A., Brazil Airport Restaurantes S.A., HB Participações S.A., SRC 5 Participações Ltda., SRC 6 Participações S.A., SRC Holding Participações S.A., SR N Participações S.A., Star Participações Ltda., Starbucks Brasil Comércio de Cafés Ltda., SW do Brasil Ltda., SW Stores do Brasil Ltda., and Wahalla Ltda. (collectively, the "Debtors") for provisional relief as more fully described in

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's Brazilian tax identification number, are as follows: (a) SouthRock Capital Ltda. (01-35); (b) Americana Franquia S.A. (01-51); (c) Brazil Airport Restaurantes S.A. (01-73); (d) HB Participações S.A. (01-57); (e) SRC 5 Participações Ltda. (01-02); (f) SRC 6 Participações Ltda. (01-41); (g) SRC Holding Participações S.A.(01-74); (h) SR N Participações S.A. (01-01); (i) Star Participações S.A. (01-09); (j) Starbucks Brasil Comércio de Cafés Ltda. (01-00); (k) SW do Brasil Ltda. (01-20); (l) SW Stores do Brasil Ltda. (01-36); and (m) Wahalla Ltda. (01-10). The Debtors' mailing and service address is Avenida Paulista, 1294, 14º andar, sala 14, Bela Vista, São Paulo/SP, CEP 01310-915, Brazil.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Motion and in the Verified Petition (ECF No. 9).

13013-00001/15033487.1

the Motion; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and venue being proper in this District pursuant to 28 U.S.C. § 1410; and due and proper notice of the Motion having been provided to the Notice Parties; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and the Court having determined that the provisional relief requested in the Motion as to the Debtors is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to sections 1519, 1521, and 362 of the Bankruptcy Code; and the Court having determined that immediate relief as to the Debtors is necessary to avoid irreparable harm to the Debtors, their property, creditors and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Code section 1519(a)(1), Bankruptcy Code section 362(a) shall apply provisionally from the date hereof through the conclusion of the hearing on the Foreign Representative's Verified Petition, with respect to the Debtors and their property that is within the territorial jurisdiction of the United States. For the avoidance of doubt, and without limiting the generality of the foregoing, the relief granted by this Order shall impose a stay within the territorial jurisdiction of the United States, applicable to all entities (as such term is defined in section 101(15)) of the Bankruptcy Code, of:

    a. the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Debtors' Chapter 15 Case, or to recover a claim against the Debtors that arose before the commencement of the Debtors' Chapter 15 Case;

    b. the enforcement, against the Debtors or their property, of a judgment obtained before the commencement of the Debtors' Chapter 15 Case;

    c. any act to obtain possession of property of the Debtors, or of property from the Debtors, or to exercise control over property of the Debtors;

    d. any act to create, perfect, or enforce any lien against property of the Debtors;

    e. any act to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose before the commencement of the Debtors' Chapter 15 Case;

    f. any act to collect, assess, or recover a claim against the Debtors that arose before the commencement of the Debtors' Chapter 15 Case; and

    g. the setoff of any debt owing to the Debtors that arose before the commencement of the Debtors' Chapter 15 Case against any claim against the Debtors.

3. Notwithstanding anything herein to the contrary, the provisional relief sought in the Motion with respect to Kenneth Pope ("Pope") will be considered at a further hearing on the Motion set for July 15, 2024 at 1:00 p.m. (prevailing Central Time) (the "Final Hearing") along with the Joint Verified Petition for Recognition filed at ECF No. 9.

4. The Court requests but does not order that Pope and the creditors that objected to the relief in the Motion (the "Objectors") with respect to Pope maintain the status quo with respect to requested relief.

5. Pope and the Objectors signing this Order (see below) hereby submit to the jurisdiction of this Court with respect to its implementation and agree to accept service of any discovery request by e-mail, subject to their rights to object to such discovery. Pope agrees to the entry of a protective order for the purpose of the discovery described in paragraph 6 below.

6. Pursuant to Bankruptcy Rule 7026 to the extent applicable pursuant to Bankruptcy Rule 9014, the Objectors and the Foreign Representative may conduct discovery prior to the Final Hearing limited to: (a) the Debtors' Verified Petition for Recognition; and (b) the provisional relief sought in the Motion with respect to Pope, including the Pope Declaration and the Rohr Declaration.  That limited discovery may include document discovery from the Debtors, the Foreign Representative, and Pope; depositions of Pope, the Foreign Representative, and any other person whose testimony the Debtors or the Objectors may present at the Final Hearing in support of the Motion; and third-party discovery.  Nothing herein shall be construed to prohibit, impede or stay third-party discovery by the Objectors in proceedings that have been pending prior to the commencement of the Debtors' Chapter 15 Case, except for discovery on SouthStone Capital, LLC.

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representative may immediately implement and enforce the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and may, in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

8. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, enforcement, amendment or modification of this Order, and any requests for any additional relief in this Chapter 15 Case.

Signed: June 21, 2024

_____
Christopher Lopez
United States Bankruptcy Judge

**STIPULATED AND AGREED AS TO FORM AND CONTENT:**

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Patricia B. Tomasco*
Patricia B. Tomasco
SBN 01797600
S.D. Tex. Fed. No. 10142
Joanna D. Caytas
SBN 24127230
S.D. Tex. Fed. No. 3630347
Razmig Izakelian *(pro hac vice)*
Alain Jaquet *(pro hac vice)*
700 Louisiana Street, Suite 3900
Houston, Texas 77002

**COUNSEL FOR FABIO D. ROHR, FOREIGN REPRESENTATIVE**

*/s/ Kenneth S. Pope*
Kenneth S. Pope
Avenida Paulista, 1294
14 andar, sala 14 Bela Vista
São Paulo-SP, CEP 01310-915
Brazil

**SOLE DIRECTOR AND/OR A MEMBER OF THE BOARD FOR THE DEBTORS**

**WINSTEAD PC**

*/s/ Matthias Kleinsasser*
Attn: Matthias Kleinsasser
SBN 24071357
300 Throckmorton Street, Suite 1700
Fort Worth, Texas 76102

**COUNSEL FOR BANCO VOTORANTIM S.A.**

**GRAY REED**

*/s/ Jason S. Brookner*
Attn: Jason S. Brookner
SBN 24033684
Amber M. Carson
SBN 24075610
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056

-and-

**MOLOLAMKEN LLP**
Attn: Justin M. Ellis
Attn: Lauren F. Dayton
Attn: Catherine Martinez
430 Park Avenue
New York, New York 10022

**COUNSEL TO ATIVOS ESPECIAIS II – FUNDO DE INVESTIMENTO EM DIREITOS CREDITÓRIOS-NP AND ATIVOS ESPECIAIS III-FUNDO DE INVESTIMENTO EM DIREITOS CREDITÓRIOS**

**JACKSON WALKER LLP**

*/s/ Michael S. Held*
Attn: Michael S. Held
SBN 09388150
Aaron E. Lozano
SBN 24125803
2323 Ross Avenue, Suite 600
Dallas, Texas 75201

-and-

Attn: Matthew D. Cavenaugh
SBN 24062656
1401 McKinney Street, Suite 1900
Houston, Texas 77010

**COUNSEL TO IBIUNA CRÉDITO GESTÃO DE RECURSOS LTDA., TRAVESSIA**

**SECURITIZADORA DE CRÉDITOS FINANCEIROS S.A. AND TRAVESSIA SECURITIZADORA DE CRÉDITOS FINANCEIROS XXXII S.A.**