## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 15 |
| SouthRock Capital Ltda., *et al.*, | Case No. 24-90398 (CML) |
| Debtors in Foreign Proceeding.[1] | (Jointly Administered) |

### ATIVOS FUNDS' EMERGENCY MOTION TO COMPEL
### DISCOVERY FROM KENNETH S. POPE AND SOUTHSTONE CAPITAL, LLC

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN THURSDAY, JULY 11, 2024 AT 11:00 A.M.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Ativos Especiais II - Fundo de Investimento em Direitos Creditórios - NP and Ativos Especiais III - Fundo de Investimento em Direitos Creditórios (the "Ativos Funds"), hereby file their emergency motion (the "Motion") to compel Kenneth S. Pope and SouthStone Capital, LLC ("SouthStone") to respond to the Ativos Funds' interrogatories and to produce all documents in response to the Ativos Funds' document requests that he has either agreed to produce or is ordered by the Court to produce no later than July 15, 2024.  In support of this Motion, the Ativos Funds respectfully represent as follows:

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each debtor's Brazilian tax identification number, are as follows: (a) SouthRock Capital Ltda. (01-35); (b) Americana Franquia S.A. (01-51); (c) Brazil Airport Restaurantes S.A. (01-73); (d) HB Participações S.A. (01-57); (e) SRC 5 Participações Ltda. (01-02); (f) SRC 6 Participações Ltda. (01-41); (g) SRC Holding Participações S.A.(01-74); (h) SR N Participações S.A. (01-01); (i) Star Participações S.A. (01-09); (j) Starbucks Brasil Comércio de Cafés Ltda. (01-00); (k) SW do Brasil Ltda. (01-20); (l) SW Stores do Brasil Ltda. (01-36); and (m) Wahalla Ltda. (01-10). The Debtors' mailing and service address is Avenida Paulista, 1294, 14º andar, sala 14, Bela Vista, São Paulo/SP, CEP 01310-915, Brazil.

## **Preliminary Statement**

1.     Mr. Pope is the primary beneficiary of this Chapter 15 proceeding.  Immediately upon filing its petition, the Foreign Representative filed the Stay Motion seeking an injunction pausing all U.S. litigation against Mr. Pope.[2]  The Foreign Representative sought that relief on an emergency basis, and the Stay Motion was originally set to be heard on July 15, but will be continued due to, among other things, the discovery deficiencies discussed herein.[3]  A key premise of the Stay Motion is that Mr. Pope has no significant assets in the United States.  The only basis for that claim is a sworn declaration by Mr. Pope.

2.     To test Mr. Pope's claims, the Ativos Funds promptly served Mr. Pope and his investment vehicle, SouthStone, with document requests, interrogatories, and a subpoena.  But Mr. Pope has so far flouted his discovery obligations.  Despite promising multiple times to comply with several of the Ativos Funds' discovery requests, Mr. Pope and SouthStone have yet to produce a ***single*** document in their possession bearing on Mr. Pope's current U.S. finances.

3.     The Court should put an end to Mr. Pope's stonewalling.  Because Mr. Pope has tried to run out the clock, the Ativos Funds cannot meaningfully prepare for his deposition or respond to the Stay Motion under the current circumstances.  The Court should compel Mr. Pope and SouthStone to respond in full to those document requests, interrogatories, and subpoenas with which they have stated they will comply.

---

[2] Capitalized terms used but not otherwise defined herein have the same meanings ascribed to them in the Stay Motion as further defined below.

[3] The Ativos Funds originally also planned to seek a continuance of the Foreign Representative's *Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362, and 105* [Docket No. 10] (the "Stay Motion").  However, the parties were able to agree to a consensual continuance of the Stay Motion.  The parties will be contacting the Court's Case Manager to re-schedule the hearing on the Stay Motion.

4886-3820-5903

## **Background**

4.      The Foreign Representative filed this Chapter 15 proceeding on June 12.  Docket No. 1.  The same day, the Foreign Representative filed the Stay Motion on an emergency basis.  Docket No. 10.  One of the key claims of the Stay Motion is that "Pope lacks any significant assets in the United States that could even begin to justify the time and money being expended on the U.S. Litigation."  *Id.* at 12.  That claim was supported by a declaration signed by Mr. Pope under oath stating that, other than his equity in SouthStone, "the assets [he] own[s] in the United States" comprise only three bank accounts with total balances less than $24,000.00.  Docket No. 8 at 2.

5.      There is reason to believe Mr. Pope's claims are false.  While Mr. Pope claims that he does not own assets in this country beyond his indirect equity holding in a debtor entity and less than $24,000.00 in cash, Docket No. 8 at 3, Mr. Pope is in fact a beneficiary of a trust for which his parents act as trustee.  Docket No. 7 at 21.  Further, Mr. Pope has so far evaded providing information on his U.S. assets by ignoring the discovery requests that the Ativos Funds sent him in the underlying New York litigation.

6.      To test Mr. Pope's and the Foreign Representative's claims, the Ativos Funds served Mr. Pope with document requests and interrogatories on June 20.  Ex. A (document requests), B (interrogatories) (together, the "Discovery Requests").  The Discovery Requests seek information about what assets, if any, Mr. Pope has in the United States and what recent asset transfers he has undertaken.  *See* Ex. A at 7-9; Ex. B at 7-8.

7.      Mr. Pope responded to the Discovery Requests on June 27.  Ex. C (responses to document requests), Ex. D (responses to interrogatories).  In those responses, Mr. Pope agreed to produce certain documents and objected to other requests.  Ex. C.  He also agreed to answer the Ativos Funds' interrogatories.  Ex. D.  However, Mr. Pope did not actually produce any documents or answer the substance of any interrogatories.  *See, e.g.*, Ex. C at 8.

8.      The Ativos Funds followed up immediately on Mr. Pope's responses.  They met and conferred with Mr. Pope (and the other parties) on June 28.  *See* Ex. E (follow-up email) at 1-2.  At that conference, Mr. Pope agreed to respond to the Ativos Funds' document requests 4-8, 9, 10, and 12-14.[4]  *See id.* at 1.  At the conference, Mr. Pope also promised to respond to the substance of the Ativos Funds' interrogatories and to substantially complete his document productions by July 3.  *Id.* at 1.

9.      July 3 came and went without any responses from Mr. Pope.  When the Ativos Funds followed up on Friday, July 5, Mr. Pope stated for the first time that he needed the benefit of an interim protective order.  Ex. F at 2.  The Ativos Funds agreed to, and filed, an interim protective order that day.  *Id.* at 1.  Mr. Pope then promised to "send responses to the RFP and Interrogatories over the weekend through Monday so you have my answers prior to depositions." *Id.* at 1.

10.     On July 7, Mr. Pope made a "document production" which consisted solely of (1) documents already produced by the Foreign Representative, and (2) three "examples" of his purported wages and expenses from one month in the fall of 2023.  Mr. Pope still has not produced any documents in his own possession that speak to what assets (if any) he has in the United States.

11.     Mr. Pope has also failed to comply with SouthStone's discovery obligations.  On July 5, Mr. Pope accepted a subpoena directed at SouthStone that sought information about Mr. Pope's finances.  Ex. G.  Mr. Pope stated on July 7 that his production that day (*i.e.*, his re-

---

[4] For request no. 10 (documents held by his accountants), Mr. Pope claims to be checking with his accountants.  Ex. E. For request no. 11 (insurance policies), Mr. Pope has represented that there are no responsive documents.  *Id.*  For requests no. 15-17, which call for communications between Mr. Pope and the Foreign Representative's counsel, both Mr. Pope and the Foreign Representative have invoked attorney-client privilege, even though the Foreign Representative's counsel claims not to represent Mr. Pope personally.  *See id.*  The parties have raised that issue in emails to the Court, which has set the issue for a hearing on July 11, 2024.

production of documents from the Foreign Representative and the custody proceeding) responds in full to the SouthStone subpoena.  Ex. H.

12.     Mr. Pope's responses to the interrogatories are also deficient.  In many cases, Mr. Pope has evaded answering questions directly.  For example, Interrogatory No. 4 called for Mr. Pope to provide detailed information on any trusts of which he was a beneficiary.  Ex. B at 8. In response, however, Mr. Pope stated simply that he does "not have possession or control of any trust documents."  Ex. I at 28.  Such evasive responses will obviously require follow-up by the Ativos Funds which, given Mr. Pope's prior delays, may take significant time.

## Jurisdiction and Venue

13.     This case is a petition for recognition of a foreign insolvency proceeding under section 1515 of the Bankruptcy Code.  This Court has jurisdiction under 28 U.S.C. § 1334.  The Foreign Representative's Stay Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

14.     The Foreign Representative has alleged that venue is proper in this Court under 28 U.S.C. §§ 1410(1) and 1410(3).

15.     The statutory bases of the relief requested are sections 105(a), 362, and 1521 of the Bankruptcy Code, Rules 7026, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure, and Bankruptcy Local Rules 1075-1 and 9013-1.

## Relief Requested

16.     By this motion, the Ativos Funds seek an order compelling Mr. Pope and SouthStone to respond to the Ativos Funds' interrogatories and to produce all documents in response to the Ativos Funds' document requests that he has either agreed to produce or is ordered by the Court to produce no later than July 15, 2024; and such other and further relief as may be just and proper.

## Argument

17.     The Foreign Representative has asserted that U.S. litigation against Mr. Pope should be stayed because, among other purported reasons, Mr. Pope has no significant assets in the United States.  Docket No. 10 at 12.  The Foreign Representative's only basis for that claim is Mr. Pope's declaration.  *See id.* (citing Docket No. 8).  The Ativos Funds and other objectors cannot meaningfully respond to the Stay Motion without being able to test that claim.

18.     The Ativos Funds cannot secure this information from other sources than Mr. Pope. While the Ativos Funds also asked the Foreign Representative for documents on Mr. Pope's finances, the Foreign Representative has only produced a handful of documents, none of which bear on Mr. Pope's U.S. assets.  The Foreign Representative has made clear that he is relying on Mr. Pope's sworn declaration for the claim that Mr. Pope lacks significant U.S. assets.  *See* Docket No. 10 at 12.  Similarly, while the Ativos Funds have also sought third-party discovery in this action, only Mr. Pope, of course, has a complete picture of his U.S. financial condition.

19.     However, the Ativos Funds' efforts to obtain discovery have been stymied by Mr. Pope's foot dragging.  Although Mr. Pope was served with the discovery requests on June 20, with responses due on June 27, and in fact promised to respond by July 3 – and ***again*** by July 7 – Mr. Pope has not done so.  Rather, Mr. Pope has yet to produce a ***single*** document in his own possession bearing on his current U.S. finances.  And while Mr. Pope has purported to answer interrogatories on his finances, many of those answers are evasive and will require follow-up from the Ativos Funds.

20.     The Ativos Funds do not have the luxury of further delay from Mr. Pope on the current schedule.  Mr. Pope should not be allowed to run out the clock to prevent the Ativos Funds from meaningfully taking Mr. Pope's deposition or examining him at the hearing.

4886-3820-5903

21.    Finally, the Court should also compel Mr. Pope and SouthStone to respond in full to the Ativos Funds' interrogatories, document requests, and subpoenas to which he has agreed to respond.[5]  The Court should set the response date for those responses as July 15 to provide adequate time for the Ativos Funds to follow up on any inadequacies in those responses, pursue any follow up requests, depose Mr. Pope, and prepare for the final hearing.

## Conclusion

WHEREFORE, for the reasons set forth above, the Ativos Funds respectfully request that the Court enter an order (i) ordering Mr. Pope and SouthStone to respond to the Ativos Funds' interrogatories and to produce all documents in response to the Ativos Funds' document requests that he has either agreed to produce or is ordered by the Court to produce no later than July 15, 2024; and (ii) granting such other and further relief as may be just and proper.

---

[5] In addition, if the Court compels Mr. Pope to provide additional documents at the July 11 hearing, it should compel Mr. Pope to produce those documents to the Ativos Funds as well by July 15.

4886-3820-5903

Respectfully submitted this 8th day of July, 2024.

**GRAY REED**

*/s/ Jason S. Brookner*
    Jason S. Brookner
    Texas Bar No. 24033684
    Amber M. Carson
    Texas Bar No. 24075610
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone:    (713) 986-7000
Email: jbrookner@grayreed.com
      acarson@grayreed.com

    -and-

**MOLOLAMKEN LLP**
    Justin M. Ellis (admitted *pro hac vice*)
    Lauren F. Dayton (admitted *pro hac vice*)
    Catherine Martinez (admitted *pro hac vice*)
430 Park Avenue
New York, New York 10022
Telephone:    (212) 607-8160
Email: jellis@mololamken.com
      ldayton@mololamken.com
      cmartinez@mololamken.com

*Counsel to Ativos Especiais II - Fundo de*
*Investimento em Direitos Creditórios - NP and*
*Ativos Especiais III - Fundo de Investimento em*
*Direitos Creditórios - NP*

## Certificate of Service

The undersigned hereby certifies that on the 8th day of July 2024, he caused a true and correct copy of the foregoing document to be served via the Court's CM/ECF system.

    */s/ Jason Brookner*
    Jason S. Brookner

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 15 |
| SouthRock Capital Ltda., *et al.*, | Case No. 24-90398 (CML) |
| Debtors in Foreign Proceeding.[1] | (Jointly Administered) |

### ATIVOS FUNDS' REQUESTS FOR PRODUCTION OF DOCUMENTS
### TO KENNETH STEVEN POPE

TO:  Kenneth Steven Pope
        ken.pope@southrockcapital.com

Ativos Especiais II - Fundo de Investimento em Direitos Creditórios - NP and Ativos Especiais III - Fundo de Investimento em Direitos Creditórios - NP (the "**Ativos Funds**") by and through their attorneys of record, hereby serve and propound the following Requests for Production of Documents to Kenneth Steven Pope ("**Pope**"), pursuant to Rule 26 of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rules 7026 and 9014 of the Federal Rules of Bankruptcy Procedure in connection with:

- Stipulation and Order Granting Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, and 362 [Dkt. 33-1];

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each debtor's Brazilian tax identification number, are as follows: (a) SouthRock Capital Ltda. (01-35); (b) Americana Franquia S.A. (01-51); (c) Brazil Airport Restaurantes S.A. (01-73); (d) HB Participações S.A. (01-57); (e) SRC 5 Participações Ltda. (01-02); (f) SRC 6 Participações Ltda. (01-41); (g) SRC Holding Participações S.A.(01-74); (h) SR N Participações S.A. (01-01); (i) Star Participações S.A. (01-09); (j) Starbucks Brasil Comércio de Cafés Ltda. (01-00); (k) SW do Brasil Ltda. (01-20); (l) SW Stores do Brasil Ltda. (01-36); and (m) Wahalla Ltda. (01-10).  The Debtors' mailing and service address is Avenida Paulista, 1294, 14º andar, sala 14, Bela Vista, São Paulo/SP, CEP 01310-915, Brazil.

- Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362 and 105 Filed by Debtor SouthRock Capital Ltda. [Dkt. 10];

- Joint Verified Petition for Recognition of Foreign Main Proceedings and Motion for Order Granting Related Relief Pursuant to Bankruptcy Code Sections 1515, 1517, 1520 and 1521 [Dkt. 9];

- Declaration of Kenneth Pope in Support of the Motion for Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362, and 105 [Dkt. 8]; and

- Declaration of Fabio David Rohr as Foreign Representative of SouthRock Capital Pursuant to Bankruptcy Code Section 1515 in Support of (I) Joint Verified Petition for Recognition of Foreign Main Proceeding and Motion for Order Granting Related Relief Pursuant to Bankruptcy Code Sections 1515, 1517, 1520 and 1521; and (II) Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362 and 105 [Dkt. 7].

### RESPONSE DEADLINE

In light of the existing schedule, the Ativos Funds request that You produce documents responsive to each Request on or before 12:00 p.m. (CST) on June 27, 2024 at the offices of Gray Reed, 1300 Post Oak Blvd., Suite 2000, Houston, TX 77056 (jbrookner@grayreed.com; acarson@grayreed.com) and MoloLamken LLP, 430 Park Avenue, New York, New York 10022 (jellis@mololamken.com; ldayton@mololamken.com; cmartinez@mololamken.com).

### DEFINITIONS

1.    "**Communication**" means any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, draft or final, potential or actual, by and to whomever made or attempted to be made, including, but not limited to, information transmitted or conveyed through meetings, voicemail, correspondence, emails, texts, faxes, instant messages, social media posts, and app-based messages (including, without limitation, Facebook, Instagram, Microsoft Teams, Skype, iMessage, Signal, and WhatsApp).

2.      "**Concerning**" means relating to, referring to, describing, evidencing, or constituting.

3.      "**Custody Action**" means the action *Lunday v. Pope*, Case No. FP-2019-999 (Okla. Dist. Ct. Okla. Cty.).

4.      "**Debtors**" mean SouthRock Capital Ltda. (01-35); Americana Franquia S.A. (01-51); Brazil Airport Restaurantes S.A. (01-73); HB Participações S.A. (01-57); SRC 5 Participações Ltda. (01-02); SRC 6 Participações Ltda. (01-41); SRC Holding Participações S.A.(01-74); SR N Participações S.A. (01-01); Star Participações S.A. (01-09); Starbucks Brasil Comércio de Cafés Ltda. (01-00); SW do Brasil Ltda. (01-20); SW Stores do Brasil Ltda. (01-36); and Wahalla Ltda. (01-10).

5.      "**Document**" or "**Documents**" shall be construed to have the broadest possible meaning allowable under Federal Rule of Civil Procedure 34, and includes the original and any copy of any writing (whether handwritten, typed, printed, or otherwise made), and anything bearing or containing writing, impressions or a magnetic field, including, without limitation, any drawings, graph, chart, photograph, phono-record, or electronic or mechanical matter (including microfilm of any kind or nature, tape or recordings), or any other data, compilations from which information can be obtained (translated, if necessary) by you through detection devices into reasonable usable form, and further includes, without limitation, all pamphlets, periodicals, correspondence, transcripts (including transcripts of hearings, depositions and examinations), telegrams, teletypes, agreements, studies, reports, records, recordings (including recordings of telephone or video calls), price lists, quotations, memoranda, minutes journal entries, telephone call slips, desk pads or diaries, calendar notes, books, accounts, ledgers, invoices, newspaper clippings, financial statements, budgets and any and all other writings or papers of any kind,

including drafts, copies or reproductions of any of the foregoing, and information stored in computers or other data, storage or processing equipment to the extent that the same are or were in Your possession, custody or control or any of Your employees, or agents.

6.     "**Interest**" means any legal or financial control, right, or beneficiary status of any kind.

7.     "**Person**" means individual, corporation, partnership, trust or any other type of entity or governmental unit.

8.     "**Pope**" means Kenneth Steven Pope.

9.     "**Pope Accounts**" means any accounts held by Goldman Sachs & Co. LLC; Goldman Sachs Group Inc.; UBS Financial Services, Inc.; Bank Itau (US); Bank Itau (Brazil); and Santander Bank, N.A. in the name of You, the Pope Entities, or any Person affiliated with You, including without limitation the following accounts at the following institutions:

   a.   Account No. xxx-xx092-6 at Goldman Sachs & Co. LLC.

   b.   Account No. xxx-x203-9 at Goldman Sachs & Co. LLC;

   c.   Account No. 3Axxx41 at UBS Financial Services, Inc.; and

   d.   The accounts identified in the Pope Declaration, including the account at Bank of America.

10.    "**Pope Declaration**" means the Declaration of Kenneth Pope in Support of the Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Section 1519, 1521, 362 and 105 dated June 12, 2024 filed with the United States Bankruptcy Court for the Southern District of Texas [Dkt. 8].

11.    "**Pope Entities**" means any Person in which You or any Person affiliated with You has an Interest, including without limitation the following entities: Glenwood Holdings, LLC;

Pope Investments, LLC; SouthStone Capital, LLC; GoSouth Investments, LLC; SouthRock Capital LLC; and The Pope Terry D & Barbara A The Pope 2007 Revoc Trust; Pope 2007 Revocable Trust.

12.     "**Relevant Period**" is June 12, 2020 to the present.

13.     "**You**" and "**Your**" means Kenneth Steven Pope, including Your attorneys, consultants, advisors, and accountants.

## INSTRUCTIONS AND RULES OF CONSTRUCTION

### A.     Instructions

1.     Unless stated otherwise, the time frame for these requests is June 12, 2020 to the present.

2.     In producing responsive Documents, You must furnish all Documents in Your possession, custody, or control, regardless of whether such Documents are possessed directly by You or Your agents, employees, representatives, investigators, or by Your attorneys or their agents, employees, representatives, or investigators.  A Document is deemed in Your actual or constructive possession, custody, or control if it is in Your physical custody or if it is in the physical custody of any other Person and You (a) own such Document in whole or in part; (b) have a right, by control, contract, statute, order, or otherwise, to use, inspect, examine, or copy such Document on any terms; (c) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document upon any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such Document when You sought to do so.  For the avoidance of doubt, a Document is deemed to be in Your actual or constructive possession, custody, or control if it is accessible on a network or server maintained by You.

3.     Hard copy documents and communications should be produced as they are kept in the ordinary course of business and scanned as images, with optical character recognition (OCR)

5

to enable searching of such documents.  Electronically stored information should be produced in a searchable form.

4.      If any portion of any Document is responsive to any Request, then the entire Document must be produced.  If any requested Document cannot be produced in full, produce the Document to the extent possible, specifying each reason for Your inability to produce the remainder, and stating whatever information, knowledge, or belief You have concerning the portion not produced.

5.      You must produce all drafts of each Document that is responsive to any Document Request, and all copies of each such Document that are not identical in any respect, including, but not limited to, differences in handwritten notes, markings, stamps, interlineations, and electronic information.

6.      The requests contained herein shall be deemed to be continuing, and supplementation pursuant to Federal Rule of Civil Procedure 26(e) is required within a reasonable time after learning new or more accurate information.

7.      Documents not otherwise responsive to these Requests are to be produced if such Documents mention, discuss, refer to, or explain the Documents that are responsive to these Requests, or if such Documents are attached to Documents responsive to these Requests and constitute routing slips, transmittal memoranda, cover emails, or letters, comments, evaluations, or similar materials.

8.      In responding to these Requests, if You encounter any ambiguity in construing an individual Request or any definitions and instructions relevant thereto, set forth the matter or term deemed ambiguous and the construction used in responding to such Request.

9.      If You refuse to answer any request, in whole or in part, on the basis of a claim of privilege/exemption, state the following:

    a.   the nature of the privilege/exemption claimed;

    b.   the general nature of the matter withheld (*e.g.*, substance of conversation, name of originator);

    c.   names of all persons to whom the information was transmitted; and

    d.   the extent, if any, to which the information will be provided subject to the privilege/exemption.

## B.    Rules of Construction

10.      Each Request shall be construed as being inclusive rather than exclusive.  Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the Request inclusive; the word "all" means "any and all" and the word "any" means "any and all."

11.      The use of capital letters, lower case letters, or quotation marks in the Requests shall not be construed to limit the scope of any specific Request contained herein.

## DOCUMENT REQUESTS

1.      All Documents containing statements of Your financial condition during the Relevant Period, including without limitation any financial statements, balance sheets, or net worth statements.

2.      All Documents relating to the ownership, management, and financial condition of the Pope Entities in Relevant Period, including without limitation any account records, financial statements, balance sheets, organizational documents, and documents sufficient to show any assets held by the Pope Entities and any transfers of assets by or to the Pope Entities.

3.      All Documents sufficient to show the nature, value, and location of any assets or things of value worth $10,000 or more in which You or the Pope Entities held any ownership or other interest, directly or indirectly, during the Relevant Period.

4.      All Documents and Communications sufficient to show all accounts held by or for the benefit of You or the Pope Entities in any financial institution during the Relevant Period (including without limitation the Pope Accounts), the amount held in those accounts during the Relevant Period, and any transfers equal to or in excess of $10,000 to or from those accounts during the Relevant Period.

5.      All Documents and Communications relating to any transfer of assets or other things of value equal to or in excess of $10,000 to or from You or the Pope Entities during the Relevant Period.

6.      All Documents and Communications relating to any transfer of assets or other things of value to or from the Pope Accounts during the Relevant Period.

7.      All Documents and Communications relating to any debt owed to You or the Pope Entities equal to or in excess of $10,000.

8.      All Documents and Communications relating to any transaction You or the Pope Entities entered into during the Relevant Period pursuant to which You or the Pope Entities became entitled to any assets or things of value equal to or in excess of $10,000.

9.      All tax returns for You or the Pope Entities during the Relevant Period.

10.      All Communications with Your tax advisors and accountants during the Relevant Period.

11.     Documents sufficient to show the existence and contents of any insurance agreement, including a copy of any insurance policy, that may be available to satisfy all or part of a judgment entered against You or the Pope Entities.

12.     All Documents, statements, exhibits, and other records from the Custody Action relating to or referencing or describing Your net worth or financial condition, including but not limited to any testimony by You or other witnesses at deposition or trial, and any exhibits used by You or other parties at deposition or at trial.

13.     Documents sufficient to show how You paid for living expenses and the maintenance of Your sons, including but not limited to their private school, nannies, and flights to or from Brazil during the Relevant Period.

14.     Documents sufficient to show any other payment You received from anyone, including Your parents, other family members, or friends for Your living or similar expenses during the Relevant Period.

15.     All Documents and Communications with Quinn Emanuel or the Foreign Representative regarding this chapter 15 case.

16.     All Documents and Communications with Quinn Emanuel regarding the *Declaration of Kenneth Pope in Support of the Motion for Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362, and 105* [Dkt. 8].

17.     All Documents and Communications with Quinn Emanuel regarding the *Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362 and 105 Filed by Debtor SouthRock Capital Ltda.* [Dkt. 10] and the relief requested therein.

9

Dated:  June 20, 2024

**GRAY REED**

*/s/ Jason S. Brookner*
Jason S. Brookner (Texas Bar No. 24033684)
Amber M. Carson (Texas Bar No. 24075610)
1300 Post Oak Blvd., Suite 2000
Houston, Texas  77056
Telephone:  (713) 986-7000
jbrookner@grayreed.com
acarson@grayreed.com

**MOLOLAMKEN LLP**

Justin M. Ellis (admitted *pro hac vice*)
Lauren F. Dayton (admitted *pro hac vice*)
Catherine Martinez (admitted *pro hac vice*)
430 Park Avenue
New York, New York  10022
Telephone: (212) 607-8160
jellis@mololamken.com
ldayton@mololamken.com
cmartinez@mololamken.com

*Counsel to Ativos Especiais II - Fundo de
Investimento em Direitos Creditórios - NP and
Ativos Especiais III - Fundo de Investimento em
Direitos Creditórios - NP*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Requests for Production of Documents to Kenneth Steven Pope on June 20, 2024 via email on the following:

Patricia B. Tomasco (SBN 01797600)
       S.D. Tex. Fed. No. 10142
Joanna D. Caytas (SBN 24127230)
       S.D. Tex. Fed. No. 3630347
Razmig Izakelian (admitted *pro hac vice*)
Alain Jaquet (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
700 Louisiana Street, Suite 3900
Houston, Texas  77002
Telephone: (713) 221-7000
Facsimile: (713) 221-7100
pattytomasco@quinnemanuel.com
joannacaytas@quinnemanuel.com
razmigizakelian@quinnemanuel.com
alainjaquet@quinnemanuel.com

***Counsel for Debtors***

Kenneth Pope
Avenida Paulista, 1294
14 andar, sala 14 Bela Vista
São Paulo-SP, CEP 01310-915
Brazil
ken.pope@southrockcapital.com

***Sole Director and/or a Member of
the Board for the Debtors***

Matthias Jerome Kleinsasser (SBN 24071357)
WINSTEAD PC
300 Throckmorton Street, Suite 1700
Fort Worth, Texas  76102
Telephone: (817) 420-8281
Facsimile: (817) 420-8201
mkleinsasser@winstead.com

***Counsel for Banc Vontorantim S.A.***

/s/ Lauren F. Dayton
Lauren F. Dayton

Michael S. Held (SBN 09388150)
Aaron E. Lozano (SBN 24125803)
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822
mheld@jw.com
alozano@jw.com

Matthew D. Cavenaugh (SBN 24062656)
JACKSON WALKER LLP
1401 McKinney Street, Suite 1900
Houston, Texas  77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
mcavenaugh@jw.com

***Counsel for Travessia Securitizadora de
Creditos Financeiros XXXII S.A., Travessia
Securitizadora de Creditos Financeiros S.A.,
Ibiuna Credito Gesto de Recursos Ltda.***

Francisco Vazquez (admitted *pro hac vice*)
NORTON ROSE FULBRIGHT
1301 Avenue of the Americas
New York, New York  10019
Telephone: (212) 318-3000
Facsimile: (212) 318-3400
francisco.vazquez@nortonrosefulbright.com

Toby Gerber (SBT 07813700 )
Jason I. Blanchard (SBT 24130197)
NORTON ROSE FULBRIGHT
2200 Ross Avenue, Suite 3600
Dallas, Texas  75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
toby.gerber@nortonrosefulbright.com
jason.blanchard@nortonrosefulbright.com

***Counsel for Banco Modal***

11

# Exhibit B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | Chapter 15 |
| SouthRock Capital Ltda., *et al.*, | Case No. 24-90398 (CML) |
| Debtors in Foreign Proceeding.[1] | (Jointly Administered) |

## ATIVOS FUNDS' INTERROGATORIES TO KENNETH STEVEN POPE

TO:   Kenneth Steve Pope
ken.pope@southrockcapital.com

Ativos Especiais II - Fundo de Investimento em Direitos Creditórios - NP and Ativos Especiais III - Fundo de Investimento em Direitos Creditórios - NP (the "**Ativos Funds**") by and through their attorneys of record, hereby serve and propound the following Interrogatories to Kenneth Steven Pope ("**Pope**"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, as made applicable by Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure in connection with:

- Stipulation and Order Granting Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, and 362 [Dkt. 33-1];

- Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362 and 105 [Dkt. 10];

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each debtor's Brazilian tax identification number, are as follows: (a) SouthRock Capital Ltda. (01-35); (b) Americana Franquia S.A. (01-51); (c) Brazil Airport Restaurantes S.A. (01-73); (d) HB Participações S.A. (01-57); (e) SRC 5 Participações Ltda. (01-02); (f) SRC 6 Participações Ltda. (01-41); (g) SRC Holding Participações S.A.(01-74); (h) SR N Participações S.A. (01-01); (i) Star Participações S.A. (01-09); (j) Starbucks Brasil Comércio de Cafés Ltda. (01-00); (k) SW do Brasil Ltda. (01-20); (l) SW Stores do Brasil Ltda. (01-36); and (m) Wahalla Ltda. (01-10).  The Debtors' mailing and service address is Avenida Paulista, 1294, 14º andar, sala 14, Bela Vista, São Paulo/SP, CEP 01310-915, Brazil.

- Joint Verified Petition for Recognition of Foreign Main Proceedings and Motion for Order Granting Related Relief Pursuant to Bankruptcy Code Sections 1515, 1517, 1520 and 1521 [Dkt. 9];

- Declaration of Kenneth Pope in Support of the Motion for Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362, and 105 [Dkt. 8]; and

- Declaration of Fabio David Rohr as Foreign Representative of SouthRock Capital Pursuant to Bankruptcy Code Section 1515 in Support of (I) Joint Verified Petition for Recognition of Foreign Main Proceeding and Motion for Order Granting Related Relief Pursuant to Bankruptcy Code Sections 1515, 1517, 1520 and 1521; and (II) Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362 and 105 [Dkt. 7].

**RESPONSE DEADLINE**

In light of the existing schedule, the Ativos Funds request that You produce responses to these Interrogatories on or before 12:00 p.m. (CST) on June 27, 2024.

**DEFINITIONS**

1.      "**Communication**" means any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, draft or final, potential or actual, by and to whomever made or attempted to be made, including, but not limited to, information transmitted or conveyed through meetings, voicemail, correspondence, emails, texts, faxes, instant messages, social media posts, and app-based messages (including, without limitation, Facebook, Instagram, Microsoft Teams, Skype, iMessage, Signal, and WhatsApp).

2.      "**Concerning**" means relating to, referring to, describing, evidencing, or constituting.

3.      "**Custody Action**" means the action *Lunday v. Pope*, Case No. FP-2019-999 (Okla. Dist. Ct. Okla. Cty.).

4.      "**Debtors**" mean SouthRock Capital Ltda. (01-35); Americana Franquia S.A. (01-51); Brazil Airport Restaurantes S.A. (01-73); HB Participações S.A. (01-57); SRC 5 Participações

Ltda. (01-02); SRC 6 Participações Ltda. (01-41); SRC Holding Participações S.A.(01-74); SR N Participações S.A. (01-01); Star Participações S.A. (01-09); Starbucks Brasil Comércio de Cafés Ltda. (01-00); SW do Brasil Ltda. (01-20); SW Stores do Brasil Ltda. (01-36); and Wahalla Ltda. (01-10).

5.      "**Document**" or "**Documents**" shall be construed to have the broadest possible meaning allowable under Federal Rule of Civil Procedure 34, and includes the original and any copy of any writing (whether handwritten, typed, printed or otherwise made) and anything bearing or containing writing, impressions or a magnetic field, including, without limitation, any drawings, graph, chart, photograph, phono-record, or electronic or mechanical matter (including microfilm of any kind or nature, tape or recordings), or any other data, compilations from which information can be obtained (translated, if necessary) by you through detection devices into reasonable usable form, and further includes, without limitation, all pamphlets, periodicals, correspondence, transcripts (including transcripts of hearings, depositions and examinations), telegrams, teletypes, agreements, studies, reports, records, recordings (including recordings of telephone or video calls), price lists, quotations, memoranda, minutes journal entries, telephone call slips, desk pads or diaries, calendar notes, books, accounts, ledgers, invoices, newspaper clippings, financial statements, budgets and any and all other writings or papers of any kind, including drafts, copies or reproductions of any of the foregoing, and information stored in computers or other data, storage or processing equipment to the extent that the same are or were in Your possession, custody or control or any of Your employees, or agents.

6.      "**Identify**" when used in reference to:

a.      A natural person, means to provide his or her full name, last known address, and last known position or business affiliation and its address;

b.     A Person except a natural person, means to provide the following information with respect to each Person:

    i.     Your share or Interest in that entity;

    ii.     The place of incorporation or formation;

    iii.     All directors, officers, and employees;

    iv.     The agent for service of process;

    v.     Professionals that provided legal, tax, accounting, or other similar professional services for that entity during the Relevant Period.

c.     A Document, means to provide the following information with respect to each such document:

    i.     the date appearing on such document; and if no date appears thereon, the date or approximate date such document was prepared; the general nature, description, or type of document (i.e., whether it is a letter, memorandum, sound recording, drawing, etc.; noting the number of pages of which it consists);

    ii.     the author(s) or the name(s) of the person(s) who signed such document and, if it was not signed, the name(s) of the person(s) who prepared it;

    iii.     the name(s) of the person(s) to whom such document was addressed and the name of each person other than such addressee(s) to whom such document or copies thereof was given or sent;

    iv.     the general subject matter of such document;

    v.     the name of the person having custody, possession, or control of such document and its present location; and

      vi.      if any such document is claimed to be privileged, the basis on which the claim of privilege is asserted and the subject matter covered in the document.

    d.      a Document that constitutes legal opinion or legal advice, means to specify, in addition to all other information required to be provided with a document:

      i.      the date on which the opinion or legal advice was sought; and

      ii.      the identity of each person who requested the opinion or legal advice.

    e.      an oral communication, means to provide the following information with respect to each such oral communication:

      i.      the date and place where it occurred;

      ii.      the identity of each person to whom such communication was made, each person by whom such communication was made, and each person who was present when such communication was made; and

      iii.      the subject matter of such communication.

7.      "**Interest**" means any legal or financial control, right, or beneficiary status of any kind.

8.      "**Person**" or similar terms mean individual, corporation, partnership, trust or any other type of entity or governmental unit.

9.      "**Pope**" means Kenneth Steven Pope.

10.      "**Pope Accounts**" means any accounts held by Goldman Sachs & Co. LLC; Goldman Sachs Group Inc.; UBS Financial Services, Inc.; Bank Itau (US); Bank Itau (Brazil); and Santander Bank, N.A. in the name of You, the Pope Entities, or any Person affiliated with You, including without limitation the following accounts at the following institutions:

5

a. Account No. xxx-xx092-6 at Goldman Sachs & Co. LLC;

b. Account No. xxx-x203-9 at Goldman Sachs & Co. LLC;

c. Account No. 3Axxx41 at UBS Financial Services, Inc.; and

d. The accounts identified in the Pope Declaration, including the account at Bank of America.

11.     "**Pope Declaration**" means the Declaration of Kenneth Pope in Support of the Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Section 1519, 1521, 362 and 105 dated June 12, 2024 filed with the United States Bankruptcy Court for the Southern District of Texas [Dkt. 8].

12.     "**Pope Entities**" means any Person in which You or any Person affiliated with You has an Interest, including without limitation the following entities: Glenwood Holdings, LLC; Pope Investments, LLC; SouthStone Capital, LLC; GoSouth Investments, LLC; SouthRock Capital LLC; The Pope Terry D & Barbara A The Pope 2007 Revoc Trust; and Pope 2007 Revocable Trust.

13.     "**Relevant Period**" is June 12, 2020 to the present.

14.     "**You**" and "**Your**" means Kenneth Steven Pope and Your employees and representatives, including their attorneys, consultants, advisors, and accountants.

## INSTRUCTIONS

1.     In answering these Interrogatories, all information (including information contained in or on documents or any other tangible thing or material) that is known or available to you, including information in the possession, custody, or control of Your owners, officers, attorneys, auditors, agents, employees, or other representatives acting on Your behalf or acting under Your direction or control, is to be divulged.

6

2.      If you refuse or are unable to answer any Interrogatory completely, you shall answer to the extent possible, and set forth the reasons for Your refusal or inability to answer more fully with specificity as required by Fed. R. Civ. P. 33(b)(4).

3.      These Interrogatories are intended to be of a continuing nature, requiring you to serve timely supplemental answers setting forth any information within the scope of these Interrogatories, which may be acquired by You, or any of Your members, officers, attorneys, auditors, agents, employees, or other representatives acting on Your behalf or acting under Your direction or control, following the original answers.

4.      If You refuse to answer any interrogatory, in whole or in part, on the basis of a claim of privilege/exemption, state the following:

    a.  the nature of the privilege/exemption claimed;
    b.  the general nature of the matter withheld (*e.g.*, substance of conversation, name of originator);
    c.  names of all persons to whom the information was transmitted; and
    d.  the extent, if any, to which the information will be provided subject to the privilege/exemption.

## INTERROGATORIES

1.      Identify all U.S. Persons in which You or the Pope Entities had any Interest, directly or indirectly, during the Relevant Period, and as to each Person, identify: (a) Your share or Interest (including in dollars); (b) the place of incorporation or formation; (c) all directors, officers, and employees; (d) the agent for service of process; (e) professionals that provided legal, tax, accounting, or other similar professional services for that Person during the Relevant Period.

2.      Identify all real property or boats or cars worth more than $100,000 in which You or the Pope Entities had any Interest during the Relevant Period.

3.      Identify all tax preparers and accountants used by You or the Pope Entities during the Relevant Period.

7

4.      Identify all trusts of which You or the Pope Entities were a beneficiary during the Relevant Period, and as to each trust, identify: (a) the share (including in dollar value or estimated dollar value) held by You or any Pope Entity that has an Interest in the trust; (b) the trustees and any successor trustees; (c) the place of trust formation; (d) the trust's registered agent for service of process; (e) the type of trust; and (f) professionals that provided legal, tax, accounting or other similar professional services for that trust during the Relevant Period.

5.      Identify all accounts at financial institutions which You or the Pope Entities held or were the beneficiary of during the Relevant Period, and as to each, identify:  (a) the account number; and (b) the legal name and location of the financial institution at which the account was held.

6.      Identify all brokerage accounts or other investment funds which You or the Pope Entities held or was the beneficiary of during the Relevant Period.

7.      Identify any Interest that You or the Pope Entities held during the Relevant Period in any of the following:  Laco Management; Management, LLC; Riata Corporate Group, LLC; or any Person affiliated with them.

8.      Identify any Person who owed You or the Pope Entities a debt equal to or more than $10,000 during the Relevant Period.

9.      Identify any Person who transferred to You or the Pope Entities, or to whom You or the Pope Entities transferred, an amount equal to or more than $10,000 during the Relevant Period.

Dated:  June 20, 2024

**GRAY REED**

*/s/ Jason S. Brookner*
Jason S. Brookner (Texas Bar No. 24033684)
Amber M. Carson (Texas Bar No. 24075610)
1300 Post Oak Blvd., Suite 2000
Houston, Texas  77056
Telephone:  (713) 986-7000
jbrookner@grayreed.com
acarson@grayreed.com

**MOLOLAMKEN LLP**

Justin M. Ellis (admitted *pro hac vice*)
Lauren F. Dayton (admitted *pro hac vice*)
Catherine Martinez (admitted *pro hac vice*)
430 Park Avenue
New York, New York  10022
Telephone: (212) 607-8160
jellis@mololamken.com
ldayton@mololamken.com
cmartinez@mololamken.com

*Counsel to Ativos Especiais II - Fundo de*
*Investimento em Direitos Creditórios - NP and*
*Ativos Especiais III - Fundo de Investimento em*
*Direitos Creditórios - NP*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Interrogatories to Kenneth Steven Pope on June 20, 2024 via email on the following:

Patricia B. Tomasco (SBN 01797600)
    S.D. Tex. Fed. No. 10142
Joanna D. Caytas (SBN 24127230)
    S.D. Tex. Fed. No. 3630347
Razmig Izakelian (admitted *pro hac vice*)
Alain Jaquet (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
700 Louisiana Street, Suite 3900
Houston, Texas  77002
Telephone: (713) 221-7000
Facsimile: (713) 221-7100
pattytomasco@quinnemanuel.com
joannacaytas@quinnemanuel.com
razmigizakelian@quinnemanuel.com
alainjaquet@quinnemanuel.com

***Counsel for Debtors***

Kenneth Pope
Avenida Paulista, 1294
14 andar, sala 14 Bela Vista
São Paulo-SP, CEP 01310-915
Brazil
ken.pope@southrockcapital.com

***Sole Director and/or a Member of
the Board for the Debtors***

Matthias Jerome Kleinsasser (SBN 24071357)
WINSTEAD PC
300 Throckmorton Street, Suite 1700
Fort Worth, Texas  76102
Telephone: (817) 420-8281
Facsimile: (817) 420-8201
mkleinsasser@winstead.com

***Counsel for Banc Vontorantim S.A.***

/s/ Lauren F. Dayton
Lauren F. Dayton

Michael S. Held (SBN 09388150)
Aaron E. Lozano (SBN 24125803)
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822
mheld@jw.com
alozano@jw.com

Matthew D. Cavenaugh (SBN 24062656)
JACKSON WALKER LLP
1401 McKinney Street, Suite 1900
Houston, Texas  77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
mcavenaugh@jw.com

***Counsel for Travessia Securitizadora de
Creditos Financeiros XXXII S.A., Travessia
Securitizadora de Creditos Financeiros S.A.,
Ibiuna Credito Gesto de Recursos Ltda.***

Francisco Vazquez (admitted *pro hac vice*)
NORTON ROSE FULBRIGHT
1301 Avenue of the Americas
New York, New York  10019
Telephone: (212) 318-3000
Facsimile: (212) 318-3400
francisco.vazquez@nortonrosefulbright.com

Toby Gerber (SBT 07813700 )
Jason I. Blanchard (SBT 24130197)
NORTON ROSE FULBRIGHT
2200 Ross Avenue, Suite 3600
Dallas, Texas  75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
toby.gerber@nortonrosefulbright.com
jason.blanchard@nortonrosefulbright.com

***Counsel for Banco Modal***

10

# Exhibit C

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | Case No. 24-90398 (CML) |
|  | § |  |
| SouthRock Capital Ltda., *et al.*[1] | § | Chapter 15 |
|  | § |  |
|  | § |  |
| Debtors in Foreign Proceeding. | § | (Jointly Administered) |
|  | § |  |

**POPE'S RESPONSES AND OBJECTIONS TO THE ATIVOS FUNDS' REQUESTS**

**FOR PRODUCTION OF DOCUMENTS TO KENNETH STEVEN POPE**

Kenneth Steven Pope ("POPE") , responds as follows to the *Ativos Funds' Requests for Production of Documents to Kenneth Steven Pope* (the "Request for Production") issued by Gray Reed and MoloLamken LLP on behalf of Ativos Especiais II - Fundo de Investimento em Direitos Creditórios - NP and Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP (collectively, the "Ativos Funds") and served on June 20, 2024 in the above-captioned case (the "Chapter 15 Case").

The Request for Production (a) was served on Pope on June 20, 2024, at 11:14 p.m. ET, through an email to the Pope; (b) commands a production of documents to Gray Reed and MoloLamken LLP by June 26, 2024; and (c) was signed by a Grey Reed attorney on June 20, 2024. As of the date herein, this the only request for production of documents that has been

served on Pope.  Thus, these Objections relate to this Request for Production.

## OBJECTIONS TO THE DEFINITIONS

1.      Pope objects to the definition of "Communication" to the extent it seeks attorney-client privileged communications or attorney work product.

2.      Pope objects to the definition of "Custody Action" to the extent it seeks attorney-client privileged communications, attorney work product. Pope objects to this request on the ground that the Court has sealed the record and made it subject to protection related to the best interests of the two minor children.

3.      Pope objects to the definition of "Document" to the extent it exceeds the scope of the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, and Federal Rules of Evidence.  Pope further object to the term to the extent that it includes attorney-client privileged communications or attorney work product.

4.      Pope objects to the definition of "Interest" because it is vague and ambiguous.

5.      Pope objects to the to the definition of "Pope Accounts" to the extent it refers to and incorporates defined terms like "Pope Entities," "You," and "any Person affiliated with Pope," which makes the definition of "Pope Accounts" vague, ambiguous, and overly broad.

6.      Pope objects to the to the definition of "Pope Entities" to the extent it includes "any Person affiliated with Pope," which makes the definition of "Pope Entities" vague, ambiguous, and overly broad, and it seeks documents that are not within Pope's possession, custody, or control.

7.      Pope objects to the definition of "Relevant Period" as it is overly broad and it exceeds the relevant period for which Pope and or the Debtors have been requested to produce documents and information in the Brazilian insolvency proceeding pending before the 1st Bankruptcy Court of the Central Forum of São Paulo, Brazil, under case number "1153819-

2

28.2023.8.26.0100" (the "Brazilian Insolvency Proceeding").

8.      Pope objects to the definition of "You" and "Yours" as it is vague and ambiguous and overly broad, it seeks documents that are not within Pope's possession, custody, or control, and to the extent that it seeks privileged or otherwise protected documents.

### OBJECTIONS TO THE INSTRUCTIONS AND RULES OF CONSTRUCTION

9.      Pope objects to all Instructions and Rules of Construction to the extent they seek to impose any burden on Pope greater than those encompassed by the relevant rules.

10.     Pope objects to instruction n. 2 as it seeks documents that are not within Pope's possession, custody, or control, and to the extent that it seeks privileged or otherwise protected documents.  Further, Pope objects to instruction n. 2 to the extent the Request for Production seeks "[a]ll Documents" related to broad topics.  It would be unreasonable, oppressive, unduly burdensome, and disproportionate to the needs of the case to require the Debtors to conduct a search of all files (including electronic files) in its possession, custody, or control.  Where Pope agrees to search for documents, unless otherwise specified or agreed, Pope will agree only to conduct a reasonable search.  Where Pope agrees to produce reasonably accessible documents, Pope will do so, to the extent such documents exist, as soon as practicable and, in any case, not prior to July 3, 2024.

11.     Pope objects to instruction n. 3 as it seeks to unilaterally impose the Ativos Funds' preferred format for the document production, which is unreasonable, oppressive, unduly burdensome, and disproportionate to the needs of this case.  If any, Pope will produce Communications and Documents in the format that is less burdensome to him.

12.     Pope objects to instruction n. 4 to the extent it seeks to impose any burden on Pope greater than those encompassed by the relevant rules.

13.     Pope objects to instruction n. 5 to the extent the Request for Production seeks "all

drafts of each Document," and "all copied of each such Document that are not identical" in relation to broad topics. It would be unreasonable, oppressive, unduly burdensome, and disproportionate to the needs of the case to require Pope to conduct a search of all files (including electronic files) in its possession, custody, or control. Where Pope agrees to search for documents, unless otherwise specified or agreed, Pope will agree only to conduct a reasonable search.

14. Pope objects to instruction n. 7 to the extent it seeks to impose any burden on Pope greater than those encompassed by the relevant rules.

15. Pope objects to instruction n. 8 to the extent it seeks to impose any burden on Pope greater than those encompassed by the relevant rules.

16. Pope objects to instruction n. 9 as it seeks to unilaterally impose the Ativos Funds' preferred format and form of privilege log. Pope will prepare a privilege log, to the extent necessary, appropriate pursuant to relevant law, custom, and practice.

17. Pope objects to the rule of construction regarding the words "and" and "or" because the statement that these words "shall be construed conjunctively or disjunctively" renders the terms "and" and "or" vague and ambiguous.

18. Pope objects to the rule of construction regarding the use of capital letters, lower case letters, or quotation marks as vague and ambiguous.

## **<u>GENERAL OBJECTIONS</u>**

19. Pope responds to the Request for Production, including the definitions and instructions referenced therein, subject to the General Objections set forth below. Each General Objection is incorporated into each specific Response and Objection ("Objection") set forth below. Failure to refer to a General Objection in a specific Response or Objection should not be construed as a waiver of any General Objection.

20. Pope objects to the Request for Production on the grounds and to the extent that it

purports to require Pope to produce information that is protected from disclosure by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, or any other applicable privilege or immunity under federal, state, or foreign statutory, constitutional, or common law (collectively, "Privilege[d]").  To the extent Pope responds below that Pope will produce responsive documents, this shall not include Privileged documents.  Pope responds to the Request for Production without waiving or intending to waive, but rather preserving and intending to preserve, any applicable Privilege or immunity.  Any inadvertent production of any Privileged documents shall not be deemed or construed to constitute a waiver of the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, or any other applicable privilege or immunity under federal, state, or foreign statutory, constitutional, or common law.  Pope reserves the right to request the return of any Privileged document that is inadvertently produced.

21.     Pope objects to the Request for Production on the grounds and to the extent it is vague and ambiguous, seeks information that is not relevant, is not reasonably calculated to lead to the discovery of evidence admissible in the case, is overly broad, unduly burdensome, not proportional to the needs of the case, redundant, harassing or oppressive, or seeks information available from a more convenient source, and is otherwise beyond the scope of permissible discovery in the case.

22.     Pope objects to the Request for Production on the grounds and to the extent it seeks "all" documents and/or "all communications" related to certain topics, as overly broad and unduly burdensome and not appropriately tailored to the needs of the case, including insofar as it seeks documents and/or communications unrelated to any matter at issue in this case.

23.     Pope objects to the Request for Production on the grounds and to the extent it improperly attempts to expand, alter, or modify the scope of permissible discovery under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the United States

Bankruptcy Court for the Southern District of Texas Bankruptcy Local Rules, or any other applicable law or rule. Subject to and without waiver of any General or Specific Objections, Pope will construe the Request for Production consistently with the applicable rules.

24.     Pope objects to the Request for Production on the grounds and to the extent it seeks information outside of the Debtors' possession, custody, or control. Pope further objects to the Request for Production to the extent it seeks production of documents already in the Ativos Funds' possession or to which the Ativos Funds have equal or greater access, including because their documents that Pope and or the Debtors have already produced and are part of the case file of the Brazilian Insolvency Proceeding and or related Proceedings that are publicly available.

25.     Pope objects to the Request for Production on the grounds and to the extent it exceeds the scope of the discovery authorized under paragraph 6 of the *Stipulation and Order Granting Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, and 362* (Dkt. No. 38) (the "Provisional Relief Order").

26.     Pope objects to the Request for Production on the grounds and to the extent it seeks documents and/or communications containing confidential commercial, business, financial, governmental, proprietary, or competitively sensitive information, or documents and/or communications that are subject to non-disclosure agreements or confidentiality undertakings. Further, Pope reserves the right to seek the entry of an appropriate Protective Order to preserve and/or authorize the maintain of the confidentiality (including any attorneys' eyes only designation) of such documents and/or communications.

27.     Pope reserves all rights to identify additional facts or information that could lead to additions to, changes in, or variations from these Objections and Responses. Consequently, Pope reserves the right to: (a) revise, correct, supplement, amend, modify, or clarify their responses as additional information is discovered in accordance with the applicable rules; (b) provide additional responsive information; (c) modify their objections on grounds including, but not limited to,

relevance, undue burden, privilege, and/or proportionality; (d) object to further discovery in this case; (e) rely upon any information provided in this case, including, without limitation, in any hearing, proceeding, or trial in this case; and (f) challenge the authenticity or admissibility of any information in any hearing, proceeding, or trial.

28.     Any response below to the Request for Production indicating that Pope will produce responsive documents shall not be construed as an admission that such responsive documents exist.  Rather such a response means solely that, subject to the Objections, Pope will make a reasonable search for responsive documents limited to the period of time (from January 1, 2022 to December 31, 2023) for which Pope have been requested to produce documents and information in the Brazilian Insolvency Proceeding and, if any, Pope will produce responsive, non-Privileged documents identified in that search.

29.     By responding to the Request for Production, Pope does not admit to the Ativos Funds' characterization of any documents, facts, theories, or conclusions, nor does Pope admit that the information provided in response to the Request for Production reflects any fact, characterization, or conclusion.  Nothing contained in any Response herein shall be deemed to be an admission, concession, or waiver by Pope as to the relevance, materiality, or admissibility of any information or subject matter.

30.     Pope objects to the Request for Production to the extent it seeks production of documents and/or communications without paying the costs of such production.

31.     Pope objects to the Request for Production because it commands a production by June 27, 2024, which is unreasonable and unduly burdensome.

32.     Pope responds to the Request for Production without waiving or intending to waive, but rather preserving and intending to preserve, their right to object to any other discovery request, including without limitation, any request for the production of documents.

## SPECIFIC RESPONSES AND OBJECTIONS

**DOCUMENT REQUEST NO. 1:**

All Documents containing statements of Your financial condition during the Relevant Period, including without limitation any financial statements, balance sheets, or net worth statements.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

33.    In addition to the Objections to the Definitions, the Objections to the Instructions and Rules of Constructions, and the General Objections set forth above, Pope objects to this Request on the grounds that it is vague, overly broad, and burdensome as it seeks the production of "[a]ll Documents."  Further, Pope objects to this Request on the grounds that is vague, ambiguous and overly broad as it refers to the terms "Your" and "Relevant Period," the meaning of which is objected to by Pope. In addition, Pope objects to this Request to the extent it seeks documents that are not within Pope's possession, custody, or control, and to the extent that it seeks privileged or otherwise protected documents.

34.    Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to Pope and the period of time for which Pope has been requested to produce documents and information in the Brazilian Insolvency Proceeding. This search will take some time and Pope will notify you when/if he has located any such documents.

**DOCUMENT REQUEST NO. 2:**

All Documents relating to the ownership, management, and financial condition of the Pope Entities in Relevant Period, including without limitation any account records, financial statements, balance sheets, organizational documents, and documents sufficient to show any assets held by the Pope Entities and any transfers of assets by or to the Pope Entities.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

35.    In addition to the Objections to the Definitions, the Objections to the Instructions

8

and Rules of Constructions, and the General Objections set forth above, Pope objects to this Request on the grounds that it is vague, overly broad, and burdensome as it seeks the production of "[a]ll Documents." Further, Pope objects to this Request on the ground that is vague, ambiguous, and overly broad as it refers to the terms "Pope Entities" and "Relevant Period," the meaning of which is objected by Pope. In addition, Pope objects to this Request to the extent it seeks documents that are not within Pope's possession, custody, or control, and to the extent that it seeks privileged or otherwise protected documents. Furthermore, the Pope objects to this Request to the extent it exceeds the scope of the Preliminary Relief Order.

36.     Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to Pope and the period of time for which the Debtors have been requested to produce documents and information in the Brazilian Insolvency Proceeding. This search will take some time and Pope will notify you when/if he has located any such documents.

**DOCUMENT REQUEST NO. 3:**

All Documents sufficient to show the nature, value, and location of any U.S.-based assets or things of value worth $10,000 or more in which You or the Pope Entities held any ownership or other interest, directly or indirectly, during the Relevant Period.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

37.     In addition to the Objections to the Definitions, the Objections to the Instructions and Rules of Constructions, and the General Objections set forth above, Pope objects to this Request on the grounds that it is vague, overly broad, and burdensome as it seeks the production of "[a]ll Documents." Further, Pope objects to this Request on the grounds that is vague, ambiguous, and overly broad as it refers to the terms "Pope Entities," the meaning of which is objected by Pope. In addition, Pope objects to this Request on the grounds that is vague, ambiguous and

overly broad as it refers to the term "Pope Entities <u>and "Relevant Period</u>," the meaning of which is objected by Pope.  In addition, Pope objects to this Request because the term "any assets or things" is not defined, vague and ambiguous, and overly broad.  Moreover, Pope objects to this Request to the extent it seeks documents that are not within Pope's possession, custody, or control. Furthermore, Pope objects to this Request as Pope and or the Debtors have already produced documents that are potentially responsive to this Request, and these documents are part of the case file of the Brazilian Insolvency Proceeding that is available to the Ativos Funds and other creditors to review.  Also, Pope objects to this Request to the extend it exceeds the scope of the Provisional Relief Order and is duplicative of other Discovery Requests made by Ativos in other actions.  This search will take some time and Pope will notify you when/if he has located any such documents.

## <u>DOCUMENT REQUEST NO. 4:</u>

All Documents and Communications sufficient to show all accounts held by or for the benefit of You or the Pope Entities in any financial institution during the Relevant Period (including without limitation the Pope Accounts), the amount held in those accounts during the Relevant Period, and any transfers equal to or in excess of $10,000 to or from those accounts during the Relevant Period.

## <u>RESPONSE TO DOCUMENT REQUEST NO. 4</u>:

38.     In addition to the Objections to the Definitions, the Objections to the Instructions and Rules of Constructions, and the General Objections set forth above, Pope objects to this Request on the grounds that it is vague, overly broad, and burdensome as it seeks the production of "[a]ll Documents and Communications."  Further, Pope objects to this Request on the grounds that is vague, ambiguous, and overly broad as it refers to the terms "Pope Entities," and "Pope Accounts," and "Relevant Period," the meaning of which is objected to by Pope. In addition,  Pope objects to this Request because the "accounts …for the benefit of" and "financial institutions" are not defined, and vague and ambiguous. Moreover, Pope objects to this Request to the extent it seeks documents that are not within Pope's possession, custody, or control. Furthermore, Pope objects to this Request as the Debtors have already produced documents relating to their bank accounts in the Brazilian Insolvency

10

Proceeding, and these documents are part of the case file of the Brazilian Insolvency Proceeding that is available to the Ativos Funds and other creditors to review. Also, Pope objects to this Request to the extend it exceeds the scope of the Provisional Relief Order and is duplicative of other Discovery Requests made by Ativos in other actions.

## DOCUMENT REQUEST NO. 5:

All Documents and Communications relating to any transfer of assets or other things of value equal to or in excess of $10,000 to or from You or the Pope Entities during the Relevant Period.

## RESPONSE TO DOCUMENT REQUEST NO. 5:

39.      In addition to the Objections to the Definitions, the Objections to the Instructions and Rules of Constructions, and the General Objections set forth above, Pope objects to this Request on the grounds that it is vague, overly broad and burdensome as it seeks the production of "[a]ll Documents and Communications." Further, Pope objects to this Request on the grounds that is vague, ambiguous and overly broad as it refers to the terms "Pope Entities" and "Relevant Period," the meaning of which is objected by Pope. In addition, the Pope objects to this Request because the terms "transfer," "assets," and "things" are not defined, and vague and ambiguous. Pope further objects to the Request as vague, ambiguous, and unintelligible as it does not specify the entities receiving or sending from Pope or the Pope Entities. Moreover, Pope objects to this Request to the extent it seeks documents that are not within Pope's possession, custody, or control. Furthermore, Pope objects to this Request as the Debtors have already produced documents that are potentially responsive to this Request in the Brazilian Insolvency Proceeding, and these documents are part of the case file of the Brazilian Insolvency Proceeding that is available to the Ativos Funds and other creditors to review. Also, Pope objects to this Request to the extend it exceeds the scope of the Provisional Relief Order and is duplicative of other Discovery Requests made by Ativos in other actions.

## DOCUMENT REQUEST NO. 6:

All Documents and Communications relating to any transfer of assets or other things of value to or from the Pope Accounts during the Relevant Period.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

40.     In addition to the Objections to the Definitions, the Objections to the Instructions and Rules of Constructions, and the General Objections set forth above, Pope objects to this Request on the grounds that it is vague, overly broad and burdensome as it seeks the production of "[a]ll Documents and Communications." Further, Pope objects to this Request on the grounds that is vague, ambiguous and overly broad as it refers to the terms "Pope Accounts" and "Relevant Period," the meaning of which is objected by Pope. In addition, the Pope objects to this Request because the terms "transfer," "assets," and "things" are not defined, and vague and ambiguous. Pope further objects to the Request as vague, ambiguous, and unintelligible as it does not specify the entities receiving or sending from Pope or the Pope Accounts. Moreover, Pope objects to this Request to the extent it seeks documents that are not within Pope's possession, custody, or control. Furthermore, Pope objects to this Request as the Debtors have already produced documents that are potentially responsive to this Request in the Brazilian Insolvency Proceeding, and these documents are part of the case file of the Brazilian Insolvency Proceeding that is available to the Ativos Funds and other creditors to review. Also, Pope objects to this Request to the extend it exceeds the scope of the Provisional Relief Order and is duplicative of other Discovery Requests made by Ativos in other actions.

**DOCUMENT REQUEST NO. 7:**

All Documents and Communications relating to any debt owed to You or the Pope Entities equal to or in excess of $10,000.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

41.     In addition to the Objections to the Definitions, the Objections to the Instructions and Rules of Constructions, and the General Objections set forth above, Pope objects to this Request on the grounds that it is vague, overly broad, and burdensome as it seeks the production of "[a]ll

Documents and Communications." Further, Pope objects to this Request on the grounds that is vague, ambiguous, and overly broad as it refers to the term "Pope Entities," the meaning of which is objected by the Pope. Pope further objects to the Request as vague, ambiguous, and unintelligible as it does not specify the entities owing debt to Pope or the Pope Entities. Moreover, Pope objects to this Request to the extent it seeks documents that are not within Debtors' possession, custody, or control. Furthermore, Pope objects to this Request as the Debtors have already produced documents that are potentially responsive to this Request in the Brazilian Insolvency Proceeding, and these documents are part of the case file of the Brazilian Insolvency Proceeding that is available to the Ativos Funds and other creditors to review. Also, Pope objects to this Request to the extend it exceeds the scope of the Provisional Relief Order.

**DOCUMENT REQUEST NO. 8:**

All Documents and Communications relating to any transaction You or the Pope Entities entered into with You during the Relevant Period pursuant to which You or the Pope Entities became entitled to any funds or things of value equal to or in excess of $10,000.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

42.     In addition to the Objections to the Definitions, the Objections to the Instructions and Rules of Constructions, and the General Objections set forth above, Pope objects to this Request on the grounds that it is vague, overly broad, and burdensome as it seeks the production of "[a]ll Documents and Communications." Further, Pope objects to this Request on the grounds that is vague, ambiguous, and overly broad as it refers to the terms "You," and "Pope Entities," and "Relevant Period," the meaning of which is objected to by Pope. In addition, Pope objects to this Request because the terms "transaction," "entitled," and "things" are not defined, vague and ambiguous, and overly broad. Moreover, Pope objects to this Request to the extent it seeks documents that are not within Pope's possession, custody, or control. Furthermore, Pope objects to this Request as the Debtors have already produced documents that are potentially responsive to this Request in the Brazilian Insolvency Proceeding, and these documents are part of the case file of the Brazilian Insolvency

Proceeding that is available to the Ativos Funds and other creditors to review.  Also, Pope objects to this Request to the extend it exceeds the scope of the Provisional Relief Order.  Also, Pope objects to this Request to the extend it exceeds the scope of the Provisional Relief Order.

**DOCUMENT REQUEST NO. 9:**

All tax returns for You or the Pope Entities during the Relevant Period.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

43.    In addition to the Objections to the Definitions, the Objections to the Instructions and Rules of Constructions, and the General Objections set forth above, Pope objects to this Request on the grounds that the term "tax returns" is undefined, vague, and ambiguous.  Further, Pope objects to this Request on the grounds that is vague, ambiguous, and overly broad as it refers to the terms "You," and "Pope Entities," and "Relevant Period," the meaning of which is objected by Pope.  Moreover, Pope objects to this Request to the extent it seeks documents that are not within Debtors' possession, custody, or control.  Also, Pope objects to this Request to the extend it exceeds the scope of the Provisional Relief Order.

44.    Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to the Debtors and the period of time for which the Debtors have been requested to produce documents and information in the Brazilian Insolvency Proceeding.

**DOCUMENT REQUEST NO. 10:**
**All Communications with Your tax advisors and accountants during the Relevant Period.**

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

45.

In addition to the Objections to the Definitions, the Objections to the Instructions and Rules of Constructions, and the General Objections set forth above, Pope objects to this Request on the

grounds that the terms "tax advisors" and "accountants" are undefined, vague, and ambiguous. Further, Pope objects to this Request on the grounds that is vague, ambiguous, and overly broad as it refers to the terms "Your," and "Relevant Period," the meaning of which is objected by Pope. Moreover, Pope objects to this Request to the extent it seeks documents that are not within Debtors' possession, custody, or control. Also, Pope objects to this Request to the extend it exceeds the scope of the Provisional Relief Order. Further, Pope objects to this request on the ground that such communications are protected by the accountant-client privilege. Sec. 7525 of the Internal Revenue Code.

**DOCUMENT REQUEST NO. 11:**

Documents sufficient to show the existence and contents of any insurance agreement, including a copy of any insurance policy, that may be available to satisfy all or part of a judgment entered against You or the Pope Entities.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

46.    In addition to the Objections to the Introduction, the Objections to the Definitions, and the General Objections set forth above, Pope objects to this Request on the grounds that is vague, ambiguous, and overly broad as it refers to the "Pope Entities," the meaning of which is objected by Pope. Further, Pope objects to this Request as vague and ambiguous as it is not clear to which entity the Request is addressed.  In addition, Pope objects to this Request to the extent it seeks documents that are not within Pope's possession, custody, or control.  Also, Pope objects to this Request to the extend it exceeds the scope of the Provisional Relief Order.

47.    Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to insurance agreements entered by the Debtors that may satisfy a judgment entered against Pope or The Pope Entities.

**DOCUMENT REQUEST NO. 12:**

All Documents, statements, exhibits, and other records from the Custody Action relating to or referencing or describing Your net worth or financial condition, including but not limited to any testimony by You or other witnesses at deposition or trial, and any exhibits used by You or other parties at deposition or at trial.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

48.

In addition to the Objections to the Definitions, the Objections to the Instructions and Rules of Constructions, and the General Objections set forth above, Pope objects to this Request on the grounds that the terms "net worth" and "financial condition" are undefined, vague, and ambiguous. Further, Pope objects to this Request on the grounds that is vague, ambiguous, and overly broad as it refers to the term "Your," the meaning of which is objected by Pope. Moreover, Pope objects to this Request to the extent it seeks documents that are not within Debtors' possession, custody, or control. Also, Pope objects to this Request to the extend it exceeds the scope of the Provisional Relief Order. Further, Pope objects to this request on the ground that the Court has sealed the record and made it subject to protection. Pope's net worth was not an issue in the Custody Action related to the best interests of the two minor children.

**DOCUMENT REQUEST NO. 13:**

Documents sufficient to show how You paid for living expenses and the maintenance of Your sons, including but not limited to their private school, nannies, and flights to or from Brazil during the Relevant Period.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

49.    In addition to the Objections to the Definitions, the Objections to the Instructions and Rules of Constructions, and the General Objections set forth above, Pope objects to this Request on the grounds that it is vague, overly broad, and burdensome and not reasonably calculated to lead to the discovery of admissible evidence in this matter.   Further, Pope objects to this Request on the grounds that is vague, ambiguous, and overly broad as it refers to the term "You," the meaning of which is objected to by Pope.  In addition, Pope objects to this Request because the terms "living expenses" and "maintenance" are not defined, vague and ambiguous, and overly broad.

Moreover, Pope objects to this Request to the extent it seeks documents that are not within Pope's possession, custody, or control.  Furthermore, Pope objects to this Request as the Debtors have already produced documents that are potentially responsive to this Request in the Brazilian Insolvency Proceeding, and these documents are part of the case file of the Brazilian Insolvency Proceeding that is available to the Ativos Funds and other creditors to review.  Also, Pope objects to this Request to the extend it exceeds the scope of the Provisional Relief Order.

**DOCUMENT REQUEST NO. 14:**

Documents sufficient to show any other payment You received from anyone, including Your parents, other family members, or friends for Your living or similar expenses during the Relevant Period.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

50.     In addition to the Objections to the Definitions, the Objections to the Instructions and Rules of Constructions, and the General Objections set forth above, Pope objects to this Request on the grounds that the terms "payment", "anyone", "parents", "family members", and 'friends" are undefined, vague, and ambiguous. Further, Pope objects to this Request on the grounds that is vague, ambiguous, and overly broad as it refers to the terms "You", "Your," and  "Relevant Period," the meaning of which is objected by Pope. Moreover, Pope objects to this Request to the extent it seeks documents that are not within Debtors' possession, custody, or control. Pope objects to this request on the ground that is overly broad, unreasonably burdensome, and not reasonably calculated to lead to the discovery of admissible evidence in this matter. Also, Pope objects to this Request to the extend it exceeds the scope of the Provisional Relief Order.

**DOCUMENT REQUEST NO. 15:**

All Documents and Communications with Quinn Emanuel or the Foreign Representative regarding this chapter 15 case.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

51.    Pope objects on the ground that the communications that he has had with Quinn Emanuel are in his

capacity as Chief Executive Officer of the Company in the performance of his duties on behalf of the

Company including in view of Pope's role as the sole director or member of the board of directors of

each of the Debtors. All such communications are protected by the attorney-client privilege.

**DOCUMENT REQUEST NO. 16:**

All Documents and Communications with Quinn Emanuel regarding the Declaration of Kenneth Pope in
Support of the Motion for Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code
Sections 1519, 1521, 362, and 105 [Dkt. 8].

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

52.    Pope objects on the ground that the communications that he has had with Quinn Emanuel are in his

capacity as Chief Executive Officer of the Company in the performance of his duties on behalf of the

Company including in view of Pope's role as the sole director or member of the board of directors of

each of the Debtors. All such communications are protected by the attorney-client privilege.

**DOCUMENT REQUEST NO. 17:**

All Documents and Communications with Quinn Emanuel regarding the Emergency Motion of Foreign
Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362 and 105 Filed
by Debtor SouthRock Capital Ltda. [Dkt. 10] and the relief requested therein.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

53.    Pope objects on the ground that the communications that he has had with Quinn Emanuel are in his

capacity as Chief Executive Officer of the Company in the performance of his duties on behalf of the

Company including in view of Pope's role as the sole director or member of the board of directors of

each of the Debtors. All such communications are protected by the attorney-client privilege.


Dated: June 27, 2024

**Kenneth Steven Pope**


*/s/  Kenneth Steven Pope*
_____

18

# Exhibit D

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Case No. 24-90398 (CML) |
| | § | |
| SouthRock Capital Ltda., *et al.*[1] | § | Chapter 15 |
| | § | |
| | § | |
| | | |
| Debtors in Foreign Proceeding. | § | (Jointly Administered) |
| | § | |

**POPE'S RESPONSES AND OBJECTIONS TO**

**ATIVOS FUNDS' INTERROGATORIES TO KENNETH STEVEN POPE**

    Kenneth Steven Pope ("POPE") , responds as follows to the *Ativos Funds' Interrogatories To Kenneth Steven Pope* (the "Interrogatories") issued by Gray Reed and MoloLamken LLP on behalf of Ativos Especiais II - Fundo de Investimento em Direitos Creditórios - NP and Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP (collectively, the "Ativos Funds") and served on June 20, 2024 in the above-captioned case (the "Chapter 15 Case").

    The Request Interrogatories (a) was served on Pope on June 20, 2024, at 11:14 p.m. ET, through an email to the Pope; (b) commands a response to Gray Reed and MoloLamken LLP by June 27, 2024; and (c) was signed by a Grey Reed attorney on June 20, 2024.  As of the date herein, this the only request for Interrogatories that has been

served on Pope.  Thus, these Objections relate to this Interrogatories.

## <u>OBJECTIONS TO THE DEFINITIONS</u>

1.      Pope objects to the definition of "Communication" to the extent it seeks attorney-client privileged communications or attorney work product.

2.      Pope objects to the definition of "Custody Action" to the extent it seeks attorney-client privileged communications, attorney work product. Pope objects to this request on the ground that the Court has sealed the record and made it subject to protection related to the best interests of the two minor children.

3.      Pope objects to the definition of "Document" to the extent it exceeds the scope of the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, and Federal Rules of Evidence.  Pope further object to the term to the extent that it includes attorney-client privileged communications or attorney work product.

4.      Pope objects to the definition of "Identify" Pope objects to the definition and use of "Identify" in this interrogatory instruction on the following grounds:

**Overly Broad and Unduly Burdensome:** The instruction requires an extensive amount of detail for identifying individuals, entities, documents, and communications, which imposes an unreasonable burden on Pope. The requirement to provide exhaustive information, such as the last known address and business affiliation of individuals, and detailed information about entities and documents, is overly broad and not proportional to the needs of the case.

**Relevance:** The instruction demands information that may not be relevant to the claims or defenses in this litigation. For example, requiring detailed information about all

directors, officers, employees, and professionals associated with an entity, as well as extensive document details, may encompass irrelevant or tangential information.

**Privacy and Confidentiality:** The instruction potentially infringes on privacy and confidentiality rights by requiring disclosure of personal and sensitive information about individuals, including their last known addresses and business affiliations, as well as confidential business information about entities and documents.

**Privilege:** The requirement to identify documents and communications that constitute legal opinion or legal advice, including the basis for any claim of privilege and detailed subject matter descriptions, risks disclosing privileged and protected information. This is particularly problematic as it may inadvertently waive privilege.

**Duplicative and Cumulative:** The level of detail required is duplicative and cumulative, as much of the information may be available through other discovery methods or already in the possession of the requesting party. This instruction creates unnecessary redundancy.

Based on the above objections, Pope will limit its responses to information that is within its possession, custody, or control and that is relevant and necessary for the resolution of the issues in this litigation, as required by the applicable rules of civil procedure. Furthermore, Pope will assert appropriate privileges where applicable and will not disclose information that is protected by privilege or is otherwise confidential.

5.      Pope objects to the definition of "Interest" because it is vague and ambiguous, lacking clarity within the context of the discovery request. Without a precise definition provided, there is substantial uncertainty regarding the scope and nature of information sought. This ambiguity hinders Pope's ability to understand and appropriately respond to the request in

accordance with the Federal Rules of Civil Procedure. Pope requests that any request for definition be clarified or narrowed to specify a precise definition of "Interest" that aligns with the legal and factual circumstances of this case. Without a clear and uniform definition, Pope cannot reasonably determine the scope of information sought or provide accurate and responsive answers as required under the rules governing discovery. Pope reserves the right to supplement its response pending a clarified definition of "Interest" that provides sufficient clarity and specificity to facilitate compliant and accurate disclosure.

6.      Pope objects to the to the definition of "Pope Accounts" on the following grounds:

**Overly Broad and Unduly Burdensome:** The instruction requires the identification and disclosure of all accounts held at multiple financial institutions by Pope, the Pope Entities, or any person affiliated with Pope. This broad scope imposes an unreasonable burden on Pope to locate and produce information from a wide range of accounts, many of which may not be relevant to the issues in this litigation.

**Relevance:** The instruction seeks information about accounts that may not be pertinent to the claims or defenses in this case or are duplicative of other discovery requests made by Ativos in other actions. The requirement to identify accounts held by Pope, affiliated entities, or individuals at several financial institutions extends beyond what is necessary to resolve the matters at issue in this litigation.

**Privacy and Confidentiality:** The instruction requires the disclosure of sensitive financial information, which may violate privacy and confidentiality rights. The identification and disclosure of account numbers and details for various financial accounts could lead to unnecessary exposure of private financial data.

**Ambiguity:** The term "any Person affiliated with You" is vague and undefined, leading to potential confusion and uncertainty regarding which individuals or entities

4

are included. This ambiguity further complicates Pope's ability to comply with the instruction accurately and comprehensively.

**Duplicative and Cumulative:** The instruction may be duplicative and cumulative, as it encompasses accounts that may already have been identified or disclosed through other means of discovery. Requiring Pope to repeatedly disclose the same information is unnecessary and burdensome.

Based on these objections, Pope will limit his responses to providing information about accounts that are within its possession, custody, or control and that are directly relevant to the claims and defenses in this litigation, as required by the applicable rules of civil procedure. Pope will also take appropriate measures to protect privileged and confidential information.to the extent it refers to and incorporates defined terms like "Pope Entities," "You," and "any Person affiliated with Pope," which makes the definition of "Pope Accounts" vague, ambiguous, and overly broad.

7.     Pope objects to the to the definition of "Pope Entities" to the extent it includes "any Person affiliated with Pope," which makes the definition of "Pope Entities" vague, ambiguous, and overly broad, and it seeks documents that are not within Pope's possession, custody, or control.

8.     Pope objects to the definition of "Relevant Period" as it is overly broad and it exceeds the relevant period for which Pope and or the Debtors have been requested to produce documents and information in the Brazilian insolvency proceeding pending before the 1st Bankruptcy Court of the Central Forum of São Paulo, Brazil, under case number "1153819-28.2023.8.26.0100" (the "Brazilian Insolvency Proceeding").

9.      Pope objects to the definition of "You" and "Yours" as it is vague and ambiguous and overly broad, it seeks documents that are not within Pope's possession, custody, or control, and to the extent that it seeks privileged or otherwise protected documents.

## OBJECTIONS TO THE INSTRUCTIONS

10.     Pope objects to all Instructions to the extent they seek to impose any burden on Pope greater than those encompassed by the relevant rules.

11.     Pope objects to instruction n. 1 on the following grounds:

**Overly Broad and Unduly Burdensome**: The instruction requires Pope to divulge all information known or available, including information in the possession, custody, or control of a wide range of individuals and entities, such as owners, officers, attorneys, auditors, agents, employees, or other representatives. This scope is excessively broad and imposes an undue burden on Pope to collect and produce information from numerous sources, many of whom may not have relevant information.

**Relevance:** The instruction seeks information that may not be relevant to the claims or defenses in this litigation. The expansive nature of the instruction encompasses individuals and entities that may not have any connection to the matters at issue, resulting in the potential collection and production of irrelevant information.

**Privilege:** The instruction demands the disclosure of information that may be protected by attorney-client privilege, attorney work product doctrine, or other applicable privileges. Requiring Pope to identify and disclose information from attorneys and other privileged sources risks waiving these protections and disclosing privileged communications.

**Confidentiality and Privacy:** The instruction potentially infringes on the confidentiality and privacy rights of individuals and entities by requiring the disclosure of sensitive and private information. This is particularly concerning when it involves the personal information of owners, officers, employees, and other representatives.

**Ambiguity:** The instruction is ambiguous and unclear regarding the specific types of information and documents that must be disclosed. Terms such as "all information" and "any other tangible thing or material" are vague and open to broad interpretation, making it difficult for Pope to determine the precise scope of the required disclosure.

Therefore, Pope objects to this instruction as overly broad, unduly burdensome, and seeking privileged and protected information. Pope will limit its responses to information that is within its possession, custody, or control and that is relevant to the claims and defenses in this litigation, as required by the applicable rules of civil procedure. Additionally, Pope will assert appropriate privileges and take measures to protect confidential and private information. Where Pope agrees to search for documents, unless otherwise specified or agreed, Pope will agree only to conduct a reasonable search. Where Pope agrees to produce reasonably accessible documents, Pope will do so, to the extent such documents exist, as soon as practicable and, in any case, not prior to July 3, 2024.

12.     Pope objects to instruction n. 1 as it seeks to unilaterally impose the Ativos Funds' preferred format for the document production, which is unreasonable, oppressive, unduly burdensome, and disproportionate to the needs of this case. If any, Pope will produce

Communications and Documents in the format that is less burdensome to him.

13.     Pope objects to instruction n. 1 to the extent it seeks to impose any burden on Pope greater than those encompassed by the relevant rules.

14.     Pope objects to instruction n. 2 on the following grounds:

**Ambiguity and Lack of Clarity:** The instruction is vague and lacks clarity regarding the standard for determining when an interrogatory cannot be answered completely. Terms such as "to the extent possible" and "reasons for Your refusal or inability to answer more fully" are not sufficiently specific, creating uncertainty and potential for differing interpretations.

**Overly Burdensome:** The instruction imposes an undue burden on Pope by requiring detailed explanations for any refusal or inability to answer fully. This requirement is excessively burdensome, particularly when Pope's inability to answer completely may be due to factors outside its control, such as lack of access to information held by third parties.

**Irrelevant Information:** The requirement to provide detailed reasons for any refusal or inability to answer fully may result in the disclosure of information that is irrelevant to the claims or defenses in this litigation. Such detailed explanations may encompass information that has no bearing on the substantive issues in the case.

**Privileged and Confidential Information:** The instruction may require Pope to disclose privileged or confidential information in explaining why it cannot answer an interrogatory fully. This could inadvertently result in the waiver of privilege or the disclosure of sensitive information that should remain protected.

8

Based on the above objections, Pope will comply with the requirements of Fed. R. Civ. P. 33(b)(4) by answering interrogatories to the extent possible and providing appropriate explanations for any inability to answer fully. However, Pope reserves the right to assert applicable privileges and to limit responses to avoid undue burden, irrelevant disclosures, and the release of privileged or confidential information. Where Pope agrees to produce reasonably accessible documents, Pope will do so, to the extent such documents exist, as soon as practicable and, in any case, not prior to July 3, 2024.

15.     Pope objects to instruction n. 2 to the extent it seeks to impose any burden on Pope greater than those encompassed by the relevant rules.

16.     Pope objects to instruction n. 3 on the following grounds:

**Ambiguity and Lack of Specificity:** The instruction is vague and lacks specificity regarding the scope and timing of the required supplemental answers. It does not provide clear guidelines on what constitutes "any information within the scope of these Interrogatories" or specify the timeframe within which such supplemental answers must be provided.

**Overly Burdensome and Unduly Onerous:** The instruction imposes an ongoing obligation on Pope to continuously monitor and supplement its responses to the interrogatories based on any new information acquired by a wide range of individuals and entities, including members, officers, attorneys, auditors, agents, employees, or other representatives. This requirement is overly burdensome and places a significant administrative burden on Pope.

**Relevance and Proportionality:** The instruction may require the disclosure of

information that is not relevant to the claims or defenses in this litigation. Requiring ongoing updates based on information acquired by various individuals and entities, without a clear connection to the issues in the case, is disproportionate and may lead to the disclosure of irrelevant information.

**Privilege and Confidentiality Concerns:** The instruction may inadvertently require the disclosure of privileged or confidential information acquired after the original answers were provided. This could potentially waive privileges or violate confidentiality protections, especially if the information acquired pertains to legal strategy, ongoing investigations, or sensitive business operations.

**Burden of Compliance:** Compliance with the ongoing nature of this instruction could disrupt normal business operations and legal activities by requiring constant monitoring and reporting of new information. This burden is unreasonable and may interfere with Pope's ability to focus on preparing its case effectively as well as focusing on the ongoing fair and equitable restructuring of the business in Brazil.

Based on these objections, Pope will provide supplemental answers to the interrogatories as required by the rules of civil procedure but will do so in a manner that is proportional, relevant, and consistent with applicable privileges and confidentiality protections. Pope will not undertake an indefinite obligation to update its responses based on information acquired by third parties or entities not directly involved in the litigation without a clear and specific request for such supplementation.

17.    Pope objects to instruction n. 3 to the extent it seeks to impose any burden on Pope

greater than those encompassed by the relevant rules. Where Pope agrees to produce reasonably accessible documents, Pope will do so, to the extent such documents exist, as soon as practicable and, in any case, not prior to July 3, 2024.

18.     Pope objects to instruction n. 4 on the following grounds:

**Privilege and Confidentiality:** The instruction requires the disclosure of detailed information concerning claims of privilege or exemption, including the nature of the privilege or exemption claimed, the substance of withheld information, names of individuals involved, and the extent to which the information may be provided subject to the privilege or exemption. This requirement could compel Pope to disclose privileged or confidential information, thereby waiving or compromising the protections afforded under applicable legal privileges, such as attorney-client privilege or work product doctrine.

**Burden and Intrusiveness:** The instruction imposes an undue burden on Pope by requiring extensive and specific disclosures related to claims of privilege or exemption. This requirement is overly intrusive and onerous, particularly considering that assertions of privilege or exemption are designed to protect sensitive information from disclosure.

**Relevance and Proportionality:** Requiring Pope to disclose the nature of privileged or exempted information, along with names and details of communications, extends beyond what is necessary or relevant to the litigation. Such disclosures may not be proportional to the issues at hand and could potentially lead to the unnecessary disclosure of irrelevant or confidential information.

**Legal Protections:** The instruction fails to adequately recognize and protect the

11

Pope's rights to assert legal privileges and exemptions. Requiring detailed disclosures about privileged communications or exempted information could undermine these important legal protections and hinder Pope's ability to defend its interests effectively.

**Ambiguity and Unclear Standards:** The instruction lacks clarity regarding the standard for asserting privilege or exemption claims and the specific information required in response. Terms such as "general nature of the matter withheld" and "extent to which the information will be provided subject to the privilege/exemption" are vague and open to broad interpretation, potentially leading to confusion and inconsistent responses.

Based on these objections, Pope will assert privilege or exemption claims as necessary and will provide the required information to the extent consistent with applicable rules of civil procedure and legal protections. However, Pope will not disclose privileged or confidential information beyond what is required by law and will take appropriate measures to protect such information from disclosure. Where Pope agrees to produce reasonably accessible documents, Pope will do so, to the extent such documents exist, as soon as practicable and, in any case, not prior to July 3, 2024.

19.    Pope objects to instruction n. 4 to the extent it seeks to impose any burden on Pope greater than those encompassed by the relevant rules.

## <u>GENERAL OBJECTIONS</u>

20.    Pope responds to the Interrogatories, including the definitions and instructions referenced therein, subject to the General Objections set forth below. Each General Objection is

incorporated into each specific Response and Objection ("Objection") set forth below.  Failure to refer to a General Objection in a specific Response or Objection should not be construed as a waiver of any General Objection.

21.     Pope objects to the to the Interrogatories on the grounds and to the extent that it purports to require Pope to produce information that is protected from disclosure by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, or any other applicable privilege or immunity under federal, state, or foreign statutory, constitutional, or common law (collectively, "Privilege[d]").  To the extent Pope responds below that Pope will produce responsive documents, this shall not include Privileged documents.  Pope responds to the Interrogatories without waiving or intending to waive, but rather preserving and intending to preserve, any applicable Privilege or immunity.  Any inadvertent production of any Privileged documents shall not be deemed or construed to constitute a waiver of the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, or any other applicable privilege or immunity under federal, state, or foreign statutory, constitutional,  or common  law.  Pope reserves the right to request the return of any Privileged document that is inadvertently produced.

22.     Pope objects to the Interrogatories on the grounds and to the extent it is vague and ambiguous, seeks information that is not relevant, is not reasonably calculated to lead to the discovery of evidence admissible in the case, is overly broad, unduly burdensome, not proportional to the needs of the case, redundant, harassing or oppressive, or seeks information available from a more convenient source, and is otherwise beyond the scope of permissible discovery in the case.

23.     Pope objects to the Interrogatories on the grounds and to the extent it seeks "all" documents and/or "all communications" related to certain topics, as overly broad and unduly burdensome and not appropriately tailored to the needs of the case, including insofar as it seeks

documents and/or communications unrelated to any matter at issue in this case.

24.     Pope objects to the Interrogatories on the grounds and to the extent it improperly attempts to expand, alter, or modify the scope of permissible discovery under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the United States Bankruptcy Court for the Southern District of Texas Bankruptcy Local Rules, or any other applicable law or rule.  Subject to and without waiver of any General or Specific Objections, Pope will construe the Interrogatories consistently with the applicable rules.

25.     Pope objects to the Interrogatories on the grounds and to the extent it seeks information outside of Pope's possession, custody, or control.  Pope further objects to the Interrogatories to the extent it seeks production of documents already in the Ativos Funds' possession or to which the Ativos Funds have equal or greater access, including because their documents that Pope and or the Debtors have already produced and are part of the case file of the Brazilian Insolvency Proceeding and or related Proceedings that are publicly available.

26.     Pope objects to the Interrogatories on the grounds and to the extent it exceeds the scope of the discovery authorized under paragraph 6 of the *Stipulation and Order Granting Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, and 362* (Dkt. No. 38) (the "Provisional Relief Order").

27.     Pope objects to the Interrogatories on the grounds and to the extent it seeks documents and/or communications containing confidential commercial, business, financial, governmental, proprietary, or competitively sensitive information, or documents and/or communications that are subject to non-disclosure agreements or confidentiality undertakings. Further, Pope reserves the right to seek the entry of an appropriate Protective Order to preserve and/or authorize the maintain of the confidentiality (including any attorneys' eyes only designation) of such documents and/or communications.

28.     Pope reserves all rights to identify additional facts or information that could lead to additions to, changes in, or variations from these Objections and Responses.  Consequently, Pope reserves the right to:  (a) revise, correct, supplement, amend, modify, or clarify their responses as additional information is discovered in accordance with the applicable rules; (b) provide additional responsive information; (c) modify their objections on grounds including, but not limited to, relevance, undue burden, privilege, and/or proportionality; (d) object to further discovery in this case; (e) rely upon any information provided in this case, including, without limitation, in any hearing, proceeding, or trial in this case; and (f) challenge the authenticity or admissibility of any information in any hearing, proceeding, or trial.

29.     Any response below to the Interrogatories indicating that Pope will produce responsive documents shall not be construed as an admission that such responsive documents exist.  Rather such a response means solely that, subject to the Objections, Pope will make a reasonable search for responsive documents limited to the period of time (from January 1, 2022 to December 31, 2023) for which Pope have been requested to produce documents and information in the Brazilian Insolvency Proceeding and, if any, Pope will produce responsive, non-Privileged documents identified in that search.

30.     By responding to the Interrogatories, Pope does not admit to the Ativos Funds' characterization of any documents, facts, theories, or conclusions, nor does Pope admit that the information provided in response to the Request for Production reflects any fact, characterization, or conclusion.  Nothing contained in any Response herein shall be deemed to be an admission, concession, or waiver by Pope as to the relevance, materiality, or admissibility of any information or subject matter.

31.     Pope objects to the Interrogatories to the extent it seeks production of documents and/or communications without paying the costs of such production.

32.     Pope objects to the Interrogatories because it commands a production by June 27,

2024, which is unreasonable and unduly burdensome.

33.     Pope responds to the Interrogatories without waiving or intending to waive, but

rather preserving and intending to preserve, their right to object to any other discovery request,

including without limitation, any request for the production of documents.


## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY REQUEST NO. 1:**
Identify all U.S. Persons in which You or the Pope Entities had any Interest, directly or indirectly,
during the Relevant Period, and as to each Person, identify: (a) Your share or Interest (including
in dollars); (b) the place of incorporation or formation; (c) all directors, officers, and employees;
(d) the agent for service of process; (e) professionals that provided legal, tax, accounting, or other
similar professional services for that Person during the Relevant Period.


**RESPONSE TO INTERROGATORY REQUEST NO. 1:**

34.     In addition to the Objections to the Definitions, the Objections to the Instructions,

and the General Objections set forth above, Pope objects to this Request on the grounds that it is

vague, overly broad, and burdensome as it seeks the production of "[a]ll Documents." Further,

Pope objects to this Request on the grounds that is vague, ambiguous and overly broad as it refers

to the terms "Your" and "Relevant Period," the meaning of which is objected to by Pope. In

addition, Pope objects to this Request to the extent it seeks documents that are not within Pope's

possession, custody, or control, and to the extent that it seeks privileged or otherwise protected

documents.

35.     Without waiving these Objections and subject to them, to the extent that such

documents and communications exist, Pope will conduct a reasonable search and will produce

non-Privileged documents responsive to this Request, with respect and limited to Pope and the

period of time for which Pope has been requested to produce documents and information in the

Brazilian Insolvency Proceeding. This search will take some time and Pope will notify you when/if he has located any such documents.

36.     Pope Objects to Interrogatory no. 1 on the following grounds:

**Overbreadth and Burden:** Pope objects to Interrogatory no. 1 as overly broad and unduly burdensome pursuant to Federal Rule of Civil Procedure 33. The interrogatory seeks disclosure of all U.S. Persons in which Pope or the Pope Entities had any direct or indirect interest during the Relevant Period, the meaning of which is objected to by Pope, without defining the scope or relevance of such entities to the claims or defenses in this litigation. The request encompasses a wide range of entities, potentially extending beyond those reasonably related to the subject matter of this case.

**Privacy and Confidentiality:** The interrogatory no. 1 demands detailed information concerning entities in which Pope or the Pope Entities held interests, including financial details, personnel information, and details of professional services utilized. Disclosure of such sensitive and proprietary information may violate privacy rights and compromise confidential business relationships. Moreover, the request fails to establish a nexus between the information sought and the issues in dispute, thereby imposing an unwarranted invasion of privacy.

**Relevance and Proportionality:** The scope of Interrogatory no. 1 is disproportionate to the needs of this litigation. The broad request for identification and detailed information about all U.S. Persons in which Pope or the Pope Entities had interests during the Relevant Period, the meaning of which is objected to by Pope, exceeds what is necessary to resolve the issues before the court. Such expansive discovery demands could result in the disclosure of irrelevant

information, adding unnecessary complexity and expense to the litigation process and objects to this Request to the extend it exceeds the scope of the Provisional Relief Order.

**Undue Burden and Expense:** Compliance with the interrogatory would impose significant burdens on Pope, including extensive research, data compilation, and potentially costly efforts to gather and produce information about numerous entities. The time and resources required to fulfill such a broad request are not justified by the likely relevance or materiality of the information sought to the claims or defenses asserted in this case.

**Ambiguity and Lack of Definition:** Terms such as "U.S. Persons," "Interest," and "Relevant Period" are either undefined, objected to and or ambiguous within the context of Interrogatory no. 1. The lack of clarity regarding these key terms hinders Pope's ability to accurately identify and provide responsive information. Without clear definitions, there is a risk of inconsistent interpretations and responses, further complicating the discovery process.

**Protective Orders and Confidentiality:** Pope reserves the right to seek a protective order pursuant to Federal Rule of Civil Procedure 26(c) to limit the disclosure of sensitive and proprietary information in response to Interrogatory no. 1. Disclosure of financial interests, personnel details, and professional services utilized could harm competitive positions, jeopardize confidential business strategies, or breach contractual obligations with third parties. Therefore, Pope asserts its right to protect such information from disclosure absent a clear showing of relevance and necessity under the applicable legal standards.

Based on these objections, Pope will provide information concerning U.S. Persons in which it or the Pope Entities had a direct and material interest during the Relevant Period to the extent such information is within his possession, custody, or control and is proportional to the needs of this litigation. Pope will endeavor to ensure that any disclosures are consistent with its legal obligations and will seek appropriate protective measures to safeguard confidential and proprietary information.

**INTERROGATORY REQUEST NO. 2:**
Identify all real property or boats or cars worth more than $100,000 in which You or the Pope Entities had any Interest during the Relevant Period.

**RESPONSE TO INTERROGATORY REQUEST NO. 2:**

37.     In addition to the Objections to the Definitions, the Objections to the Instructions, and the General Objections set forth above, Pope objects to this Request on the following grounds:

**Overbreadth and Undue Burden:** Pope, pursuant to Chapter 15 of the United States Bankruptcy Code and Federal Rule of Civil Procedure 33, objects to Interrogatory 2 as overly broad and unduly burdensome. The interrogatory requests identification of all real property, boats, or cars valued over $100,000 in which the Pope or the Pope Entities had any interest during the Relevant Period, the meaning of which is objected to by Pope. This expansive request lacks specificity and fails to demonstrate a direct relevance or materiality to the subject matter of the Chapter 15 proceedings, thereby imposing an excessive burden on Pope to compile and disclose extensive information.

**Privacy and Confidentiality Concerns**: The interrogatory demands detailed information regarding high-value assets, including specific identification and valuation, which may include sensitive and proprietary financial details. Disclosure

of such information poses risks to privacy rights and could jeopardize confidential business relationships or personal security concerns. Moreover, the request does not establish a clear nexus between the assets identified and the issues pertinent to the Chapter 15 proceedings, exacerbating privacy concerns without a corresponding benefit to the case's resolution.

**Relevance and Proportionality:** The scope of Interrogatory 2 exceeds what is necessary or proportionate to the needs of Chapter 15 discovery. Requiring identification and valuation of all real property, boats, or cars worth more than $100,000 without a demonstrated connection to the debtor's estate or the matters at issue risks the disclosure of irrelevant information. Such expansive discovery demands are disproportionate and add unnecessary complexity and expense to the discovery process under Chapter 15.

**Undue Burden and Expense:** Compliance with the interrogatory would impose significant burdens on Pope, including substantial time, resources, and potentially costly efforts to gather and compile information about numerous high-value assets. The broad nature of the request does not justify the extensive effort required to fulfill it, particularly in the absence of a clear showing of relevance or necessity to the Chapter 15 proceedings or the administration of the debtor's estate.

**Ambiguity and Lack of Definition:** The interrogatory lacks clarity regarding key terms such as "Interest," "Relevant Period," ,the meaning of which is objected to by Pope, and specific definitions of "real property," "boats," and "cars." Without precise definitions aligned with Chapter 15 context, there is a risk of inconsistent interpretations and responses, complicating Pope's ability to provide accurate and responsive information pertinent to the bankruptcy proceedings.

20

**Protective Orders and Confidentiality**: Pope reserves the right to seek a protective order under Federal Rule of Civil Procedure 26(c) and applicable provisions of Chapter 15 to limit the disclosure of sensitive and proprietary information in response to Interrogatory 2. Disclosure of detailed asset information, including specific identification, valuation, and ownership interests, could harm competitive positions, breach contractual obligations, or compromise personal privacy rights of involved parties and stakeholders. Therefore, Pope asserts its right to protect such information from disclosure absent a clear and compelling showing of relevance and necessity under the specific context of Chapter 15 proceedings.

Based on these objections, Pope will provide information concerning real property, boats, or cars valued over $100,000 in which he or the Pope Entities had a direct and material interest during the Relevant Period to the extent such information is within its possession, custody, or control and is consistent with the objectives and requirements of Chapter 15 discovery. Pope will strive to ensure that any disclosures are compliant with its legal obligations and will seek appropriate protective measures to safeguard confidential and proprietary information essential to the administration of the debtor's estate and the resolution of Chapter 15 proceedings. This search will take some time and Pope will notify you when/if he has located any such real property or boats or cars worth more than $100,000.

## INTERROGATORY REQUEST NO. 3:
Identify all tax preparers and accountants used by You or the Pope Entities during the Relevant Period.

## RESPONSE TO INTERROGATORY REQUEST NO. 3:

38.     In addition to the Objections to the Definitions, the Objections to the Instructions,

21

and the General Objections set forth above, Pope objects to this Request on the following grounds:

**Overbroad and Unduly Burdensome:** Pope objects to Interrogatory no. 3 as overbroad and unduly burdensome under Federal Rule of Civil Procedure 33. The interrogatory requests identification of all tax preparers and accountants utilized by Pope or the Pope Entities during the Relevant Period. This request lacks specificity and fails to demonstrate a direct relevance or materiality to the issues in dispute, thereby imposing an excessive burden on Pope to compile and disclose extensive information.

**Privacy and Confidentiality Concerns**: The interrogatory demands disclosure of information regarding professional service providers, including tax preparers and accountants, which may include sensitive and proprietary financial details. Disclosure of such information poses risks to privacy rights and could jeopardize confidential business relationships or personal security concerns. Moreover, the request does not establish a clear nexus between the service providers identified and the issues pertinent to the litigation, exacerbating privacy concerns without a corresponding benefit to the case's resolution.

**Relevance and Proportionality**: The scope of Interrogatory no. 3 exceeds what is necessary or proportionate to the needs of the litigation. Requiring identification of all tax preparers and accountants without a demonstrated connection to the claims or defenses asserted risks the disclosure of irrelevant information. Such expansive discovery demands are disproportionate and add unnecessary complexity and expense to the discovery process.

**Undue Burden and Expense:** Compliance with the interrogatory would impose significant burdens on Pope, including substantial time, resources, and potentially

costly efforts to gather and compile information about numerous professional service providers. The broad nature of the request does not justify the extensive effort required to fulfill it, particularly in the absence of a clear showing of relevance or necessity to the claims or defenses in this case.

**Ambiguity and Lack of Definition:** The interrogatory lacks clarity regarding key terms such as "tax preparers" and "accountants," and does not specify the scope of "Relevant Period." the meaning of which is objected to by Pope,  Without precise definitions aligned with the litigation context, there is a risk of inconsistent interpretations and responses, complicating the Pope's ability to provide accurate and responsive information.

**Protective Orders and Confidentiality:** Pope reserves the right to seek a protective order under Federal Rule of Civil Procedure 26(c) to limit the disclosure of sensitive and proprietary information in response to Interrogatory no. 3. Disclosure of detailed information about professional service providers, including tax preparers and accountants, could harm competitive positions, breach contractual obligations, or compromise personal privacy rights. Therefore, the Pope asserts its right to protect such information from disclosure absent a clear and compelling showing of relevance and necessity under applicable legal standards.


Further, Pope objects to this Request on the grounds that is vague, ambiguous, and overly broad as it refers to the terms "Your," and "Relevant Period,"  the meaning of which is objected by Pope. Moreover, Pope objects to this Request to the extent it seeks documents that are not within Pope's possession, custody, or control. Also, Pope objects to this Request to the extend it exceeds the scope of the

23

Provisional Relief Order. Further, Pope objects to this request on the ground that such communications are protected by the accountant-client privilege. Sec. 7525 of the Internal Revenue Code.

Based on these objections, Pope will provide information concerning tax preparers and accountants utilized during the Relevant Period to the extent such information is within its possession, custody, or control and is consistent with the objectives and requirements of the litigation. Pope will strive to ensure that any disclosures are compliant with its legal obligations and will seek appropriate protective measures to safeguard confidential and proprietary information. Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to Pope and the period of time for which Pope has been requested to produce documents and information in the Brazilian Insolvency Proceeding. This search will take some time and Pope will notify you when/if he has located any such documents.

**INTERROGATORY REQUEST NO. 4:**

Identify all trusts of which You or the Pope Entities were a beneficiary during the Relevant Period, and as to each trust, identify: (a) the share (including in dollar value or estimated dollar value) held by You or any Pope Entity that has an Interest in the trust; (b) the trustees and any successor trustees; (c) the place of trust formation; (d) the trust's registered agent for service of process; (e) the type of trust; and (f) professionals that provided legal, tax, accounting or other similar professional services for that trust during the Relevant Period.

**RESPONSE TO INTERROGATORY REQUEST NO. 4:**

39.     In addition to the Objections to the Definitions, the Objections to the Instructions,

and the General Objections set forth above, Pope objects to Interrogatory Request on the following grounds:

**Overly Broad and Unduly Burdensome**: Pope objects to Interrogatory 4 as overly broad and unduly burdensome under Federal Rule of Civil Procedure 33. The interrogatory requests identification of all trusts in which Pope or the Pope Entities were beneficiaries during the Relevant Period, the meaning of which is objected by Pope. This request lacks specificity and fails to demonstrate a direct relevance or materiality to the issues in dispute, thereby imposing an excessive burden on Pope to compile and disclose extensive information.

**Privacy and Confidentiality Concerns**: The interrogatory demands disclosure of information regarding trusts in which Pope or the Pope Entities were beneficiaries, including details such as trust shares, trustees, and professional service providers. Such information may include sensitive and proprietary financial details. Disclosure of such information poses risks to privacy rights and could jeopardize confidential business relationships or personal security concerns. Moreover, the request does not establish a clear nexus between the trusts identified and the issues pertinent to the litigation, exacerbating privacy concerns without a corresponding benefit to the case's resolution.

**Relevance and Proportionality**: The scope of Interrogatory 4 exceeds what is necessary or proportionate to the needs of the litigation. Requiring identification of all trusts without a demonstrated connection to the claims or defenses asserted risks the disclosure of irrelevant information. Such expansive discovery demands are disproportionate and add unnecessary complexity and expense to the discovery process.

**Undue Burden and Expense:** Compliance with the interrogatory would impose significant burdens on Pope, including substantial time, resources, and potentially costly

efforts to gather and compile information about numerous trusts. Pope may lack access to comprehensive records or may not be aware of all trusts in which he or the Pope Entities were beneficiaries during the Relevant Period, the meaning of which is objected by Pope. The broad nature of the request does not justify the extensive effort required to fulfill it, particularly in the absence of a clear showing of relevance or necessity to the claims or defenses in this case.

**Ambiguity and Lack of Definition**: The interrogatory lacks clarity regarding key terms such as "beneficiary," "Relevant Period,", the meaning of which is objected by Pope, and specific definitions of "trusts." Without precise definitions aligned with the litigation context, there is a risk of inconsistent interpretations and responses, complicating Pope's ability to provide accurate and responsive information.

**Protective Orders and Confidentiality:** Pope reserves the right to seek a protective order under Federal Rule of Civil Procedure 26(c) to limit the disclosure of sensitive and proprietary information in response to Interrogatory 4. Disclosure of detailed information about trusts, including beneficiary interests, trustee identities, and professional service providers, could harm competitive positions, breach contractual obligations, or compromise personal privacy rights. Therefore, Pope asserts its right to protect such information from disclosure absent a clear and compelling showing of relevance and necessity under applicable legal standards.

Based on these objections, Pope will provide information concerning trusts in which he or the Pope Entities were beneficiaries during the Relevant Period, the meaning of which is objected by Pope, to the extent such information is within its possession, custody, or control and is consistent with the objectives and requirements of the litigation. Pope will

strive to ensure that any disclosures are compliant with its legal obligations. However, Pope may not have access to comprehensive records or may lack awareness of all trusts in which he or the Pope Entities were beneficiaries, and will provide information to the extent such information is known or reasonably obtainable. Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to Pope and the period of time for which Pope has been requested to produce documents and information in the Brazilian Insolvency Proceeding. This search will take some time and Pope will notify you when/if he has located any such documents.

## INTERROGATORY REQUEST NO. 5:

Identify all accounts at financial institutions which You or the Pope Entities held or were the beneficiary of during the Relevant Period, and as to each, identify: (a) the account number; and (b) the legal name and location of the financial institution at which the account was held.

## RESPONSE TO INTERROGATORY REQUEST NO. 5:

40.      In addition to the Objections to the Definitions, the Objections to the Instructions, and the General Objections set forth above, Pope objects to this Interrogatory Request no. 5 on the following grounds:

**Overly Broad and Unduly Burdensome:** Pope objects to Interrogatory 5 as overly broad and unduly burdensome under Federal Rule of Civil Procedure 33. The interrogatory requests identification of all accounts at financial institutions held by Pope or the Pope Entities during the Relevant Period, the  meaning of  which  is  objected  by Pope,. This request lacks specificity and fails to demonstrate a direct relevance or materiality to the issues in dispute, thereby imposing an excessive burden on Pope to compile and disclose extensive information.

**Privacy and Confidentiality Concerns**: The interrogatory demands disclosure of information regarding accounts held by Pope or the Pope Entities at financial institutions, including account numbers and institution names. Such information may include sensitive and proprietary financial details protected under federal laws such as the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801-6809) and Texas state laws governing financial privacy (Tex. Fin. Code Ch. 59). Disclosure of such information poses risks to privacy rights and could jeopardize confidential business relationships or personal security concerns. Moreover, the request does not establish a clear nexus between the accounts identified and the issues pertinent to the litigation, exacerbating privacy concerns without a corresponding benefit to the case's resolution.

**Relevance and Proportionality**: The scope of Interrogatory 5 exceeds what is necessary or proportionate to the needs of the litigation. Requiring identification of all accounts without a demonstrated connection to the claims or defenses asserted risks the disclosure of irrelevant information. Such expansive discovery demands are disproportionate and add unnecessary complexity and expense to the discovery process.

**Undue Burden and Expense**: Compliance with the interrogatory would impose significant burdens on Pope, including substantial time, resources, and potentially costly efforts to gather and compile information about numerous financial accounts. Pope may lack access to comprehensive records or may not be aware of all accounts held during the Relevant Period, the meaning of which is objected by Pope. The broad nature of the request does not justify the extensive effort required to fulfill it, particularly in the absence of a clear showing of relevance or necessity to the claims or defenses in this case.

**Ambiguity and Lack of Definition**: The interrogatory lacks clarity regarding key terms such as "account," "beneficiary," "Relevant Period," and specific definitions of "financial

institution." Without precise definitions aligned with the litigation context, there is a risk of inconsistent interpretations and responses, complicating Pope's ability to provide accurate and responsive information.

**Protective Orders and Confidentiality**: Pope asserts his right to seek a protective order under Federal Rule of Civil Procedure 26(c) and relevant provisions of Texas law, including Tex. Fin. Code Ch. 59, to limit the disclosure of sensitive and proprietary information in response to Interrogatory 5. Disclosure of detailed information about financial accounts, including account numbers and institution names, could harm competitive positions, breach contractual obligations, or compromise personal privacy rights protected under federal and state laws. Therefore, Pope emphasizes its obligation to protect such information from disclosure absent a clear and compelling showing of relevance and necessity under applicable legal standards.

Based on these objections, Pope will provide information concerning accounts held at financial institutions during the Relevant Period to the extent such information is within its possession, custody, or control and is consistent with the objectives and requirements of the litigation. Pope will strive to ensure that any disclosures are compliant with its legal obligations. However, Pope may not have access to comprehensive records or may lack awareness of all accounts held during the Relevant Period, and will provide information to the extent such information is known or reasonably obtainable. Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to Pope and the period of time for which Pope has been requested to produce documents and information in the Brazilian

Insolvency Proceeding. This search will take some time and Pope will notify you when/if he has located any such documents.

**INTERROGATORY REQUEST NO. 6:**

Identify all brokerage accounts or other investment funds which You or the Pope Entities held or was the beneficiary of during the Relevant Period.

**RESPONSE TO INTERROGATORY REQUEST NO. 6:**

41.     In addition to the Objections to the Definitions, the Objections to the Instructions, and the General Objections set forth above, Pope objects to this Interrogatory Request no. 6 on the following grounds:

**Overly Broad and Unduly Burdensome**: Pope objects to Interrogatory 6 as overly broad and unduly burdensome under Federal Rule of Civil Procedure 33. The interrogatory requests identification of all brokerage accounts or other investment funds held by Pope or the Pope Entities during the Relevant Period, the  meaning of  which  is  objected  by Pope,. This request lacks specificity and fails to demonstrate a direct relevance or materiality to the issues in dispute, thereby imposing an excessive burden on Pope to compile and disclose extensive information.

**Privacy and Confidentiality Concerns**: The interrogatory demands disclosure of information regarding brokerage accounts or investment funds held by Pope or the Pope Entities, which may include sensitive and proprietary financial details protected under federal laws such as the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801-6809) and Texas state laws governing financial privacy (Tex. Fin. Code Ch. 59). Disclosure of such information poses risks to privacy rights and could jeopardize confidential business relationships or personal security concerns. Moreover, the request does not establish a clear nexus between the accounts identified and the issues pertinent to the litigation, exacerbating privacy concerns without a corresponding benefit to the case's resolution.

**Relevance and Proportionality:** The scope of Interrogatory 6 exceeds what is necessary or proportionate to the needs of the litigation. Requiring identification of all brokerage accounts or investment funds without a demonstrated connection to the claims or defenses asserted risks the disclosure of irrelevant information. Such expansive discovery demands are disproportionate and add unnecessary complexity and expense to the discovery process.

**Undue Burden and Expense:** Compliance with the interrogatory would impose significant burdens on Pope, including substantial time, resources, and potentially costly efforts to gather and compile information about numerous brokerage accounts or investment funds. Pope may lack access to comprehensive records or may not be aware of all accounts held during the Relevant Period, the meaning of which is objected by Pope,. The broad nature of the request does not justify the extensive effort required to fulfill it, particularly in the absence of a clear showing of relevance or necessity to the claims or defenses in this case.

**Ambiguity and Lack of Definition**: The interrogatory lacks clarity regarding key terms such as "brokerage accounts," "investment funds," "beneficiary," "Relevant Period," and specific definitions aligned with the litigation context. Without precise definitions, there is a risk of inconsistent interpretations and responses, complicating Pope's ability to provide accurate and responsive information.

**Protective Orders and Confidentiality**: Pope reserves the right to seek a protective order under Federal Rule of Civil Procedure 26(c) and relevant provisions of Texas law, including Tex. Fin. Code Ch. 59, to limit the disclosure of sensitive and proprietary information in response to Interrogatory 6. Disclosure of detailed information about brokerage accounts or investment funds, including account numbers and specific holdings,

could harm competitive positions, breach contractual obligations, or compromise personal privacy rights protected under federal and state laws. Therefore, Pope emphasizes its obligation to protect such information from disclosure absent a clear and compelling showing of relevance and necessity under applicable legal standards.

Based on these objections, Pope will provide information concerning brokerage accounts or investment funds held during the Relevant Period to the extent such information is within its possession, custody, or control and is consistent with the objectives and requirements of the litigation. Pope will strive to ensure that any disclosures are compliant with its legal obligations. However, Pope may not have access to comprehensive records or may lack awareness of all accounts held during the Relevant Period, and will provide information to the extent such information is known or reasonably obtainable. Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to Pope and the period of time for which Pope has been requested to produce documents and information in the Brazilian Insolvency Proceeding. This search will take some time and Pope will notify you when/if he has located any such documents.

**INTERROGATORY REQUEST NO. 7:**

Identify any Interest that You or the Pope Entities held during the Relevant Period in any of the following: Laco Management; Management, LLC; Riata Corporate Group, LLC; or any Person affiliated with them.

**RESPONSE TO INTERROGATORY REQUEST NO. 7:**

42.     In addition to the Objections to the Definitions, the Objections to the Instructions, and the General Objections set forth above, Pope objects to this Interrogatory Request no. 7 on

the following grounds:

**Overly Broad and Unduly Burdensome**: Pope objects to Interrogatory 7 as overly broad and unduly burdensome under Federal Rule of Civil Procedure 33. The interrogatory requests identification of any interest held by Pope or the Pope Entities during the Relevant Period, the meaning of which is objected by Pope, in specific entities and any persons affiliated with them, namely Laco Management; Management, LLC; Riata Corporate Group, LLC; or any affiliated persons. This request lacks specificity and fails to demonstrate a direct relevance or materiality to the issues in dispute, thereby imposing an excessive burden on Pope to compile and disclose extensive information.

**Privacy and Confidentiality Concerns:** The interrogatory demands disclosure of information regarding interests held by Pope or the Pope Entities in specific entities and their affiliates. Such information may include sensitive and proprietary business relationships, contractual obligations, or strategic partnerships that are protected under federal and state laws. Disclosure of such information poses risks to privacy rights, could harm competitive positions, or compromise confidential business relationships. Moreover, the request does not establish a clear nexus between the interests identified and the issues pertinent to the litigation, exacerbating privacy concerns without a corresponding benefit to the case's resolution.

**Relevance and Proportionality**: The scope of Interrogatory 7 exceeds what is necessary or proportionate to the needs of the litigation. Requiring identification of interests in specific entities and their affiliates without a demonstrated connection to the claims or defenses asserted risks the disclosure of irrelevant information. Such expansive discovery demands are disproportionate and add unnecessary complexity

and expense to the discovery process.

**Undue Burden and Expense**: Compliance with the interrogatory would impose significant burdens on Pope, including substantial time, resources, and potentially costly efforts to gather and compile information about interests in specific entities and their affiliates. Pope may lack access to comprehensive records or may not be aware of all interests held during the Relevant Period, the meaning of which is objected by Pope. The broad nature of the request does not justify the extensive effort required to fulfill it, particularly in the absence of a clear showing of relevance or necessity to the claims or defenses in this case.

**Ambiguity and Lack of Definition:** The interrogatory lacks clarity regarding key terms such as "interest," "affiliated persons," "Relevant Period," and specific definitions aligned with the litigation context. Without precise definitions, there is a risk of inconsistent interpretations and responses, complicating Pope's ability to provide accurate and responsive information.

**Protective Orders and Confidentiality:** Pope reserves the right to seek a protective order under Federal Rule of Civil Procedure 26(c) and relevant provisions of state law to limit the disclosure of sensitive and proprietary information in response to Interrogatory 7. Disclosure of detailed information about interests in specific entities and their affiliates could harm competitive positions, breach contractual obligations, or compromise confidential business relationships protected under federal and state laws. Therefore, Pope emphasizes its obligation to protect such information from disclosure absent a clear and compelling showing of relevance and necessity under applicable legal standards.

Based on these objections, Pope will provide information concerning interests held during the Relevant Period, the meaning of which is objected by Pope, in specific entities and their affiliates to the extent such information is within its possession, custody, or control and is consistent with the objectives and requirements of the litigation. Pope will strive to ensure that any disclosures are compliant with its legal obligations. However, Pope may not have access to comprehensive records or may lack awareness of all interests held during the Relevant Period, and will provide information to the extent such information is known or reasonably obtainable. Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to Pope and the period of time for which Pope has been requested to produce documents and information in the Brazilian Insolvency Proceeding. This search will take some time and Pope will notify you when/if he has located any such documents.

**INTERROGATORY REQUEST NO. 8:**

Identify any Person who owed You or the Pope Entities a debt equal to or more than $10,000 during the Relevant Period.

**RESPONSE TO INTERROGATORY REQUEST NO. 8:**

43.     In addition to the Objections to the Definitions, the Objections to the Instructions, and the General Objections set forth above, Pope objects to this Interrogatory Request no. 7 on the following grounds:

**Overly Broad and Unduly Burdensome:** Pope objects to Interrogatory requesting identification of any person who owed debts of $10,000 or more to Pope or the Pope Entities during the Relevant Period, the meaning of which is objected

by Pope,. This request lacks specificity and fails to demonstrate direct relevance or materiality to the issues in dispute, thereby imposing an excessive burden on Pope to compile and disclose extensive information.

**Privacy and Confidentiality Concerns**: The interrogatory demands disclosure of sensitive financial information regarding debts owed to Pope or the Pope Entities. Such information is protected under federal and state laws, including the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801-6809) and Texas financial privacy statutes (Tex. Fin. Code Ch. 59). Disclosure of such information could jeopardize privacy rights, breach contractual obligations, or harm confidential business relationships. Moreover, the request does not establish a clear nexus between the debts identified and the issues pertinent to the litigation, exacerbating privacy concerns without a corresponding benefit to the case's resolution.

**Relevance and Proportionality**: The scope of Interrogatory exceeds what is necessary or proportionate to the needs of the litigation. Requiring identification of debtors owing $10,000 or more without a demonstrated connection to the claims or defenses asserted risks the disclosure of irrelevant information. Such expansive discovery demands are disproportionate and add unnecessary complexity and expense to the discovery process.

**Undue Burden and Expense:** Compliance with the interrogatory would impose significant burdens on Pope, including substantial time, resources, and potentially costly efforts to gather and compile information about debtors. Pope may lack access to comprehensive records or may not be aware of all debts owed during the Relevant Period, the meaning of which is objected by Pope,. The broad nature of the request does not justify the extensive effort required to fulfill it, particularly in

the absence of a clear showing of relevance or necessity to the claims or defenses in this case.

**Ambiguity and Lack of Definition:** The interrogatory lacks clarity regarding key terms such as "debt," "Relevant Period," and specific definitions aligned with the litigation context. Without precise definitions, there is a risk of inconsistent interpretations and responses, complicating Pope's ability to provide accurate and responsive information.

**Protective Orders and Confidentiality**: Pope reserves the right to seek a protective order under Federal Rule of Civil Procedure 26(c) and relevant provisions of Texas law, including Tex. Fin. Code Ch. 59, to limit the disclosure of sensitive and proprietary information in response to Interrogatory. Disclosure of detailed information about debtors owing $10,000 or more could harm competitive positions, breach contractual obligations, or compromise confidential business relationships protected under federal and state laws. Therefore, Pope emphasizes its obligation to protect such information from disclosure absent a clear and compelling showing of relevance and necessity under applicable legal standards.

Based on these objections, Pope will provide information concerning debtors owing $10,000 or more during the Relevant Period, the meaning of which is objected by Pope, to the extent such information is within its possession, custody, or control and is consistent with the objectives and requirements of the litigation. Pope will strive to ensure that any disclosures are compliant with its legal obligations. However, Pope may not have access to comprehensive records or may lack awareness of all debts owed during the Relevant Period, and will provide

information to the extent such information is known or reasonably obtainable. Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to Pope and the period of time for which Pope has been requested to produce documents and information in the Brazilian Insolvency Proceeding. This search will take some time and Pope will notify you when/if he has located any such documents.

## INTERROGATORY REQUEST NO. 9:

Identify any Person who transferred to You or the Pope Entities, or to whom You or the Pope Entities transferred, an amount equal to or more than $10,000 during the Relevant Period.

## RESPONSE TO INTERROGATORY REQUEST NO. 9:

44.     In addition to the Objections to the Definitions, the Objections to the Instructions, and the General Objections set forth above, Pope objects to this Interrogatory Request no. 7 on the following grounds:

**Overly Broad and Unduly Burdensome:** Pope objects to Interrogatory requesting identification of any person who transferred $10,000 or more to or from Pope or the Pope Entities during the Relevant Period. This request lacks specificity and fails to demonstrate direct relevance or materiality to the issues in dispute, thereby imposing an excessive burden on Pope to compile and disclose extensive information.

**Privacy and Confidentiality Concerns**: The interrogatory demands disclosure of sensitive financial information regarding transfers involving Pope or the Pope Entities. Such information is protected under federal and state laws, including the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801-6809) and Texas financial privacy

38

statutes (Tex. Fin. Code Ch. 59). Disclosure of such information could jeopardize privacy rights, breach contractual obligations, or harm confidential business relationships. Moreover, the request does not establish a clear nexus between the transfers identified and the issues pertinent to the litigation, exacerbating privacy concerns without a corresponding benefit to the case's resolution.

**Relevance and Proportionality:** The scope of Interrogatory exceeds what is necessary or proportionate to the needs of the litigation. Requiring identification of transfers involving $10,000 or more without a demonstrated connection to the claims or defenses asserted risks the disclosure of irrelevant information. Such expansive discovery demands are disproportionate and add unnecessary complexity and expense to the discovery process.

**Undue Burden and Expense**: Compliance with the interrogatory would impose significant burdens on Pope, including substantial time, resources, and potentially costly efforts to gather and compile information about transfers. Pope may lack access to comprehensive records or may not be aware of all transfers made during the Relevant Period, the  meaning of  which  is  objected  by Pope. The broad nature of the request does not justify the extensive effort required to fulfill it, particularly in the absence of a clear showing of relevance or necessity to the claims or defenses in this case.

**Ambiguity and Lack of Definition:** The interrogatory lacks clarity regarding key terms such as "transfer," "Relevant Period," and specific definitions aligned with the litigation context. Without precise definitions, there is a risk of inconsistent interpretations and responses, complicating Pope's ability to provide accurate and responsive information.

**Protective Orders and Confidentiality:** Pope reserves the right to seek a protective order under Federal Rule of Civil Procedure 26(c) and relevant provisions of Texas law, including Tex. Fin. Code Ch. 59, to limit the disclosure of sensitive and proprietary information in response to Interrogatory. Disclosure of detailed information about transfers involving $10,000 or more could harm competitive positions, breach contractual obligations, or compromise confidential business relationships protected under federal and state laws. Therefore, Pope emphasizes its obligation to protect such information from disclosure absent a clear and compelling showing of relevance and necessity under applicable legal standards.

Based on these objections, Pope will provide information concerning transfers involving $10,000 or more during the Relevant Period, the meaning of which is objected by Pope, to the extent such information is within its possession, custody, or control and is consistent with the objectives and requirements of the litigation. Pope will strive to ensure that any disclosures are compliant with its legal obligations. However, Pope may not have access to comprehensive records or may lack awareness of all transfers made during the Relevant Period, and will provide information to the extent such information is known or reasonably obtainable. Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to Pope and the period of time for which Pope has been requested to produce documents and information in the Brazilian Insolvency Proceeding. This search will take some time and Pope will notify you when/if he has located any

such documents.

Dated: June 27, 2024

**Kenneth Steven Pope**

*/s/ Kenneth Steven Pope*

# Exhibit E

| From: | Ellis, Justin |
|---|---|
| Sent: | Friday, June 28, 2024 10:19 AM |
| To: | Ken Pope; Dayton, Lauren |
| Cc: | pattytomasco@quinnemanuel.com; joannacaytas@quinnemanuel.com; razmigizakelian@quinnemanuel.com; alainjaquet@quinnemanuel.com; mkleinsasser@winstead.com; mheld@jw.com; alozano@jw.com; mcavenaugh@jw.com; francisco.vazquez@nortonrosefulbright.com; toby.gerber@nortonrosefulbright.com; jason.blanchard@nortonrosefulbright.com; Gabriela Menna Barreto Scanlon; Bankler, Chris; Vinícius Macedo Teixeira; Chow, Anden; Martinez, Catherine; Jason S. Brookner |
| Subject: | RE: SERVICE - South Rock Capital Ltda. Case No. 24-90398 |

All,

Thanks for your time just now.  To recap:

- The foreign representative and Mr. Pope will both substantially complete their discovery responses by July 3.

- In response to our RFP no. 2, the foreign representative will be producing documents related to all Debtor entries.

- For RFP nos. 4-8 to the foreign representative, the foreign representative will confirm today whether it possesses documents on Mr. Pope's finances which it has not already been produced in the Brazilian bankruptcy proceeding.  Likewise, for RFP no. 9, the foreign representative will confirm today whether it has copies of Mr. Pope's tax returns.

- Mr. Pope represented he is in Sao Paulo between now and the hearing date and will not be available for an in person deposition.  We reserve the right seek an in-person deposition on July 12 in Houston.

- We understand that Mr. Pope will produce documents in response to our RFP nos. 4-8, 9, 10, and 12-14.  For RFP no. 10, Mr. Pope is checking with his accountants today to see whether they will assert any applicable privilege.  For RFP no. 11, Mr. Pope is checking whether there are additional insurance policies beyond those already produced.

- Mr. Pope will email today about accepting service for subpoenas directed to certain Pope entities.  He is also contacting his parents to see whether they will informally accept service for the subpoena directed to them in their capacity as trustees of the family trust.

- For RFP nos. 15-17 to Mr. Pope, we understand we're at an impasse over the foreign representative's privilege objections.  The foreign representative takes the position its privilege claim is governed by federal common law.

- For the protective order, we understand we're at an impasse over whether documents produced in this case could be used in other litigation.  We suggest that the parties email Judge Lopez's case manager, submit the competing versions of the order, and ask for a conference to discuss.  We can

send that email today.  We can also use that email to alert the judge that the dispute over privilege issues is coming via motion practice.

Thanks,

Justin


Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10022
(212) 607 8159
jellis@mololamken.com

# Exhibit F

| | |
|---|---|
| **From:** | Ken Pope <ken.pope@southrockcapital.com> |
| **Sent:** | Friday, July 5, 2024 11:10 AM |
| **To:** | Ellis, Justin; Alain Jaquet; Dayton, Lauren |
| **Cc:** | Patty Tomasco; Joanna Caytas; Razmig Izakelian; mkleinsasser@winstead.com; mheld@jw.com; alozano@jw.com; mcavenaugh@jw.com; francisco.vazquez@nortonrosefulbright.com; toby.gerber@nortonrosefulbright.com; jason.blanchard@nortonrosefulbright.com; Gabriela Menna Barreto Scanlon; Bankler, Chris; Vinícius Macedo Teixeira; Chow, Anden; Martinez, Catherine; Jason S. Brookner |
| **Subject:** | RE: SERVICE - South Rock Capital Ltda. Case No. 24-90398 |
| **Attachments:** | Stipulation between SouthRock and Ativos (revised for filing) (Amended Pope) (15063827_2).docx |

Justin,
Thanks for your email. Find attached the updated protective order with my signature included. Please confirm it is your understanding that Ativos/receiving parties are bound by the interim protective order also in connection with my production. If you are in agreement with this form and it is filed today, I will send responses to the RFP and Interrogatories over the weekend through Monday so you have my answers prior to depositions.

Thanks,
Ken

---

**From:** Ellis, Justin <JEllis@mololamken.com>
**Sent:** Friday, July 5, 2024 12:05 PM
**To:** Ken Pope <ken.pope@southrockcapital.com>; Alain Jaquet <alainjaquet@quinnemanuel.com>; Dayton, Lauren <ldayton@mololamken.com>
**Cc:** Patty Tomasco <pattytomasco@quinnemanuel.com>; Joanna Caytas <joannacaytas@quinnemanuel.com>; Razmig Izakelian <razmigizakelian@quinnemanuel.com>; mkleinsasser@winstead.com; mheld@jw.com; alozano@jw.com; mcavenaugh@jw.com; francisco.vazquez@nortonrosefulbright.com; toby.gerber@nortonrosefulbright.com; jason.blanchard@nortonrosefulbright.com; Gabriela Menna Barreto Scanlon <gabriela@mbscanlon.com>; Bankler, Chris <cbankler@jw.com>; Vinícius Macedo Teixeira <vteixeira@warde.com.br>; Chow, Anden <AChow@mololamken.com>; Martinez, Catherine <cmartinez@mololamken.com>; Jason S. Brookner <jbrookner@grayreed.com>
**Subject:** RE: SERVICE - South Rock Capital Ltda. Case No. 24-90398

Mr. Pope,

The protective order has nothing to do with your failure to answer the questions we raised more than a week ago.  Also, you did not claim the need to produce documents subject to the protective order until today.  That being said, if you agree to the same form of interim protective order we will file it with your e-signature today.  When will you produce documents and answer our interrogatories?

Justin

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10022

(212) 607 8159
jellis@mololamken.com

---

**From:** Ken Pope <ken.pope@southrockcapital.com>
**Sent:** Friday, July 5, 2024 10:55 AM
**To:** Ellis, Justin <JEllis@mololamken.com>; Alain Jaquet <alainjaquet@quinnemanuel.com>; Dayton, Lauren <ldayton@mololamken.com>
**Cc:** Patty Tomasco <pattytomasco@quinnemanuel.com>; Joanna Caytas <joannacaytas@quinnemanuel.com>; Razmig Izakelian <razmigizakelian@quinnemanuel.com>; mkleinsasser@winstead.com; mheld@jw.com; alozano@jw.com; mcavenaugh@jw.com; francisco.vazquez@nortonrosefulbright.com; toby.gerber@nortonrosefulbright.com; jason.blanchard@nortonrosefulbright.com; Gabriela Menna Barreto Scanlon <gabriela@mbscanlon.com>; Bankler, Chris <cbankler@jw.com>; Vinícius Macedo Teixeira <vteixeira@warde.com.br>; Chow, Anden <AChow@mololamken.com>; Martinez, Catherine <cmartinez@mololamken.com>; Jason S. Brookner <jbrookner@grayreed.com>
**Subject:** RE: SERVICE - South Rock Capital Ltda. Case No. 24-90398

Justin,
Good morning. I was not in the signature line on the interim protective order that was agreed upon between other parties over the last day or two. Prior to my responses being sent, I understand that we should sign the same order with my signature included as I understand that the Ativos/receiving parties are bound by the interim protective order also in connection with my production. Please confirm this is your understanding as well.

Thanks,
Ken

# Exhibit G

| | |
|---|---|
| **From:** | Ken Pope <ken.pope@southrockcapital.com> |
| **Sent:** | Friday, July 5, 2024 11:18 AM |
| **To:** | Ellis, Justin; Alain Jaquet; Dayton, Lauren |
| **Cc:** | Patty Tomasco; Joanna Caytas; Razmig Izakelian; mkleinsasser@winstead.com; mheld@jw.com; alozano@jw.com; mcavenaugh@jw.com; francisco.vazquez@nortonrosefulbright.com; toby.gerber@nortonrosefulbright.com; jason.blanchard@nortonrosefulbright.com; Gabriela Menna Barreto Scanlon; Bankler, Chris; Vinícius Macedo Teixeira; Chow, Anden; Martinez, Catherine; Jason S. Brookner |
| **Subject:** | RE: SERVICE - South Rock Capital Ltda. Case No. 24-90398 |

Regarding your previous questions:

- whether Mr. Pope will produce documents relating to his accountants for RFP no. 10;
  - still waiting on response from accountants.

- whether there are any additional insurance policies to be produced in response to RFP no. 11;
  - just the D&O that I recall.

- whether Mr. Pope will accept service on behalf of the Pope-affiliated entities we identified; and
  - I am not authorized to accept service of some of the entities you are attempting to define at Pope-affiliated entities. The entities I can accept service on are:
    - Glenwood Holdings, LLC;
    - SouthStone Capital, LLC; GoSouth Investments, LLC;  (these are the same entity).

- whether Mr. Pope's parents will accept service of a subpoena directed to them in their capacity as trustees of the family trust.
  - See answer above.

# Exhibit H

| | |
|---|---|
| **From:** | Ken Pope <ken.pope@southrockcapital.com> |
| **Sent:** | Sunday, July 7, 2024 6:21 PM |
| **To:** | Ellis, Justin |
| **Cc:** | Dayton, Lauren |
| **Subject:** | RE: Pope RFPs and Interogatories |

This production covers SouthStone (formerly named GoSouth).
There is nothing to produce for Glenwood Holdings as it is a inactive entity.

---

**From:** Ellis, Justin <JEllis@mololamken.com>
**Sent:** Sunday, July 7, 2024 7:16 PM
**To:** Ken Pope <ken.pope@southrockcapital.com>
**Cc:** Dayton, Lauren <ldayton@mololamken.com>
**Subject:** RE: Pope RFPs and Interogatories

Mr. Pope,

To clarify, for the other Pope entities for which you've accepted service, do you have any remaining documents to produce, or does this production cover both you personally and those entities?

Justin

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10022
(212) 607 8159
jellis@mololamken.com

---

**From:** Ken Pope <ken.pope@southrockcapital.com>
**Sent:** Sunday, July 7, 2024 6:14 PM
**To:** Ellis, Justin <JEllis@mololamken.com>
**Cc:** Dayton, Lauren <ldayton@mololamken.com>
**Subject:** Re: Pope RFPs and Interogatories

The password is
"██████████████████"

On 7 Jul 2024, at 18:42, Ken Pope <ken.pope@southrockcapital.com> wrote:

Justin,
I am sharing with you a link in a separate email that will come from Dropbox for you to access my objections, responses and production of the Ativos Interrogatories and RFPs. Let me know if you have any trouble accessing the folder.

1

Best,
Ken Pope

# SouthRock.

This e-mail may contain attorney work product, privileged and/or confidential information. It is intended to be subject to the Attorney Client privilege. It is intended only for the original recipients, and no other person is authorized to receive it. Please do not copy or forward this e-mail without the consent of the author. If you have received this e-mail in error please delete it immediately from your system and contact the author. Molo Lamken LLP is a limited liability partnership formed under the laws of New York and the liability of its partners is limited accordingly. The names Molo Lamken and MoloLamken shall refer to Molo Lamken LLP.

This email has been scanned for viruses and malware.

⚠️ **ATENÇÃO:** Este e-mail foi encaminhado por um remetente externo à SouthRock. Verifique se a fonte remetente é confiável antes de abrir arquivos ou selecionar links.

Segurança é um direito de todos e responsabilidade de cada um.

# Exhibit I

## IN THE UNITED STATES BANKRUPTCY COURT FOR

## THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

|  | § |  |
|---|---|---|
| In re: | § | Case No. 24-90398 (CML) |
|  | § |  |
| SouthRock Capital Ltda., *et al.*[1] | § | Chapter 15 |
|  | § |  |
|  | § |  |
| Debtors in Foreign Proceeding. | § | (Jointly Administered) |
|  | § |  |

## POPE'S RESPONSES AND OBJECTIONS TO

## <u>ATIVOS FUNDS' INTERROGATORIES TO KENNETH STEVEN POPE</u>

Kenneth Steven Pope ("POPE") , responds as follows to the *Ativos Funds' Interrogatories To Kenneth Steven Pope* (the "Interrogatories") issued by Gray Reed and MoloLamken LLP on behalf of Ativos Especiais II - Fundo de Investimento em Direitos Creditórios - NP and Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP (collectively, the "Ativos Funds") and served on June 20, 2024 in the above-captioned case (the "Chapter 15 Case").

1.      The Request Interrogatories (a) was served on Pope on June 20, 2024, at 11:14 p.m. ET, through an email to the Pope; (b) commands a response to Gray Reed and MoloLamken LLP by June 27, 2024; and (c) was signed by a Grey Reed attorney on June 20, 2024.  As of the date herein, this the only request for Interrogatories that has been

served on Pope. Thus, these Objections relate to this Interrogatories.

## <u>OBJECTIONS TO THE DEFINITIONS</u>

2.      Pope objects to the definition of "Communication" to the extent it seeks attorney-client privileged communications or attorney work product.

3.      Pope objects to the definition of "Custody Action" to the extent it seeks attorney-client privileged communications, attorney work product. Pope objects to this request on the ground that the Court has sealed the record and made it subject to protection related to the best interests of the two minor children.

4.      Pope objects to the definition of "Document" to the extent it exceeds the scope of the Federal Rules of Bankruptcy Procedure, Federal Rules of Civil Procedure, and Federal Rules of Evidence. Pope further object to the term to the extent that it includes attorney-client privileged communications or attorney work product.

5.      Pope objects to the definition of "Identify" Pope objects to the definition and use of "Identify" in this interrogatory instruction on the following grounds:

**Overly Broad and Unduly Burdensome:** The instruction requires an extensive amount of detail for identifying individuals, entities, documents, and communications, which imposes an unreasonable burden on Pope. The requirement to provide exhaustive information, such as the last known address and business affiliation of individuals, and detailed information about entities and documents, is overly broad and not proportional to the needs of the case.

**Relevance:** The instruction demands information that may not be relevant to the claims or defenses in this litigation. For example, requiring detailed information about all

directors, officers, employees, and professionals associated with an entity, as well as extensive document details, may encompass irrelevant or tangential information.

**Privacy and Confidentiality:** The instruction potentially infringes on privacy and confidentiality rights by requiring disclosure of personal and sensitive information about individuals, including their last known addresses and business affiliations, as well as confidential business information about entities and documents.

**Privilege:** The requirement to identify documents and communications that constitute legal opinion or legal advice, including the basis for any claim of privilege and detailed subject matter descriptions, risks disclosing privileged and protected information. This is particularly problematic as it may inadvertently waive privilege.

**Duplicative and Cumulative:** The level of detail required is duplicative and cumulative, as much of the information may be available through other discovery methods or already in the possession of the requesting party. This instruction creates unnecessary redundancy.

Based on the above objections, Pope will limit its responses to information that is within its possession, custody, or control and that is relevant and necessary for the resolution of the issues in this litigation, as required by the applicable rules of civil procedure. Furthermore, Pope will assert appropriate privileges where applicable and will not disclose information that is protected by privilege or is otherwise confidential.

6.     Pope objects to the definition of "Interest" because it is vague and ambiguous, lacking clarity within the context of the discovery request. Without a precise definition provided, there is substantial uncertainty regarding the scope and nature of information sought. This ambiguity hinders Pope's ability to understand and appropriately respond to the request in

accordance with the Federal Rules of Civil Procedure. Pope requests that any request for definition be clarified or narrowed to specify a precise definition of "Interest" that aligns with the legal and factual circumstances of this case. Without a clear and uniform definition, Pope cannot reasonably determine the scope of information sought or provide accurate and responsive answers as required under the rules governing discovery. Pope reserves the right to supplement its response pending a clarified definition of "Interest" that provides sufficient clarity and specificity to facilitate compliant and accurate disclosure.

7.      Pope objects to the to the definition of "Pope Accounts" on the following grounds:

**Overly Broad and Unduly Burdensome:** The instruction requires the identification and disclosure of all accounts held at multiple financial institutions by Pope, the Pope Entities, or any person affiliated with Pope. This broad scope imposes an unreasonable burden on Pope to locate and produce information from a wide range of accounts, many of which may not be relevant to the issues in this litigation.

**Relevance:** The instruction seeks information about accounts that may not be pertinent to the claims or defenses in this case or are duplicative of other discovery requests made by Ativos in other actions. The requirement to identify accounts held by Pope, affiliated entities, or individuals at several financial institutions extends beyond what is necessary to resolve the matters at issue in this litigation.

**Privacy and Confidentiality:** The instruction requires the disclosure of sensitive financial information, which may violate privacy and confidentiality rights. The identification and disclosure of account numbers and details for various financial accounts could lead to unnecessary exposure of private financial data.

**Ambiguity:** The term "any Person affiliated with You" is vague and undefined, leading to potential confusion and uncertainty regarding which individuals or entities

are included. This ambiguity further complicates Pope's ability to comply with the instruction accurately and comprehensively.

**Duplicative and Cumulative:** The instruction may be duplicative and cumulative, as it encompasses accounts that may already have been identified or disclosed through other means of discovery. Requiring Pope to repeatedly disclose the same information is unnecessary and burdensome.

Based on these objections, Pope will limit his responses to providing information about accounts that are within its possession, custody, or control and that are directly relevant to the claims and defenses in this litigation, as required by the applicable rules of civil procedure. Pope will also take appropriate measures to protect privileged and confidential information to the extent it refers to and incorporates defined terms like "Pope Entities," "You," and "any Person affiliated with Pope," which makes the definition of "Pope Accounts" vague, ambiguous, and overly broad.

8.     Pope objects to the to the definition of "Pope Entities" to the extent it includes "any Person affiliated with Pope," which makes the definition of "Pope Entities" vague, ambiguous, and overly broad, and it seeks documents that are not within Pope's possession, custody, or control.

9.     Pope objects to the definition of "Relevant Period" as it is overly broad and it exceeds the relevant period for which Pope and or the Debtors have been requested to produce documents and information in the Brazilian insolvency proceeding pending before the 1st Bankruptcy Court of the Central Forum of São Paulo, Brazil, under case number "1153819-28.2023.8.26.0100" (the "Brazilian Insolvency Proceeding").

10.     Pope objects to the definition of "You" and "Yours" as it is vague and ambiguous and overly broad, it seeks documents that are not within Pope's possession, custody, or control, and to the extent that it seeks privileged or otherwise protected documents.

### OBJECTIONS TO THE INSTRUCTIONS

11.     Pope objects to all Instructions to the extent they seek to impose any burden on Pope greater than those encompassed by the relevant rules.

12.     Pope objects to instruction n. 1 on the following grounds:

**Overly Broad and Unduly Burdensome**: The instruction requires Pope to divulge all information known or available, including information in the possession, custody, or control of a wide range of individuals and entities, such as owners, officers, attorneys, auditors, agents, employees, or other representatives. This scope is excessively broad and imposes an undue burden on Pope to collect and produce information from numerous sources, many of whom may not have relevant information.

**Relevance:** The instruction seeks information that may not be relevant to the claims or defenses in this litigation. The expansive nature of the instruction encompasses individuals and entities that may not have any connection to the matters at issue, resulting in the potential collection and production of irrelevant information.

**Privilege:** The instruction demands the disclosure of information that may be protected by attorney-client privilege, attorney work product doctrine, or other applicable privileges. Requiring Pope to identify and disclose information from attorneys and other privileged sources risks waiving these protections and disclosing privileged communications.

**Confidentiality and Privacy:** The instruction potentially infringes on the confidentiality and privacy rights of individuals and entities by requiring the disclosure of sensitive and private information. This is particularly concerning when it involves the personal information of owners, officers, employees, and other representatives.

**Ambiguity:** The instruction is ambiguous and unclear regarding the specific types of information and documents that must be disclosed. Terms such as "all information" and "any other tangible thing or material" are vague and open to broad interpretation, making it difficult for Pope to determine the precise scope of the required disclosure.

Therefore, Pope objects to this instruction as overly broad, unduly burdensome, and seeking privileged and protected information. Pope will limit its responses to information that is within its possession, custody, or control and that is relevant to the claims and defenses in this litigation, as required by the applicable rules of civil procedure. Additionally, Pope will assert appropriate privileges and take measures to protect confidential and private information. Where Pope agrees to search for documents, unless otherwise specified or agreed, Pope will agree only to conduct a reasonable search. Where Pope agrees to produce reasonably accessible documents, Pope will do so, to the extent such documents exist, as soon as practicable and, in any case, not prior to July 3, 2024.

13. Pope objects to instruction n. 1 as it seeks to unilaterally impose the Ativos Funds' preferred format for the document production, which is unreasonable, oppressive, unduly burdensome, and disproportionate to the needs of this case. If any, Pope will produce

Communications and Documents in the format that is less burdensome to him.

14.      Pope objects to instruction n. 1 to the extent it seeks to impose any burden on Pope greater than those encompassed by the relevant rules.

15.      Pope objects to instruction n. 2 on the following grounds:

**Ambiguity and Lack of Clarity:** The instruction is vague and lacks clarity regarding the standard for determining when an interrogatory cannot be answered completely. Terms such as "to the extent possible" and "reasons for Your refusal or inability to answer more fully" are not sufficiently specific, creating uncertainty and potential for differing interpretations.

**Overly Burdensome:** The instruction imposes an undue burden on Pope by requiring detailed explanations for any refusal or inability to answer fully. This requirement is excessively burdensome, particularly when Pope's inability to answer completely may be due to factors outside its control, such as lack of access to information held by third parties.

**Irrelevant Information:** The requirement to provide detailed reasons for any refusal or inability to answer fully may result in the disclosure of information that is irrelevant to the claims or defenses in this litigation. Such detailed explanations may encompass information that has no bearing on the substantive issues in the case.

**Privileged and Confidential Information:** The instruction may require Pope to disclose privileged or confidential information in explaining why it cannot answer an interrogatory fully. This could inadvertently result in the waiver of privilege or the disclosure of sensitive information that should remain protected.

Based on the above objections, Pope will comply with the requirements of Fed. R. Civ. P. 33(b)(4) by answering interrogatories to the extent possible and providing appropriate explanations for any inability to answer fully. However, Pope reserves the right to assert applicable privileges and to limit responses to avoid undue burden, irrelevant disclosures, and the release of privileged or confidential information. Where Pope agrees to produce reasonably accessible documents, Pope will do so, to the extent such documents exist, as soon as practicable and, in any case, not prior to July 3, 2024.

16.     Pope objects to instruction n. 2 to the extent it seeks to impose any burden on Pope greater than those encompassed by the relevant rules.

17.     Pope objects to instruction n. 3 on the following grounds:

**Ambiguity and Lack of Specificity:** The instruction is vague and lacks specificity regarding the scope and timing of the required supplemental answers. It does not provide clear guidelines on what constitutes "any information within the scope of these Interrogatories" or specify the timeframe within which such supplemental answers must be provided.

**Overly Burdensome and Unduly Onerous:** The instruction imposes an ongoing obligation on Pope to continuously monitor and supplement its responses to the interrogatories based on any new information acquired by a wide range of individuals and entities, including members, officers, attorneys, auditors, agents, employees, or other representatives. This requirement is overly burdensome and places a significant administrative burden on Pope.

**Relevance and Proportionality:** The instruction may require the disclosure of

information that is not relevant to the claims or defenses in this litigation. Requiring ongoing updates based on information acquired by various individuals and entities, without a clear connection to the issues in the case, is disproportionate and may lead to the disclosure of irrelevant information.

**Privilege and Confidentiality Concerns:** The instruction may inadvertently require the disclosure of privileged or confidential information acquired after the original answers were provided. This could potentially waive privileges or violate confidentiality protections, especially if the information acquired pertains to legal strategy, ongoing investigations, or sensitive business operations.

**Burden of Compliance:** Compliance with the ongoing nature of this instruction could disrupt normal business operations and legal activities by requiring constant monitoring and reporting of new information. This burden is unreasonable and may interfere with Pope's ability to focus on preparing its case effectively as well as focusing on the ongoing fair and equitable restructuring of the business in Brazil.

Based on these objections, Pope will provide supplemental answers to the interrogatories as required by the rules of civil procedure but will do so in a manner that is proportional, relevant, and consistent with applicable privileges and confidentiality protections. Pope will not undertake an indefinite obligation to update its responses based on information acquired by third parties or entities not directly involved in the litigation without a clear and specific request for such supplementation.

18.   Pope objects to instruction n. 3 to the extent it seeks to impose any burden on Pope

greater than those encompassed by the relevant rules. Where Pope agrees to produce reasonably accessible documents, Pope will do so, to the extent such documents exist, as soon as practicable and, in any case, not prior to July 3, 2024.

19.     Pope objects to instruction n. 4 on the following grounds:

**Privilege and Confidentiality:** The instruction requires the disclosure of detailed information concerning claims of privilege or exemption, including the nature of the privilege or exemption claimed, the substance of withheld information, names of individuals involved, and the extent to which the information may be provided subject to the privilege or exemption. This requirement could compel Pope to disclose privileged or confidential information, thereby waiving or compromising the protections afforded under applicable legal privileges, such as attorney-client privilege or work product doctrine.

**Burden and Intrusiveness:** The instruction imposes an undue burden on Pope by requiring extensive and specific disclosures related to claims of privilege or exemption. This requirement is overly intrusive and onerous, particularly considering that assertions of privilege or exemption are designed to protect sensitive information from disclosure.

**Relevance and Proportionality:** Requiring Pope to disclose the nature of privileged or exempted information, along with names and details of communications, extends beyond what is necessary or relevant to the litigation. Such disclosures may not be proportional to the issues at hand and could potentially lead to the unnecessary disclosure of irrelevant or confidential information.

**Legal Protections:** The instruction fails to adequately recognize and protect the

11

Pope's rights to assert legal privileges and exemptions. Requiring detailed disclosures about privileged communications or exempted information could undermine these important legal protections and hinder Pope's ability to defend its interests effectively.

**Ambiguity and Unclear Standards:** The instruction lacks clarity regarding the standard for asserting privilege or exemption claims and the specific information required in response. Terms such as "general nature of the matter withheld" and "extent to which the information will be provided subject to the privilege/exemption" are vague and open to broad interpretation, potentially leading to confusion and inconsistent responses.

Based on these objections, Pope will assert privilege or exemption claims as necessary and will provide the required information to the extent consistent with applicable rules of civil procedure and legal protections. However, Pope will not disclose privileged or confidential information beyond what is required by law and will take appropriate measures to protect such information from disclosure. Where Pope agrees to produce reasonably accessible documents, Pope will do so, to the extent such documents exist, as soon as practicable and, in any case, not prior to July 3, 2024.

20.     Pope objects to instruction n. 4 to the extent it seeks to impose any burden on Pope greater than those encompassed by the relevant rules.

## <u>GENERAL OBJECTIONS</u>

21.     Pope responds to the Interrogatories, including the definitions and instructions referenced therein, subject to the General Objections set forth below. Each General Objection is

incorporated into each specific Response and Objection ("Objection") set forth below. Failure to refer to a General Objection in a specific Response or Objection should not be construed as a waiver of any General Objection.

22.     Pope objects to the to the Interrogatories on the grounds and to the extent that it purports to require Pope to produce information that is protected from disclosure by the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, or any other applicable privilege or immunity under federal, state, or foreign statutory, constitutional, or common law (collectively, "Privilege[d]"). To the extent Pope responds below that Pope will produce responsive documents, this shall not include Privileged documents. Pope responds to the Interrogatories without waiving or intending to waive, but rather preserving and intending to preserve, any applicable Privilege or immunity. Any inadvertent production of any Privileged documents shall not be deemed or construed to constitute a waiver of the attorney-client privilege, the joint defense or common interest privilege, the attorney work product doctrine, or any other applicable privilege or immunity under federal, state, or foreign statutory, constitutional, or common law. Pope reserves the right to request the return of any Privileged document that is inadvertently produced.

23.     Pope objects to the Interrogatories on the grounds and to the extent it is vague and ambiguous, seeks information that is not relevant, is not reasonably calculated to lead to the discovery of evidence admissible in the case, is overly broad, unduly burdensome, not proportional to the needs of the case, redundant, harassing or oppressive, or seeks information available from a more convenient source, and is otherwise beyond the scope of permissible discovery in the case.

24.     Pope objects to the Interrogatories on the grounds and to the extent it seeks "all" documents and/or "all communications" related to certain topics, as overly broad and unduly burdensome and not appropriately tailored to the needs of the case, including insofar as it seeks

documents and/or communications unrelated to any matter at issue in this case.

25.     Pope objects to the Interrogatories on the grounds and to the extent it improperly attempts to expand, alter, or modify the scope of permissible discovery under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the United States Bankruptcy Court for the Southern District of Texas Bankruptcy Local Rules, or any other applicable law or rule. Subject to and without waiver of any General or Specific Objections, Pope will construe the Interrogatories consistently with the applicable rules.

26.     Pope objects to the Interrogatories on the grounds and to the extent it seeks information outside of Pope's possession, custody, or control. Pope further objects to the Interrogatories to the extent it seeks production of documents already in the Ativos Funds' possession or to which the Ativos Funds have equal or greater access, including because their documents that Pope and or the Debtors have already produced and are part of the case file of the Brazilian Insolvency Proceeding and or related Proceedings that are publicly available.

27.     Pope objects to the Interrogatories on the grounds and to the extent it exceeds the scope of the discovery authorized under paragraph 6 of the *Stipulation and Order Granting Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, and 362* (Dkt. No. 38) (the "Provisional Relief Order").

28.     Pope objects to the Interrogatories on the grounds and to the extent it seeks documents and/or communications containing confidential commercial, business, financial, governmental, proprietary, or competitively sensitive information, or documents and/or communications that are subject to non-disclosure agreements or confidentiality undertakings. Further, Pope reserves the right to seek the entry of an appropriate Protective Order to preserve and/or authorize the maintain of the confidentiality (including any attorneys' eyes-only designation) of such documents and/or communications.

29.    Pope reserves all rights to identify additional facts or information that could lead to additions to, changes in, or variations from these Objections and Responses.  Consequently, Pope reserves the right to:  (a) revise, correct, supplement, amend, modify, or clarify their responses as additional information is discovered in accordance with the applicable rules; (b) provide additional responsive information; (c) modify their objections on grounds including, but not limited to, relevance, undue burden, privilege, and/or proportionality; (d) object to further discovery in this case; (e) rely upon any information provided in this case, including, without limitation, in any hearing, proceeding, or trial in this case; and (f) challenge the authenticity or admissibility of any information in any hearing, proceeding, or trial.

30.    Any response below to the Interrogatories indicating that Pope will produce responsive documents shall not be construed as an admission that such responsive documents exist.  Rather such a response means solely that, subject to the Objections, Pope will make a reasonable search for responsive documents limited to the period of time (from January 1, 2022 to December 31, 2023) for which Pope have been requested to produce documents and information in the Brazilian Insolvency Proceeding and, if any, Pope will produce responsive, non-Privileged documents identified in that search.

31.    By responding to the Interrogatories, Pope does not admit to the Ativos Funds' characterization of any documents, facts, theories, or conclusions, nor does Pope admit that the information provided in response to the Request for Production reflects any fact, characterization, or conclusion.  Nothing contained in any Response herein shall be deemed to be an admission, concession, or waiver by Pope as to the relevance, materiality, or admissibility of any information or subject matter.

32.    Pope objects to the Interrogatories to the extent it seeks production of documents and/or communications without paying the costs of such production.

15

33.     Pope objects to the Interrogatories because it commands a production by June 27, 2024, which is unreasonable and unduly burdensome.

34.     Pope responds to the Interrogatories without waiving or intending to waive, but rather preserving and intending to preserve, their right to object to any other discovery request, including without limitation, any request for the production of documents.


## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY REQUEST NO. 1:**
Identify all U.S. Persons in which You or the Pope Entities had any Interest, directly or indirectly, during the Relevant Period, and as to each Person, identify: (a) Your share or Interest (including in dollars); (b) the place of incorporation or formation; (c) all directors, officers, and employees; (d) the agent for service of process; (e) professionals that provided legal, tax, accounting, or other similar professional services for that Person during the Relevant Period.


**RESPONSE TO INTERROGATOR**Y REQUEST NO. 1:

35.     In addition to the Objections to the Definitions, the Objections to the Instructions, and the General Objections set forth above, Pope objects to this Request on the grounds that it is vague, overly broad, and burdensome as it seeks the production of "[a]ll Documents." Further, Pope objects to this Request on the grounds that is vague, ambiguous and overly broad as it refers to the terms "Your" and "Relevant Period," the meaning of which is objected to by Pope. In addition, Pope objects to this Request to the extent it seeks documents that are not within Pope's possession, custody, or control, and to the extent that it seeks privileged or otherwise protected documents.

36.     Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to Pope and the period of time for which Pope has been requested to produce documents and information in the

Brazilian Insolvency Proceeding. This search will take some time and Pope will notify you when/if he has located any such documents.

37.     Pope Objects to Interrogatory no. 1 on the following grounds:

**Overbreadth and Burden:** Pope objects to Interrogatory no. 1 as overly broad and unduly burdensome pursuant to Federal Rule of Civil Procedure 33. The interrogatory seeks disclosure of all U.S. Persons in which Pope or the Pope Entities had any direct or indirect interest during the Relevant Period, the meaning of which is objected to by Pope, without defining the scope or relevance of such entities to the claims or defenses in this litigation. The request encompasses a wide range of entities, potentially extending beyond those reasonably related to the subject matter of this case.

**Privacy and Confidentiality:** The interrogatory no. 1 demands detailed information concerning entities in which Pope or the Pope Entities held interests, including financial details, personnel information, and details of professional services utilized. Disclosure of such sensitive and proprietary information may violate privacy rights and compromise confidential business relationships. Moreover, the request fails to establish a nexus between the information sought and the issues in dispute, thereby imposing an unwarranted invasion of privacy.

**Relevance and Proportionality:** The scope of Interrogatory no. 1 is disproportionate to the needs of this litigation. The broad request for identification and detailed information about all U.S. Persons in which Pope or the Pope Entities had interests during the Relevant Period, the meaning of which is objected to by Pope, exceeds what is necessary to resolve the issues before the court. Such expansive discovery demands could result in the disclosure of irrelevant

information, adding unnecessary complexity and expense to the litigation process and objects to this Request to the extend it exceeds the scope of the Provisional Relief Order.

**Undue Burden and Expense:** Compliance with the interrogatory would impose significant burdens on Pope, including extensive research, data compilation, and potentially costly efforts to gather and produce information about numerous entities. The time and resources required to fulfill such a broad request are not justified by the likely relevance or materiality of the information sought to the claims or defenses asserted in this case.

**Ambiguity and Lack of Definition:** Terms such as "U.S. Persons," "Interest," and "Relevant Period" are either undefined, objected to and or ambiguous within the context of Interrogatory no. 1. The lack of clarity regarding these key terms hinders Pope's ability to accurately identify and provide responsive information. Without clear definitions, there is a risk of inconsistent interpretations and responses, further complicating the discovery process.

**Protective Orders and Confidentiality:** Pope reserves the right to seek a protective order pursuant to Federal Rule of Civil Procedure 26(c) to limit the disclosure of sensitive and proprietary information in response to Interrogatory no. 1. Disclosure of financial interests, personnel details, and professional services utilized could harm competitive positions, jeopardize confidential business strategies, or breach contractual obligations with third parties. Therefore, Pope asserts its right to protect such information from disclosure absent a clear showing of relevance and necessity under the applicable legal standards.

Based on these objections, Pope will provide information concerning U.S. Persons in which it or the Pope Entities had a direct and material interest during the Relevant Period to the extent such information is within his possession, custody, or control and is proportional to the needs of this litigation. Pope will endeavor to ensure that any disclosures are consistent with its legal obligations and will seek appropriate protective measures to safeguard confidential and proprietary information.

38. Subject to the objections made above, the only direct material interest held by Kenneth Pope, to my knowledge, in my custody or control, is Kenneth Pope's shares (100%) of SouthStone TX LLC which holds approx. 90% of the shares of SouthRock Capital Ltda. which owns various equity stakes in its subsidiary companies in Brazil. Ativos has previous access to the organizational structure of SouthRock Capital Ltda and its subsidiaries.

**INTERROGATORY REQUEST NO. 2:**
Identify all real property or boats or cars worth more than $100,000 in which You or the Pope Entities had any Interest during the Relevant Period.

**RESPONSE TO INTERROGATORY REQUEST NO. 2:**

39. In addition to the Objections to the Definitions, the Objections to the Instructions, and the General Objections set forth above, Pope objects to this Request on the following grounds:

**Overbreadth and Undue Burden:** Pope, pursuant to Chapter 15 of the United States Bankruptcy Code and Federal Rule of Civil Procedure 33, objects to Interrogatory 2 as overly broad and unduly burdensome. The interrogatory requests identification of all real property, boats, or cars valued over $100,000 in which the Pope or the Pope Entities had any interest during the Relevant Period, the meaning of which is objected to by Pope. This expansive request lacks specificity and fails to demonstrate a direct relevance or materiality to the subject matter of the Chapter

19

15 proceedings, thereby imposing an excessive burden on Pope to compile and disclose extensive information.

**Privacy and Confidentiality Concerns**: The interrogatory demands detailed information regarding high-value assets, including specific identification and valuation, which may include sensitive and proprietary financial details. Disclosure of such information poses risks to privacy rights and could jeopardize confidential business relationships or personal security concerns. Moreover, the request does not establish a clear nexus between the assets identified and the issues pertinent to the Chapter 15 proceedings, exacerbating privacy concerns without a corresponding benefit to the case's resolution.

**Relevance and Proportionality:** The scope of Interrogatory 2 exceeds what is necessary or proportionate to the needs of Chapter 15 discovery. Requiring identification and valuation of all real property, boats, or cars worth more than $100,000 without a demonstrated connection to the debtor's estate or the matters at issue risks the disclosure of irrelevant information. Such expansive discovery demands are disproportionate and add unnecessary complexity and expense to the discovery process under Chapter 15.

**Undue Burden and Expense:** Compliance with the interrogatory would impose significant burdens on Pope, including substantial time, resources, and potentially costly efforts to gather and compile information about numerous high-value assets. The broad nature of the request does not justify the extensive effort required to fulfill it, particularly in the absence of a clear showing of relevance or necessity to the Chapter 15 proceedings or the administration of the debtor's estate.

**Ambiguity and Lack of Definition:** The interrogatory lacks clarity regarding key

20

terms such as "Interest," "Relevant Period," ,the meaning of which is objected to by Pope, and specific definitions of "real property," "boats," and "cars." Without precise definitions aligned with Chapter 15 context, there is a risk of inconsistent interpretations and responses, complicating Pope's ability to provide accurate and responsive information pertinent to the bankruptcy proceedings.

**Protective Orders and Confidentiality**: Pope reserves the right to seek a protective order under Federal Rule of Civil Procedure 26(c) and applicable provisions of Chapter 15 to limit the disclosure of sensitive and proprietary information in response to Interrogatory 2. Disclosure of detailed asset information, including specific identification, valuation, and ownership interests, could harm competitive positions, breach contractual obligations, or compromise personal privacy rights of involved parties and stakeholders. Therefore, Pope asserts its right to protect such information from disclosure absent a clear and compelling showing of relevance and necessity under the specific context of Chapter 15 proceedings.

Based on these objections, Pope will provide information concerning real property, boats, or cars valued over $100,000 in which he or the Pope Entities had a direct and material interest during the Relevant Period to the extent such information is within its possession, custody, or control and is consistent with the objectives and requirements of Chapter 15 discovery. Pope will strive to ensure that any disclosures are compliant with its legal obligations and will seek appropriate protective measures to safeguard confidential and proprietary information essential to the administration of the debtor's estate and the resolution of Chapter 15 proceedings. This search will take some time and Pope will notify you when/if he has located any

such real property or boats or cars worth more than $100,000.

40.     Subject to the objections made above and the real property and cars owned by SouthRock Capital Ltda., which Ativos has previous knowledge of, as they are subject to the judicial recovery proceedings in Brazil, the only real property held by Kenneth Pope personally that I can recall is Kenneth Pope's primary residence/homestead located in Sao Paulo Brazil. Kenneth Pope does not personally own any boats or cars.

**INTERROGATORY REQUEST NO. 3**:
Identify all tax preparers and accountants used by You or the Pope Entities during the Relevant Period.

**RESPONSE TO INTERROGATORY REQUEST NO. 3**:

41.     In addition to the Objections to the Definitions, the Objections to the Instructions, and the General Objections set forth above, Pope objects to this Request on the following grounds:

**Overbroad and Unduly Burdensome:** Pope objects to Interrogatory no. 3 as overbroad and unduly burdensome under Federal Rule of Civil Procedure 33. The interrogatory requests identification of all tax preparers and accountants utilized by Pope or the Pope Entities during the Relevant Period. This request lacks specificity and fails to demonstrate a direct relevance or materiality to the issues in dispute, thereby imposing an excessive burden on Pope to compile and disclose extensive information.

**Privacy and Confidentiality Concerns**: The interrogatory demands disclosure of information regarding professional service providers, including tax preparers and accountants, which may include sensitive and proprietary financial details. Disclosure of such information poses risks to privacy rights and could jeopardize confidential business relationships or personal security concerns. Moreover, the

request does not establish a clear nexus between the service providers identified and the issues pertinent to the litigation, exacerbating privacy concerns without a corresponding benefit to the case's resolution.

**Relevance and Proportionality**: The scope of Interrogatory no. 3 exceeds what is necessary or proportionate to the needs of the litigation. Requiring identification of all tax preparers and accountants without a demonstrated connection to the claims or defenses asserted risks the disclosure of irrelevant information. Such expansive discovery demands are disproportionate and add unnecessary complexity and expense to the discovery process.

**Undue Burden and Expense:** Compliance with the interrogatory would impose significant burdens on Pope, including substantial time, resources, and potentially costly efforts to gather and compile information about numerous professional service providers. The broad nature of the request does not justify the extensive effort required to fulfill it, particularly in the absence of a clear showing of relevance or necessity to the claims or defenses in this case.

**Ambiguity and Lack of Definition:** The interrogatory lacks clarity regarding key terms such as "tax preparers" and "accountants," and does not specify the scope of "Relevant Period." the meaning of which is objected to by Pope, without precise definitions aligned with the litigation context, there is a risk of inconsistent interpretations and responses, complicating the Pope's ability to provide accurate and responsive information.

**Protective Orders and Confidentiality:** Pope reserves the right to seek a protective order under Federal Rule of Civil Procedure 26(c) to limit the disclosure of sensitive and proprietary information in response to Interrogatory no. 3.

Disclosure of detailed information about professional service providers, including tax preparers and accountants, could harm competitive positions, breach contractual obligations, or compromise personal privacy rights. Therefore, the Pope asserts its right to protect such information from disclosure absent a clear and compelling showing of relevance and necessity under applicable legal standards.

Further, Pope objects to this Request on the grounds that is vague, ambiguous, and overly broad as it refers to the terms "Your," and "Relevant Period," the meaning of which is objected by Pope. Moreover, Pope objects to this Request to the extent it seeks documents that are not within Pope's possession, custody, or control. Also, Pope objects to this Request to the extend it exceeds the scope of the Provisional Relief Order. Further, Pope objects to this request on the ground that such communications are protected by the accountant-client privilege. Sec. 7525 of the Internal Revenue Code.

Based on these objections, Pope will provide information concerning tax preparers and accountants utilized during the Relevant Period to the extent such information is within its possession, custody, or control and is consistent with the objectives and requirements of the litigation. Pope will strive to ensure that any disclosures are compliant with its legal obligations and will seek appropriate protective measures to safeguard confidential and proprietary information. Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to

Pope and the period of time for which Pope has been requested to produce documents and information in the Brazilian Insolvency Proceeding. This search will take some time and Pope will notify you when/if he has located any such documents.

42.   Subject to my objections above, Madrona Filho Advogados has prepared my personal tax returns in Brazil and KPMG has been the main accounting firm used by SouthRock for its operational subsidiaries. I believe UHY has also produced some financials for SouthRock subsidiaries from time to time.

### INTERROGATORY REQUEST NO. 4:

Identify all trusts of which You or the Pope Entities were a beneficiary during the Relevant Period, and as to each trust, identify: (a) the share (including in dollar value or estimated dollar value) held by You or any Pope Entity that has an Interest in the trust; (b) the trustees and any successor trustees; (c) the place of trust formation; (d) the trust's registered agent for service of process; (e) the type of trust; and (f ) professionals that provided legal, tax, accounting or other similar professional services for that trust during the Relevant Period.

### RESPONSE TO INTERROGATORY REQUEST NO. 4:

43.   In addition to the Objections to the Definitions, the Objections to the Instructions, and the General Objections set forth above, Pope objects to Interrogatory Request on the following grounds:

**Overly Broad and Unduly Burdensome**: Pope objects to Interrogatory 4 as overly broad and unduly burdensome under Federal Rule of Civil Procedure 33. The interrogatory requests identification of all trusts in which Pope or the Pope Entities were beneficiaries during the Relevant Period, the meaning of which is objected by Pope. This request lacks specificity and fails to demonstrate a direct relevance or materiality to the issues in dispute, thereby imposing an excessive burden on Pope to compile and disclose extensive information.

**Privacy and Confidentiality Concerns**: The interrogatory demands disclosure of

information regarding trusts in which Pope or the Pope Entities were beneficiaries, including details such as trust shares, trustees, and professional service providers. Such information may include sensitive and proprietary financial details. Disclosure of such information poses risks to privacy rights and could jeopardize confidential business relationships or personal security concerns. Moreover, the request does not establish a clear nexus between the trusts identified and the issues pertinent to the litigation, exacerbating privacy concerns without a corresponding benefit to the case's resolution.

**Relevance and Proportionality**: The scope of Interrogatory 4 exceeds what is necessary or proportionate to the needs of the litigation. Requiring identification of all trusts without a demonstrated connection to the claims or defenses asserted risks the disclosure of irrelevant information. Such expansive discovery demands are disproportionate and add unnecessary complexity and expense to the discovery process.

**Undue Burden and Expense:** Compliance with the interrogatory would impose significant burdens on Pope, including substantial time, resources, and potentially costly efforts to gather and compile information about numerous trusts. Pope may lack access to comprehensive records or may not be aware of all trusts in which he or the Pope Entities were beneficiaries during the Relevant Period, the meaning of which is objected by Pope. The broad nature of the request does not justify the extensive effort required to fulfill it, particularly in the absence of a clear showing of relevance or necessity to the claims or defenses in this case.

**Ambiguity and Lack of Definition**: The interrogatory lacks clarity regarding key terms such as "beneficiary," "Relevant Period,", the meaning of which is objected by Pope, and specific definitions of "trusts." Without precise definitions aligned with the litigation context, there is a risk of inconsistent interpretations and responses, complicating Pope's

ability to provide accurate and responsive information.

**Protective Orders and Confidentiality:** Pope reserves the right to seek a protective order under Federal Rule of Civil Procedure 26(c) to limit the disclosure of sensitive and proprietary information in response to Interrogatory 4. Disclosure of detailed information about trusts, including beneficiary interests, trustee identities, and professional service providers, could harm competitive positions, breach contractual obligations, or compromise personal privacy rights. Therefore, Pope asserts its right to protect such information from disclosure absent a clear and compelling showing of relevance and necessity under applicable legal standards.

Based on these objections, Pope will provide information concerning trusts in which he or the Pope Entities were beneficiaries during the Relevant Period, the meaning of which is objected by Pope, to the extent such information is within its possession, custody, or control and is consistent with the objectives and requirements of the litigation. Pope will strive to ensure that any disclosures are compliant with its legal obligations. However, Pope may not have access to comprehensive records or may lack awareness of all trusts in which he or the Pope Entities were beneficiaries and will provide information to the extent such information is known or reasonably obtainable. Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to Pope and the period of time for which Pope has been requested to produce documents and information in the Brazilian Insolvency Proceeding. This search will take some time and Pope will notify you when/if he has located any such documents.

44.    Subject to my objections above, I do not have possession or control of any trust documents.

### INTERROGATORY REQUEST NO. 5:

Identify all accounts at financial institutions which You or the Pope Entities held or were the beneficiary of during the Relevant Period, and as to each, identify: (a) the account number; and (b) the legal name and location of the financial institution at which the account was held.

### RESPONSE TO INTERROGATORY REQUEST NO. 5:

45.    In addition to the Objections to the Definitions, the Objections to the Instructions, and the General

Objections set forth above, Pope objects to this Interrogatory Request no. 5 on the following

grounds:

**Overly Broad and Unduly Burdensome:** Pope objects to Interrogatory 5 as overly broad

and unduly burdensome under Federal Rule of Civil Procedure 33. The interrogatory

requests identification of all accounts at financial institutions held by Pope or the Pope

Entities during the Relevant Period, the meaning of  which  is  objected  by Pope,. This

request lacks specificity and fails to demonstrate a direct relevance or materiality to the

issues in dispute, thereby imposing an excessive burden on Pope to compile and disclose

extensive information.

**Privacy and Confidentiality Concerns**: The interrogatory demands disclosure of

information regarding accounts held by Pope or the Pope Entities at financial institutions,

including account numbers and institution names. Such information may include sensitive

and proprietary financial details protected under federal laws such as the Gramm-Leach-

Bliley Act (15 U.S.C. §§ 6801-6809) and Texas state laws governing financial privacy

(Tex. Fin. Code Ch. 59). Disclosure of such information poses risks to privacy rights and

could  jeopardize  confidential  business  relationships  or  personal  security  concerns.

Moreover, the request does not establish a clear nexus between the accounts identified and the issues pertinent to the litigation, exacerbating privacy concerns without a corresponding benefit to the case's resolution.

**Relevance and Proportionality**: The scope of Interrogatory 5 exceeds what is necessary or proportionate to the needs of the litigation. Requiring identification of all accounts without a demonstrated connection to the claims or defenses asserted risks the disclosure of irrelevant information. Such expansive discovery demands are disproportionate and add unnecessary complexity and expense to the discovery process.

**Undue Burden and Expense**: Compliance with the interrogatory would impose significant burdens on Pope, including substantial time, resources, and potentially costly efforts to gather and compile information about numerous financial accounts. Pope may lack access to comprehensive records or may not be aware of all accounts held during the Relevant Period, the meaning of which is objected by Pope. The broad nature of the request does not justify the extensive effort required to fulfill it, particularly in the absence of a clear showing of relevance or necessity to the claims or defenses in this case.

**Ambiguity and Lack of Definition**: The interrogatory lacks clarity regarding key terms such as "account," "beneficiary," "Relevant Period," and specific definitions of "financial institution." Without precise definitions aligned with the litigation context, there is a risk of inconsistent interpretations and responses, complicating Pope's ability to provide accurate and responsive information.

**Protective Orders and Confidentiality**: Pope asserts his right to seek a protective order under Federal Rule of Civil Procedure 26(c) and relevant provisions of Texas law, including Tex. Fin. Code Ch. 59, to limit the disclosure of sensitive and proprietary information in response to Interrogatory 5. Disclosure of detailed information about

financial accounts, including account numbers and institution names, could harm competitive positions, breach contractual obligations, or compromise personal privacy rights protected under federal and state laws. Therefore, Pope emphasizes its obligation to protect such information from disclosure absent a clear and compelling showing of relevance and necessity under applicable legal standards.

Based on these objections, Pope will provide information concerning accounts held at financial institutions during the Relevant Period to the extent such information is within its possession, custody, or control and is consistent with the objectives and requirements of the litigation. Pope will strive to ensure that any disclosures are compliant with its legal obligations. However, Pope may not have access to comprehensive records or may lack awareness of all accounts held during the Relevant Period and will provide information to the extent such information is known or reasonably obtainable. Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to Pope and the period of time for which Pope has been requested to produce documents and information in the Brazilian Insolvency Proceeding. This search will take some time and Pope will notify you when/if he has located any such documents.

46.   Subject to my objections above, the material accounts in the US that Kenneth Pope is a beneficiary have already been listed in this Chapter 15 filing and individual subpoenas were issued by Ativos to the financial institutions, which have been objected to in writing by the Foreign Representative's counsel. It would be duplicative to list them again here when this information is

already known by Ativos who has attempted to attach several of those accounts to their claims in other litigation.

     a. Account No. xxx-xx092-6 at Goldman Sachs & Co. LLC;

     b. Account No. xxx-x203-9 at Goldman Sachs & Co. LLC;

     c. Account No. 3Axxx41 at UBS Financial Services, Inc.; and

     d. Account No. 0xxxxxxxxx5 at Bank of America.


**INTERROGATORY REQUEST NO. 6:**

Identify all brokerage accounts or other investment funds which You or the Pope Entities held or was the beneficiary of during the Relevant Period.


**RESPONSE TO INTERROGATORY REQUEST NO. 6:**

47.    In addition to the Objections to the Definitions, the Objections to the Instructions, and the General

Objections set forth above, Pope objects to this Interrogatory Request no. 6 on the following

grounds:

     **Overly Broad and Unduly Burdensome**: Pope objects to Interrogatory 6 as overly broad

     and unduly burdensome under Federal Rule of Civil Procedure 33. The interrogatory

     requests identification of all brokerage accounts or other investment funds held by Pope

     or the Pope Entities during the Relevant Period, the meaning of which is objected by

     Pope,. This request lacks specificity and fails to demonstrate a direct relevance or

     materiality to the issues in dispute, thereby imposing an excessive burden on Pope to

     compile and disclose extensive information.

     **Privacy and Confidentiality Concerns**: The interrogatory demands disclosure of

     information regarding brokerage accounts or investment funds held by Pope or the Pope

     Entities, which may include sensitive and proprietary financial details protected under

     federal laws such as the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801-6809) and Texas

     state laws governing financial privacy (Tex. Fin. Code Ch. 59). Disclosure of such

information poses risks to privacy rights and could jeopardize confidential business relationships or personal security concerns. Moreover, the request does not establish a clear nexus between the accounts identified and the issues pertinent to the litigation, exacerbating privacy concerns without a corresponding benefit to the case's resolution.

**Relevance and Proportionality:** The scope of Interrogatory 6 exceeds what is necessary or proportionate to the needs of the litigation. Requiring identification of all brokerage accounts or investment funds without a demonstrated connection to the claims or defenses asserted risks the disclosure of irrelevant information. Such expansive discovery demands are disproportionate and add unnecessary complexity and expense to the discovery process.

**Undue Burden and Expense:** Compliance with the interrogatory would impose significant burdens on Pope, including substantial time, resources, and potentially costly efforts to gather and compile information about numerous brokerage accounts or investment funds. Pope may lack access to comprehensive records or may not be aware of all accounts held during the Relevant Period, the meaning of which is objected by Pope,. The broad nature of the request does not justify the extensive effort required to fulfill it, particularly in the absence of a clear showing of relevance or necessity to the claims or defenses in this case.

**Ambiguity and Lack of Definition**: The interrogatory lacks clarity regarding key terms such as "brokerage accounts," "investment funds," "beneficiary," "Relevant Period," and specific definitions aligned with the litigation context. Without precise definitions, there is a risk of inconsistent interpretations and responses, complicating Pope's ability to provide accurate and responsive information.

**Protective Orders and Confidentiality**: Pope reserves the right to seek a protective order

under Federal Rule of Civil Procedure 26(c) and relevant provisions of Texas law, including Tex. Fin. Code Ch. 59, to limit the disclosure of sensitive and proprietary information in response to Interrogatory 6. Disclosure of detailed information about brokerage accounts or investment funds, including account numbers and specific holdings, could harm competitive positions, breach contractual obligations, or compromise personal privacy rights protected under federal and state laws. Therefore, Pope emphasizes its obligation to protect such information from disclosure absent a clear and compelling showing of relevance and necessity under applicable legal standards.

Based on these objections, Pope will provide information concerning brokerage accounts or investment funds held during the Relevant Period to the extent such information is within its possession, custody, or control and is consistent with the objectives and requirements of the litigation. Pope will strive to ensure that any disclosures are compliant with its legal obligations. However, Pope may not have access to comprehensive records or may lack awareness of all accounts held during the Relevant Period, and will provide information to the extent such information is known or reasonably obtainable. Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to Pope and the period of time for which Pope has been requested to produce documents and information in the Brazilian Insolvency Proceeding. This search will take some time and Pope will notify you when/if he has located any such documents.

48.    Subject to my objections above, see same response to Interrogatory Request No. 5.

**INTERROGATORY REQUEST NO. 7:**

Identify any Interest that You or the Pope Entities held during the Relevant Period in any of the following: Laco Management; Management, LLC; Riata Corporate Group, LLC; or any Person affiliated with them.

**RESPONSE TO INTERROGATORY REQUEST NO. 7:**

49.     In addition to the Objections to the Definitions, the Objections to the Instructions, and the General

Objections set forth above, Pope objects to this Interrogatory Request no. 7 on the following

grounds:

**Overly Broad and Unduly Burdensome**: Pope objects to Interrogatory 7 as overly

broad and unduly burdensome under Federal Rule of Civil Procedure 33. The

interrogatory requests identification of any interest held by Pope or the Pope Entities

during the Relevant Period, the meaning of which is objected by Pope, in specific

entities and any persons affiliated with them, namely Laco Management;

Management, LLC; Riata Corporate Group, LLC; or any affiliated persons. This

request lacks specificity and fails to demonstrate a direct relevance or materiality to

the issues in dispute, thereby imposing an excessive burden on Pope to compile and

disclose extensive information.

**Privacy and Confidentiality Concerns:** The interrogatory demands disclosure of

information regarding interests held by Pope or the Pope Entities in specific entities

and their affiliates. Such information may include sensitive and proprietary business

relationships, contractual obligations, or strategic partnerships that are protected

under federal and state laws. Disclosure of such information poses risks to privacy

rights, could harm competitive positions, or compromise confidential business

relationships. Moreover, the request does not establish a clear nexus between the

interests identified and the issues pertinent to the litigation, exacerbating privacy

concerns without a corresponding benefit to the case's resolution.

**Relevance and Proportionality**: The scope of Interrogatory 7 exceeds what is necessary or proportionate to the needs of the litigation. Requiring identification of interests in specific entities and their affiliates without a demonstrated connection to the claims or defenses asserted risks the disclosure of irrelevant information. Such expansive discovery demands are disproportionate and add unnecessary complexity and expense to the discovery process.

**Undue Burden and Expense**: Compliance with the interrogatory would impose significant burdens on Pope, including substantial time, resources, and potentially costly efforts to gather and compile information about interests in specific entities and their affiliates. Pope may lack access to comprehensive records or may not be aware of all interests held during the Relevant Period, the  meaning of  which  is objected  by Pope. The broad nature of the request does not justify the extensive effort required to fulfill it, particularly in the absence of a clear showing of relevance or necessity to the claims or defenses in this case.

**Ambiguity and Lack of Definition:** The interrogatory lacks clarity regarding key terms such as "interest," "affiliated persons," "Relevant Period," and specific definitions aligned with the litigation context. Without precise definitions, there is a risk of inconsistent interpretations and responses, complicating Pope's ability to provide accurate and responsive information.

**Protective Orders and Confidentiality:** Pope reserves the right to seek a protective order under Federal Rule of Civil Procedure 26(c) and relevant provisions of state law to limit the disclosure of sensitive and proprietary information in response to Interrogatory 7. Disclosure of detailed information about interests in specific entities

and their affiliates could harm competitive positions, breach contractual obligations, or compromise confidential business relationships protected under federal and state laws. Therefore, Pope emphasizes its obligation to protect such information from disclosure absent a clear and compelling showing of relevance and necessity under applicable legal standards.

Based on these objections, Pope will provide information concerning interests held during the Relevant Period, the meaning of which is objected by Pope, in specific entities and their affiliates to the extent such information is within its possession, custody, or control and is consistent with the objectives and requirements of the litigation. Pope will strive to ensure that any disclosures are compliant with its legal obligations. However, Pope may not have access to comprehensive records or may lack awareness of all interests held during the Relevant Period, and will provide information to the extent such information is known or reasonably obtainable. Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to Pope and the period of time for which Pope has been requested to produce documents and information in the Brazilian Insolvency Proceeding. This search will take some time and Pope will notify you when/if he has located any such documents.

50.   Subject to my objections above, Kenneth Pope does not hold an interest in Laco Management; Management, LLC; or Riata Corporate Group, LLC.

**INTERROGATORY REQUEST NO. 8:**

Identify any Person who owed You or the Pope Entities a debt equal to or more than $10,000

during the Relevant Period.

**RESPONSE TO INTERROGATORY REQUEST NO. 8:**

51.     In addition to the Objections to the Definitions, the Objections to the Instructions, and the General Objections set forth above, Pope objects to this Interrogatory Request no. 8 on the following grounds:

      **Overly Broad and Unduly Burdensome:** Pope objects to Interrogatory requesting identification of any person who owed debts of $10,000 or more to Pope or the Pope Entities during the Relevant Period, the meaning of which is objected by Pope,. This request lacks specificity and fails to demonstrate direct relevance or materiality to the issues in dispute, thereby imposing an excessive burden on Pope to compile and disclose extensive information.

      **Privacy and Confidentiality Concerns**: The interrogatory demands disclosure of sensitive financial information regarding debts owed to Pope or the Pope Entities. Such information is protected under federal and state laws, including the Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801-6809) and Texas financial privacy statutes (Tex. Fin. Code Ch. 59). Disclosure of such information could jeopardize privacy rights, breach contractual obligations, or harm confidential business relationships. Moreover, the request does not establish a clear nexus between the debts identified and the issues pertinent to the litigation, exacerbating privacy concerns without a corresponding benefit to the case's resolution.

      **Relevance and Proportionality**: The scope of Interrogatory exceeds what is necessary or proportionate to the needs of the litigation. Requiring identification of debtors owing $10,000 or more without a demonstrated connection to the claims or defenses asserted risks the disclosure of irrelevant information. Such expansive

discovery demands are disproportionate and add unnecessary complexity and expense to the discovery process.

**Undue Burden and Expense:** Compliance with the interrogatory would impose significant burdens on Pope, including substantial time, resources, and potentially costly efforts to gather and compile information about debtors. Pope may lack access to comprehensive records or may not be aware of all debts owed during the Relevant Period, the meaning of which is objected by Pope,. The broad nature of the request does not justify the extensive effort required to fulfill it, particularly in the absence of a clear showing of relevance or necessity to the claims or defenses in this case.

**Ambiguity and Lack of Definition:** The interrogatory lacks clarity regarding key terms such as "debt," "Relevant Period," and specific definitions aligned with the litigation context. Without precise definitions, there is a risk of inconsistent interpretations and responses, complicating Pope's ability to provide accurate and responsive information.

**Protective Orders and Confidentiality**: Pope reserves the right to seek a protective order under Federal Rule of Civil Procedure 26(c) and relevant provisions of Texas law, including Tex. Fin. Code Ch. 59, to limit the disclosure of sensitive and proprietary information in response to Interrogatory. Disclosure of detailed information about debtors owing $10,000 or more could harm competitive positions, breach contractual obligations, or compromise confidential business relationships protected under federal and state laws. Therefore, Pope emphasizes its obligation to protect such information from disclosure absent a clear and compelling showing of relevance and necessity under applicable legal standards.

Based on these objections, Pope will provide information concerning debtors owing $10,000 or more during the Relevant Period, the meaning of which is objected by Pope, to the extent such information is within its possession, custody, or control and is consistent with the objectives and requirements of the litigation. Pope will strive to ensure that any disclosures are compliant with its legal obligations. However, Pope may not have access to comprehensive records or may lack awareness of all debts owed during the Relevant Period and will provide information to the extent such information is known or reasonably obtainable. Without waiving these Objections and subject to them, to the extent that such documents and communications exist, Pope will conduct a reasonable search and will produce non-Privileged documents responsive to this Request, with respect and limited to Pope and the period of time for which Pope has been requested to produce documents and information in the Brazilian Insolvency Proceeding. This search will take some time and Pope will notify you when/if he has located any such documents.

52.    Subject to and without waiving the foregoing objections, Pope states that SouthRock owes SouthStone (formally name GoSouth Investments LLC) $314,778.00 or approx. 1.6MM BRL at the time of the judicial recovery filing in Brazil. These values are publicly available in the Chapter 11 filings in Brazil that Ativos has access to.

**INTERROGATORY REQUEST NO. 9:**

Identify any Person who transferred to You or the Pope Entities, or to whom You or the Pope Entities transferred, an amount equal to or more than $10,000 during the Relevant Period.

**RESPONSE TO INTERROGATOR**Y **REQUEST NO. 9:**

53.     In addition to the Objections to the Definitions, the Objections to the Instructions, and the General

Objections set forth above, Pope objects to this Interrogatory Request no. 9 on the following

grounds:

**Overly Broad and Unduly Burdensome:** Pope objects to Interrogatory

requesting identification of any person who transferred $10,000 or more to or from

Pope or the Pope Entities during the Relevant Period. This request lacks

specificity and fails to demonstrate direct relevance or materiality to the issues in

dispute, thereby imposing an excessive burden on Pope to compile and disclose

extensive information.

**Privacy and Confidentiality Concerns**: The interrogatory demands disclosure of

sensitive financial information regarding transfers involving Pope or the Pope

Entities. Such information is protected under federal and state laws, including the

Gramm-Leach-Bliley Act (15 U.S.C. §§ 6801-6809) and Texas financial privacy

statutes (Tex. Fin. Code Ch. 59). Disclosure of such information could jeopardize

privacy rights, breach contractual obligations, or harm confidential business

relationships. Moreover, the request does not establish a clear nexus between the

transfers identified and the issues pertinent to the litigation, exacerbating privacy

concerns without a corresponding benefit to the case's resolution.

**Relevance and Proportionality:** The scope of Interrogatory exceeds what is

necessary or proportionate to the needs of the litigation. Requiring identification of

transfers involving $10,000 or more without a demonstrated connection to the

claims or defenses asserted risks the disclosure of irrelevant information. Such

expansive discovery demands are disproportionate and add unnecessary

complexity and expense to the discovery process.

40

**Undue Burden and Expense**: Compliance with the interrogatory would impose significant burdens on Pope, including substantial time, resources, and potentially costly efforts to gather and compile information about transfers. Pope may lack access to comprehensive records or may not be aware of all transfers made during the Relevant Period, the meaning of which is objected by Pope. The broad nature of the request does not justify the extensive effort required to fulfill it, particularly in the absence of a clear showing of relevance or necessity to the claims or defenses in this case.

**Ambiguity and Lack of Definition:** The interrogatory lacks clarity regarding key terms such as "transfer," "Relevant Period," and specific definitions aligned with the litigation context. Without precise definitions, there is a risk of inconsistent interpretations and responses, complicating Pope's ability to provide accurate and responsive information.

**Protective Orders and Confidentiality:** Pope reserves the right to seek a protective order under Federal Rule of Civil Procedure 26(c) and relevant provisions of Texas law, including Tex. Fin. Code Ch. 59, to limit the disclosure of sensitive and proprietary information in response to Interrogatory. Disclosure of detailed information about transfers involving $10,000 or more could harm competitive positions, breach contractual obligations, or compromise confidential business relationships protected under federal and state laws. Therefore, Pope emphasizes its obligation to protect such information from disclosure absent a clear and compelling showing of relevance and necessity under applicable legal standards.

Based on these objections, Pope will provide information concerning transfers

41

involving $10,000 or more during the Relevant Period, the  meaning of  which  is

objected  by Pope, to the extent such information is within its possession, custody,

or control and is consistent with the objectives and requirements of the litigation.

Pope will strive to ensure that any disclosures are compliant with its legal

obligations. However, Pope may not have access to comprehensive records or may

lack awareness of all transfers made during the Relevant Period, and will provide

information to the extent such information is known or reasonably obtainable.

Without waiving these Objections and subject to them, to the extent that such

documents and communications exist, Pope will conduct a reasonable search and

will produce non-Privileged documents responsive to this Request, with respect

and limited to Pope and the period of time for which Pope has been requested to

produce documents and information in the Brazilian Insolvency Proceeding. This

search will take some time and Pope will notify you when/if he has located any

such documents.

54.    Subject to my objections above and as this information has either already been produced by the

Foreign Representative and or is publicly available in the Brazil Judicial Recovery Proceedings,

Further information is not likely to lead to discoverable information related to the relief requested

from this court and would be overly burdensome to produce.


Dated: July 7th, 2024

**Kenneth Steven Pope**

 */s/  Kenneth Steven Pope*