United States Bankruptcy Court
Southern District of Texas
**ENTERED**
July 10, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 15 |
| SouthRock Capital Ltda., *et al.*, | Case No. 24-90398 (CML) |
| Debtors in Foreign Proceeding.[1] | (Jointly Administered) |

## SECOND AMENDED INTERIM STIPULATION AND AGREED CONFIDENTIALITY AND PROTECTIVE ORDER REGARDING PRODUCTION OF DOCUMENTS

SouthRock Capital Ltda. and the other affiliated chapter 15 debtors (the "Debtors"), the Debtors' Foreign Representative Fabio David Rohr (the "Foreign Representative"), Kenneth Steven Pope ("Pope"), and the creditors that filed objections to the *Joint Verified Petition for Recognition of Foreign Main Proceedings and Motion for Order Granting Related Relief Pursuant to Bankruptcy Code Sections 1515, 1517, 1520 and 1521* (ECF No. 9) (the "Petition for Recognition") and the *Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362 and 105* (ECF No. 10) (the "Emergency Motion"), who are signatories here (the "Objectors"), and all together (the "Parties") hereby enter into this Second Amended Interim Stipulation and Agreed Confidentiality and Protective Order (the "Order") as follows:

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each debtor's Brazilian tax identification number, are as follows: (a) SouthRock Capital Ltda. (01-35); (b) Americana Franquia S.A. (01-51); (c) Brazil Airport Restaurantes S.A. (01-73); (d) HB Participações S.A. (01-57); (e) SRC 5 Participações Ltda. (01-02); (f) SRC 6 Participações Ltda. (01-41); (g) SRC Holding Participações S.A.(01-74); (h) SR N Participações S.A. (01-01); (i) Star Participações S.A. (01-09); (j) Starbucks Brasil Comércio de Cafés Ltda. (01-00); (k) SW do Brasil Ltda. (01-20); (l) SW Stores do Brasil Ltda. (01-36); and (m) Wahalla Ltda. (01-10). The Debtors' mailing and service address is Avenida Paulista, 1294, 14º andar, sala 14, Bela Vista, São Paulo/SP, CEP 01310-915, Brazil.

WHEREAS, the Debtor, the Foreign Representative, Pope, the Objectors, and other third parties are anticipated to produce certain information, including documents and communications to the Objectors in connection with the Objectors' current or anticipated objections to the Petition for Recognition and the Emergency Motion (the "Discovery Material");[2]

WHEREAS, on June 20, 2024, the Debtors, Pope, and certain Objectors signed the *Stipulation and Order Granting Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, and 362* (ECF No. 33-1), in which the Debtors, the Foreign Representative, and Pope consented to limited discovery;

WHEREAS, pursuant to that Order, the Objectors and the Foreign Representative may seek certain limited Discovery Material from the Debtors, the Foreign Representative, Pope, the Objectors, and third parties, and such Discovery Material may include documents and information that the Producing Party (as defined herein) has previously identified as confidential, sensitive, or private and warranting special protection from public disclosure;

WHEREAS, the Parties seek to facilitate and expedite the production, exchange, and treatment of the Discovery Material and to facilitate the prompt resolution of disputes over confidentiality, if any, and to protect the Discovery Material that the Debtors, the Foreign Representative, Pope, the Objectors, or the Producing Party seeks to maintain as confidential.

WHEREFORE, the Parties have been unable to agree on the proper scope of a final protective order in this case, including what limitations, if any, should be placed on the parties' ability to use discovery produced in this case in other litigation;

---

[2] "Discovery Material" includes without limitation documents, communications, deposition testimony (whether based upon oral examination or written questions), interviews, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, data, information, and things produced in whatever form, as well as all copies, abstracts, digests, notes, summaries, and excerpts thereof.

13013-00001/15068674.1

WHEREFORE, in emails to the Court's case manager on June 28 and 30, 2024, the Parties submitted their dispute on the scope of the protective order to the Court;

WHEREFORE, the Court's ruling on that dispute remains pending;

WHEREFORE, the Parties wish to avoid delay in the production of documents pending the Court's ruling on the dispute over a protective order;

WHEREFORE, the Parties agree to entry of this second amended interim protective order to permit the production of documents pending the Court's ruling on the final protective order while preserving the parties' rights as to the form of a final protective order;

WHEREFORE, by agreeing to entry of this second amended interim protective order, the Parties expressly do not waive any of their arguments and rights with respect to the final protective order;

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED AS FOLLOWS:**

1. Pending entry of a final protective order, the Parties shall abide by and be bound by the terms of this Order and by the Federal Rules of Civil Procedure (the "Federal Rules"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

**Scope of Order**

2. Pending the entry of a final protective order, this Order applies to all Discovery Material provided by the Debtor, Foreign Representative, Pope, the Objectors, or any other producing party (each a "Producing Party,"), whether formally or informally, to the Objectors, the Foreign Representative, their counsel, or similar retained professionals with whom the Objectors may share such information (each a "Receiving Party") in connection with this chapter 15 case.

3. This Order also applies to Discovery Material provided to the Parties by non-parties to this Order pursuant to subpoena or other process, and all such non-parties are entitled to the protections and subject to the obligations set forth in this Order and shall agree to be bound by the terms of this Order, subject to the entry of a final protective order.

### Designating Discovery Material

4. A Producing Party may designate, or has already designated, Discovery Material as "Confidential" (the "Designated Material") in accordance with the following provisions:

   a. Confidential:  A Producing Party may designate Discovery Material as "Confidential" if it believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or contains nonpublic, proprietary, commercially sensitive, or confidential technical, business, financial, personal or other information of a nature that can be protected under Federal Rule 26(c) or Bankruptcy Rules 7026 or 9018; or is subject by law or by contract to a legally protected right of privacy; or the Producing Party is under a preexisting obligation to a third-party to treat as confidential; or the Producing Party has in good faith been requested by another to so designate on the grounds that such other party considers such material to contain information that is confidential or proprietary to such party.

5. Manner of Designation:  Where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking every page "Confidential" or as applicable.  The markings should not obliterate or obscure the content of the material that is produced.  Where marking every page of such material is not reasonably practicable, such as with certain native file documents, the Producing Party may designate material by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production of the material that the material is Designated Material; provided that inclusion of the words "Confidential" in the file names of any native file documents shall be deemed to comply with this requirement.

6. <u>Effect of Designation</u>: The designation of Discovery Material regardless of the medium or format of such Designated Material or the method of designation as provided for herein, shall constitute a representation by the Producing Party that there is a good-faith basis for that designation.

7. <u>Late Designation of Discovery Material</u>:  The failure to designate particular Discovery Material at the time of production shall not operate to waive the Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("<u>Misdesignated Material</u>").  Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material.  Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.  Once such later designation has been made, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court or otherwise made publicly available (other than in violation of this Order), no Party shall be bound by such later designation except to the extent determined by the Court upon motion to the Court.

**Use and Disclosure of Designated Material**

8. <u>General Limitations on Use and Disclosure of Designated Material</u>: All Designated Material shall be used by the Receiving Parties solely for the purposes of this Chapter 15 proceeding, including any objections to the relief sought by the Debtors or by Pope, or (solely if, and not until, permitted by the Court in the final protective order) for the purposes of any other

13013-00001/15068674.1

proceedings in the United States and Brazil involving the Debtors or Pope that were filed prior to this stipulation (together, the "U.S. Litigation" and the "Brazilian Proceedings," respectively), as well as any action that may be commenced by the Receiving Parties in any other jurisdiction or other proceeding that becomes available to the Receiving Parties for claims related to the U.S. Litigation or the Brazilian Proceedings, including any related action brought by the Receiving Parties to enforce any order or judgment rendered in the U.S. Litigation or the Brazilian Proceedings.

9. Confidential Material: Confidential Material, and all information contained therein, may be given, shown, made available or communicated only to the following:

   a. the Parties (including their respective members, managers, partners, directors, officers, employees, counsel, and agents);

   b. Counsel, and staff working under the express direction of counsel, for the Parties;

   c. Other professionals, including Qualified Professionals, retained under 11 U.S.C. §§ 327 or 328, or industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Parties in connection with this chapter 15 case only as necessary to assist with or carry out duties in connection with the chapter 15 case;

   d. any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

   e. court reporters, stenographers, or videographers who record testimony in connection with the chapter 15 case;

   f. the Court, its officers and clerical staff in any judicial proceeding relating to the chapter 15 case;

   g. witnesses being questioned, either at a deposition, through other discovery requests, or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for the proceedings, provided that the witness has agreed to the terms of this Order;

   h. support personnel providing general secretarial services (such as word processing and printing), paralegal services, or litigation support services to

      and working under the supervision and direction of any Party or non-party bound by this Order, as necessary to assist such person in connection with this chapter 15 case;

   i. outside photocopying, graphic production, or litigation support services, as necessary for use in connection with this chapter 15 case; and

   j. any other person or entity with respect to whom the Producing Party may consent in writing (email to suffice), provided such person or entity agrees to be bound by this Order.

10. <u>Sealing of Designated Material Filed with or Submitted to the Court</u>: Designated Material may be filed with this Court if such filing is made under seal, and the party filing the Designated Material shall take all reasonable efforts to ensure the Designated Material is filed under seal. The Court's approval and entry of this Order shall constitute authority for the Parties or a non-party to file Designated Material under seal without the filing of a separate motion under the Federal Rules, the Bankruptcy Rules, and the Local Rules. Parties or non-parties filing Designated Material under seal pursuant to this Order shall reference this Order in the pleading or motion accompanying such Designated Material. A Party or non-party that files Designated Material under seal shall simultaneously file publicly a version of the sealed filing that redacts or omits the Designated Material. A Party or non-party may, at its option, also file redacted pleadings or motions including, containing, referencing, or otherwise revealing the content of the Designated Material so long as such portions concerning the Designated Materials have been redacted, and such redacted pleading or motion is also filed pursuant to Bankruptcy Local Rule 9037-1. This paragraph is without prejudice to the right of any Party or non-party, to move upon notice to the Producing Party to unseal any papers, or parts thereof, filed under seal if, following a meet and confer with the Parties hereto, any Party or non-party is unable to reach an agreement regarding access to and confidentiality of the Designated Material.

11.     Use of Designated Material in Open Court:  Counsel for any Party or non-party shall confer on such procedures as are necessary to protect the confidentiality of Confidential Material used in the course of any Court proceeding, and in the event counsel cannot agree on such procedures, the Party or non-party seeking to prevent the use of the Designated Material bears the burden of requesting relief from the Court on an expedited basis.

### General Provisions

12.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-party of any objection, including but not limited to any objection concerning the alleged confidentiality, the designation of Designated Material, or proprietary nature of any documents, information, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by motion on notice on any grounds.

13.     Nothing contained herein shall be deemed a waiver or relinquishment by the Producing Party of any applicable privilege, including but not limited to attorney-client and work product, and nothing contained herein requires the Producing Party to produce privileged material.

14.     Nothing contained herein shall prevent the Producing Party from de-designating Designated Material at any time.  The Producing Party shall notify the Receiving Party of any such de-designation of Designated Material within 5 days after de-designation occurs.

15.     Unauthorized Disclosure of Designated Material:  In the event of a disclosure by a Receiving Party of Designated Material to anyone not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately notify the person to whom the disclosure was made that the disclosure contains Designated Material subject to this Order, immediately make reasonable efforts

to recover the disclosed Designated Material, as well as preclude further review, dissemination, or use, and immediately notify the Producing Party of the identity of the person(s) to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further review, dissemination, or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

16.     <u>Manner of Objecting to Designated Material</u>:  If any Receiving Party objects to the designation of any Designated Material, the Receiving Party shall first raise the objection with the Producing Party in writing and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order.  If after receipt of an objection in writing, the Producing Party does not agree to change the designation of the Designated Material, the Receiving Party may seek relief from the Court.  Until the Court rules on such an issue, the Designated Material shall continue to be treated as designated by the Producing Party.  Notwithstanding the foregoing, circumstances may exist which require a party to seek Court authority to remove the designation of Designated Material on a more expedited basis.  In such a circumstance, the moving party will provide advance notice to the Producing Party.

17.     <u>Timing of Objections to Designated Material</u>:  A Receiving Party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Receiving Party to challenge the designation by the Producing Party of Discovery Material as "Confidential" during the discovery period shall not be a waiver of that Receiving Party's right to object to the designation at an evidentiary hearing or trial.

18. <u>Inadvertent Production of Privileged Discovery Material</u>:  Pursuant to Federal Rule of Evidence 502(d), and Federal Rule of Civil Procedure 26(b)(5)(B), made applicable to this chapter 15 case by Federal Rules of Bankruptcy Procedure 7026 and/or 9014, the inadvertent disclosure of documents or information containing privileged information or information constituting attorney work product or otherwise protected from disclosure shall not constitute a waiver of the privilege or protection in this chapter 15 case or any state or federal proceeding.  This Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B).  Nothing herein is intended to or shall serve to limit a Party's right to conduct a review of documents, electronically stored information, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.  Upon receiving notice of a claim of privilege from the Producing Party, the Receiving Party must promptly return, sequester, or destroy the specified documents or information in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

19. <u>Amendment of this Order</u>:  Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

20. <u>Disclosure of Designated Material in Other Proceedings</u>:  Any Receiving Party that may be subject to a motion or other form of legal or regulatory process or demand seeking the disclosure of the Producing Party's Designated Material (a) shall notify the Producing Party within seven (7) business days of receipt of such process or demand (unless such notice is prohibited by applicable law, rule, or regulation) and provide the Producing Party with an opportunity to appear

and be heard on whether that information should be disclosed, and (b) in the absence of a court order preventing such disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

21. <u>Use of Designated Material by the Producing Party</u>:  Nothing in this Order affects the right of the Producing Party to use or disclose its own Designated Material in any way.

22. <u>Obligations of Parties</u>:  Nothing herein shall relieve a Party of its obligations under the Federal Rules, the Bankruptcy Rules, the Federal Rules of Evidence, the Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with this chapter 15 case.

23. <u>Advice of Counsel</u>:  Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with their duties in this chapter 15 case, and, in the course thereof, relying on examination of Designated Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

24. The Court shall retain jurisdiction to enforce the terms of this Order.

Signed: July 10, 2024

_____
Christopher Lopez
United States Bankruptcy Judge

13013-00001/15068674.1

**STIPULATED AND AGREED TO THIS 8TH DAY OF JULY, 2024:**

/s/ Patricia B. Tomasco
Patricia B. Tomasco (SBN 01797600)
Joanna D. Caytas (SBN 24127230)
Razmig Izakelian (admitted *pro hac vice*)
Alain Jaquet (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
700 Louisiana, Suite 3900
Houston, Texas 77002

*Counsel for the Debtors*

/s/ Kenneth S. Pope
Kenneth S. Pope

*Sole Director and/or Member of the Board for the Debtors*

/s/ Jason S. Brookner
Jason S. Brookner (SBN 24033684)
Amber M. Carson (SBN 24075610)
GRAY REED
1300 Post Oak Blvd., Suite 2000
Houston, Texas  77056

-and-

Justin M. Ellis (admitted *pro hac vice*)
Lauren F. Dayton (admitted *pro hac vice*)
Catherine Martinez (admitted *pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, New York 10022

*Counsel to Ativos Especiais II - Fundo de Investimento em Direitos Creditórios - NP and Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP*

/s/ Toby L. Gerber
Toby L. Gerber (SBT 07813700)
Jason I. Blanchard (SBT 24130197)
NORTON ROSE FULBRIGHT
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201

-and-

Francisco Vazquez (pro hac vice requested)
NORTON ROSE FULBRIGHT
1301 Avenue of the Americas
New York, NY 10019-6022

*Counsel for Banco Modal S.A.*

/s/ Michael S. Held
**JACKSON WALKER LLP**
Michael S. Held (State Bar No. 09388150)
Aaron E. Lozano (State Bar No. 24125803)
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 (Fax)
mheld@jw.com
alozano@jw.com

-and-

Matthew D. Cavenaugh (State Bar No.24062656)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 (Fax)
mcavenaugh@jw.com

*Counsel for Travessia Securitizadora de Creditos Financeiros XXXII S.A., Travessia Securitizadora de Creditos Financeiros S.A., Ibiuna Credito Gesto de Recursos Ltda.*