IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Case No. 24-90398 (CML) |
|  | § |  |
| SouthRock Capital Ltda., *et al.*[1] | § | Chapter 15 |
|  | § |  |
| Debtors in Foreign Proceeding. | § | (Jointly Administered) |
|  | § |  |

**DOCUMENT REQUEST TO ATIVOS ESPECIAIS II - FUNDO DE
INVESTIMENTO EM DIREITOS CREDITÓRIOS – NP, AND
ATIVOS ESPECIAIS III - FUNDO DE INVESTIMENTO EM DIREITOS
CREDITÓRIOS – NP PURSUANT TO FED. R. BANKR. P. 2004**

To:

Ativos Especiais II - Fundo de Investimento em Direitos Creditórios – NP, and
Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP
c/o Jason S. Brookner
Amber M. Carson
Gray Reed
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056

c/o Justin M. Ellis
Lauren F. Dayton
Catherine Martinez
MoloLamken LLP
430 Park Avenue
New York, New York 10022

---

[1]     The debtors in these chapter 15 cases, along with the last four digits of each debtor's Brazilian tax identification number, are as follows: (a) SouthRock Capital Ltda. (01-35); (b) Americana Franquia S.A. (01-51); (c) Brazil Airport Restaurantes S.A. (01-73); (d) HB Participações S.A. (01-57); (e) SRC 5 Participações Ltda. (01-02); (f) SRC 6 Participações Ltda. (01-41); (g) SRC Holding Participações S.A.(01-74); (h) SR N Participações S.A. (01-01); (i) Star Participações S.A. (01-09); (j) Starbucks Brasil Comércio de Cafés Ltda. (01-00); (k) SW do Brasil Ltda. (01-20); (l) SW Stores do Brasil Ltda. (01-36); and (m) Wahalla Ltda. (01-10).  The Debtors' mailing and service address is Avenida Paulista, 1294, 14º andar, sala 14, Bela Vista, São Paulo/SP, CEP 01310-915, Brazil.

NOTICE IS HEREBY GIVEN that, pursuant to Federal Rules of Bankruptcy Procedure 2004, 7034, and 9014 and Bankruptcy Local Rule 2004-1, Fabio D. Rohr, the Foreign Representative of the above-captioned Debtors, by and through his undersigned counsel, directs Ativos Especiais II - Fundo de Investimento em Direitos Creditórios – NP, and Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP to produce the documents described in **Schedule A** hereto at the office of Quinn Emanuel Urquhart & Sullivan, LLP, 700 Louisiana Street, Suite 3900, Houston, Texas 77002, Attn: Patricia B. Tomasco on or before July 26, 2024.

Dated: July 11, 2024
Houston, TX

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

/s/  *Patricia B. Tomasco*
Patricia B. Tomasco
SBN 01797600
S.D. Tex. Fed. No. 10142
Joanna D. Caytas
SBN 24127230
S.D. Tex. Fed. No. 3630347
Razmig Izakelian (admitted pro hac vice)
Alain Jaquet (admitted pro hac vice)
700 Louisiana Street, Suite 3900
Houston, Texas 77002

**COUNSEL FOR FABIO D. ROHR, FOREIGN REPRESENTATIVE**

## <u>SCHEDULE A</u>

## <u>DOCUMENT REQUESTS PURSUANT TO FED. R. BANKR. P. 2004</u>

### DEFINITIONS

1.      "Brazilian Bankruptcy Court" means the 1st Bankruptcy Court of the Central Forum of São Paulo, Brazil.

2.      "Brazilian Insolvency Proceeding" means the Brazilian insolvency proceeding pending before the Brazilian Bankruptcy Court under case number "1153819-28.2023.8.26.0100."

3.      "Banco Itaú" means Banco Itaú Unibanco S.A., and any of its affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other Persons or entities acting on its behalf or under its control.

4.      "Banco Santander" means Banco Santander (Brasil) S.A., and any of its affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys, and all other Persons or entities acting on its behalf or under its control.

5.      "Chapter 15 Proceeding" means the jointly administered chapter 15 cases pending before the Court and captioned *In re Southrock Capital Ltda., et al.*, Case No.: 24-90398 (CLM).

6.      "Communication" means any transmittal of information (in the form of facts, ideas, inquiries, and otherwise) and encompasses every medium of transmittal, including oral, written, graphic, electronic communication, and any document evidencing such communication, including correspondence, memoranda, notes or logs of telephone conversations, electronic mail, diaries, daily calendars, or other records of exchanges between persons.

7.      "Concern" and "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally, or logically connected to, in whole or in part, the stated subject matter.

8.      "Court" means the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

9.      "Debtors" means SouthRock Capital Ltda., Americana Franquia S.A., Brazil Airport Restaurantes S.A., HB Participações S.A., SRC 5 Participações Ltda., SRC 6 Participações Ltda., SRC Holding Participações S.A., SR N Participações S.A., Star Participações S.A., Starbucks Brasil Comércio de Cafés Ltda., SW do Brasil Ltda., SW Stores do Brasil Ltda., and Wahalla Ltda.

10.      "Document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, graphs, charts, photographs, recordings, images, pictures, sounds or symbols, or any combination thereof.  For the avoidance of doubt, "Document" means anything which may be considered to be a document or tangible thing, and includes, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of

meetings or communications, electronic mail/messages and/or "e-mail," instant messaging, text messages, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, printouts of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing.

11.     "Document Request" means the July 10, 2024 *Document Request to Ativos Especiais II – Fundo de Investimento Em Direitos Creditórios – NP, and Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP Pursuant to Fed. R. Bankr. P. 2004*.

12.     "Financial Institution" means any depository institutions (banks, thrifts, credit unions), savings and loan associations, broker or dealer in securities, and money services businesses.

13.     "January 2024 Order" means the order dated January 22, 2024 issued by the Brazilian Bankruptcy Court in the Brazilian Insolvency Proceeding, and attached hereto as **Annex 1**.

14.     "LGG" means Lend Gestão de Garantia Ltda., and any of its affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other Persons or entities acting on its behalf or under its control.

15.     "May 2024 Order" means the order dated May 10, 2024 issued by the Brazilian Bankruptcy Court in the Brazilian Insolvency Proceeding, and attached hereto as **Annex 2**.

16.     "Objectors" means Banco Modal S.A., Banco Votorantim S.A., Ibiuna Crédito Gestão de Recursos Ltda., Travessia Securitizadora de Créditos Financeiros S.A., and Travessia Securitizadora de Créditos Financeiros XXXII S.A., and any of and their affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other persons or entities acting on their behalf or under their control.

17.     "Person" shall have the meaning ascribed to such term in section 101(41) of the Bankruptcy Code.

18.     "Receivables" means the receivables due to the any of the Debtors that You withheld at any time in the period between October 31, 2023 and present.

19.     "Relate" and "Relating" when used with respect to any given subject, means and includes analyzing, consisting, constituting, containing, comprising, commenting upon, connected with, concerning, contradicting, dealing with, describing, embodying, establishing, evidencing, identifying, listing, memorializing, pertaining to, purporting, referring to, relating to, regarding, recording, responding to, reflecting, representing, stating, substantiating, showing, supporting, or with respect to, whether in whole or in part or having any logical or factual connection whatsoever with that subject, regardless of whether the factual connection is favorable or adverse.

20.     "Southrock Group" means the Debtors, and any of their affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other Persons or entities acting on their behalf or under their control.

21.     "You" and "Your" means Ativos Especiais II - Fundo de Investimento em Direitos Creditórios – NP, Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP, and any of their affiliates, subsidiaries (direct and indirect), agents, advisors, employees,

representatives, staff, attorneys and all other Persons or entities acting on their behalf or under their control.

## INSTRUCTIONS

1.      You are requested to produce all Documents described below that are within Your possession, custody, or control or in the possession, custody, or control of Your agents, representatives, or any other person or entity acting or purporting to act on Your behalf.

2.      Electronically stored information ("ESI") should be produced in its native format with all metadata preserved and intact.

3.      You must produce entire Documents including attachments, enclosures, cover letters, memoranda, and appendices.  Documents not otherwise responsive to this request are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive. Examples of such Documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents.  In the case of email attachments, if either the email or any of its attachments is responsive, produce the email and all of the corresponding attachments.

4.      If You object to part of a request, You must state the basis of Your objections, and produce all Documents called for by the portion of the request to which You do not object.

5.      If there are no Documents responsive to any particular Document request, the response shall state so in writing.

6.      If any Document is withheld from production on the basis of any claimed privilege or immunity or other ground, furnish a list specifying: (a) the nature of the privilege, immunity, or other ground claimed; (b) the authors of the Document; (c) all persons who received copies of the Document; (d) the date of the Document; (e) the type of Document withheld (*e.g.*, memorandum,

letter, report, email, etc.); and (f) the general subject matter of the Document sufficient to enable the Debtors to assess the applicability of the claimed privilege, immunity, or other ground for refusal to produce.

7.      In the event any Document responsive to these requests has been lost, discarded, or destroyed, that Document is to be identified by stating as completely as possible: (a) the authors or creators of the Document; (b) all persons who received copies of the Document, including the Document's indicated and blind copy recipients; (c) the custodian of the Document; (d) the date of the Document; (e) the type of Document (*e.g.*, memorandum, letter, report, email, etc.); (f) the Document's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard; and (g) the persons authorizing and carrying out such destruction or discard.

8.      Unless expressly indicated to the contrary, each request herein shall be construed independently.  No request shall be construed by reference to any other request for the purpose of limiting the scope of the answers to such request.

9.      A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or deletions.  The term "original" includes the file copy and copies of any Document if there is no actual original or ribbon copy.

10.      Whenever necessary to bring within the scope of these requests any information that otherwise might be construed to be outside the scope, (a) "including" shall be read as "including but not limited to;" (b) the present tense shall include the past tense and future tense, the past tense shall include the present tense and future tense, and the future tense shall include the past tense and present tense; (c) the terms "and," "or," and "and/or" shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, so that the fullest disclosures of

information is achieved; (d) "all" and "any" shall mean "any and all;" (e) reference to any gender includes the other gender; and (f) any term stated in the singular includes the plural and vice versa.

11.     These requests shall be deemed continuing and supplemental answers shall be required if You directly or indirectly obtain further information after Your initial response as required by Fed. R. Bank. P. Rule 7026(e).  The Debtors specifically reserve the right to make additional requests and to seek supplementary responses and the additional supplementary production of Documents.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

All Documents and Communications Relating to Receivables, including, but not limited to:

(a)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from Banco Itaú, including, but not limited to, all bank statements that Relate to Receivables.

(b)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from Banco Santander, including, but not limited to, all bank statements that Relate to Receivables.

(c)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from any Financial Institution, including, but not limited to, all bank statements that Relate to Receivables.

(d)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from LGG, including, but not limited to, (i) any contracts or agreements between You and LGG that Relate to Receivables; (ii) all Documents and Communications Concerning the purposes and reasons why You retained LGG in connection with Receivables; and (iii) all bank statements relating to Receivables that LGG has retained for You or on your behalf.

(e)     All Documents and Communications Concerning the reasons why You have withheld Receivables.

(f)     All Documents and Communications Concerning section 3 of the January 2024 Order ("3. Fls. 13755/13888, 15073/15092, 15571/15591, com manifestação da Administradora Judicial às fls. 15056/15072 e do Ministério Público às fls.

15568/15568") including, but not limited to, all Documents and Communications Concerning the Reasons why You have withheld Receivables prior to and after the January 2024 Order.

(g)     All Documents and Communications Concerning section 8 of the May 2024 Order ("8. Fls. 33086-33089: defiro o pedido e determino aos credores indicados (Banco Modal, Ativos Especiais II e III e Virgo) que se abstenham de novas retenções de recebíveis das Recuperandas, liberando-se toda e qualquer retenção efetivada a partir de 22/1/24, até ulterior decisão nos autos 0005961-73.2024.8.26.0100 (fls. 15652-15659), sob de multa diária fixada em R$10.000,00, limitada a R$100.000,00. Esta decisão serve como ofício"), including, but not limited to, (i) all Documents and Communications Concerning the Reasons why You have withheld Receivables after the May 2024 Order; and (ii) all Documents and Communications Concerning the non-payment of the fine ordered by the Brazilian Bankruptcy Court.

(h)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from any of the Debtors.

(i)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or receive from the SouthRock Group.

(j)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from any of the Objectors.

(k)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from any Person retaining Receivables for You on Your behalf, including, but not limited to, (i) any contract or agreement between You and this Person that Relates to the Receivables; (ii) all Documents and Communications Concerning the purposes and reasons why You retained this Person in connection with Receivables; and (iii) all bank statements relating to Receivables that this Person has retained for You or on your behalf.

(l)     All Documents and Communications Concerning the total amount of Receivables that You are withholding as of the date of this Document Request.

(m)     All Documents and Communications—including, but not limited to, all bank statements—showing (i) the name and the *Cadastro Nacional de Pessoas Jurídicas* of the SouthRock Group entity to which the withheld Receivables Relate; (ii) the date when You withheld each of the Receivables; and/or (iii) the value of each Receivables at the time You withheld them.

(n)     All Documents and Communications showing whether You used any of the Receivables to set off any credits You may have against the SouthRock Group that are subject to arrangement in the Brazilian Insolvency Proceeding.