**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | § | |
|---|---|---|
| In re: | § | Case No. 24-90398 (CML) |
| | § | |
| SouthRock Capital Ltda., *et al.*[1] | § | Chapter 15 |
| | § | |
| | § | |
| Debtors in Foreign Proceeding. | § | (Joint Administration Pending) |
| | § | |

**ORDER GRANTING RECOGNITION OF
FOREIGN MAIN PROCEEDINGS AND DISCRETIONARY RELIEF**
(Relates to ECF No. 9)

Upon the Verified Petition for Recognition of Foreign Main Proceeding and Motion for Order Granting Relief Pursuant to Bankruptcy Code Sections 1515, 1517, 1520, and 1521 (the "Verified Petition")[2] filed by Fabio Rohr (the "Petitioner" or "Foreign Representative"), in his capacity as Foreign Representative of SouthRock Capital Ltda., Americana Franquia S.A., Brazil Airport Restaurantes S.A., HB Participações S.A., SRC 5 Participações Ltda., SRC 6 Participações Ltda., SRC Holding Participações S.A., SR N Participações S.A., Star Participações S.A., Starbucks Brasil Comércio de Cafés Ltda., SW do Brasil Ltda., SW Stores do Brasil Ltda., and Wahalla Ltda. (collectively, the "Debtors") for entry of an order and the Court, having reviewed the Verified Petition and the supporting documents thereto, as well as any objections; finds (a) it

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's Brazilian tax identification number, are as follows: (a) SouthRock Capital Ltda. (01-35); (b) Americana Franquia S.A. (01-51); (c) Brazil Airport Restaurantes S.A. (01-73); (d) HB Participações S.A. (01-57); (e) SRC 5 Participações Ltda. (01-02); (f) SRC 6 Participações Ltda. (01-41); (g) SRC Holding Participações S.A.(01-74); (h) SR N Participações S.A. (01-01); (i) Star Participações S.A. (01-09); (j) Starbucks Brasil Comércio de Cafés Ltda. (01-00); (k) SW do Brasil Ltda. (01-20); (l) SW Stores do Brasil Ltda. (01-36); and (m) Wahalla Ltda. (01-10).  The Debtors' mailing and service address is Avenida Paulista, 1294, 14º andar, sala 14, Bela Vista, Sao Paulo/SP, CEP 01310-915, Brazil.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Verified Petition.

has jurisdiction over the matter pursuant to 28 U.S.C. § 1334(a) and 11 U.S.C. § 1501; (b) venue is properly located in this district pursuant to 28 U.S.C. §§ 1410 (a)(1) and (3); (c) the Verified Petition was properly filed and served; (d) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); (e) each of the Debtors is subject to foreign main proceeding within the meaning of section 1502 of the Bankruptcy Code; (f) the Petitioner is a "person" and the Foreign Representative of the Debtors within the meaning of section 101(24) of the Bankruptcy Code; (g) each Debtor's chapter 15 case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code; (h) each Debtor has its center of main interests and an establishment in Brazil; (i) the Verified Petition satisfies the requirement of section 1515 of the Bankruptcy Code; (j) the Foreign Representative has demonstrated that the relief requested is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States and warranted pursuant to section 1521 of the Bankruptcy Code; (k) the interest of the public will be served by this Court's granting the relief requested by the Foreign Representative; and (l) each of the injunctions contained in this Order is within the Court's jurisdiction, is essential to the success of the Brazilian Insolvency Proceeding, confers material benefits on, and is in the best interests of, the Debtors and its creditors, and is important to the overall objectives of such restructuring.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. The Verified Petition is granted and any objections thereto are overruled with prejudice.

2. The Debtors' Brazilian Insolvency Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

3. All relief afforded to a foreign main proceeding automatically upon recognition pursuant to section 1520 of the Bankruptcy Code is granted.

4. The Petitioner is granted recognition as a "Foreign Representative" pursuant to section 101(24) of the Bankruptcy Code in respect of the Brazilian Insolvency Proceeding.

5. The Petitioner is granted entrustment of the administration, realization and distribution of any and all of the Debtor's assets within the territorial jurisdiction of the United States pursuant to sections 1521(a)(5) and 1521(b) of the Bankruptcy Code.

6. To the extent not provided by section 1520 of the Bankruptcy Code, all creditors are enjoined from disposing of or otherwise taking any action against any property of the Debtors.

7. To the extent not provided by section 1520 of the Bankruptcy Code, all creditors are enjoined pursuant to section 1521 of the Bankruptcy Code from (a) disposing of or otherwise taking any action against any property of the Debtors; (b) taking or continuing any act to obtain possession of or exercise control over any property of the Debtors; and (c) commencing any suit, action or proceeding in the territorial jurisdiction of the United States to resolve any dispute arising from the Brazilian Insolvency Proceeding or any orders issued by the Brazilian Bankruptcy Court identified in the Verified Petition, or the Brazilian law relating thereto.

8. No creditors may take any action inconsistent with any orders issued in the Brazilian Insolvency Proceeding identified in the Verified Petition.

9. No action taken by the Petitioner in preparing, disseminating, applying for, implementing or otherwise in connection with this Order, any order entered in respect of the Verified Petition, this Chapter 15 Proceeding, any further order for additional relief in this Chapter 15 Proceeding, or any adversary proceedings or contested matters in connection therewith,

constitutes a waiver of any immunity afforded to the Petitioner as Foreign Representative, including without limitation pursuant to section 1510 of the Bankruptcy Code.

10. In accordance with section 1521(a)(4) of the Bankruptcy Code, the Petitioner is authorized to conduct the examination of witnesses, the taking of evidence, or the delivery of information concerning the Debtor's assets, affairs, rights, obligations, or liabilities.

11. Pursuant to sections 1521(a)(6) and 1521(a)(7) of the Bankruptcy Code, all prior relief granted to the Debtors or the Foreign Representative by this Court pursuant to section 1519(a) or 1521 of the Bankruptcy Code shall be extended and that certain *Stipulation and Order Granting Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521 and 362* (ECF No. 38) shall remain in full force.

12. Notwithstanding anything herein to the contrary, the provisional relief sought in the *Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362, and 105* (ECF No. 10) (the "Motion") with respect to Pope, and the extension of such relief pursuant to sections 1521(a)(6) and 1521(a)(7) of the Bankruptcy Code pending the approval of the reorganization plan, will be considered at a further hearing on the Motion set for August 1, 2024 at 10:00 a.m. (prevailing Central Time).

13. Notwithstanding any provision in the Bankruptcy Rules to the contrary, including, but not limited to, Bankruptcy Rules 7062 and 1018, (a) this Order shall be effective immediately and enforceable upon its entry; and (b) the Foreign Representative and the Debtors are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

14. This Court shall retain jurisdiction with respect to the effect, enforcement, amendment or modification of this Order.

Dated: _____

CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE