## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 15 |
| SouthRock Capital Ltda., *et al.*, | Case No. 24-90398 (CML) |
| Debtors in Foreign Proceeding.[1] | (Jointly Administered) |

### ATIVOS FUNDS' EMERGENCY MOTION TO QUASH
### NOTICE OF RULE 2004 EXAMINATION AND
### SUBPOENAS DUCES TECUM AND FOR PROTECTIVE ORDER

> EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN FRIDAY, JULY 26, 2024.
>
> IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

Ativos Especiais II - Fundo de Investimento em Direitos Creditórios - NP and Ativos Especiais III - Fundo de Investimento em Direitos Creditórios ("Ativos Funds"), hereby file their emergency Motion (the "Motion") for an order (a) quashing the Notices of Rule 2004 Examination and Subpoena Duces Tecum (the "Rule 2004 Subpoenas") issued by the Foreign Representative and (b) issuing a protective order against the requests for production (the "RFPs") issued by the Foreign Representative purportedly in connection with his motion to stay U.S. litigation against Kenneth Pope (Docket No. 10), and respectfully represent as follows.

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each debtor's Brazilian tax identification number, are as follows: (a) SouthRock Capital Ltda. (01-35); (b) Americana Franquia S.A. (01-51); (c) Brazil Airport Restaurantes S.A. (01-73); (d) HB Participações S.A. (01-57); (e) SRC 5 Participações Ltda. (01-02); (f) SRC 6 Participações Ltda. (01-41); (g) SRC Holding Participações S.A.(01-74); (h) SR N Participações S.A. (01-01); (i) Star Participações S.A. (01-09); (j) Starbucks Brasil Comércio de Cafés Ltda. (01-00); (k) SW do Brasil Ltda. (01-20); (l) SW Stores do Brasil Ltda. (01-36); and (m) Wahalla Ltda. (01-10). The Debtors' mailing and service address is Avenida Paulista, 1294, 14º andar, sala 14, Bela Vista, São Paulo/SP, CEP 01310-915, Brazil.

<u>**Preliminary Statement**</u>

1.      This is a motion to quash two retaliatory Rule 2004 subpoenas and a document request issued by the Foreign Representative to the Ativos Funds.

2.      The only meaningful relief the Foreign Representative has sought in this Chapter 15 case is for the benefit of Kenneth Pope.  Specifically, the Debtors have sought to stay U.S. litigation against Pope by his individual creditors, even though Pope is a non-debtor.  As to the Ativos Funds, the Foreign Representative has sought a stay of their suit against Pope even though that suit seeks to ***aid*** the estate by compelling Pope to make capital contributions to certain Debtors.  As the Ativos Funds will show at the upcoming August 1, 2024 hearing (the "<u>August 1 Hearing</u>") on the Foreign Representative's motion to extend the automatic stay to Pope (Docket No. 10) (the "<u>Stay Motion</u>"), neither the facts nor the law entitle Pope to that extraordinary relief.

3.      The Ativos Funds have been front and center in opposing the Foreign Representative's meritless Stay Motion.  In response, the Foreign Representative has tried to punish the Ativos Funds with burdensome discovery into issues not relevant to the Stay Motion or the August 1 Hearing.  Specifically, the Foreign Representative has served two Rule 2004 subpoenas and one document request – purportedly relating to the Stay Motion – calling for documents about unrelated pending litigation in Brazil.  That litigation concerns the Ativos Funds' contractual rights to attach certain of Debtors' credit card receivables, and thus has no bearing on whether the stay should be extended to Pope or whether the applicable legal standards have been, or can be, met.

4.      The discovery the Foreign Representative seeks is improper.  First, the parties' Brazilian litigation over the receivables has nothing to do with the Foreign Representative's motion to extend the stay to Pope.  And the Foreign Representative also has no practical purpose

for the discovery that he seeks.  The Foreign Representative has told this Court that he does not want to use this discovery in Brazil, and he cannot use it in any future litigation in the United States.  Because there is no conceivable use, domestically or abroad, for the materials the Foreign Representative purports to seek, this discovery is calculated solely to harass the Ativos Funds.  As a result, the Foreign Representative cannot justify this discovery under Rule 2004 and the Court should, therefore, put an end to these tactics by quashing the Rule 2004 subpoenas and issuing a protective order against the contested matter RFPs.  Second, the Foreign Representative violated Local Rule 2004-1 by failing to confer with the Ativos Funds on an agreeable examination schedule before the discovery was served, or after, thereby providing another basis for the Court to quash such discovery.

### **Background**

5.      The Foreign Representative's discovery concerns the Ativos Funds' attachment of certain credit card receivables of Starbucks Brasil.  The Ativos Funds have a contractual right to attach those funds to satisfy the debts owed to them under certain Debentures.  Specifically, in an Indenture with the Ativos Funds, Debtor HB Participações S.A. promised that "to guarantee faithful, timely, and full payment of all Secured Obligations, the Debentures will be guaranteed by … fiduciary assignment of Starbucks Brasil's credit rights arising from . . . credit card receivables from new stores that have been opened using the resources arising from this Issue." Poppa Decl. ¶ 9.  Under Brazilian law, the Ativos Funds were entitled to attach the receivables to enforce the issuer's promise pursuant to this Indenture.  *Id.* ¶¶ 10-11.  After HB Participações S.A defaulted on the Debentures, the Ativos Funds attached certain of those receivables in an attempt to recoup their losses.  *Id.*

6.     However, the Debtors have challenged the Ativos Funds' attachment of about BR$13.85 million (approximately US $2.56 million) of these funds in the Brazilian reorganization proceeding.  Ex. F at 1.  As relevant here, there are two categories of those receivables:  (1) receivables attached before January 22, 2024; and (2) receivables attached after January 22, 2024.  *Id.*

7.     The Ativos Funds and the Debtors have reached a settlement in Brazil as to the post-January 2024 attachments.  However, the parties have pending motion practice about whether the pre-January 2024 receivables were properly attached.  Poppa Decl. ¶¶ 17-28.  The Debtors have claimed that those attachments are improper because they were withheld by the Ativos Funds through fraud with the participation of third parties.  *Id.* ¶ 28.  In response, the Ativos Funds have claimed that the attachments are proper under the terms of the Indentures, and were not subject to the Debtors' filing for reorganization.  *Id.* ¶¶ 8-15, 28.  The Brazilian court's ruling on that dispute is pending.  *Id.* ¶¶ 17-29.

8.     The Foreign Representative has not asked for relief in this Chapter 15 relating to the receivables litigation.  To the contrary, the Foreign Representative has consistently argued to the Court that the protective order in this case should bar discovery produced in this Chapter 15 case from being used in the Brazilian reorganization proceeding.  Ex. A.  And the Foreign Representative has also emphasized the limited nature of discovery available in this Chapter 15.  As counsel put it to the Court, the proceeding does not "open the door to a free-for-all discovery feast."  7/11/24 Hr'g Tr. 28:21-23.

9.     Moreover, the relief that the Foreign Representative ***has*** sought in this case has nothing to do with the Brazilian receivables litigation.  While the Foreign Representative has filed a motion seeking to stay U.S. litigation against Kenneth Pope, the Foreign Representative

did not originally raise the receivables litigation as a basis for that relief, either.  That is likely because, to the Ativos Funds' knowledge, none of Pope's creditors have asserted any claims in U.S. litigation based on the receivables.  Specifically, the Ativos Funds' lawsuit in New York Supreme Court seeks to enforce Pope's **personal guarantee** of the Ativos Funds' Debentures, not the Ativos Funds' separate right to attach the Debtors' receivables pursuant to the Indenture.

10.     Nonetheless, the Foreign Representative served the Ativos Funds with three substantively identical document requests regarding the receivables.  Exs. B, C, D.  Two of those requests seek discovery under Fed. R. Bankr. P. 2004, while the third purports to seek document discovery under Fed. R. Bankr. P. 7026 and 9014 in support of the Foreign Representative's motion to extend the stay to Pope.  *Id.*  The requests are broadly worded and call for, among other things, "all Documents and Communications relating to [the] Receivables" exchanged with the Debtors themselves and numerous third parties; "All Documents and Communications Concerning the reasons why You have withheld Receivables;" and "All Documents and Communications" concerning the Brazilian receivables litigation.  *See, e.g.*, Ex. B at 7-8.

11.     The Ativos Funds and the Debtors have repeatedly communicated about the receivables in this Chapter 15 in an attempt to resolve their disputes.  Specifically, the Ativos Funds and the Debtors have had numerous calls and emails, including between counsel and between principals, in an attempt to informally settle their Brazilian and U.S. litigation over the receivables.  Counsel have also met and conferred in an attempt to informally resolve the Foreign Representative's discovery requests, including as recently as July 24, 2024.  *See* Ex. E at 1.  However, the parties have been unable to reach a resolution to their discovery dispute.  This motion followed.

<u>**Jurisdiction and Venue**</u>

12.     This Court has jurisdiction pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

13.     Venue is proper under 28 U.S.C. §§ 1401(1) and (3).

14.     The statutory bases for the relief requested are sections 105(a) and 1522 of the Bankruptcy Code, Rules 2004, 7026, and 9014(c) of the Federal Rules of Bankruptcy Procedure, Rule 26 of the Federal Rules of Civil Procedure, and Local Rule 2004-1.

<u>**Relief Requested**</u>

15.     By this motion, the Ativos Funds seek an order:

    a.   Quashing the 2004 Exam Notice;

    b.   Entering a protective order against the discovery sought in the Contested Motion RFPs; and

    c.   Awarding such other and further relief as may be just and proper.

<u>**Argument & Authorities**</u>

**I.     The Court Should Issue a Protective Order Quashing the RFPs**

16.     This Court may issue protective orders upon a showing of good cause.  Fed. R. Civ. P. 26(c)(1); Fed. R. Bankr. P. 7026; *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990); *In re Dernick*, No. 18-32417, 2019 WL 5078632, at *4 (Bankr. S.D. Tex. Sept. 10, 2019).  Good cause includes when the discovery is irrelevant or would cause "annoyance, embarrassment, oppression, or undue burden or expense."  *Landry*, 901 F.2d at 435-36 (affirming protective order for discovery "not needed" to resolve upcoming motion); *In Re Wright*, 568 B.R. 770, 780 (Bankr. S.D. Tex. 2017) (granting protective order against discovery requests seeking irrelevant information); *see* Fed. R. Civ. P. 26(b) (discovery must be relevant to the parties' claims and defenses and proportional to the needs of the case).

17. A protective order is warranted here because the discovery the Foreign Representative seeks is far outside the scope of the Stay Motion. Details about the Ativos Funds' Brazilian litigation over the receivables, including the Ativos Funds' internal communications and documents about that litigation, has no bearing on whether U.S. litigation against Pope should be stayed.

18. The Foreign Representative's sole theory of relevance for this discovery is that it would purportedly show that the Ativos Funds are pursuing litigation against Mr. Pope and the Brazilian receivables litigation out of a bad-faith desire to gain "leverage" and "disrupt[]" the Brazilian bankruptcy. Ex. E at 2. As described above, that personal attack on the Ativos Funds is baseless. The Ativos Funds have pursued both Mr. Pope's personal guarantees and the receivables to recoup the millions of dollars they lost after a default under the Indentures. Poppa Decl. ¶¶ 10-11; *see* pp.3-5, *supra*. But that theory also has no connection whatsoever to the Stay Motion that justifies this discovery.

19. Specifically, the Brazilian receivables litigation is not relevant to any of the standards applicable to the Stay Motion. *First*, to prevail on the Stay Motion, Section 1521 requires the Foreign Representative to show that its relief is "appropriate" and "necessary . . . to protect the assets of the debtor or the interests of the creditors." 11 U.S.C. § 1521(a). But whether staying **U.S.** litigation against **Pope** is necessary to protect the Debtors' assets or creditors' interests does not turn on the merits of **Brazilian** litigation. Whether the Brazilian litigation is in bad faith, as the Foreign Representative incorrectly claims, will not make it more or less likely that the U.S. litigation will harm the Debtors' assets if it proceeds.

20. *Second,* the Brazilian receivables litigation does not impact whether the Foreign Representative can meet the Fifth Circuit's standards for extending a temporary stay of litigation

to nondebtors.  The Court of Appeals allows such a stay only in "unusual circumstances" where (1) "the nondebtor and the debtor enjoy such an identity of interests that the suit against the nondebtor is essentially a suit against the debtor" or (2) "the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization."  *Matter of Zale Corp.*, 62 F.3d 746, 761 (5th Cir. 1995).  Again, neither of these grounds for a stay has anything to do with the Brazilian receivables action.  Whether the Ativos Funds' attachments in Brazil are proper will not establish whether Pope and the Debtors enjoy an identity of interest.  And if the litigation against Pope will adversely impact the Debtors, that is so whether or not the Brazilian litigation was brought in subjective bad faith.  The Fifth Circuit's test analyzes the objective impact on the debtor, not the purported motives of any creditor.

21.     *Third*, and similarly, the Foreign Representative must meet the traditional four-factor test for injunctive relief to enjoin U.S. litigation against Pope.  *Zale*, 62 F.3d at 765; *see* Fed. R. Civ. P. 65; Fed. R. Bankr. P. 7065.  In other words, the Foreign Representative must show, as usual, (1) a likelihood of success on the merits; (2) irreparable harm; (3) that the balance of harms favors it; and (4) where the public interest lies.  *Zale*, 62 F.3d at 765.  These factors, too, do not have any logical link to the Ativos Funds' purported motive for the Brazilian receivables litigation.  Instead, like the other standards, each of these four factors have to do with the objective impact of the ***U.S.*** litigation on the Debtors' reorganization.

22.     In fact, the Court has already recognized the narrowness of the issues for the Foreign Representative's Stay Motion.  As the Court explained at the July 11 hearing, there are only two questions to be answered.  7/11/24 Hr'g Tr. 44:14-21.  ***First***, is Pope "being honest about everything that he's saying" about his assets "in the United States one way or the other"?  *Id.* 44:14-16.  And ***second***, will U.S. litigation against Pope personally "really create a massive

distraction such that the litigation itself will impinge upon the Debtor's ability to prosecute this Chapter 15 case"? *Id.* 44:17-20. The Ativos Funds' purported bad faith sheds no light on the answer to either of those two questions.

23.     Finally, the discovery the Foreign Representative seeks is overbroad and disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b). The Foreign Representative's request repeatedly calls for "All Documents and Communications" about the Receivables, whether or not those documents and communications have any connection to the issues in the Stay Motion. *See* Ex. B at 7-9. The requests also call for plainly privileged information, since they seek documents and communications about orders issued by the Brazilian bankruptcy court. *Id.* at 8. And the requests call for documents that the Debtors should already have, including communications with the Debtors or the SouthRock Group about the receivables. *Id.* The Foreign Representative has shown no reason for these intrusive, sweeping requests. That is more reason why the Court should issue a protective order.

## II.     The Rule 2004 Subpoenas Should Be Quashed

### A.     The Foreign Representative Failed to Comply with Local Rule 2004-1

24.     At the outset, the Subpoenas should be quashed because the Foreign Representative has failed to comply with Local Rule 2004-1. At the July 15 hearing, the Court stated that Rule 2004 would apply as usual to discovery outside any contested matters or adversary proceedings. Under that rule, "[c]conferences to arrange for an agreeable examination schedule are required." L.R. 2004-1(c). "Failure to confer is grounds for a motion to quash and sanctions." *Id.* Not only did the Foreign Representative not confer with the Ativos Funds before launching his 2004 discovery, he also made no effort to arrange for an agreeable examination schedule with the Ativos Funds after the discovery had been propounded. Ex. E at 1. To the contrary, when the Ativos Funds asked for an extension of time to respond to the random date set

forth in the Subpoenas, the Foreign Representative refused.  *Id.* at 2.  This failure to comply with the Local Rules, by itself, requires quashing the Subpoenas.

> **B.**     **The Rule 2004 Subpoenas Serve No Proper Purpose**

25.     Although Rule 2004 discovery is broad, "its scope is not limitless."  *Snyder v. Soc'y Bank*, 181 B.R. 40, 41-42 (S.D. Tex. 1994), *aff'd sub nom. In re Snyder*, 52 F.3d 1067 (5th Cir. 1995) (Rule 2004 discovery properly denied when party seeking discovery offered "no explanation of the need" for the documents).  It "cannot be used to harass or oppress," or to further litigation "pending before another tribunal."  *In re Snyder*, 52 F.3d 1067 (5th Cir. 1995).

26.     In addition, Rule 2004 discovery should only be granted upon a finding of good cause, which means the discovery is "necessary to establish the claim of the party seeking the examination."  *ePlus, Inc. v. Katz (In re Metiom, Inc.)*, 318 B.R. 263, 268 (S.D.N.Y. 2004) (citations omitted); *see also In re Express One Int'l, Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex. 1998).  The court must also weigh the relevance of the discovery against the burden it will impose.  *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991).  The discovery should not "be more disruptive and costly" to the producing party than "beneficial" to the recipient.  *In re Texaco Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987).  In all events, Rule 2004 discovery should not "stray into matters which are not relevant to the basic inquiry."  *In re Mastro*, 585 B.R. 587, 597 (B.A.P. 9th Cir. 2018) (quotation marks omitted).

27.     Here, the Foreign Representative's Rule 2004 Subpoenas relating to the receivables serve no practical purpose.  The Foreign Representative claims to need that discovery to "investigate [the Ativos Funds'] potential fraudulent conduct and wrongdoing" and "obtain information relating to the assets and the administration of the Debtors' estate."  Ex. E at 2. Neither rationale holds water, because – as discussed below – the materials the Foreign Representative seeks cannot be used in either U.S. or Brazilian litigation.  With no potential use

for the materials domestically or abroad, the only possible purpose of the Rule 2004 Subpoenas is to harass.  The Subpoenas should therefore be quashed.

### 1. The Discovery Cannot Be Used in the Brazilian Proceeding

28.     The Rule 2004 Subpoenas seek material that the Foreign Representative has agreed not to use in the Brazilian bankruptcy, including in the dispute regarding the seized accounts receivable.  The operative interim Protective Order in this case provides that discovery produced in this case shall be used "solely for the purposes of this chapter 15 proceeding," and not in "any other proceedings in the United States and Brazil" unless otherwise permitted by the Court.  Second Interim Protective Order ¶8 [Docket No. 54].

29.     Further, while the parties are currently negotiating a final protective order to conform to the Court's ruling at the July 11, 2024 conference, the Debtors have consistently proposed draft protective order language that documents produced in this case cannot be used in the Brazilian proceedings.  Ex. A at 5-6.  That is consistent with the position the Foreign Representative took when he argued to the court that "the Court should limit the use of produced documents to this chapter 15 proceeding."  *Id.* at 6; *see also* Ex. G (proposed protective order submitted by the Foreign Representative stating that "All Designated Material shall be used by the Receiving Parties **solely for the purposes of this Chapter 15 proceeding**, including any objections to the relief sought by the Debtors or by Pope" (emphasis added)).[2]

---

[2] In a July 24, 2024 meet and confer, the Foreign Representative suggested for the first time that he seeks to use discovery in Brazilian litigation while denying Objectors the right to use discovery in that proceeding as well.  There is no basis to tie the Objectors' hands in that way.  It would be absurd, for example, if the Foreign Representative were able to use U.S.-produced documents in a misleading way in the Brazilian litigation, while the Objectors were barred by the protective order from responding with the truth.  In any event, the Foreign Representative has never actually proposed a draft protective order with this language, either to the Court or even to the parties.  The parties continue to meet and confer on this issue, but if the Court's intervention is required, the Ativos Funds will request that the Foreign Representative be held to its prior proposal.

30.     Moreover, any use of the Rule 2004 Subpoenas for the Brazilian proceeding would be prohibited by the pending proceeding rule.  That "well recognized" rule prohibits Rule 2004 discovery for use in another proceeding, including "foreign litigation."  *In re Glitnir banki hf.*, No. 08-14757 SMB, 2011 WL 3652764, at *4 (Bankr. S.D.N.Y. Aug. 19, 2011).  As the Fifth Circuit has confirmed, "Rule 2004 should not be used to obtain information for use in . . . [a] proceeding pending before another tribunal."  *In re Snyder*, 52 F.3d 1067 (5th Cir. 1995).  As described above, the Debtors and the Ativos Funds are in active litigation in Brazil over the receivables.  *See* p. 4, *supra*.  Granting the Debtors' discovery request for use in Brazil would thus contravene the pending proceeding rule.

31.     The Brazilian litigation cannot justify the Subpoenas.  That result is consistent with the Debtors' own representations in this case.  Indeed, counsel to the Foreign Representative has stated in open court that chapter 15 is not meant to provide "U.S. style discovery tools" the parties "can't get back home."  7/11/24 Hr'g Tr. 28:1-3, 28:20-21.  Counsel also rightly stated that the scope of discovery in this chapter 15 case is limited:  This is not "a plenary proceeding," and it did not "open the door to a free-for-all discovery feast."  *Id.* at 28:4, 28:22-23.  The Court should hold the Foreign Representative to his word and prohibit discovery outside the issues genuinely at stake in the Chapter 15.

### 2.     *The Discovery Cannot Be Used in the United States*

32.     Potential U.S. litigation cannot justify the Rule 2004 Subpoenas, either.  As a preliminary matter, it would be improper to raise the accounts-receivable dispute – the only topic the Subpoenas address – in a U.S. action. Counsel to the Foreign Representative rightly acknowledged that chapter 15 is not meant to provide a workaround for foreign disputes to obtain American-style discovery.  7/11/24 Hr'g Tr. 28:18-21.

33.     Rather, this Chapter 15 proceeding was commenced to (1) "enforce the orders of the Brazilian court" and (2) "seek protection of assets in the United States."  *Id.* 28:4-7. Discovery should be "cabin[ed] . . . to its logical limits."  *Id.* 28:2-3; *see also In re Mastro*, 585 B.R. at 597 (Rule 2004 discovery should "stray into matters which are not relevant to the basic inquiry").  But the parties' receivables dispute has no bearing on either of those two goals.  There is no order yet on the Ativos Funds' attachment of pre-January 2024 receivables, because that issue is pending before the Brazilian court.  Poppa Decl. ¶¶ 25-26.  And the receivables are not U.S. assets.  Nor does the Foreign Representative claim that he intends to use this discovery in U.S. litigation.  *See* Ex. E at 2.

34.     In any event, the Foreign Representative could not bring suit in the U.S. over the receivables if he wanted to.  Several well-established principles show that such litigation belongs in Brazil, not the U.S.  *First*, under the doctrine of *forum non conveniens*, a court should decline jurisdiction over a case if "the convenience of the parties and the court and the interests of justice indicate that the action should be tried in another forum."  *Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824, 828 (5th Cir. 1993) (quotation marks omitted) (weighing those "public" and "private" factors).  Here, there is already an adequate foreign forum, as the matter is already being actively litigated in Brazil.  *Id.* at 835.  The "private interest" factors would favor dismissal because the ease of access to source of proof, the location of witnesses, and other factors "affecting the ease, speed, and expense of trial or the enforceability of a judgment" favor Brazil as a forum.  *Id.* at 836.  And the "public interest factors" would favor dismissal, too, because of Brazil's interest in the case and the application of Brazilian law to the dispute.  *Id.* at 837 n.15.

35.     Finally, even if it were proper to bring an action relating to the accounts-receivable dispute – and for the all the reasons set forth above, it is not – there would be no jurisdiction in the United States over the dispute.

36.     This Court would need personal jurisdiction over the Ativos Funds in any adversary proceeding relating to the accounts-receivable issue. Fed. R. Bankr. P. 7004(f) (exercise of personal jurisdiction must be "consistent with the Constitution"). But such jurisdiction is lacking. The Ativos Funds are Brazilian entities with no business in the United States. They do not have "continuous and systematic general business contacts" with the Southern District of Texas sufficient to create general personal jurisdiction. *In re Viking Offshore (USA) Inc.*, 405 B.R. 434, 439 (Bankr. S.D. Tex. 2008). And the accounts-receivable issue does not "aris[e] out of or relate[] to" the Ativos Funds' contact with the Southern District of Texas for specific personal jurisdiction. *Id.* Nor would *in rem* jurisdiction exist over the foreign assets unless the Debtors filed a plenary Chapter 11 case in this Court. *See In re Brit. Am. Ins. Co. Ltd.*, 488 B.R. 205, 226 (Bankr. S.D. Fla. 2013).

37.     Because the Foreign Representative could not get personal jurisdiction over the Ativos Funds in the U.S. in any suit over the receivables, and because the Foreign Representative has argued vigorously against the use of ***any*** discovery in this matter in Brazil, there is no practical use the Foreign Representative could make of this information. Because the Subpoenas are effectively pointless, they should be quashed.

### C.      The Rule 2004 Subpoenas Are Unduly Burdensome and Harassing

38.     With no conceivable use for discovery regarding the accounts-receivable here or in Brazil, there is good cause to quash the Rule 2004 Subpoenas, as the discovery is irrelevant, unduly burdensome, and harassing.

39.     First, there is no good cause to grant the discovery request because the Debtors cannot show that the material they seek would be "necessary to establish" any claim or cause of action.  *ePlus, Inc.*, 318 B.R. at 268.  Absent an "explanation of the need for the required documents," good cause is not present and Rule 2004 discovery is inappropriate.  *Snyder*, 181 B.R. at 42.

40.     Second, with no potential use for the discovery, the Subpoenas are, by definition, unduly burdensome.  *Hennessey v. Genesis Health Ventures, Inc.*, No. 99-2762, 2000 WL 420629, at *4 (E.D. Pa. Apr. 11, 2000) (discovery requests were unduly burdensome when proponent "pointed to no use for the material").  Searching for, reviewing, and producing the materials would be "more disruptive and costly" to the Ativos Funds than "beneficial" to the Debtors because the Debtors cannot and will not ultimately use any of the materials.  *In re Texaco Inc.*, 79 B.R. at 553.

41.     Finally, the Rule 2004 Subpoenas are an exercise in harassment.  The requests have nothing to do with these chapter 15 proceedings, which the Debtors themselves acknowledge are narrowly limited to (1) enforcement of Brazilian court orders and (2) protection of U.S. assets.  7/11/24 Hr'g Tr. 28:4-7.  And the ongoing litigation in Brazil affords discovery into the accounts-receivable dispute.  The Debtors should use Brazilian discovery procedures to litigate those claims in Brazil.

**D.      At a Minimum, the Court Should Limit the Scope of, and Extend the Deadline for, the Ativos Funds' Response to the Rule 2004 Subpoenas**

42.     Even if the Court were to permit the Subpoenas – and it should not – at least two modifications are necessary to prevent undue burden for the Ativos Funds.

43.     *First*, the Court should extend the response date for the Subpoenas until at least two weeks after the August 1 Hearing on the Stay Motion.  The Ativos Funds asked for such a

common-sense extension, but the Foreign Representative refused.  Ex. E at 2.  However, the Foreign Representative has given no reason whatsoever why a response to the 2004 Subpoenas is necessary on this compressed timeline.  There is none.  If this discovery is actually necessary, it can and should be handled in due course after the August 1 hearing.

44.     *Second*, the Court should modify the Subpoenas to require only the production of non-custodial documents.  As currently drafted, the Subpoenas call for "All Documents and Communications," which would require a burdensome, expensive, and time-consuming review of email and other electronic communications.  Exs. C, D.  The Foreign Representative has shown no reason for such an invasive search other than to harass the Ativos Funds. The Court should thus quash that portion of the Subpoenas that calls for custodial communications or, in the alternative, require the parties to meet and confer on that issue.

45.     The only basis the Foreign Representative has given for refusing to limit the deadline for, or scope of, the Subpoenas is that the Ativos Funds purportedly did not comply with the response deadline of Local Rule 2004-1(f).  Ex. E at 2.  But the Ativos Funds have been consistently meeting and conferring with the Foreign Representative about the issue of the receivables, including multiple discussions between the parties' attorneys and their principals about a settlement of that issue.  *See* Ex. F.  The Ativos Funds have acted in good faith in an effort to resolve this dispute without the Court's intervention.  In any event, the Foreign Representative has not identified – and could not identify – any conceivable prejudice from any technical noncompliance with the Local Rules.  If the Court does not quash the Subpoenas altogether, it should at a minimum narrow them and extend the time to respond.

## Conclusion

**WHEREFORE**, the Ativos Funds respectfully request that the Court issue an order granting the Motion and quashing the Rule 2004 Subpoenas, and granting the Ativos Funds such other and further relief as may be just and proper.

Respectfully submitted this 25th day of July, 2024.

**GRAY REED**

*/s/ Jason S. Brookner*
    Jason S. Brookner
    Texas Bar No. 24033684
    Amber M. Carson
    Texas Bar No. 24075610
1300 Post Oak Boulevard, Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Email: jbrookner@grayreed.com
      acarson@grayreed.com

    -and-

**MOLOLAMKEN LLP**
    Justin M. Ellis (admitted *pro hac vice*)
    Lauren F. Dayton (admitted *pro hac vice*)
    Catherine Martinez (admitted *pro hac vice*)
430 Park Avenue
New York, New York 10022
Telephone: (212) 607-8160
Email: jellis@mololamken.com
      ldayton@mololamken.com
      cmartinez@mololamken.com

*Counsel to Ativos Especiais II - Fundo de Investimento em Direitos Creditórios - NP and Ativos Especiais III - Fundo de Investimento em Direitos Creditórios - NP*

17

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on the 25th of July, 2024, he caused a true and correct copy of the foregoing document to be served on all parties who have subscribed for electronic notice via the Court's CM-ECF Notification System.

<p style="text-align: center;"><em><u>/s/ Jason S. Brookner</u></em><br>Jason S. Brookner</p>

# Exhibit A

| | |
|---|---|
| **From:** | Alain Jaquet <alainjaquet@quinnemanuel.com> |
| **Sent:** | Sunday, June 30, 2024 3:46 PM |
| **To:** | Ellis, Justin; Rosario_Saldana@txs.uscourts.gov |
| **Cc:** | Patty Tomasco; Joanna Caytas; Razmig Izakelian; mkleinsasser@winstead.com; mheld@jw.com; alozano@jw.com; Ken Pope; Dayton, Lauren; mcavenaugh@jw.com; francisco.vazquez@nortonrosefulbright.com; toby.gerber@nortonrosefulbright.com; jason.blanchard@nortonrosefulbright.com; Gabriela Menna Barreto Scanlon; Bankler, Chris; Vinícius Macedo Teixeira; Chow, Anden; Martinez, Catherine; Jason S. Brookner; Rachel Harrington |
| **Subject:** | RE: In re SouthRock Capital Ltda., No. 24-90398 |

Dear Ms. Saldaña:

We represent the Foreign Representative in the above-captioned chapter 15 case. In response to the June 28, 2024 email of the Ativos Especiais II - Fundo de Investimento em Direitos Creditorios - NP and Ativos Especiais III - Fundo de Investimento em Direitos Creditorios - NP (collectively, the "Ativos Funds"), we state the following:

I.     **Relevant Background**

On June 12, 2024, the Foreign Representative filed (1) a verified petition for the U.S. recognition of the Brazilian Insolvency Proceeding (the "Verified Petition," ECF No. 9); and (2) an emergency motion for provisional relief pending recognition (the "Motion," ECF No. 10).  In the Motion, the Foreign Representative sought a temporary stay with respect to the Debtors, Mr. Pope, and their U.S. property (the "Sought Relief") to (1) provide the Debtors with a breathing space; and (2) avoid unnecessary interferences to the Brazilian Insolvency Proceeding by the Objectors, which had commenced U.S. proceedings against both the Debtors and Mr. Pope.  Motion ¶¶ 23–24, 27.  In support of the Motion, the Foreign Representative enclosed his declaration (the "Rohr Declaration" or "Rohr Decl," ECF No. 7), as well as a declaration of Mr. Pope (the "Pope Declaration," ECF No. 8), who is a director of each of the Debtors.  *Id*., ¶ 4.  In particular, the Rohr Declaration describes how the U.S. litigation is consuming Mr. Pope's time and energies to the detriment of the Debtors' reorganization efforts in Brazil during a critical phase where the Debtors are required to prepare and submit their plan of reorganization.  Rohr Decl. ¶¶ 12–14, 82.  The Pope Declaration, instead, shows how futile are the U.S. litigations against the apical officer the Southrock Group, given that he has minimal assets in the United States.  Pope Decl. ¶¶ 4–8.

Between June 13 and 14, 2024, the Objectors filed their objection to the Sought Relief limitedly to Mr. Pope.  ECF Nos. 16, 17, 18, and 24.  On June 14, 2024, Judge Lopez held a hearing on the Motion to which attended the Foreign Representative, Mr. Pope and all the Objectors (the "Hearing").  During the Hearing, Judge Lopez granted a provisional stay in favor of the Debtors.  *See* Provisional Relief Order (ECF No. 38), ¶ 2.  Regarding an extension of the stay to Mr. Pope, Judge Lopez adjourned the matter to July 15, 2024, asking that Mr. Pope and the Objectors maintain the *status quo* with respect to the relief sought by the Foreign Representative.  Provisional Relief Order ¶ 5.  Also, Judge Lopez confined the scope of the discovery to the contested matter set for July 15, 2024, and advised that discovery disputes should be resolved via telephone conference, avoiding motion practice.

Then, as directed by Judge Lopez, the Foreign Representative, Mr. Pope and the Objectors conferred regarding the content of the Provisional Relief Order, which the Foreign Representative filed on June 20, 2024, and the Court entered on June 21, 2024.  Paragraph 6 of the Provisional Relief Order provides that:

[T]he Objectors and the Foreign Representative may conduct discovery prior to the Final Hearing **limited to**: (a) the Debtors' Verified Petition for Recognition; and (b) the provisional relief sought in the Motion with respect to Pope, including the Pope Declaration and the Rohr Declaration. That **limited discovery** may include document discovery from the Debtors, the Foreign Representative, and Pope; depositions of Pope, the Foreign Representative, and any other person whose testimony the Debtors or the Objectors may present at the Final Hearing in support of the Motion; and third-party discovery. Nothing herein shall be construed to prohibit, impede or stay third-party discovery by the Objectors in proceedings that have been pending prior to the commencement of the Debtors' Chapter 15 Case, except for discovery on SouthStone Capital, LLC." (Emphasis added.).

On June 20, 2024, the Ativos Funds served (1) **10 requests for production to the Debtors**, asking for documents by June 26, 2024 (the "Debtors RFPs"); (2) **9 interrogatories to Mr. Pope**, asking for responses by June 27, 2024; and (3) **17 requests for** production to Mr. Pope (the "Pope RFPs"), asking for documents by June 27, 2024.  The Pope RFPs explicitly target communications between a director of all the Debtors and Quinn Emanuel in relation to the chapter 15 proceeding:

- Request for Production no. 15: "All Documents and Communications with Quinn Emanuel or the Foreign Representative regarding this chapter 15 case;"

- Request for Production no. 16: "All Documents and Communications with Quinn Emanuel regarding the [Pope Declaration];" and

- Request for Production no. 17: "Documents and Communications with Quinn Emanuel regarding the [Motion]."  (Collectively, the "Disputed RFPs.")

In addition, on June 20, 2024, the Ativos Funds shared a draft protective order (the "Objectors Protective Order"), which authorizes the use of the documents produced by the Foreign Representative or Mr. Pope for needs that are estranged to those of the chapter 15 proceeding.  Indeed, the Objectors propose to use chapter 15 document productions "for the purposes of any other proceedings in the United States and Brazil involving the Debtors or Pope that were filed prior to this stipulation … as well as any action that may be commenced by the [Objectors] in any other jurisdiction or other proceeding that becomes available to the [Objectors] for claims related to [above-mentioned litigation] …."  Objectors Protective Order ¶ 8.  The Objectors Protective Order then specifies that the Objectors can use the documents in the following ongoing litigations—many of which were amongst the causes leading to the Debtors' filing of the chapter 15 proceeding:

| Litigation | Foreign Representative Comments |
| --- | --- |
| *Banco Modal S.A. v. Kenneth Steven Pope*, Case No. 2023-80596 (Tex. 234th Dist. Ct.) | - Included in the U.S. Litigation leading the Foreign Representative to file the Motion. Rohr Decl. ¶ 76. |
| *Ativos Especiais II – Fundo De Investimento Em Direitos Creditorios – NP and Ativos Especiais III – Fundos de Investimento Em Direitos Creditorios – NP v. Kenneth Steven Pope*, Index No. 655972/2023 (N.Y. Supr. Ct.) | - Included in the U.S. Litigation leading the Foreign Representative to file the Motion. Rohr Decl. ¶ 77. |
| *Banco Votorantim S.A. v. Kenneth Steven Pope*, Case No. | - Included in the U.S. Litigation leading the Foreign Representative to file the Motion.  Rohr Decl. ¶ 79. |

| Litigation | Foreign Representative Comments |
|---|---|
| 2024-008379-CA-01 (Fla. 11th Cir. Ct.) | • The following **Debtors are amongst the Defendants: SouthRock Capital Ltda.** ("Southrock"); **Brazil Airport Restaurantes S.A.** ("Brazil Airport"); **Starbucks Brasil Comércio de Cafés Ltda.** ("Starbucks Brasil"). <br><br> • In Brazil, the underlying judgement cannot be enforced against the Debtors due to a stay under Brazilian insolvency laws. |
| *Banco Votorantim S.A. v. Starbucks Brasil Comercio De Cafes Ltda.*, Case No. 24-4261-467 (Tex. 467th Dist. Ct.) | • Included in the U.S. Litigation leading the Foreign Representative to file the Motion. Rohr Decl. ¶ 81. <br><br> • The following **Debtors are amongst the Defendants: SouthRock and Starbucks Brasil**. <br><br> • In Brazil, the underlying judgement cannot be enforced against the Debtors due to a stay under Brazilian insolvency laws. |
| *Ibiuna Credito Gestao de Recursos Ltda. v. The Pope Terry D & Barbara A The Pope 2007 Revoc Trust, et al.*, Case No. 24-mc-00078 (E.D. Tex.) | • Included in the U.S. Litigation leading the Foreign Representative to file the Motion. Rohr Decl. ¶ 78. <br><br> • **SouthStone Capital LLC** (i.e., property of Mr. Pope) is a defendant, along with the The Pope Terry D & Barbara A The Pope 2007 Revoc Trust. <br><br> • Discovery is sought in connection with, among other things, civil proceedings and criminal proceedings relating to the Ibiuna Group (*see* next rows). |
| *Ibiuna Credito Gestao de Recursos Ltda v. Goldman Sachs Group Inc.*, Case No. 24-mc-00013 (S.D.N.Y.) | • A second discovery proceeding—this time in the Southern District of New York. <br><br> • Defendants are Goldman Sachs Group Inc.; Goldman Sachs & Co. LLC; Santander Bank, N.A.; The Clearing House Payments Company LLC; and Federal Reserve Bak of New York. <br><br> • Discovery is sought in connection with, among other things, civil proceedings and criminal proceedings relating to the Ibiuna Group (*see* next rows). |
| *1161693-64.2023.8.26.0100*, Civil Proceeding, assigned to the 33rd Civil Chamber of the São Paulo State Court | • Brazilian enforcement proceeding commenced by the Ibiuna Group. <br><br> • The Defendants are Mr. Pope and **Debtors SouthRock and Starbucks Brasil**. <br><br> • In Brazil, the proceeding is stayed against the Debtors due to a stay under Brazilian insolvency laws. |
| *1171445-60.2023.8.26.0100*, Civil Proceeding, assigned to the 38th Civil Chamber of the São Paulo State Court; | • Brazilian enforcement proceeding commenced by the Ibiuna Group. <br><br> • The Defendants are Mr. Pope and **Debtors Southrock, SR N Participações S,A,; Src 5 Participações Ltda; SW do Brasil Ltda.; and Wahalla Ltda**. <br><br> • In Brazil, the proceeding is stayed against the Debtors due to a stay under Brazilian insolvency laws. |
| *1153819-28.2023.8.26.0100*, Reorganization Proceeding, assigned to the 1st Bankruptcy Chamber of the São Paulo State Court; | • This is the Brazilian Insolvency Proceeding for which the Foreign Representative is seeking recognition. <br><br> • The flux of information that the Debtors are required to provide in this proceeding is determined by the Brazilian insolvency laws, and the Brazilian Insolvency Court and the Judicial Administrator may also request further information during the proceeding. |

| Litigation | Foreign Representative Comments |
|---|---|
| 1035517-06.2024.8.26.0100, 2nd Reorganization Proceeding, assigned to the 1st Bankruptcy Chamber of the São Paulo State Court | • The Brazilian Insolvency Court ordered that this proceeding merged into the Brazilian Insolvency Proceeding for which the Foreign Representative is seeking recognition. |
| *WBFU23803915937 - Criminal Investigation, São Paulo State Police* | • The Brazilian police is investigating the facts described in a criminal complaint filed by the Ibiuna Group. |
| *1549708-86.2023.8.26.0050 - Criminal Investigation, São Paulo State Police* | • The Brazilian police is investigating the facts described in a criminal complaint filed by the Ibiuna Group. |

On June 21, 2024, the Ativos Funds asked to depose both the Foreign Representative and Mr. Pope. The Foreign Representative's deposition is currently scheduled for July 9, 2024, while Mr. Pope's deposition is currently scheduled for July 12, 2024.

On June 25, 2024, the Ativos Funds issued third-party subpoenas to the following **14 entities**, requesting document productions by July 1, 2024:

| Third-Party | Foreign Representative Comments |
|---|---|
| Federal Reserve Bank of New York | • Defendant in the discovery proceeding in the Southern District of New York (*see* chart above). |
| Bank of America Corporation | • Mr. Pope holds an account at Bank of America, which is funded by alimonies paid by his ex-spouse for the maintenance of their children. Pope Decl. ¶¶ 4, 8. |
| Goldman Sachs Group Inc. | • Defendant in the discovery proceeding in the Southern District of New York (*see* chart above).<br>• Mr. Pope holds an account at Goldman Sachs with a balance of approximately $1,152. Pope Decl. ¶ 4. The balance of this account has been already attached by the Ativos Funds in connection with related U.S. litigation (*see* chart above). *Id.*, ¶ 6.<br>• SouthStone holds an account at Goldman Sachs with a balance of $18,191. *Id.*, ¶¶ 13–14. The balance of this account has been already attached by the Ativos Funds in connection with related U.S. litigation (see chart above). Id., ¶ 15. |
| Goldman Sachs & Co. LLC | • Defendant in the discovery proceeding in the Southern District of New York (*see* chart above).<br>• Pope holds an account at Goldman Sachs with a balance of approximately $1,152. Pope Decl. ¶ 4. The balance of this account has been already attached by the Ativos Funds in connection with related U.S. litigation (*see* chart above). *Id.*, ¶ 6.<br>• SouthStone Capital LLC holds an account at Goldman Sachs with a balance of $18,191. *Id.*, ¶¶ 13–14. The balance of this account has been already attached by the Ativos Funds in connection with related U.S. litigation (see chart above). Id., ¶ 15. |
| Santander Bank, N.A. | • Defendant in the discovery proceeding in the Southern District of New York (*see* chart above). |

| Third-Party | Foreign Representative Comments |
|---|---|
| UBS Financial Services, Inc. | • Pope holds an account at UBS with a balance of approximately $21,518.99. Pope Decl. ¶ 4. The balance of this account has been already attached by the Ativos Funds in connection with related U.S. litigation (*see* chart above). *Id.*, ¶ 6. |
| Bank of America Legal Order Processing | • Mr. Pope holds an account at Bank of America, which is funded by alimonies paid by his ex-spouse for the maintenance of their children. Pope Decl. ¶¶ 4, 8. |
| SouthStone Capital, LLC | • Property of Mr. Pope.<br>• Defendant in U.S. Litigation leading the Foreign Representative to file the Motion. Rohr Decl. ¶ 78.<br>• The Provisional Relief Order provides: "Nothing herein shall be construed to prohibit, impede or stay third-party discovery by the Objectors in proceedings that have been pending prior to the commencement of the Debtors' Chapter 15 Case, except for discovery on SouthStone Capital, LLC." |
| The Pope Terry D & Barbara A The Pope 2007 Revoc Trust | • Defendant in connection with U.S. Litigation leading the Foreign Representative to file the Motion. Rohr Decl. ¶ 78. |
| The Clearing House Payments Company L.L.C. | • Defendant in the discovery proceeding in the Southern District of New York (*see* chart above). |
| SouthRock Capital LLC; Pope Investments, LLC; Pope Revocable Trust; and Glenwood Holdings, LLC | |

On June 26, 2024, the Foreign Representative provided the Ativos Funds with his responses and objections to the Debtors RFPs, noting, among other things, that if the Debtors were to produce documents, that would not occur prior to July 3, 2024. Also, on June 27, 2024, the Foreign Representative provided the Ativos Funds with his objections to the Pope RFPs, stating that the Foreign Representative opposed to the production of privileged communications. In addition, the Foreign Representative provided the Objectors with a revised version of the draft protective order (the "Foreign Representative Protective Order"), in which the Foreign Representative proposed to limit the use of the produced documents to the ongoing chapter 15 proceeding.

On June 28, 2024, counsel for the Foreign Representative and the Objectors, and Mr. Pope participated in a meet and confer (the "Meet and Confer"). Following this meeting, the Foreign Representative and the Ativos Funds still disagree on (1) the scope of the protective order (Section II below); and (2) Ativos seeking privileged information (Section III below).

On May 10, 2024, the Brazilian Bankruptcy Court entered two orders requiring the Ativos Funds and Banco Modal to give the Debtors immediate access to certain receivables that the two financial institutions have illicitly withheld since January 22, 2024. The total of these receivables is approximately BRL 17.528 million (or approximately $3.133 million), of which (1) BLR 13 million (or approximately $2.324 million) owed by the Ativos Funds, retained in their favor by a third-party non recognized as legitimate by the Debtors; and (2) BLR 4.528 million (or approximately $809,053) are owed by Banco Modal.

## II. The Use of Produced Documents Should Be Limited To This Chapter 15

The Foreign Representative maintains that the use of produced documents should be limited to this chapter 15 proceeding. Indeed, through their proposed protective order, the Objectors disregard Judge Lopez (1) ordering a

stay in favor of the Debtors; (2) requesting the Objectors to maintain the *status quo* in relation to the Sought Relief relating to Mr. Pope; and (3) denying extensive discovery with respect to matters that are outside the narrow contested matter (i.e., extension of the stay to Mr. Pope).

The Objectors are overstepping the stay in favor of the Debtors as they intend to unduly leverage this chapter 15 proceeding to serve their interests in other U.S. proceedings against the Debtors that are stayed pursuant to the Provisional Relief Order.  Similarly, by attempting to use documents in proceedings against Mr. Pope, the Objectors are not maintaining the *status quo* that Judge Lopez requested at the Hearing as, through the chapter 15, they are clearly pursuing discovery for the benefit of those other proceedings.

Further, the virtually unlimited use of the documents that is proposed by the Objectors contradicts Judge Lopez only allowing limited discovery in the chapter 15 proceeding to test the veracity of the Foreign Representative and Pope Declarations regarding an extension of the stay to Pope.  Judge Lopez did not authorize discovery in this chapter 15 proceeding for the benefit of other ongoing (or hypothetical) litigations targeting the Debtors and/or Mr. Pope.  And in that respect, the Provisional Relief Order—which the Objectors now try to circumvent—provides that chapter 15 "discovery … is limited to" the Verified Petition and the Motion."

Moreover, a protective order that authorizes the use of documents in other ongoing litigations against Mr. Pope is the equivalent of an anticipated ruling on the part of the Sought Relief that is still contested, frustrating the stay in favor of Mr. Pope that Judge Lopez may order.

Therefore, considering the foregoing, the Court should limit the use of produced documents to this chapter 15 proceeding, as proposed in the Foreign Representative Protective Order.

III.    **The Ativos Funds' Request To Obtain Communications Between Mr. Pope and Quinn Emanuel Is Unwarranted And Harassing**

In relation to the Disputed RFPs, before the Meet and Confer, the Foreign Representative's Counsel repeatedly asked the Ativos Funds to provide cases that would support their contentions that communications between Mr. Pope—a director of each Debtors—and Quinn Emanuel that relates to this chapter 15 are not privileged.  Indeed, "Communications between corporate client and outside litigation counsel are cloaked with a presumption of privilege."  *United States v. Davita, Inc.*, 301 F.R.D. 676, 682 (N.D. Ga. 2014), *on reconsideration in part*, No. 1:07-CV-2509-CAP-JSA, 2014 WL 11531065 (N.D. Ga. May 21, 2014); *see also In re Worldwide Wholesale Lumber, Inc.*, 392 B.R. 197, 203 (Bankr. D.S.C. 2008) (applying attorney-client privilege even to pre- and post-petition's communications between the trustee's counsel and former officer and director because the latter might have information that was relevant to the rendering of legal advice to the trustee, and noting that "[t]he [t]rustee and her counsel need to be able to communicate in confidence with former agents of the corporation in order to develop their legal theory … on behalf of Debtor.").

Unsurprisingly, the Ativos Funds failed to provide any cases, and when asked to explain the basis for these document requests, the failed to articulate any justifiable reasons beyond mere speculation (e.g., alleged and unspecific discussions regarding Mr. Pope's personal legal affairs (?) or other vague "non-legal discussions" (?)), which shows the intent to pursue a fishing expedition.

Indeed, the Ativos argued that they sought discovery to (1) check who has the control of the chapter 15 proceeding (a question that could be easily asked to the Foreign Representative and Mr. Pope during their scheduled depositions); and (2) make sure that, by paying Quinn Emanuel for their services, the Debtors would not somehow misuse funds to the detriment of all creditors.  And this latest assertion sounds almost ironic, as it comes from the Ativos Funds, which, to the detriment of the Debtors' estate, (1) have illegally withheld approximately $2.324 million of receivables that belong to the Debtors; and (2) are wasting Debtors' financial and human resources in seeking unreasonable and unwarranted discovery.

Through the Disputed RFPs, the Ativos Funds aim to disrupt an efficient flow of information between the Debtors and their counsel in connection with this chapter 15 proceeding. And, to a larger extent, the Disputed RFPs— which are coupled with the menace of a contempt motion— are no more than another showing that the Ativos are actively interfering with the restructuring in Brazil, and are seeking to leverage the U.S. legal system for debt that remains subject to and stayed by (as to the Debtors) the Brazilian Insolvency Proceeding.

Finally, it is worth noting that, as a matter of principle, in a chapter 15 proceeding, only the foreign representative can seek section 1521(a)(4) discovery. *See* 11 U.S.C. 1521(a)(4); 1 Collier on Bankruptcy 13.07 (16th ed. 2020) ("Section 1521(a)(4) authorizes the court to give the foreign representative the power to engage in discovery, without the necessity of opening formal litigation. This broad power of examination gives the foreign representative investigative powers similar to a trustee."); *In re China Medical Technologies*, Case No. 12-13736, Order, ECF No. 91 (Bankr. S.D.N.Y. March 29, 2013) (denying discovery to creditors in a chapter 15 case); *In re Perforadora Oro Negro, S. de R.L. de CV*, No. 18-11094 (Bankr. S.D.N.Y.), June 27, 2018, Hr'g. Tr. at 157-58 (arguing that chapter 15 does not allow parties other than foreign representative to seek discovery) and 214 (denying request of debtors' bondholder for affirmative discovery), ECF No. 87; *In re Sibaham Ltd.*, No. 19-31537, 2020 WL 2731870, at *4 (Bankr. W.D.N.C. May 4, 2020) ("Discovery in a Chapter 15 foreign main proceeding falls under § 1521(a)(4). Chapter 15 discovery, like all discretionary relief under § 1521, is one-sided, as it can only be granted 'at the request of the foreign representative.' If the Objecting Parties wish to obtain documents, they cannot do so in the context of an ancillary proceeding such as the Chapter 15 case, but rather must seek such relief in the UK Proceeding." (citations omitted)).

Respectfully submitted,

Alain Jaquet

**Alain Jaquet**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
646.300.2776 Mobile
202.538.8000 Main Office Number
202.538.8100 FAX
alainjaquet@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Ellis, Justin <JEllis@mololamken.com>
**Sent:** Friday, June 28, 2024 5:34 PM
**To:** Rosario_Saldana@txs.uscourts.gov
**Cc:** Patty Tomasco <pattytomasco@quinnemanuel.com>; Joanna Caytas <joannacaytas@quinnemanuel.com>; Razmig Izakelian <razmigizakelian@quinnemanuel.com>; mkleinsasser@winstead.com; mheld@jw.com; alozano@jw.com; Alain Jaquet <alainjaquet@quinnemanuel.com>; Ken Pope <ken.pope@southrockcapital.com>; Dayton, Lauren <ldayton@mololamken.com>; mcavenaugh@jw.com; francisco.vazquez@nortonrosefulbright.com; toby.gerber@nortonrosefulbright.com; jason.blanchard@nortonrosefulbright.com; Gabriela Menna Barreto Scanlon <gabriela@mbscanlon.com>; Bankler, Chris <cbankler@jw.com>; Vinícius Macedo Teixeira <vteixeira@warde.com.br>; Chow, Anden <AChow@mololamken.com>; Martinez, Catherine <cmartinez@mololamken.com>; Jason S. Brookner <jbrookner@grayreed.com>
**Subject:** In re SouthRock Capital Ltda., No. 24-90398

Dear Ms. Saldaña:

We represent Ativos Especiais II - Fundo de Investimento em Direitos Creditrios – NP and Ativos Especiais III - Fundo de Investimento em Direitos Creditrios in this case.  The Ativos funds respectfully write to request a status conference with the Court on three pending discovery disputes in connection with the foreign representative's motion for provisional relief (Dkt. 10) (the "PR Motion").

*First*, the Ativos funds request that Mr. Pope be compelled to sit for a deposition in person in Houston on July 12.  Depositions must be in person unless the Court, upon motion, orders otherwise.  Fed. R. Civ. P. 30(b)(4); Fed. R. Bankr. P. 7030.  Depositions must be in person unless the deponent establishes good cause why the deposition should be remote.  *Brown v. Carr*, 253 F.R.D. 410, 412 (S.D. Tex. 2008) (collecting cases).  While Mr. Pope is already coming in person to the July 15 hearing on the PR Motion, he has so far insisted that his deposition be held remotely on July 12.  But given that he will already need to travel to Houston for the hearing, there is no good cause for deviating from the norm of in-person depositions.

*Second*, the parties disagree on the scope of a protective order on this case.  The foreign representative's and the Ativos Funds' form of proposed orders are attached, together with a redline that shows the foreign representative's changes to the Ativos Funds' draft.  We understand that the other objectors agree to the Ativos Funds' draft.  However, the objectors and the foreign representative disagree on whether the protective order should permit the parties to use materials produced in this action in other litigation.  The objectors submit that, because these materials will be relevant to other litigation against Mr. Pope, it would be far more efficient to seek and produce these documents once rather than having to pursue them multiple times in multiple jurisdictions.  A single production would be particularly more efficient given Mr. Pope's failure to comply with his discovery obligations in other U.S. action.  A single production is also fair to the parties given that the foreign representative seeks to deny the objectors their discovery rights in other litigation by staying those cases.

*Third*, the parties are at an impasse as well over the foreign representative's invocation of attorney-client privilege.  The foreign representative has claimed that privilege to withhold communications between the foreign representative's counsel and Mr. Pope, even though the foreign representative's counsel claims not to represent Mr. Pope.  The foreign representative has claimed that privilege on the basis that Mr. Pope acts as CEO and director of the debtor entities.  The Ativos Funds believe that, even if communications between Mr. Pope as CEO and the foreign representative's counsel could be privileged, that privilege would not extend to non-legal discussions, discussions about Mr. Pope's personal legal affairs, or matters about the formation of

the attorney-client relationship.  The Ativos Funds will file a motion to compel with an appropriate motion to shorten time, unless the Court would prefer to discuss these issues at a status conference.  In the interest of efficiency, and given the short time remaining before the July 15 hearing, we respectfully request that such motion—if necessary—be heard at the same time as the parties' other two disputes.

Thank you for your time, attention, and assistance with these matters.  While we can make ourselves available at the Court's convenience, we understand both the Ativos Funds and the foreign representative can be available for a conference on July 3.

I have copied all counsel and Kenneth Pope (who is *pro* se) on this email.  We are available to discuss if the Court has any questions.

Respectfully submitted,

Justin Ellis

Justin M. Ellis

MoloLamken LLP

430 Park Avenue

New York, NY 10022

(212) 607 8159

jellis@mololamken.com

This e-mail may contain attorney work product, privileged and/or confidential information. It is intended to be subject to the Attorney Client privilege. It is intended only for the original recipients, and no other person is authorized to receive it. Please do not copy or forward this e-mail without the consent of the author. If you have received this e-mail in error please delete it immediately from your system and contact the author. Molo Lamken LLP is a limited liability partnership formed under the laws of New York and the liability of its partners is limited accordingly. The names Molo Lamken and MoloLamken shall refer to Molo Lamken LLP.

This email has been scanned for viruses and malware.

# Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Case No. 24-90398 (CML) |
| | § | |
| SouthRock Capital Ltda., *et al.*[1] | § | Chapter 15 |
| | § | |
| | § | |
| Debtors in Foreign Proceeding. | § | (Jointly Administered) |
| | § | |

**FIRST SET OF REQUESTS FOR PRODUCTION TO ATIVOS ESPECIAIS II - FUNDO
DE INVESTIMENTO EM DIREITOS CREDITÓRIOS – NP, AND ATIVOS ESPECIAIS
III - FUNDO DE INVESTIMENTO EM DIREITOS CREDITÓRIOS – NP**

Pursuant to rules 26 of the Federal Rules of Civil Procedure and rules 7026, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, Fabio D. Rohr, as the Foreign Representative of the above-captioned Debtors, hereby propound their First Set of Requests for Production to Banco Modal S.A.  The Foreign Representative requests Banco Modal S.A. produce all documents responsive to the following First Set of Requests for Production no later than July 26, 2024.

**DEFINITIONS**

1.    "Brazilian Bankruptcy Court" means the 1st Bankruptcy Court of the Central Forum of São Paulo, Brazil.

2.    "Brazilian Insolvency Proceeding" means the Brazilian insolvency proceeding pending before the Brazilian Bankruptcy Court under case number "1153819-28.2023.8.26.0100."

---

[1]    The debtors in these chapter 15 cases, along with the last four digits of each debtor's Brazilian tax identification number, are as follows: (a) SouthRock Capital Ltda. (01-35); (b) Americana Franquia S.A. (01-51); (c) Brazil Airport Restaurantes S.A. (01-73); (d) HB Participações S.A. (01-57); (e) SRC 5 Participações Ltda. (01-02); (f) SRC 6 Participações Ltda. (01-41); (g) SRC Holding Participações S.A.(01-74); (h) SR N Participações S.A. (01-01); (i) Star Participações S.A. (01-09); (j) Starbucks Brasil Comércio de Cafés Ltda. (01-00); (k) SW do Brasil Ltda. (01-20); (l) SW Stores do Brasil Ltda. (01-36); and (m) Wahalla Ltda. (01-10).  The Debtors' mailing and service address is Avenida Paulista, 1294, 14º andar, sala 14, Bela Vista, São Paulo/SP, CEP 01310-915, Brazil.

3.      "Banco Itaú" means Banco Itaú Unibanco S.A., and any of its affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other Persons or entities acting on its behalf or under its control.

4.      "Banco Santander" means Banco Santander (Brasil) S.A., and any of its affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys, and all other Persons or entities acting on its behalf or under its control.

5.      "Chapter 15 Proceeding" means the jointly administered chapter 15 cases pending before the Court and captioned *In re Southrock Capital Ltda., et al.*, Case No.: 24-90398 (CLM).

6.      "Communication" means any transmittal of information (in the form of facts, ideas, inquiries, and otherwise) and encompasses every medium of transmittal, including oral, written, graphic, electronic communication, and any document evidencing such communication, including correspondence, memoranda, notes or logs of telephone conversations, electronic mail, diaries, daily calendars, or other records of exchanges between persons.

7.      "Concern" and "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally, or logically connected to, in whole or in part, the stated subject matter.

8.      "Court" means the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

9.      "Debtors" means SouthRock Capital Ltda., Americana Franquia S.A., Brazil Airport Restaurantes S.A., HB Participações S.A., SRC 5 Participações Ltda., SRC 6 Participações

Ltda., SRC Holding Participações S.A., SR N Participações S.A., Star Participações S.A., Starbucks Brasil Comércio de Cafés Ltda., SW do Brasil Ltda., SW Stores do Brasil Ltda., and Wahalla Ltda.

10.    "Document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, graphs, charts, photographs, recordings, images, pictures, sounds or symbols, or any combination thereof.  For the avoidance of doubt, "Document" means anything which may be considered to be a document or tangible thing, and includes, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," instant messaging, text messages, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, printouts of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing.

11.     "Document Request" means the July 12, 2024 *First Set of Requests for Production to Ativos Especiais II – Fundo de Investimento Em Direitos Creditórios – NP, and Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP.*

12.     "Financial Institution" means any depository institutions (banks, thrifts, credit unions), savings and loan associations, broker or dealer in securities, and money services businesses.

13.     "January 2024 Order" means the order dated January 22, 2024 issued by the Brazilian Bankruptcy Court in the Brazilian Insolvency Proceeding, and attached hereto as **Annex 1**.

14.     "LGG" means Lend Gestão de Garantia Ltda., and any of its affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other Persons or entities acting on its behalf or under its control.

15.     "May 2024 Order" means the order dated May 10, 2024 issued by the Brazilian Bankruptcy Court in the Brazilian Insolvency Proceeding, and attached hereto as **Annex 2**.

16.     "Objectors" means Banco Modal S.A., Banco Votorantim S.A., Ibiuna Crédito Gestão de Recursos Ltda., Travessia Securitizadora de Créditos Financeiros S.A., and Travessia Securitizadora de Créditos Financeiros XXXII S.A., and any of and their affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other persons or entities acting on their behalf or under their control.

17.     "Person" shall have the meaning ascribed to such term in section 101(41) of the Bankruptcy Code.

18.     "Receivables" means the receivables due to the any of the Debtors that You withheld at any time in the period between October 31, 2023 and present.

19.     "Relate" and "Relating" when used with respect to any given subject, means and includes analyzing, consisting, constituting, containing, comprising, commenting upon, connected with, concerning, contradicting, dealing with, describing, embodying, establishing, evidencing, identifying, listing, memorializing, pertaining to, purporting, referring to, relating to, regarding, recording, responding to, reflecting, representing, stating, substantiating, showing, supporting, or with respect to, whether in whole or in part or having any logical or factual connection whatsoever with that subject, regardless of whether the factual connection is favorable or adverse.

20.     "Southrock Group" means the Debtors, and any of their affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other Persons or entities acting on their behalf or under their control.

21.     "You" and "Your" means Ativos Especiais II - Fundo de Investimento em Direitos Creditórios – NP, Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP, and any of their affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other Persons or entities acting on their behalf or under their control.

## INSTRUCTIONS

1.     You are requested to produce all Documents described below that are within Your possession, custody, or control or in the possession, custody, or control of Your agents, representatives, or any other person or entity acting or purporting to act on Your behalf.

2.     Electronically stored information ("ESI") should be produced in its native format with all metadata preserved and intact.

3.     You must produce entire Documents including attachments, enclosures, cover letters, memoranda, and appendices.  Documents not otherwise responsive to this request are to be

produced if such Documents are attached to, or enclosed with, any Document that is responsive. Examples of such Documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents. In the case of email attachments, if either the email or any of its attachments is responsive, produce the email and all of the corresponding attachments.

4.      If You object to part of a request, You must state the basis of Your objections, and produce all Documents called for by the portion of the request to which You do not object.

5.      If there are no Documents responsive to any particular Document request, the response shall state so in writing.

6.      If any Document is withheld from production on the basis of any claimed privilege or immunity or other ground, furnish a list specifying: (a) the nature of the privilege, immunity, or other ground claimed; (b) the authors of the Document; (c) all persons who received copies of the Document; (d) the date of the Document; (e) the type of Document withheld (*e.g.*, memorandum, letter, report, email, etc.); and (f) the general subject matter of the Document sufficient to enable the Debtors to assess the applicability of the claimed privilege, immunity, or other ground for refusal to produce.

7.      In the event any Document responsive to these requests has been lost, discarded, or destroyed, that Document is to be identified by stating as completely as possible: (a) the authors or creators of the Document; (b) all persons who received copies of the Document, including the Document's indicated and blind copy recipients; (c) the custodian of the Document; (d) the date of the Document; (e) the type of Document (*e.g.*, memorandum, letter, report, email, etc.); (f) the Document's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard; and (g) the persons authorizing and carrying out such destruction or discard.

8. Unless expressly indicated to the contrary, each request herein shall be construed independently. No request shall be construed by reference to any other request for the purpose of limiting the scope of the answers to such request.

9. A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or deletions. The term "original" includes the file copy and copies of any Document if there is no actual original or ribbon copy.

10. Whenever necessary to bring within the scope of these requests any information that otherwise might be construed to be outside the scope, (a) "including" shall be read as "including but not limited to;" (b) the present tense shall include the past tense and future tense, the past tense shall include the present tense and future tense, and the future tense shall include the past tense and present tense; (c) the terms "and," "or," and "and/or" shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, so that the fullest disclosures of information is achieved; (d) "all" and "any" shall mean "any and all;" (e) reference to any gender includes the other gender; and (f) any term stated in the singular includes the plural and vice versa.

11. These requests shall be deemed continuing and supplemental answers shall be required if You directly or indirectly obtain further information after Your initial response as required by Fed. R. Bank. P. Rule 7026(e). The Debtors specifically reserve the right to make additional requests and to seek supplementary responses and the additional supplementary production of Documents.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

All Documents and Communications Relating to Receivables, including, but not limited to:

(a)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from Banco Itaú, including, but not limited to, all bank statements that Relate to Receivables.

(b)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from Banco Santander, including, but not limited to, all bank statements that Relate to Receivables.

(c)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from any Financial Institution, including, but not limited to, all bank statements that Relate to Receivables.

(d)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from LGG, including, but not limited to, (i) any contracts or agreements between You and LGG that Relate to Receivables; (ii) all Documents and Communications Concerning the purposes and reasons why You retained LGG in connection with Receivables; and (iii) all bank statements relating to Receivables that LGG has retained for You or on your behalf.

(e)     All Documents and Communications Concerning the reasons why You have withheld Receivables.

(f)     All Documents and Communications Concerning section 3 of the January 2024 Order ("3. Fls. 13755/13888, 15073/15092, 15571/15591, com manifestação da Administradora Judicial às fls. 15056/15072 e do Ministério Público às fls. 15568/15568") including, but not limited to, all Documents and Communications Concerning the Reasons why You have withheld Receivables prior to and after the January 2024 Order.

(g)     All Documents and Communications Concerning section 8 of the May 2024 Order ("8. Fls. 33086-33089: defiro o pedido e determino aos credores indicados (Banco Modal, Ativos Especiais II e III e Virgo) que se abstenham de novas retenções de recebíveis das Recuperandas, liberando-se toda e qualquer retenção efetivada a partir de 22/1/24, até ulterior decisão nos autos 0005961-73.2024.8.26.0100 (fls. 15652-15659), sob de multa diária fixada em R$10.000,00, limitada a R$100.000,00. Esta decisão serve como ofício"), including, but not limited to, (i) all Documents and Communications Concerning the Reasons why You have withheld Receivables after the May 2024 Order; and (ii) all Documents and Communications Concerning the non-payment of the fine ordered by the Brazilian Bankruptcy Court.

(h)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from any of the Debtors.

(i)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or receive from the SouthRock Group.

(j)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from any of the Objectors.

(k)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from any Person retaining Receivables for You on Your behalf, including, but not limited to, (i) any contract or agreement between You and this Person that Relates to the Receivables; (ii) all Documents and Communications Concerning the purposes and reasons why You retained this Person in connection with Receivables; and (iii) all bank statements relating to Receivables that this Person has retained for You or on your behalf.

(l)     All Documents and Communications Concerning the total amount of Receivables that You are withholding as of the date of this Document Request.

(m)    All Documents and Communications—including, but not limited to, all bank statements—showing (i) the name and the *Cadastro Nacional de Pessoas Jurídicas* of the SouthRock Group entity to which the withheld Receivables Relate; (ii) the date when You withheld each of the Receivables; and/or (iii) the value of each Receivables at the time You withheld them.

(n)     All Documents and Communications showing whether You used any of the Receivables to set off any credits You may have against the SouthRock Group that are subject to arrangement in the Brazilian Insolvency Proceeding.


*[Remainder of Page Intentionally Left Blank]*

9

Respectfully submitted,

Dated: July 12, 2024
Houston, Tx

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

*/s/  Patricia B. Tomasco*_____
Patricia B. Tomasco
SBN 01797600
Joanna D. Caytas
SBN 24127230
Razmig Izakelian *(pro hac vice pending)*
Alain Jaquet *(pro hac vice pending)*
700 Louisiana Street, Suite 3900
Houston, Texas 77002
Telephone:  713-221-7000
Facsimile:  713-221-7100
Email: pattytomasco@quinnemanuel.com
Email: joannacaytas@quinnemanuel.com
Email: razmigizakelian@quinnemanuel.com
Email: alainjaquet@quinnemanuel.com

**COUNSEL FOR FABIO D. ROHR,
FOREIGN REPRESENTATIVE**

**Annex 1**



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

| DECISÃO |
|---|

Processo Digital nº: **1153819-28.2023.8.26.0100**
Classe - Assunto **Recuperação Judicial - Concurso de Credores**
Requerente: **Southrock Capital Ltda. e outros**
Tipo Completo da Parte **Nome da Parte Passiva Principal << Informação indisponível >>**
Passiva Principal <<
Informação indisponível >>:

Juiz(a) de Direito: Dr(a). **Adler Batista Oliveira Nobre**

Vistos.

**1. Fls. 14577/14579:** última decisão.

**2. Fls. 15051, 15093/15094, 15104, 15543 e 15564/15567:** pedidos da habilitação. Anotações necessárias.

**3. Fls. 13755/13888, 15073/15092**, **15571/15591, com manifestação da Administradora Judicial às fls. 15056/15072 e do Ministério Público às fls. 15568/15568:**

Trata-se de manifestação das recuperandas informando que algumas instituições financeiras efetuaram o bloqueio de senhas para acesso às contas bancárias, bem como que procederam com a amortização de valores nas respectivas contas e requerendo a declaração da essencialidade dos referidos recebíveis.

A questão é novamente abordada às fls. 14962/15050.

Manifestação da Administradora Judicial às fls. 15056/15072, consignando não ignorar a divergência jurisprudencial sobre o tema e que o tema está intrinsecamente ligado à análise da natureza dos créditos em comento, razão pela qual as análises deverão ser realizadas por ocasião da elaboração da relação de credores prevista no art. 7º, §2º da Lei 11.101/2005. Contudo, diante do estágio atual da presente Recuperação Judicial, a Administradora Judicial sugeriu solução imediata consubstanciada na distribuição de incidente específico para a análise da essencialidade dos valores em questão para a continuidade das atividades das recuperandas, conforme posicionamento do E. TJSP.

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

Também se manifestou a Virgo Companhia de Securitização, às fls. 15073/15092, bem como o Banco Votorantim (15571/15591), pugnando pelo indeferimento do pedido das recuperandas.

O Ministério Público opinou pelo deferimento do pedido da AJ (fls. 15568/15569).

Pois bem.

Considerando os apontamentos feitos pela Administradora Judicial − os quais acolho como fundamentos de decidir − e ante a atual incerteza acerca da natureza dos créditos, **defiro parcialmente**, **por ora**, a tutela de urgência pleiteada, ficando as instituições financeiras obrigadas a suspenderem as retenções de recebíveis, devendo as recuperandas distribuírem, no prazo de 5 (cinco) dias, incidente próprio para análise dos contratos, natureza dos recebíveis cedidos em garantias e da essencialidade dos valores em questão para a continuidade das atividades das recuperandas.

É importante salientar que, no incidente, a verificação da extraconcursalidade não se levará em conta apenas a discussão tange à (in)eficácia da cessão fiduciária de direitos creditórios futuros não performados, mas também se, na constituição da garantia, foram atendidos todos os requisitos para sua validade. Por oportuno, colaciona-se da doutrina de Marcelo Barbosa Sacramone:

> "Ressalta-se, contudo, que a amortização dos créditos com o pagamento efetuado pelos terceiros até a liquidação da dívida principal, entretanto, somente poderá ser realizada se presentes todos os requisitos da constituição da cessão fiduciária, de forma que o crédito não seja submetido à recuperação judicial. Caso contrário, o montante amortizado depois do pedido de recuperação judicial deverá ser prontamente restituído à recuperanda, pois, como crédito quirografário submetido à recuperação, o pagamento apenas poderá ser realizado nos termos de recuperação aprovado" (Sacramone, Marcelo Barbosa. Comentários à Lei de Recuperação de Empresas e Falência. 4ª edição. São Paulo: SaraivaJur, 2023, p. 235).

Registre-se que, outrossim, **por ora,** a presente decisão também não autoriza a liberação dos valores já retidos pelas instituições financeiras às recuperandas.

**4. Fls. 13915/13949, com manifestação da Administradora Judicial às fls.**

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDj29.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

**15056/15072:**

Trata-se de manifestação da Lesath Empreendimentos e Participações LTDA. e Condomínio Rochaverá Corporate Towers informando a falta de pagamento dos aluguéis das lojas referentes ao mês de novembro de 2023, posteriores à distribuição da presente Recuperação Judicial.

Manifestação da Administradora Judicial (fls. 15056/15072) consignando sua ciência sobre o tema.

**Às recuperandas,** para que se manifestem, no prazo de 10 (dez) dias.

Sem prejuízo da análise da natureza do crédito, as recuperandas devem considerar que as relações constituídas após o ajuizamento da Recuperação Judicial são extraconcursais, devendo honrar com os pagamentos dos créditos, principalmente daqueles serviços que interferem no funcionamento das empresas.

**5. Fls. 13956/13957, com manifestação da Administradora Judicial às fls. 15056/15072**

Trata-se de Embargos de Declaração opostos pelas recuperandas sustentando que esse D. Juízo incorreu em contradição ao deferir a consolidação substancial e determinar a esta Administradora Judicial a apresentação de relação de credores individualizada por recuperanda quando da apresentação da relação prevista no art. 7º, § 2º da lei 11.101/05.

Manifestação da Administradora Judicial (fls. 15056/15072), opinando pelo conhecimento dos embargos e seu provimento para que seja apresentada somente uma relação de credores consolidada, tendo em vista o deferimento da consolidação substancial.

Conheço e **dou provimento** aos aclaratórios, autorizando a Administradora Judicial apresentar a relação de credores de forma consolidada, considerando que em razão da consolidação substancial os créditos existentes serão tratados como dívida do grupo, e não de forma individual de cada empresa que compõe o polo ativo do pedido.

**6. Fls. 14026/14032:**

Trata-se de manifestação das recuperandas pleiteando a publicação do edital com a

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

relação prevista no art. 52, § 1º da Lei 11.101/2005 em formato reduzido, nos termos do Enunciado nº 103 da III Jornada de Direito Comercial.

Manifestação da Administradora Judicial (fls. 15056/15072), não se opondo à publicação nos termos pleiteados pelas recuperandas.

**Defiro** a publicação do edital relativo ao art. 52, § 1º da Lei 11.101/2005 em formato reduzido.

**Expeça-se edital** (minuta de fls. 14028/14030), devendo a serventia, imediatamente, intimar as recuperandas para recolherem as respectivas custas, no prazo de 5 (cinco) dias.

**7. Fls. 14174/14251, 14330/14519 e fls. 15111/15129**, **com manifestação da Administradora Judicial às fls. 15056/15072 e do Ministério Público às fls. 15568/15569:**

Trata-se de manifestação das recuperandas pleiteando a liberação de ativos financeiros constritos nos autos das execuções nº 140995-37.2023.8.26.0100, 1154716-56.2023.8.26.0100 e 1169524-66.2023.8.26.0100. uma vez que os créditos que deram origem aos referidos processos estão sujeitos à presente Recuperação Judicial e os referidos bloqueios impedem o acesso aos valores essenciais para o adimplemento de suas despesas.

A questão é novamente abordada às fls. 14962/15050.

Manifestação do Banco Modal às fls. 14330/14519 consignando que o crédito objeto de sua execução não está sujeito à presente Recuperação Judicial e, portanto, incabível o pedido de liberação do arresto pleiteado pelas Recuperandas.

No mesmo sentido, a manifestação do Banco Pine S.A. às fls. 15111/15129.

Manifestação da Administradora Judicial (fls. 15056/15072) opinando pelo levantamento dos valores constritos nas supramencionadas execuções, tendo em vista a vigência do *stay period,* bem como necessidade de análise da natureza do crédito em comento, o que somente ocorrerá na fase processual adequada, por ocasião da elaboração da relação prevista no art. 7º, §2º, da Lei 11.101/2005.

O Ministério Público opinou pelo deferimento do pedido da AJ (fls. 15568/15569).

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

Pois bem.

Sustentam as recuperandas que os bloqueios impedem que acessem os valores que são absolutamente essenciais ao adimplemento de suas despesas correntes, como o pagamento da 2ª parcela do 13º salário vencida em 20/12/2023 e, ainda, o pagamento da folha de salários e benefícios de todos os funcionários do Grupo SouthRock, com vencimento em 30/12/2023 – cujos valores, somados, totalizam quase R$ 7 milhões.

Primeiramente, conforme trazido anteriormente, a natureza dos créditos (se extraconcursais ou não) apenas será definida no momento oportuno (art. 7º, §2º, da Lei 11.101/2005).

Na última hipótese (inexistência de extraconcursalidade), embora sejam validos atos constritivos realizados anteriormente ao deferimento do processamento da RJ, nada impede que haja sua descontituição por este juízo caso se constate que o objeto/valor bem constrito é necessário à manutenção da atividade empresarial.

D'outra banda, ainda que o crédito das instituições financeiras exequentes eventualmente não se submeta ao à recuperação judicial (art. 49, § 3º, da Lei nº 11.101/2005) – o que, repise-se, será analisado no momento oportuno –, o privilégio do credor fiduciário é vinculado ao próprio bem dado em garantia – ou, na espécie, aos direitos e títulos de créditos entregues em garantia. Em outras palavras, a finalidade da Lei, nesse ponto, é justamente possibilitar a excussão da garantia real, permitindo que os credores proprietários não se submetam à recuperação judicial, podendo exercer seus direito de propriedade sobre os bens/direitos:

> "Nesse sentido, plenamente aplicável o art. 66-B, §3º, da Lei n. 4.728/65 para o caso de alienação fiduciária de bem móvel fungível ou de direitos ou títulos de crédito. Em caso de inadimplemento ou morra da obrigação garantida, o credor poderá amortizar seu crédito com os recebíveis, vender a erceiros o bem objeto da propriedade fiduciária, devendo aplicar o preço da venda no pagamento do seu crédito e das despesas decorrentes da garantia, entregando ao devedor o saldo, se houve, acompanhado do demonstrativo da operação realizada. Não há qualquer impedimento do art. 49, §3º, da Lei n. 11.101/2002 e está forma de satisfação de crédito desse credor extraconcursal" (Sacramone, Marcelo Barbosa. Comentários à Lei de Recuperação de Empresas e Falência. 4ª edição. São Paulo: SaraivaJur,

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

2023, p. 234).

Sem embargo de entendimento em sentido contrário, a Lei, todavia, **não** visa ou possibilita que os credores, durante o *stay period*, atinjam outros bens ou valores que não correspondam à garantia. Dessa forma, eventual bloqueio de ativos financeiros apenas se justificaria, por exemplo, caso as recuperandas não só inadimplissem o contrato, mas ainda inviabilizassem o realização da garantia, recebendo os valores correspondentes aos direitos/créditos cedidos fiduciariamente do terceiro devedor, como forma de obstar sua retenção/recebimento pelos credores extraconcursais. **Não** é essa, porém, a hipótese dos autos.

Conforme apresentado pelo AJ, com relação à alegação do Banco Modal de existência de garantia de cessão fiduciária de recebíveis, em análise aos autos da Execução de Título Extrajudicial nº 1169524-66.2023.8.26.0100, **verificou-se que o arresto realizado recaiu sobre recebíveis não abrangidos pelo contrato, sendo imperiosa a sua desconstituição e liberação em favor das recuperandas dos valores não abrangidos pela cessão fiduciária em garantia.**

Por outro lado, quanto às constrições ocorridas no âmbito dos processos nº 1140995-37.2023.8.26.0100, 1154716-56.2023.8.26.0100 e 1169524-66.2023.8.26.0100 sobre o patrimônio geral das recuperandas, observou-se a ausência total ou parcial de cobertura de garantia fiduciária, revelando-se ainda mais inadmissível que prevaleça o bloqueio sobre valores que não representam diretamente a própria garantia fiduciária (parcial ou inteiramente inexistente).

Dessa forma, tendo em vista que encontra-se vigente o *stay period* (art. *6º* da Lei 11.101/2005) e, ainda, a necessidade de análise da natureza do crédito em comento, o que somente ocorrerá na fase processual adequada, por ocasião da elaboração da relação prevista no art. 7º, §2º, da Lei 11.101/200, bem como por considerar relevante o apresentado pelas recuperandas quanto à necessidade dos valores para a continuidade da atividade empresarial, **acolho** a manifestação da AJ – cujos fundamentos também título como causa de decidir – e **defiro** os pedidos apresentados, determinando o levantamento dos valores bloqueados nas execuções em favor das autoras.

A presente decisão, assinada digitalmente, servirá de ofício, com ônus de protocolo das recuperandas nos juízos onde tramitam as ações de execução.

**8. Fls. 14580/14599 e fls. 15277/15299, com manifestação da Administração**

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

Judicial às fls. 15056/15072:

Trata-se de manifestação de Ativos Especiais II – Fundo de Investimento em Direitos Creditórios – Não Padronizados e Ativos Especiais III – Fundo de Investimento em Direitos Creditórios – Não Padronizados informando acerca de possível plano de favorecimento de credores por meio da empresa SRC 5 Participações Ltda., e requerendo a intimação da ilmo. Administradora Judicial para proceda às apurações necessárias para fiscalização da empresa SRC5, mormente quanto (i) da origem dos recursos para aquisição do imóvel atualmente de propriedade da SRC5; (ii) das circunstâncias relacionadas à constituição de garantias sobre as ações dessa sociedade e a prestação de aval /fiança em favor dos credores Virgo e Travessia; bem como (iii) das razões pela não inclusão da SRC5 na recuperação judicial, a despeito do inadimplemento das operações junto a referidos credores. Ademais, requer que seja reconhecido que o bem de propriedade da SRC5 está sujeito aos efeitos da presente recuperação judicial, notadamente quanto ao *stay period*, e a consequente impossibilidade de sofrer constrições e ser alienado sem autorização o D. Juízo Recuperacional.

Às fls. 15056/15072 a Administradora Judicial aponta que as questões foram apreciadas na Complementação ao Laudo de Constatação Prévia (fls. 12964/13127), especificamente no tópico III.1.4.1 Transações entre Partes Relacionadas. Sem prejuízo, opina pela instauração de incidente processual para monitoramento e fiscalização dos ativos detidos pelo Grupo SouthRock, considerando que as sociedades mencionadas no item 164 'a' a 'e' são ativos que pertencem ao Grupo SouthRock, afirmando ser evidente que a aquisição das participações societárias e as movimentações existentes no ativo e no passivo das empresas patrimoniais não operacionais – como é o caso da SRC5 – são dependentes de recursos de partes relacionadas, majoritariamente das empresas operacionais que compõe o Grupo.

Manifestou-se, ainda, a Travessia Securitizadora de Créditos Financeiros S.A. às fls. 15277/15299.

Pois bem. Considerando as alegações da peticionária, bem como os apontamentos da Administradora Judicial, de rigor o monitoramento e fiscalização das sociedades empresariais que compõe o Grupo SouthRock.

Por essa razão, **determino que a Administradora Judicial instaure incidente processual para monitoramento e fiscalização dos ativos detidos pelo Grupo SouthRock**, em

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

especial com relação às empresas: (i) SRN PARTICIPAÇÕES S.A.(CNPJ 22.609.006/0001-01); (ii) SRC 5PARTICIPAÇÕESLTDA.2 (CNPJ 44.654.271/0001-36); (iii) SUBWAYBRASILPARTICIPAÇÕES S.A. (CNPJ 44.340.812/0001-51); (iv) SUBWAY DO BRASILLTDA (CNPJ02.891.567/0001-20); (v) SUBWAY REALTY DO BRASILLTDA (CNPJ15.042.631/0001-40) (vi) SAVANNA PARTICIPAÇÕES S.A (CNPJ22.609.588/0001-18); (vii) SOUTHROCK II PARTICIPAÇÕES S.A.(CNPJ46.460.092/0001-93); (viii) SRC M PARTICIPAÇÕES LTDA (CNPJ38.050.025/0001-72); (ix) PITAIA SOLUÇÕESINTELIGENTES LTDA (CNPJ39.939.118/0001-15); (x) SRC H PARTICIPAÇÕES (CNPJ 45.814.298/0001-01); e(xi) THE BRAZIL COFFEE COMPANY PARTICIPAÇÕESS.A. (CNPJ30.061.679/0001-90), (xii) EATALYPARTICIPAÇÕES S.A. (CNPJ44.339.556/0001-82); e (xiii) EATALY BRASIL COMÉRCIO E DISTRIBUIÇÃODEALIMENTOS LTDA. (CNPJ 15.504.701/0001-35).

**9. Fls. 15056/15072:**

Trata-se de manifestação da Administradora Judicial saneando o feito e apresentando proposta de honorários provisórios, até ulterior deliberação quanto à fixação dos honorários definitivos.

**Intimem-se** as recuperandas para manifestação quanto à proposta apresentada, no prazo de 5 (cinco) dias.

**10. Fls. 14962/14972: à AJ,** para manifestação acerca dos pedidos relativos à empresa Brigadíssimo Buffet LTDA. – ME (fls. 14969 e seguintes).

**11. Oportunamente, conclusos.**

São Paulo, 19 de janeiro de 2024.

---

**DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006,
CONFORME IMPRESSÃO À MARGEM DIREITA**

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**
TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
• Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT-16465                 BOOK No.                                     PAGE No. 001

---

I, the undersigned Sworn Translator and Commercial Interpreter, hereby CERTIFY this is the description and faithful translation of a DOCUMENT written in Portuguese, which I translate as follows:
=========================================================================
sheet [15652 to 15659]

[Coat of arms of the Court of Appeals of São Paulo]
**COURT OF APPEALS OF THE STATE OF SÃO PAULO**
JUDICIAL DISTRICT OF SÃO PAULO CENTRAL CIVIL VENUE
1st BANKRUPTCY COURT
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Phone #: (11) 2171-6505,
São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Public Service Hours: from 01:00 p.m. to 05:00 p.m.**

**AWARD**

Digital Procedure No.: **1153819-28.2023.8.26.0100**
Class - Subject    **Court-Supervised Reorganization - Bankruptcy Case**
Plaintiff: **Southrock Capital Ltda. et al.**
Full Type of Main Defendant << Information not available >>: **Name of Main Defendant << Information not available >>**

Honorable Judge: Mr. **Adler Batista Oliveira Nobre**

Having considered the matter.

**1. Sheet 14577/14579**: last decision.

**2 Sheet 15051, 15093/15094, 15104, 15543 and 15564/15567:** requests for proof of claim. Required notes.

**3 Sheet 13755/13888, 15073/15092, 15571/15591, with statement of the Receiver on sheet 15056/15072 and the Public Prosecution Office on sheet 15568/15568**:

This is a statement by the companies being reorganized informing that some financial institutions blocked passwords for access to bank accounts, as well as that they proceeded with the amortization of amounts in the respective accounts, and requesting the rendering of the essentiality of said receivables.

The issue is again addressed on sheet 14962/15050.

Receiver's Statement on sheet 15056/15072, noting that it does not ignore the divergence of precedents on the subject and that the subject is intrinsically linked to the analysis of the nature of the claims in question, which is why the analyses should be carried out when preparing the list of creditors provided for in Article 7, Paragraph 2 of Law 11101/2005. However, in view of the current stage of this Court-Supervised Reorganization, the Receiver suggested an immediate solution based on the assignment of a specific incident for the analysis of the essentiality of the amounts in question for the continuity of the activities of the companies being reorganized, according to the position of TJSP (Court of Appeals of the State of São Paulo).

Virgo Companhia de Securitização also stated its position, on sheet 15073/15092, as well as Banco Votorantim (15571/15591), claiming that the request by the companies being reorganized be denied.

The Public Prosecution Office stated its position for granting the Receiver's request (sheet 15568/15569).

The following is noteworthy in this regard.

Considering the notes raised by the Receiver, which I accept as grounds for deciding and in view of the current



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**
TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
• Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT-16465                 BOOK No.                                    PAGE No. 002

uncertainty about the nature of the claims, **I partially grant, for now**, the interlocutory relief sought, with the financial institutions being required to suspend the withholding of receivables, and the companies being reorganized are thus expected to assign, within five (5) days, their own incident for the review of the contracts, nature of the receivables assigned as guarantees, and the essentiality of the amounts in question for the continuity of the activities of the companies being reorganized.

It is important to note that, in the incident, the finding of first priority nature of the claim will not only take into account the discussion regarding the (in)effectiveness of the fiduciary assignment of future credits not performed, but also whether, in the perfection of the guarantee, all the requirements for its validity have been met. As appropriate, the doctrine of Marcelo Barbosa Sacramone avers the following:

"It should be noted, however, that the amortization of claims with the payment made by third parties until the settlement of the main debt can only be carried out if all the requirements of the establishment of the fiduciary assignment are met, so that the claim is not submitted to court-supervised reorganization. Otherwise, the amount amortized after the court-supervised reorganization petition should be promptly refunded to the company being reorganized, since, as unsecured credit submitted for reorganization, payment can only be made under the approved reorganization terms" (Sacramone, Marcelo Barbosa. Comentários à Lei de Recuperação de Empresas e Falência. 4ª edição. São Paulo: SaraivaJur, 2023, p. 235).

It should be noted that, **for now**, this decision also does not authorize the release of the amounts already withheld by the financial institutions to the companies being reorganized.

**4. Sheet 13915/13949, with statement of the Receiver on sheet 15056/15072:**

This is a statement by Lesath Empreendimentos e Participações LTDA. and Condomínio Rochaverá Corporate Towers informing the non-payment of store rents for the month of November 2023, after the assignment of this Court-Supervised Reorganization.

Receiver's Statement (sheet 15056/15072) stating its knowledge on the subject.

**To the companies being reorganized,** so that they may state their position, within ten (10) days.

Without prejudice to the analysis of the nature of the claim, the companies being reorganized should consider that the relationships established after the filing of the Court-Supervised Reorganization stand as first priority claims, and thus should meet the payments of the claims, especially those services that interfere with the operation of the companies.

**5. Sheet 13956/13957, with statement of the Receiver on sheet 15056/15072**

These are Motions for Clarification filed by the companies being reorganized, maintaining that this Court were contradictory in granting the substantial consolidation and ordering this Receiver to submit a list of creditors disaggregated by company being reorganized when submitting the list provided for in Article 7, Paragraph 2 of Law 11101/05.

Receiver's Statement (sheet 15056/15072), stating its opinion for the cognizance of the motion and their grant so that only a consolidated list of creditors could be presented, in view of the approval of the substantial consolidation.

I take cognizance and **grant** the motion for clarification, authorizing the Receiver to present the list of creditors in a consolidated manner, considering that due to the substantial consolidation the existing claims will be treated as debt of the group, and not individually of each company that file the request.

**6. Sheet 14026/14032:**



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**
TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
• Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT-16465                    BOOK No.                              PAGE No. 003

This is a statement by the companies being reorganized requesting the publication of the notice with the list provided for in Article 52, Paragraph 1 of Law 11101/2005 in reduced format, pursuant to Statement No. 103 of the III Commercial Law Conference.

Receiver's Statement (sheet 15056/15072), not opposing the publication under the terms claimed by the companies being reorganized.

**I grant** the publication of the notice pertaining to Article 52, Paragraph 1 of Law 11101/2005 in reduced format. The publication of the notice is hereby ordered (draft on sheet 14028/14030), and the notary public should immediately summon the companies being reorganized to pay the respective costs, within five (5) days.

**7. Sheet 14174/14251, 14330/14519 and sheet 15111/15129, with statement of the Receiver on sheet 15056/15072 and the Public Prosecution Office on sheet 15568/15569:**

This is a statement by the companies being reorganized requesting the release of financial assets frozen in the records of executions No. 140995-37.2023.8.26.0100, 1154716- 56.2023.8.26.0100 and 1169524-66.2023.8.26.0100, since the claims that gave rise to said procedures are subject to this Court-Supervised Reorganization, and said freezes prevent access to the essential amounts for the payment of their expenses.

The issue is again addressed on sheet 14962/15050.

Statement of Banco Modal on sheet 14330/14519 stating that the claim object of its execution is not subject to this Court-Supervised Reorganization and, therefore, the request for release of the attachment claimed by the companies being reorganized is not applicable.

The statement of Banco Pine S.A. on sheet 15111/15129 follows the same reasoning.

Receiver's Statement (sheet 15056/15072) stating for the withdrawal of the amounts frozen in the aforementioned executions, in view of the validity of the stay period, as well as the need to analyze the nature of the claim in question, which will only occur in the appropriate procedural phase, when preparing the list provided for in Article 7, Paragraph 2, of Law 11101/2005.

The Public Prosecution Office stated its position for granting the Receiver's request (sheet 15568/15569).

The following is noteworthy in this regard.

The companies being reorganized maintain that the freezes prevent them from accessing the amounts that are absolutely essential to the payment of their current expenses, such as the payment of the 2nd installment of the 13th salary due on 12/20/2023 and, also, the payment of the payroll and benefits of all employees of SouthRock Group, due on 12/30/2023 – the amounts of which amount to almost BRL 7 mn.

First, as previously mentioned, the nature of the claims (whether first priority claims or not) will only be defined at the appropriate time (Article 7, Paragraph 2, of Law 11101/2005).

In the latter case (non-existence of first priority claim), although freezes carried out prior to the granting of the processing of Court-Supervised Reorganization are valid, there is nothing to prevent its annulment by this court if it is found that the object/amount of asset frozen is necessary for the maintenance of the business activity.

On the other hand, even if the claim of the creditor financial institutions may not be subject to court-supervised reorganization (Article 49, Paragraph 3, of Law 11101/2005) – which, it should be reiterated, will be dealt with in due course –



**R E P Ú B L I C A   F E D E R A T I V A   D O   B R A S I L**
*F E D E R A T I V E   R E P U B L I C   O F   B R A Z I L*
**A N T O N I O   D A R I   A N T U N E S   Z H B A N O V A**
TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe  nº 406  • CPF 756.770.758-68
Rua Princesa Isabel nº 206  -  Aloisio Pinto  -  Garanhuns (PE)  CEP :  55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT-16465                    BOOK No.                    PAGE No. 004

---

, the privilege of the fiduciary creditor is linked to the asset given as guarantee – or, in this regard, to the rights and negotiable instruments delivered as guarantee. In other words, the purpose of the Law, at this point, is precisely to enable the foreclosure of the security, allowing the owner creditors not to undergo court-supervised reorganization, being able to exercise their property rights over the assets/rights:

> "In this sense, Article 66-B, Paragraph3, of Law 4728/65 in the case of fiduciary sale of fungible movable property or rights or negotiable instruments. In the event of nonperformance or default of the secured obligations, the creditor may amortize its claim with the receivables, sell to third parties the asset object of the fiduciary ownership, and should apply the sale price in the payment of its claim and the expenses arising from the guarantee, delivering to the debtor the balance, if any, accompanied by the statement of the transaction carried out. There is no jeopardy of Article 49, Paragraph3, of Law 11101/2002 in this form of claim satisfaction of this first priority creditor" (Sacramone, Marcelo Barbosa. Comentários à Lei de Recuperação de Empresas e Falência. 4ª edição. São Paulo: SaraivaJur, 2023, p. 234).

Notwithstanding the understanding to the contrary, the Law, however, **does not** aim or enable creditors, during the stay period, to reach other assets or sums, unrelated to the guarantee. Thus, any freeze of financial assets would only be reasonable, for example, if the companies being reorganized not only defaulted on the contract, but also made it impossible to realize the guarantee, receiving the amounts relating to the rights/credits assigned on a fiduciary basis from the third party debtor, as a way of preventing their retention/receipt by the first priority claim creditors.   However, this is not the hypothesis of the case.

As presented by the Receiver, with respect to Banco Modal's allegation of the existence of a guarantee of fiduciary assignment of receivables, in analysis of the record of the Execution of Instrument Enforceable Out of Court No. 1169524-66.2023.8.26.0100, **it was found that the attachment carried out involved receivables not covered by the contract, which is why its annulment is imperative, along with the release in favor of the companies being reorganized of the amounts not covered by the fiduciary assignment as guarantee.**

On the other hand, regarding the freezes that occurred within the scope of cases No. 1140995-37.2023.8.26.0100, 1154716-56.2023.8.26.0100 and 1169524-66.2023.8.26.0100 on the
general equity of the companies being reorganized, there was a total or partial absence of fiduciary guarantee coverage, and it is even more inadmissible that the freeze prevails over amounts that do not directly represent the fiduciary guarantee itself (partially or entirely non-existent).

Thus, considering that the stay period is in force (Article 6 of Law 11101/2005) and also the need to analyze the nature of the claim in question, which will only occur in the appropriate procedural phase, when preparing the list provided for in Article 7, Paragraph 2, of Law 11101/200, as well as considering relevant what was presented by the companies being reorganized regarding the need for the amounts for the continuity of the business activity, **I grant** the Receiver's statement – the grounds of which I also point up as ratio decidendi – and **I grant** the requests presented, ordering the withdrawal of the amounts frozen in the executions in favor of the plaintiffs.

This decision, digitally signed, will serve as an official letter, with the burden of filing of the companies being reorganized in the courts where the execution actions are being processed.

**8. Sheet 14580/14599 and sheet 15277/15299, with statement of the Receiver on sheet 15056/15072:**

This is a statement of Ativos Especiais II Fundo de Investimento em Direitos Creditórios  Não Padronizados and Ativos Especiais III  Fundo de Investimento em Direitos Creditórios Não Padronizados informing about a possible plan to favor creditors through the company SRC 5 Participações Ltda., and requesting the notice of Receiver to carry out the necessary investigations for the inspection of the company SRC5, especially regarding (i) the origin of the funds for the acquisition of the



**R E P Ú B L I C A  F E D E R A T I V A  D O  B R A S I L**
*F E D E R A T I V E  R E P U B L I C  O F  B R A Z I L*
**A N T O N I O  D A R I  A N T U N E S  Z H B A N O V A**
TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11 9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com (skype: antonio.dari)

TRANSLATION No. OT-16465                    BOOK No.                         PAGE No. 005

property currently owned by SRC5; (ii) the circumstances pertaining to the perfection of guarantees on the shares of this company and the provision of accommodation/suretyship in favor of the creditors Virgo and Travessia; as well as (iii) the reasons for the non-inclusion of SRC5 in the court-supervised reorganization, despite the nonperformance of the operations with said creditors. In addition, it requires that it be recognized that the property owned by SRC5 is subject to the effects of this court-supervised reorganization, notably regarding the stay period, and the consequent impossibility of undergoing freezes and being sold without authorization to the Reorganization Court.

On sheet 15056/15072 the Receiver points out that the issues were considered in the Complementation to the Prior Finding Report (sheet 12964/13127), specifically in topic III.1.4.1 Transactions between Related Parties. Without prejudice, it states its position for the institution of a procedural incident for monitoring and supervising the assets held by the SouthRock Group, considering that the companies referred to in item 164 'a' a 'e' are assets that belong to the SouthRock Group, stating that it is evident that the acquisition of equity interests and the existing movements in assets and liabilities of non-operating equity companies such as SRC5 are dependent on funds from related parties, mainly from the operating companies that make up the Group.

Travessia Securitizadora de Créditos Financeiros S.A. also stated its position on sheet 15277/15299.

In this respect, the following is noteworthy. Considering the allegations of the petitioner, as well as the notes of the Receiver, the monitoring and supervision of the business companies that make up the SouthRock Group is rendered necessary.

For this reason, **I order that the Receiver institutes a procedural incident for monitoring and supervising the assets held by the SouthRock Group**, especially in relation to the companies: (i) SRN PARTICIPAÇÕES S.A.(CNPJ 22.609.006/0001-01); (ii) SRC 5PARTICIPAÇÕESLTDA.2 (CNPJ 44.654.271/0001-36); (iii) SUBWAYBRASILPARTICIPAÇÕES S.A. (CNPJ 44.340.812/0001-51); (iv) SUBWAY DO BRASILLTDA (CNPJ02.891.567/0001-20); (v) SUBWAY REALTY DO BRASILLTDA (CNPJ15.042.631/0001-40) (vi) SAVANNA PARTICIPAÇÕES S.A (CNPJ22.609.588/0001-18); (vii) SOUTHROCK II PARTICIPAÇÕES S.A.(CNPJ46.460.092/0001-93); (viii) SRC M PARTICIPAÇÕES LTDA (CNPJ38.050.025/0001-72); (ix) PITAIA SOLUÇÕESINTELIGENTES LTDA (CNPJ39.939.118/0001-15); (x) SRC H PARTICIPAÇÕES (CNPJ 45.814.298/0001-01); e(xi) THE BRAZIL COFFEE COMPANY PARTICIPAÇÕES.A. (CNPJ30.061.679/0001-90), (xii) EATALYPARTICIPAÇÕES S.A. (CNPJ44.339.556/0001-82); e (xiii) EATALY BRASIL COMÉRCIO E DISTRIBUIÇÃODEALIMENTOS LTDA. (CNPJ 15.504.701/0001-35).

**9. Sheet 15056/15072**:

This is a statement of the Receiver as a pretrial measure on the case and presenting a proposal for provisional fees, until further resolution sets the final fees.

**The companies being reorganized should be summoned** to state their position on the proposal presented, within five (5) days.

10**. Sheet 14962/14972: to Receiver**, for a statement on the requests pertaining to the company Brigadíssimo Buffet LTDA. – ME (sheet 14969 et seq.).

**11. In due course, held under advisement by the judge.**

São Paulo, January 19, 2024.

**DOCUMENT DIGITALLY SIGNED IN ACCORDANCE WITH LAW 11419/2006, AS PRINTED ON THE RIGHT MARGIN**



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
• Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT-16465       BOOK No.       PAGE No. 006

---

[There appears information on the right margin: This document is a copy of the original, digitally signed by ADLER BATISTA OLIVEIRA NOBRE, released of record on 01/22/2024 at 04:41 p.m.; To check the original, please access website https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter case 1153819-28.2023.8.26.0100 and code 30UbDjz9.]

=================================================================================================
Nothing else was contained in said original, which I return with this faithful translation. In witness whereof, I have hereunto set my hand and seal of office. June 28, 2024.

Emoluments according to the law.





This document was digitally signed by ANTONIO DARI ANTUNES ZHBANOVA.
To verify the signature access the link below.
https://www.qrassinaturas.com.br/CheckPadesRest?c=7VMF-M3AT-7TYS-B5DT



**Annex 2**



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

| DECISÃO |
|---|

Processo Digital:        **1153819-28.2023.8.26.0100**
Classe:        **Recuperação Judicial**
Requerente:        **Southrock Capital Ltda. e outros**
Tipo Completo da Parte        **Nome da Parte Passiva Principal << Informação indisponível >>**
Passiva Principal <<
Informação indisponível >>:

Juiz de Direito Jomar Juarez Amorim

       Fls. 29146-29147: Edital Publicado em 26/3/24.

       Fls. 29990-29994: última decisão.

       Fls. 2995-2996: Edital já publicado.

       Promova a z. Serventia o cadastramento de todos os credores e representantes.

       1. Fls. 30084-30097: Travessia Securitizadora de Créditos Financeiros pede o afastamento imediato dos Srs. Kenneth Pope e Fabio David Rohr dos cargos de administração que ocupam em todas as empresas do Grupo Southrock, com a consequente convocação de assembleia-geral de credores para deliberação sobre a escolha do gestor judicial para assumir a administração, na forma do art. 65 da LFR: Manifeste-se o Administrador Judicial e o Ministério Público.

       2. Fls. 30100-30116, Fls. 30117-20125, Fls. 30142-30145, Fls. 30146-30149, Fls. 32393-32396, Fls. 32427-32436, Fls. 32450-32452, Fls. 32461-32465, Fls. 32466-32471, Fls. 32504-32517, Fls. 32549-32554, Fls. 32565-32574, Fls. 32618-32632, Fls. 32633-32638, Fls. 32639-32647, Fls. 32648-32654, Fls. 32690-32694, Fls. 32695-32705, Fls. 32706-32709, Fls. 32710-32718, Fls. 32721-32723, Fls. 32724-32736, Fls. 32737-32753, Fls. 32754-32770, Fls. 32771-32779, Fls. 327820-32792, Fls. 32793-32800, Fls. 32801-32802, Fls. 32810-32825, Fls. 33007-33010, Fls.

Este documento é cópia do original, assinado digitalmente por JOMAR JUAREZ AMORIM, liberado nos autos em 10/05/2024 às 15:37. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código IyELBVY7.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

33027-33030: Trata-se de objeções ao Plano de Recuperação Judicial: Manifeste-se o Administrador Judicial.

3. Fls. 32806: Ao Administrador Judicial para retificação do valor anteriormente informado.

4. Fls. 32833-32849: Pedido das Recuperandas de autorização de DIP (fls. 22783-22858). Requer seja declarada a impossibilidade de o Juízo da 3ª Vara de Execuções Fiscais Federais da Subseção Judiciária de São Paulo determinar a penhora de ativos financeiros das Recuperandas com o objetivo de satisfazer o crédito pleiteado nos autos da Execução Fiscal nº 501080-26.2023.8.03.6182, eis que essenciais à manutenção de suas atividades e ao sucesso de seu soerguimento: Manifeste-se o Administrador Judicial e o Ministério Público.

5 . Fls. 32851-32862: Manifestação das Recuperandas quanto à petição de fls. 30084-30097 (Travessia Securitizadora de Créditos Financeiros): Manifeste-se o Administrador Judicial e o Ministério Público.

6. Fls. 32884-32887: Recuperandas pedem "renovação" do prazo do "stay period": manifestem-se sucessivamente AJ e MP

7. Fls. 33021-33022: Divergência de valores: Ao Administrador Judicial.

8. Fls. 33086-33089: defiro o pedido e determino aos credores indicados (Banco Modal, Ativos Especiais II e III e Virgo) que se abstenham de novas retenções de recebíveis das Recuperandas, liberando-se toda e qualquer retenção efetivada a partir de 22/1/24, até ulterior decisão nos autos 0005961-73.2024.8.26.0100 (fls. 15652-15659), sob de multa diária fixada em R$10.000,00, limitada a R$100.000,00. Esta decisão serve como ofício.

Este documento é cópia do original, assinado digitalmente por JOMAR JUAREZ AMORIM, liberado nos autos em 10/05/2024 às 15:37 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 1yELBVV7.



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

9. Fls. 34198-34204: Vista ao Administrador Judicial e, posteriormente, encaminhem-se os autos ao Ministério Público.

Todas as petições de habilitação/impugnação de crédito ou informando dados para pagamento: é dever do advogado observar o Comunicado CG 219/2018; se o incidente foi instaurado e o credor obteve decisão favorável, a intimação do AJ para inclusão/retificação do crédito no QGC já foi realizada mediante publicação no DJE, tornando desnecessário, além de prejudicial à administração da justiça, peticionar nestes autos principais; dados bancários devem ser enviados ao endereço eletrônico do AJ; de qualquer modo ciência ao AJ para conferência e providências.

Int.

São Paulo, 10 de maio de 2024

DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006, CONFORME IMPRESSÃO À MARGEM DIREITA

Este documento é cópia do original, assinado digitalmente por JOMAR JUAREZ AMORIM, liberado nos autos em 10/05/2024 às 15:37. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 1yELBVY7.



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**
TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT-16464        BOOK No.                PAGE No. 001

---

I, the undersigned Sworn Translator and Commercial Interpreter, hereby CERTIFY this is the description and faithful translation of a DOCUMENT written in Portuguese, which I translate as follows:
================================================================================
sheet [34205 to 34207]

[Coat of arms of the Court of Appeals of São Paulo]
**COURT OF APPEALS OF THE STATE OF SÃO PAULO**
JUDICIAL DISTRICT OF SÃO PAULO CENTRAL CIVIL VENUE
1st BANKRUPTCY COURT
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Phone #: (11) 2171-6505,
São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Public Service Hours: from 01:00 p.m. to 05:00 p.m.**

**AWARD**
Digital Procedure No.: **1153819-28.2023.8.26.0100**
Class - Subject     **Court-Supervised Reorganization**
Plaintiff: **Southrock Capital Ltda. et al.**
Full Type of Main Defendant << Information not available >>: **Name of Main Defendant << Information not available >>**

Judge Jomar Juarez Amorim

       Sheet 29146-29147: Notice Published on 3/26/24.
       Sheet 29990-29994: last decision.
       Sheet 2995-2996: Notice already published.

       The Notary Public must register all creditors and representatives.

       1. Sheet 30084-30097: Travessia Securitizadora de Créditos Financeiros requests the immediate removal of Messrs. Kenneth Pope and Fabio David Rohr of the management positions they hold in all companies of the Southrock Group, with the consequent call of a general meeting of creditors to resolve on the choice of the judicial manager to assume the management, pursuant to Article 65 of LFR: The Receiver and the Public Prosecution Office must state their positions.

       2. Sheet 30100-30116, Sheet 30117-20125, Sheet 30142-30145, Sheet 30146-30149, Sheet 32393-32396, Sheet 32427-32436, Sheet 32450-32452, Sheet 32461-32465, Sheet 32466-32471, Sheet 32504-32517, Sheet 32549-32554, Sheet 32565-32574, Sheet 32618-32632, Sheet 32633-32638, Sheet 32639-32647, Sheet 32648-32654, Sheet 32690-32694, Sheet 32695-32705, Sheet 32706-32709, Sheet 32710-32718, Sheet 32721-32723, Sheet 32724-32736, Sheet 32737-32753, Sheet 32754-32770, Sheet 32771-32779, Sheet 327820-32792, Sheet 32793-32800, Sheet 32801-32802, Sheet 32810-32825, Sheet 33007-33010, Sheet 33027-33030: These are objections to the Court-Supervised Reorganization Plan: The Receiver must state its position.

       3. Sheet 32806: To the Receiver to rectify the amount previously informed.

       4. Sheet 32833-32849: Request from the companies being reorganized for DIP authorization (sheet 22783-22858). It requires the impossibility of the 3rd Federal Tax Enforcement Court of the Judicial Subsection of São Paulo to determine the attachment of financial assets of the companies being reorganized in order to satisfy the credit claimed in the record of Tax Foreclosure No. 501080-26.2023.8.03.6182, as essential to the maintenance of its activities and the success of its recovery: The Receiver and the Public Prosecution Office must state their positions.

       5 . Sheet 32851-32862: Statement by the companies being reorganized regarding the petition on sheet 30084-30097 (Travessia Securitizadora de Créditos Financeiros): The Receiver and the Public Prosecution Office must state their positions.



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
ldioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com (skype: antonio.dari)

TRANSLATION No. OT-16464                    BOOK No.                              PAGE No. 002

---

6. Sheet 32884-32887: companies being reorganized request "renewal" of the "stay period" term: The Receiver and the Public Prosecution Office must successively state their positions.

7. Sheet 33021-33022: Divergence of amounts: To the Receiver.

8. Sheet 33086-33089: I grant the request and order the said creditors (Banco Modal, Ativos Especiais II and III and Virgo) to refrain from further withholding receivables from the Companies being reorganized, releasing any and all withholding effective as of 1/22/24, until further decision in case 0005961-73.2024.8.26.0100 (sheet 15652-15659), under a daily fine set at BRL 10,000.00, limited to BRL 100,000.00. This decision serves as an official letter.

9. Sheet 34198-34204: Viewed by the Receiver and, subsequently, the record should be forwarded to the Public Prosecution Office.

All petitions for proof/challenge of claim or informing data for payment: It is the duty of the lawyer to observe Communication CG 219/2018; if the incident was instituted and the creditor obtained a favorable decision, the subpoena of the Receiver for inclusion/rectification of the claim in QGC has already been made by publication in DJE, making it unnecessary, in addition to harmful to the administration of justice, to claim it in this main record; bank details must be sent to the Receiver's electronic address; in any case, the Receiver is aware of it for verification and measures.

Notification is hereby ordered.

São Paulo, May 10, 2024

**DOCUMENT DIGITALLY SIGNED IN ACCORDANCE WITH LAW 11419/2006, AS PRINTED ON THE RIGHT MARGIN**

[There appears information on the right margin: This document is a copy of the original, digitally signed by JOMAR JUAREZ AMORIM, released of record on 05/10/2024 at 03:37 p.m.; To check the original, please access website https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter case  1153819-28.2023.8.26.0100 and code IyELBVY7.]

====================================================================================
Nothing else was contained in said original, which I return with this faithful translation. In witness whereof, I have hereunto set my hand and seal of office. June 28, 2024.

Emoluments according to the law.





This document was digitally signed by ANTONIO DARI ANTUNES ZHBANOVA.
To verify the signature access the link below.
https://www.qrassinaturas.com.br/CheckPadesRest?c=ZJXE-MDWB-EBUS-36SU

# Exhibit C

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of _____

In re ___SouthRock Capital Ltda., et al.___
                    Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  _24-90398 (CML)_

Chapter   _15_

_____
                    Plaintiff
                       v.
_____
                    Defendant

Adv. Proc. No.  _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:           Ativos Especiais II - Fundo de Investimento em Direitos Creditórios – NP
                    *(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE Quinn Emanuel Urquhart & Sullivan, LLP<br>700 Louisiana Street, Suite 3900, Houston, Texas 77002,<br>Attn: Patricia B. Tomasco | DATE AND TIME<br> On or before July 26, 2024 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                    CLERK OF COURT

                                          OR

_____                    */s/ Patricia B. Tomasco*
Signature of Clerk or Deputy Clerk              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Fabio D. Rohr, Foreign Representative,  who issues or requests this subpoena, are: Patricia B. Tomasco, Quinn Emanuel Urquhart & Sullivan, LLP, 700 Louisiana Street, Suite 3900, Houston, TX 77002, pattytomasco@quinnemanuel.com, tel.
713-221-7000          **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                        _____
                                                    *Server's signature*

                                        _____
                                                    *Printed name and title*

                                        _____
                                                    *Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Case No. 24-90398 (CML) |
| | § | |
| SouthRock Capital Ltda., *et al.*[1] | § | Chapter 15 |
| | § | |
| | § | |
| Debtors in Foreign Proceeding. | § | (Jointly Administered) |
| | § | |

**DOCUMENT REQUEST TO ATIVOS ESPECIAIS II - FUNDO DE**
**INVESTIMENTO EM DIREITOS CREDITÓRIOS – NP, AND**
**ATIVOS ESPECIAIS III - FUNDO DE INVESTIMENTO EM DIREITOS**
**<u>CREDITÓRIOS – NP PURSUANT TO FED. R. BANKR. P. 2004</u>**

To:

Ativos Especiais II - Fundo de Investimento em Direitos Creditórios – NP, and
Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP
c/o Jason S. Brookner
Amber M. Carson
Gray Reed
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056

c/o Justin M. Ellis
Lauren F. Dayton
Catherine Martinez
MoloLamken LLP
430 Park Avenue
New York, New York 10022

---

[1]   The debtors in these chapter 15 cases, along with the last four digits of each debtor's Brazilian tax identification number, are as follows: (a) SouthRock Capital Ltda. (01-35); (b) Americana Franquia S.A. (01-51); (c) Brazil Airport Restaurantes S.A. (01-73); (d) HB Participações S.A. (01-57); (e) SRC 5 Participações Ltda. (01-02); (f) SRC 6 Participações Ltda. (01-41); (g) SRC Holding Participações S.A.(01-74); (h) SR N Participações S.A. (01-01); (i) Star Participações S.A. (01-09); (j) Starbucks Brasil Comércio de Cafés Ltda. (01-00); (k) SW do Brasil Ltda. (01-20); (l) SW Stores do Brasil Ltda. (01-36); and (m) Wahalla Ltda. (01-10).  The Debtors' mailing and service address is Avenida Paulista, 1294, 14º andar, sala 14, Bela Vista, São Paulo/SP, CEP 01310-915, Brazil.

NOTICE IS HEREBY GIVEN that, pursuant to Federal Rules of Bankruptcy Procedure 2004, 7034, and 9014 and Bankruptcy Local Rule 2004-1, Fabio D. Rohr, the Foreign Representative of the above-captioned Debtors, by and through his undersigned counsel, directs Ativos Especiais II - Fundo de Investimento em Direitos Creditórios – NP, and Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP to produce the documents described in **Schedule A** hereto at the office of Quinn Emanuel Urquhart & Sullivan, LLP, 700 Louisiana Street, Suite 3900, Houston, Texas 77002, Attn: Patricia B. Tomasco on or before July 26, 2024.

Dated: July 11, 2024
Houston, TX

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Patricia B. Tomasco*
Patricia B. Tomasco
SBN 01797600
S.D. Tex. Fed. No. 10142
Joanna D. Caytas
SBN 24127230
S.D. Tex. Fed. No. 3630347
Razmig Izakelian (admitted pro hac vice)
Alain Jaquet (admitted pro hac vice)
700 Louisiana Street, Suite 3900
Houston, Texas 77002

**COUNSEL FOR FABIO D. ROHR, FOREIGN REPRESENTATIVE**

**SCHEDULE A**

**DOCUMENT REQUESTS PURSUANT TO FED. R. BANKR. P. 2004**

**DEFINITIONS**

1.    "Brazilian Bankruptcy Court" means the 1st Bankruptcy Court of the Central Forum of São Paulo, Brazil.

2.    "Brazilian Insolvency Proceeding" means the Brazilian insolvency proceeding pending before the Brazilian Bankruptcy Court under case number "1153819-28.2023.8.26.0100."

3.    "Banco Itaú" means Banco Itaú Unibanco S.A., and any of its affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other Persons or entities acting on its behalf or under its control.

4.    "Banco Santander" means Banco Santander (Brasil) S.A., and any of its affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys, and all other Persons or entities acting on its behalf or under its control.

5.    "Chapter 15 Proceeding" means the jointly administered chapter 15 cases pending before the Court and captioned *In re Southrock Capital Ltda., et al.*, Case No.: 24-90398 (CLM).

6.    "Communication" means any transmittal of information (in the form of facts, ideas, inquiries, and otherwise) and encompasses every medium of transmittal, including oral, written, graphic, electronic communication, and any document evidencing such communication, including correspondence, memoranda, notes or logs of telephone conversations, electronic mail, diaries, daily calendars, or other records of exchanges between persons.

7.     "Concern" and "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally, or logically connected to, in whole or in part, the stated subject matter.

8.     "Court" means the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

9.     "Debtors" means SouthRock Capital Ltda., Americana Franquia S.A., Brazil Airport Restaurantes S.A., HB Participações S.A., SRC 5 Participações Ltda., SRC 6 Participações Ltda., SRC Holding Participações S.A., SR N Participações S.A., Star Participações S.A., Starbucks Brasil Comércio de Cafés Ltda., SW do Brasil Ltda., SW Stores do Brasil Ltda., and Wahalla Ltda.

10.     "Document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, graphs, charts, photographs, recordings, images, pictures, sounds or symbols, or any combination thereof.  For the avoidance of doubt, "Document" means anything which may be considered to be a document or tangible thing, and includes, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of

4

meetings or communications, electronic mail/messages and/or "e-mail," instant messaging, text messages, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, printouts of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing.

11.     "Document Request" means the July 10, 2024 *Document Request to Ativos Especiais II – Fundo de Investimento Em Direitos Creditórios – NP, and Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP Pursuant to Fed. R. Bankr. P. 2004*.

12.     "Financial Institution" means any depository institutions (banks, thrifts, credit unions), savings and loan associations, broker or dealer in securities, and money services businesses.

13.     "January 2024 Order" means the order dated January 22, 2024 issued by the Brazilian Bankruptcy Court in the Brazilian Insolvency Proceeding, and attached hereto as **Annex 1**.

14.     "LGG" means Lend Gestão de Garantia Ltda., and any of its affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other Persons or entities acting on its behalf or under its control.

15.     "May 2024 Order" means the order dated May 10, 2024 issued by the Brazilian Bankruptcy Court in the Brazilian Insolvency Proceeding, and attached hereto as **Annex 2**.

16.     "Objectors" means Banco Modal S.A., Banco Votorantim S.A., Ibiuna Crédito Gestão de Recursos Ltda., Travessia Securitizadora de Créditos Financeiros S.A., and Travessia Securitizadora de Créditos Financeiros XXXII S.A., and any of and their affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other persons or entities acting on their behalf or under their control.

17.     "Person" shall have the meaning ascribed to such term in section 101(41) of the Bankruptcy Code.

18.     "Receivables" means the receivables due to the any of the Debtors that You withheld at any time in the period between October 31, 2023 and present.

19.     "Relate" and "Relating" when used with respect to any given subject, means and includes analyzing, consisting, constituting, containing, comprising, commenting upon, connected with, concerning, contradicting, dealing with, describing, embodying, establishing, evidencing, identifying, listing, memorializing, pertaining to, purporting, referring to, relating to, regarding, recording, responding to, reflecting, representing, stating, substantiating, showing, supporting, or with respect to, whether in whole or in part or having any logical or factual connection whatsoever with that subject, regardless of whether the factual connection is favorable or adverse.

20.     "Southrock Group" means the Debtors, and any of their affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other Persons or entities acting on their behalf or under their control.

21.     "You" and "Your" means Ativos Especiais II - Fundo de Investimento em Direitos Creditórios – NP, Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP, and any of their affiliates, subsidiaries (direct and indirect), agents, advisors, employees,

representatives, staff, attorneys and all other Persons or entities acting on their behalf or under their control.

## INSTRUCTIONS

1.      You are requested to produce all Documents described below that are within Your possession, custody, or control or in the possession, custody, or control of Your agents, representatives, or any other person or entity acting or purporting to act on Your behalf.

2.      Electronically stored information ("ESI") should be produced in its native format with all metadata preserved and intact.

3.      You must produce entire Documents including attachments, enclosures, cover letters, memoranda, and appendices.  Documents not otherwise responsive to this request are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive. Examples of such Documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents.  In the case of email attachments, if either the email or any of its attachments is responsive, produce the email and all of the corresponding attachments.

4.      If You object to part of a request, You must state the basis of Your objections, and produce all Documents called for by the portion of the request to which You do not object.

5.      If there are no Documents responsive to any particular Document request, the response shall state so in writing.

6.      If any Document is withheld from production on the basis of any claimed privilege or immunity or other ground, furnish a list specifying: (a) the nature of the privilege, immunity, or other ground claimed; (b) the authors of the Document; (c) all persons who received copies of the Document; (d) the date of the Document; (e) the type of Document withheld (*e.g.*, memorandum,

letter, report, email, etc.); and (f) the general subject matter of the Document sufficient to enable the Debtors to assess the applicability of the claimed privilege, immunity, or other ground for refusal to produce.

7.      In the event any Document responsive to these requests has been lost, discarded, or destroyed, that Document is to be identified by stating as completely as possible: (a) the authors or creators of the Document; (b) all persons who received copies of the Document, including the Document's indicated and blind copy recipients; (c) the custodian of the Document; (d) the date of the Document; (e) the type of Document (*e.g.*, memorandum, letter, report, email, etc.); (f) the Document's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard; and (g) the persons authorizing and carrying out such destruction or discard.

8.      Unless expressly indicated to the contrary, each request herein shall be construed independently.  No request shall be construed by reference to any other request for the purpose of limiting the scope of the answers to such request.

9.      A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or deletions.  The term "original" includes the file copy and copies of any Document if there is no actual original or ribbon copy.

10.      Whenever necessary to bring within the scope of these requests any information that otherwise might be construed to be outside the scope, (a) "including" shall be read as "including but not limited to;" (b) the present tense shall include the past tense and future tense, the past tense shall include the present tense and future tense, and the future tense shall include the past tense and present tense; (c) the terms "and," "or," and "and/or" shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, so that the fullest disclosures of

information is achieved; (d) "all" and "any" shall mean "any and all;" (e) reference to any gender includes the other gender; and (f) any term stated in the singular includes the plural and vice versa.

11.     These requests shall be deemed continuing and supplemental answers shall be required if You directly or indirectly obtain further information after Your initial response as required by Fed. R. Bank. P. Rule 7026(e).  The Debtors specifically reserve the right to make additional requests and to seek supplementary responses and the additional supplementary production of Documents.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

All Documents and Communications Relating to Receivables, including, but not limited to:

(a)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from Banco Itaú, including, but not limited to, all bank statements that Relate to Receivables.

(b)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from Banco Santander, including, but not limited to, all bank statements that Relate to Receivables.

(c)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from any Financial Institution, including, but not limited to, all bank statements that Relate to Receivables.

(d)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from LGG, including, but not limited to, (i) any contracts or agreements between You and LGG that Relate to Receivables; (ii) all Documents and Communications Concerning the purposes and reasons why You retained LGG in connection with Receivables; and (iii) all bank statements relating to Receivables that LGG has retained for You or on your behalf.

(e)     All Documents and Communications Concerning the reasons why You have withheld Receivables.

(f)     All Documents and Communications Concerning section 3 of the January 2024 Order ("3. Fls. 13755/13888, 15073/15092, 15571/15591, com manifestação da Administradora Judicial às fls. 15056/15072 e do Ministério Público às fls.

15568/15568") including, but not limited to, all Documents and Communications Concerning the Reasons why You have withheld Receivables prior to and after the January 2024 Order.

(g)    All Documents and Communications Concerning section 8 of the May 2024 Order ("8. Fls. 33086-33089: defiro o pedido e determino aos credores indicados (Banco Modal, Ativos Especiais II e III e Virgo) que se abstenham de novas retenções de recebíveis das Recuperandas, liberando-se toda e qualquer retenção efetivada a partir de 22/1/24, até ulterior decisão nos autos 0005961-73.2024.8.26.0100 (fls. 15652-15659), sob de multa diária fixada em R$10.000,00, limitada a R$100.000,00. Esta decisão serve como ofício"), including, but not limited to, (i) all Documents and Communications Concerning the Reasons why You have withheld Receivables after the May 2024 Order; and (ii) all Documents and Communications Concerning the non-payment of the fine ordered by the Brazilian Bankruptcy Court.

(h)    All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from any of the Debtors.

(i)    All Documents and Communications Relating to Receivables that You exchanged with, sent to, or receive from the SouthRock Group.

(j)    All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from any of the Objectors.

(k)    All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from any Person retaining Receivables for You on Your behalf, including, but not limited to, (i) any contract or agreement between You and this Person that Relates to the Receivables; (ii) all Documents and Communications Concerning the purposes and reasons why You retained this Person in connection with Receivables; and (iii) all bank statements relating to Receivables that this Person has retained for You or on your behalf.

(l)    All Documents and Communications Concerning the total amount of Receivables that You are withholding as of the date of this Document Request.

(m)    All Documents and Communications—including, but not limited to, all bank statements—showing (i) the name and the *Cadastro Nacional de Pessoas Jurídicas* of the SouthRock Group entity to which the withheld Receivables Relate; (ii) the date when You withheld each of the Receivables; and/or (iii) the value of each Receivables at the time You withheld them.

(n)    All Documents and Communications showing whether You used any of the Receivables to set off any credits You may have against the SouthRock Group that are subject to arrangement in the Brazilian Insolvency Proceeding.

**Annex 1**

fls. 15652

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

| DECISÃO |
|:---:|

Processo Digital nº:      **1153819-28.2023.8.26.0100**
Classe - Assunto          **Recuperação Judicial - Concurso de Credores**
Requerente:               **Southrock Capital Ltda. e outros**
Tipo Completo da Parte    **Nome da Parte Passiva Principal << Informação indisponível >>**
Passiva Principal <<
Informação indisponível >>:

Juiz(a) de Direito: Dr(a). **Adler Batista Oliveira Nobre**

Vistos.

**1. Fls. 14577/14579:** última decisão.

**2. Fls. 15051, 15093/15094, 15104, 15543 e 15564/15567:** pedidos da habilitação. Anotações necessárias.

**3. Fls. 13755/13888, 15073/15092, 15571/15591, com manifestação da Administradora Judicial às fls. 15056/15072 e do Ministério Público às fls. 15568/15568:**

Trata-se de manifestação das recuperandas informando que algumas instituições financeiras efetuaram o bloqueio de senhas para acesso às contas bancárias, bem como que procederam com a amortização de valores nas respectivas contas e requerendo a declaração da essencialidade dos referidos recebíveis.

A questão é novamente abordada às fls. 14962/15050.

Manifestação da Administradora Judicial às fls. 15056/15072, consignando não ignorar a divergência jurisprudencial sobre o tema e que o tema está intrinsecamente ligado à análise da natureza dos créditos em comento, razão pela qual as análises deverão ser realizadas por ocasião da elaboração da relação de credores prevista no art. 7º, §2º da Lei 11.101/2005. Contudo, diante do estágio atual da presente Recuperação Judicial, a Administradora Judicial sugeriu solução imediata consubstanciada na distribuição de incidente específico para a análise da essencialidade dos valores em questão para a continuidade das atividades das recuperandas, conforme posicionamento do E. TJSP.

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.

fls. 15653

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

Também se manifestou a Virgo Companhia de Securitização, às fls. 15073/15092, bem como o Banco Votorantim (15571/15591), pugnando pelo indeferimento do pedido das recuperandas.

O Ministério Público opinou pelo deferimento do pedido da AJ (fls. 15568/15569).

Pois bem.

Considerando os apontamentos feitos pela Administradora Judicial − os quais acolho como fundamentos de decidir − e ante a atual incerteza acerca da natureza dos créditos, **defiro parcialmente, por ora**, a tutela de urgência pleiteada, ficando as instituições financeiras obrigadas a suspenderem as retenções de recebíveis, devendo as recuperandas distribuírem, no prazo de 5 (cinco) dias, incidente próprio para análise dos contratos, natureza dos recebíveis cedidos em garantias e da essencialidade dos valores em questão para a continuidade das atividades das recuperandas.

É importante salientar que, no incidente, a verificação da extraconcursalidade não se levará em conta apenas a discussão tange à (in)eficácia da cessão fiduciária de direitos creditórios futuros não performados, mas também se, na constituição da garantia, foram atendidos todos os requisitos para sua validade. Por oportuno, colaciona-se a doutrina de Marcelo Barbosa Sacramone:

> "Ressalta-se, contudo, que a amortização dos créditos com o pagamento efetuado pelos terceiros até a liquidação da dívida principal, entretanto, somente poderá ser realizada se presentes todos os requisitos da constituição da cessão fiduciária, de forma que o crédito não seja submetido à recuperação judicial. Caso contrário, o montante amortizado depois do pedido de recuperação judicial deverá ser prontamente restituído à recuperanda, pois, como crédito quirografário submetido à recuperação, o pagamento apenas poderá ser realizado nos termos de recuperação aprovado" (Sacramone, Marcelo Barbosa. Comentários à Lei de Recuperação de Empresas e Falência. 4ª edição. São Paulo: SaraivaJur, 2023, p. 235).

Registre-se que, outrossim, **por ora,** a presente decisão também não autoriza a liberação dos valores já retidos pelas instituições financeiras às recuperandas.

**4. Fls. 13915/13949, com manifestação da Administradora Judicial às fls.**

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.

fls. 15654

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

15056/15072:

Trata-se de manifestação da Lesath Empreendimentos e Participações LTDA. e Condomínio Rochaverá Corporate Towers informando a falta de pagamento dos aluguéis das lojas referentes ao mês de novembro de 2023, posteriores à distribuição da presente Recuperação Judicial.

Manifestação da Administradora Judicial (fls. 15056/15072) consignando sua ciência sobre o tema.

**Às recuperandas,** para que se manifestem, no prazo de 10 (dez) dias.

Sem prejuízo da análise da natureza do crédito, as recuperandas devem considerar que as relações constituídas após o ajuizamento da Recuperação Judicial são extraconcursais, devendo honrar com os pagamentos dos créditos, principalmente daqueles serviços que interferem no funcionamento das empresas.

**5. Fls. 13956/13957, com manifestação da Administradora Judicial às fls. 15056/15072**

Trata-se de Embargos de Declaração opostos pelas recuperandas sustentando que esse D. Juízo incorreu em contradição ao deferir a consolidação substancial e determinar a esta Administradora Judicial a apresentação de relação de credores individualizada por recuperanda quando da apresentação da relação prevista no art. 7º, § 2º da lei 11.101/05.

Manifestação da Administradora Judicial (fls. 15056/15072), opinando pelo conhecimento dos embargos e seu provimento para que seja apresentada somente uma relação de credores consolidada, tendo em vista o deferimento da consolidação substancial.

Conheço e **dou provimento** aos aclaratórios, autorizando a Administradora Judicial apresentar a relação de credores de forma consolidada, considerando que em razão da consolidação substancial os créditos existentes serão tratados como dívida do grupo, e não de forma individual de cada empresa que compõe o polo ativo do pedido.

**6. Fls. 14026/14032:**

Trata-se de manifestação das recuperandas pleiteando a publicação do edital com a

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.

fls. 15655

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro – CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP – E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

relação prevista no art. 52, § 1º da Lei 11.101/2005 em formato reduzido, nos termos do Enunciado nº 103 da III Jornada de Direito Comercial.

Manifestação da Administradora Judicial (fls. 15056/15072), não se opondo à publicação nos termos pleiteados pelas recuperandas.

**Defiro** a publicação do edital relativo ao art. 52, § 1º da Lei 11.101/2005 em formato reduzido.

**Expeça-se edital** (minuta de fls. 14028/14030), devendo a serventia, imediatamente, intimar as recuperandas para recolherem as respectivas custas, no prazo de 5 (cinco) dias.

**7. Fls. 14174/14251, 14330/14519 e fls. 15111/15129, com manifestação da Administradora Judicial às fls. 15056/15072 e do Ministério Público às fls. 15568/15569:**

Trata-se de manifestação das recuperandas pleiteando a liberação de ativos financeiros constritos nos autos das execuções nº 140995-37.2023.8.26.0100, 1154716-56.2023.8.26.0100 e 1169524-66.2023.8.26.0100. uma vez que os créditos que deram origem aos referidos processos estão sujeitos à presente Recuperação Judicial e os referidos bloqueios impedem o acesso aos valores essenciais para o adimplemento de suas despesas.

A questão é novamente abordada às fls. 14962/15050.

Manifestação do Banco Modal às fls. 14330/14519 consignando que o crédito objeto de sua execução não está sujeito à presente Recuperação Judicial e, portanto, incabível o pedido de liberação do arresto pleiteado pelas Recuperandas.

No mesmo sentido, a manifestação do Banco Pine S.A. às fls. 15111/15129.

Manifestação da Administradora Judicial (fls. 15056/15072) opinando pelo levantamento dos valores constritos nas supramencionadas execuções, tendo em vista a vigência do *stay period,* bem como necessidade de análise da natureza do crédito em comento, o que somente ocorrerá na fase processual adequada, por ocasião da elaboração da relação prevista no art. 7º, §2º, da Lei 11.101/2005.

O Ministério Público opinou pelo deferimento do pedido da AJ (fls. 15568/15569).

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDJz9.

fls. 15656



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

Pois bem.

Sustentam as recuperandas que os bloqueios impedem que acessem os valores que são absolutamente essenciais ao adimplemento de suas despesas correntes, como o pagamento da 2ª parcela do 13º salário vencida em 20/12/2023 e, ainda, o pagamento da folha de salários e benefícios de todos os funcionários do Grupo SouthRock, com vencimento em 30/12/2023 – cujos valores, somados, totalizam quase R$ 7 milhões.

Primeiramente, conforme trazido anteriormente, a natureza dos créditos (se extraconcursais ou não) apenas será definida no momento oportuno (art. 7º, §2º, da Lei 11.101/2005).

Na última hipótese (inexistência de extraconcursalidade), embora sejam validos atos constritivos realizados anteriormente ao deferimento do processamento da RJ, nada impede que haja sua descontituição por este juízo caso se constate que o objeto/valor bem constrito é necessário à manutenção da atividade empresarial.

D'outra banda, ainda que o crédito das instituições financeiras exequentes eventualmente não se submeta ao à recuperação judicial (art. 49, § 3º, da Lei nº 11.101/2005) – o que, repise-se, será analisado no momento oportuno –, o privilégio do credor fiduciário é vinculado ao próprio bem dado em garantia – ou, na espécie, aos direitos e títulos de créditos entregues em garantia. Em outras palavras, a finalidade da Lei, nesse ponto, é justamente possibilitar a excussão da garantia real, permitindo que os credores proprietários não se submetam à recuperação judicial, podendo exercer seus direito de propriedade sobre os bens/direitos:

"Nesse sentido, plenamente aplicável o art. 66-B, §3º, da Lei n. 4.728/65 para o caso de alienação fiduciária de bem móvel ou fungível ou de direitos ou títulos de crédito. Em caso de inadimplemento ou morra da obrigação garantida, o credor poderá amortizar seu crédito com os recebíveis, vender a erceiros o bem objeto da propriedade fiduciária, devendo aplicar o preço da venda no pagamento do seu crédito e das despesas decorrentes da garantia, entregando ao devedor o saldo, se houve, acompanhado do demonstrativo da operação realizada. Não há qualquer impedimento do art. 49, §3º, da Lei n. 11.101/2002 e está forma de satisfação de crédito desse credor extraconcursal" (Sacramone, Marcelo Barbosa. Comentários à Lei de Recuperação de Empresas e Falência. 4ª edição. São Paulo: SaraivaJur,

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.

fls. 15657

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

2023, p. 234).

Sem embargo de entendimento em sentido contrário, a Lei, todavia, **não** visa ou possibilita que os credores, durante o *stay period*, atinjam outros bens ou valores que não correspondam à garantia. Dessa forma, eventual bloqueio de ativos financeiros apenas se justificaria, por exemplo, caso as recuperandas não só inadimplissem o contrato, mas ainda inviabilizassem o realização da garantia, recebendo os valores correspondentes aos direitos/créditos cedidos fiduciariamente do terceiro devedor, como forma de obstar sua retenção/recebimento pelos credores extraconcursais. **Não** é essa, porém, a hipótese dos autos.

Conforme apresentado pelo AJ, com relação à alegação do Banco Modal de existência de garantia de cessão fiduciária de recebíveis, em análise aos autos da Execução de Título Extrajudicial nº 1169524-66.2023.8.26.0100, **verificou-se que o arresto realizado recaiu sobre recebíveis não abrangidos pelo contrato, sendo imperiosa a sua desconstituição e liberação em favor das recuperandas dos valores não abrangidos pela cessão fiduciária em garantia.**

Por outro lado, quanto às constrições ocorridas no âmbito dos processos nº 1140995-37.2023.8.26.0100, 1154716-56.2023.8.26.0100 e 1169524-66.2023.8.26.0100 sobre o patrimônio geral das recuperandas, observou-se a ausência total ou parcial de cobertura de garantia fiduciária, revelando-se ainda mais inadmissível que prevaleça o bloqueio sobre valores que não representam diretamente a própria garantia fiduciária (parcial ou inteiramente inexistente).

Dessa forma, tendo em vista que encontra-se vigente o *stay period* (art. 6º da Lei 11.101/2005) e, ainda, a necessidade de análise da natureza do crédito em comento, o que somente ocorrerá na fase processual adequada, por ocasião da elaboração da relação prevista no art. 7º, §2º, da Lei 11.101/200, bem como por considerar relevante o apresentado pelas recuperandas quanto à necessidade dos valores para a continuidade da atividade empresarial, **acolho** a manifestação da AJ – cujos fundamentos também título como causa de decidir – e **defiro** os pedidos apresentados, determinando o levantamento dos valores bloqueados nas execuções em favor das autoras.

A presente decisão, assinada digitalmente, servirá de ofício, com ônus de protocolo das recuperandas nos juízos onde tramitam as ações de execução.

**8. Fls. 14580/14599 e fls. 15277/15299, com manifestação da Administração**

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.

fls. 15658

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

Judicial às fls. 15056/15072:

Trata-se de manifestação de Ativos Especiais II – Fundo de Investimento em Direitos Creditórios – Não Padronizados e Ativos Especiais III – Fundo de Investimento em Direitos Creditórios – Não Padronizados informando acerca de possível plano de favorecimento de credores por meio da empresa SRC 5 Participações Ltda., e requerendo a intimação da ilmo. Administradora Judicial para proceda às apurações necessárias para fiscalização da empresa SRC5, mormente quanto (i) da origem dos recursos para aquisição do imóvel atualmente de propriedade da SRC5; (ii) das circunstâncias relacionadas à constituição de garantias sobre as ações dessa sociedade e a prestação de aval /fiança em favor dos credores Virgo e Travessia; bem como (iii) das razões pela não inclusão da SRC5 na recuperação judicial, a despeito do inadimplemento das operações junto a referidos credores. Ademais, requer que seja reconhecido que o bem de propriedade da SRC5 está sujeito aos efeitos da presente recuperação judicial, notadamente quanto ao *stay period*, e a consequente impossibilidade de sofrer constrições e ser alienado sem autorização o D. Juízo Recuperacional.

Às fls. 15056/15072 a Administradora Judicial aponta que as questões foram apreciadas na Complementação ao Laudo de Constatação Prévia (fls. 12964/13127), especificamente no tópico III.1.4.1 Transações entre Partes Relacionadas. Sem prejuízo, opina pela instauração de incidente processual para monitoramento e fiscalização dos ativos detidos pelo Grupo SouthRock, considerando que as sociedades mencionadas no item 164 'a' a 'e' são ativos que pertencem ao Grupo SouthRock, afirmando ser evidente que a aquisição das participações societárias e as movimentações existentes no ativo e no passivo das empresas patrimoniais não operacionais – como é o caso da SRC5 – são dependentes de recursos de partes relacionadas, majoritariamente das empresas operacionais que compõe o Grupo.

Manifestou-se, ainda, a Travessia Securitizadora de Créditos Financeiros S.A. às fls. 15277/15299.

Pois bem. Considerando as alegações da peticionária, bem como os apontamentos da Administradora Judicial, de rigor o monitoramento e fiscalização das sociedades empresariais que compõe o Grupo SouthRock.

Por essa razão, **determino que a Administradora Judicial instaure incidente processual para monitoramento e fiscalização dos ativos detidos pelo Grupo SouthRock**, em

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.

fls. 15659

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

especial com relação às empresas: (i) SRN PARTICIPAÇÕES S.A.(CNPJ 22.609.006/0001-01); (ii) SRC 5PARTICIPAÇÕESLTDA.2 (CNPJ 44.654.271/0001-36); (iii) SUBWAYBRASILPARTICIPAÇÕES S.A. (CNPJ 44.340.812/0001-51); (iv) SUBWAY DO BRASILLTDA (CNPJ02.891.567/0001-20); (v) SUBWAY REALTY DO BRASILLTDA (CNPJ15.042.631/0001-40) (vi) SAVANNA PARTICIPAÇÕES S.A (CNPJ22.609.588/0001-18); (vii) SOUTHROCK II PARTICIPAÇÕES S.A.(CNPJ46.460.092/0001-93); (viii) SRC M PARTICIPAÇÕES LTDA (CNPJ38.050.025/0001-72); (ix) PITAIA SOLUÇÕESINTELIGENTES LTDA (CNPJ39.939.118/0001-15); (x) SRC H PARTICIPAÇÕES (CNPJ 45.814.298/0001-01); e(xi) THE BRAZIL COFFEE COMPANY PARTICIPAÇÕESS.A. (CNPJ30.061.679/0001-90), (xii) EATALYPARTICIPAÇÕES S.A. (CNPJ44.339.556/0001-82); e (xiii) EATALY BRASIL COMÉRCIO E DISTRIBUIÇÃODEALIMENTOS LTDA. (CNPJ 15.504.701/0001-35).

**9. Fls. 15056/15072:**

Trata-se de manifestação da Administradora Judicial saneando o feito e apresentando proposta de honorários provisórios, até ulterior deliberação quanto à fixação dos honorários definitivos.

**Intimem-se** as recuperandas para manifestação quanto à proposta apresentada, no prazo de 5 (cinco) dias.

**10. Fls. 14962/14972:** à **AJ,** para manifestação acerca dos pedidos relativos à empresa Brigadíssimo Buffet LTDA. – ME (fls. 14969 e seguintes).

**11. Oportunamente, conclusos.**

São Paulo, 19 de janeiro de 2024.

<div style="border:1px solid;">

**DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006,
CONFORME IMPRESSÃO À MARGEM DIREITA**

</div>

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDJz9.



REPÚBLICA FEDERATIVA DO BRASIL
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**
TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT-16465                    BOOK No.                                        PAGE No. 001

I, the undersigned Sworn Translator and Commercial Interpreter, hereby CERTIFY this is the description and faithful translation of a DOCUMENT written in Portuguese, which I translate as follows:
==================================================================================
sheet [15652 to 15659]

[Coat of arms of the Court of Appeals of São Paulo]
**COURT OF APPEALS OF THE STATE OF SÃO PAULO**
JUDICIAL DISTRICT OF SÃO PAULO CENTRAL CIVIL VENUE
1st BANKRUPTCY COURT
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Phone #: (11) 2171-6505,
São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Public Service Hours: from 01:00 p.m. to 05:00 p.m.**

**AWARD**
Digital Procedure No.: **1153819-28.2023.8.26.0100**
Class - Subject    **Court-Supervised Reorganization – Bankruptcy Case**
Plaintiff: **Southrock Capital Ltda. et al**.
Full Type of Main Defendant << Information not available >>: **Name of Main Defendant << Information not available >>**

Honorable Judge: Mr. **Adler Batista Oliveira Nobre**

Having considered the matter.

**1. Sheet 14577/14579:** last decision.

**2 Sheet 15051, 15093/15094, 15104, 15543 and 15564/15567:** requests for proof of claim. Required notes.

**3 Sheet 13755/13888, 15073/15092, 15571/15591, with statement of the Receiver on sheet 15056/15072 and the Public Prosecution Office on sheet 15568/15568**:

This is a statement by the companies being reorganized informing that some financial institutions blocked passwords for access to bank accounts, as well as that they proceeded with the amortization of amounts in the respective accounts, and requesting the rendering of the essentiality of said receivables.

The issue is again addressed on sheet 14962/15050.

Receiver's Statement on sheet 15056/15072, noting that it does not ignore the divergence of precedents on the subject and that the subject is intrinsically linked to the analysis of the nature of the claims in question, which is why the analyses should be carried out when preparing the list of creditors provided for in Article 7, Paragraph 2 of Law 11101/2005. However, in view of the current stage of this Court-Supervised Reorganization, the Receiver suggested an immediate solution based on the assignment of a specific incident for the analysis of the essentiality of the amounts in question for the continuity of the activities of the companies being reorganized, according to the position of TJSP (Court of Appeals of the State of São Paulo).

Virgo Companhia de Securitização also stated its position, on sheet 15073/15092, as well as Banco Votorantim (15571/15591), claiming that the request by the companies being reorganized be denied.

The Public Prosecution Office stated its position for granting the Receiver's request (sheet 15568/15569).

The following is noteworthy in this regard.

Considering the notes raised by the Receiver, which I accept as grounds for deciding and in view of the current



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL·- *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11 9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com (skype: antonio.dari)

TRANSLATION No. OT-16465          BOOK No.                    PAGE No. 002

---

uncertainty about the nature of the claims, **I partially grant, for now**, the interlocutory relief sought, with the financial institutions being required to suspend the withholding of receivables, and the companies being reorganized are thus expected to assign, within five (5) days, their own incident for the review of the contracts, nature of the receivables assigned as guarantees, and the essentiality of the amounts in question for the continuity of the activities of the companies being reorganized.

It is important to note that, in the incident, the finding of first priority nature of the claim will not only take into account the discussion regarding the (in)effectiveness of the fiduciary assignment of future credits not performed, but also whether, in the perfection of the guarantee, all the requirements for its validity have been met. As appropriate, the doctrine of Marcelo Barbosa Sacramone avers the following:

"It should be noted, however, that the amortization of claims with the payment made by third parties until the settlement of the main debt can only be carried out if all the requirements of the establishment of the fiduciary assignment are met, so that the claim is not submitted to court-supervised reorganization. Otherwise, the amount amortized after the court-supervised reorganization petition should be promptly refunded to the company being reorganized, since, as unsecured credit submitted for reorganization, payment can only be made under the approved reorganization terms" (Sacramone, Marcelo Barbosa. Comentários à Lei de Recuperação de Empresas e Falência. 4ª edição. São Paulo: SaraivaJur, 2023, p. 235).

It should be noted that, **for now**, this decision also does not authorize the release of the amounts already withheld by the financial institutions to the companies being reorganized.

**4. Sheet 13915/13949, with statement of the Receiver on sheet 15056/15072:**

This is a statement by Lesath Empreendimentos e Participações LTDA. and Condomínio Rochaverá Corporate Towers informing the non-payment of store rents for the month of November 2023, after the assignment of this Court-Supervised Reorganization.

Receiver's Statement (sheet 15056/15072) stating its knowledge on the subject.

**To the companies being reorganized,** so that they may state their position, within ten (10) days.

Without prejudice to the analysis of the nature of the claim, the companies being reorganized should consider that the relationships established after the filing of the Court-Supervised Reorganization stand as first priority claims, and thus should meet the payments of the claims, especially those services that interfere with the operation of the companies.

**5. Sheet 13956/13957, with statement of the Receiver on sheet 15056/15072**

These are Motions for Clarification filed by the companies being reorganized, maintaining that this Court were contradictory in granting the substantial consolidation and ordering this Receiver to submit a list of creditors disaggregated by company being reorganized when submitting the list provided for in Article 7, Paragraph 2 of Law 11101/05.

Receiver's Statement (sheet 15056/15072), stating its opinion for the cognizance of the motion and their grant so that only a consolidated list of creditors could be presented, in view of the approval of the substantial consolidation.

I take cognizance and **grant** the motion for clarification, authorizing the Receiver to present the list of creditors in a consolidated manner, considering that due to the substantial consolidation the existing claims will be treated as debt of the group, and not individually of each company that file the request.

**6. Sheet 14026/14032:**



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT-16465                  BOOK No.                    PAGE No. 003

This is a statement by the companies being reorganized requesting the publication of the notice with the list provided for in Article 52, Paragraph 1 of Law 11101/2005 in reduced format, pursuant to Statement No. 103 of the III Commercial Law Conference.

Receiver's Statement (sheet 15056/15072), not opposing the publication under the terms claimed by the companies being reorganized.

**I grant** the publication of the notice pertaining to Article 52, Paragraph 1 of Law 11101/2005 in reduced format. The publication of the notice is hereby ordered (draft on sheet 14028/14030), and the notary public should immediately summon the companies being reorganized to pay the respective costs, within five (5) days.

**7. Sheet 14174/14251, 14330/14519 and sheet 15111/15129, with statement of the Receiver on sheet 15056/15072 and the Public Prosecution Office on sheet 15568/15569:**

This is a statement by the companies being reorganized requesting the release of financial assets frozen in the records of executions No. 140995-37.2023.8.26.0100, 1154716- 56.2023.8.26.0100 and 1169524-66.2023.8.26.0100, since the claims that gave rise to said procedures are subject to this Court-Supervised Reorganization, and said freezes prevent access to the essential amounts for the payment of their expenses.

The issue is again addressed on sheet 14962/15050.

Statement of Banco Modal on sheet 14330/14519 stating that the claim object of its execution is not subject to this Court-Supervised Reorganization and, therefore, the request for release of the attachment claimed by the companies being reorganized is not applicable.

The statement of Banco Pine S.A. on sheet 15111/15129 follows the same reasoning.

Receiver's Statement (sheet 15056/15072) stating for the withdrawal of the amounts frozen in the aforementioned executions, in view of the validity of the stay period, as well as the need to analyze the nature of the claim in question, which will only occur in the appropriate procedural phase, when preparing the list provided for in Article 7, Paragraph2, of Law 11101/2005.

The Public Prosecution Office stated its position for granting the Receiver's request (sheet 15568/15569).

The following is noteworthy in this regard.

The companies being reorganized maintain that the freezes prevent them from accessing the amounts that are absolutely essential to the payment of their current expenses, such as the payment of the 2nd installment of the 13th salary due on 12/20/2023 and, also, the payment of the payroll and benefits of all employees of SouthRock Group, due on 12/30/2023 – the amounts of which amount to almost BRL 7 mn.

First, as previously mentioned, the nature of the claims (whether first priority claims or not) will only be defined at the appropriate time (Article 7, Paragraph2, of Law 11101/2005).

In the latter case (non-existence of first priority claim), although freezes carried out prior to the granting of the processing of Court-Supervised Reorganization are valid, there is nothing to prevent its annulment by this court if it is found that the object/amount of asset frozen is necessary for the maintenance of the business activity.

On the other hand, even if the claim of the creditor financial institutions may not be subject to court-supervised reorganization (Article 49, Paragraph 3, of Law 11101/2005) – which, it should be reiterated, will be dealt with in due course –



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11 9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com (skype: antonio.dari)

TRANSLATION No. OT-16465              BOOK No.                    PAGE No. 004

---

, the privilege of the fiduciary creditor is linked to the asset given as guarantee – or, in this regard, to the rights and negotiable instruments delivered as guarantee. In other words, the purpose of the Law, at this point, is precisely to enable the foreclosure of the security, allowing the owner creditors not to undergo court-supervised reorganization, being able to exercise their property rights over the assets/rights:

"In this sense, Article 66-B, Paragraph3, of Law 4728/65 in the case of fiduciary sale of fungible movable property or rights or negotiable instruments. In the event of nonperformance or default of the secured obligations, the creditor may amortize its claim with the receivables, sell to third parties the asset object of the fiduciary ownership, and should apply the sale price in the payment of its claim and the expenses arising from the guarantee, delivering to the debtor the balance, if any, accompanied by the statement of the transaction carried out. There is no jeopardy of Article 49, Paragraph3, of Law 11101/2002 in this form of claim satisfaction of this first priority creditor" (Sacramone, Marcelo Barbosa. Comentários à Lei de Recuperação de Empresas e Falência. 4ª edição. São Paulo: SaraivaJur, 2023, p. 234).

Notwithstanding the understanding to the contrary, the Law, however, **does not** aim or enable creditors, during the stay period, to reach other assets or sums, unrelated to the guarantee. Thus, any freeze of financial assets would only be reasonable, for example, if the companies being reorganized not only defaulted on the contract, but also made it impossible to realize the guarantee, receiving the amounts relating to the rights/credits assigned on a fiduciary basis from the third party debtor, as a way of preventing their retention/receipt by the first priority claim creditors. However, this is not the hypothesis of the case.

As presented by the Receiver, with respect to Banco Modal's allegation of the existence of a guarantee of fiduciary assignment of receivables, in analysis of the record of the Execution of Instrument Enforceable Out of Court No. 1169524-66.2023.8.26.0100, **it was found that the attachment carried out involved receivables not covered by the contract, which is why its annulment is imperative, along with the release in favor of the companies being reorganized of the amounts not covered by the fiduciary assignment as guarantee.**

On the other hand, regarding the freezes that occurred within the scope of cases No. 1140995-37.2023.8.26.0100, 1154716-56.2023.8.26.0100 and 1169524-66.2023.8.26.0100 on the
general equity of the companies being reorganized, there was a total or partial absence of fiduciary guarantee coverage, and it is even more inadmissible that the freeze prevails over amounts that do not directly represent the fiduciary guarantee itself (partially or entirely non-existent).

Thus, considering that the stay period is in force (Article 6 of Law 11101/2005) and also the need to analyze the nature of the claim in question, which will only occur in the appropriate procedural phase, when preparing the list provided for in Article 7, Paragraph 2, of Law 11101/200, as well as considering relevant what was presented by the companies being reorganized regarding the need for the amounts for the continuity of the business activity, **I grant** the Receiver's statement – the grounds of which I also point up as ratio decidendi – and **I grant** the requests presented, ordering the withdrawal of the amounts frozen in the executions in favor of the plaintiffs.

This decision, digitally signed, will serve as an official letter, with the burden of filing of the companies being reorganized in the courts where the execution actions are being processed.

**8. Sheet 14580/14599 and sheet 15277/15299, with statement of the Receiver on sheet 15056/15072:**

This is a statement of Ativos Especiais II Fundo de Investimento em Direitos Creditórios Não Padronizados and Ativos Especiais III Fundo de Investimento em Direitos Creditórios Não Padronizados informing about a possible plan to favor creditors through the company SRC 5 Participações Ltda., and requesting the notice of Receiver to carry out the necessary investigations for the inspection of the company SRC5, especially regarding (i) the origin of the funds for the acquisition of the



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL/- *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portugue*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT-16465                    BOOK No.                              PAGE No. 005

property currently owned by SRC5; (ii) the circumstances pertaining to the perfection of guarantees on the shares of this company and the provision of accommodation/suretyship in favor of the creditors Virgo and Travessia; as well as (iii) the reasons for the non-inclusion of SRC5 in the court-supervised reorganization, despite the nonperformance of the operations with said creditors. In addition, it requires that it be recognized that the property owned by SRC5 is subject to the effects of this court-supervised reorganization, notably regarding the stay period, and the consequent impossibility of undergoing freezes and being sold without authorization to the Reorganization Court.

On sheet 15056/15072 the Receiver points out that the issues were considered in the Complementation to the Prior Finding Report (sheet 12964/13127), specifically in topic III.1.4.1 Transactions between Related Parties. Without prejudice, it states its position for the institution of a procedural incident for monitoring and supervising the assets held by the SouthRock Group, considering that the companies referred to in item 164 'a' a 'e' are assets that belong to the SouthRock Group, stating that it is evident that the acquisition of equity interests and the existing movements in assets and liabilities of non-operating equity companies such as SRC5 are dependent on funds from related parties, mainly from the operating companies that make up the Group.

Travessia Securitizadora de Créditos Financeiros S.A. also stated its position on sheet 15277/15299.

In this respect, the following is noteworthy. Considering the allegations of the petitioner, as well as the notes of the Receiver, the monitoring and supervision of the business companies that make up the SouthRock Group is rendered necessary.

For this reason, **I order that the Receiver institutes a procedural incident for monitoring and supervising the assets held by the SouthRock Group**, especially in relation to the companies: (i) SRN PARTICIPAÇÕES S.A.(CNPJ 22.609.006/0001-01); (ii) SRC 5PARTICIPAÇÕESLTDA.2 (CNPJ 44.654.271/0001-36); (iii) SUBWAYBRASILPARTICIPAÇÕES S.A. (CNPJ 44.340.812/0001-51); (iv) SUBWAY DO BRASILLTDA (CNPJ02.891.567/0001-20); (v) SUBWAY REALTY DO BRASILLTDA (CNPJ15.042.631/0001-40) (vi) SAVANNA PARTICIPAÇÕES S.A (CNPJ22.609.588/0001-18); (vii) SOUTHROCK II PARTICIPAÇÕES S.A.(CNPJ46.460.092/0001-93); (viii) SRC M PARTICIPAÇÕES LTDA (CNPJ38.050.025/0001-72); (ix) PITAIA SOLUÇÕESINTELIGENTES LTDA (CNPJ39.939.118/0001-15); (x) SRC H PARTICIPAÇÕES (CNPJ 45.814.298/0001-01); e(xi) THE BRAZIL COFFEE COMPANY PARTICIPAÇÕESS.A. (CNPJ30.061.679/0001-90), (xii) EATALYPARTICIPAÇÕES S.A. (CNPJ44.339.556/0001-82); e (xiii) EATALY BRASIL COMÉRCIO E DISTRIBUIÇÃODEALIMENTOS LTDA. (CNPJ 15.504.701/0001-35).

**9. Sheet 15056/15072**:

This is a statement of the Receiver as a pretrial measure on the case and presenting a proposal for provisional fees, until further resolution sets the final fees.

**The companies being reorganized should be summoned** to state their position on the proposal presented, within five (5) days.

**10. Sheet 14962/14972: to Receiver**, for a statement on the requests pertaining to the company Brigadíssimo Buffet LTDA. – ME (sheet 14969 et seq.).

**11. In due course, held under advisement by the judge.**

São Paulo, January 19, 2024.

**DOCUMENT DIGITALLY SIGNED IN ACCORDANCE WITH LAW 11419/2006, AS PRINTED ON THE RIGHT MARGIN**



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT-16465                 BOOK No.                          PAGE No. 006

[There appears information on the right margin: This document is a copy of the original, digitally signed by ADLER BATISTA OLIVEIRA NOBRE, released of record on 01/22/2024 at 04:41 p.m.; To check the original, please access website https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter case 1153819-28.2023.8.26.0100 and code 30UbDjz9.]

====================================================================================

Nothing else was contained in said original, which I return with this faithful translation. In witness whereof, I have hereunto set my hand and seal of office. June 28, 2024.

Emoluments according to the law.





This document was digitally signed by ANTONIO DARI ANTUNES ZHBANOVA.
To verify the signature access the link below.
https://www.qrassinaturas.com.br/CheckPadesRest?c=7VMF-M3AT-7TYS-B5DT



**Annex 2**

fls. 34205

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

| DECISÃO |
|---|

Processo Digital:        **1153819-28.2023.8.26.0100**
Classe:                        **Recuperação Judicial**
Requerente:                 **Southrock Capital Ltda. e outros**
Tipo Completo da Parte      **Nome da Parte Passiva Principal << Informação indisponível >>**
Passiva Principal <<
Informação indisponível >>:

Juiz de Direito Jomar Juarez Amorim

Fls. 29146-29147: Edital Publicado em 26/3/24.

Fls. 29990-29994: última decisão.

Fls. 2995-2996: Edital já publicado.

Promova a z. Serventia o cadastramento de todos os credores e representantes.

1. Fls. 30084-30097: Travessia Securitizadora de Créditos Financeiros pede o afastamento imediato dos Srs. Kenneth Pope e Fabio David Rohr dos cargos de administração que ocupam em todas as empresas do Grupo Southrock, com a consequente convocação de assembleia-geral de credores para deliberação sobre a escolha do gestor judicial para assumir a administração, na forma do art. 65 da LFR:  Manifeste-se o Administrador Judicial e o Ministério Público.

2. Fls. 30100-30116, Fls. 30117-20125, Fls. 30142-30145, Fls. 30146-30149, Fls. 32393-32396, Fls. 32427-32436, Fls. 32450-32452, Fls. 32461-32465, Fls. 32466-32471, Fls. 32504-32517, Fls. 32549-32554, Fls. 32565-32574, Fls. 32618-32632, Fls. 32633-32638, Fls. 32639-32647, Fls. 32648-32654, Fls. 32690-32694, Fls. 32695-32705, Fls. 32706-32709, Fls. 32710-32718, Fls. 32721-32723, Fls. 32724-32736, Fls. 32737-32753, Fls. 32754-32770, Fls. 32771-32779, Fls. 327820-32792, Fls. 32793-32800, Fls. 32801-32802, Fls. 32810-32825, Fls. 33007-33010, Fls.

Este documento é cópia do original, assinado digitalmente por JOMAR JUAREZ AMORIM, liberado nos autos em 10/05/2024 às 15:37 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 1yELBVY7.

fls. 34206

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP **-** E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

33027-33030: Trata-se de objeções ao Plano de Recuperação Judicial: Manifeste-se o Administrador Judicial.

3. Fls. 32806: Ao Administrador Judicial para retificação do valor anteriormente informado.

4. Fls. 32833-32849: Pedido das Recuperandas de autorização de DIP (fls. 22783-22858). Requer seja declarada a impossibilidade de o Juízo da 3ª Vara de Execuções Fiscais Federais da Subseção Judiciária de São Paulo determinar a penhora de ativos financeiros das Recuperandas com o objetivo de satisfazer o crédito pleiteado nos autos da Execução Fiscal nº 501080-26.2023.8.03.6182, eis que essenciais à manutenção de suas atividades e ao sucesso de seu soerguimento: Manifeste-se o Administrador Judicial e o Ministério Público.

5 . Fls. 32851-32862: Manifestação das Recuperandas quanto à petição de fls. 30084-30097 (Travessia Securitizadora de Créditos Financeiros): Manifeste-se o Administrador Judicial e o Ministério Público.

6. Fls. 32884-32887: Recuperandas pedem "renovação" do prazo do "stay period": manifestem-se sucessivamente AJ e MP

7. Fls. 33021-33022: Divergência de valores: Ao Administrador Judicial.

8. Fls. 33086-33089: defiro o pedido e determino aos credores indicados (Banco Modal, Ativos Especiais II e III e Virgo) que se abstenham de novas retenções de recebíveis das Recuperandas, liberando-se toda e qualquer retenção efetivada a partir de 22/1/24, até ulterior decisão nos autos 0005961-73.2024.8.26.0100 (fls. 15652-15659), sob de multa diária fixada em R$10.000,00, limitada a R$100.000,00. Esta decisão serve como ofício.

Este documento é cópia do original, assinado digitalmente por JOMAR JUAREZ AMORIM, liberado nos autos em 10/05/2024 às 15:37 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código IyELBVY7.

fls. 34207



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

9. Fls. 34198-34204: Vista ao Administrador Judicial e, posteriormente, encaminhem-se os autos ao Ministério Público.

Todas as petições de habilitação/impugnação de crédito ou informando dados para pagamento: é dever do advogado observar o Comunicado CG 219/2018; se o incidente foi instaurado e o credor obteve decisão favorável, a intimação do AJ para inclusão/retificação do crédito no QGC já foi realizada mediante publicação no DJE, tornando desnecessário, além de prejudicial à administração da justiça, peticionar nestes autos principais; dados bancários devem ser enviados ao endereço eletrônico do AJ; de qualquer modo ciência ao AJ para conferência e providências.

Int.

São Paulo, 10 de maio de 2024

DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006, CONFORME IMPRESSÃO À MARGEM DIREITA

Este documento é cópia do original, assinado digitalmente por JOMAR JUAREZ AMORIM, liberado nos autos em 10/05/2024 às 15:37 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 1yELBVY7.



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11 9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com (skype: antonio.dari)

TRANSLATION No. OT-16464                  BOOK No.                        PAGE No. 001

I, the undersigned Sworn Translator and Commercial Interpreter, hereby CERTIFY this is the description and faithful translation of a DOCUMENT written in Portuguese, which I translate as follows:
================================================================================
sheet [34205 to 34207]

[Coat of arms of the Court of Appeals of São Paulo]
**COURT OF APPEALS OF THE STATE OF SÃO PAULO**
JUDICIAL DISTRICT OF SÃO PAULO CENTRAL CIVIL VENUE
1st BANKRUPTCY COURT
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Phone #: (11) 2171-6505,
São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Public Service Hours: from 01:00 p.m. to 05:00 p.m.**

**AWARD**

Digital Procedure No.: **1153819-28.2023.8.26.0100**
Class - Subject    **Court-Supervised Reorganization**
Plaintiff: **Southrock Capital Ltda. et al.**
Full Type of Main Defendant << Information not available >>: **Name of Main Defendant << Information not available >>**

Judge Jomar Juarez Amorim

       Sheet 29146-29147: Notice Published on 3/26/24.
       Sheet 29990-29994: last decision.
       Sheet 2995-2996: Notice already published.

       The Notary Public must register all creditors and representatives.

       1. Sheet 30084-30097: Travessia Securitizadora de Créditos Financeiros requests the immediate removal of Messrs. Kenneth Pope and Fabio David Rohr of the management positions they hold in all companies of the Southrock Group, with the consequent call of a general meeting of creditors to resolve on the choice of the judicial manager to assume the management, pursuant to Article 65 of LFR: The Receiver and the Public Prosecution Office must state their positions.

       2. Sheet 30100-30116, Sheet 30117-20125, Sheet 30142-30145, Sheet 30146-30149, Sheet 32393-32396, Sheet 32427-32436, Sheet 32450-32452, Sheet 32461-32465, Sheet 32466-32471, Sheet 32504-32517, Sheet 32549-32554, Sheet 32565-32574, Sheet 32618-32632, Sheet 32633-32638, Sheet 32639-32647, Sheet 32648-32654, Sheet 32690-32694, Sheet 32695-32705, Sheet 32706-32709, Sheet 32710-32718, Sheet 32721-32723, Sheet 32724-32736, Sheet 32737-32753, Sheet 32754-32770, Sheet 32771-32779, Sheet 327820-32792, Sheet 32793-32800, Sheet 32801-32802, Sheet 32810-32825, Sheet 33007-33010, Sheet 33027-33030: These are objections to the Court-Supervised Reorganization Plan: The Receiver must state its position.

       3. Sheet 32806: To the Receiver to rectify the amount previously informed.

       4. Sheet 32833-32849: Request from the companies being reorganized for DIP authorization (sheet 22783-22858). It requires the impossibility of the 3rd Federal Tax Enforcement Court of the Judicial Subsection of São Paulo to determine the attachment of financial assets of the companies being reorganized in order to satisfy the credit claimed in the record of Tax Foreclosure No. 501080-26.2023.8.03.6182, as essential to the maintenance of its activities and the success of its recovery: The Receiver and the Public Prosecution Office must state their positions.

       5 . Sheet 32851-32862: Statement by the companies being reorganized regarding the petition on sheet 30084-30097 (Travessia Securitizadora de Créditos Financeiros): The Receiver and the Public Prosecution Office must state their positions.



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloísio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

| TRANSLATION No. OT-16464 | BOOK No. | PAGE No. 002 |
|---|---|---|

6. Sheet 32884-32887: companies being reorganized request "renewal" of the "stay period" term: The Receiver and the Public Prosecution Office must successively state their positions.

7. Sheet 33021-33022: Divergence of amounts: To the Receiver.

8. Sheet 33086-33089: I grant the request and order the said creditors (Banco Modal, Ativos Especiais II and III and Virgo) to refrain from further withholding receivables from the Companies being reorganized, releasing any and all withholding effective as of 1/22/24, until further decision in case 0005961-73.2024.8.26.0100 (sheet 15652-15659), under a daily fine set at BRL 10,000.00, limited to BRL 100,000.00. This decision serves as an official letter.

9. Sheet 34198-34204: Viewed by the Receiver and, subsequently, the record should be forwarded to the Public Prosecution Office.

All petitions for proof/challenge of claim or informing data for payment: It is the duty of the lawyer to observe Communication CG 219/2018; if the incident was instituted and the creditor obtained a favorable decision, the subpoena of the Receiver for inclusion/rectification of the claim in QGC has already been made by publication in DJE, making it unnecessary, in addition to harmful to the administration of justice, to claim it in this main record; bank details must be sent to the Receiver's electronic address; in any case, the Receiver is aware of it for verification and measures.

Notification is hereby ordered.

São Paulo, May 10, 2024

**DOCUMENT DIGITALLY SIGNED IN ACCORDANCE WITH LAW 11419/2006, AS PRINTED ON THE RIGHT MARGIN**

[There appears information on the right margin: This document is a copy of the original, digitally signed by JOMAR JUAREZ AMORIM, released of record on 05/10/2024 at 03:37 p.m.; To check the original, please access website https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter case 1153819-28.2023.8.26.0100 and code IyELBVY7.]

===========================================================================================

Nothing else was contained in said original, which I return with this faithful translation. In witness whereof, I have hereunto set my hand and seal of office. June 28, 2024.

Emoluments according to the law.





This document was digitally signed by ANTONIO DARI ANTUNES ZHBANOVA.
To verify the signature access the link below.
https://www.qrassinaturas.com.br/CheckPadesRest?c=ZJXE-MDWB-EBUS-36SU

# Exhibit D

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ District of _____

In re ___SouthRock Capital Ltda., et al._____

                        Debtor

*(Complete if issued in an adversary proceeding)*

_____

                        Plaintiff

                        v.

_____

                        Defendant

Case No. ___24-90398 (CML)_____

Chapter ___15_____

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _____Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP_____

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE Quinn Emanuel Urquhart & Sullivan, LLP<br>     700 Louisiana Street, Suite 3900, Houston, Texas 77002,<br>     Attn: Patricia B. Tomasco | DATE AND TIME<br> On or before July 26, 2024 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

             CLERK OF COURT

                           OR

      _____      __*/s/ Patricia B. Tomasco*___

      *Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Fabio D. Rohr, Foreign Representative, who issues or requests this subpoena, are: Patricia B. Tomasco, Quinn Emanuel Urquhart & Sullivan, LLP, 700 Louisiana Street, Suite 3900, Houston, TX 77002, pattytomasco@quinnemanuel.com, tel. 713-221-7000

                     **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Case No. 24-90398 (CML) |
| | § | |
| SouthRock Capital Ltda., *et al.*[1] | § | Chapter 15 |
| | § | |
| | § | |
| Debtors in Foreign Proceeding. | § | (Jointly Administered) |
| | § | |

**DOCUMENT REQUEST TO ATIVOS ESPECIAIS II - FUNDO DE**
**INVESTIMENTO EM DIREITOS CREDITÓRIOS – NP, AND**
**ATIVOS ESPECIAIS III - FUNDO DE INVESTIMENTO EM DIREITOS**
<u>**CREDITÓRIOS – NP PURSUANT TO FED. R. BANKR. P. 2004**</u>

To:

Ativos Especiais II - Fundo de Investimento em Direitos Creditórios – NP, and
Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP
c/o Jason S. Brookner
Amber M. Carson
Gray Reed
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056

c/o Justin M. Ellis
Lauren F. Dayton
Catherine Martinez
MoloLamken LLP
430 Park Avenue
New York, New York 10022

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's Brazilian tax identification number, are as follows: (a) SouthRock Capital Ltda. (01-35); (b) Americana Franquia S.A. (01-51); (c) Brazil Airport Restaurantes S.A. (01-73); (d) HB Participações S.A. (01-57); (e) SRC 5 Participações Ltda. (01-02); (f) SRC 6 Participações Ltda. (01-41); (g) SRC Holding Participações S.A.(01-74); (h) SR N Participações S.A. (01-01); (i) Star Participações S.A. (01-09); (j) Starbucks Brasil Comércio de Cafés Ltda. (01-00); (k) SW do Brasil Ltda. (01-20); (l) SW Stores do Brasil Ltda. (01-36); and (m) Wahalla Ltda. (01-10).  The Debtors' mailing and service address is Avenida Paulista, 1294, 14º andar, sala 14, Bela Vista, São Paulo/SP, CEP 01310-915, Brazil.

NOTICE IS HEREBY GIVEN that, pursuant to Federal Rules of Bankruptcy Procedure 2004, 7034, and 9014 and Bankruptcy Local Rule 2004-1, Fabio D. Rohr, the Foreign Representative of the above-captioned Debtors, by and through his undersigned counsel, directs Ativos Especiais II - Fundo de Investimento em Direitos Creditórios – NP, and Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP to produce the documents described in **Schedule A** hereto at the office of Quinn Emanuel Urquhart & Sullivan, LLP, 700 Louisiana Street, Suite 3900, Houston, Texas 77002, Attn: Patricia B. Tomasco on or before July 26, 2024.

Dated: July 11, 2024
Houston, TX

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Patricia B. Tomasco*
Patricia B. Tomasco
SBN 01797600
S.D. Tex. Fed. No. 10142
Joanna D. Caytas
SBN 24127230
S.D. Tex. Fed. No. 3630347
Razmig Izakelian (admitted pro hac vice)
Alain Jaquet (admitted pro hac vice)
700 Louisiana Street, Suite 3900
Houston, Texas 77002

**COUNSEL FOR FABIO D. ROHR, FOREIGN REPRESENTATIVE**

**<u>SCHEDULE A</u>**

**<u>DOCUMENT REQUESTS PURSUANT TO FED. R. BANKR. P. 2004</u>**

**DEFINITIONS**

1.      "Brazilian Bankruptcy Court" means the 1st Bankruptcy Court of the Central Forum of São Paulo, Brazil.

2.      "Brazilian Insolvency Proceeding" means the Brazilian insolvency proceeding pending before the Brazilian Bankruptcy Court under case number "1153819-28.2023.8.26.0100."

3.      "Banco Itaú" means Banco Itaú Unibanco S.A., and any of its affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other Persons or entities acting on its behalf or under its control.

4.      "Banco Santander" means Banco Santander (Brasil) S.A., and any of its affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys, and all other Persons or entities acting on its behalf or under its control.

5.      "Chapter 15 Proceeding" means the jointly administered chapter 15 cases pending before the Court and captioned *In re Southrock Capital Ltda., et al.*, Case No.: 24-90398 (CLM).

6.      "Communication" means any transmittal of information (in the form of facts, ideas, inquiries, and otherwise) and encompasses every medium of transmittal, including oral, written, graphic, electronic communication, and any document evidencing such communication, including correspondence, memoranda, notes or logs of telephone conversations, electronic mail, diaries, daily calendars, or other records of exchanges between persons.

7.      "Concern" and "Concerning" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally, or logically connected to, in whole or in part, the stated subject matter.

8.      "Court" means the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

9.      "Debtors" means SouthRock Capital Ltda., Americana Franquia S.A., Brazil Airport Restaurantes S.A., HB Participações S.A., SRC 5 Participações Ltda., SRC 6 Participações Ltda., SRC Holding Participações S.A., SR N Participações S.A., Star Participações S.A., Starbucks Brasil Comércio de Cafés Ltda., SW do Brasil Ltda., SW Stores do Brasil Ltda., and Wahalla Ltda.

10.     "Document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or stored communication or representation, whether comprised of letters, words, numbers, data, graphs, charts, photographs, recordings, images, pictures, sounds or symbols, or any combination thereof.  For the avoidance of doubt, "Document" means anything which may be considered to be a document or tangible thing, and includes, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of

4

meetings or communications, electronic mail/messages and/or "e-mail," instant messaging, text messages, questionnaires, surveys, charts, graphs, photographs, films, tapes, disks, data cells, printouts of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as CDs, DVDs, memory sticks, floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing.

11.    "Document Request" means the July 10, 2024 *Document Request to Ativos Especiais II – Fundo de Investimento Em Direitos Creditórios – NP, and Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP Pursuant to Fed. R. Bankr. P. 2004*.

12.    "Financial Institution" means any depository institutions (banks, thrifts, credit unions), savings and loan associations, broker or dealer in securities, and money services businesses.

13.    "January 2024 Order" means the order dated January 22, 2024 issued by the Brazilian Bankruptcy Court in the Brazilian Insolvency Proceeding, and attached hereto as **Annex 1**.

14.    "LGG" means Lend Gestão de Garantia Ltda., and any of its affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other Persons or entities acting on its behalf or under its control.

15.    "May 2024 Order" means the order dated May 10, 2024 issued by the Brazilian Bankruptcy Court in the Brazilian Insolvency Proceeding, and attached hereto as **Annex 2**.

16.     "Objectors" means Banco Modal S.A., Banco Votorantim S.A., Ibiuna Crédito Gestão de Recursos Ltda., Travessia Securitizadora de Créditos Financeiros S.A., and Travessia Securitizadora de Créditos Financeiros XXXII S.A., and any of and their affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other persons or entities acting on their behalf or under their control.

17.     "Person" shall have the meaning ascribed to such term in section 101(41) of the Bankruptcy Code.

18.     "Receivables" means the receivables due to the any of the Debtors that You withheld at any time in the period between October 31, 2023 and present.

19.     "Relate" and "Relating" when used with respect to any given subject, means and includes analyzing, consisting, constituting, containing, comprising, commenting upon, connected with, concerning, contradicting, dealing with, describing, embodying, establishing, evidencing, identifying, listing, memorializing, pertaining to, purporting, referring to, relating to, regarding, recording, responding to, reflecting, representing, stating, substantiating, showing, supporting, or with respect to, whether in whole or in part or having any logical or factual connection whatsoever with that subject, regardless of whether the factual connection is favorable or adverse.

20.     "Southrock Group" means the Debtors, and any of their affiliates, subsidiaries (direct and indirect), agents, advisors, employees, representatives, staff, attorneys and all other Persons or entities acting on their behalf or under their control.

21.     "You" and "Your" means Ativos Especiais II - Fundo de Investimento em Direitos Creditórios – NP, Ativos Especiais III - Fundo de Investimento em Direitos Creditórios – NP, and any of their affiliates, subsidiaries (direct and indirect), agents, advisors, employees,

representatives, staff, attorneys and all other Persons or entities acting on their behalf or under their control.

## INSTRUCTIONS

1.      You are requested to produce all Documents described below that are within Your possession, custody, or control or in the possession, custody, or control of Your agents, representatives, or any other person or entity acting or purporting to act on Your behalf.

2.      Electronically stored information ("ESI") should be produced in its native format with all metadata preserved and intact.

3.      You must produce entire Documents including attachments, enclosures, cover letters, memoranda, and appendices.  Documents not otherwise responsive to this request are to be produced if such Documents are attached to, or enclosed with, any Document that is responsive. Examples of such Documents include email attachments, routing slips, transmittal memoranda or letters, comments, evaluations, or similar Documents.  In the case of email attachments, if either the email or any of its attachments is responsive, produce the email and all of the corresponding attachments.

4.      If You object to part of a request, You must state the basis of Your objections, and produce all Documents called for by the portion of the request to which You do not object.

5.      If there are no Documents responsive to any particular Document request, the response shall state so in writing.

6.      If any Document is withheld from production on the basis of any claimed privilege or immunity or other ground, furnish a list specifying: (a) the nature of the privilege, immunity, or other ground claimed; (b) the authors of the Document; (c) all persons who received copies of the Document; (d) the date of the Document; (e) the type of Document withheld (*e.g.*, memorandum,

letter, report, email, etc.); and (f) the general subject matter of the Document sufficient to enable the Debtors to assess the applicability of the claimed privilege, immunity, or other ground for refusal to produce.

7.     In the event any Document responsive to these requests has been lost, discarded, or destroyed, that Document is to be identified by stating as completely as possible: (a) the authors or creators of the Document; (b) all persons who received copies of the Document, including the Document's indicated and blind copy recipients; (c) the custodian of the Document; (d) the date of the Document; (e) the type of Document (*e.g.*, memorandum, letter, report, email, etc.); (f) the Document's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard; and (g) the persons authorizing and carrying out such destruction or discard.

8.     Unless expressly indicated to the contrary, each request herein shall be construed independently.  No request shall be construed by reference to any other request for the purpose of limiting the scope of the answers to such request.

9.     A Document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed identical to one without such modifications, additions, or deletions.  The term "original" includes the file copy and copies of any Document if there is no actual original or ribbon copy.

10.     Whenever necessary to bring within the scope of these requests any information that otherwise might be construed to be outside the scope, (a) "including" shall be read as "including but not limited to;" (b) the present tense shall include the past tense and future tense, the past tense shall include the present tense and future tense, and the future tense shall include the past tense and present tense; (c) the terms "and," "or," and "and/or" shall be interpreted liberally, as conjunctive, disjunctive, or both depending on the context, so that the fullest disclosures of

information is achieved; (d) "all" and "any" shall mean "any and all;" (e) reference to any gender includes the other gender; and (f) any term stated in the singular includes the plural and vice versa.

11.     These requests shall be deemed continuing and supplemental answers shall be required if You directly or indirectly obtain further information after Your initial response as required by Fed. R. Bank. P. Rule 7026(e).  The Debtors specifically reserve the right to make additional requests and to seek supplementary responses and the additional supplementary production of Documents.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

All Documents and Communications Relating to Receivables, including, but not limited to:

(a)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from Banco Itaú, including, but not limited to, all bank statements that Relate to Receivables.

(b)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from Banco Santander, including, but not limited to, all bank statements that Relate to Receivables.

(c)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from any Financial Institution, including, but not limited to, all bank statements that Relate to Receivables.

(d)     All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from LGG, including, but not limited to, (i) any contracts or agreements between You and LGG that Relate to Receivables; (ii) all Documents and Communications Concerning the purposes and reasons why You retained LGG in connection with Receivables; and (iii) all bank statements relating to Receivables that LGG has retained for You or on your behalf.

(e)     All Documents and Communications Concerning the reasons why You have withheld Receivables.

(f)     All Documents and Communications Concerning section 3 of the January 2024 Order ("3. Fls. 13755/13888, 15073/15092, 15571/15591, com manifestação da Administradora Judicial às fls. 15056/15072 e do Ministério Público às fls.

15568/15568") including, but not limited to, all Documents and Communications Concerning the Reasons why You have withheld Receivables prior to and after the January 2024 Order.

(g)    All Documents and Communications Concerning section 8 of the May 2024 Order ("8. Fls. 33086-33089: defiro o pedido e determino aos credores indicados (Banco Modal, Ativos Especiais II e III e Virgo) que se abstenham de novas retenções de recebíveis das Recuperandas, liberando-se toda e qualquer retenção efetivada a partir de 22/1/24, até ulterior decisão nos autos 0005961-73.2024.8.26.0100 (fls. 15652-15659), sob de multa diária fixada em R$10.000,00, limitada a R$100.000,00. Esta decisão serve como ofício"), including, but not limited to, (i) all Documents and Communications Concerning the Reasons why You have withheld Receivables after the May 2024 Order; and (ii) all Documents and Communications Concerning the non-payment of the fine ordered by the Brazilian Bankruptcy Court.

(h)    All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from any of the Debtors.

(i)    All Documents and Communications Relating to Receivables that You exchanged with, sent to, or receive from the SouthRock Group.

(j)    All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from any of the Objectors.

(k)    All Documents and Communications Relating to Receivables that You exchanged with, sent to, or received from any Person retaining Receivables for You on Your behalf, including, but not limited to, (i) any contract or agreement between You and this Person that Relates to the Receivables; (ii) all Documents and Communications Concerning the purposes and reasons why You retained this Person in connection with Receivables; and (iii) all bank statements relating to Receivables that this Person has retained for You or on your behalf.

(l)    All Documents and Communications Concerning the total amount of Receivables that You are withholding as of the date of this Document Request.

(m)    All Documents and Communications—including, but not limited to, all bank statements—showing (i) the name and the *Cadastro Nacional de Pessoas Jurídicas* of the SouthRock Group entity to which the withheld Receivables Relate; (ii) the date when You withheld each of the Receivables; and/or (iii) the value of each Receivables at the time You withheld them.

(n)    All Documents and Communications showing whether You used any of the Receivables to set off any credits You may have against the SouthRock Group that are subject to arrangement in the Brazilian Insolvency Proceeding.

**Annex 1**

fls. 15652

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

| DECISÃO |
|---|

Processo Digital nº:     **1153819-28.2023.8.26.0100**
Classe - Assunto         **Recuperação Judicial - Concurso de Credores**
Requerente:              **Southrock Capital Ltda. e outros**
Tipo Completo da Parte   **Nome da Parte Passiva Principal << Informação indisponível >>**
Passiva Principal <<
Informação indisponível >>:

Juiz(a) de Direito: Dr(a). **Adler Batista Oliveira Nobre**

Vistos.

**1. Fls. 14577/14579:** última decisão.

**2. Fls. 15051, 15093/15094, 15104, 15543 e 15564/15567:** pedidos da habilitação.
Anotações necessárias.

**3. Fls. 13755/13888, 15073/15092, 15571/15591, com manifestação da
Administradora Judicial às fls. 15056/15072 e do Ministério Público às fls. 15568/15568:**

Trata-se de manifestação das recuperandas informando que algumas instituições
financeiras efetuaram o bloqueio de senhas para acesso às contas bancárias, bem como que
procederam com a amortização de valores nas respectivas contas e requerendo a declaração da
essencialidade dos referidos recebíveis.

A questão é novamente abordada às fls. 14962/15050.

Manifestação da Administradora Judicial às fls. 15056/15072, consignando não
ignorar a divergência jurisprudencial sobre o tema e que o tema está intrinsecamente ligado à
análise da natureza dos créditos em comento, razão pela qual as análises deverão ser realizadas por
ocasião da elaboração da relação de credores prevista no art. 7º, §2º da Lei 11.101/2005. Contudo,
diante do estágio atual da presente Recuperação Judicial, a Administradora Judicial sugeriu
solução imediata consubstanciada na distribuição de incidente específico para a análise da
essencialidade dos valores em questão para a continuidade das atividades das recuperandas,
conforme posicionamento do E. TJSP.

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.

fls. 15653

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

Também se manifestou a Virgo Companhia de Securitização, às fls. 15073/15092, bem como o Banco Votorantim (15571/15591), pugnando pelo indeferimento do pedido das recuperandas.

O Ministério Público opinou pelo deferimento do pedido da AJ (fls. 15568/15569).

Pois bem.

Considerando os apontamentos feitos pela Administradora Judicial − os quais acolho como fundamentos de decidir − e ante a atual incerteza acerca da natureza dos créditos, **defiro parcialmente**, **por ora**, a tutela de urgência pleiteada, ficando as instituições financeiras obrigadas a suspenderem as retenções de recebíveis, devendo as recuperandas distribuírem, no prazo de 5 (cinco) dias, incidente próprio para análise dos contratos, natureza dos recebíveis cedidos em garantias e da essencialidade dos valores em questão para a continuidade das atividades das recuperandas.

É importante salientar que, no incidente, a verificação da extraconcursalidade não se levará em conta apenas a discussão tange à (in)eficácia da cessão fiduciária de direitos creditórios futuros não performados, mas também se, na constituição da garantia, foram atendidos todos os requisitos para sua validade. Por oportuno, colaciona-se a doutrina de Marcelo Barbosa Sacramone:

> "Ressalta-se, contudo, que a amortização dos créditos com o pagamento efetuado pelos terceiros até a liquidação da dívida principal, entretanto, somente poderá ser realizada se presentes todos os requisitos da constituição da cessão fiduciária, de forma que o crédito não seja submetido à recuperação judicial. Caso contrário, o montante amortizado depois do pedido de recuperação judicial deverá ser prontamente restituído à recuperanda, pois, como crédito quirografáriov submetido à recuperação, o pagamento apenas poderá ser realizado nos termos de recuperação aprovado" (Sacramone, Marcelo Barbosa. Comentários à Lei de Recuperação de Empresas e Falência. 4ª edição. São Paulo: SaraivaJur, 2023, p. 235).

Registre-se que, outrossim, **por ora,** a presente decisão também não autoriza a liberação dos valores já retidos pelas instituições financeiras às recuperandas.

**4. Fls. 13915/13949, com manifestação da Administradora Judicial às fls.**

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDJz9.

fls. 15654

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

15056/15072:

Trata-se de manifestação da Lesath Empreendimentos e Participações LTDA. e Condomínio Rochaverá Corporate Towers informando a falta de pagamento dos aluguéis das lojas referentes ao mês de novembro de 2023, posteriores à distribuição da presente Recuperação Judicial.

Manifestação da Administradora Judicial (fls. 15056/15072) consignando sua ciência sobre o tema.

**Às recuperandas,** para que se manifestem, no prazo de 10 (dez) dias.

Sem prejuízo da análise da natureza do crédito, as recuperandas devem considerar que as relações constituídas após o ajuizamento da Recuperação Judicial são extraconcursais, devendo honrar com os pagamentos dos créditos, principalmente daqueles serviços que interferem no funcionamento das empresas.

**5. Fls. 13956/13957, com manifestação da Administradora Judicial às fls. 15056/15072**

Trata-se de Embargos de Declaração opostos pelas recuperandas sustentando que esse D. Juízo incorreu em contradição ao deferir a consolidação substancial e determinar a esta Administradora Judicial a apresentação de relação de credores individualizada por recuperanda quando da apresentação da relação prevista no art. 7º, § 2º da lei 11.101/05.

Manifestação da Administradora Judicial (fls. 15056/15072), opinando pelo conhecimento dos embargos e seu provimento para que seja apresentada somente uma relação de credores consolidada, tendo em vista o deferimento da consolidação substancial.

Conheço e **dou provimento** aos aclaratórios, autorizando a Administradora Judicial apresentar a relação de credores de forma consolidada, considerando que em razão da consolidação substancial os créditos existentes serão tratados como dívida do grupo, e não de forma individual de cada empresa que compõe o polo ativo do pedido.

**6. Fls. 14026/14032:**

Trata-se de manifestação das recuperandas pleiteando a publicação do edital com a

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.

fls. 15655

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro – CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP – E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

relação prevista no art. 52, § 1º da Lei 11.101/2005 em formato reduzido, nos termos do Enunciado nº 103 da III Jornada de Direito Comercial.

Manifestação da Administradora Judicial (fls. 15056/15072), não se opondo à publicação nos termos pleiteados pelas recuperandas.

**Defiro** a publicação do edital relativo ao art. 52, § 1º da Lei 11.101/2005 em formato reduzido.

**Expeça-se edital** (minuta de fls. 14028/14030), devendo a serventia, imediatamente, intimar as recuperandas para recolherem as respectivas custas, no prazo de 5 (cinco) dias.

**7. Fls. 14174/14251, 14330/14519 e fls. 15111/15129, com manifestação da Administradora Judicial às fls. 15056/15072 e do Ministério Público às fls. 15568/15569:**

Trata-se de manifestação das recuperandas pleiteando a liberação de ativos financeiros constritos nos autos das execuções nº 140995-37.2023.8.26.0100, 1154716-56.2023.8.26.0100 e 1169524-66.2023.8.26.0100. uma vez que os créditos que deram origem aos referidos processos estão sujeitos à presente Recuperação Judicial e os referidos bloqueios impedem o acesso aos valores essenciais para o adimplemento de suas despesas.

A questão é novamente abordada às fls. 14962/15050.

Manifestação do Banco Modal às fls. 14330/14519 consignando que o crédito objeto de sua execução não está sujeito à presente Recuperação Judicial e, portanto, incabível o pedido de liberação do arresto pleiteado pelas Recuperandas.

No mesmo sentido, a manifestação do Banco Pine S.A. às fls. 15111/15129.

Manifestação da Administradora Judicial (fls. 15056/15072) opinando pelo levantamento dos valores constritos nas supramencionadas execuções, tendo em vista a vigência do *stay period,* bem como necessidade de análise da natureza do crédito em comento, o que somente ocorrerá na fase processual adequada, por ocasião da elaboração da relação prevista no art. 7º, §2º, da Lei 11.101/2005.

O Ministério Público opinou pelo deferimento do pedido da AJ (fls. 15568/15569).

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41. Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.

Case 24-90398   Document 80   Filed in TXSB on 07/25/24   Page 115 of 151
Case 24-90398   Document 58-1   Filed in TXSB on 07/11/24   Page 6 of 15

fls. 15656



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro **-** CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP **-** E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

Pois bem.

Sustentam as recuperandas que os bloqueios impedem que acessem os valores que são absolutamente essenciais ao adimplemento de suas despesas correntes, como o pagamento da 2ª parcela do 13º salário vencida em 20/12/2023 e, ainda, o pagamento da folha de salários e benefícios de todos os funcionários do Grupo SouthRock, com vencimento em 30/12/2023 – cujos valores, somados, totalizam quase R$ 7 milhões.

Primeiramente, conforme trazido anteriormente, a natureza dos créditos (se extraconcursais ou não) apenas será definida no momento oportuno (art. 7º, §2º, da Lei 11.101/2005).

Na última hipótese (inexistência de extraconcursalidade), embora sejam validos atos constritivos realizados anteriormente ao deferimento do processamento da RJ, nada impede que haja sua descontituição por este juízo caso se constate que o objeto/valor bem constrito é necessário à manutenção da atividade empresarial.

D'outra banda, ainda que o crédito das instituições financeiras exequentes eventualmente não se submeta ao à recuperação judicial (art. 49, § 3º, da Lei nº 11.101/2005) – o que, repise-se, será analisado no momento oportuno –, o privilégio do credor fiduciário é vinculado ao próprio bem dado em garantia – ou, na espécie, aos direitos e títulos de créditos entregues em garantia. Em outras palavras, a finalidade da Lei, nesse ponto, é justamente possibilitar a excussão da garantia real, permitindo que os credores proprietários não se submetam à recuperação judicial, podendo exercer seus direito de propriedade sobre os bens/direitos:

"Nesse sentido, plenamente aplicável o art. 66-B, §3º, da Lei n. 4.728/65 para o caso de alienação fiduciária de bem móvel ou de direitos ou títulos de crédito. Em caso de inadimplemento ou morra da obrigação garantida, o credor poderá amortizar seu crédito com os recebíveis, vender a erceiros o bem objeto da propriedade fiduciária, devendo aplicar o preço da venda no pagamento do seu crédito e das despesas decorrentes da garantia, entregando ao devedor o saldo, se houve, acompanhado do demonstrativo da operação realizada. Não há qualquer impedimento do art. 49, §3º, da Lei n. 11.101/2002 e está forma de satisfação de crédito desse credor extraconcursal" (Sacramone, Marcelo Barbosa. Comentários à Lei de Recuperação de Empresas e Falência. 4ª edição. São Paulo: SaraivaJur,

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.

fls. 15657



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

2023, p. 234).

Sem embargo de entendimento em sentido contrário, a Lei, todavia, **não** visa ou possibilita que os credores, durante o *stay period*, atinjam outros bens ou valores que não correspondam à garantia. Dessa forma, eventual bloqueio de ativos financeiros apenas se justificaria, por exemplo, caso as recuperandas não só inadimplissem o contrato, mas ainda inviabilizassem o realização da garantia, recebendo os valores correspondentes aos direitos/créditos cedidos fiduciariamente do terceiro devedor, como forma de obstar sua retenção/recebimento pelos credores extraconcursais. **Não** é essa, porém, a hipótese dos autos.

Conforme apresentado pelo AJ, com relação à alegação do Banco Modal de existência de garantia de cessão fiduciária de recebíveis, em análise aos autos da Execução de Título Extrajudicial nº 1169524-66.2023.8.26.0100, **verificou-se que o arresto realizado recaiu sobre recebíveis não abrangidos pelo contrato, sendo imperiosa a sua desconstituição e liberação em favor das recuperandas dos valores não abrangidos pela cessão fiduciária em garantia.**

Por outro lado, quanto às constrições ocorridas no âmbito dos processos nº 1140995-37.2023.8.26.0100, 1154716-56.2023.8.26.0100 e 1169524-66.2023.8.26.0100 sobre o patrimônio geral das recuperandas, observou-se a ausência total ou parcial de cobertura de garantia fiduciária, revelando-se ainda mais inadmissível que prevaleça o bloqueio sobre valores que não representam diretamente a própria garantia fiduciária (parcial ou inteiramente inexistente).

Dessa forma, tendo em vista que encontra-se vigente o *stay period* (art. 6º da Lei 11.101/2005) e, ainda, a necessidade de análise da natureza do crédito em comento, o que somente ocorrerá na fase processual adequada, por ocasião da elaboração da relação prevista no art. 7º, §2º, da Lei 11.101/200, bem como por considerar relevante o apresentado pelas recuperandas quanto à necessidade dos valores para a continuidade da atividade empresarial, **acolho** a manifestação da AJ – cujos fundamentos também título como causa de decidir – e **defiro** os pedidos apresentados, determinando o levantamento dos valores bloqueados nas execuções em favor das autoras.

A presente decisão, assinada digitalmente, servirá de ofício, com ônus de protocolo das recuperandas nos juízos onde tramitam as ações de execução.

**8. Fls. 14580/14599 e fls. 15277/15299, com manifestação da Administração**

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.

fls. 15658



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

Judicial às fls. 15056/15072:

Trata-se de manifestação de Ativos Especiais II ‒ Fundo de Investimento em Direitos Creditórios ‒ Não Padronizados e Ativos Especiais III ‒ Fundo de Investimento em Direitos Creditórios ‒ Não Padronizados informando acerca de possível plano de favorecimento de credores por meio da empresa SRC 5 Participações Ltda., e requerendo a intimação da ilmo. Administradora Judicial para proceda às apurações necessárias para fiscalização da empresa SRC5, mormente quanto (i) da origem dos recursos para aquisição do imóvel atualmente de propriedade da SRC5; (ii) das circunstâncias relacionadas à constituição de garantias sobre as ações dessa sociedade e a prestação de aval /fiança em favor dos credores Virgo e Travessia; bem como (iii) das razões pela não inclusão da SRC5 na recuperação judicial, a despeito do inadimplemento das operações junto a referidos credores. Ademais, requer que seja reconhecido que o bem de propriedade da SRC5 está sujeito aos efeitos da presente recuperação judicial, notadamente quanto ao *stay period*, e a consequente impossibilidade de sofrer constrições e ser alienado sem autorização o D. Juízo Recuperacional.

Às fls. 15056/15072 a Administradora Judicial aponta que as questões foram apreciadas na Complementação ao Laudo de Constatação Prévia (fls. 12964/13127), especificamente no tópico III.1.4.1 Transações entre Partes Relacionadas. Sem prejuízo, opina pela instauração de incidente processual para monitoramento e fiscalização dos ativos detidos pelo Grupo SouthRock, considerando que as sociedades mencionadas no item 164 'a' a 'e' são ativos que pertencem ao Grupo SouthRock, afirmando ser evidente que a aquisição das participações societárias e as movimentações existentes no ativo e no passivo das empresas patrimoniais não operacionais ‒ como é o caso da SRC5 ‒ são dependentes de recursos de partes relacionadas, majoritariamente das empresas operacionais que compõe o Grupo.

Manifestou-se, ainda, a Travessia Securitizadora de Créditos Financeiros S.A. às fls. 15277/15299.

Pois bem. Considerando as alegações da peticionária, bem como os apontamentos da Administradora Judicial, de rigor o monitoramento e fiscalização das sociedades empresariais que compõe o Grupo SouthRock.

Por essa razão, **determino que a Administradora Judicial instaure incidente processual para monitoramento e fiscalização dos ativos detidos pelo Grupo SouthRock**, em

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDjz9.

Case 24-90398   Document 80   Filed in TXSB on 07/25/24   Page 118 of 151
Case 24-90398   Document 58-1   Filed in TXSB on 07/11/24   Page 9 of 15

fls. 15659

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

especial com relação às empresas: (i) SRN PARTICIPAÇÕES S.A.(CNPJ 22.609.006/0001-01); (ii) SRC 5PARTICIPAÇÕESLTDA.2 (CNPJ 44.654.271/0001-36); (iii) SUBWAYBRASILPARTICIPAÇÕES S.A. (CNPJ 44.340.812/0001-51); (iv) SUBWAY DO BRASILLTDA (CNPJ02.891.567/0001-20); (v) SUBWAY REALTY DO BRASILLTDA (CNPJ15.042.631/0001-40) (vi) SAVANNA PARTICIPAÇÕES S.A (CNPJ22.609.588/0001-18); (vii) SOUTHROCK II PARTICIPAÇÕES S.A.(CNPJ46.460.092/0001-93); (viii) SRC M PARTICIPAÇÕES LTDA (CNPJ38.050.025/0001-72); (ix) PITAIA SOLUÇÕESINTELIGENTES LTDA (CNPJ39.939.118/0001-15); (x) SRC H PARTICIPAÇÕES (CNPJ 45.814.298/0001-01); e(xi) THE BRAZIL COFFEE COMPANY PARTICIPAÇÕESS.A. (CNPJ30.061.679/0001-90), (xii) EATALYPARTICIPAÇÕES S.A. (CNPJ44.339.556/0001-82); e (xiii) EATALY BRASIL COMÉRCIO E DISTRIBUIÇÃODEALIMENTOS LTDA. (CNPJ 15.504.701/0001-35).

### 9. Fls. 15056/15072:

Trata-se de manifestação da Administradora Judicial saneando o feito e apresentando proposta de honorários provisórios, até ulterior deliberação quanto à fixação dos honorários definitivos.

**Intimem-se** as recuperandas para manifestação quanto à proposta apresentada, no prazo de 5 (cinco) dias.

**10. Fls. 14962/14972:** à **AJ,** para manifestação acerca dos pedidos relativos à empresa Brigadíssimo Buffet LTDA. – ME (fls. 14969 e seguintes).

**11. Oportunamente, conclusos.**

São Paulo, 19 de janeiro de 2024.

```
DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006,
         CONFORME IMPRESSÃO À MARGEM DIREITA
```

Este documento é cópia do original, assinado digitalmente por ADLER BATISTA OLIVEIRA NOBRE, liberado nos autos em 22/01/2024 às 16:41.
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 30UbDj29.



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

| TRANSLATION No. OT-16465 | BOOK No. | PAGE No. 001 |
|---|---|---|

I, the undersigned Sworn Translator and Commercial Interpreter, hereby CERTIFY this is the description and faithful translation of a DOCUMENT written in Portuguese, which I translate as follows:
=======================================================================
sheet [15652 to 15659]

[Coat of arms of the Court of Appeals of São Paulo]
**COURT OF APPEALS OF THE STATE OF SÃO PAULO**
JUDICIAL DISTRICT OF SÃO PAULO CENTRAL CIVIL VENUE
1st BANKRUPTCY COURT
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Phone #: (11) 2171-6505,
São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Public Service Hours: from 01:00 p.m. to 05:00 p.m.**

**AWARD**
Digital Procedure No.: **1153819-28.2023.8.26.0100**
Class - Subject    **Court-Supervised Reorganization – Bankruptcy Case**
Plaintiff: **Southrock Capital Ltda. et al**.
Full Type of Main Defendant << Information not available >>: **Name of Main Defendant << Information not available >>**

Honorable Judge: Mr. **Adler Batista Oliveira Nobre**

Having considered the matter.

**1. Sheet 14577/14579:** last decision.

**2 Sheet 15051, 15093/15094, 15104, 15543 and 15564/15567:** requests for proof of claim. Required notes.

**3 Sheet 13755/13888, 15073/15092, 15571/15591, with statement of the Receiver on sheet 15056/15072 and the Public Prosecution Office on sheet 15568/15568**:

This is a statement by the companies being reorganized informing that some financial institutions blocked passwords for access to bank accounts, as well as that they proceeded with the amortization of amounts in the respective accounts, and requesting the rendering of the essentiality of said receivables.

The issue is again addressed on sheet 14962/15050.

Receiver's Statement on sheet 15056/15072, noting that it does not ignore the divergence of precedents on the subject and that the subject is intrinsically linked to the analysis of the nature of the claims in question, which is why the analyses should be carried out when preparing the list of creditors provided for in Article 7, Paragraph 2 of Law 11101/2005. However, in view of the current stage of this Court-Supervised Reorganization, the Receiver suggested an immediate solution based on the assignment of a specific incident for the analysis of the essentiality of the amounts in question for the continuity of the activities of the companies being reorganized, according to the position of TJSP (Court of Appeals of the State of São Paulo).

Virgo Companhia de Securitização also stated its position, on sheet 15073/15092, as well as Banco Votorantim (15571/15591), claiming that the request by the companies being reorganized be denied.

The Public Prosecution Office stated its position for granting the Receiver's request (sheet 15568/15569).

The following is noteworthy in this regard.

Considering the notes raised by the Receiver, which I accept as grounds for deciding and in view of the current



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT-16465                    BOOK No.                              PAGE No. 002

uncertainty about the nature of the claims, **I partially grant, for now**, the interlocutory relief sought, with the financial institutions being required to suspend the withholding of receivables, and the companies being reorganized are thus expected to assign, within five (5) days, their own incident for the review of the contracts, nature of the receivables assigned as guarantees, and the essentiality of the amounts in question for the continuity of the activities of the companies being reorganized.

It is important to note that, in the incident, the finding of first priority nature of the claim will not only take into account the discussion regarding the (in)effectiveness of the fiduciary assignment of future credits not performed, but also whether, in the perfection of the guarantee, all the requirements for its validity have been met. As appropriate, the doctrine of Marcelo Barbosa Sacramone avers the following:

"It should be noted, however, that the amortization of claims with the payment made by third parties until the settlement of the main debt can only be carried out if all the requirements of the establishment of the fiduciary assignment are met, so that the claim is not submitted to court-supervised reorganization. Otherwise, the amount amortized after the court-supervised reorganization petition should be promptly refunded to the company being reorganized, since, as unsecured credit submitted for reorganization, payment can only be made under the approved reorganization terms" (Sacramone, Marcelo Barbosa. Comentários à Lei de Recuperação de Empresas e Falência. 4ª edição. São Paulo: SaraivaJur, 2023, p. 235).

It should be noted that, **for now**, this decision also does not authorize the release of the amounts already withheld by the financial institutions to the companies being reorganized.

**4. Sheet 13915/13949, with statement of the Receiver on sheet 15056/15072:**

This is a statement by Lesath Empreendimentos e Participações LTDA. and Condomínio Rochaverá Corporate Towers informing the non-payment of store rents for the month of November 2023, after the assignment of this Court-Supervised Reorganization.

Receiver's Statement (sheet 15056/15072) stating its knowledge on the subject.

**To the companies being reorganized,** so that they may state their position, within ten (10) days.

Without prejudice to the analysis of the nature of the claim, the companies being reorganized should consider that the relationships established after the filing of the Court-Supervised Reorganization stand as first priority claims, and thus should meet the payments of the claims, especially those services that interfere with the operation of the companies.

**5. Sheet 13956/13957, with statement of the Receiver on sheet 15056/15072**

These are Motions for Clarification filed by the companies being reorganized, maintaining that this Court were contradictory in granting the substantial consolidation and ordering this Receiver to submit a list of creditors disaggregated by company being reorganized when submitting the list provided for in Article 7, Paragraph 2 of Law 11101/05.

Receiver's Statement (sheet 15056/15072), stating its opinion for the cognizance of the motion and their grant so that only a consolidated list of creditors could be presented, in view of the approval of the substantial consolidation.

I take cognizance and **grant** the motion for clarification, authorizing the Receiver to present the list of creditors in a consolidated manner, considering that due to the substantial consolidation the existing claims will be treated as debt of the group, and not individually of each company that file the request.

**6. Sheet 14026/14032:**



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT-16465          BOOK No.          PAGE No. 003

---

This is a statement by the companies being reorganized requesting the publication of the notice with the list provided for in Article 52, Paragraph 1 of Law 11101/2005 in reduced format, pursuant to Statement No. 103 of the III Commercial Law Conference.

Receiver's Statement (sheet 15056/15072), not opposing the publication under the terms claimed by the companies being reorganized.

**I grant** the publication of the notice pertaining to Article 52, Paragraph 1 of Law 11101/2005 in reduced format. The publication of the notice is hereby ordered (draft on sheet 14028/14030), and the notary public should immediately summon the companies being reorganized to pay the respective costs, within five (5) days.

**7. Sheet 14174/14251, 14330/14519 and sheet 15111/15129, with statement of the Receiver on sheet 15056/15072 and the Public Prosecution Office on sheet 15568/15569:**

This is a statement by the companies being reorganized requesting the release of financial assets frozen in the records of executions No. 140995-37.2023.8.26.0100, 1154716- 56.2023.8.26.0100 and 1169524-66.2023.8.26.0100, since the claims that gave rise to said procedures are subject to this Court-Supervised Reorganization, and said freezes prevent access to the essential amounts for the payment of their expenses.

The issue is again addressed on sheet 14962/15050.

Statement of Banco Modal on sheet 14330/14519 stating that the claim object of its execution is not subject to this Court-Supervised Reorganization and, therefore, the request for release of the attachment claimed by the companies being reorganized is not applicable.

The statement of Banco Pine S.A. on sheet 15111/15129 follows the same reasoning.

Receiver's Statement (sheet 15056/15072) stating for the withdrawal of the amounts frozen in the aforementioned executions, in view of the validity of the stay period, as well as the need to analyze the nature of the claim in question, which will only occur in the appropriate procedural phase, when preparing the list provided for in Article 7, Paragraph2, of Law 11101/2005.

The Public Prosecution Office stated its position for granting the Receiver's request (sheet 15568/15569).

The following is noteworthy in this regard.

The companies being reorganized maintain that the freezes prevent them from accessing the amounts that are absolutely essential to the payment of their current expenses, such as the payment of the 2nd installment of the 13th salary due on 12/20/2023 and, also, the payment of the payroll and benefits of all employees of SouthRock Group, due on 12/30/2023 – the amounts of which amount to almost BRL 7 mn.

First, as previously mentioned, the nature of the claims (whether first priority claims or not) will only be defined at the appropriate time (Article 7, Paragraph2, of Law 11101/2005).

In the latter case (non-existence of first priority claim), although freezes carried out prior to the granting of the processing of Court-Supervised Reorganization are valid, there is nothing to prevent its annulment by this court if it is found that the object/amount of asset frozen is necessary for the maintenance of the business activity.

On the other hand, even if the claim of the creditor financial institutions may not be subject to court-supervised reorganization (Article 49, Paragraph 3, of Law 11101/2005) – which, it should be reiterated, will be dealt with in due course –



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT-16465                    BOOK No.                          PAGE No. 004

, the privilege of the fiduciary creditor is linked to the asset given as guarantee – or, in this regard, to the rights and negotiable instruments delivered as guarantee. In other words, the purpose of the Law, at this point, is precisely to enable the foreclosure of the security, allowing the owner creditors not to undergo court-supervised reorganization, being able to exercise their property rights over the assets/rights:

"In this sense, Article 66-B, Paragraph3, of Law 4728/65 in the case of fiduciary sale of fungible movable property or rights or negotiable instruments. In the event of nonperformance or default of the secured obligations, the creditor may amortize its claim with the receivables, sell to third parties the asset object of the fiduciary ownership, and should apply the sale price in the payment of its claim and the expenses arising from the guarantee, delivering to the debtor the balance, if any, accompanied by the statement of the transaction carried out. There is no jeopardy of Article 49, Paragraph3, of Law 11101/2002 in this form of claim satisfaction of this first priority creditor" (Sacramone, Marcelo Barbosa. Comentários à Lei de Recuperação de Empresas e Falência. 4ª edição. São Paulo: SaraivaJur, 2023, p. 234).

Notwithstanding the understanding to the contrary, the Law, however, **does not** aim or enable creditors, during the stay period, to reach other assets or sums, unrelated to the guarantee. Thus, any freeze of financial assets would only be reasonable, for example, if the companies being reorganized not only defaulted on the contract, but also made it impossible to realize the guarantee, receiving the amounts relating to the rights/credits assigned on a fiduciary basis from the third party debtor, as a way of preventing their retention/receipt by the first priority claim creditors.   However, this is not the hypothesis of the case.

As presented by the Receiver, with respect to Banco Modal's allegation of the existence of a guarantee of fiduciary assignment of receivables, in analysis of the record of the Execution of Instrument Enforceable Out of Court No. 1169524-66.2023.8.26.0100, **it was found that the attachment carried out involved receivables not covered by the contract, which is why its annulment is imperative, along with the release in favor of the companies being reorganized of the amounts not covered by the fiduciary assignment as guarantee.**

On the other hand, regarding the freezes that occurred within the scope of cases No. 1140995-37.2023.8.26.0100, 1154716-56.2023.8.26.0100 and 1169524-66.2023.8.26.0100 on the
general equity of the companies being reorganized, there was a total or partial absence of fiduciary guarantee coverage, and it is even more inadmissible that the freeze prevails over amounts that do not directly represent the fiduciary guarantee itself (partially or entirely non-existent).

Thus, considering that the stay period is in force (Article 6 of Law 11101/2005) and also the need to analyze the nature of the claim in question, which will only occur in the appropriate procedural phase, when preparing the list provided for in Article 7, Paragraph 2, of Law 11101/200, as well as considering relevant what was presented by the companies being reorganized regarding the need for the amounts for the continuity of the business activity, **I grant** the Receiver's statement – the grounds of which I also point up as ratio decidendi – and **I grant** the requests presented, ordering the withdrawal of the amounts frozen in the executions in favor of the plaintiffs.

This decision, digitally signed, will serve as an official letter, with the burden of filing of the companies being reorganized in the courts where the execution actions are being processed.

**8. Sheet 14580/14599 and sheet 15277/15299, with statement of the Receiver on sheet 15056/15072:**

This is a statement of Ativos Especiais II Fundo de Investimento em Direitos Creditórios  Não Padronizados and Ativos Especiais III  Fundo de Investimento em Direitos Creditórios Não Padronizados informing about a possible plan to favor creditors through the company SRC 5 Participações Ltda., and requesting the notice of Receiver to carry out the necessary investigations for the inspection of the company SRC5, especially regarding (i) the origin of the funds for the acquisition of the



REPÚBLICA FEDERATIVA DO BRASIL
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11 9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT-16465          BOOK No.                          PAGE No. 005

property currently owned by SRC5; (ii) the circumstances pertaining to the perfection of guarantees on the shares of this company and the provision of accommodation/suretyship in favor of the creditors Virgo and Travessia; as well as (iii) the reasons for the non-inclusion of SRC5 in the court-supervised reorganization, despite the nonperformance of the operations with said creditors. In addition, it requires that it be recognized that the property owned by SRC5 is subject to the effects of this court-supervised reorganization, notably regarding the stay period, and the consequent impossibility of undergoing freezes and being sold without authorization to the Reorganization Court.

On sheet 15056/15072 the Receiver points out that the issues were considered in the Complementation to the Prior Finding Report (sheet 12964/13127), specifically in topic III.1.4.1 Transactions between Related Parties. Without prejudice, it states its position for the institution of a procedural incident for monitoring and supervising the assets held by the SouthRock Group, considering that the companies referred to in item 164 'a' a 'e' are assets that belong to the SouthRock Group, stating that it is evident that the acquisition of equity interests and the existing movements in assets and liabilities of non-operating equity companies such as SRC5 are dependent on funds from related parties, mainly from the operating companies that make up the Group.

Travessia Securitizadora de Créditos Financeiros S.A. also stated its position on sheet 15277/15299.

In this respect, the following is noteworthy. Considering the allegations of the petitioner, as well as the notes of the Receiver, the monitoring and supervision of the business companies that make up the SouthRock Group is rendered necessary.

For this reason, **I order that the Receiver institutes a procedural incident for monitoring and supervising the assets held by the SouthRock Group**, especially in relation to the companies: (i) SRN PARTICIPAÇÕES S.A.(CNPJ 22.609.006/0001-01); (ii) SRC 5PARTICIPAÇÕESLTDA.2 (CNPJ 44.654.271/0001-36); (iii) SUBWAYBRASILPARTICIPAÇÕES S.A. (CNPJ 44.340.812/0001-51); (iv) SUBWAY DO BRASILLTDA (CNPJ02.891.567/0001-20); (v) SUBWAY REALTY DO BRASILLTDA (CNPJ15.042.631/0001-40) (vi) SAVANNA PARTICIPAÇÕES S.A (CNPJ22.609.588/0001-18); (vii) SOUTHROCK II PARTICIPAÇÕES S.A.(CNPJ46.460.092/0001-93); (viii) SRC M PARTICIPAÇÕES LTDA (CNPJ38.050.025/0001-72); (ix) PITAIA SOLUÇÕESINTELIGENTES LTDA (CNPJ39.939.118/0001-15); (x) SRC H PARTICIPAÇÕES (CNPJ 45.814.298/0001-01); e(xi) THE BRAZIL COFFEE COMPANY PARTICIPAÇÕESS.A. (CNPJ30.061.679/0001-90), (xii) EATALYPARTICIPAÇÕES S.A. (CNPJ44.339.556/0001-82); e (xiii) EATALY BRASIL COMÉRCIO E DISTRIBUIÇÃODEALIMENTOS LTDA. (CNPJ 15.504.701/0001-35).

**9. Sheet 15056/15072**:

This is a statement of the Receiver as a pretrial measure on the case and presenting a proposal for provisional fees, until further resolution sets the final fees.

**The companies being reorganized should be summoned** to state their position on the proposal presented, within five (5) days.

**10. Sheet 14962/14972: to Receiver**, for a statement on the requests pertaining to the company Brigadíssimo Buffet LTDA. – ME (sheet 14969 et seq.).

**11. In due course, held under advisement by the judge.**

São Paulo, January 19, 2024.

**DOCUMENT DIGITALLY SIGNED IN ACCORDANCE WITH LAW 11419/2006, AS PRINTED ON THE RIGHT MARGIN**



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT-16465                 BOOK No.                              PAGE No. 006

[There appears information on the right margin: This document is a copy of the original, digitally signed by ADLER BATISTA OLIVEIRA NOBRE, released of record on 01/22/2024 at 04:41 p.m.; To check the original, please access website https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter case 1153819-28.2023.8.26.0100 and code 30UbDjz9.]

======================================================================================
Nothing else was contained in said original, which I return with this faithful translation. In witness whereof, I have hereunto set my hand and seal of office. June 28, 2024.

Emoluments according to the law.





This document was digitally signed by ANTONIO DARI ANTUNES ZHBANOVA.
To verify the signature access the link below.
https://www.qrassinaturas.com.br/CheckPadesRest?c=7VMF-M3AT-7TYS-B5DT



**Annex 2**

fls. 34205



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

| DECISÃO |
| --- |

Processo Digital:  **1153819-28.2023.8.26.0100**
Classe:  **Recuperação Judicial**
Requerente:  **Southrock Capital Ltda. e outros**
Tipo Completo da Parte  **Nome da Parte Passiva Principal << Informação indisponível >>**
Passiva Principal <<
Informação indisponível >>:

Juiz de Direito Jomar Juarez Amorim

Fls. 29146-29147: Edital Publicado em 26/3/24.

Fls. 29990-29994: última decisão.

Fls. 2995-2996: Edital já publicado.

Promova a z. Serventia o cadastramento de todos os credores e representantes.

1. Fls. 30084-30097: Travessia Securitizadora de Créditos Financeiros pede o afastamento imediato dos Srs. Kenneth Pope e Fabio David Rohr dos cargos de administração que ocupam em todas as empresas do Grupo Southrock, com a consequente convocação de assembleia-geral de credores para deliberação sobre a escolha do gestor judicial para assumir a administração, na forma do art. 65 da LFR:  Manifeste-se o Administrador Judicial e o Ministério Público.

2.  Fls.  30100-30116,  Fls.  30117-20125,  Fls.  30142-30145,  Fls. 30146-30149, Fls. 32393-32396, Fls. 32427-32436, Fls. 32450-32452, Fls. 32461-32465, Fls.  32466-32471,  Fls.  32504-32517,  Fls.  32549-32554,  Fls.  32565-32574,  Fls. 32618-32632, Fls. 32633-32638, Fls. 32639-32647, Fls. 32648-32654, Fls. 32690-32694, Fls.  32695-32705,  Fls.  32706-32709,  Fls.  32710-32718,  Fls.  32721-32723,  Fls. 32724-32736, Fls. 32737-32753, Fls. 32754-32770, Fls. 32771-32779, Fls. 327820-32792, Fls.  32793-32800,  Fls.  32801-32802,  Fls.  32810-32825,  Fls.  33007-33010,  Fls.

Este documento é cópia do original, assinado digitalmente por JOMAR JUAREZ AMORIM, liberado nos autos em 10/05/2024 às 15:37 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 1yELBVY7.

fls. 34206

**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP **-** E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

33027-33030: Trata-se de objeções ao Plano de Recuperação Judicial: Manifeste-se o Administrador Judicial.

3. Fls. 32806: Ao Administrador Judicial para retificação do valor anteriormente informado.

4. Fls. 32833-32849: Pedido das Recuperandas de autorização de DIP (fls. 22783-22858). Requer seja declarada a impossibilidade de o Juízo da 3ª Vara de Execuções Fiscais Federais da Subseção Judiciária de São Paulo determinar a penhora de ativos financeiros das Recuperandas com o objetivo de satisfazer o crédito pleiteado nos autos da Execução Fiscal nº 501080-26.2023.8.03.6182, eis que essenciais à manutenção de suas atividades e ao sucesso de seu soerguimento: Manifeste-se o Administrador Judicial e o Ministério Público.

5 . Fls. 32851-32862: Manifestação das Recuperandas quanto à petição de fls. 30084-30097 (Travessia Securitizadora de Créditos Financeiros): Manifeste-se o Administrador Judicial e o Ministério Público.

6. Fls. 32884-32887: Recuperandas pedem "renovação" do prazo do "stay period": manifestem-se sucessivamente AJ e MP

7. Fls. 33021-33022: Divergência de valores: Ao Administrador Judicial.

8. Fls. 33086-33089: defiro o pedido e determino aos credores indicados (Banco Modal, Ativos Especiais II e III e Virgo) que se abstenham de novas retenções de recebíveis das Recuperandas, liberando-se toda e qualquer retenção efetivada a partir de 22/1/24, até ulterior decisão nos autos 0005961-73.2024.8.26.0100 (fls. 15652-15659), sob de multa diária fixada em R$10.000,00, limitada a R$100.000,00. Esta decisão serve como ofício.

Este documento é cópia do original, assinado digitalmente por JOMAR JUAREZ AMORIM, liberado nos autos em 10/05/2024 às 15:37 . Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 1yELBVY7.

fls. 34207



**TRIBUNAL DE JUSTIÇA DO ESTADO DE SÃO PAULO**
COMARCA de SÃO PAULO
FORO CENTRAL CÍVEL
1ª VARA DE FALÊNCIAS E RECUPERAÇÕES JUDICIAIS
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Fone: (11)
2171-6505, São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Horário de Atendimento ao Público: das 13h00min às17h00min**

9. Fls. 34198-34204: Vista ao Administrador Judicial e, posteriormente, encaminhem-se os autos ao Ministério Público.

Todas as petições de habilitação/impugnação de crédito ou informando dados para pagamento: é dever do advogado observar o Comunicado CG 219/2018; se o incidente foi instaurado e o credor obteve decisão favorável, a intimação do AJ para inclusão/retificação do crédito no QGC já foi realizada mediante publicação no DJE, tornando desnecessário, além de prejudicial à administração da justiça, peticionar nestes autos principais; dados bancários devem ser enviados ao endereço eletrônico do AJ; de qualquer modo ciência ao AJ para conferência e providências.

Int.

São Paulo, 10 de maio de 2024

DOCUMENTO ASSINADO DIGITALMENTE NOS TERMOS DA LEI 11.419/2006, CONFORME IMPRESSÃO À MARGEM DIREITA

Este documento é cópia do original, assinado digitalmente por JOMAR JUAREZ AMORIM, liberado nos autos em 10/05/2024 às 15:37 .
Para conferir o original, acesse o site https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, informe o processo 1153819-28.2023.8.26.0100 e código 1yELBVY7.



**REPÚBLICA FEDERATIVA DO BRASIL**
*FEDERATIVE REPUBLIC OF BRAZIL*
**ANTONIO DARI ANTUNES ZHBANOVA**

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT-16464                 BOOK No.                          PAGE No. 001

I, the undersigned Sworn Translator and Commercial Interpreter, hereby CERTIFY this is the description and faithful translation of a DOCUMENT written in Portuguese, which I translate as follows:

==================================================================================

sheet [34205 to 34207]

[Coat of arms of the Court of Appeals of São Paulo]
**COURT OF APPEALS OF THE STATE OF SÃO PAULO**
JUDICIAL DISTRICT OF SÃO PAULO CENTRAL CIVIL VENUE
1st BANKRUPTCY COURT
Praça João Mendes s/nº, Sala 1805, Centro - CEP 01501-900, Phone #: (11) 2171-6505,
São Paulo-SP - E-mail: sp1falencias@tjsp.jus.br
**Public Service Hours: from 01:00 p.m. to 05:00 p.m.**

**AWARD**

Digital Procedure No.: **1153819-28.2023.8.26.0100**
Class - Subject    **Court-Supervised Reorganization**
Plaintiff: **Southrock Capital Ltda. et al.**
Full Type of Main Defendant << Information not available >>: **Name of Main Defendant << Information not available >>**

Judge Jomar Juarez Amorim

      Sheet 29146-29147: Notice Published on 3/26/24.
      Sheet 29990-29994: last decision.
      Sheet 2995-2996: Notice already published.

      The Notary Public must register all creditors and representatives.

      1. Sheet 30084-30097: Travessia Securitizadora de Créditos Financeiros requests the immediate removal of Messrs. Kenneth Pope and Fabio David Rohr of the management positions they hold in all companies of the Southrock Group, with the consequent call of a general meeting of creditors to resolve on the choice of the judicial manager to assume the management, pursuant to Article 65 of LFR: The Receiver and the Public Prosecution Office must state their positions.

      2. Sheet 30100-30116, Sheet 30117-20125, Sheet 30142-30145, Sheet 30146-30149, Sheet 32393-32396, Sheet 32427-32436, Sheet 32450-32452, Sheet 32461-32465, Sheet 32466-32471, Sheet 32504-32517, Sheet 32549-32554, Sheet 32565-32574, Sheet 32618-32632, Sheet 32633-32638, Sheet 32639-32647, Sheet 32648-32654, Sheet 32690-32694, Sheet 32695-32705, Sheet 32706-32709, Sheet 32710-32718, Sheet 32721-32723, Sheet 32724-32736, Sheet 32737-32753, Sheet 32754-32770, Sheet 32771-32779, Sheet 327820-32792, Sheet 32793-32800, Sheet 32801-32802, Sheet 32810-32825, Sheet 33007-33010, Sheet 33027-33030: These are objections to the Court-Supervised Reorganization Plan: The Receiver must state its position.

      3. Sheet 32806: To the Receiver to rectify the amount previously informed.

      4. Sheet 32833-32849: Request from the companies being reorganized for DIP authorization (sheet 22783-22858). It requires the impossibility of the 3rd Federal Tax Enforcement Court of the Judicial Subsection of São Paulo to determine the attachment of financial assets of the companies being reorganized in order to satisfy the credit claimed in the record of Tax Foreclosure No. 501080-26.2023.8.03.6182, as essential to the maintenance of its activities and the success of its recovery: The Receiver and the Public Prosecution Office must state their positions.

      5 . Sheet 32851-32862: Statement by the companies being reorganized regarding the petition on sheet 30084-30097 (Travessia Securitizadora de Créditos Financeiros): The Receiver and the Public Prosecution Office must state their positions.



## REPÚBLICA FEDERATIVA DO BRASIL
### *FEDERATIVE REPUBLIC OF BRAZIL*
### ANTONIO DARI ANTUNES ZHBANOVA

TRADUTOR PÚBLICO E INTÉRPRETE COMERCIAL - *CERTIFIED PUBLIC TRANSLATOR*
Idioma/Language: Inglês - Português/*English - Portuguese*
Matrícula Jucepe nº 406 • CPF 756.770.758-68
Rua Princesa Isabel nº 206 - Aloisio Pinto - Garanhuns (PE) CEP : 55.292-21 0
*Telefone/Phone/Whatsapp* +55 11  9 8784 1006 – (87) 92000-9314 - e-mail: dari.zhbanova@gmail.com  (skype: antonio.dari)

TRANSLATION No. OT-16464 BOOK No. PAGE No. 002

6. Sheet 32884-32887: companies being reorganized request "renewal" of the "stay period" term: The Receiver and the Public Prosecution Office must successively state their positions.

7. Sheet 33021-33022: Divergence of amounts: To the Receiver.

8. Sheet 33086-33089: I grant the request and order the said creditors (Banco Modal, Ativos Especiais II and III and Virgo) to refrain from further withholding receivables from the Companies being reorganized, releasing any and all withholding effective as of 1/22/24, until further decision in case 0005961-73.2024.8.26.0100 (sheet 15652-15659), under a daily fine set at BRL 10,000.00, limited to BRL 100,000.00. This decision serves as an official letter.

9. Sheet 34198-34204: Viewed by the Receiver and, subsequently, the record should be forwarded to the Public Prosecution Office.

All petitions for proof/challenge of claim or informing data for payment: It is the duty of the lawyer to observe Communication CG 219/2018; if the incident was instituted and the creditor obtained a favorable decision, the subpoena of the Receiver for inclusion/rectification of the claim in QGC has already been made by publication in DJE, making it unnecessary, in addition to harmful to the administration of justice, to claim it in this main record; bank details must be sent to the Receiver's electronic address; in any case, the Receiver is aware of it for verification and measures.

Notification is hereby ordered.

São Paulo, May 10, 2024

**DOCUMENT DIGITALLY SIGNED IN ACCORDANCE WITH LAW 11419/2006, AS PRINTED ON THE RIGHT MARGIN**

[There appears information on the right margin: This document is a copy of the original, digitally signed by JOMAR JUAREZ AMORIM, released of record on 05/10/2024 at 03:37 p.m.; To check the original, please access website https://esaj.tjsp.jus.br/pastadigital/pg/abrirConferenciaDocumento.do, enter case 1153819-28.2023.8.26.0100 and code IyELBVY7.]

========================================================================================

Nothing else was contained in said original, which I return with this faithful translation. In witness whereof, I have hereunto set my hand and seal of office. June 28, 2024.

Emoluments according to the law.



This document was digitally signed by ANTONIO DARI ANTUNES ZHBANOVA.
To verify the signature access the link below.
https://www.qrassinaturas.com.br/CheckPadesRest?c=ZJXE-MDWB-EBUS-36SU



# Exhibit E

**From:** Alain Jaquet <alainjaquet@quinnemanuel.com>
**Sent:** Tuesday, July 23, 2024 8:10 PM
**To:** Ellis, Justin; Dayton, Lauren
**Cc:** Patty Tomasco; Joanna Caytas; Martinez, Catherine; jbrookner@grayreed.com; Amber M. Carson; Rachel Harrington; Kelley, Mark
**Subject:** Re: In re SouthRock Capital Ltda., No. 24-90398

Justin:

Please let us know if tomorrow at 11 AM ET works for you.

Thank you,
Alain

---

**From:** Ellis, Justin <JEllis@mololamken.com>
**Sent:** Tuesday, July 23, 2024 17:29
**To:** Alain Jaquet <alainjaquet@quinnemanuel.com>; Dayton, Lauren <ldayton@mololamken.com>
**Cc:** Patty Tomasco <pattytomasco@quinnemanuel.com>; Joanna Caytas <joannacaytas@quinnemanuel.com>; Martinez, Catherine <cmartinez@mololamken.com>; jbrookner@grayreed.com <jbrookner@grayreed.com>; Amber M. Carson <acarson@grayreed.com>; Rachel Harrington <rachelharrington@quinnemanuel.com>; Kelley, Mark <mkelley@mololamken.com>
**Subject:** RE: In re SouthRock Capital Ltda., No. 24-90398

**[EXTERNAL EMAIL from jellis@mololamken.com]**

---

Alain,

We need to meet and confer about the substance of these requests before we file a motion to quash. We note that you have so far made no effort to reach out to us either about the scheduling of the examination or the documents to be produced. When are you available tomorrow?

Justin

Justin M. Ellis
MoloLamken LLP
430 Park Avenue
New York, NY 10022
(212) 607 8159
jellis@mololamken.com

---

**From:** Alain Jaquet <alainjaquet@quinnemanuel.com>
**Sent:** Tuesday, July 23, 2024 7:58 AM
**To:** Dayton, Lauren <ldayton@mololamken.com>
**Cc:** Patty Tomasco <pattytomasco@quinnemanuel.com>; Joanna Caytas <joannacaytas@quinnemanuel.com>; Martinez, Catherine <cmartinez@mololamken.com>; jbrookner@grayreed.com; Amber M. Carson <acarson@grayreed.com>; Ellis,

Justin <JEllis@mololamken.com>; Rachel Harrington <rachelharrington@quinnemanuel.com>; Kelley, Mark <mkelley@mololamken.com>
**Subject:** RE: In re SouthRock Capital Ltda., No. 24-90398

Lauren:

We disagree that documents relating to the receivables do not bear any relationship to the ongoing contested matter to be heard on August 1, 2024.  In that respect, the Debtors are seeking evidence regarding the Ativos' reasons and motive for aggressively litigating in the United States and opposing to an extension of the stay to Mr. Pope.  In particular, we believe that Ativos' receivable withholdings and posture in the U.S. litigation and chapter 15 are part of Ativos' strategy to (i) interfere with the Brazilian insolvency proceeding to the point of potentially causing its disruption; and (ii) create additional leverage against the Debtors and its apical officer Mr. Pope for debt that, in relation to the Debtors, is stayed in Brazil.  *See* Motion for Provisional Relief (ECF No. 10), ¶¶ 24, 27, 41–42, 48.

To clarify, in addition to the foregoing aspect relating to the contested matter, the Debtors are seeking 2004 discovery to (i) investigate Ativos' potential fraudulent conduct and wrongdoing (e.g., the use of Lend Gestao) in connection with the receivables; and, more in general, (ii) obtain information relating to the assets and the administration of the Debtors' estate.

Further, the Debtors' requests for production were filed on July 11, or twelve days ago.  The fact that the Ativos now claim that "[the Foreign Representative] seek[s] wide-ranging documents and communications that will take time to collect" seems to suggest that, to date, the Ativos did nothing to comply with the Foreign Representative's document requests, which we disagree are burdensome.

Also, regarding the 2004 discovery, we note that Local Rule 2004-1(f) provides that "[i]f a party to be examined has objections, that party has the burden to seek relief from the court by filing a motion to quash or for a protective order.  The motion must comply with BLR 9013-1.  The entity to be examined and affected parties have 7 days to respond or object to the proposed examination."  Accordingly, the Ativos' time to object to discovery already passed.

For these reasons, we cannot agree to an extension of the deadline.

Best,
Alain

**Alain Jaquet**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
646.300.2776 Mobile
202.538.8000 Main Office Number
202.538.8100 FAX
alainjaquet@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Dayton, Lauren <ldayton@mololamken.com>
**Sent:** Monday, July 22, 2024 8:51 AM
**To:** Alain Jaquet <alainjaquet@quinnemanuel.com>
**Cc:** Patty Tomasco <pattytomasco@quinnemanuel.com>; Joanna Caytas <joannacaytas@quinnemanuel.com>; Martinez, Catherine <cmartinez@mololamken.com>; jbrookner@grayreed.com; Amber M. Carson <acarson@grayreed.com>; Ellis,

Justin <JEllis@mololamken.com>; Rachel Harrington <rachelharrington@quinnemanuel.com>; Kelley, Mark
<mkelley@mololamken.com>
**Subject:** RE: In re SouthRock Capital Ltda., No. 24-90398

<center>[EXTERNAL EMAIL from ldayton@mololamken.com]</center>

---

Alain,

Given that the Rule 2004 discovery that you seek is not related at all to the stay motion that is the subject of the August
1 hearing, that you seek wide-ranging documents and communications that will take time to collect, and that you have
not identified any urgent need for this discovery, we propose to extend the deadline for our responses to August 15
(two weeks after that hearing).  Please confirm whether you consent to this extension.

Best,

**Lauren F. Dayton**
MoloLamken LLP
300 N. LaSalle Street
Chicago, IL 60654
T:  (312) 450-6707
M: (646) 477-4203

---

**From:** Alain Jaquet <alainjaquet@quinnemanuel.com>
**Sent:** Friday, July 12, 2024 3:21 PM
**To:** jbrookner@grayreed.com; Ellis, Justin <JEllis@mololamken.com>; Dayton, Lauren <ldayton@mololamken.com>;
Martinez, Catherine <cmartinez@mololamken.com>
**Cc:** Patty Tomasco <pattytomasco@quinnemanuel.com>; Joanna Caytas <joannacaytas@quinnemanuel.com>; Rachel
Harrington <rachelharrington@quinnemanuel.com>
**Subject:** In re SouthRock Capital Ltda., No. 24-90398

Counsel:

Please find below substantially identical document requests, in the form of:

1.  Two Subpoenas to Produce Documents in a Bankruptcy Case pursuant to Bankruptcy Rule 2004.  In connection
    with Bankruptcy Rule 2004 discovery, please let us know if you accept service on behalf of Ativos Especiais II -
    Fundo de Investimento em Direitos Creditórios – NP, and Ativos Especiais III - Fundo de Investimento em
    Direitos Creditórios – NP.  In the event that you do not accept service despite actively litigating in the Bankruptcy
    Court, we intend to seek alternative service pursuant to applicable rules.


2.  Document requests related to the ongoing contested matter and pursuant to FRCP 26 and Bankruptcy Rules
    7026, 7034 and 9014.


Best,

<center>3</center>

**Alain Jaquet**
*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

1300 I Street, NW, Suite 900
Washington, D.C. 20005
646.300.2776 Mobile
202.538.8000 Main Office Number
202.538.8100 FAX
alainjaquet@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

This e-mail may contain attorney work product, privileged and/or confidential information. It is intended to be subject to the Attorney Client privilege. It is intended only for the original recipients, and no other person is authorized to receive it. Please do not copy or forward this e-mail without the consent of the author. If you have received this e-mail in error please delete it immediately from your system and contact the author. Molo Lamken LLP is a limited liability partnership formed under the laws of New York and the liability of its partners is limited accordingly. The names Molo Lamken and MoloLamken shall refer to Molo Lamken LLP.

This email has been scanned for viruses and malware.

# Exhibit F

| | |
|---|---|
| **From:** | Alain Jaquet <alainjaquet@quinnemanuel.com> |
| **Sent:** | Tuesday, July 2, 2024 10:00 AM |
| **To:** | Patty Tomasco; Ellis, Justin |
| **Cc:** | jbrookner@grayreed.com; Dayton, Lauren; Joanna Caytas; Rachel Harrington |
| **Subject:** | RE: SouthRock |
| **Attachments:** | DIAGRAMADO_-_25912_1__a__Decision_Jan_22_ENG-US_28062024041322(Manifesto).pdf; DIAGRAMADO_25912_2__c__Decision_May_10_ENG-US(Manifesto).pdf |

Justin, All:

Good morning.  Following up on the below, please find attached the English translation of the orders mentioned by Patty.  Also, please below regarding the receivables:

| Financial Institution | Receivables (Prior to 1/22/24) | Receivables (After 1/22/24) | Brazilian Bankruptcy Court's Rulings and Other Related Filings |
|---|---|---|---|
| Ativos Especiais II and Ativos Especiais III | BLR 12,958,488.71 | BLR 893,747.31 | <u>January 22, 2024 Ruling:</u> "[T]he financial institutions [are] required to suspend the withholding of receivables…. It should be noted that, **for now**, this decision also does not authorize the release of the amounts already withheld by the financial institutions to the companies being reorganized." On June 11, 2024, SouthRock filed a petition/motion with the Brazilian Bankruptcy Court, seeking the release of the receivables withheld by the Ativos II and III (including through their agent) prior to 1/22/24. <u>May 10, 2024 Ruling:</u> "[R]refrain from further withholding receivables from the Companies being reorganized, releasing any and all withholding effective as |

| | | | |
|---|---|---|---|
| | | | of 1/22/24, until further decision in case 0005961-73.2024.8.26.0100 (sheet 15652-15659), under a daily fine set at BRL 10,000.00, limited to BRL 100,000.00." |
| Banco Modal | BRL 1,479,915.56 | BLR 6,231,272.73 | <u>May 10, 2024 Ruling:</u> "[R]refrain from further withholding receivables from the Companies being reorganized, releasing any and all withholding effective as of 1/22/24, until further decision in case 0005961-73.2024.8.26.0100 (sheet 15652-15659), under a daily fine set at BRL 10,000.00, limited to BRL 100,000.00." |

Best,
Alain

# Exhibit G

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 15 |
| SouthRock Capital Ltda., *et al.*, | Case No. 24-90398 (CML) |
| Debtors in Foreign Proceeding.[1] | (Jointly Administered) |

**STIPULATION AND AGREED CONFIDENTIALITY AND**
**PROTECTIVE ORDER REGARDING PRODUCTION OF DOCUMENTS**

SouthRock Capital Ltda. and the other chapter 12 debtors (the "Debtors"), the Debtors' Foreign Representative Fabio David Rohr (the "Foreign Representative"), Kenneth Steven Pope ("Pope"), and the creditors that filed objections to the *Joint Verified Petition for Recognition of Foreign Main Proceedings and Motion for Order Granting Related Relief Pursuant to Bankruptcy Code Sections 1515, 1517, 1520 and 1521* [Dkt. 9] (the "Petition for Recognition") and the *Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, 362 and 105* [Dkt. 10] (the "Emergency Motion"), who are signatories here (the "Objectors"), and all together (the "Parties") hereby enter into this Stipulation and Agreed Confidentiality and Protective Order (the "Order") as follows:

---

[1] The Debtors in these chapter 15 cases, along with the last four digits of each debtor's Brazilian tax identification number, are as follows: (a) SouthRock Capital Ltda. (01-35); (b) Americana Franquia S.A. (01-51); (c) Brazil Airport Restaurantes S.A. (01-73); (d) HB Participações S.A. (01-57); (e) SRC 5 Participações Ltda. (01-02); (f)SRC 6 Participações Ltda. (01-41); (g) SRC Holding Participações S.A.(01-74); (h) SR N Participações S.A. (01-01); (i) Star Participações S.A. (01-09); (j) Starbucks Brasil Comércio de Cafés Ltda. (01-00); (k) SW do Brasil Ltda. (01-20); (l) SW Stores do Brasil Ltda. (01-36); and (m) Wahalla Ltda. (01-10). The Debtors' mailing and service address is Avenida Paulista, 1294, 14º andar, sala 14, Bela Vista, São Paulo/SP, CEP 01310-915, Brazil.

WHEREAS, the Debtor, the Foreign Representative, Pope, the Objectors, and other third parties are anticipated to produce certain information, including documents and communications to the Objectors in connection with the Objectors' current or anticipated objections to the Petition for Recognition and the Emergency Motion (the "Discovery Material");[2]

WHEREAS, on June 20, 2024, the Debtors, Pope, and certain Objectors signed the *Stipulation and Order Granting Emergency Motion of Foreign Representative for Provisional Relief Pursuant to Bankruptcy Code Sections 1519, 1521, and 362* [Docket No. 33-1], in which the Debtors, the Foreign Representative, and Pope consented to limited discovery;

WHEREAS, pursuant to that Order, the Objectors and the Foreign Representative may seek certain limited Discovery Material from the Debtors, the Foreign Representative, Pope, the Objectors, and third parties, and such Discovery Material may include documents and information that the Producing Party (as defined herein) has previously identified as confidential, sensitive, or private and warranting special protection from public disclosure;

WHEREAS, the Parties seek to facilitate and expedite the production, exchange, and treatment of the Discovery Material and to facilitate the prompt resolution of disputes over confidentiality, if any, and to protect the Discovery Material that the Debtors, the Foreign Representative, Pope, the Objectors, or the Producing Party seeks to maintain as confidential.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED AS FOLLOWS:**

1.      The Parties shall abide by and be bound by the terms of this Order and by the Federal Rules of Civil Procedure (the "Federal Rules"), the Federal Rules of Bankruptcy Procedure

---

[2] "Discovery Material" includes without limitation documents, communications, deposition testimony (whether based upon oral examination or written questions), interviews, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, data, information, and things produced in whatever form, as well as all copies, abstracts, digests, notes, summaries, and excerpts thereof.

(the "Bankruptcy Rules"), and the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

## Scope of Order

2.      This Order applies to all Discovery Material provided by the Debtor, Foreign Representative, Pope, the Objectors, or any other producing party (each a "Producing Party,"), whether formally or informally, to the Objectors, the Foreign Representative, their counsel, or similar retained professionals with whom the Objectors may share such information (each a "Receiving Party") in connection with this chapter 15 case.

3.      This Order also applies to Discovery Material provided to the Parties by non-parties to this Order pursuant to subpoena or other process, and all such non-parties are entitled to the protections and subject to the obligations set forth in this Order and shall agree to be bound by the terms of this Order.

## Designating Discovery Material

4.      A Producing Party may designate, or has already designated, Discovery Material as "Confidential" (the "Designated Material") in accordance with the following provisions:

   a.   Confidential:   A Producing Party may designate Discovery Material as "Confidential" if it believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or contains nonpublic, proprietary, commercially sensitive, or confidential technical, business, financial, personal or other information of a nature that can be protected under Federal Rule 26(c) or Bankruptcy Rules 7026 or 9018; or is subject by law or by contract to a legally protected right of privacy; or the Producing Party is under a preexisting obligation to a third-party to treat as confidential; or the Producing Party has in good faith been requested by another to so designate on the grounds that such other party considers such material to contain information that is confidential or proprietary to such party.

5.      Manner of Designation:   Where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking every page "Confidential" or as

applicable.  The markings should not obliterate or obscure the content of the material that is produced.  Where marking every page of such material is not reasonably practicable, such as with certain native file documents, the Producing Party may designate material by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production of the material that the material is Designated Material; provided that inclusion of the words "Confidential" in the file names of any native file documents shall be deemed to comply with this requirement.

6.    Effect of Designation: The designation of Discovery Material regardless of the medium or format of such Designated Material or the method of designation as provided for herein, shall constitute a representation by the Producing Party that there is a good-faith basis for that designation.

7.    Late Designation of Discovery Material:  The failure to designate particular Discovery Material at the time of production shall not operate to waive the Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("Misdesignated Material").  Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material.  Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.  Once such later designation has been made, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court or

otherwise made publicly available (other than in violation of this Order), no Party shall be bound by such later designation except to the extent determined by the Court upon motion to the Court.

**Use and Disclosure of Designated Material**

8. <u>General Limitations on Use and Disclosure of Designated Material</u>: All Designated Material shall be used by the Receiving Parties solely for the purposes of this Chapter 15 proceeding, including any objections to the relief sought by the Debtors or by Pope.

9. <u>Confidential Material</u>: Confidential Material, and all information contained therein, may be given, shown, made available or communicated only to the following:

    a.    the Parties (including their respective members, managers, partners, directors, officers, employees, counsel, and agents);

    b.    Counsel, and staff working under the express direction of counsel, for the Parties;

    c.    Other professionals, including Qualified Professionals, retained under 11 U.S.C. §§ 327 or 328, or industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Parties in connection with this chapter 15 case only as necessary to assist with or carry out duties in connection with the chapter 15 case;

    d.    any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

    e.    court reporters, stenographers, or videographers who record testimony in connection with the chapter 15 case;

    f.    the Court, its officers and clerical staff in any judicial proceeding relating to the chapter 15 case;

    g.    witnesses being questioned, either at a deposition, through other discovery requests, or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for the proceedings, provided that the witness has agreed to the terms of this Order;

    h.    support personnel providing general secretarial services (such as word processing and printing), paralegal services, or litigation support services to and working under the supervision and direction of any Party or non-party

bound by this Order, as necessary to assist such person in connection with this chapter 15 case;

i.      outside photocopying, graphic production, or litigation support services, as necessary for use in connection with this chapter 15 case; and

j.      any other person or entity with respect to whom the Producing Party may consent in writing (email to suffice), provided such person or entity agrees to be bound by this Order.

10.     <u>Sealing of Designated Material Filed with or Submitted to the Court</u>:  Designated Material may be filed with this Court if such filing is made under seal, and the party filing the Designated Material shall take all reasonable efforts to ensure the Designated Material is filed under seal.  The Court's approval and entry of this Order shall constitute authority for the Parties or a non-party to file Designated Material under seal without the filing of a separate motion under the Federal Rules, the Bankruptcy Rules, and the Local Rules.  Parties or non-parties filing Designated Material under seal pursuant to this Order shall reference this Order in the pleading or motion accompanying such Designated Material.  A Party or non-party that files Designated Material under seal shall simultaneously file publicly a version of the sealed filing that redacts or omits the Designated Material.  A Party or non-party may, at its option, also file redacted pleadings or motions including, containing, referencing, or otherwise revealing the content of the Designated Material so long as such portions concerning the Designated Materials have been redacted, and such redacted pleading or motion is also filed pursuant to Bankruptcy Local Rule 9037-1.  This paragraph is without prejudice to the right of any Party or non-party, to move upon notice to the Producing Party to unseal any papers, or parts thereof, filed under seal if, following a meet and confer with the Parties hereto, any Party or non-party is unable to reach an agreement regarding access to and confidentiality of the Designated Material.

11.     <u>Use of Designated Material in Open Court</u>:  Counsel for any Party or non-party shall confer on such procedures as are necessary to protect the confidentiality of Confidential

FOREIGN REPRESENTATIVE DRAFT OF 6/28/2024

Material used in the course of any Court proceeding, and in the event counsel cannot agree on such procedures, the Party or non-party seeking to prevent the use of the Designated Material bears the burden of requesting relief from the Court on an expedited basis.

**General Provisions**

12.    Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-party of any objection, including but not limited to any objection concerning the alleged confidentiality, the designation of Designated Material, or proprietary nature of any documents, information, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by motion on notice on any grounds.

13.    Nothing contained herein shall be deemed a waiver or relinquishment by the Producing Party of any applicable privilege, including but not limited to attorney-client and work product, and nothing contained herein requires the Producing Party to produce privileged material.

14.    Nothing contained herein shall prevent the Producing Party from de-designating Designated Material at any time.  The Producing Party shall notify the Receiving Party of any such de-designation of Designated Material within 5 days after de-designation occurs.

15.    Unauthorized Disclosure of Designated Material:  In the event of a disclosure by a Receiving Party of Designated Material to anyone not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately notify the person to whom the disclosure was made that the disclosure contains Designated Material subject to this Order, immediately make reasonable efforts to recover the disclosed Designated Material, as well as preclude further review, dissemination, or use, and immediately notify the Producing Party of the identity of the person(s) to whom the

disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further review, dissemination, or use thereof. Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

16.     Manner of Objecting to Designated Material:  If any Receiving Party objects to the designation of any Designated Material, the Receiving Party shall first raise the objection with the Producing Party in writing and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order.  If after receipt of an objection in writing, the Producing Party does not agree to change the designation of the Designated Material, the Receiving Party may seek relief from the Court.  Until the Court rules on such an issue, the Designated Material shall continue to be treated as designated by the Producing Party.  Notwithstanding the foregoing, circumstances may exist which require a party to seek Court authority to remove the designation of Designated Material on a more expedited basis.  In such a circumstance, the moving party will provide advance notice to the Producing Party.

17.     Timing of Objections to Designated Material:  A Receiving Party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Receiving Party to challenge the designation by the Producing Party of Discovery Material as "Confidential" during the discovery period shall not be a waiver of that Receiving Party's right to object to the designation at an evidentiary hearing or trial.

18.     Inadvertent Production of Privileged Discovery Material:  Pursuant to Federal Rule of Evidence 502(d), and Federal Rule of Civil Procedure 26(b)(5)(B), made applicable to this chapter 15 case by Federal Rules of Bankruptcy Procedure 7026 and/or 9014, the inadvertent

disclosure of documents or information containing privileged information or information constituting attorney work product or otherwise protected from disclosure shall not constitute a waiver of the privilege or protection in this chapter 15 case or any state or federal proceeding. This Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B). Nothing herein is intended to or shall serve to limit a Party's right to conduct a review of documents, electronically stored information, or other information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Upon receiving notice of a claim of privilege from the Producing Party, the Receiving Party must promptly return, sequester, or destroy the specified documents or information in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

19.    <u>Amendment of this Order</u>:  Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

20.    <u>Disclosure of Designated Material in Other Proceedings</u>:  Any Receiving Party that may be subject to a motion or other form of legal or regulatory process or demand seeking the disclosure of the Producing Party's Designated Material (a) shall notify the Producing Party within seven (7) business days of receipt of such process or demand (unless such notice is prohibited by applicable law, rule, or regulation) and provide the Producing Party with an opportunity to appear and be heard on whether that information should be disclosed, and (b) in the absence of a court order preventing such disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any

person to whom such information is so disclosed of the confidential nature of such information.

<u>Use of Designated Material by the Producing Party</u>:  Nothing in this Order affects the right of the Producing Party to use or disclose its own Designated Material in any way.

21.    <u>Obligations of Parties</u>:  Nothing herein shall relieve a Party of its obligations under the Federal Rules, the Bankruptcy Rules, the Federal Rules of Evidence, the Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with this chapter 15 case.

22.    <u>Advice of Counsel</u>:  Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with their duties in this chapter 15 case, and, in the course thereof, relying on examination of Designated Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

23.    The Court shall retain jurisdiction to enforce the terms of this Order.

Signed: _____, 2024

_____
Christopher M. López
United States Bankruptcy Judge

ML DRAFT 6/20/2024

**STIPULATED AND AGREED TO THIS ☐TH DAY OF JUNE, 2024:**

/s/ _____
Patricia B. Tomasco (SBN 01797600)
    S.D. Tex. Fed. No. 10142
Joanna D. Caytas (SBN 24127230)
    S.D. Tex. Fed. No. 3630347
Razmig Izakelian (admitted *pro hac vice*)
Alain Jaquet (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
700 Louisiana Street, Suite 3900
Houston, Texas 77002
Telephone: (713) 221-7000
Facsimile: (713) 221-7100
pattytomasco@quinnemanuel.com
joannacaytas@quinnemanuel.com
razmigizakelian@quinnemanuel.com
alainjaquet@quinnemanuel.com

**Counsel for Debtors**

/s/ _____
Kenneth Pope
Avenida Paulista, 1294
14 andar, sala 14 Bela Vista
São Paulo-SP, CEP 01310-915
Brazil
ken.pope@southrockcapital.com

**Sole Director and/or a Member of
the Board for the Debtors**

Matthias Jerome Kleinsasser (SBN 24071357)
WINSTEAD PC
300 Throckmorton Street, Suite 1700
Fort Worth, Texas 76102
Telephone: (817) 420-8281
Facsimile: (817) 420-8201
mkleinsasser@winstead.com

**Counsel for Banc Vontorantim S.A.**

/s/ _____
Jason S. Brookner (Texas Bar No. 24033684)
Amber M. Carson (Texas Bar No. 24075610)
GRAY REED
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
jbrookner@grayreed.com
acarson@grayreed.com

Michael P. Esser (admitted *pro hac vice*)
Aaron Bogaski (SBN 24125803)
Tsedey Neway (admitted *pro hac vice*)
JACK HARRINGTON LLP
232 Rockview Street, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-6000
mhalsberg@jw.com

Justin M. Ellis (admitted *pro hac vice*)
Lauren F. Dayton (admitted *pro hac vice*)
Catherine Martinez (admitted *pro hac vice*)
MOLOLAMKEN LLP
430 Park Avenue
New York, New York 10022
Telephone: (212) 607-8160
jellis@mololamken.com
ldayton@mololamken.com
cmartinez@mololamken.com
mcavenaugh@jw.com

Matthew D. Cavenaugh (SBN 24062656)
JACKSON WALKER LLP
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221

**Counsel to Ativos Especiais II - Fundo de
Investimento em Direitos Creditórios - NP and
Credito Especiais III - Fundo de Investimento
em Direitos Creditórios - NP**

**Counsel for Travessia Securitizadora de
Creditos Financeiros XVII and Travessia
Securitizadora de Creditos Financeiros S.A.,
Ibiuna Credito Gesto de Recursos Ltda.**

/s/ _____
Francisco Vazquez (admitted *pro hac vice*)
NORTON ROSE FULBRIGHT
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 318-3000
Facsimile: (212) 318-3400
francisco.vazquez@nortonrosefulbright.com

Toby Gerber (SBN 07813700)
Jason L. Blanchard (SBT 24130197)
NORTON ROSE FULBRIGHT
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
toby.gerber@nortonrosefulbright.com
jason.blanchard@nortonrosefulbright.com

**Counsel for Banco Modal**

ML DRAFT 6/20/2024

/s/ _____
Michael S. Held (SBN 09388150)
Aaron E. Lozano (SBN 24125803)
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas  75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822
mheld@jw.com
alozano@jw.com

Matthew D. Cavenaugh (SBN 24062656)
JACKSON WALKER LLP
1401 McKinney Street, Suite 1900
Houston, Texas  77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
mcavenaugh@jw.com

***Counsel for Travessia Securitizadora de
Creditos Financeiros XXXII S.A., Travessia
Securitizadora de Creditos Financeiros S.A.,
Ibiuna Credito Gesto de Recursos Ltda.***